IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD IUD | ) | MDL DOCKET NO. 2974 |
| PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | (1:20-md-02974-LMM) |
| | ) | **This Document Relates to All Cases** |

## <u>CASE MANAGEMENT ORDER</u><br><u>REGARDING DIRECT FILING</u>

This Order will govern the terms, conditions, and procedure in MDL No. 2974

for the filing of a Short Form Complaint, as defined below, directly into this Court's

MDL No. 2974 docket.

**1. Purpose, Scope & Definitions**

1.1    This Order pertains to complaints brought against the following

Defendants only: Teva Pharmaceuticals USA, Inc.; Teva Women's Health, LLC;

Teva Branded Pharmaceutical Products R&D, Inc.; The Cooper Companies, Inc.;

and/or CooperSurgical, Inc. (hereinafter referred to in this Order as "Defendants").

If a plaintiff brings a complaint against any defendant other than the Defendants

listed in the preceding sentence, that complaint may not be directly filed into MDL

No. 2974 in the U.S. District Court for the Northern District of Georgia, and the

provisions permitting direct filing pursuant to the terms and conditions of this Order

do not apply.

1.2    A plaintiff whose complaint names one or more of the Defendants specifically listed in paragraph 1.1 above, and names only one or more of those Defendants, and whose complaint would be subject to transfer to MDL No. 2974 may file her complaint directly into MDL No. 2974 in the Northern District of Georgia, subject to and in accordance with the terms and provisions set forth in this Order.

1.3    The inclusion of a complaint in this MDL, whether such complaint was or will be filed originally or directly in the Northern District of Georgia, shall not constitute a determination by this Court that jurisdiction or venue is proper in this district. This Order shall not operate as a waiver by Defendants of any defenses as to venue or personal jurisdiction in any complaint filed pursuant to this Order.

1.4    "Second Amended Master Complaint" means the Second Amended Master Personal Injury Complaint (Doc. No. 79).

1.5    A "Short Form Complaint" is an abbreviated, plaintiff-specific complaint (1) that adopts the allegations in the Second Amended Master Complaint; (2) contains the individual plaintiff-specific allegations, as required in Exhibit A; and (3) in which the plaintiff alleges injury(ies) proximately caused by breakage (other than thread or string breakage) of her Paragard upon removal. A purported short form complaint in which the plaintiff does not allege the

breakage (other than thread or string breakage) of her Paragard upon removal may not be directly filed in MDL No. 2974.

1.6    Nothing in this Order is intended to prohibit any plaintiff from filing an individual original long form complaint in another court of proper venue and jurisdiction asserting claims against defendants not identified in the Second Amended Master Complaint. Nothing in this Order forbids the plaintiff from filing a notice of tag-along action in the JPML, and nothing herein forbids the defendant(s) from filing an objection to a conditional transfer order with the JPML.

1.7    Plaintiffs and Defendants each reserve the right to seek exceptions, amendments, or modifications to this Order from the Court, and if such exceptions, amendments, or modifications are not agreed to, the issue(s) shall be briefed according to the direction of the Court.

## 2. Form, Filing, Service, and Requirements of the Short Form Complaint

2.1    A plaintiff who files a complaint directly in MDL No. 2974 as permitted by this Order must utilize the Court-ordered Short Form Complaint, attached hereto as **Exhibit A**. A plaintiff filing a Short Form Complaint directly into MDL No. 2974 must make a good faith effort to provide all the information set forth in Exhibit A. Only a fully completed Short Form Complaint in the form of Exhibit A may be directly filed into this Court's MDL No. 2974 docket. No other form of a

short form complaint is acceptable, and the form may not be changed, modified, or altered, without consent of Plaintiffs and Defendants and approval by the Court. The format of the Short Form Complaint, Exhibit A, will be made available on the Court's website in electronic form.

2.2     The Defendant(s) against whom the individual plaintiff is bringing her lawsuit shall be listed individually and separately in the caption of the individual plaintiff's Short Form Complaint.

2.3     A plaintiff may not name in her Short Form Complaint a Defendant that previously has been dismissed from that individual plaintiff's lawsuit.

2.4     A plaintiff may not name a defendant in her Short Form Complaint that is not a named Defendant in the Second Amended Master Complaint.

