If IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD IUD | ) | MDL DOCKET NO. 2974 |
| PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | (1:20-md-02974-LMM) |
| | ) | This Document Relates to All Cases |

**CASE MANAGEMENT ORDER REGARDING PLAINTIFF FACT SHEETS
AND PFS DOCUMENT PRODUCTION**

The Court hereby issues this Case Management Order to govern the form,
procedure, and schedule for the completion and service of Plaintiff Fact Sheets
("PFS"), and other documents referenced therein, and the process for addressing
deficient and delinquent PFSs. The form PFS is attached hereto as Exhibit A, with
exhibits thereto attached as Exhibits A-1 through A-8.

### I.    PLAINTIFF FACT SHEET

### A.    SCOPE

This Order applies to all Plaintiffs and their counsel in: (a) all actions
transferred to *In re Paragard IUD Product Liability Litigation* ("MDL No. 2974")
by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to its Order of
December 16, 2020 (Doc. No. 60); (b) all related actions originally filed in or
removed to this Court; (c) any "tag-along" actions transferred to this Court by the
JPML pursuant to Rules 6.2 and 7.1 of the Rules of Procedure of the JPML; and all

actions directly filed into MDL No. 2974 pursuant to the Case Management Order Regarding Direct Filing [Doc. No. 129] (collectively, "Member Actions"). The questions in the PFS and the corresponding document requests shall be answered and responded to without objection.

### B.    DEADLINES AND SERVICE OF A PFS AND RELATED MATERIALS

      1.    <u>Cases Currently Pending in MDL No. 2974.</u> Each Plaintiff in a Member Action pending in MDL No. 2974 on the date of entry of this Order shall have one hundred twenty (120) days from the date of entry of this Order to serve a fully executed and complete PFS (as defined in Sections C.2 and C.3 below) and duly executed authorizations, with the relevant documentation, as set forth in Section F below.

      2.    <u>Cases Transferred by the JPML to MDL No. 2974 after the Entry of this Order</u>. Each Plaintiff in a Member Action not pending in MDL No. 2974 on the date of entry of this Order, but which thereafter is transferred by the JPML to MDL No. 2974, shall have one hundred twenty (120) days from the date his/her individual action is docketed in MDL No. 2974 to serve a fully executed and complete PFS (as defined in Sections C.2 and C.3 below), and duly executed authorizations with the relevant documentation attached, as set forth in Section F

below.

3.    <u>Cases Directly Filed in MDL No. 2974</u>. Each Plaintiff in a Member Action not pending in MDL No. 2974 on the date of entry of this Order, but which thereafter is directly filed in MDL No. 2974 pursuant to the Case Management Order Regarding Direct Filing [Doc. No. 129], shall have one hundred twenty days (120) from the date his/her individual complaint is filed in MDL No. 2974 to serve a fully executed and complete PFS (as defined in Sections C.2 and C.3 below), and duly executed authorizations with the relevant documentation attached, as set forth in Section F below.

4.    <u>Transmission of PFS and Other Documents to Defendants</u>. Plaintiffs shall complete and serve their PFS and documents responsive to the requests for production of documents set forth therein upon Defendants by uploading their PFS and documents responsive to the request for production of documents to Plaintiffs' vendor, Postlethwaite & Netterville ("P&N"). Plaintiffs' vendor, P&N, is hereby ordered to transfer to Defendants' vendor, Ontellus, all Plaintiffs' PFSs and documents produced responsive to the requests for production of documents.[1]

---

[1]    The Parties are currently working through various technical details with their vendors and will endeavor to reach a mutually agreeable timetable for the ongoing transfer of case-specific discovery documents throughout the course of this litigation. The parties are instructed to advise the Court if a supplemental order is needed to memorialize these future agreements.

It is further ordered that the Plaintiffs' Steering Committee shall have access to all documents uploaded to Plaintiffs' vendor, P&N.  All documents shall be produced in accordance with the requirements as set forth in the Case Management Order Regarding Production of Electronically Stored Information and Paper Documents ("ESI Protocol") [Doc. No. 128].  PDFs should be produced as searchable PDFs[2] with each facility's or provider's records contained in a separate PDF.  The transfer of documents by Plaintiffs' vendor, P&N, to Defendants' vendor, Ontellus, in the aforementioned manner shall constitute effective service of the PFS and such records.

     5.    <u>Extensions of PFS Deadlines.</u>  A Plaintiff may request one extension not to exceed thirty (30) days to serve a completed PFS, which Defendants shall not unreasonably withhold.  Such requests must be made in writing via email to ParagardPFSExtensionRequest@ulmer.com before the expiration of the deadline.  As the deadlines for Plaintiff Fact Sheets have been negotiated between the parties, requests for extension should be the exception, rather than the rule, and such requests should be made in good faith.

---

[2]    Endorsement of such records with Bates-numbers is strongly encouraged, in the following format: a combination of an alpha prefix containing Plaintiff's last name first name, and the facility or provider name, along with an 8-digit number and to be numerically sequential for each facility or provider (*e.g.* SmithJane_Memorial_Hospital_00000001).

## C.    PFS GENERAL REQUIREMENTS AND EFFECT

1.    <u>PFS Form</u>**.** The form PFS that shall be used in MDL No. 2974 and all Member Actions is attached hereto as Exhibit A, with Exhibits A-1 through A-8.  The substance of Exhibits A and A-1 through A-8 may not be modified in any respect without the agreement of the Parties and approval of the Court; however, a Plaintiff may attach additional pages to respond to particular questions, if necessary and appropriate.

2.    <u>Items to be provided or produced.</u> Plaintiffs in each Member Action shall provide or produce the following within the deadlines set forth in Section B above: (a) a PFS responding to all questions applicable to the Plaintiff therein; (b) a signed and dated Declaration Page; (c) the requested records and documents in response to the document requests set forth in the PFS as maintained by Plaintiff and his/her counsel (to the extent not subject to privilege and/or work-product protections); (d) duly executed authorizations to obtain discoverable records as described in Section F below, using the form authorizations attached to this Order as exhibits. The agreed manner of service on Defendants is set forth in Section B.4 above.

3.    <u>PFS that is complete</u>. In responding to the PFS, each Plaintiff is required to provide a PFS that is complete. For a PFS to be "complete," the

responding Plaintiff must comply in full with Sections C.2(a)-(d) above.

4.    <u>Deficiencies</u>. Those Plaintiffs who serve a PFS, but who do not provide a complete PFS or who provide incomplete or deficient information, shall be governed by Section D below.

5.    <u>Delinquencies (i.e., No PFS Served)</u>. Plaintiffs who do not serve a PFS by the deadline set forth in Section B above, including any granted extension, shall be governed by Section E below.

6.    Each Plaintiff shall remain under a continuing duty to supplement the information provided in the PFS pursuant to Fed. R. Civ. P. 26(e).

7.    Each completed PFS, and the information contained therein, shall be verified, signed and dated by the Plaintiff(s) or the Plaintiff's representative as if they were interrogatory responses under Rule 33 or a response to a Request for Admission under Rule 36. All responses in a PFS or amendment thereto are binding on the individual Plaintiff as if they were contained in answers to interrogatories under Rule 33 or a response to a Request for Admission under Rule 36 and can be used for any purpose and in any manner that answers to interrogatories or responses to a request for admission can be used pursuant to the Federal Rules of Civil Procedure, subject to the confidentiality provisions of Section H below. The requests for production in the PFS shall be treated as document requests under Rule 34.

**D.    PFS DEFICIENCY PROCESS**

    1.    PFSs Subject to Order to Show Cause Procedure for Incompleteness and/or Certain Deficiencies

        a.    If a Plaintiff fails to sign and date the Declaration page or does not provide duly executed Authorizations by the deadline set forth in Section B above, that Plaintiff is subject to the Order to Show Cause process in Section D.1(d) below.

        b.    If a Plaintiff provides excessive responses of "I don't know" or "To be determined," or leaves an excessive amount of responses to questions blank, that Plaintiff is subject to the Order to Show Cause process in Section D.1(d) below.

        c.    If a Plaintiff fails to produce responsive documents in her possession or control as identified in her PFS, that Plaintiff is subject to the Order to Show Cause process in Section D.1(d) below.

        d.    If any one or more of the above sections (a) through (c) apply, Defendant's counsel shall notify Plaintiff's attorney of record in writing via email and inform such Plaintiff that she has an additional fifteen (15) days to correct the deficiency(ies). If the deficiency(ies) are not cured in full within the 15 day period, Defendants may include the case on a request to the Court for an Order to Show Cause, which may include a request for dismissal of the case.

e.    If any one or more of the above sections (a)-(d) apply to a Plaintiff, that Plaintiff may not proceed to any subsequent stages of case-specific discovery or be eligible for any further discovery "pools," including, but not limited to potential trial pools.

2.    <u>Other Deficiencies</u>

a.    A PFS that contains responses of "I don't know" or "To be determined" or in which responses to questions are left blank, but which do not amount to a good faith determination of "excessive," may still be considered deficient. In such case, Defendants may advise counsel for Plaintiff of those deficiencies, and the parties should meet and confer in good faith regarding supplementation by Plaintiff of the information.

b.    The parties may agree that certain deficiencies need not be resolved until a later point. The failure to raise a deficiency(ies) does not waive or prejudice a Defendant's right to seek supplementation or provision of the information in response to a deficiency at a later time.

**E.    PFS DELINQUENCY PROCESS (i.e., NO PFS SERVED)**

1.    If a Plaintiff does not serve an executed PFS within the deadline set forth in Section B above, including any extension granted pursuant to Section B.5 above, Defendant(s) shall send a "Notice of Delinquency" letter via email to that

Plaintiff's attorney of record, and the Plaintiff shall have thirty (30) days from the date of the Notice of Delinquency letter to serve an executed, complete PFS.

2.      If the Plaintiff does not serve an executed, complete PFS by the expiration of the thirty (30) day period provided for in Section E.1 above, Defendants may include the case on a request to the Court for an Order to Show Cause, which may include a request for dismissal of the case.

3.      A Plaintiff who is the subject of a Notice of Delinquency letter may not proceed to any subsequent stages of case-specific discovery or be eligible for any further discovery "pools," including, but not limited to potential trial pools.

4.      A Plaintiff who is the subject of a Notice of Delinquency letter under Section E, or who is the subject a Notice of Deficiency letter under of Section D.1 above, is not prohibited from proceeding to any subsequent stages of case-specific discovery or from being eligible for any further discovery "pools," including, but not limited to potential trial pools, if such delinquencies and/or deficiencies are cured as agreed to by the Parties or as determined by the Court, and if such Plaintiff meets all other criteria for inclusion in such subsequent stages of case discovery or pools.

## F.    SPECIFIC REQUIREMENTS FOR AUTHORIZATIONS

1.    <u>Execution of Authorizations Generally</u>.[3] Plaintiffs shall sign and date the Authorizations listed below setting forth the identity (name and full address) of the applicable custodian of the records or provider of care for any providers listed in her PFS. Those Authorizations shall be served on Defendants in the manner described in Section B.

