IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: PARAGARD IUD PRODUCTS LIABILITY LITIGATION | MDL NO. 2974 |
| THIS DOCUMENT RELATES TO: *All Cases Listed on Exhibit A* | Case No. 1:20-md-02974-LMM |

**DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE**

This is being submitted in response to the Court's Show Cause Order ("Order") [ECF No. 517] entered on June 15, 2023. In the Order, the Court instructed 132 Plaintiffs[1] to submit a written submission by June 29, 2023, to explain why their cases should not be dismissed with prejudice for failure to comply with the Court's PFS Case Management Orders. Defendants have grouped those cases into six categories[2] as noted below and will address each in turn:

(1) cases where Plaintiffs failed to respond to the Court's Order;

(2) cases where Plaintiffs agreed dismissals are warranted;

(3) cases where Plaintiffs agreed dismissals are warranted and deficiencies will never be cured, but do not agree to dismissals with prejudice;

---

[1] These Plaintiffs were identified in **Exhibit 1** to the Court's Show Cause Order.

[2] A list of these Plaintiffs, separated by categories, is attached to this response as "**Exhibit A**."

1

(4) cases where Plaintiffs' counsel have lost contact with Plaintiffs and agreed they failed to comply with the Court's PFS Case Management Orders;

(5) cases where Plaintiffs' counsel have lost contact with Plaintiffs, but seek another extension to serve a PFS; and

(6) cases where Plaintiffs submitted their PFS after entry of the Court's Order.

**1.    CASES WHERE PLAINTIFFS FAILED TO RESPOND TO THE COURT'S ORDER.**[3]

In the Order, Plaintiffs were advised that failure to comply with the Order could result in a dismissal with prejudice. [ECF No. 517.] Yet, 81 Plaintiffs failed to respond to the Order. Those cases should be dismissed with prejudice.

**2.    CASES WHERE PLAINTIFFS AGREE DISMISSALS ARE WARRANTED.**[4]

Two Plaintiffs do not contest the dismissal of their lawsuits. Those two cases should be dismissed with prejudice.

---

[3] A list of the Plaintiffs who failed to provide a response to the Order is attached to this response under Exhibit A, Category 1.
[4] A list of the Plaintiffs who agree dismissals are warranted is attached to this response under Exhibit A, Category 2.

3. **CASES WHERE PLAINTIFFS AGREE DISMISSALS ARE WARRANTED AND DEFICIENCIES WILL NEVER BE CURED, BUT DO NOT AGREE TO DISMISSALS WITH PREJUDICE.** [5]

Four Plaintiffs agree dismissals are warranted because they do "not anticipate ever being able to cure" their PFS delinquency, but do not agree to dismissals with prejudice. Defendants disagree. In their responses, these Plaintiffs acknowledged that they have failed to comply with this Court's PFS Case Management Orders, have not served PFSs, and have affirmatively stated they have no expectation of ever being able to meet the discovery requirements in this MDL. Despite their willful disregard of the Court's Case Management Orders, Plaintiffs have provided no reason as to why their cases should not be dismissed with prejudice. To the contrary, dismissals with prejudice are proper in these cases where Plaintiffs willfully failed to prosecute their cases and disregarded the Court's orders. For these reasons, Defendants ask that these cases be dismissed with prejudice. *See, e.g., Calloway v. Perdue Farms, Inc.*, 313 Fed. Appx. 246 (11th Cir. 2009) (affirming dismissal with prejudice where pro se plaintiff repeatedly failed to submit discovery, respond to defendant's motion to dismiss for lack of prosecution, or comply with court's show cause orders); *Shortz v. City of Tuskegee, Ala.*, 352 Fed. Appx. 355 (11th Cir. 2009)

---

[5] A list of the Plaintiffs who agree dismissals are warranted and deficiencies can never be cured, but do not agree to a dismissal with prejudice is attached to this response under Exhibit A, Category 3.

