# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD IUD PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL DOCKET NO. 2974<br><br>(1:20-md-02974-LMM)<br>This Document Relates to All Cases |

## FOURTH AMENDED CASE MANAGEMENT ORDER REGARDING PLAINTIFF FACT SHEETS AND PFS DOCUMENT PRODUCTION

The Court hereby issues this Case Management Order to govern the form, procedure, and schedule for the completion and service of Plaintiff Fact Sheets ("PFS"), and other documents referenced therein, and the process for addressing deficient and delinquent PFSs. The form PFS is attached hereto as Exhibit A, with exhibits thereto attached as Exhibits A-1 through A-8.

### I. PLAINTIFF FACT SHEET

### A. SCOPE

This Order applies to all Plaintiffs and their counsel in: (a) all actions transferred to *In re Paragard IUD Product Liability Litigation* ("MDL No. 2974") by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to its Order of December 16, 2020 [Doc. No. 60]; (b) all related actions originally filed in or removed to this Court; (c) any "tag-along" actions transferred to this Court by the JPML pursuant to Rules 6.2 and 7.1 of the Rules of Procedure of the JPML; and all actions directly filed into MDL No. 2974 pursuant to the Case Management Order Regarding Direct Filing [Doc. No. 129] (collectively, "Member Actions"). The questions in the PFS and the

1

corresponding document requests shall be answered and responded to without objection.

**B.    DEADLINES AND SERVICE OF A PFS AND RELATED MATERIALS**

1. <u>Cases Currently Pending in MDL No. 2974</u>. Each Plaintiff in a Member Action pending in MDL No. 2974 on:

(a) July 7, 2022[1] shall have one hundred twenty (120) days from July 7, 2022 or until November 4, 2022 to serve a fully executed and complete PFS (as defined in Sections C.2 and C.3 below) and duly executed authorizations, with the relevant documentation, as set forth in Section F below; and[2]

(b) November 10, 2022[3] and not otherwise subject to Section B.1(a) above, shall have one hundred twenty (120) days from November 10, 2022 or until March 10, 2023 to serve a fully executed and complete PFS (as defined in Sections C.2 and C.3 below) and duly executed authorizations, with the relevant documentation, as set forth in Section F below.

---

[1] The date of entry of the initial Case Management Order Regarding Plaintiff Fact Sheets and PFS Document Production.

[2] To the extent applicable, each Plaintiff in a Member Action pending in MDL No. 2974 as of July 7, 2022, has 30 additional days from the date of this order to serve an executed Medicaid authorization pursuant to Section F(6) of this order. The relevant Medicaid authorization(s) are now attached to this order as Ex. A-6.

[3] The date of entry the First Amended Case Management Order Regarding Plaintiff Fact Sheets and PFS Document Production,

(c) Nothing in this Order shall affect the plaintiffs included on the joint list submitted to the Court on February 24, 2023.

2. <u>Cases Transferred by the JPML to MDL No. 2974 after the Entry of this Order</u>. Each Plaintiff in a Member Action not pending in MDL No. 2974 on the date of entry of this Order, but which thereafter is transferred by the JPML to MDL No. 2974, shall have one hundred twenty (120) days from the date his/her individual action is docketed in MDL No. 2974 to serve a fully executed and complete PFS (as defined in Sections C.2 and C.3 below), and duly executed authorizations with the relevant documentation attached, as set forth in Section F below.

3. <u>Cases Directly Filed in MDL No. 2974</u>. Each Plaintiff in a Member Action not pending in MDL No. 2974 on the date of entry of this Order, but which thereafter is directly filed in MDL No. 2974 pursuant to the Case Management Order Regarding Direct Filing [Doc. No. 129], shall have one hundred twenty days (120) from the date his/her individual complaint is filed in MDL No. 2974 to serve a fully executed and complete PFS (as defined in Sections C.2 and C.3 below), and duly executed authorizations with the relevant documentation attached, as set forth in Section F below.

