

CHILDERS, SCHLUETER & SMITH, LLC
— ATTORNEYS AT LAW —

Telephone
404.419.9500

Toll Free
800.641.0098

Facsimile
404.419.9501

Website
www.cssfirm.com

March 19, 2024

*Via Email*

Honorable Leigh Martin May
c/o Courtroom Deputy Brittany Poley
U.S. District Court for the Northern District of Georgia
2167 U.S. Courthouse
75 Ted Turner Drive S.W.
Atlanta, GA 30303

      Re:    Dispute on Choice-of-Law for Direct-Filed Cases
                *In re Paragard IUD Products Liability Litigation*
                Case No. 1:20-md-2974-LMM

Dear Judge May:

      At the outset, Plaintiffs believe that Defendants' proposal for resolving choice-of-law ("COL") on an MDL-wide basis is premature given the current posture of this case. COL is a fact-dependent analysis that would more properly be handled as part of the bellwether cases.[1] If, however, the Court determines it would be proper or helpful to set out the framework for how to resolve COL issues for individual, direct-filed cases in the MDL at this time, that framework should be based on the clear guidance from case law and established procedural norms.

      As Defendants note in their March 18th letter, Plaintiffs' Court-Appointed Leadership requested that Defendants agree that in deciding any case-specific motion in a case directly filed in this MDL pursuant to the June 14, 2021 Case Management Order Regarding Direct Filing [ECF No. 129] (the "DFO"), this Court should apply the COL analysis of the state in which the case would have been filed absent the DFO.[2] Defendants concede it is "well-settled" that MDL courts must use the very procedure advocated by Plaintiffs here in performing COL analyses for cases

---

[1] Resolving COL on an MDL-wide basis, as proposed by Defendants, defeats the very purpose of consolidated pre-trial proceedings in multi-district litigation. For example, in *In re Paraquat Products Liability Litig*ation, the court declined to address 163 responses to defendants' motion to dismiss because doing so "would require a case-by-case assessment" and "such an approach would be inconsistent with the purposes and objectives of multidistrict litigation." No. 3:21-md-3004-NJR, 2023 WL 3948249, at *2 (S.D. Il.. June 12, 2023). Defendants' proposed COL determinations will require individualized assessments in thousands, not hundreds, of cases, and thus, are not appropriate at this posture of the MDL litigation.

[2] The DFO provides that, "[f]iling a case directly in MDL No. 2974 will not determine the choice of law of any individual plaintiff's case, including, but not limited to, regarding the statute of limitations." *Id*. at p. 7.

transferred into the MDL from transferor courts. Defendants propose, however, that the Court depart from this "well-settled" law and conduct two different COL analyses in this MDL: one for transferred cases and another for direct-filed cases. There is scant legal support for Defendants' proposal, which undermines a plaintiff's right to choose her forum state.

To support their proposal, Defendants baselessly assert that applying the COL rules of the state in which a plaintiff's case would have been filed absent the DFO "is unworkable here and subject to manipulation." As more fully shown below, such procedure is easily workable, as any plaintiff who directly files her case in this MDL must identify in her Short Form Complaint ("SFC") the Court in which she would have filed her case absent directly filing in the MDL ("District Court and Division in which personal jurisdiction and venue would be proper." SFC at p. 2. Defendants' assertion of potential "manipulation," despite not providing one bit of evidence to support such a claim, is also easily debunked. The very fact that the COL analysis procedure is just now being raised, almost three years after entry of the DFO and after hundreds and hundreds of cases have been directly filed in this MDL, completely undercuts Defendants' claim: it would have been impossible for a plaintiff to "manipulate" this issue since none of the plaintiffs had any idea it would arise when they directly filed their SFCs.[3]

