IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD IUD | ) | MDL DOCKET NO. 2974 |
| PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | (1:20-md-02974-LMM) |
| | ) | **This Document Relates to All Cases** |

## PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE SECOND AMENDED MASTER PERSONAL INJURY COMPLAINT IN ORDER TO ADD TEVA PHARMACEUTICAL INDUSTRIES LTD. AS A NAMED DEFENDANT

Plaintiffs move this Court pursuant to Federal Rule of Civil Procedure 21 for leave to amend the Second Amended Master Personal Injury Complaint, Doc. No. 79, in order to add Teva Pharmaceutical Industries Ltd. ("Teva Ltd.") as a named defendant. A redline of the proposed Third Amended Master Personal Injury Complaint as attached as Exhibit 1.

Plaintiffs have met and conferred with counsel for Teva Pharmaceuticals USA, Inc.; Teva Women's Health, Inc.; Teva Women's Health, LLC; Teva Branded Pharmaceutical Products R&D, Inc.; The Cooper Companies, Inc.; and CooperSurgical, Inc. ("Defendants") and are informed that they oppose this motion.[1]

## I.    Background

---

[1] On August 22, 2023, the Parties entered into a Stipulation regarding the current Teva Defendants in this case. *See* Doc. No. 538. Despite Plaintiffs' efforts during the negotiations, this Stipulation does not implicate Teva Ltd., and therefore it has no bearing on Plaintiffs' Motion to Amend.

This MDL was created on December 16, 2020. *See* Doc. No. 1. On March 9, 2021, this Court entered a Consent Case Management Order Regarding Master Pleadings and Master Responsive Pleadings. *See* Doc. No. 55. In that Consent Case Management Order, this Court directed Plaintiffs to "file and serve a Master Complaint against one or more of the following entities: Teva Pharmaceuticals USA, Inc.; Teva Women's Health, Inc.; Teva Women's Health, LLC; Teva Branded Pharmaceutical Products R&D, Inc.; The Cooper Companies, Inc.; and CooperSurgical, Inc. ("Defendants"). *Id.* at ¶ 2.1.1.

On April 19, 2021, Plaintiffs filed their Second Amended Master Personal Injury Complaint ("Master Complaint") against Defendants alleging that Plaintiffs were injured by the Paragard® Intrauterine Device ("Paragard") that Defendants designed, developed, manufactured, tested, labeled, packaged, distributed, marketed, and/or sold. *See* Dkt. 79.

Teva Ltd., which is located in Israel, is the parent company of the other named Teva Defendants. Through discovery – which is on-going and does not end until January 31, 2025[2] – and otherwise, Plaintiffs believe that there exists a sufficient basis to allege and prove that Teva Ltd. is also liable to Plaintiffs under the facts alleged in the Master Complaint by virtue of its own acts and omissions, as well for

---

[2] The end date of discovery is based upon the parties' tentative negotiated Case Management Order and Third Amended Scheduling Order, neither of which has been entered by this Court and may still be subject to change.

the acts and omissions of its agents, joint venturers, and alter ego subsidiaries (i.e., the other named Teva Defendants). *See, e.g.,* Ex. 1, ¶¶ 160-65. Accordingly, Plaintiffs seek leave to amend the Master Complaint in order to add Teva Ltd. as a named defendant.

Neither the Consent Case Management Order, *see* Doc. No. 55, nor any of the subsequent Scheduling Orders, *see* Doc. Nos. 372, 541, & 605, sets any deadlines for seeking leave to amend to add a party. Indeed, under the Consent Case Management Order, "the parties each reserve[d] the right to seek exceptions, amendments, or modifications to this Order from the Court for good cause shown." Doc. No. 55 at ¶ 1. Moreover, seeking leave to amend to add Teva Ltd. is a topic that has long been discussed amongst the parties and with the Court as well.

## II.   <u>Legal Standard</u>

"Courts . . . must apply the rubric of Rule 16 before considering whether amendments are proper under Rule 15 or Rule 21." *Datastrip Intern. Ltd. v. Intacta Technologies*, 253 F. Supp. 2d 1308, 1317 (N. D. Ga. 2003). Rule 16 requires a "good cause" showing prior to modifying a scheduling order. Fed. R. Civ. P. 16(a)(4).

"What constitutes good cause sufficient to justify the modification of a scheduling order necessarily varies with the circumstances of each case." *Thompson v. Georgia Power Co.,* 2022 U.S. Dist. LEXIS 192887, *4-5 (N.D. Ga. Sept. 1,

2022) (quoting 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1522.2 (3d ed. 2012)).  According to the Eleventh Circuit, the Rule 16 "good cause standard precludes modification unless the [scheduling order] cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) (internal quotation marks and citation omitted).

Courts in the Eleventh Circuit consider three factors to determine a party's diligence: "(1) the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; (2) the information supporting the proposed amendment was available to the plaintiff; and (3) even after acquiring information, the plaintiff delayed in asking for amendment." *Zurich Am. Ins. Co. v. Robinson Mech. Contrs., Inc.*, 2021 U.S. Dist. LEXIS 269422, *4 (N.D. Ga. June 1, 2021) (citations omitted).

