# EXHIBIT 6

THE FOLLOWING IS THE P.D.F. OF AN OFFICIAL TRANSCRIPT. OFFICIAL TRANSCRIPTS MAY ONLY BE FILED IN CM/ECF BY THE OFFICIAL COURT REPORTER AND WILL BE RESTRICTED IN CM/ECF FOR A PERIOD OF 90 DAYS.  YOU MAY CITE TO A PORTION OF THE ATTACHED TRANSCRIPT BY THE DOCKET ENTRY NUMBER, REFERENCING PAGE AND LINE NUMBER, ONLY AFTER THE COURT REPORTER HAS FILED THE OFFICIAL TRANSCRIPT.  HOWEVER, YOU ARE PROHIBITED FROM ATTACHING A FULL OR PARTIAL TRANSCRIPT TO ANY DOCUMENT FILED WITH THE COURT.

```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF GEORGIA
                        ATLANTA DIVISION


IN RE: PARAGARD IUD            )
PRODUCTS LIABILITY             )
LITIGATION                     )
                               )
                               )      DOCKET NUMBER
                               )       1:20-MD-2974
                               )
                               )      ATLANTA, GEORGIA
                               )      OCTOBER 25, 2022
                               )
_____)



         TRANSCRIPT OF ZOOM STATUS CONFERENCE PROCEEDINGS
             BEFORE THE HONORABLE LEIGH MARTIN MAY,
                  UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE PLAINTIFFS:            ANDREW CHILDERS
                               CHILDERS, SCHLUETER & SMITH, LLC
                               ATLANTA, GEORGIA  30319

                               FIDELMA FITZPATRICK
                               MOTLEY, RICE, LLC
                               PROVIDENCE, RHODE ISLAND  02903



            (APPEARANCES CONTINUED ON THE NEXT PAGE.)


            MECHANICAL STENOGRAPHY OF PROCEEDINGS
         AND COMPUTER-AIDED TRANSCRIPT PRODUCED BY

OFFICIAL COURT REPORTER:       MONTRELL VANN, RPR, RMR, RDR, CRR
                               2160 UNITED STATES COURTHOUSE
                               75 TED TURNER DRIVE, SOUTHWEST
                               ATLANTA, GEORGIA  30303
                               (404)215-1549
```

```
                      APPEARANCES CONTINUED

FOR THE PLAINTIFFS:         ROBERT HAMMERS
                            SCHEIDER, HAMMERS, LLC
                            ATLANTA, GEORGIA   30342

                            BUFFY MARTINES
                            LAMINACK, PIRTLE & MARTINES
                            HOUSTON, TEXAS   77006

                            PATRICK LUFF
                            FEARS, NACHAWAIT, PLLC
                            DALLAS, TEXAS   75231

                            EDWARD WALLACE
                            WALLACE & MILLER
                            CHICAGO, ILLINOIS   60606

                            LAURA YAEGER
                            ST. PETERSBURG, FLORIDA   33747

FOR THE DEFENDANT:          FRED ERNY, ALLISON NG,
                            GINA SAELINGER & JEFFREY SCHAEFER
                            ULMER & BERNE, LLP
                            CINCINNATI, OHIO   45202
```

