## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **IN RE: PARAGARD IUD PRODUCTS LIABILITY LITIGATION** | ) ) ) ) ) ) ) ) | **MDL DOCKET NO. 2974 (1:20-MD-02974-LMM)** **This Document Relates to All Cases** |

### Teva Defendants' Opposition to Plaintiffs' Motion for Leave to Amend Second Amended Master Personal Injury Complaint in Order to Add Teva Pharmaceutical Industries Ltd. as a Named Defendant

Plaintiffs' proposed Third Amended Master Personal Injury Complaint (Doc. No. 694-1) should not be allowed. Plaintiffs have not acted diligently in seeking this amendment and cannot establish good cause to allow it at this late stage. The proposed defendant to be added, Teva Pharmaceutical Industries Ltd. ("Teva Ltd."), has been known to Plaintiffs since this MDL was started in 2020, given it was named in the Master Complaint filed in March 2021 and in the First Amended Master Complaint filed on April 4, 2021. Doc. Nos. 65, 75. Further, after Plaintiffs raised the potential to seek to add this defendant into the operative complaint in January 2024, the Court implored Plaintiffs to move quickly to amend, but inexplicably Plaintiffs did not do so. Thus, despite believing more than three years ago that Teva Ltd. should be a defendant here and waiting six months after the Court asked for a

quick resolution of this issue, Plaintiffs waited until July 30, 2024, to file their motion seeking leave to amend. Their request should be denied for lack of diligence under Rule 16.

Moreover, allowing a new defendant to be added now—when all written corporate discovery is set to end in January 2025—is unduly prejudicial under Rule 15 to the Teva Defendants, who would like to see this MDL progress to an endpoint, without continual shifting of the goalposts by Plaintiffs.

Finally, the continued purpose of the Stipulation that Plaintiffs and the Teva Defendants entered in August 2023, which offered concessions from the Teva Defendants in an agreed upon effort to preclude the need to add Teva Ltd. as a defendant (including an agreement to produce responsive documents held by Teva Ltd.), would be called into question if Teva Ltd. becomes a defendant now. As Plaintiffs point out, that "Stipulation does not implicate Teva Ltd." Pls.' Mot., Doc. No. 694 at 1, n.1. Thus, the door is opened again to each of the admissibility and liability issues that the Stipulation has currently resolved, because it does not encompass Teva Ltd. as it was not a signatory. Permitting amendment now could cause even further havoc with the schedule in this case, which would necessarily prejudice Defendants. Plaintiffs have put forth no justification for this upheaval and prejudice that their belated request for leave to amend would cause.

For all of these reasons, Plaintiffs' untimely and prejudicial Motion to Amend should be denied.

## BACKGROUND

This MDL originated on December 16, 2020. Doc. No. 1. The Master Complaint was filed on March 22, 2021, and the First Amended Master Complaint was filed shortly thereafter on April 4, 2021. Doc. Nos. 65, 70.  The First Amended Master Complaint named Teva Ltd. as a defendant, even though it has never been served in the MDL. Doc No. 70. Specifically, Plaintiffs alleged in the First Amended Complaint that "TPI Ltd. and Teva USA also acquired Duramed's manufacturing facilities, sales force, and responsibility for maintaining and updating the labeling for Paragard." First Am. Master Compl., Doc. No. 70 at 11. The impropriety of adding Teva Ltd. as a defendant in this manner was addressed at a status conference on April 12, 2021. At that conference, this Court noted that, while Teva Ltd. could be added, the proper way to do it would be through a motion for leave to amend and via service under the Hague Convention given that Teva Ltd. is an Israeli company. *See* Trans. of Status Conf. (April 12, 2021), Doc. No. 80, at 14-18. The Court further discussed the importance of having all parties brought into the litigation early:

> [A]t a minimum we need to know who needs to be in the case and who all these parties are so that there's going to be a resolution. And certainly if there's going to be kind of dealing with preliminary skirmishes, we just need to know who everybody is. And if there's

going to be extensive discovery to these parties, we need to know who they are, too." And so I think that the more that you can do to kind of put at the forefront the issues that need the earliest resolution from the court, I think that the better things will be.