2.5     Cases directly filed in this Court's MDL No. 2974 docket pursuant to this Order shall not name more than a single plaintiff in each directly filed case, provided, however, that any such case may include consortium plaintiff(s), as permitted by law, or the appropriate representative(s) of an Estate or Incapacitated Plaintiff.

2.6     Prior to directly filing a case pursuant to this Order, counsel for each plaintiff is instructed to conduct a PACER search to ensure that a previous complaint has not been filed for the same plaintiff. Prior to directly filing a case pursuant to this Order, counsel for each plaintiff shall also make a reasonable

effort to determine if that plaintiff has filed a case in any state court. At a minimum, counsel shall search for any Pennsylvania and California state filings. If a prior complaint has been filed for the same plaintiff and that case is currently pending (whether in state court, directly filed into MDL No. 2974, pending transfer from the district court where originally filed, or transferred to MDL No. 2974), no subsequent complaint may be filed by a different law firm on behalf of that same plaintiff. If a subsequent complaint is filed on behalf of any plaintiff already in suit, the Court may, *sua sponte* or pursuant to an Order to Show cause, dismiss the second filed action. Absent a substitution or withdrawal of counsel, the attorney that filed the original complaint shall presumptively be case counsel for that plaintiff through all stages of the litigation, including trial and resolution, if applicable.

2.7    Service of a Short Form Complaint on Defendants shall be made in accordance with Case Management Order Regarding Service (Doc. No. 66).

2.8    Any directly filed complaint that does not comply with the foregoing provisions is subject to the presumptive transfer and/or Order to Show Cause procedures in Section 5 below.

2.9    All factual allegations pled in the Second Amended Master Complaint and responsive pleading(s) filed by Defendants in response thereto are deemed pled in and supersede (a) any previously filed complaint and responsive pleading that is

now pending in this MDL proceeding; and (b) in any Short Form Complaint hereafter filed, provided, however, an individual Short Form Complaint is applicable only as against Defendants identified in the Second Amended Master Complaint. At this time, Defendants are not required to file an individual responsive pleading directed to an individual Short Form Complaint. Responsive pleadings directed to the Short Form Complaints, including the timing and schedule, will be the subject of a subsequent Case Management Order.

2.10   All plaintiffs with a case that is pending in MDL No. 2974 as of the date of this Order shall file an individual Short Form Complaint within sixty (60) days of the date of this Order. Any plaintiff whose case is transferred to MDL No. 2974 after the date of this Order shall file an individual Short Form Complaint within sixty (60) days after the case is docketed in MDL No. 2974.

2.11     Should the volume of cases being filed present an undue burden on the Parties or the Court, the Parties reserve the right to approach the Court on that issue.

### 3. Venue, Jurisdiction & Choice of Law

3.1     Plaintiffs' and Defendants' agreement concerning direct filing is solely for and limited to the purpose of consolidated discovery and related pretrial proceedings as provided by 28 U.S.C. §1407 and pursuant to the JPML's Transfer Orders.

3.2     Filing a case directly in MDL No. 2974 will not determine the choice of law of any individual plaintiff's case, including, but not limited to, regarding the statute of limitations.

3.3     Nothing in this Order shall operate to waive or be construed as a waiver of any Defendant's rights to file a motion to dismiss or motion to transfer based on improper venue, *forum non conveniens*, lack of personal jurisdiction, the requirements of 28 U.S.C. §1407, or *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). Such defenses are specifically preserved and not waived.

3.4     It is further ordered that for those cases properly directly filed pursuant to this Order, Defendants will not challenge venue or personal jurisdiction during the pretrial proceeding in this MDL and solely as to the pretrial proceedings in this MDL. The inclusion of any action in this MDL, whether such action was or will be filed originally or directly in the Northern District of Georgia, shall not constitute a determination by this Court that jurisdiction or venue is proper in this district, nor shall it be relied upon by any plaintiff in opposing any motion challenging venue or personal jurisdiction filed by any Defendant with regard to proceedings other than the pretrial proceedings in MDL No. 2974.

## 4.  Transfer Following Pretrial Proceedings

4.1     This Court shall not be deemed to be the "transferor court" simply by virtue of the complaint having been directly filed into MDL No. 2974. The direct filing of Short Form Complaints in MDL No. 2974 in the Northern District of Georgia as provided for and permitted by this Order is solely for the purposes of consolidated discovery and related pretrial proceedings as provided by 28 U.S.C. §1407, and Plaintiffs and Defendants submit to this Court's personal jurisdiction and venue in the Northern District of Georgia for those purposes only.