2.    <u>Medical Authorizations</u>. Each individual Plaintiff shall sign and date the "Limited Authorization to Disclose Health Information" attached as Exhibit A-1 for each health care provider or provider of healthcare services set forth in Plaintiff's Fact Sheet (including but not limited to those in sections III (A, D, E); IV (A-C), and V (C-J; L-N, R, and S)) and produce such Authorizations to Defendants by the deadline set forth in Section B above.

3.    <u>Psychological or Emotional Injury Authorizations</u>. If a Plaintiff is asserting a claim for psychological or emotional injury, such Plaintiff shall provide to Plaintiff's counsel a signed and dated Authorization attached as Exhibit A-2,

---

[3]    In negotiating the Production of Documents and Things and Document Requests, which begin on page 43 of the Plaintiff Fact Sheet, Defendants agreed to withdraw Request No. 10 in exchange for the agreement of reciprocity. That is, the parties agree, and embody their agreement here, that any discovery request, except for Document Request No. 9, in the PFS containing "to the extent not already produced" or similar language, will be deemed repetitive. In addition, the parties agreed to delete Request No. 11, seeking production from Plaintiffs of the Paragard including any and all pieces, to be addressed in a product inspection protocol to be negotiated later, if necessary.

which Plaintiff or Plaintiff's counsel shall complete with regard to any Health Care Provider who treated Plaintiff for such injury and any Health Care Facility in which the Plaintiff was treated for such injury (including, but not limited to, as set forth in Plaintiff's Fact Sheet, Sections IV C; and V (L-M). Plaintiff's counsel shall provide such Exhibit A-2 Authorizations to Defendants' Counsel within the deadline set forth in Section B above. If a Plaintiff is not asserting a claim for psychological or emotional injury, the Plaintiff does not need to complete the Authorization attached as Exhibit A-2.

4.    <u>Employment and Tax Authorizations</u>. If a Plaintiff is asserting a claim for lost wages or lost earnings or lost earning capacity, then such Plaintiff shall provide to Plaintiff's counsel a completed, signed and dated Authorization for the release of employment records for any employer listed in Plaintiff's Fact Sheet, in the form attached as Exhibit A-3 and a signed and dated Authorization for the release of tax records, in the form attached as Exhibit A-4. Plaintiff's counsel shall provide Exhibit A-3 and A-4 Authorizations to Defendants' Counsel within the deadline set forth in Section B above. If a Plaintiff is not asserting a claim for lost wages or lost earnings or lost earning capacity, the Plaintiff does not need to complete the Authorization attached as Exhibits A-3 and A-4.

5.    <u>Insurance Authorizations</u>. Each individual Plaintiff shall sign and date the Authorization for the release of insurance records for any insurer listed in Plaintiff's Fact Sheet, in the form attached as Exhibit A-5 and produce such Authorizations to Defendants by the deadline set forth in Section B above.

6.    <u>Medicare/Medicaid Authorizations.</u> If a Plaintiff has been covered by Medicare or Medicaid at any time, such Plaintiff shall sign and date the Authorization for the release of Medicare/Medicaid records, in the form attached as Exhibit A-6 and produce such Authorization to Defendants by the deadline set forth in Section B above.

7.    <u>Workers' Compensation and Disability Authorizations</u>. If a Plaintiff has applied for or been awarded workers' compensation or disability benefits at any time in the past 12 years, such Plaintiff shall provide to Plaintiff's counsel a signed and dated Authorization for the release of workers' compensation records, in the form attached as Exhibit A-7, and/or the Authorization for the release of disability records, in the form attached as Exhibit A-8, as applicable. Plaintiff's counsel shall provide such Exhibit A-7 and Exhibit A-8 Authorizations to Defendants' Counsel within the deadline set forth in Section B above. If a Plaintiff has not applied for or been awarded either workers' compensation or disability, that Plaintiff need not complete either Authorization.

8.    <u>Records Custodians Not Listed in PFS</u>. For any custodian of records not listed in the Plaintiff's Fact Sheet, Defendants may request that Plaintiff complete, sign and date a specific Authorization so that Defendants (or their record collection vendor) may obtain records from that custodian. Plaintiffs' counsel must provide such authorizations within fourteen (14) days of the written request. Plaintiff's counsel may seek an extension of up to fourteen (14) additional days for good cause in which to supply said Authorization and Defendants' consent shall not be unreasonably withheld.  If the requested authorization is not provided within fourteen (14) days or after any extension, Defendants may include the case on a request to the Court for an Order to Show Cause, which may include a request for dismissal of the case.

9.    <u>Custodian-Specific Authorizations</u>. Plaintiff's counsel shall provide to Defendants duly executed custodian-specific authorization(s) if requested or required by a particular custodian, within fourteen (14) days of receipt of notice by Defendants (or their record collection vendor) that such custodian-specific authorization is requested or required. Plaintiff's counsel may seek an extension of up to fourteen (14) additional days for good cause in which to supply said Authorization and Defendants' consent shall not be unreasonably withheld.  If the requested authorization is not provided within fourteen (14) days or after any

13

extension, Defendants may include the case on a request to the Court for an Order to Show Cause, which may include a request for dismissal of the case.

          10.   <u>Additional Authorizations.</u> To the extent additional custodian authorizations are requested by Defendants, Plaintiff's counsel shall cooperate in providing them within a reasonable time.

## G.    VOLUNTARY DISMISSALS

This Order shall in no way prohibit or inhibit a Plaintiff or her counsel from filing stipulations for or motions to dismiss a specific defendant or defendants, or of an entire Plaintiff's case, for those Plaintiffs who are unable to comply with the requirements set forth in this Order.

## H.    CONFIDENTIALITY

All information disclosed in a PFS, the PFS itself, and all related documents (including health care records and information) produced pursuant to the PFS or from the authorizations provided therewith shall be deemed confidential and treated as "Confidential Information" as defined in the Agreed Protective Order [Doc. No. 36].

          **SO ORDERED** this 7th day of July, 2022.

LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE

14

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: PARAGARD IUD PRODUCTS LIABILITY LITIGATION | : **MDL Docket No. 2974**<br>:<br>: **(1:20-md-02974-LMM)**<br>:<br>: **This Document Relates to All Cases**<br>: |

## PLAINTIFF FACT SHEET

Each plaintiff in MDL No. 2974 must complete this Plaintiff Fact Sheet ("PFS"). If You are completing this PFS in a representative capacity for someone who has died or who otherwise cannot complete the PFS, please answer as completely as You can for that person.

In completing this PFS, You are under oath and must provide information that is true and correct to the best of Your knowledge, and Your answers must be as complete as the information reasonably available to You permits. If You cannot recall all of the details requested, please provide as much information as You can. If the answer is "not applicable" or "none," please write that answer, rather than leaving the answer blank. If there is any information You need to complete any part of the Fact Sheet that is in the possession of Your attorney(s), please consult with Your attorney(s) so that You can fully and accurately respond to the questions in this Fact Sheet.

You must supplement Your responses if You learn that they are incomplete or incorrect in any respect. If You do not have knowledge sufficient to respond fully to a request or question after making a good faith and reasonable effort to obtain the relevant information, You must so state.

The parties, through their respective counsel, have agreed to limit the scope of the information and documents being requested from plaintiffs at this time to that which is set forth in this PFS. However, You are under an ongoing obligation to preserve any written or electronically stored information potentially relevant to the issues in this litigation, including but not limited to written and electronic correspondence, including e-mails, text messages, voicemails and blog postings, and content from all online social networking website accounts in existence since the date You/Plaintiff first had a Paragard placed in You to the present related to Your/Plaintiff's physical condition, physical activity, mental and/or emotional state, medical or health issues, economic or employment issues, Paragards in particular, IUDs in general, contraceptives in general, gynecological procedures, and/or Your lawsuit.

If You have any documents, including, but not limited to: packaging, labeling, or instructions for a Paragard; materials or items that You are requested to produce as part of answering this PFS; or materials that relate to the injuries, claims, and/or damages that are the subject of Your lawsuit, You must NOT dispose of, alter, or modify those documents or materials

in any way. You are required to give all of those documents and materials to Your attorney as soon as possible. If You are unclear about these obligations, please contact Your attorney.

The parties, by counsel, agree that the questions and requests for documents contained in this PFS are not objectionable and shall be answered without any objection. Further, it is agreed that Defendants do not waive the right to request additional information or documents by way of a supplemental fact sheet, interrogatories, requests for production of documents, and/or requests for admission. The parties, by counsel, also agree that You have the right, and ongoing duty, to supplement the responses to this PFS should You obtain or learn of additional responsive information and/or materials.

Information provided in response to this PFS will be used only for purposes related to this litigation and may be disclosed only as permitted by the Protective Order in this litigation. This PFS is completed pursuant to the Federal Rules of Civil Procedure. Your responses to the PFS shall be treated as answers to Rule 33 interrogatories and Rule 34 requests for production of documents, and are subject to the requirements of the Federal Rules of Civil Procedure and the applicable Local Rules.

You may attach as many sheets of paper as necessary to answer these questions.

## <u>DEFINITION OF TERMS</u>

1.      "Paragard" shall mean the Paragard Intrauterine Device(s) ("IUD") that was/were placed in You.

2.      The terms "You" and "Your" or "Plaintiff," unless otherwise defined in a particular question, shall mean the person who had a Paragard placed.

3.      The term "Lawsuit" shall mean the individual lawsuit that Plaintiff has filed and which is now part of MDL No. 2974.

4.      When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, telephone number, and relationship to You.

5.      The term "Health Care Provider"  or "HCP" includes, but is not limited to, medical doctors, physicians, nurses, physician assistants, nurse practitioners, midwives, chiropractors, osteopaths, psychologists, psychiatrists, mental health providers, therapists, social workers, pharmacists, counselors, individuals affiliated with any religious group, and any individual or group who provided any diagnosis, care, treatment, therapy, counseling, and/or advice.

**You may attach as many sheets of paper as necessary to fully answer these questions.**

6. The term "Health Care Facility" includes, but is not limited to, hospitals, clinics, doctors' offices, infirmaries, out-patient facilities, offices, laboratories, pharmacies, substance abuse treatment centers, employment health care facilities, and all other locations at which medical care, counseling, therapy, testing, pain management, or medication is provided by any Health Care Provider.