3

(upholding dismissal with prejudice based on plaintiff's failure to adequately respond to defendant's discovery requests, despite orders compelling him to do so); *Carter v. J.A. Logistics, Inc.*, No. 2:15-cv-299-WKW-SRW, 2016 U.S. Dist. LEXIS 57258, at *13 (M.D. Ala. Apr. 8, 2016) (complaint dismissed with prejudice for plaintiffs' failure to prosecute and comply with the court's orders).

**4.     CASES WHERE PLAINTIFFS' COUNSEL HAS LOST CONTACT WITH PLAINTIFFS AND AGREE PLAINTIFFS FAILED TO COMPLY WITH THE COURT'S PFS CASE MANAGEMENT ORDERS.** [6]

Plaintiffs' counsel for twenty-six Plaintiffs acknowledged their failure to serve Plaintiff Fact Sheets and confirmed that Plaintiffs' counsel has lost contact with those Plaintiffs. Plaintiffs' failure to comply with this Court's case management orders and failure to communicate with their counsel demonstrate a lack of intent to prosecute their lawsuits. Plaintiffs' inaction and dilatory conduct hinders the Defendants ability to conduct necessary discovery and warrants dismissal with prejudice under Fed. Rules Civ. Pro. 41(b).

---

[6] A list of the Plaintiffs who Plaintiffs' Counsel has lost contact with and agreed they failed to comply with the court's case management orders is listed under Exhibit A, Category 4.

### 5.    <u>CASES WHERE PLAINTIFFS' COUNSEL HAS LOST CONTACT WITH PLAINTIFFS, BUT SEEK ANOTHER EXTENSION TO SERVE PFS.</u>[7]

Plaintiffs' counsel for ten Plaintiffs acknowledge they have lost contact with Plaintiffs, but seek yet another extension to serve Plaintiff Fact Sheets. Defendants oppose Plaintiffs' request for another extension and request these cases be dismissed with prejudice. Plaintiff Fact Sheets for these cases originally were due on November 4, 2022 or, at the latest, on December 5, 2022, after any extensions. Notices of Delinquency were sent to all such Plaintiffs advising them of the delinquency and that such delinquency might result in dismissal of their cases. From December 5, 2022, through June 15, 2023, the date this Court entered the Order, an additional ***192 days*** or ***over 6 months*** passed without any established contact with these Plaintiffs; nor did these Plaintiffs serve Plaintiff Fact Sheets or, apparently, respond to any communications from their respective counsel. These Plaintiffs, who have demonstrated no interest in the prosecution of their cases, should not be allowed yet another extension. Dismissal is warranted both because of their blatant disregard of the Court's orders and because Defendants may be prejudiced if pertinent records are destroyed under a custodian's destruction policy, thus impeding Defendants'

---

[7] A list of the Plaintiffs who Plaintiffs' Counsel has lost contact, but seek an extension to serve PFS is attached to this response under Exhibit A, Category 5.

ability to present an adequate defense. For these reasons, Plaintiffs' request for an extension should be denied and their cases should be dismissed with prejudice.

**6.  CASES WHERE PLAINTIFFS SUBMITTED THEIR PFS AFTER ENTRY OF THE COURT'S ORDER.** [8]

The remaining nine Plaintiffs submitted their Plaintiff Fact Sheets after the Court's entry of the Order, and Defendants have confirmed the same. Defendants take no position on Plaintiffs' request to not dismiss their cases, and leave the matter to this Court's discretion on whether Plaintiffs' actions are sufficient to avoid dismissal. Defendants reserve the right to raise any potential prejudice related to Plaintiffs' late service of their Plaintiff Fact Sheets.

DATED:  July 7, 2023.                     Respectfully submitted,

/s/Allison Ng
Allison Ng
Lori G. Cohen
Greenberg Traurig, LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone: 678.553.2385
CohenL@gtlaw.com
nga@gtlaw.com

*Attorney for Defendants*

---

[8] A list of the Plaintiffs submitted their PFS after entry of the Order is attached to this response under Exhibit A, Category 6.

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing document has been electronically filed with the Clerk of Court on this day using the CM/ECF system upon counsel of record for all parties.

This 7th day of July 2023.

Respectfully submitted,

*/s/Allison Ng*
Allison Ng