4. <u>Transmission of PFS and Other Documents to Defendants</u>. Plaintiffs shall complete and serve their PFS and documents responsive to the requests for production of documents set forth therein upon Defendants by uploading

their PFS and documents responsive to the request for production of documents to Plaintiffs' vendor, Postlethwaite & Netterville ("P&N"). Plaintiffs' submission of a PFS to the P&N portal along with an e-mail notification sent to Defendants[4] automatically by the P&N portal and/or separately by the individual Plaintiff's counsel will effectuate service upon Defendants and the date of submission to the P&N portal will be deemed the effective date of service (PFS Date Submitted).[5] In the event of portal failure or technical issue, Defendants will notify the Plaintiffs' Steering Committee in writing of such. Within 7 days of such notice, the Plaintiffs' Steering Committee will inform P&N and request P&N to upload the submitted and served PFSs via ShareFile to Defendants. It is further ordered that the Plaintiffs' Steering Committee shall have access to all documents uploaded to Plaintiffs' vendor, P&N. All documents shall be produced in accordance with the requirements as set forth in the Case Management Order Regarding Production of Electronically Stored Information and Paper Documents ("ESI Protocol") [Doc. No. 128]. PDFs

---

[4] The following individuals shall be included in the email notifications to Defendants: Christopher D. Morris - Chris.Morris@butlersnow.com; Pamela Lawrence Ferrell - Pamela.Ferrell@butlersnow.com; Tara L. Blake - Tara.Blake@butlersnow.com; Caroline D. Walker - Caroline.Walker@butlersnow.com; Ursula James - Ursula.James@butlersnow.com; Lori Cohen – CohenL@gtlaw.com; Allison Ng – nga@gtlaw.com; Mecca Brewer - brewerm@gtlaw.com; Tiffany Hardin - hardint@gtlaw.com; paragard@mrchouston.com.

[5] Upon the signing of this order, Defendants and their vendor, MRC, will be provided access to the P&N Portal to view and download PFSs and produced documents, run real time reports (Submitted Fact Sheets Report and Fact Sheet Documents Report), and can search the portal by plaintiff name and/or date submitted and served. Individual Plaintiff's counsel and Defendants will receive e-mail notification from the P&N Portal when a PFS is submitted and served.

should be produced as searchable PDFs[6] with each facility's or provider's records contained in a separate PDF. The transfer of documents by Plaintiffs' vendor, P&N, to Defendants' vendor, Medical Research Consultants ("MRC"), in the aforementioned manner shall constitute effective service of the PFS and such records.

      5.   <u>Extensions of PFS Deadlines.</u> A Plaintiff may request one extension not to exceed thirty (30) days to serve a completed PFS, which Defendants shall not unreasonably withhold. Such requests must be made in writing via email to ParagardPFSExtensionRequest@butlersnow.com before the expiration of the deadline. As the deadlines for Plaintiff Fact Sheets have been negotiated between the parties, requests for extension should be the exception, rather than the rule, and such requests should be made in good faith.

    C.    **PFS GENERAL REQUIREMENTS AND EFFECT**

      1.   <u>PFS Form</u>**.** The form PFS that shall be used in MDL No. 2974 and all Member Actions is attached hereto as Exhibit A, with Exhibits A-1 through A-8. The substance of Exhibits A and A-1 through A-8 may not be modified in any respect without the agreement of the Parties and approval of the Court; however, a

---

[6] Endorsement of such records with Bates-numbers is strongly encouraged, in the following format: a combination of an alpha prefix containing Plaintiff's last name first name, and the facility or provider name, along with an 8-digit number and to be numerically sequential for each facility or provider (*e.g.* SmithJane_Memorial_Hospital_00000001).

Plaintiff may attach additional pages to respond to particular questions, if necessary and appropriate.