## I. The Court Should Apply the Same COL Rules for All Plaintiffs in this MDL.

When analyzing choice of law for direct-filed cases, the Court should look to the COL rules of the "originating jurisdiction"—here, that is the forum each plaintiff identified in Question 7 of her SFC. *See Looper v. Cook Inc.*, 20 F.4th 387, 393 (7th Cir. 2021) (collecting cases). As Defendants concede, it is well settled that a federal court sitting in diversity applies the COL rules of the forum state. *In re Conagra Peanut Butter Prods. Liab. Litig.*, 251 F.R.D. 689, 692-93 (N.D. Ga. 2008) (citing *Grupo Televisa, S.A. v. Telemundo Commc'ns Grp. Inc.*, 485 F.3d 1233, 1240 (11th Cir. 2007)). Defendants also concede that when a federal court sitting in diversity is a transferee court for multi-district litigation pursuant to 28 U.S.C. § 1407, it applies the state law COL rules that the transferor court would have applied. *Id.* at 693 (citing authorities).

There is not a different COL rule for cases directly filed into an MDL, and the "well-settled" procedure should not be deviated from unless there is an agreement by the parties or an order otherwise.[4] *See generally In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 841 (6th Cir. 2020) ("The rule of law applies in multidistrict litigation under 28 U.S.C. § 1407 just as it does in any individual case."). As with transferred cases, direct-filed cases are in the MDL forum due to

---

[3] Plaintiffs have no objection to the Court implementing a mechanism by which Defendants can assert good-faith challenges to the "originating jurisdiction" identified in Question 7 of a plaintiff's SFC. *See* footnote 3 of Defendants' March 18th letter.

[4] "Using a master complaint as the operative pleading for choice of law purposes is not unprecedented in multidistrict litigation. However, it is generally used as a substantive pleading *only* when the parties have consented to such an arrangement." *In re Conagra Peanut Butter Prods. Liab. Litig.*, 251 F.R.D. at 693 (citing *In re Bridgestone/Firestone Inc. Tires Prods. Liab. Litig.*, 155 F.Supp.2d 1069, 1078 (S.D. Ind. 2001)) (emphasis added); *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 413 (2015) (explaining that barring a specific merger, plaintiffs' cases consolidated in an MDL "retain their separate identities."). *But cf. In re Jan. 2021 Short Squeeze Trading Litig.*, 76 F.4th 1335, 1345-46 (11th Cir. 2023) (applying MDL forum's COL rule to direct filed claims where the "master complaint superseded the original complaints").

an "accident of bureaucratic convenience." *Wahl v. Gen. Elec. Co.*, 786 F.3d 491, 496 (6th Cir. 2015).  And "compliance with this measure of administrative convenience should not alter the choice of law approach [the Court] would otherwise employ in an MDL case." *In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 999 F.3d 534, 539 (8th Cir. 2021).  Accordingly, when an MDL court is analyzing choice of law for direct-filed cases, it must look to the COL rules of the forum where a case would have been filed absent the MDL direct-filing procedure, often referred to as the "originating jurisdiction."[5]  *See Looper*, 20 F.4th at 387 (applying COL rule of plaintiffs' originating states identified on short form complaints directly filed in MDL).  This approach is consistent with authority from circuit courts and MDL courts in the 11th Circuit.  *See, e.g.*, *id.* (applying COL rule of plaintiffs' originating states identified on short form complaints directly filed in MDL); *In re Bair Hugger*, 999 F.3d at 538 (applying law where plaintiff would have filed but for the direct-file order); *In re Depuy Orthopaedics, Inc.*, 870 F.3d 345, 348 (5th Cir. 2017) ("Cases that are directly filed in an MDL court are treated 'as if they were transferred from a judicial district sitting in the state where the case originated.'") (quotations omitted); *Wahl*, 786 F.3d at 496-97 (applying COL rule for venue identified in plaintiff's direct-filed complaint); *In re Abilify (Aripiprazole) Prods. Liab. Litig.*, No. 3:19cv4887, 2021 WL 3869752, at *1 (N.D. Fla. July 27, 2021) ("[Plaintiff] direct-filed his case in the MDL and . . . he identified Maryland as the 'designated forum' where he would have filed in the absence of an MDL. Thus, Maryland's choice of law rules control.") (internal citations omitted); *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-md-2885, Dkt. 1599 at 2 (N.D. Fla. Jan. 12, 2021) ("In the MDL context, the transferee court applies . . . for cases directly filed in the MDL court, the choice of law rules for the jurisdiction where the plaintiff would have filed his claims in the absence of the MDL – i.e. the transferor court had plaintiff not filed directly in the MDL.") (citing authorities).