In addition to meeting the Rule 16 standard, a party seeking leave to amend to add a party must also satisfy Rule 21.  *See Datastrip Intern.*, 253 F. Supp. 2d at 1317.  Rule 21 provides "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21.  Rules 21 and 15 assume the same standards for resolving a motion to amend to add a party.  *See Loggerhead Turtle v. Cnty. Council of Volusia Cnty.*, 148 F.3d 1231, 1255 (11th Cir. 1998).  Leave to amend should be "freely give[n] . . . when justice so requires."  Fed.

4

R. Civ. P. 15(a)(2).  A court "need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III.   <u>Argument</u>

### A.   "Good cause" exists under Rule 16

"Good cause" exists to allow amendment of the Master Complaint to add Teva Ltd. as a Defendant.  As reflected in Exhibit 1, ¶¶ 160-65, Plaintiffs have set out facts regarding the conduct of Teva Ltd. which, if proven, would allow for imposition of liability on Teva Ltd.  It was through no lack of diligence on the part of Plaintiffs that they have been unable to acquire the necessary information regarding Teva Ltd. prior to filing the Master Complaint and/or during the initial discovery period in this litigation.

Indeed, as the Court is aware, there have been numerous discovery disputes over the past several years with prior counsel for the other named Teva Defendants such that, Plaintiffs maintain, relevant and responsive documents and witnesses were not produced to Plaintiffs in a timely manner.  These documents include ones demonstrating the nature and scope of Teva Ltd.'s involvement with the design,

5

development, manufacture, testing, labeling, packaging, distribution, marketing, oversight, and/or sale of Paragard, both directly and through its subsidiaries.

Moreover, by the time Plaintiffs were acquiring such information and discussing with the Court their intentions to amend the Master Complaint to add Teva Ltd. as a defendant, the Israel-Hamas war was underway and counsel for both parties agreed to pull down any proposed depositions in Israel (where Teva Ltd. is located and where some of its key past and present employees are based).  While that international crisis is still ongoing, Plaintiffs understand that they must move forward to add Teva Ltd. to the Master Complaint in order to meet the parties' recently negotiated (and still tentative) corporate discovery schedule (which sets the close of corporate discovery at the end of January 2025 assuming new counsel for Defendants meets their production deadline obligations).

Further, it is notable that in this case none of the prior scheduling orders have set a deadline for amendments and that the discovery period still remains open.  *See Zurich Am. Ins. Co. v. Robinson Mech. Contrs., Inc.*, 2021 U.S. Dist. LEXIS 269422 at *4, n.1 (noting these two factors in analyzing the "good cause" standard).

Plaintiffs have therefore shown "good cause" to amend the Master Complaint to name Teva Ltd. as a defendant.

**B.    "Just terms" exist under Rule 21**

Similarly, Plaintiffs should be allowed to add Teva Ltd. as a defendant under Rule 21.  As described above, there has been no bad faith or undue delay by Plaintiffs in not adding Teva Ltd. as a defendant prior to this filing.  Based upon protracted discovery disputes, changes in counsel and the handling of production that have continued to stall production completion, and the international crisis in Israel, development of the necessary factual record has taken longer than Plaintiffs had hoped.  There simply has been no undue delay.

Moreover, as the (tentative) end of discovery is still six and a half months away, there will be sufficient time to complete all general corporate discovery in this case.  Neither side will be prejudiced by amending the Master Complaint to add Teva Ltd.

Finally, the amendment here would not be futile.  Plaintiffs' Master Complaint has already survived a Rule 12(b)(6) motion to dismiss.  *See* Doc. No. 235.  And to the extent a Rule 12(b)(2) motion to dismiss is filed, it is noteworthy that in other recent complex litigations Teva Ltd.'s Rule 12(b)(2) motions have been denied.  *See, e.g., City & Cty. of San Francisco v. Purdue Pharma L.P.*, 491 F. Supp. 3d 610, 633-39 (N.D. Cal. 2020) (opioid litigation); *Edgar v. Teva Pharm. Indus.*, 2024 U.S. Dist. LEXIS 53777 (D. Kan. Mar. 26, 2024) (Nuvigil® litigation).

Plaintiffs have therefore met their burden for leave to amend the Master Complaint to name Teva Ltd. as a defendant under Rule 21.

## IV.   <u>Conclusion</u>

In light of the foregoing, Plaintiffs' motion for leave to amend the Master Complaint in order to add Teva Ltd. as a named defendant should be granted.

<u>Dated: July 30, 2024</u>                    Respectfully submitted,

***/s/ Erin Copeland*** 
Erin Copeland
Tx Bar No. 24028157
**FIBICH LEEBRON COPELAND AND BRIGGS**
1150 Bissonnet St.
Houston, TX 77005
Telephone: (713) 751-0025
Facsimile: (713) 751-0030
Email: ecopeland@fibichlaw.com

***MDL Plaintiffs' Lead Counsel***

***/s/ Kristen Hermiz***
Kristen Hermiz
SC No. 100482
**Motley Rice, LLC**
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Tel: (843) 216-9390
Fax: (843) 216-9450
Email: khermiz@motleyrice.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 30, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served on all counsel of record or parties registered to receive CM/ECF Electronic Filings.

Dated: July 30, 2024

*/s/ Erin Copeland*

Erin Copeland
Tx Bar No. 24028157
**FIBICH LEEBRON COPELAND AND BRIGGS**
1150 Bissonnet St.
Houston, TX 77005
Telephone: (713) 751-0025
Facsimile: (713) 751-0030
Email: ecopeland@fibichlaw.com

*MDL Plaintiffs' Lead Counsel*