1  YOU'RE RIGHT.  THAT'S THEIR DECISION.  THE OTHER INFORMATION ON
2  THE CHART SEEMS TO BE VERY HELPFUL FOR THAT DECISION, AND SOME
3  OF IT MAY BE OBVIOUS, BUT ADDING A SENTENCE THAT WAS, THIS WAS
4  THE CHIEF PERSON THAT WAS INVOLVED IN THE DESIGN OF THE I.U.D.,
5  JUST WHATEVER IT IS THAT THEIR KNOWLEDGE IS AS RELATES TO THIS
6  PRODUCT.  AND THIS IS JUST MORE IN THE SPIRIT OF CONFERRING AND
7  PROVIDING INFORMATION -- I MEAN, I DON'T THINK THAT YOU GUYS
8  WANT THEM TO HAVE TO REQUEST MORE CUSTODIAL FILES.  I THINK WE
9  ALL WANT THE MOST RELEVANT ONES TO BE DONE IN THE EARLIEST
10 POSSIBLE TIME SO WE DON'T HAVE TO GO BACK AND DO THINGS WHEN
11 SOMEBODY IS FOUND OUT TO HAVE MORE KNOWLEDGE THAN WAS INITIALLY
12 THOUGHT.  SO A LITTLE BIT MORE INFORMATION WOULD GET US DOWN
13 THE ROAD, AND I'M GOING TO REQUIRE IT.  SO WITHIN 14 DAYS OF
14 TODAY IF YOU COULD JUST PROVIDE A NEW SPREADSHEET THAT CONTAIN
15 THIS ADDITIONAL COLUMN WHICH IS JUST THE SHORT DESCRIPTION OF
16 THIS PERSON'S INVOLVEMENT WITH THE PRODUCT, AND THAT WOULD BE
17 HELPFUL.
18       DOES THAT MAKE SENSE, MS. SAELINGER?
19            MS. SALINGER:  YES, YOUR HONOR.  WE'LL DO OUR BEST ON
20 THAT.  I WANT EVERYBODY TO UNDERSTAND THAT A LOT OF THESE
21 PEOPLE, A LOT OF THESE PEOPLE ARE FORMER EMPLOYEES.  SO FROM
22 THE LAWYERS' STANDPOINT WE'LL DO THE BEST WE CAN.
23            THE COURT:  AND THIS IS NOT A DISCOVERY RESPONSE.
24 THIS IS CONFERRING TO HELP US GET DOWN THE ROAD.  AND SO YOU'RE
25 RIGHT.  THEY HAVE THE DOCUMENTS AND THEY CAN SEE AND THEY CAN

```
 1  FIND OUT OTHER PEOPLE THEY WANT, BUT PROVIDING A LITTLE MORE
 2  INFORMATION MIGHT MAKE THIS PROCESS WORK BETTER.  SO THERE'S
 3  GOT -- EVEN IF THEY'RE FORMER EMPLOYEES, SOMEBODY ELSE IS
 4  AROUND THAT KNEW -- THERE'S A REASON THAT THEY'RE KIND OF IN
 5  THE MIX.  SOMEBODY KNOWS WHAT PEOPLE WERE DOING, SO THE BEST
 6  THAT YOU CAN DO ON THAT IS GOING TO BE HELPFUL.  AND I'D RATHER
 7  PLAINTIFFS MAKE BETTER DECISIONS EARLY ON THAN US GET DOWN THE
 8  ROAD AND HAVE A MESS, SO LET'S GO AHEAD AND DO THAT.
 9         THE NEXT ISSUE IS HOW CUSTODIANS ARE COUNTED.
10            MS. FITZPATRICK:  YES, YOUR HONOR.  YES, THIS IS A
11  FAIRLY DISCRETE ISSUE.  THERE ARE SEVEN INDIVIDUALS WHO WORKED,
12  WE BELIEVE FROM WHAT DEFENDANTS HAVE TOLD US, ON PARAGARD AT
13  TEVA OR ONE OF THE TEVA COMPANIES.  AND WE ALSO HAVE THAT
14  THEY'VE BEEN TRANSITIONED TO COOPER, SO THEY WORKED AT BOTH
15  DEFENDANTS OR BOTH DEFENDANT GROUPS ON PARAGARD.  WE UNDERSTOOD
16  FROM THE 50 IF WE REQUESTED ONE OF THOSE, IT WOULD BE ONE OF
17  OUR 50.  SO, YOU KNOW, IF THERE'S JOHN SMITH WHO WORKED AT TEVA
18  AND THEN TRANSITIONED TO COOPER, WE WOULD ASK FOR THAT
19  CUSTODIAL FILE; THAT WOULD BE ONE OF OUR REQUESTS.  WE
20  UNDERSTAND FROM A MEET-AND-CONFER YESTERDAY THAT THE DEFENDANTS
21  ARE CONSIDERING THOSE TWO SEPARATE REQUESTS.  SO JOHN SMITH AT
22  TEVA IS ONE REQUEST, AND JOHN SMITH AT COOPER IS A SEPARATE
23  REQUEST.  SO WHAT THAT DOES IS IT ESSENTIALLY TAKES US FROM 50
24  PEOPLE, ASSUMING WE ASK FOR ALL OF THESE, AND WE THINK WE
25  PROBABLY WILL, DOWN TO 43 INDIVIDUALS IN HOW THIS IS REQUESTED.
```