*Id.* at 19-20. Plaintiffs were thus directed to file a Second Amended Master Complaint that omitted Teva Ltd. as a defendant. Minute Entry, Doc. No. 77; *see also* Trans. Status Conf. (April 12, 2021), Doc. No. 80. The minute entry on April 12, 2021, specifically noted that, once Teva Ltd. was dismissed because it had not been served, "Plaintiffs may then file a motion to amend if they wish to add the party as a defendant." Doc. No. 77. The Second Amended Master Complaint was filed on April 19, 2021, and Teva Ltd. was no longer a named defendant. Doc. No. 79. Until July 30, 2024—more than three years after the Court invited them to file a Motion for Leave if they intended to do so—Plaintiffs never attempted to add Teva Ltd. as a party defendant or to serve them. Pls.' Mot., Doc. No. 694.

In the intervening three years since this Court's instruction to Plaintiffs to add Teva Ltd. in the proper way, the Teva Defendants have produced millions of pages of documents and a number of corporate witnesses for deposition, bellwether pool cases have been chosen, and the case schedule has been extended and then stayed while discovery continues. Yet, Plaintiffs delayed filing the Motion for Leave with no justification, only to decide to do so after most written corporate discovery had already been completed, and when the parties were asking the Court to issue a new

scheduling order to allow for the completion of fact and expert discovery, pretrial filings, and the first bellwether trials. To permit this belated amendment now would only prolong these proceedings and prejudice the Teva Defendants.

## LEGAL STANDARD

Whether to grant leave to amend rests in the sound discretion of the Court. *Bussell v. Am. Home Mtge. Serv., Inc.*, 2013 WL 12380899, at *2 (N.D. Ga. July 2, 2013) (citing *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) (recognizing that every court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," and that "[h]ow this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.")).

The Teva Defendants agree with Plaintiffs that their Motion is governed first by Rule 16's good cause standard. Pls.' Mot. at 3. Leave to amend is governed by the good cause standard even where no deadline for amendments is set in a scheduling order, if the amendment will necessitate alteration of the deadlines that do exist in the scheduling order. *Manhattan Const. Co. v. Phillips*, 2012 WL 113646, at *3 (N.D. Ga. Jan. 13, 2012). Here, adding a new party defendant at this late stage is certain to affect the corporate discovery deadline that expires in January 2025, which is more fully discussed *infra*, at 12-13.

5

In *MidAmerica C2L Inc. v. Siemens Energy Inc.*, 2023 WL 2733512, at *14 (11th Cir. Mar. 31, 2023), the court affirmed the district court's denial of plaintiff's third motion to amend where plaintiff did not establish that it could not have ascertained the facts supporting its motion to amend sooner, thus failing Rule 16's good cause standard. *See also Insight Securities, Inc. v. Deutsche Bank Trust Co. Americas*, 2022 WL 23113980, at *6 (11th Cir. June 28, 2022) (affirming denial of motion to amend where plaintiff argued the remaining scheduling order dates would not be impacted, but the district court disagreed). These cases relied on the pinnacle case of *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998), which found that Rule 16's good cause standard requires an analysis of "when the information leading to the proposed amendment had become available, as well as how promptly the plaintiff had moved to amend the complaint after the discovery of any new evidence." It is plaintiff's burden to establish that they moved for leave to amend within a reasonable time of learning information that formed the basis of the requested amendment. *Gibson v. Trust Texas Bank, S.B.B.*, 2017 WL 6994575, at *4 (N.D. Ga. 2017). "A finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry...." *Zurich Am. Ins. Co. v. Robinson Mech. Contractors, Inc.*, 2021 WL 12104537, at *1 (N.D. Ga. June 2, 2021).

Even if this Court finds that Plaintiffs have satisfied Rule 16's good cause requirement and moves to an analysis under Rule 15, the Motion for Leave to Amend should be denied for undue delay and undue prejudice. *Manhattan Const. Co.*, 2012 WL 113646, at *6 ("[W]here time passes during which a claim could have been but was not asserted, the resulting delay is considered undue."). An amendment to add a defendant this late in this litigation, and in particular this late into the discovery process, is also unduly prejudicial to the Teva Defendants and will destroy the Court's current plan to proceed with trial in bellwether cases in 2025. *Gallagher Benefit Servs., Inc. v. Campbell*, 2020 WL 3404935, at *3 (N.D. Ga. June 11, 2020) (leave to amend denied where it will cause undue prejudice). In particular, to allow Plaintiffs to belatedly add a defendant years into the corporate discovery process, with no justification for their delay, would cause significant prejudice to the Teva Defendants, while Plaintiffs cannot demonstrate the same or even a similar level of prejudice if their Motion is denied.