4.2     Upon completion of all pretrial proceedings in this MDL, or at such other earlier time as this Court may deem appropriate, pursuant to 28 U.S.C. §1404(a), this Court presumptively will transfer each directly filed case to the plaintiff's federal district of residence unless the Plaintiff and Defendants jointly advise the Court that the case should be transferred to another district in which venue and jurisdiction is proper. In the event that the parties are unable to agree to a venue for transfer, the party seeking transfer to a jurisdiction other than Plaintiff's state of residence shall promptly raise the issue with the Court. Further procedures for transfers will be the subject of a future Case Management Order.

## 5.  Procedure for Improper or Incomplete Directly Filed Complaints

5.1     Only a Short Form Complaint in which a plaintiff alleges breakage (other than thread or string breakage) of her Paragard upon removal may be filed

directly into this Court's MDL No. 2974 docket. If a plaintiff directly files into this MDL any complaint that does not allege breakage (other than thread or string breakage) of her Paragard upon removal, Defendants may send to the plaintiff's counsel a presumptive transfer order, in the form attached as **Exhibit B**, transferring the case to the district in which that plaintiff resides, and plaintiff's counsel shall have fourteen (14) days to challenge such transfer. If the plaintiff's counsel and Defendants cannot agree after a meet and confer, the issue may be briefed to the Court. If plaintiff's counsel fails to timely challenge Defendants' presumptive order, then, at the expiration of the 14-day period, Defendants shall submit the presumptive transfer order to the Court for entry.

5.2    If a plaintiff directly files a Short Form Complaint that does not make a good faith effort to provide all information required in Exhibit A, provides excessive responses of "I don't know" or "To be determined," or if the plaintiff's Short Form Complaint substantively modifies or changes the Exhibit A form, then the Short Form Complaint is presumptively deficient. Defendants shall list presumptively deficient Short Form Complaints on a proposed "Order to Show Cause" as to why the complaint(s) should not be dismissed and shall provide that list to the individual plaintiffs' counsel for purposes of a meet and confer. If no resolution can be reached in the meet and confer, Defendants may file a request for

an Order to Show Cause as to why the complaint(s) should not be dismissed for the Court's consideration.

5.3    Plaintiffs and Defendants shall act in good faith with regard to completing and/or challenging any Short Form Complaint filed in accordance with this Order.

Dated: June 11, 2021

Agreed to by:

/s/ *C. Andrew Childers*
C. Andrew Childers
Georgia Bar No. 124398
Childers, Schlueter & Smith, LLC
1932 N. Druid Hills Rd., Suite 100
Atlanta, GA 30319
Tel: (404) 419-9500
Fax: (404) 419-9501
achilders@cssfirm.com
**Plaintiffs' Liaison Counsel**

/s/ *Lori G. Cohen*
Lori G. Cohen, Esq.
Allison Ng, Esq.
Greenberg Traurig, LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone: 678.553.2385
CohenL@gtlaw.com
nga@gtlaw.com
**Co-Liaison Counsel for Defendants**

/s/ *Erin K. Copeland*
Erin K Copeland
TX Bar No. 24028157
Fibich Leebron Copeland & Briggs
1150 Bissonnet Street
Houston, TX 77005
Tel: (713) 751-0025
Fax: (713) 751-0030
ecopeland@fibichlaw.com
**Plaintiffs' Co-Lead Counsel**

/s/ *Frederick M. Erny*
Frederick M. Erny, Esq.
Gina M. Saelinger, Esq.
Ulmer & Berne, LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone: 513.698.5000
ferny@ulmer.com
gsaelinger@ulmer.com
**Co-Lead Counsel for Defendants**

/s/ *Timothy M. Clark*
Timothy M. Clark
California Bar No. 284447
Sanders Phillips Grossman, LLC
16755 Von Karman Ave., Suite 200
Irvine, CA 92606
Tel: (949) 338-8147
tclark@thesandersfirm.com
***Plaintiffs' Co-Lead Counsel***


SO ORDERED, this the  14th   day of _____June_____, 2021.


_____
The Honorable Leigh Martin May
United States District Judge
Northern District of Georgia