**I.    GENERAL INFORMATION OF PERSON COMPLETING THIS FACT SHEET**

A.  Your full name:  _____  ____  _____

B.  State the following for the Lawsuit You filed:

C.  Case Caption:  _____

D.  MDL Case No:  _____

E.  The name and contact information of the principal attorney(s) representing You:

_____
Name

_____
Firm

_____
Address

_____
Telephone Number

_____
E-mail Address

F.  Are You are completing this PFS in a representative capacity?

⭕ Yes                    ⭕ No

If yes, provide the following information:

1.  Your name:  _____

2.  Your address:  _____

3.  The name of the individual or estate You are representing, and in what capacity You are representing the individual or estate:

_____

3

4.  If You were appointed as a representative by a court, the court and date of appointment:

_____        _____
Court                                                    Date of Appointment

5.  Your relationship to the Plaintiff on whose behalf You are completing this PFS:

_____

6.  If You represent a decedent's estate, state the date and place of the decedent's death:

_____    _____    _____

*The remainder of this PFS requests information about the person who alleges injury from a Paragard. If You are completing this PFS in a representative capacity, please respond to the remaining questions with respect to the person who allegedly was placed with a Paragard, unless the question instructs You otherwise. Questions using the term "You" or "Your" refer to the person who allegedly was placed with the Paragard, unless instructed otherwise.*

## II.    PERSONAL INFORMATION FOR THE PERSON WHO WAS PLACED WITH THE PARAGARD

A.  Full name (first, middle and last): _____  ___  _____

B.  Date of Birth (MM/DD/YYYY): _____

C.  Place of Birth (CITY/STATE): _____  _____

D.  Social Security Number: _____

E.  Medicare Number: _____

F.  Medicaid Number: _____

G.  Maiden name or other names used or by which You have been known, and the date(s) You were known by those other names:

| Maiden or other name | Dates known by that name (MM/DD/YYYY) to (MM/DD/YYYY) |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

4

**You may attach as many sheets of paper as necessary to fully answer these questions.**

H.  Current Address:

_____    _____    _____  _____
Address                                                          City

State                                                                                Zip

1. Who lives with You at this address?

| Name of Person who lives with you | Relationship to You |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

2.  How long have You lived at that address? _____ Years _____ Months

I.  List all prior addresses for the time period beginning five (5) years prior to when You first had a Paragard placed and the dates when You lived at each of those addresses.

| Prior Address | Prior City | Prior State | Prior Zip | Dates You lived at that address (MM/YYYY to MM/YYYY) |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

5

**You may attach as many sheets of paper as necessary to fully answer these questions.**

J.  Gender (assigned at birth):     ◯ Male     ◯ Female

    Prefer to self-identify as: _____

K.  Beginning with high school and continuing through Your highest level of education, identify each school, college, university and/or other educational institution You have attended, the dates of attendance, courses of study pursued, diplomas or degrees awarded:

| Name of School | City/State | Degree awarded; area of study or major | Dates of Attendance (MM/YYYY to MM/YYYY) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

L.  If You are, or have ever been, married, provide the following information:

| Name and current address of Spouse | Dates of Marriage (MM/DD/YYYY to MM/DD/YYYY) | Reason for End of Marriage, if applicable (e.g., divorce, death, etc.) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**You may attach as many sheets of paper as necessary to fully answer these questions.**

M. For each child you have given birth to, provide the following information (for any child given up for adoption, just provide initials (rather than name) and date of birth).

| Name of Child (First & Last) | Date of Birth (MM/DD/YYYY) | Child's Current Address |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

N. List each pregnancy You had that did not result in a live birth, the date such pregnancy ended, and the reason such pregnancy ended (e.g., miscarriage, abortion, still birth, etc.).

| Date pregnancy ended (MM/YYYY) | Reason pregnancy ended |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

O. Employment Information

1. Are You currently employed?

◯ Yes                    ◯ No

2. If You are currently employed, provide the following information regarding Your current employer:

**You may attach as many sheets of paper as necessary to fully answer these questions.**

      a.      Name of Employer: _____

      b.      Address: _____

      c.      Dates of Employment: _____

      d.      Occupation/Job: _____

3.  If You are not currently employed, did You leave Your last job for a medical reason?

      ◯ Yes           ◯ No

      If yes, describe when and why You left Your last job:

4.  Provide the following information for each employer You have had for the time period from 5 years prior to the placement of your ParaGard to 3 years after Your ParaGard was removed (other than Your current employer):

| Name of Employer | City, State of Employer | Dates of Employment | Occupation | Salary/Weekly Wage |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

8

**You may attach as many sheets of paper as necessary to fully answer these questions.**

5.  Since your Paragard was placed through the present, have You been out of work for more than 30 days during any calendar year for reasons related to Your physical and/or mental health?

○  Yes            ○  No            ○  Do not recall

If yes, provide the following information:

| Name of Employer | Dates out of work (MM/YYYY to MM/YYYY) | Brief description of physical or mental health condition |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

P.  Military Service Information

1.  Have You ever served in any branch of the U.S. Military?

○  Yes                    ○  No

2.  If yes, provide the following information:

    a.    the branch and dates of service, rank upon discharge, and type of discharge received:

| Branch | Dates of service | Rank upon discharge | Type of discharge |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

    b.    Were You ever rejected or discharged from the military for any reason relating to Your medical, physical, psychiatric or emotional condition(s)?

○  Yes                    ○  No

9

**You may attach as many sheets of paper as necessary to fully answer these questions.**

      c.    If yes, state the condition(s) for which You were rejected or discharged:

```
┌─────────────────────────────────────────────────────────────────┐
│                                                                   │
│                                                                   │
│                                                                   │
└─────────────────────────────────────────────────────────────────┘
```

Q.  Insurance/Claim Information

    1.  Identify each insurance carrier with whom You had health insurance coverage, or that covered You, for the time period beginning two (2) years before Your Paragard was placed to the present time:

| Insurance provider name and address |
| --- |
|  |
|  |
|  |
|  |
|  |

    2.  Have You filed a workers' compensation claim within the time period beginning two (2) years before Your Paragard was placed to the present?

◯ Yes      ◯ No

If yes, for each claim please state the year you filed the claim(s) and the nature of the claimed injury/disability:

| Year claim filed | Nature of the claimed injury/disability |
| --- | --- |
|  |  |
|  |  |
|  |  |
|  |  |

**You may attach as many sheets of paper as necessary to fully answer these questions.**

3.   In the time period beginning two (2) years before Your Paragard was placed to the present, have You ever applied for Social Security and/or state or federal disability, received Medicare, Medicaid, DOD Tricare, State Children's Health Insurance Program (SCHIP), Veterans Health Administration (VHA), or Indian Healthcare Services (IHS)?

◯ Yes          ◯ No

If yes, identify the benefits received (check all that apply):

☐ Medicare
☐ Medicaid
☐ DOD Tricare
☐ State Children's Health Insurance Program (SCHIP)
☐ Veterans Health Administration (VHA)
☐ Indian Healthcare Services (HIS)

a.   If yes, are You receiving those benefits now?

◯ Yes          ◯ No

*Please note: if You are not currently a Medicare – eligible beneficiary, but become eligible for Medicare during the pendency of this lawsuit, You must supplement Your response at that time. This information is necessary for all parties to comply with Medicare regulations. See 42 U.S.C. §1395y(b)(a), also known as Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 and §1395y(b)(2) also known as the Medicare Secondary Payer Act.*

R.   Have You ever filed a lawsuit or made a claim or demand for compensation, other than in the present Lawsuit, relating to any bodily or personal injury(ies)?

◯ Yes          ◯ No

If yes, provide a brief description of your injuries and the outcome of your lawsuit, claim, or demand.

[                                                                              ]

S.   Have You settled or reached any agreement, deal, or understanding of any kind with any other person, firm, corporation, or party with respect to Your lawsuit or the events described in Your lawsuit, including, but not limited to "Mary Carter" agreements?

This question seeks information concerning agreements or understandings of any kind whatsoever, including past, present, and future settlements, deals, agreements,

understandings, and conduct regarding the giving, withholding of, or nature of testimony or evidence.

○ Yes                    ○ No

If yes, provide the following information:

| Names of Parties Involved | Date of settlement or agreement |
|---|---|
|  |  |
|  |  |

    T.  Have You ever filed for bankruptcy?

○ Yes                    ○ No

If yes, provide the following information:

| City and state where bankruptcy was filed | Date of filing (MM/DD/YYYY) | Case Number (if known) | Current Status |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

    U.  In the last 10 years, have You ever been convicted of, or pled guilty to, a felony and/or crime of fraud or dishonesty?

○ Yes                    ○ No

If yes, provide the following information:

| State in which You were convicted or pled guilty | State or federal court? | Felony or crime for which You were convicted or with respect to which You pled guilty |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**You may attach as many sheets of paper as necessary to fully answer these questions.**

### III.   PLACEMENT and REMOVAL OF PARAGARD

A.  For each Paragard that has ever been placed in You, provide the following information:

| Date of Placement (MM/DD/YYYY) | Lot number of the Paragard | Name of HCP who placed the Paragard | Address of HCP who placed the Paragard | Why did you choose Paragard? |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

Did You obtain Your Paragard from anyone other than the Health Care Provider who placed Your Paragard?

○ Yes          ○ No

If yes, identify from what person and source You obtained Your Paragard:

| |
|---|
| |

B.  **For each Paragard You listed in response to III(A) above**, provide the following information:

1.  <u>Oral, verbal, or spoken information conveyed to you</u> (this includes, but is not limited to, information about risks, benefits, instructions for use, or any side effects and/or any warnings) [Include response for each Paragard You had placed.]:

| Date of Placement (MM/DD/YYYY) | Did anyone provide information to You about Paragard before it was placed in You? (State Yes, No, or Do not recall) | Name of person who provided the information to You | What information were you told? |
|---|---|---|---|
| | | | |

**You may attach as many sheets of paper as necessary to fully answer these questions.**

| | Yes      No | | |
|---|---|---|---|
| | Do Not Recall | | |
| | Yes      No | | |
| | Do Not Recall | | |
| | Yes      No | | |
| | Do Not Recall | | |

2. <u>Written information given to you</u> (including but not limited to, for example, a pamphlet, a booklet, an information sheet, something else?) [Include response for each Paragard You had placed.]:

| Date of Placement (MM/DD/YYYY) | Were You given any written information about risks, benefits, instructions for use, or warnings about Paragard before it was placed in You? (State Yes, No, or Do not recall) | Name of person who gave that information to You | What written materials were you given? |
|---|---|---|---|
| | Yes      No<br>Do Not Recall | | |
| | Yes      No<br>Do Not Recall | | |
| | Yes      No<br>Do Not Recall | | |

b.      Do You, or anyone else, including Your attorneys, still have that information?

Yes                    No

If No, when, to the best of your recollection, was the last time You saw that

information?

14

C. For each Paragard You listed in response to III(A) above, did You or anyone *other than a Health Care Provider* ever remove or attempt to remove the Paragard?

◯ Yes          ◯ No

If Yes, provide the following information:

| Date of Placement (MM/DD/YYYY) | Date You or anyone other than a HCP removed or attempt to remove the Paragard (MM/DD/YYYY) | Name of person who removed or attempted removal | Identify any problems that occurred at removal |
|---|---|---|---|
| | | | |
| | | | |

D. For each Paragard that You have ever had removed or attempted to have removed **by a Health Care provider**, provide the following information:

| Date of Removal (MM/DD/YYYY) | Name and address of HCP who removed the Paragard | Why did you have it removed? | Identify any problems that occurred at removal |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

E. With regard to the particular Paragard that is the subject of Your Lawsuit, did any HealthCare Provider recommend that You not have the Paragard (either in whole or in part) removed?     ◯ Yes     ◯ No     ◯ Do not recall

**You may attach as many sheets of paper as necessary to fully answer these questions.**

If Yes, provide the following information:

| Date of Recommendation (MM/DD/YYYY) | Name of HCP who made the recommendation | Address of HCP who made the recommendation |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

F. With regard to the particular Paragard (or any part of it): that is the subject of Your Lawsuit:  do you know where it is?

◯ Yes          ◯ No

If Yes, who has it?