  2. <u>Items to be provided or produced</u>. Plaintiffs in each Member Action shall provide or produce the following within the deadlines set forth in Section B above: (a) a PFS responding to all questions applicable to the Plaintiff therein; (b) a signed and dated Declaration Page; (c) the requested records and documents in response to the document requests set forth in the PFS as maintained by Plaintiff and his/her counsel (to the extent not subject to privilege and/or work- product protections); (d) duly executed authorizations to obtain discoverable records as described in Section F below, using the form authorizations attached to this Order as exhibits. The agreed manner of service on Defendants is set forth in Section B.4 above.

  3. <u>PFS that is complete</u>. In responding to the PFS, each Plaintiff is required to provide a PFS that is complete. For a PFS to be "complete," the responding Plaintiff must comply in full with Sections C.2(a)-(d) above.

  4. <u>Deficiencies</u>. Those Plaintiffs who serve a PFS, but who do not provide a complete PFS or who provide incomplete or deficient information, shall be governed by Section D below.

5. <u>Delinquencies (i.e., No PFS Served)</u>. Plaintiffs who do not serve a PFS by the deadline set forth in Section B above, including any granted extension, shall be governed by Section E below.

6. Each Plaintiff shall remain under a continuing duty to supplement the information provided in the PFS pursuant to Fed. R. Civ. P. 26(e).

7. Each completed PFS, and the information contained therein, shall be verified, signed and dated by the Plaintiff(s) or the Plaintiff's representative as if they were interrogatory responses under Rule 33 or a response to a Request for Admission under Rule 36. All responses in a PFS or amendment thereto are binding on the individual Plaintiff as if they were contained in answers to interrogatories under Rule 33 or a response to a Request for Admission under Rule 36 and can be used for any purpose and in any manner that answers to interrogatories or responses to a request for admission can be used pursuant to the Federal Rules of Civil Procedure, subject to the confidentiality provisions of Section H below. The requests for production in the PFS shall be treated as document requests under Rule 34.

    **D.    PFS DEFICIENCY PROCESS**

        1.    PFSs Subject to Order to Show Cause Procedure for <u>Incompleteness and/or Certain Deficiencies</u>

            a.    If a Plaintiff fails to sign and date the Declaration page or does not provide duly executed Authorizations by the deadline set forth in Section B

above, that Plaintiff is subject to the Order to Show Cause process in Section D.1(d) below.[7]

      b.      If a Plaintiff provides excessive responses of "I don't know" or "To be determined," or leaves an excessive amount of responses to questions blank, that Plaintiff is subject to the Order to Show Cause process in Section D.1(d) below.

      c.      If a Plaintiff fails to produce responsive documents in her possession or control as identified in her PFS, that Plaintiff is subject to the Order to Show Cause process in Section D.1(d) below.

      d.      If any one or more of the above sections (a) through (c) apply, Defendant's counsel shall notify Plaintiff's attorney of record in writing via email and inform such Plaintiff that she has an additional fifteen (15) days to correct the deficiency(ies). If the deficiency(ies) are not cured in full within the 15 day period, Defendants may include the case on a request to the Court for an Order to Show Cause, which may include a request for dismissal of the case.

      e.      If any one or more of the above sections (a)-(d) apply to a Plaintiff, that Plaintiff may not proceed to any subsequent stages of case-specific

---

[7] To the extent applicable, each Plaintiff in a Member Action pending in MDL No. 2974 as of July 7, 2022, has 30 additional days from the date of this order to serve an executed Medicaid authorization pursuant to Section F(6) of this order and will not be subject to the Show Cause process in Section D.1(d) for not producing an executed Medicaid authorization pursuant to Section F(6).

discovery or be eligible for any further discovery "pools," including, but not limited to potential trial pools.

      2.    <u>Other Deficiencies</u>

          a.    A PFS that contains responses of "I don't know" or "To be determined" or in which responses to questions are left blank, but which do not amount to a good faith determination of "excessive," may still be considered deficient. In such case, Defendants may advise counsel for Plaintiff of those deficiencies, and the parties should meet and confer in good faith regarding supplementation by Plaintiff of the information.

          b.    The parties may agree that certain deficiencies need not be resolved until a later point. The failure to raise a deficiency(ies) does not waive or prejudice a Defendant's right to seek supplementation or provision of the information in response to a deficiency at a later time.