Critically, this approach places all MDL plaintiffs on equal footing, whereby the applicable rules for all cases, whether transferred or directly filed, are determined by the transferor or presumptive transferor state's forum, consistent with the general rule that "[a] federal court sitting in diversity will apply the conflict-of-laws rules of the forum state."  *Grupo Televisa, S.A. v. Telemundo Commc'ns Grp., Inc.,* 485 F.3d 1233, 1240 (11th Cir. 2007); *see also In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 841 (explaining that the same rules apply to individual MDL cases as other cases).  This approach also allows direct-filed plaintiffs to remain the masters of their complaint and recognizes the deference afforded plaintiffs in selecting where they file their cases.  *See In re Fresenius Granuflo/Naturalyte Dialysate Prods. Liab. Litig.*, 76 F.Supp.3d 294,

---

[5] Some courts have determined that the MDL court's forum state law governs COL for direct-filed cases. *See, e.g.*, *In re Takata Airbag Prods. Liab. Litig.*, 193 F.Supp.3d 1324, 1333 (S.D. Fla. 2016) (applying MDL forum state COL rule to direct-filed claims). Neither party has argued that the MDL court's forum state-law should control here.  These cases lend no support to Defendants' position and deny plaintiffs their right to individualized determinations of COL and choice of forum.  *See generally In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1250 (9th Cir. 2006) (explaining that in "administering a[n] MDL proceeding, due process and fundamental fairness may not be sacrificed to provide assembly-line justice").

304 (D. Mass. 2015) ("Permitting a plaintiff [in a direct-file MDL case to] unilaterally to determine which of multiple appropriate forums should apply is consistent with the deference traditionally show to a plaintiff's choice of forum.") (citing authorities).

Defendants ignore the overwhelming weight of case law—and seek to deprive plaintiffs' right to choose their forum—by arguing that, differently than how this Court will analyze COL in transferred cases, the COL for direct-filed cases should be governed by the law of the state where a plaintiff had her Paragard IUD implanted. Defendants largely rely upon *Guffey v. Ethicon, Inc.*, No. 1:18-cv-402-RWS, Dkt. 98 (N.D. Ga. Mar. 31, 2021), an unpublished decision that lends little support to their position.

In *Guffey*, a bellwether plaintiff *sought to amend the forum selection in her directly filed short form complaint*. No. 1:18-cv-402-RWS, Dkt. 98 at p. 2. The dispute in *Guffey* arose over whether COL was governed by the law of plaintiff's original forum selection or her proposed new forum selection, the latter of which was the state of implantation of her hernia mesh. *Id*. at p. 5. In allowing plaintiff to amend her short form complaint and apply the COL rule of the state of implantation, Judge Story made clear that the ruling was limited to "*this MDL*" and facts before it, and "acknowledge[d] that using a short form complaint to select the choice of law might be the better approach in other cases." *Id*. at 6. Judge Story also noted "because it is the plaintiffs who argue for this rule here, there is no concern here that its application 'would deprive plaintiffs of the choice that they otherwise would have had between two proper forums.'" *Id*. at p. 6 (quoting *In re Fresenius Granuflo*, 76 F.Supp.3d at 304). Although Judge Story opined that state of implantation avoided forum- or COL-shopping concerns, the Order did not explain how those concerns were any more prevalent in an MDL than in every case in which a plaintiff chooses where to file her case.