## ARGUMENT

### I. Plaintiffs have not acted diligently and cannot establish good cause for allowing the Amendment now.

Over three years ago, Plaintiffs believed that Teva Ltd. should be in this case when they named them as a defendant in the First Amended Master Complaint filed on April 4, 2021. Doc. No. 70. As noted above, Plaintiffs alleged that Teva Ltd.

maintained control over labeling for Paragard during certain relevant time periods at issue. Such allegations indicate why Plaintiffs' counsel believed *at that time* that Teva Ltd. was "a proper party." *See* Trans. Status Conf., Doc. No. 80 (April 12, 2021) at 15. The Court discussed adding parties, and specifically noted that the Hague Convention would be applicable to service on Teva Ltd., and that it "does take a long time if we have to go down that road." *Id*. at 18. Indeed, the Court cautioned that service through the Hague Convention was in "terms of timing [something] we have to keep an eye on." *Id*. But Plaintiffs did not keep their eye on it or act with reasonable diligence to proceed down that path, instead delaying without justification. And they did so even though adding Teva Ltd., in their own words, "has long been discussed amongst the parties and with the Court as well." Pls.' Mot. at 3.

Evidencing further dilatory conduct, Plaintiffs made no effort to add Teva Ltd. as a defendant until six months after the January status conference at which they re-raised the possibility of doing so. Yet, at that status conference, this Court was clear that Plaintiffs needed to file a motion to amend, and that time was of the essence. Trans. Status Conf. (Jan. 24, 2024), Doc. 614 at 38. This Court correctly noted its concern that an amendment to add a party at this stage of the proceedings could "potentially impact the rest of the case." Jan. Trans. at 36-38. Due to the potential

8

disturbance of the deadlines and the path forward to trial resulting from any such amendment, the Court urged Plaintiffs to act promptly:

> I have to say, too, **the later you wait, the more prejudice and problem it is**. And certainly any motion's going to have to talk about why this isn't going to cause discovery issues and put the case back to some extent. So the faster this gets in front of me, I'll give you an expedited response on it or have a hearing or whatever we need to do. They're not in the case until they're added to the case, **so this needs to be done sooner rather than later**.

Jan. Trans., at 39:14-22 (emphasis added). Plaintiffs chose later.

The Court further directed that, given the need to move the litigation forward to trial, it is "becoming more important to deal with [issues] quickly given the schedule that we have in place. So I don't want something to sit for too long without a resolution…." *Id*. at 54:24–55:2. The Court again referenced the intricacies of service via the Hague Convention as an impediment to quickly adding Teva Ltd. here. *See* Jan. Trans., at 41:14. Despite the Court expressly remarking that delay in moving for leave to amend would cause prejudice and a "problem" for the schedule in place, Plaintiffs waited **six months** after this court conference to actually file their Motion for Leave to Amend and offer no explanation for the delay.

Rather than attempt to justify their delay and explain how the Court could avoid prejudice and delay in bellwether proceedings even if the amendment is allowed, Plaintiffs blithely argue that discovery "is on-going and does not end until

January 31, 2025," the Case Management Order does not set a deadline for seeking leave to amend, and this amendment has "long been discussed." Pls.' Mot. at 2-3. Each of these statements ignores this Court's directive to resolve outstanding issues quickly in order to maintain the Court's schedule. The Motion's minimal explanation or justification for the delay further disregards the Court's assessment that the parties should select scheduling order dates that the parties can "live with because it's not going to keep moving around." Jan. Trans. at 54:1-5.

Plaintiffs' alleged "good cause" to allow this amendment does not meet Rule 16's standards. They claim that the proposed Third Amended Master Complaint sets out facts that can establish liability as to Teva Ltd., but do not say when they first learned those facts, much less establish they did not learn them until recently to justify the dilatory request. Pls.' Mot. at 5. They point to discovery disputes in this MDL, claiming documents were not produced in a timely manner and those documents "include ones demonstrating the nature and scope of Teva Ltd.'s involvement…." Pls.' Mot. at 5-6. But again, they obfuscate when they received those documents and learned those facts, and certainly the basic facts about Teva Ltd.'s minimal involvement in acquisition, labeling, and other regulatory activities has long been known to Plaintiffs and demonstrated in the earliest document productions. Plaintiffs even pled some of these facts in the First Amended Master

Complaint, so they cannot argue they were not discovered until only recently. Given that it is Plaintiffs' burden to show they acted diligently, their failure to explain when they first obtained the necessary information for the Third Amended Master Complaint dooms this Motion as dilatory. And because Plaintiffs believed Teva Ltd. was a proper defendant three years ago and have "long discussed" adding it as a party defendant in this litigation, their failure to set out a timeline establishing their diligence is telling.