◯ I have it; and it is located in (Identify City & State)

_____

◯ My lawyer has it; and it is located in (Identify City & State)

_____

◯ Someone else has it;

Identify who you believe has it: _____

Identify (City & State) where you believe it is located:

_____

G. Have You ever had any communication (written, electronic, or oral), with any of the Defendants You named in Your Lawsuit?

◯ Yes                    ◯ No

**You may attach as many sheets of paper as necessary to fully answer these questions.**

If yes, provide the following information:

| Date of Communication (MM/DD/YYYY) | Method of Communication (e.g., email, letter, phone call, etc.) | Identify entity or person You communicated to or with | Brief description of the communication |
|---|---|---|---|
| | | | |
| | | | |

## IV.  ALLEGED INJURIES FROM PARAGARD AND CLAIMS ASSERTED

A. Alleged Injuries

1. Are You claiming that You a suffered bodily injury, illness, or disability (referred to collectively herein as "injury") as a result of Your Paragard?

⭕ Yes          ⭕ No

2. For each injury that You claim was caused by Your Paragard, provide the following information:

| Describe separately each injury You claim | Is the injury continuing? (Yes or No) | When did You first have symptoms that You believe are related to the injury? (MM/DD/YYYY) | Name and Address of each HCP who diagnosed You with or treated you for the injury |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

17

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

3.  Has any Health Care Provider informed You that any injury identified in Section IV.A.2 above was caused by, or related to, Your Paragard?

◯ Yes          ◯ No

**You may attach as many sheets of paper as necessary to fully answer these questions.**

If **yes**, provide the following information for each injury:

| Injury | Name and Address of the HCP who informed You that injury was caused by or related to Your Paragard | Date that HCP informed You that injury was caused by or related to Your Paragard (MM/DD/YYYY) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

4.  For each injury You claim was caused by a Paragard, have you ever had the same injury before the Paragard that is the subject of Your Lawsuit was placed in You?

◯ Yes          ◯ No

If yes, provide the following information:

| Injury | Date You first were aware of that injury (MM/DD/YYYY) | Name and Address of each HCP who diagnosed You with the injury | Name and Address of each HCP who treated You for the injury |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

19

**You may attach as many sheets of paper as necessary to fully answer these questions.**

|  |  |  |  |
|---|---|---|---|
|  |  |  |  |

5.  Do You claim that Your Paragard worsened an injury or condition that You already have or had in the past?

○ Yes                    ○ No

If yes, identify the injury or condition that You believe was worsened as a result of Your Paragard, identify the Health Care Provider who diagnosed you with that injury, and state the date of diagnosis:

| Injury or Condition | Dates of Diagnosis (MM/DD/YYYY) | Health Care Provider who diagnosed you with the injury |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

B.  Treatment for Your Alleged Injuries

1.  Did You receive any treatment for injuries or conditions You claim were caused by Your Paragard?

○ Yes                    ○ No

If yes, provide the following information in chronological order with the oldest treatment first:

| Injury | Describe Treatment You Received | Date of Treatment (MM/DD/YYYY) | Name and Address of each person or HCP who treated You |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

20
**You may attach as many sheets of paper as necessary to fully answer these questions.**

|  |  |  |  |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Did You have any medical tests or procedures that You claim are related to the removal of Your Paragard?

◯ Yes          ◯ No

If yes, please identify the type of medical tests or procedures:

| Medical Test or Procedure | Yes/No |
|---|---|
| Ultrasound-guided removal | ◯ Yes     ◯ No |

21

**You may attach as many sheets of paper as necessary to fully answer these questions.**

| Manual vacuum aspiration | ⚪ Yes  ⚪ No |
|---|---|
| Hysteroscopy | ⚪ Yes  ⚪ No |
| D&C | ⚪ Yes  ⚪ No |
| Laparoscopy | ⚪ Yes  ⚪ No |
| Laparotomy | ⚪ Yes  ⚪ No |
| Hysterectomy | ⚪ Yes  ⚪ No |
| Other (Describe): | ⚪ Yes  ⚪ No |

If yes, provide the following information:

| Medical Test/Procedure | Date of Test or Procedure (MM/DD/YYYY) | Name and Address of each HCP who performed the test or procedure | Name and Address of each Health Care Facility where the test or procedure was performed |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**You may attach as many sheets of paper as necessary to fully answer these questions.**

|  |  |  |  |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

C.  Claims / Damages Alleged

    1.  Are You making a claim for lost wages in Your Lawsuit?

         ○ Yes               ○ No

        a.      If yes, identify every category of your lost wage claim:

                    ☐ Salary

                    ☐ Bonuses

                    ☐ Stock options

                    ☐ Retirement matching

                    ☐ 401(k) matching

                    ☐ Other – Please describe:

|  |
|---|
|  |

    2.  Are You claiming impairment of future earning capacity as a result of any injury(ies) You contend was/were caused by a Paragard?

         ○ Yes               ○ No

If yes:

State the approximate total amount of future time You believe You will lose from work as a result of any injury(ies) You claim were caused by the Paragard at issue in this lawsuit:

             ○ 1-7 days

             ○ 8-14 days

**You may attach as many sheets of paper as necessary to fully answer these questions.**

○ 15-30 days
○ 1 - 3 months
○ 3 - 6 months
○ 6 months or more

3.   Are You seeking to recover any "out-of-pocket" expenses (those expenses You have directly paid or incurred, including medical expenses not covered by insurance), that You claim are related to any injury(ies) You claim was/were caused by a Paragard?

○ Yes            ○ No

If yes, what is the current amount of out – of – pocket expenses you seek to recover in this lawsuit?

○ $100 or less
○ $500 or less
○ $501 to $1,000
○ $1001 to $3,000
○ $3,001 to $5,000
○ $5,001 to $10,000
○ $10,000 to $25,000
○ more than $25,000

Are those out-of-pocket expenses continuing?

○ Yes            ○ No

4.   Has any insurer or any other entity or person paid any medical expenses related to any injury(ies) that You claim was/were caused by a Paragard and for which You seek recovery in Your Lawsuit?

○ Yes            ○ No

5.   Are You claiming emotional distress or any psychiatric injury or condition as a result of a Paragard?

○ Yes            ○ No

**You may attach as many sheets of paper as necessary to fully answer these questions.**

a. If Yes, have You received any type of medical, emotional, or psychiatric care, counseling, or treatment for the emotional distress or any psychiatric injury or condition You claim?

○ Yes         ○ No

    i. If yes, provide the following information:

| Injury or Condition | Dates of Treatment (MM/DD/YYYY to MM/DD/YYYY) | Name and Address of each person or HCP who treated You for the injury(ies) or condition(s) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

6. Does Your spouse seek damages for loss of consortium in this Lawsuit?

○ Yes         ○ No         ○ I do not have a spouse

**If yes, Your spouse must answer the following questions and complete, sign, and provide a Declaration in the form attached to this PFS.**

a. Spouse's Name: _____

b. Spouse's Date of Birth (MM/DD/YYYY): _____

c. Spouse's Social Security Number: _____

d. State whether any of the following are alleged or claimed in the Lawsuit:

| Allegation or Claim | Yes/No |
|---|---|
| Loss of services of spouse | ○ Yes     ○ No |

**You may attach as many sheets of paper as necessary to fully answer these questions.**

| Impaired sexual relations | ◯ Yes | ◯ No |
|---|---|---|
| Lost wages/lost earning capacity | ◯ Yes | ◯ No |
| Lost out – of – pocket expenses | ◯ Yes | ◯ No |
| Physical injuries | ◯ Yes | ◯ No |
| Psychological injuries/emotional injuries | ◯ Yes | ◯ No |
| Other (Specify) | ◯ Yes | ◯ No |

e.    List the name, address, and specialty of any Health Care Provider from whom treatment was sought by the loss-of-consortium plaintiff for any physical, emotional, or psychological injuries or symptoms alleged to be related to his/her claim in this Lawsuit.  If "none," state "none."

| Name of the HCP from whom treatment was sought by the loss-of-consortium plaintiff | Address of the HCP from whom treatment was sought by the loss-of-consortium plaintiff | Specialty of the HCP from whom treatment was sought by the loss-of-consortium plaintiff |
|---|---|---|
| | | |
| | | |
| | | |

## V.    MEDICAL/HEALTH BACKGROUND

A.  What is Your current height:  _____ feet _____ inches

B.  What is Your current weight:  _____ lbs.

C.  Identify each of Your primary care Health Care Providers for the period of five (5) years prior to Your first Paragard placement to the present time:

**You may attach as many sheets of paper as necessary to fully answer these questions.**

| Name of HCP | Last Known Address (CITY/STATE) | Dates Seen (MM/YYYY to MM/YYYY) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

D. To the extent not already provided above, identify each of Your obstetricians/gynecologists (or similar Health Care Providers) for the time period of five (5) years before placement of first Your Paragard to the present:

| Name of HCP | Last Known Address (CITY/STATE) | Dates Seen (MM/YYYY to MM/YYYY) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

E. To the extent not already provided above, provide the name and address of every Health Care Provider from whom You received medical advice and/or treatment from five (5) years prior to the date of placement of Your first Paragard, to the present.

| Name and Address of each HCP | Specialty of the HCP | Date when advice or treatment was provided (MM/DD/YYYY) | Condition treated or consulted on |
|---|---|---|---|
| | | | |

27

**You may attach as many sheets of paper as necessary to fully answer these questions.**

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

F.  Identify each Health Care Facility where You have received inpatient or outpatient treatment for any condition, including emergency room treatment and/or surgical procedures, from the time period of five (5) years prior to placement of Your first Paragard to the present.

| Name of Health Care Facility | Address of Health Care Facility (CITY/STATE) | Date of Admission or Treatment (MM/YYYY) | Reason for Admission or Treatment |
|---|---|---|---|
| | | | |

**You may attach as many sheets of paper as necessary to fully answer these questions.**

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

G.  For all methods of prescription birth control (other than IUDs) You have used for a period of 10 years prior to the placement of your first ParaGard, provide the following information:

| Type of Birth Control | Product Name | Manufacturer Name | Dates of Use (MM/YYYY to MM/YYYY) | Name and Address of HCP who prescribed it |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

H.  Have you ever used an IUD other than ParaGard?

⚪ Yes        ⚪ No

**You may attach as many sheets of paper as necessary to fully answer these questions.**

If "yes," for each IUD you have used, please provide the following information:

| Product Name | Manufacturer Name | Dates of Use (MM/YYYY to MM/YYYY) | Name and Address of HCP who prescribed it |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

I.   Has any Health Care Provider recommended or advised that You discontinue any birth control drug or device that You have used?