**E.    PFS DELINQUENCY PROCESS (i.e., NO PFS SERVED)**

      1.    If a Plaintiff does not serve an executed PFS within the deadline set forth in Section B above, including any extension granted pursuant to Section B.5 above, Defendant(s) shall send a "Notice of Delinquency" letter via email to that Plaintiff's attorney of record, and the Plaintiff shall have thirty (30) days from the date of the Notice of Delinquency letter to serve an executed, complete PFS.

      2.    If the Plaintiff does not serve an executed, complete PFS by the expiration of the thirty (30) day period provided for in Section E.1 above, Defendants

may include the case on a request to the Court for an Order to Show Cause, which may include a request for dismissal of the case.

3. A Plaintiff who is the subject of a Notice of Delinquency letter may not proceed to any subsequent stages of case-specific discovery or be eligible for any further discovery "pools," including, but not limited to potential trial pools.

4. A Plaintiff who is the subject of a Notice of Delinquency letter under Section E, or who is the subject a Notice of Deficiency letter under of Section D.1 above, is not prohibited from proceeding to any subsequent stages of case- specific discovery or from being eligible for any further discovery "pools," including, but not limited to potential trial pools, if such delinquencies and/or deficiencies are cured as agreed to by the Parties or as determined by the Court, and if such Plaintiff meets all other criteria for inclusion in such subsequent stages of case discovery or pools.

F. **SPECIFIC REQUIREMENTS FOR AUTHORIZATIONS**

1. <u>Execution of Authorizations Generally</u>.[8] Plaintiffs shall sign and date the Authorizations listed below setting forth the identity (name and full address) of the applicable custodian of the records or provider of care for any providers listed in

---

[8] In negotiating the Production of Documents and Things and Document Requests, which begin on page 43 of the Plaintiff Fact Sheet, Defendants agreed to withdraw Request No. 10 in exchange for the agreement of reciprocity. That is, the parties agree, and embody their agreement here, that any discovery request, except for Document Request No. 9, in the PFS containing "to the extent not already produced" or similar language, will be deemed repetitive. In addition, the parties agreed to delete Request No. 11, seeking production from Plaintiffs of the Paragard including any and all pieces, to be addressed in a product inspection protocol to be negotiated later, if necessary.

10

her PFS. Those Authorizations shall be served on Defendants in the manner described in Section B.

        2.      <u>Medical Authorizations</u>. Each individual Plaintiff shall sign and date the "Limited Authorization to Disclose Health Information" attached as Exhibit A-1 for each health care provider or provider of healthcare services set forth in Plaintiff's Fact Sheet (including but not limited to those in sections III (A, D, E); IV (A-C), and V (C-J; L-N, R, and S)) and produce such Authorizations to Defendants by the deadline set forth in Section B above.

        3.      <u>Psychological or Emotional Injury Authorizations</u>. If a Plaintiff is asserting a claim for psychological or emotional injury, such Plaintiff shall provide to Plaintiff's counsel a signed and dated Authorization attached as Exhibit A-2, which Plaintiff or Plaintiff's counsel shall complete with regard to any Health Care Provider who treated Plaintiff for such injury and any Health Care Facility in which the Plaintiff was treated for such injury (including, but not limited to, as set forth in Plaintiff's Fact Sheet, Sections IV C; and V (L-M). Plaintiff's counsel shall provide such Exhibit A-2 Authorizations to Defendants' Counsel within the deadline set forth in Section B above. If a Plaintiff is not asserting a claim for psychological or emotional injury, the Plaintiff does not need to complete the Authorization attached as Exhibit A-2.