A full reading of *Guffey* endorses plaintiffs' right to select the forum that supplies the state law to govern COL in direct-filed MDL cases, and does not stand for, as Defendants suggest, a rule for broadly applying the COL rules of the state of implantation. *Guffey*, rather, *specifically* limited the application of the law of the state of implantation to the case before it, acknowledging that using a short form complaint to select COL "might be the better approach in other cases."

The other cases cited by Defendants are mostly unpublished decisions and are undercut by later circuit authority that supports Plaintiffs' position here. For example, the Seventh Circuit in *Looper v. Cook Inc*. cited *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Pracs. & Prods. Liab. Litig.*, No. 3:09-md-02100-DRH-PMF, 2011 WL 1375011, at *5 (S.D. Ill. Apr. 12, 2011), in applying the law of originating jurisdiction to determine COL, but unlike *In re Yasmin & Yaz*, found this jurisdiction was based on the forum selected by plaintiff in her short form complaint. 20 F.4th at 391-99.[6] Similarly, the Sixth Circuit's decision in *Wahl v. General Electric Co*. cited *Sanchez v. Boston Sci., Corp.*, No. 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17,

---

[6] *In re Avandia Mktg, Sales Practices & Prods. Liab. Litig.,* MDL No. 1871, 2012 WL 3205620, at *2 (E.D. Pa. Aug. 7, 2010), cited by Defendants, solely relies on *In re Yasmin & Yaz* and thus, also provides little support to Defendants' position on COL for direct-file cases.

2014), in applying the COL of originating jurisdiction in direct-file cases, but unlike *Sanchez,* the Sixth Circuit found that this jurisdiction was determined by the venue selected by the plaintiff in her direct-filed complaint—what Plaintiffs propose here.  786 F.3d at 494.

The remaining cases cited by Defendants fare no better.  In *Ramnath v. Biomet*, 2018 WL 6605165, *1 (N.D. Ind. 2018), for example, the court's COL conclusion was solely based on *In re Watson Fentanyl Patch Products Liability Litigation*, 977 F.Supp.2d 885, 889 (N.D. Ill. 2013), which did not adopt an implantation-site approach.  Rather, *Watson* concluded that Ohio law applied to a settlement agreement because (1) the agreement contained a COL provision pointing to Ohio, (2) Plaintiff did not expressly select a forum in their SFC, and (3) applying either an Ohio or California COL analysis resulted in the application of Ohio substantive law.  977 F.Supp.2d at 889.  Similarly, *In re Wright Medical Technologies, Inc., Conserve Hip Implant Products Liability Litigation* does not, as Defendants suggest, apply Utah law for COL solely based on the plaintiff's state of implantation.  127 F.Supp.3d 1306 (N.D. Ga. 2015).  In deciding to apply Utah law, *Wright* noted that the plaintiff's complaint "admits that, but for the MDL, she would have filed her action in the United States District Court for the District of Utah."  *Id*. at 1306 n. 52.

## II. Conclusion

Rather than briefing and arguing the method of COL analysis for non-bellwether cases now, Plaintiffs assert that the parties' time would be better spent focusing on progressing case-wide and bellwether case discovery consistent with the purpose of 28 U.S.C. 1407.  Case-specific issues such as choice of law should be decided on a case-by-case basis as part of those bellwether cases when such issues are ripe.  Nevertheless, if the Court desires to establish an MDL-wide rule for the COL analysis of direct-filed cases, the great weight of the law calls for the Court to apply the state law of the forum where the direct-filed case would have been filed, as identified in the answer to Question 7 in each plaintiff's SFC.

Sincerely,

C. Andrew Childers

Cc (via email):

Plaintiffs' Leadership Committee
Christopher D. Morris (Chris.Morris@butlersnow.com)
Caroline Walker, Esq. (Caroline.Walker@butlersnow.com)
Tara Blake, Esq. (Tara.Blake@butlersnow.com)
Pamela Ferrell, Esq. (Pamela.Ferrell@butlersnow.com)
Allison Ng, Esq. (nga@gtlaw.com)
Lori G. Cohen, Esq. (CohenL@gtlaw.com)