Plaintiffs also point to the ongoing war in Israel as a reason for their delay, claiming proposed depositions were postponed because of the war, thus delaying Plaintiffs' ability to obtain the information it needed to amend. Pls.' Mot. at 6. Yet the only deposition Plaintiffs have requested of a person living in Israel is former Teva Ltd. employee Hedva Voliovitch,[1] who agreed to sit for her for deposition in the United States. Plaintiffs have not yet proceeded with her deposition despite the offer, and no depositions of any residents of Israel have been taken. Significantly, Plaintiffs were able to draft their proposed Third Amended Complaint and prepare the Motion for Leave without the depositions of any Israeli residents. The Israel-Hamas war is a dramatic red herring here, and one that clearly was not any

---

[1] Dr. Voliovitch is hardly the linchpin to establishing the role of Teva Ltd., given the limited scope of her knowledge as a prior employee.

impediment to Plaintiffs' ability to promptly file the current Motion for Leave to Amend.

In addition to the war, Plaintiffs also cite to discovery disputes and the change of certain defense counsel as reasons it has "taken longer than Plaintiffs had hoped" to develop the factual record needed for the amendment. Pls.' Mot. at 7. Given that Plaintiffs believed Teva Ltd. was a proper party years before any such disputes or change in counsel, this is a facially invalid argument.

Plaintiffs' lack of diligence by waiting six months to seek leave means they cannot now establish good cause to grant their Motion. In *Gibson*, plaintiffs specified that they learned the new information leading to their amendment in a deposition and filed their motion to amend within two months of that event. The court found this insufficient under a good cause standard because there was no explanation for why they waited two months or why they could not have filed the motion sooner. As a result, the motion to amend was denied because "unexplained tardiness constitutes undue delay." *Id*. (quoting *Carruthers v. BSA Adver., Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004)); *see also S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1242 (11th Cir. 2009) (denying motion to amend where plaintiff "lacked diligence ... because it waited ... to file a motion to amend its complaint with information that it had known **over a month**.") (emphasis added). At a minimum, Plaintiffs knew they intended to

seek leave to add Teva Ltd. in January 2024, but still inexplicably waited half a year to do so. They do not explain this delay in their Motion for Leave to Amend. Their lack of diligence demands denial of their Motion.

Plaintiffs' dilatory conduct is further illustrated by the allegations in the Third Amended Master Complaint. They allege that Teva Ltd. is "liable for the acts of the other Teva Defendants" based on the corporate structure and Teva Ltd. holding itself out as a singular, integrated business in **publicly available** corporate filings from **2011-2017**. *See* Proposed Third Am. Master Compl., Doc. 694-1, at 45-46. Thus, Plaintiffs can hardly establish that the information they needed to seek leave to add Teva Ltd. was incapable of being learned sooner through reasonable diligence.

Because Plaintiffs cannot establish good cause to allow the amendment based on their lack of diligence, that ends the inquiry, and their late amendment should be denied. *See Doe v. Gwinnett Cty. Sch. Dist.*, 2021 WL 2169947, at *3 (N.D. Ga. Apr. 8, 2021) ("Because the Court has determined that Plaintiff has not shown good cause under Rule 16, it need not determine whether allowing the amendment would be proper under Rule 15.").

## II.  Allowing the Amendment now is prejudicial to the Defendants and is the result of undue delay under Rule 15.

Even if the Court determines that the Motion should be analyzed under Rule 15's standards because the Rule 16 analysis has been satisfied (which should not be

the case, given Plaintiffs' lack of diligence under Rule 16), Plaintiffs' Motion should still be denied as unduly prejudicial and untimely.

Under both Rules 15 and 21, an amendment should be allowed only where there has not been undue delay and there will be no undue prejudice to the opposing party, among other factors that the Court must consider. *See* Pls.' Mot. at 5 (citing *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)). "Undue delay is a legitimate reason for the district court to refuse to grant leave to amend." *Poole v. Wichard, Inc.*, 2022 WL 2903400, at *3 (11th Cir. July 22, 2022). Undue delay exists where there is "no good reason why [plaintiff] could not have made the motion earlier." *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1287 (11th Cir. 2003). The "amount of time movant knew of the claim prior to seeking leave to amend" and "the amount of time movant delayed in seeking to amend the complaint upon learning of the claim" are key considerations in assessing undue delay in a request for leave to amend. *Lesman v. Specialized Loan Servicing, LLC*, 2015 WL 13774251, at *4 (N.D. Ga. Jan. 12, 2015).

Undue prejudice results from a late request to amend when a case has been pending for some time and amendment will cause unnecessary expense and delay. *Gallagher Benefit Servs., Inc. v. Campbell*, 2020 WL 3404935, at *3 (N.D. Ga. June 11, 2020) (noting that, in litigation pending for more than one year with two

adjustments to the scheduling order and other imminent deadlines, additional claims against current defendants would be unduly prejudicial). Here, given the length of time that this case has been pending, the amount of discovery that has been conducted already, and the current plan to begin bellwether trials next year, undue prejudice to the Teva Defendants will undoubtedly result if leave to amend to add Teva Ltd. is granted at this late stage.

In fact, at the January status conference, the Court was concerned that any motion to add a party would "put the case back." Jan. Trans. at 37-39. Plaintiffs do not meaningfully discuss how their proposed amendment would not cause prejudice and delay here. And this is true even though the Court—six months before the current motion was filed—noted that "the later you wait, the more prejudice and problem it is." Jan. Trans. at 39:14-22.

Plaintiffs just summarily state that the discovery deadline is "still six and a half months away" [now five months] so "there will be sufficient time to complete all general corporate discovery in this case." Pls.' Mot. at 7. This statement blatantly ignores how long service through the Hague Convention usually takes. Should Plaintiffs be allowed to amend and then assuming a plaintiff-friendly timeline for service under the Hague Convention, it is highly unlikely if not impossible for the parties to meet the January 2025 corporate discovery deadline. Suppose that

Plaintiffs begin the Hague Convention process on September 1, 2024 and are successful in serving Teva Ltd. within 30 days (October 1). Teva Ltd. would then have 60 days to answer the Third Amended Master Complaint (December 1). Plaintiffs would then presumably serve interrogatories and/or requests for admission, giving Teva Ltd. 30 days (until January 2025) to respond. Under this timeline, any corporate depositions would not occur until after the current deadline to complete corporate discovery has passed. And all of this assumes service goes both smoothly and quickly, which is contradicted by Plaintiffs' assertions about the disruptions caused by the current war. Plaintiffs' insistence that the corporate discovery deadline will not be negatively impacted and that "[n]either side will be prejudiced" by the amendment is simply a fallacy. Pls.' Mot. at 7.

There is no way for this litigation to remain on track to resolution under the current schedule or one reasonably close to it if Plaintiffs' Motion is granted. Given their undue delay in seeking their amendment, the unavoidable disruption amendment would cause to the Court's schedule, and the resulting prejudice to the Teva Defendants from allowing it at this late stage, the Motion should be denied.

## III.   The Stipulation was designed to avoid the very disruption that adding Teva Ltd. nowwould create.

At the January status conference, the Court discussed the parties' hard-fought August 2023 Stipulation, noting that any impact on the Stipulation should be

16

considered for any proposed motion for leave to amend. Jan. Trans. at 37-39. Plaintiffs' entire discussion of the Stipulation is a two-sentence footnote that the Stipulation "does not implicate Teva Ltd." Pls.' Mot. at 1. This oversimplifies the issue.

As explained at the January status conference, after years of discovery, in August 2023, the Teva Defendants and Plaintiffs entered into a Stipulation which, in the Teva Defendants' understanding "obviated the need for R.F.P. Set 4 which necessarily tied in the corporate structure and corporate liability," meaning "there would be no need to add Teva Limited as a potential defendant as sort of the basis of entering into that stipulation." Jan. Trans. at 37-38. Indeed, as discussed at that conference, the Teva Defendants were surprised when, five months after the Stipulation was entered, Plaintiffs raised the issue of adding Teva Ltd. as a defendant. *Id*. at 38.

As the Court previously noted in the June 2023 status conference, when Plaintiffs advised that an agreement on the Stipulation could not be reached, "the more specific we can figure out what everybody is afraid of, and kind of deal with it that way — because I think if we can actually truly get agreement, that there is one entity that will not affect admissibility, that we don't have to apportion, that we don't have to go back and figure out where all these documents are, and that that entity

has some money, then I think everybody is going to be happy." Trans. Status Conf. (June 12, 2023), Doc. No. 518 at 20. The Court expounded by saying that as long as the stipulation precluded the entity that has money from playing "some crazy game" to avoid payment, then the parties would be happy and it would be preferable to work the issue out by stipulation if possible. *Id*. Plaintiffs' counsel resoundingly agreed that this accurately "summed up" what they sought from the Stipulation, even jokingly making sure that the Court's summation was on the record. *Id*.

The Stipulation satisfied the "summed up" concerns of Plaintiffs: 1) it provides for joint and several liability among the named Teva Defendants to allay Plaintiffs' concern about having a solvent defendant that will not play any "crazy game"; 2) it provides that there is no need for Plaintiffs to parse out liability among the Teva Defendants; 3) it provides that if evidence is admissible as to one Teva Defendant, it is admissible as to all; 4) it provides that proof of liability as to one Teva Defendant is proof as to all Teva Defendants; and 5) it contains provisions regarding document authenticity/business records. *See* Stipulation, Doc. No. 538. After the Stipulation was entered, all parties understood and intended that a defendant like Teva Ltd. need not be actually named in the MDL to put to rest Plaintiffs' concerns about obtaining all appropriate discovery, ensuring liability

would be covered by the named defendants, and ensuring adequate capitalization for any judgment.

Plaintiffs chose not to discuss any of this in their Motion, instead stating that the Stipulation is not relevant because it does not "implicate" Teva Ltd. Pls.' Mot. at 1, n.1. But if Teva Ltd. is added now, as Plaintiffs admit, the Stipulation would not apply to it as Teva Ltd. was not a party to the Stipulation. Thus, the parties will be back to square one on document admissibility and parsing liability. The Stipulation, therefore, is relevant to whether this case can remain on track to trial of bellwether cases in 2025, or whether deadlines must again be extended for months to accommodate this significant change in the makeup of the defendants, with all of the additional discovery and related issues that it would raise.

## CONCLUSION

For all of these reasons, the Teva Defendants respectfully request that Plaintiffs' Motion to Amend and file a Third Amended Master Complaint be denied. The Teva Defendants pray for any additional relief to which they may be entitled.

This 28th day of August, 2024

Respectfully submitted,

*/s/ Christopher D. Morris*
Christopher D. Morris
Butler Snow LLP
Mississippi Bar No. 102981
Renaissance at Colony Park
Suite 1400
1020 Highland Colony Parkway
Ridgeland, MS 39158
Telephone: (601) 985-4437
chris.morris@butlersnow.com

***Co-Lead Counsel for the Teva
Defendants***

*/s/ Lori G. Cohen*
Lori G. Cohen
Allison Ng
Greenberg Traurig, LLP
Georgia Bar No. 174455
Terminus 200
3333 Piedmont Rd., NE
Suite 2500
Atlanta, GA 30305
Telephone: (678) 553.2385
cohenl@gtlaw.com
nga@gtlaw.com

***Co-Liaison Counsel for Defendants***

*/s/ Pamela L. Ferrell*
Pamela L. Ferrell
Butler Snow LLP
Georgia Bar No. 569713
1170 Peachtree Street NE
Suite 1900
Atlanta, GA 30309
Telephone: (678) 515-5011
pamela.ferrell@butlersnow.com

***Co-Lead Counsel for the Teva
Defendants***

## <u>CERTIFICATE OF</u>
## <u>COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), I hereby certify that I have prepared the foregoing in compliance with Local Rule 5.1 in Times New Roman 14-point font.

This 28th  day of August, 2024.

*/s/ Christopher D. Morris*
Christopher D. Morris
Mississippi Bar No. 102981

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day I electronically filed the foregoing Opposition to Plaintiffs' Motion for Leave to Amend Second Amended Master Personal Injury Complaint with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the attorneys of record.

This 28th day of August, 2024.

*/s/ Christopher D. Morris*
Christopher D. Morris
Mississippi Bar No. 102981