◯ Yes      ◯ No      ◯ Do not recall

If yes, provide the following information:

| Birth Control Drug or Device | Date of Recommendation (MM/YYYY) | Name and Address of HCP who made the recommendation |
|---|---|---|
| | | |
| | | |
| | | |

30
**You may attach as many sheets of paper as necessary to fully answer these questions.**

J.  Prescription Medicines.

1.  Identify each prescription medication You have taken on a regular basis for the time period of two years prior to the placement of your Paragard to the present time. [You do not need to list medication taken for birth control here if already identified in response to [§ G] above.]:

| Name of Prescription Medication | Reason Prescribed | Dates Taken (MM/YYYY to MM/YYYY) | Name of the prescribing HCP and address (if not previously provided | Name and Address of Dispensing Pharmacy |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**You may attach as many sheets of paper as necessary to fully answer these questions.**

K.  Tobacco Use:

Check and provide information for all that apply:

⭕ <u>Never smoked</u> cigarettes

⭕ <u>Past smoker</u> of cigarettes
Date on which smoking ceased _____

Amount smoked on average:  _____ packs per day for _____ years

⭕ <u>Current smoker</u> of cigarettes

Amount smoked:  _____ packs per day for _____ years

L.  Are you making a claim for mental, emotional or psychiatric injuries, mental anguish, or depression?

⭕ Yes            ⭕ No

If yes, have You sought or obtained emotional, psychiatric or psychological treatment of any type, including therapy, for any mental health conditions including depression, anxiety, or other emotional or psychiatric disorders during the time period of two (2) years prior to placement of Your Paragard to the present time?

⭕ Yes            ⭕ No

If Yes, specify the condition, its date(s) of onset, and Your treating physician.

| Condition | Date(s) of Onset | Treating Physician |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

M.  For each of the following condition(s), state whether You have ever been diagnosed with the condition.

| Condition | Yes/No/Do Not Recall | | |
|---|---|---|---|
| High blood pressure | ⭕ Yes | ⭕ No | ⭕ Do Not Recall |
| Migraines | ⭕ Yes | ⭕ No | ⭕ Do Not Recall |
| Depression | ⭕ Yes | ⭕ No | ⭕ Do Not Recall |
| Breast Cancer | ⭕ Yes | ⭕ No | ⭕ Do Not Recall |
| Endometrial Cancer | ⭕ Yes | ⭕ No | ⭕ Do Not Recall |

32
**You may attach as many sheets of paper as necessary to fully answer these questions.**

| | | | |
|---|---|---|---|
| Ovarian Cancer | ○ Yes | ○ No | ○ Do Not Recall |
| Cervical Cancer | ○ Yes | ○ No | ○ Do Not Recall |
| Known or suspected uterine malignancy | ○ Yes | ○ No | ○ Do Not Recall |
| Known or suspected cervical malignancy | ○ Yes | ○ No | ○ Do Not Recall |
| Known or suspected breast cancer | ○ Yes | ○ No | ○ Do Not Recall |
| Other progesterone-sensitive cancer | ○ Yes | ○ No | ○ Do Not Recall |
| Acute liver disease or liver tumor (whether benign or malignant) | ○ Yes | ○ No | ○ Do Not Recall |
| DVT or other blood clot/blood clotting disorders | ○ Yes | ○ No | ○ Do Not Recall |
| Embolism | ○ Yes | ○ No | ○ Do Not Recall |
| Stroke | ○ Yes | ○ No | ○ Do Not Recall |
| Cerebral hemorrhage | ○ Yes | ○ No | ○ Do Not Recall |
| Aneurysm | ○ Yes | ○ No | ○ Do Not Recall |
| Obesity | ○ Yes | ○ No | ○ Do Not Recall |
| Diabetes | ○ Yes | ○ No | ○ Do Not Recall |
| Pelvic inflammatory disease | ○ Yes | ○ No | ○ Do Not Recall |
| Congenital or acquired uterine anomaly, including fibroids and/or condition that distorts the uterine cavity | ○ Yes | ○ No | ○ Do Not Recall |
| Uterine bleeding of unknown cause | ○ Yes | ○ No | ○ Do Not Recall |
| Any other condition that prevents you from using hormones. Please Describe: | ○ Yes | ○ No | ○ Do Not Recall |

For each condition marked "yes" above, provide the following information:

| Condition | Date of Diagnosis [MM/YYYY] | Name & Address of HCP who diagnosed You | Name & Address of each HCP who treated You |
|---|---|---|---|
| | | | |
| | | | |

33

**You may attach as many sheets of paper as necessary to fully answer these questions.**

|  |  |  |  |
|--|--|--|--|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

N. Other than the condition(s) listed above, have You ever been diagnosed with any other chronic health condition involving your reproductive organs?

◯ Yes          ◯ No

If yes, provide the following information:

| Chronic Health Condition | Date of Diagnosis [MM/YYYY] | Name & Address of the HCP who diagnosed You | Name & Address of each HCP who treated You) |
|--|--|--|--|
|  |  |  |  |

**You may attach as many sheets of paper as necessary to fully answer these questions.**

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

O. To the best of your knowledge, do You have a family history (i.e., Parents, Siblings) of any of the following conditions, and, if so, provide the following information.

| Chronic Health Condition | Parent or Sibling? [List all that apply and list the specific condition, if known.] |
|---|---|
| Cardiovascular problems | |
| DVT or other blood clotting disorders | |
| Stroke | |
| Embolism | |
| Depression | |
| Cancer | |
| Acute liver disease or liver tumor (whether benign or malignant) | |

P. Are you claiming a loss of reproductive health?

◯ Yes          ◯ No

Q. If yes, briefly describe the reproductive health You claim you have lost.

| |
|---|
| |

35
**You may attach as many sheets of paper as necessary to fully answer these questions.**

R.  If You answered yes to the question in section P, above, Have You ever been treated for female infertility or consulted with any Health Care Provider related to female infertility?

◯ Yes          ◯ No

If yes, identify any condition You were diagnosed with and provide the following information:

| Condition/Diagnosis | Date of Diagnosis [MM/YYYY] | Name of the HCP who diagnosed You (and address if not otherwise provided) | Name of each HCP with whom You treated or consulted (and address if not otherwise provided) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

S.  If You answered yes to the question in section P above, is your spouse a plaintiff in your lawsuit?

◯ Yes          ◯ No

If you checked the "yes" box, has Your spouse ever been treated for or consulted with any Health Care Provider related to male infertility?

◯ Yes          ◯ No

If you checked the "yes" box, identify any condition Your spouse was diagnosed with and provide the following information:

| Condition/Diagnosis | Date of Diagnosis [MM/YYYY] | Name & Address of the HCP who diagnosed Your spouse | Name & Address of each HCP with whom Your spouse treated or consulted |
|---|---|---|---|
|  |  |  |  |

**You may attach as many sheets of paper as necessary to fully answer these questions.**

|  |  |  |  |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

If Your spouse is <u>not</u> a plaintiff in your lawsuit, was he married to or living with you when your ParaGard was removed?

◯ Yes        ◯ No

If so, did he consult with or was he treated by a Health Care Provider for male infertility from the time your Paragard was removed until the time your lawsuit was filed?

◯ Yes        ◯ No

## VI.    SOCIAL MEDIA/INTERNET

Social Networking
A. For five (5) years prior to the placement of your ParaGard, did you read information about IUDs generally and/or Paragards in particular in a website, chat room, message board, or other electronic forum?

◯ Yes ◯        No

If yes, for each such site, provide the following information:

| Name of Site | Dates Visited (MM/YYYY to MM/YYYY) |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

B. After the removal (and/or attempted removal) of your Paragard, did you read information about IUDs generally and/or Paragards in particular in a website, chat room, message board, or other electronic forum?

◯ Yes        ◯ No

**You may attach as many sheets of paper as necessary to fully answer these questions.**

If yes, for each such site, provide the following information:

| Name of Site | Dates Visited (MM/YYYY to MM/YYYY) |
|---|---|
| | |
| | |
| | |
| | |

C.  For five (5) years prior to the placement of your Paragard, have You ever discussed or posted about the following on any social networking site, website accounts, or message boards?

1. Your reproductive health, including, but not limited to, Your gynecologic, pelvic, or abdominal health?

⭕ Yes          ⭕ No

2. IUDs, including, but not limited to, Paragard IUDs?

⭕ Yes          ⭕ No

3. Your Lawsuit about Paragard or Paragard lawsuits in general?

⭕ Yes          ⭕ No

If You answered yes to (C)(1), (2), and/or (3) above, then for each entry or post, provide the following information:

| Name of Site | Date of Post (MM/DD/YYYY) | Description of substance of the entry or post |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

**You may attach as many sheets of paper as necessary to fully answer these questions.**

**D.** When did You first become aware of claims or lawsuits against Paragard? Please provide the month, day, and year (MM/DD/YYYY): _____.

1. How did You first become aware of the claims or lawsuits against Paragard?

   a.  Television advertisement

   ◯ Yes          ◯ No

   If You checked "Yes" for "Television advertisement," please describe the television advertisement.

   |  |
   |--|
   |  |

   b.  Print advertisement

   ◯ Yes          ◯ No

   If You checked "Yes" for "Print advertisement," please describe the print advertisement.

   |  |
   |--|
   |  |

   c.  Website or internet

   ◯ Yes          ◯ No

   If You checked "Yes" for "Website or internet," please identify what you saw or read on the site(s) You visited.

   |  |
   |--|
   |  |

   d.  Other?

   ◯ Yes          ◯ No

   If You checked "Yes" for "Other," please explain and identify the source:

   |  |
   |--|
   |  |
   |  |

**You may attach as many sheets of paper as necessary to fully answer these questions.**

## VII.   WITNESSES

A.     Other than Your Health Care Providers identified above, identify all persons whom You believe possess information about Your alleged injury, any facts related to Your claims, and/or Your medical condition (at any time):

| Name of witness | Address | Relationship to You |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**You may attach as many sheets of paper as necessary to fully answer these questions.**

# **DECLARATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge, information and belief formed after due diligence and reasonable inquiry.

Further, I acknowledge that I have an obligation to supplement the above responses if I learn that they are in some material respects incomplete or incorrect.

_____          _____
            Dated                                                 Print Name


                                                   _____
                                                                    Signature

41

## <u>DECLARATION OF CONSORTIUM PLAINTIFF</u>

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that all of the information provided in this Plaintiff Fact Sheet at Sections IV.D.8 (a-e) is true and correct to the best of my knowledge, information and belief formed after due diligence and reasonable inquiry.

Further, I acknowledge that I have an obligation to supplement the above responses if I learn that they are in some material respects incomplete or incorrect.


_____        _____
       Dated                                        Print Name of Consortium Plaintiff


                                       _____
                                       Signature of Consortium Plaintiff

**You may attach as many sheets of paper as necessary to fully answer these questions.**

## PRODUCTION OF DOCUMENTS AND THINGS

Attach the following documents and things to this Plaintiff Fact Sheet and Declaration in the manner set forth in the Implementing (Enabling) Order on the Plaintiff Fact Sheet (CMO No. __).

A.    **AUTHORIZATIONS**: Sign and attach to this Plaintiff Fact Sheet the Authorizations for the release of records appended hereto.  Check the box if You are attaching the signed Authorization.

☐    A-1  Authorization for Release of Medical Records is signed and attached

☐    A-2 Authorization for Release of Psychological/Psychiatric Records is attached (if claiming emotional distress, menta, emotional, psychological or psychiatric injury)

☐    A-3 Authorization to Release Employment Information is attached (if claiming lost wages, lost earnings or impairment of earning capacity)

☐    A-4 Authorization for Release of Tax Records (if claiming lost wages, lost earnings or impairment of earning capacity)

☐    A-5 Authorization for Release of Insurance Records

☐    A-6 Authorization for Release of Medicare Records

☐    A-7 Authorization for Release of Worker's Compensation Records (if applicable)

☐    A-8 Authorization for Release of Disability Claims Records (if applicable)

B.    If You are completing this PFS on behalf of a deceased person, please attach (1) the legal documentation establishing that You are the legal representative of the estate and (2) a copy of the decedent's death certificate.

## DOCUMENT REQUESTS:

"Document" as used below means hard copy documents and electronically-stored information (ESI), as defined in the Case Management Order Regarding Production of Electronically Stored Information and Paper Documents ("ESI Protocol") (Doc. No. 128).

Communications solely with Your attorneys, and that You did not show or give to anyone else, are not included in these Requests.

For each response below, state whether You have any of the following documents in You possession, custody, or control, by checking the appropriate box below each Request.

If You have documents in Your possession, custody, or control, provide a true and correct copy of such documents with this completed Plaintiff Fact Sheet.

1. Produce all medical and pharmacy records (for example, receipts, prescriptions, and records of purchase) You have in Your possession, custody, or control describing, discussing, or referring to Paragard including the following records:

   a. Patient information sheets, "Information for Patients," "Prescribing Information," package inserts, brochures, handouts, pamphlets, consent forms, or product literature for a Paragard;

   b. Procedures, tests, or Health Care Provider office visits You had to place a Paragard including consent forms, appointment cards, and all product identification;

   c. Any follow-up care You received following the placement of Your Paragard;

   d. Any procedure, test, Health Care Facility in-patient or out-patient admission, or Health Care Provider office visit You had to remove a Paragard;

   e. Any follow-up care You received following the removal of Your Paragard; and

   f. All pharmacy records for any prescription medication that You took for any injury You claim was caused by Your Paragard.

      ◯ The documents are attached.

      ◯ I have no documents.

2. Produce all medical and pharmacy records that were requested or obtained for Your Lawsuit, unless already produced in response to Request number 1;

      ◯ The documents are produced in response to Request number 1.

      ◯ The documents are attached.

      ◯ I have no documents.

3. Produce all documents in Your possession, custody, or control about Paragard including the following:

   a. Documents You created describing, discussing, or referring to Paragard or any of the physical or mental conditions You are claiming are related to Your Paragard;

   b. All letters, e-mail, or other electronic messages You have written to any Defendant, Health Care Providers, or governmental entities about Paragard;

   c. All news articles or medical literature that describe, discuss, or reference Paragard, or any of the Defendants You name in Your Lawsuit;

**You may attach as many sheets of paper as necessary to fully answer these questions.**

d.  All advertisements or promotional material for Paragard You saw before Your Paragard was placed in You;

e.  All attorney advertisements for potential claims or lawsuits directed to Paragard You saw before Your Lawsuit was filed;

f.  All information that describes, discusses, or refers to Paragard that You downloaded or printed from the internet before Your Lawsuit was filed;

g.  Any recorded statement or written statement or notes of any statement from any of the Defendants in Your Lawsuit and/or any of their agents, representatives, or employees about Paragard and/or the injuries or claims alleged in Your Lawsuit;

h.  All social media or internet posts You made or posts made about You in which you were tagged or of which You are aware that describe, discuss, or refer to Paragard;

i.  All social media or internet posts You made or posts that were made about You, that describe, discuss, or refer to any of the alleged injuries, conditions, or damages You claim in Your Lawsuit;

j.  All calendars, journals, diaries, and notes that describe, discuss, or refer to Paragard or the injuries, damages or treatment You are alleging in Your Lawsuit;

k.  All statements obtained from or given by any person, other than Your attorney(s) or expert(s), having knowledge of the facts relevant to the subject of Your Lawsuit; and

l.  Any photographs or videos that depict the Paragard placed in You or its removal, the injuries You allege were caused by Paragard, or any care and/or treatment You received

⭕ The documents are attached.

⭕ I have no documents.

4.  Produce all documents in Your possession, custody, or control describing, discussing, or that refer to the following:

a.  IUDs of any type in general or any alleged health risks related to IUDs in general; and/or

b.  Birth control or contraception in general or any alleged health risks related to birth control or contraception in general.

45

**You may attach as many sheets of paper as necessary to fully answer these questions.**

   ⭕   The documents are produced in response to one or more other Requests for Production above.

   ⭕   The documents are attached.

   ⭕   I have no documents.

5. Produce all documents describing, discussing, or that refer to the following, as identified in Your responses in Your Plaintiff Fact Sheet:

   a. Any workers' compensation claims as identified in Your response to § II.Q.2 (workers' compensation claims);

   b. Any Social Security or state/federal disability claims as identified in Your response to § II. Q.3 (Social Security or state/federal disability claims);

   c. Any lawsuits or claims as identified in Your response to § II. R (lawsuits or claims);

   d. Any agreements identified in Your response to § II. S. (Agreements with respect to your lawsuit);

   e. Any written information identified in Your response to § III.B.2 (written information);

   f. Any actions or steps taken to preserve or maintain the Paragard removed from You; (Response to § III. F);

   g. The location(s) of the Paragard or any of its pieces removed from You, or any transfer of them, including all chain of custody documents. (Response to § III. F);

   h. Any communication or correspondence with Defendants as identified in Your response to § III. G. (Communications between You or anyone acting on Your behalf, and any Defendant you have named in the lawsuit); and

   i. Any out-of-pocket expenses as identified in Your response to § IV. C.3 (out-of-pocket expenses).

      ⭕   The documents are attached.

      ⭕   I have no documents.

6. **If You are claiming lost wages, loss of earnings, or lost earnings capacity**, produce Your W-2s and all tax records reflecting Your income for the five (5) years preceding the removal of Your Paragard that is the subject of Your Lawsuit to the present.

      ⭕   I am not claiming lost wages, loss of earnings, or lost earnings capacity.

◯ The documents are attached.

◯ I have no documents.

7. **If You are suing on behalf of another individual**, produce copies of the death certificate, letters testamentary, letters of administration, powers of attorney, guardianship, or guardian ad litem orders or other documents relating to Your status as a plaintiff in Your Lawsuit.

◯ I am not suing on behalf of another individual.

◯ The documents are attached.

◯ I have no documents.

8. **If Your spouse is bringing a loss of consortium claim,** produce all documents constituting, evidencing, or otherwise relating to Your spouse's claims or damages for loss of consortium.

◯ There is no loss of consortium claim asserted

◯ The documents are attached.

◯ I have no documents.

9. To the extent not already produced in response to a Request for Production above, produce the medical records of each and every Health Care Facility, pharmacy, or Health Care Provider identified by You in response to the questions in Sections III, IV, and V. E. of the Plaintiff Fact Sheet (Your medical care and history for the time period beginning five (5) years prior to the placement of Your first Paragard and continuing to the present).

◯ The documents are produced in response to one or more other Requests for Production above.

◯ The documents are attached.

◯ I have no documents.

10. Produce all test protocols, test results, or reports of testing or test results on the Paragard, including any and all pieces of the Paragard that is the subject of Your Lawsuit.

◯ The documents are attached.

◯ I have no documents.

**You may attach as many sheets of paper as necessary to fully answer these questions.**

# Exhibit A-1

**AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS**
**PURSUANT TO 45 C.F.R. § 164.508 (HIPAA)**

Patient Name:  _____

Date of Birth:  _____

Social Security Number:  xxx-xx-

   I hereby authorize:   [Name of Physician, Healthcare Provider, or Facility]

   to release all existing medical records and information, regarding the above-named person's medical care, treatment, physical condition(s) and/or medical expenses revealed by observation or treatment past, present and future to the below recipient(s):

**Ontellus**
**910 Louisiana, Suite 4500**
**Houston, TX  77002**

   These records shall be used solely in connection with the currently pending litigation involving the person named above:

*In Re: ParaGard IUD Products Liability Litigation*
In the United States District Court for the Northern District of Georgia, Atlanta Division
Case No. 1:20-md-02974

   This authorization shall cease to be effective as of the date on which that litigation concludes.

## INFORMATION TO BE RELEASED OR INSPECTED:

 __X__    Entire Chart/record, including, but not limited to, all of the following:

| | | |
|---|---|---|
| ✓ Immunizations<br>✓ Discharge Summary<br>✓ History & Physical<br>✓ Consultations<br>✓ Operative Reports<br>✓ Emergency Room Reports<br>✓ Pharmacy/prescription records<br>✓ Emergency transport reports | ✓ X-ray and other radiologic reports/films/images<br>✓ Laboratory reports<br>✓ EEGs, ECGs or other electronic tests<br>✓ Nursing notes<br>✓ Doctor's Orders & Progress Notes<br>✓ Copies of Reports Originating from other Providers | ✓ PT, OT and/or Speech Therapy Notes<br>✓ Rehab Clinic Reports<br>✓ Occupational Health Clinic Records<br>✓ Worker's Compensation<br>✓ Billing and Patient Accounts records<br>✓ Social Services reports and/or evaluations |
| ☐ Other: _____ | | |

I understand that the health information being used/disclosed may include information relating to the diagnosis and treatment of Human Immunodeficiency Virus (HIV), Acquired Immune Deficiency Syndrome (AIDS), and sexually transmitted disease.

I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition(s) of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition(s) the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation, and that such re-disclosure by the recipient will make this information no longer protected by the federal privacy regulations promulgated pursuant to the Health Insurance Portability and Accountability Act (HIPAA).

Any photostatic copy of this document shall have the same authority as the original, and may be substituted in its place. Copies of these materials are to be provided at the expense of the firm(s) listed above.

Dated this _____ day of _____, _____


_____

[Plaintiff Name]

# Exhibit A-2

**AUTHORIZATION FOR RELEASE OF PSYCHOLOGICAL/PSYCHIATRIC RECORDS
PURSUANT TO 45 C.F.R. § 164.508 (HIPAA)**

Patient Name:  _____

Date of Birth:  _____

Social Security Number:  xxx-xx-_____

     I hereby authorize:   [Name of Physician, Healthcare Provider, or Facility]

to release all existing records and information regarding the above-named person's psychological or psychiatric care, treatment, condition(s) and/or expenses revealed by observation or treatment past, present and future to the below recipient(s):

**Ontellus   910 Louisiana, Suite 4500   Houston, TX  77002**

     These records shall be used solely in connection with the currently pending litigation involving the person named above:

     *In Re: ParaGard IUD Products Liability Litigation*
     In the United States District Court for the Northern District of Georgia, Atlanta Division
     Case No. 1:20-md-02974

This authorization shall cease to be effective as of the date on which that litigation concludes.

     I understand that this authorization includes information regarding the diagnosis and treatment of psychiatric and psychological disorders, and that the health information being used/disclosed may include information relating to the diagnosis and treatment of Human Immunodeficiency Virus (HIV), Acquired Immune Deficiency Syndrome (AIDS), sexually transmitted disease and drug and alcohol disorders.

     I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition(s) of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition(s) the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation, and that such re-disclosure by the recipient will make this information no longer protected by the federal privacy regulations promulgated pursuant to the Health Insurance Portability and Accountability Act (HIPAA).

Any photostatic copy of this document shall have the same authority as the original, and may be substituted in its place. Copies of these materials are to be provided at the expense of the firm(s) listed above.

Dated this _____ day of _____, 2015

_____
[Plaintiff Name]

3

# Exhibit A-3

## **AUTHORIZATION TO RELEASE EMPLOYMENT INFORMATION**

To:      [Name of Employer]


This will authorize you to permit **Ontellus, 910 Louisiana, Suite 4500, Houston, TX  77002**, to inspect and copy, or be furnished with, copies of all applications for employment, resumes, records of all positions held, job descriptions of positions held, salary and/or compensation records, performance evaluations and reports, statements and comments of fellow employees, attendance records, W-2's, workers' compensation files; all hospital, physician, clinic, infirmary, nurse, psychiatric and dental records; x-rays, test results, physical examination records; any records pertaining to claims made relating to health, disability or accidents in which [Name of Employee/Plaintiff]**,** was involved including correspondence, reports, claim forms, questionnaires, records of payments made to him or on her behalf; and any other records relating to [Name of Employee/Plaintiff] employment.

A photocopy of this authorization shall have the same force and effect as an original authorization executed by me.  This authorization shall remain in full force and effect until you have been advised by me, in writing that it is no longer to be effective.


_____          _____
Date                                                             [Name of Employee/Plaintiff]



DOB:  _____

SSN:  _____

# Exhibit A-4

Form **4506**

(Novmeber 2021)

Department of the Treasury
Internal Revenue Service

# Request for Copy of Tax Return

▶ Do not sign this form unless all applicable lines have been completed.

▶ Request may be rejected if the form is incomplete or illegible.

▶ For more information about Form 4506, visit *www.irs.gov/form4506.*

OMB No. 1545-0429

**Tip: Get faster service:** Online at www.irs.gov, **Get Your Tax Record** (Get Transcript) or by calling **1-800-908-9946** for specialized assistance. We have teams available to assist. **Note:** Taxpayers may register to use <u>Get Transcript</u> to view, print, or download the following transcript types: **Tax Return Transcript** (shows most line items including Adjusted Gross Income (AGI) from your original Form 1040-series tax return as filed, along with any forms and schedules), **Tax Account Transcript** (shows basic data such as return type, marital status, AGI, taxable income and all payment types), **Record of Account Transcript** (combines the tax return and tax account transcripts into one complete transcript), **Wage and Income Transcript** (shows data from information returns we receive such as Forms W-2, 1099, 1098 and Form 5498), and **Verification of Non-filing Letter** (provides proof that the IRS has no record of a filed Form 1040-series tax return for the year you request).

| **1a** Name shown on tax return. If a joint return, enter the name shown first. | **1b** First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions) |
|---|---|
| **2a** If a joint return, enter spouse's name shown on tax return. | **2b** Second social security number or individual taxpayer identification number if joint tax return |

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions)

**4** Previous address shown on the last return filed if different from line 3 (see instructions)

**5** If the tax return is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

<u>Ontellus 910 Louisiana, Suite 4500, Houston, TX 77002</u>

**Caution:** If the tax return is being sent to the third party, ensure that lines 5 through 7 are completed before signing. (see instructions).

**6** **Tax return requested.** Form 1040, 1120, 941, etc. and all attachments as originally submitted to the IRS, including Form(s) W-2, schedules, or amended returns. Copies of Forms 1040, 1040A, and 1040EZ are generally available for 7 years from filing before they are destroyed by law. Other returns may be available for a longer period of time. Enter only one return number. If you need more than one type of return, you must complete another Form 4506. ▶ _____

**Note:** If the copies must be certified for court or administrative proceedings, check here . . . . . . . . . . . ☐

**7** **Year or period requested.** Enter the ending date of the tax year or period using the mm/dd/yyyy format (see instructions).

____/____/_____    ____/____/_____    ____/____/_____    ____/____/_____

____/____/_____    ____/____/_____    ____/____/_____    ____/____/_____

**8** **Fee.** There is a $43 fee for each return requested. **Full payment must be included with your request or it will be rejected. Make your check or money order payable to "United States Treasury." Enter your SSN, ITIN, or EIN and "Form 4506 request" on your check or money order.**

| | |---|
| **a** Cost for each return . . . | $      43.00 |
| **b** Number of returns requested on line 7 . . . | |
| **c** Total cost. Multiply line 8a by line 8b | $ |

**9** If we cannot find the tax return, we will refund the fee. If the refund should go to the third party listed on line 5, check here . . . . . ☐

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, 1 percent or more shareholder, partner, managing member, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer. **Note:** This form must be received by IRS within 120 days of the signature date.

☐ **Signatory attests that he/she has read the attestation clause and upon so reading declares that he/she has the authority to sign the Form 4506. See instructions.**

Phone number of taxpayer on line 1a or 2a

**Sign Here**

| Signature (see instructions) | Date |
|---|---|
| Print/Type name | Title (if line 1a above is a corporation, partnership, estate, or trust) |
| Spouse's signature | Date |
| Print/Type name | |

For Privacy Act and Paperwork Reduction Act Notice, see page 2.     Cat. No. 41721E     Form **4506** (Rev. 11-2021)

Form 4506 (Rev. 11-2021)                                                                                                Page **2**

Section references are to the Internal Revenue Code unless otherwise noted.

## Future Developments

For the latest information about Form 4506 and its instructions, go to *www.irs.gov/form4506.*

## General Instructions

**Caution:** Do not sign this form unless all applicable lines, *including lines 5 through 7,* have been completed.

**Designated Recipient Notification.** Internal Revenue Code, Section 6103(c), limits disclosure and use of return information received pursuant to the taxpayer's consent and holds the recipient subject to penalties for any unauthorized access, other use, or redisclosure without the taxpayer's express permission or request.

**Taxpayer Notification.** Internal Revenue Code, Section 6103(c), limits disclosure and use of return information provided pursuant to your consent and holds the recipient subject to penalties, brought by private right of action, for any unauthorized access, other use, or redisclosure without your express permission or request.

**Purpose of form.** Use Form 4506 to request a copy of your tax return. You can also designate (on line 5) a third party to receive the tax return.

**How long will it take?** It may take up to 75 calendar days for us to process your request.

**Where to file.** Attach payment and mail Form 4506 to the address below for the state you lived in, or the state your business was in, when that return was filed. There are two address charts: one for individual returns (Form 1040 series) and one for all other returns.

If you are requesting a return for more than one year or period and the chart below shows two different addresses, send your request based on the address of your most recent return.

## Chart for individual returns (Form 1040 series)

| If you filed an individual return and lived in: | Mail to: |
|---|---|
| Florida, Louisiana, Mississippi, Texas, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team Stop 6716 AUSC Austin, TX 73301 |
| Alabama, Arkansas, Delaware, Georgia, Illinois, Indiana, Iowa, Kentucky, Maine, Massachusetts, Minnesota, Missouri, New Hampshire, New Jersey, New York, North Carolina, Oklahoma, South Carolina, Tennessee, Vermont, Virginia, Wisconsin | Internal Revenue Service RAIVS Team Stop 6705 S-2 Kansas City, MO 64999 |
| Alaska, Arizona, California, Colorado, Connecticut, District of Columbia, Hawaii, Idaho, Kansas, Maryland, Michigan, Montana, Nebraska, Nevada, New Mexico, North Dakota, Ohio, Oregon, Pennsylvania, Rhode Island, South Dakota, Utah, Washington, West Virginia, Wyoming | Internal Revenue Service RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 |

## Chart for all other returns

| For returns not in Form 1040 series, if the address on the return was in: | Mail to: |
|---|---|
| Connecticut, Delaware, District of Columbia, Georgia, Illinois, Indiana, Kentucky, Maine, Maryland, Massachusetts, Michigan, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Vermont, Virginia, West Virginia, Wisconsin | Internal Revenue Service RAIVS Team Stop 6705 S-2 Kansas City, MO 64999 |
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Florida, Hawaii, Idaho, Iowa, Kansas, Louisiana, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Texas, Utah, Washington, Wyoming, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 |

## Specific Instructions

**Line 1b.** Enter the social security number (SSN) or individual taxpayer identification number (ITIN) for the individual listed on line 1a, or enter the employer identification number (EIN) for the business listed on line 1a. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Line 3.** Enter your current address. If you use a P.O. box, please include it on this line 3.

**Line 4.** Enter the address shown on the last return filed if different from the address entered on line 3.

**Note**. If the addresses on lines 3 and 4 are different and you have not changed your address with the IRS, file Form 8822, Change of Address, or Form 8822-B,Change of Address or Responsible Party — Business, with Form 4506.

**Line 7.** Enter the end date of the tax year or period requested in mm/dd/yyyy format. This may be a calendar year, fiscal year or quarter. Enter each quarter requested for quarterly returns. Example: Enter 12/31/2018 for a calendar year 2018 Form 1040 return, or 03/31/2017 for a first quarter Form 941 return.

**Signature and date.** Form 4506 must be signed and dated by the taxpayer listed on line 1a or 2a. The IRS must receive Form 4506 within 120 days of the date signed by the taxpayer or it will be rejected. Ensure that all applicable lines, *including lines 5 through 7,* are completed before signing.

 *You must check the box in the signature area to acknowledge you have the authority to sign and request the information. The form will not be processed and returned to you if the box is unchecked.*

**Individuals.** Copies of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506 exactly as your name appeared on the original return. If you changed your name, also sign your current name.

**Corporations.** Generally, Form 4506 can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer. A bona fide shareholder of record owning 1 percent or more of the outstanding stock of the corporation may submit a Form 4506 but must provide documentation to support the requester's right to receive the information.

**Partnerships.** Generally, Form 4506 can be signed by any person who was a member of the partnership during any part of the tax period requested on line 7.

**All others.** See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Note:** If you are Heir at law, Next of kin, or Beneficiary you must be able to establish a material interest in the estate or trust.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the letters testamentary authorizing an individual to act for an estate.

**Signature by a representative.** A representative can sign Form 4506 for a taxpayer only if this authority has been specifically delegated to the representative on Form 2848, line 5a. Form 2848 showing the delegation must be attached to Form 4506.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested return(s) under the Internal Revenue Code. We need this information to properly identify the return(s) and respond to your request. If you request a copy of a tax return, sections 6103 and 6109 require you to provide this information, including your SSN or EIN, to process your request. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506 will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form,** 10 min.; **Preparing the form,** 16 min.; and **Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506 simpler, we would be happy to hear from you. You can write to:

Internal Revenue Service
Tax Forms and Publications Division
1111 Constitution Ave. NW, IR-6526
Washington, DC 20224.

Do not send the form to this address. Instead, see *Where to file* on this page.

# Exhibit A-5

## AUTHORIZATION FOR RELEASE OF INSURANCE RECORDS

To:     [Name of Insurance Company]


     This will authorize you to permit **Ontellus, 910 Louisiana, Suite 4500, Houston, TX 77002**, to inspect and copy, or be furnished with, copies of all insurance records of any sort, including but not limited to, statements, applications, explanation of benefits, disclosures, correspondence, notes, settlements, agreements, contracts, or other documents, concerning [Name of Insured/Plaintiff].

     A photocopy of this authorization shall have the same force and effect as an original authorization executed by me.  This authorization shall remain in full force and effect until you have been advised by me, in writing, that it is no longer to be effective.


_____
Date

_____
[Name of Insured/Plaintiff]


DOB: _____

SSN: xxx-xx-_____

# Exhibit A-6



**Medicare**

Beneficiary Services:1-800-MEDICARE (1-800-633-4227)
TTY/TDD:1-877-486-2048

This form is used to advise Medicare of the person or persons you have chosen to have access to your personal health information.

**For faster processing, you may complete your Authorization form online by logging into www.MyMedicare.gov with valid credentials where Authorized Representatives can be added or updated under 'My Accounts'.**

**Where to Return Your Completed Authorization Forms:**
After you complete and sign the authorization form, return it to the address below:

**Medicare BCC, Written Authorization Dept.**
**PO Box 1270**
**Lawrence, KS 66044**

**For New York Medicare Beneficiaries ONLY**
The New York State Public Health Law protects information that reasonably could identify someone as having HIV symptoms or infection, and information regarding a person's contacts.  Because of New York's laws protecting the privacy of information related to alcohol and drug abuse, mental health treatment, and HIV, there are special instructions for how you, as a New York resident, should complete this form.

- For question 2A, check the box for *Limited Information*, even if you want to authorize Medicare to release any and all of your personal health information.

- **Then proceed to question 2B.** You may also check any of the remaining boxes and include any additional limitations in the space provided. For example, you could write "payment information".

**Instructions for Completing Section 2C of the Authorization Form:**
*Please select one of the following options.*

- **Option 1** To **include** all information, check the box: "All information, including information about alcohol and drug abuse, mental health treatment, and HIV". Proceed with the rest of the form.

- **Option 2** To **exclude** the information listed above, check the box "Exclude information about alcohol and drug abuse, mental health treatment, and HIV". Then proceed with the rest of the form.

If you have any questions or need additional assistance, please feel free to call us at 1-800-MEDICARE (1-800-633-4227). TTY users should call 1-877-486-2048.

Sincerely,


1-800-MEDICARE
Customer Service Representative


Encl.

Department of Health and Human Services
Centers for Medicare & Medicaid Services

Form Approved
OMB No. 0938-0930

**Information to Help You Fill Out the**
**"1-800-MEDICARE Authorization to Disclose Personal Health Information" Form**

By law, Medicare must have your written permission (an "authorization") to use or give out your personal medical information for any purpose that isn't set out in the privacy notice contained in the Medicare & You handbook. You may take back ("revoke") your written permission at any time, except if Medicare has already acted based on your permission.

If you want 1-800-MEDICARE to give your personal health information to someone other than you, you need to let Medicare know in writing.

If you are requesting personal health information for a deceased beneficiary, please include a copy of the legal documentation which indicates your authority to make a request for information. (For example: Executor/Executrix papers, next of kin attested by court documents with a court stamp and a judge's signature, a Letter of Testamentary or Administration with a court stamp and judge's signature, or personal representative papers with a court stamp and judge's signature.) Also, please explain your relationship to the beneficiary.

Please use this step by step instruction sheet when completing your "1-800-MEDICARE Authorization to Disclose Personal Health Information" Form. Be sure to complete all sections of the form to ensure timely processing.

1. Print the name of the person with Medicare.

   Print the Medicare number exactly as it is shown on the red, white, and blue Medicare card, including any letters.

   Print the birthday in month, day, and year (mm/dd/yyyy) of the person with Medicare.

2. This section tells Medicare what personal health information to give out. Please check a box in 2A to indicate how much information Medicare can disclose. If you only want Medicare to give out limited information (for example, Medicare eligibility), also check the box(es) in 2B that apply to the type of information you want Medicare to give out. Box 2C must be completed by **New York Residents**.

3. This section tells Medicare when to start and/or when to stop giving out your personal health information. Check the box that applies and fill in dates, if necessary.

4. This section tells Medicare the reason for disclosure.

5. Medicare will give your personal health information to the person(s) or organization(s) you fill in here. You may fill in more than one person or organization.

If you designate an organization, you must also identify one or more individuals in that organization to whom Medicare may disclose your personal health information.

6.  The person with Medicare or personal representative must sign their name, fill in the date, and provide the phone number and address of the person with Medicare.

    If you are a personal representative of the person with Medicare, check the box, provide your address and phone number, and attach a copy of the paperwork that shows you can act for that person (for example, Power of Attorney).

7.  Send your completed, signed authorization to Medicare at the address shown here on your authorization form.

8.  If you change your mind and don't want Medicare to give out your personal health information, write to the address shown under number six on the authorization form and tell Medicare. Your letter will revoke your authorization and Medicare will no longer give out your personal health information (except for the personal health information Medicare has already given out based on your permission).

You should make a copy of your signed authorization for your records before mailing it to Medicare.

Department of Health and Human Services
Centers for Medicare & Medicaid Services

Form Approved
OMB No. 0938-0930

## 1-800-MEDICARE Authorization to Disclose Personal Health Information

Use this form if you want 1-800-MEDICARE to give your personal health information to someone other than you.

1. _____  _____  _____

   **Print Name**                          **Medicare Number**              **Date of Birth**
   (First and last name of the person with Medicare)   (Exactly as shown on the Medicare Card)   (mm/dd/yyyy)

2.  Medicare will only disclose the personal health information you want disclosed.

   **2A: Check only <u>one</u> box below to tell Medicare the specific personal health information you want disclosed:**

   ☐  Limited Information (go to question 2b)

   ☐  Any Information (go to question 3)

   **2B: Complete <u>only</u> if you selected "limited information". Check all that apply:**

   ☐  Information about your Medicare eligibility

   ☐  Information about your Medicare claims

   ☐  Information about plan enrollment (e.g. drug or MA Plan)

   ☐  Information about premium payments

   ☐  Other Specific Information (please write below; for example, payment information)
      _____
      _____

   **2C: NY Residents Only**, this section must be completed.
   Please select one of the following options: (Please check only one box.)

   ☐  Include all information. This includes information about alcohol and drug abuse, mental health treatment, and HIV.

   OR

   ☐  Exclude information about alcohol and drug abuse, mental health treatment, and HIV.

Form CMS-10106 (Rev 09/17)

3. **Check only one box below indicating how long Medicare can use this authorization to disclose your personal health information** (subject to applicable law—for example, your State may limit how long Medicare may give out your personal health information):

☐ Disclose my personal health information indefinitely

☐ Disclose my personal health information for a specified period only

beginning: _____(mm/dd/yyyy) and ending: _____(mm/dd/yyyy)

4. **Fill in the reason for the disclosure (you may write "at my request"):**

_____

_____

5. **Fill in the name and address of the person or organization to whom you want Medicare to disclose your personal health information. Please provide the specific name of the person for any organization you list below. If you would like to authorize any additional individuals or organizations, please add those to the back of this form.**

Name      **Ontellus**_____

Address   **910 Louisiana, Suite 4500   Houston, TX  77002**_____

Name      _____

Address   _____

**Note: You have the right to take back ("revoke") your authorization at any time, in writing, except to the extent that Medicare has already acted based on your permission. To revoke authorization, send a written request to the address noted below.** Your authorization or refusal to authorize disclosure of your personal health information will have no effect on your enrollment, eligibility for benefits, or the amount Medicare pays for the health services you receive.

6.

**I authorize 1-800-MEDICARE to disclose my personal health information listed above to the person(s) or organization(s) I have named on this form. I understand that my personal health information may be re-disclosed by the person(s) or organization(s) and may no longer be protected by law.**

_____    _____    _____
Signature                                Telephone Number                    Date (mm/dd/yyyy)

**Print the address of the person with Medicare (Street Address, City, State, and ZIP)**

_____

_____

☐ Check here if you are signing as a personal representative and complete below.
Please attach the appropriate documentation (for example, Power of Attorney). This <u>only</u> applies if someone other than the person with Medicare signed above.

**Print the Personal Representative's Address (Street Address, City, State, and ZIP)**

_____

_____

Telephone Number of Personal Representative:    _____

Personal Representative's Relationship to the Beneficiary:    _____

Form Approved
OMB No. 0938-0930

7. **Send the completed, signed authorization to**:

Medicare BCC, Written Authorization Dept.
PO Box 1270
Lawrence, KS 66044

Print Form

**Note:** You have the right to take back ("revoke") your authorization at any time, in writing, except to the extent that Medicare has already acted based on your permission. If you would like to revoke authorization, send a written request to the address noted above.

Your authorization or refusal to authorize disclosure of your personal health information will have no effect on your enrollment, eligibility for benefits, or the amount Medicare pays for the health services you receive.

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0938-0930. The time required to complete this information collection is estimated to average 15 minutes per response, including the time to review instructions, search existing data resources, gather the data needed, and complete and review the information collection. If you have comments concerning the accuracy of the time estimate(s) or suggestions for improving this form, please write to: CMS, 7500 Security Boulevard, Attn: PRA Reports Clearance Officer, Mail Stop C4-26-05, Baltimore, Maryland 21244-1850.

Form CMS-10106 (Rev 09/17)

# Placeholder for Individual State's Medicaid Authorization Form

# Exhibit A-7

## AUTHORIZATION FOR THE RELEASE OF WORKERS'
## COMPENSATION RECORDS

Name: _____

DOB: _____

SSN:  xxx-xx-_____

I do hereby authorize [Name of Workers' Compensation Department], to release to

 **Ontellus**_____
                       (Person or entity to whom records may be released)

and deliver, by mail or otherwise, to that person or entity at the following address:

   **910 Louisiana, Suite 4500**_____
(Street Address)
   **Houston**_____
(City)
   **Texas  77002**_____
(State, Zip Code)

any and all records, documents and information in the Department's possession
pertaining to any workers' compensation matter or matters involving me.  These
records, documents, and information may include, but are not limited to, first and
subsequent reports of injury, claim file material including medical records and
reports, settlement agreements, and awards.  By affixing my signature below, I
affirmatively consent to the release and disclosure of any and all such records and
documents, and all information contained therein.  I further affirmatively state I
understand and acknowledge that by authorizing the release and delivery of this
material I am waiving any right to claim the material to be released is exempt from
disclosure.


_____          _____
Date                                                    [Name of Plaintiff]

# Exhibit A-8

## AUTHORIZATION FOR THE RELEASE OF DISABILITY
## CLAIMS RECORDS

Name: _____

DOB: _____

SSN:  xxx-xx-_____

I do hereby authorize [Name of Disability Department], to release to

 **Ontellus**_____
                (Person or entity to whom records may be released)

and deliver, by mail or otherwise, to that person or entity at the following address:

 **910 Louisiana, Suite 4500**_____
(Street Address)
 **Houston**_____
(City)
 **Texas  77002**_____
(State, Zip Code)

any and all records of disability claims of any sort for any disability claim(s) filed, including, but not limited to, statements, applications, disclosures, correspondence, notes, settlements, agreements, contracts or other documents concerning the above-named individual. By affixing my signature below, I affirmatively consent to the release and disclosure of any and all such records and documents, and all information contained therein.  I further affirmatively state I understand and acknowledge that by authorizing the release and delivery of this material I am waiving any right to claim the material to be released is exempt from disclosure.

This authorization shall be considered as continuing in nature and is to be given full force and effect to release information of any of the foregoing learned or determined after the date hereof. It is expressly understood by the undersigned that you are authorized to accept a copy or photocopy of this authorization with the same validity as though the original had been presented to you.


_____          _____
Date                             [Name of Claimant/Plaintiff]