11

4. <u>Employment and Tax Authorizations</u>. If a Plaintiff is asserting a claim for lost wages or lost earnings or lost earning capacity, then such Plaintiff shall provide to Plaintiff's counsel a completed, signed and dated Authorization for the release of employment records for any employer listed in Plaintiff's Fact Sheet, in the form attached as Exhibit A-3 and a signed and dated Authorization for the release of tax records, in the form attached as Exhibit A-4. Plaintiff's counsel shall provide Exhibit A-3 and A-4 Authorizations to Defendants' Counsel within the deadline set forth in Section B above. If a Plaintiff is not asserting a claim for lost wages or lost earnings or lost earning capacity, the Plaintiff does not need to complete the Authorization attached as Exhibits A-3 and A-4.

5. <u>Insurance Authorizations</u>. Each individual Plaintiff shall sign and date the Authorization for the release of insurance records for any insurer listed in Plaintiff's Fact Sheet, in the form attached as Exhibit A-5 and produce such Authorizations to Defendants by the deadline set forth in Section B above.

6. <u>Medicare/Medicaid Authorizations</u>. If a Plaintiff has been covered by Medicare or Medicaid at any time, such Plaintiff shall sign and date the Authorization for the release of Medicare/Medicaid records, in the form attached as Exhibit A-6 and produce such Authorization to Defendants by the deadline set forth in Section B above.

7. <u>Workers' Compensation and Disability Authorizations</u>. If a Plaintiff has applied for or been awarded workers' compensation or disability benefits at any time in the past 12 years, such Plaintiff shall provide to Plaintiff's counsel a signed and dated Authorization for the release of workers' compensation records, in the form attached as Exhibit A-7, and/or the Authorization for the release of disability records, in the form attached as Exhibit A-8, as applicable. Plaintiff's counsel shall provide such Exhibit A-7 and Exhibit A-8 Authorizations to Defendants' Counsel within the deadline set forth in Section B above. If a Plaintiff has not applied for or been awarded either workers' compensation or disability, that Plaintiff need not complete either Authorization.

8. <u>Records Custodians Not Listed in PFS</u>. For any custodian of records not listed in the Plaintiff's Fact Sheet, Defendants may request that Plaintiff complete, sign and date a specific Authorization so that Defendants (or their record collection vendor) may obtain records from that custodian. Plaintiffs' counsel must provide such authorizations within fourteen (14) days of the written request. Plaintiff's counsel may seek an extension of up to fourteen (14) additional days for good cause in which to supply said Authorization and Defendants' consent shall not be unreasonably withheld. If the requested authorization is not provided within fourteen (14) days or after any extension, Defendants may include the

13

case on a request to the Court for an Order to Show Cause, which may include a request for dismissal of the case.

9. <u>Custodian-Specific Authorizations</u>. Plaintiff's counsel shall provide to Defendants duly executed custodian-specific authorization(s) if requested or required by a particular custodian, within fourteen (14) days of receipt of notice by Defendants (or their record collection vendor) that such custodian-specific authorization is requested or required. Plaintiff's counsel may seek an extension of up to fourteen (14) additional days for good cause in which to supply said Authorization and Defendants' consent shall not be unreasonably withheld. If the requested authorization is not provided within fourteen (14) days or after any extension, Defendants may include the case on a request to the Court for an Order to Show Cause, which may include a request for dismissal of the case.

10. <u>Additional Authorizations.</u> To the extent additional custodian authorizations are requested by Defendants, Plaintiff's counsel shall cooperate in providing them within a reasonable time.

### G. VOLUNTARY DISMISSALS

This Order shall in no way prohibit or inhibit a Plaintiff or her counsel from filing stipulations for or motions to dismiss a specific defendant or defendants, or of

an entire Plaintiff's case, for those Plaintiffs who are unable to comply with the requirements set forth in this Order.

## I.   CONFIDENTIALITY

All information disclosed in a PFS, the PFS itself, and all related documents (including health care records and information) produced pursuant to the PFS or from the authorizations provided therewith shall be deemed confidential and treated as "Confidential Information" as defined in the Agreed Protective Order [Doc. No. 36].

**SO ORDERED** this 13th day of March, 2024.

_____
LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE