# EXHIBIT J

THE FOLLOWING IS THE P.D.F. OF AN OFFICIAL TRANSCRIPT.
OFFICIAL TRANSCRIPTS MAY ONLY BE FILED IN CM/ECF BY THE
OFFICIAL COURT REPORTER AND WILL BE RESTRICTED IN CM/ECF FOR A
PERIOD OF 90 DAYS.  YOU MAY CITE TO A PORTION OF THE ATTACHED
TRANSCRIPT BY THE DOCKET ENTRY NUMBER, REFERENCING PAGE AND
LINE NUMBER, ONLY AFTER THE COURT REPORTER HAS FILED THE
OFFICIAL TRANSCRIPT.  HOWEVER, YOU ARE PROHIBITED FROM
ATTACHING A FULL OR PARTIAL TRANSCRIPT TO ANY DOCUMENT FILED
WITH THE COURT.

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF GEORGIA
                       ATLANTA DIVISION


IN RE: PARAGARD IUD           )
PRODUCTS LIABILITY            )
LITIGATION                    )
                              )        DOCKET NUMBER
                              )        1:20-MD-2974-LMM
                              )
                              )        ATLANTA, GEORGIA
                              )         JULY 26, 2022
                              )
                              )
_____)



   TRANSCRIPT OF ZOOM DISCOVERY/STATUS CONFERENCE PROCEEDINGS
         BEFORE THE HONORABLE LEIGH MARTIN MAY,
              UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE PLAINTIFF:          ANDREW CHILDERS
                            CHILDERS, SCHLUETER & SMITH, LLC
                            ATLANTA, GEORGIA 30319

                            ERIN COPELAND
                            FIBICH, LEEBRON, COPELAND & BRIGGS
                            HOUSTON, TEXAS  77005



          (APPEARANCES CONTINUED ON THE NEXT PAGE.)



           MECHANICAL STENOGRAPHY OF PROCEEDINGS
         AND COMPUTER-AIDED TRANSCRIPT PRODUCED BY

OFFICIAL COURT REPORTER:    MONTRELL VANN, RPR, RMR, RDR, CRR
                            2160 UNITED STATES COURTHOUSE
                            75 TED TURNER DRIVE, SOUTHWEST
                            ATLANTA, GEORGIA  30303
                            (404)215-1549
```

<u>APPEARANCES CONTINUED</u>

```
FOR THE PLAINTIFF:        FIDELMA FITZPATRICK
                          MOTLEY, RICE, LLC
                          PROVIDENCE, RHODE ISLAND  02903

FOR THE DEFENDANT:        FREDERICK ERNY, ALLISON NG,
                          GINA SAELINGER
                          ULMER & BERNE, LLP
                          CINCINNATI, OHIO  45202
```

```
 1  WE COULD CONFER AMONG OURSELVES AND GET BACK TO YOU TODAY
 2  BEFORE WE FINISH OUR CONFERENCE, IF THAT WOULD BE OKAY.
 3            THE COURT:  OKAY.  AND THAT'S FINE.  WHAT I WANT TO
 4  MAKE SURE, DEFENDANTS ARE ALREADY DOING SEARCHES, SO OBVIOUSLY
 5  I'M NOT SAYING THAT IT'S GOING TO BE THE DATE UP UNTIL THE TIME
 6  WHEN THEY STARTED SEARCHING BECAUSE I DON'T KNOW WHAT
 7  EVERYONE'S POSITION IS ON THAT.  BUT I WOULD FIND IT UNLIKELY
 8  THAT I WOULD ADOPT A DATE THAT WOULD REQUIRE THEM TO GO BACK
 9  AND DO SOME OF THE SEARCHES THEY HAVE ALREADY DONE TO -- WELL,
10  I GUESS THEY'RE GOING TO HAVE TO DO THAT IF THEY DID THEM WITH
11  THE SEPTEMBER 19TH DATE, SO -- BUT THAT THERE'S A POINT WHERE
12  THEY CAN'T KEEP GOING AND DOING SEARCHES AND PULLING DOCUMENTS
13  AGAIN, THAT WE HAVE TO HAVE SOME CLOSURE.  SO THINK ABOUT THAT
14  AND CONFER ON THAT ONE.  AND THAT'S SOMETHING THAT I CAN EASILY
15  DECIDE FROM AN E-MAIL IF YOU GUYS GET STUCK ON IT.
16       SO, MR. ERNY, YOU WILL GET A DATE.  THAT'S A GOOD POINT.
17  SO WE'LL TABLE THAT FOR THE MOMENT.
18       NOW, CUSTODIAL FILE.  LET ME TALK ABOUT HOW I PERCEIVE
19  THIS ISSUE BASED ON WHAT I'VE READ SO THAT IN ADDRESSING THIS
20  ISSUE YOU CAN ALSO KIND OF SHAKE OUT ANYTHING I'M THINKING THAT
21  YOU THINK IS INACCURATE OR AT LEAST KNOW KIND OF WHAT MY
22  INITIAL THOUGHTS ARE ON THIS.  AND I'VE TALKED ABOUT THIS MAYBE
23  A LITTLE BIT WHEN WE TALKED ABOUT THE BATES NUMBERING.  SO THE
24  WAY I SEE THE CUSTODIAL FILE ISSUE IS THAT THERE ARE CERTAIN
25  REQUESTS THAT ARE ASKING FOR CUSTODIAL FILES.  LET'S PUT THAT
```

```
 1   ASIDE.  THAT'S A WHOLE DIFFERENT ISSUE.  THE ISSUE THAT I FEEL
 2   IS IN FRONT OF ME THAT'S A BIGGER ISSUE IS HOW CAN THE
 3   DEFENDANTS UTILIZE THIS CUSTODIAL FILE KIND OF PROCESS IN
 4   RESPONDING TO DISCOVERY.  AND LET'S TALK FIRST ABOUT THE
 5   PARTICULAR R.F.P.'S THAT WE'RE GOING TO TALK ABOUT.
 6        AND IN DOING THAT, MS. SAELINGER, I THINK YOU CAN ASSUME
 7   THAT WE'RE TALKING ABOUT THIS IN TERMS OF GETTING THESE DOWN TO
 8   PARTICULAR R.F.P.'S THAT ARE ASKING FOR PARTICULAR DOCUMENTS.
 9   AND SO LET'S THINK ABOUT IT KIND OF IN THAT WAY.  NOW, IF
10   THERE'S AN R.F.P. THAT ASKS FOR EXAMPLES, LIKE, FOR EXAMPLE,
11   WHAT'S ONE THAT EVERYONE THINKS IS OKAY?  WELL, WE'LL TALK
12   ABOUT -- ONE OF THEM IS ASKING FOR A SPECIFIC SET OF DOCUMENTS
13   THAT PERHAPS WERE PROVIDED TO THE F.D.A.  LET'S SAY -- TALK
14   ABOUT COMMUNICATIONS DIRECTLY WITH THE F.D.A.  LET'S TALK ABOUT
15   SOMETHING LIKE THAT.  OKAY.  THERE ARE TWO WAYS I PERCEIVE OF
16   THAT BEING RESPONDED TO, IS THAT THE DEFENDANTS CAN KIND OF, IN
17   THE UNIVERSE OF DOCUMENTS THAT THEY'RE SEARCHING, MAKE SURE
18   THAT THEY ARE LOOKING IN THE PLACES WHERE COMMUNICATIONS WITH
19   THE F.D.A. WOULD BE FOUND.  AND FOR SOMETHING LIKE THAT I WOULD
20   ASSUME YOU DON'T HAVE, LIKE, A BUNCH OF PEOPLE THAT ARE
21   REASONABLY COMMUNICATING WITH THE F.D.A., THAT THERE ARE
22   PARTICULAR PEOPLE THAT DO THAT.  AND SO YOU ARE RESPONDING TO
23   THAT R.F.P. BY EITHER SEARCHING IN AREAS WHERE THOSE DOCUMENTS
24   ARE REASONABLY TO BE FOUND, OR YOU'RE RESPONDING TO THAT
25   QUESTION BY IDENTIFYING THE PARTICULAR PEOPLE THAT WOULD BE
```

```
1    REASONABLY RESPONDING AND COMMUNICATING TO THE F.D.A. AND
2    SEARCHING THEIR CUSTODIAL FILES OR PRODUCING THEIR CUSTODIAL
3    FILE.  AND SO YOU'RE DOING IT ONE OF TWO WAYS.  YOU'RE MAKING A
4    REASONABLE SEARCH TO IDENTIFY THESE PARTICULAR DOCUMENTS, AND
5    YOU'RE EITHER DOING IT BY SEARCHING CUSTODIAL FILES OR
6    PRODUCING CUSTODIAL FILES, OR YOU'RE DOING IT BY SOME INTERNAL
7    WAY YOU'VE DEVISED TO DO A REASONABLE SEARCH.  AND SO TO SOME
8    EXTENT, WHICHEVER ONE OF THOSE YOU CHOOSE, DOESN'T REALLY
9    MATTER TO ME.  I DON'T KNOW IF THERE WOULD BE LESS THAN TEN
10   CUSTODIANS THAT MIGHT HAVE INFORMATION ABOUT F.D.A.
11   COMMUNICATIONS OR MAYBE MORE THAN THEN, BUT THERE WOULD BE A
12   WAY FOR THE DEFENDANTS TO KNOW WHO'S COMMUNICATING WITH THE
13   F.D.A. ABOUT PARAGARD AND FINDING THE DOCUMENTS THAT THEY MIGHT
14   HAVE.  AND YOU COULD POTENTIALLY SHOW YOUR WORK BY SAYING,
15   THESE ARE THE ONLY CUSTODIANS WE COULD IDENTIFY THAT REASONABLY
16   WOULD HAVE THIS INFORMATION, WE SEARCHED THEIR FILES, THIS IS
17   WHAT HAS BEEN PRODUCED, OR YOU CAN JUST SAY, AFTER A REASONABLE
18   SEARCH, THESE ARE THE DOCUMENTS WE COULD FIND.  EITHER WAY I
19   SEE US GETTING TO THE SAME POINT.  IT'S JUST A MATTER OF HOW
20   INTERNALLY YOU DO THAT AND KIND OF HOW YOU SHOW YOUR WORK.  BUT
21   AT THE END MY EXPECTATION WOULD BE THAT FOR A PROPER REQUEST
22   FOR PRODUCTION OF DOCUMENTS THAT WE'VE GONE THROUGH, THAT SOME
23   SORT OF REASONABLE SEARCH HAS BEEN MADE AND THEN THE DOCUMENTS
24   HAVE BEEN IDENTIFIED IN SOME WAY THAT WERE PRODUCED, AND THAT'S
25   KIND OF HOW WE HANDLE THAT.
```

1  NOW, AND SO I DON'T THINK IT WOULD BE FAIR IN THAT
2  CIRCUMSTANCE TO POTENTIALLY LIMIT THE SEARCH TO TEN DOCUMENT
3  CUSTODIANS WHEN THERE MIGHT BE 12 PEOPLE THAT ARE COMMUNICATING
4  WITH THE F.D.A. ABOUT PARAGARD, AND SO I THINK WE WOULD HAVE TO
5  DO THE ONES THAT HAD THE DOCUMENTS.  BUT I ALSO THINK, TO KIND
6  OF YOUR POINT, I MEAN, YOU HAVE TO DO A REASONABLE SEARCH.  SO
7  IF THERE'S SOMEONE THAT YOU'VE NEVER -- THAT NO ONE IN THE
8  COMPANY KNOWS WAS SECRETLY CORRESPONDING WITH THE F.D.A., I
9  MEAN, IT WOULDN'T NECESSARILY BE REASONABLE FOR YOU TO KNOW
10 THAT THAT WAS SOMEONE WHOSE DOCUMENTS YOU NEEDED TO SEARCH.  SO
11 IDENTIFYING A DOCUMENT CUSTODIAN AND SEARCHING THEIR DOCUMENT
12 SEEMS TO ME LIKE A FINE WAY TO DO THIS AS LONG AS YOU'RE MAKING
13 THE DECISION POTENTIALLY INTERNALLY ABOUT WHO HAS THOSE
14 DOCUMENTS BECAUSE ONCE YOU MAKE IT PLAINTIFFS' RESPONSIBILITY
15 TO IDENTIFY WHOSE DOCUMENTS, THEN WE GET IN A SITUATION WHERE
16 THEY DON'T REALLY KNOW WHAT YOU KNOW, AND IT'S A DIFFICULT WAY
17 I THINK TO HANDLE IT.  BUT THAT'S KIND OF WHAT I SEE AS THIS
18 ISSUE TO ME, IS THAT THESE REQUESTS, THESE REQUESTS THAT ARE
19 PARTICULAR HAVE BEEN TO BE ANSWERED IN SOME WAY.  AND WE'RE
20 GOING TO GET IT DOWN TO SOMETHING THAT IS REASONABLE, BUT THIS
21 IS A BIG CASE.  BUT HOW THAT'S DONE, I DON'T NECESSARILY -- THE
22 WORD IS NOT, I DON'T CARE, BUT I'M FLEXIBLE, I GUESS, AS TO HOW
23 YOU GET TO THAT POINT.  BUT THAT'S KIND OF HOW I SEE THIS AT
24 THE OUTSET, THAT A CUSTODIAL FILE SEARCH SOUNDS GREAT, BUT
25 THERE HAS TO BE AT THE END OF IT SOME SORT OF ABILITY TO ASSERT

```
1    TO THE COURT AND PLAINTIFFS THAT A REASONABLE SEARCH WAS
2    PERFORMED AND ALL RESPONSIVE DOCUMENTS THAT AREN'T OBJECTED TO
3    FOR OTHER REASONS WERE PRODUCED.  AND HOW WE GET TO THAT POINT,
4    I'M FLEXIBLE ON.
5         SO WITH THAT KIND OF UNDERSTANDING AND MAYBE
6    MISUNDERSTANDING, I'LL LET YOU PROCEED.
7              MS. SAELINGER:  THANK YOU, YOUR HONOR.  AND I MIGHT
8    BE DRAWING MY COLLEAGUE JEFF SCHAFER INTO SOME OF THESE
9    DISCUSSIONS AS WELL, BUT LET ME SEE --
10             THE COURT:  THAT'S FINE.
11             MS. SAELINGER:  -- SEE IF I CAN SORT OF START AT THE
12   BEGINNING OF WHERE YOU STARTED, YOUR HONOR.  AND IT IS NOT IN
13   ALL R.F.P.'S THAT WE REFER TO CUSTODIAL FILES.  IT'S IN ABOUT A
14   THIRD OF THEM.  AND IN FULL DISCLOSURE OF HOW WE DRAFTED OUR
15   RESPONSES, YOUR HONOR, AGAIN, WHERE AN R.F.P. CALLS FOR, AS
16   ALLOWED BY RULE 34, AN ITEM OR A PARTICULAR CATEGORY OF ITEMS,
17   WE RESPONDED AND SAID, YOU KNOW, WE WILL PRODUCE THAT ITEM OR
18   PARTICULAR CATEGORY OF ITEMS, BUT IN SOME CIRCUMSTANCES THERE
19   COULD BE RESPONSIVE DOCUMENTS IN AN EMPLOYEE'S CUSTODIAL FILE.
20   WE DON'T KNOW IF THERE, EXCUSE ME, ARE OR ARE NOT, BUT IN FULL
21   DISCLOSURE, THERE COULD BE BECAUSE OVER THE COURSE OF A PRODUCT
22   THAT'S BEEN ON THE MARKET SINCE I WAS IN HIGH SCHOOL IN THE
23   '80'S, YOU KNOW, THERE HAVE BEEN A LOT OF PEOPLE WHO COULD HAVE
24   POTENTIALLY, TO USE YOUR EXAMPLE, HAD COMMUNICATIONS WITH THE
25   F.D.A. OR COULD HAVE, YOU KNOW, ANOTHER EXAMPLE BEING, HAD A
```

```
 1   ALSO SAY THAT WE WOULD NEED TO TALK ABOUT WHETHER THAT
 2   RECORDS -- WHETHER THAT RECORDS CUSTODIAN, THEN, WOULD BE --
 3   HOW WE WOULD BE PRODUCING THAT INFORMATION.  ARE WE GOING WITH
 4   THE AGREEMENT THAT WE REACHED UNDER THE E.S.I. PROTOCOL WITH
 5   THE BINARY RESPONSE OF NOT RESPONSIVE?  ARE WE -- YOU KNOW, HOW
 6   IS THAT GOING TO WORK?  AND THEN I WOULD ALSO WANT TO TALK
 7   ABOUT, YOU KNOW, JUST AS AN OVERARCHING DISCOVERY IN GENERAL, A
 8   REASONABLENESS AND A PROPORTIONALITY, SO AT THE END OF THE DAY
 9   WE DO HAVE SOME TYPE OF PROCESS IN PLACE AND, YOU KNOW, A CAP
10   TYPE IN PLACE.  OUR PROPOSAL HAD, YOU KNOW, 40 OF THESE
11   CUSTODIANS WITH AN OPTION FOR TEN MORE IN THE COURSE OF THE
12   LITIGATION.  SO I WOULD WANT SOME OF THAT DISCUSSED, AND THAT'S
13   WHAT REALLY WE HOPE TO DO WITH OUR PROTOCOL AS WELL.
14             THE COURT:  WELL, I SEE THAT THE MAIN PROBLEM WITH
15   YOUR PROTOCOL THAT I SAW AND THAT IT -- AND WHAT I'M TALKING
16   ABOUT THIS, IS I'M TALKING ABOUT AFTER -- I'VE READ EVERYTHING
17   HERE IN A LOT OF DETAIL.  SO WHERE I SEE YOUR SUBMISSION HAVING
18   THE MOST HANG-UP WITH THE PLAINTIFFS IS JUST WHAT MR. CHILDERS
19   SAID, IS THAT MOST OF THE IMPETUS IN DETERMINING WHO THE
20   RECORDS CUSTODIANS ARE THAT ARE KIND OF THE ONES WHO ARE
21   RESPONDING TO THESE R.P.D.'S IS ON THE PLAINTIFFS WITHOUT A LOT
22   OF INFORMATION ABOUT WHO IN HARD NUMBERS WHEN IT'S NOT CLEAR AT
23   ALL WHO THE PEOPLE ARE WITH THE DOCUMENTS.  AND SO I THINK THAT
24   YOU CAN SAY THIS PERSON DOES THIS JOB, THIS PERSON DOES THIS
25   JOB, BUT I WOULD ASSUME THERE NEEDS TO BE SOME SORT OF
```

1  AFFIRMATIVE REPRESENTATION ABOUT WHO HAS THE DOCUMENTS, WHO ARE
2  THE PEOPLE THAT MOST LIKELY HAVE THESE DOCUMENTS.  AND IT MAY
3  BE THAT A HARD NUMBER STOP IS APPROPRIATE, BUT UNTIL IT'S CLEAR
4  WHO HAS THESE DOCUMENTS, IT'S VERY DIFFICULT TO KNOW WHAT THAT
5  NUMBER MIGHT BE.  I DON'T KNOW IF 40 OR 50 IS A GOOD NUMBER OR
6  NOT BECAUSE I DON'T KNOW HOW THESE COMPANIES ARE SITUATED AND
7  HOW DIFFUSE THESE KIND OF DEPARTMENTS ARE.  I DON'T KNOW THE
8  ANSWER TO THAT QUESTION, AND I SEE THAT THAT'S WHAT'S CAUSING
9  THE PLAINTIFF THE MOST CONCERN, IS THAT I DON'T THINK THAT
10 ANYONE HAS A PROBLEM WITH SEARCHING THE RECORDS CUSTODIAN AS A
11 WAY TO RESPOND TO THIS, BUT IDENTIFYING THE APPROPRIATE
12 CUSTODIAN SEEMS TO BE WHERE THE REAL RUB IS HERE AND KNOWING
13 THAT -- THERE CAN BE FIVE PEOPLE THAT WORK IN THIS DEPARTMENT,
14 AND THEN SOMEBODY WORKS IN A DEPARTMENT THAT'S GOT A WEIRD NAME
15 AND THEY'RE THE ONES THAT HAVE EVERY SINGLE ONE OF THE
16 DOCUMENTS, BUT IT'S UNCLEAR THAT THEY'RE THE PERSON.  AND SO
17 THERE'S GOT TO BE SOME KIND OF MECHANISM TO FIND OUT WHO THE
18 PROPER RECORDS CUSTODIANS ARE, THAT THAT'S WHAT I SEE IS THE
19 REAL RUB ON THE RECORDS CUSTODIAN THING.  AND SO I WAS
20 PROPOSING MAYBE TO PUT THAT ASIDE, BECAUSE THAT SEEMED TO HAVE
21 SOME HANG-UPS, AND GO WITH JUST THE DEFENDANTS JUST NEED TO
22 RESPOND TO THE R.P.D.'S.  AND IF THEY WANT TO DO IT BY A
23 RECORDS CUSTODIAN OR SOMETHING ELSE, THEN THAT'S OKAY.  IT
24 APPEARS THAT, I MEAN, WE'VE GOT TO GET THE SPECIFIC R.P.D.'S
25 ANSWERED, AND SO WE'VE GOT TO HAVE A WAY TO DO THAT.  AND JUST

Case 1:20-md-02974-LMM   Document 705-1   Filed 09/05/24   Page 12 of 15

50

1   SAYING, WE'RE GOING TO IDENTIFY -- THE PLAINTIFFS HAVE TO PICK

2   TEN RECORDS CUSTODIANS, THAT JUST DOESN'T SEEM LIKE IT'S GOING

3   TO WORK.  SO THAT'S WHERE I'M HUNG UP, IS THAT THESE R.P.D.'S,

4   THE ONES THAT I'M GOING TO NARROW, THEY HAVE TO BE RESPONDED TO

5   IN SOME WAY.  I THINK THAT THE DEFENDANTS HAVE A VERY STRONG

6   PROCESS THEY WANT TO USE THAT THE PLAINTIFFS DON'T WANT TO, AND

7   I CAN -- IT'S GOING TO BE HARD FOR ME TO GET THAT PROCESS

8   NARROWED DOWN NECESSARILY, BUT I'M BACK TO THE POINT THAT I

9   NEED RESPONSES.  AND AT SOME POINT IT'S GOING TO BE THE

10  DEFENDANT HAS TO RESPOND TO THINGS.  SO THAT'S WHERE I'M A

11  LITTLE BIT CONFUSED ABOUT HOW YOU WANT TO PROCEED BECAUSE IT

12  SOUNDS LIKE WHAT YOU WANT TO DO NOW IS KIND OF GO BACK AND TALK

13  ABOUT THE PROTOCOL, BUT I THINK THAT THAT PROCESS Y'ALL HAVE

14  ALREADY TOLD ME IS BROKEN.

15       SO WHAT DO YOU THINK WE SHOULD DO, MS. SAELINGER, WITH

16  THIS ISSUE?

17            MS. SAELINGER:  WELL, I THINK THAT IF WE ACTUALLY HAD

18  AN R.F.P. THAT ASKED FOR, YOU KNOW, A CUSTODIAN WHO HAD, YOU

19  KNOW, 'X' DOCUMENTS, THAT WOULD BE AN EASIER R.F.P. TO RESPOND

20  TO THAN HAVING TO -- BECAUSE WHAT THIS REALLY DOES WHEN IT ASKS

21  FOR ANY AND ALL CORRESPONDENCE WITH F.D.A. -- AND MAYBE THIS

22  ISN'T WHAT THE PLAINTIFFS INTEND OR WHAT YOU INTEND, YOUR

23  HONOR, BUT WHEN AN R.F.P. ASKS FOR ANY AND ALL CORRESPONDENCE

24  WITH F.D.A., UNLESS SOMEBODY TELLS ME DIFFERENTLY, ANY AND ALL

25  MEANS ANY AND ALL, WHICH I THINK IS NOT REASONABLE AND NOT

```
1    PROPORTIONAL.  SO WE NEED TO FIGURE OUT A WAY THAT MAKES
2    RESPONDING TO THAT R.F.P. NUMBER ONE, YOU KNOW, REASONABLE
3    UNDER THE RULES AND PROPORTIONAL UNDER THE RULES.  SO, YOU
4    KNOW, IF THERE'S SOME PROPOSAL THAT WE -- YOU KNOW, THAT THE
5    PLAINTIFFS ASK IN A DIFFERENT WAY, YOU KNOW, WHO ARE, YOU KNOW,
6    POTENTIAL CUSTODIANS OF PEOPLE WHO CORRESPONDED WITH F.D.A.,
7    AND THERE'S A -- THERE'S SOME TYPE OF A REASONABLENESS
8    COMPONENT --
9              THE COURT:  WELL, AND, MS. SAELINGER, I THINK THAT'S
10   KIND OF WHAT I WAS PROPOSING.  AND WHEN I WAS TALKING ABOUT
11   THIS, I WAS ALWAYS SAYING REASONABLE, REASONABLE.  AND SO I
12   DON'T SEE WHY YOU COULD NOT ANSWER THIS R.F.A. -- EXCUSE ME --
13   THIS REQUEST FOR THE PRODUCTION OF DOCUMENTS, WHY YOU CAN'T
14   ANSWER IT BY, WE'RE DOING THE HARD CORRESPONDENCE, THE FORMAL
15   CORRESPONDENCE, THE FOLLOWING PEOPLE ARE THE RECORDS CUSTODIANS
16   FOR WHICH THE E-MAIL DOCUMENTS WOULD REASONABLY BE IN THEIR
17   FILES, WE ARE PRODUCING THE CUSTODIAL FILES FOR THESE
18   INDIVIDUALS, PERIOD.  AND SO I DON'T KNOW THAT THEY HAVE TO
19   REWRITE IT AND SAY, IDENTIFY THE CUSTODIANS WHO REASONABLY HAVE
20   COMMUNICATIONS WITH THE F.D.A. IN THEIR FILES, BUT I THINK YOU
21   COULD ANSWER IT BY SAYING, THESE ARE THE PEOPLE THAT REASONABLY
22   HAVE THIS INFORMATION IN THEIR FILES AND WE ARE PRODUCING THEIR
23   FILES, OR IF THAT'S TOO MESSY, WE'RE JUST PRODUCING THEIR
24   E-MAIL CORRESPONDENCE.  AND THEN YOU'RE DONE.  SO I DON'T KNOW
25   WHY THE QUESTION HAS TO BE REWRITTEN WHEN THE ANSWER CAN BE
```

1  JUST LIKE YOU STATED.

2         MS. SAELINGER:  I THINK I'M FOLLOWING YOU, YOUR

3  HONOR.  AND, AGAIN, YOU KNOW, SINCE THIS IS A LITTLE BIT OF A

4  NEW TWIST ON THIS, I'D WANT TO TALK TO MY TEAM A LITTLE BIT

5  MORE.  AND MR. ERNY MAY HAVE SOME MORE TO ADD ON NUMBER ONE AS

6  WELL SINCE WHEN WE KIND OF SPLIT THESE UP, THAT WAS HIS TOPIC,

7  SO I DON'T WANT TO STEAL ANY POTENTIAL THUNDER HE MAY HAVE.

8  BUT I'M UNDERSTANDING I THINK WHAT YOU'RE SAYING, YOUR HONOR,

9  AND I THINK THAT AS WE GET THROUGH SOME OF THESE WHERE WE DID

10 MENTION CUSTODIAL FILES, THERE COULD BE SOME THAT WE WOULD EVEN

11 ELIMINATE THAT REFERENCE ENTIRELY.  BUT FOR THAT FIRST ONE, I

12 THINK I'M FOLLOWING YOU AND I'M UNDERSTANDING THAT YOU'RE

13 EXPECTING AND AGREEING WITH A REASONABLENESS STANDARD TO IT

14 TOO.

15         THE COURT:  YES, YES.  YOU DON'T HAVE TO DO ANYTHING

16 THAT'S UNREASONABLE.  ALL OF THIS HAS A FILTER.  I MEAN, IF

17 LATER THERE IS SOMEBODY AND IT'S, LIKE, OH, MY GOODNESS, THEY

18 HAD DOCUMENTS, AND YOU EXPLAIN YOUR PROCESS OF WHY THAT

19 PERSON'S DOCUMENTS WEREN'T SEARCHED AND IT'S REASONABLE, THAT'S

20 DIFFERENT THAN, WELL, THIS PERSON HAS THIS CACHE OF, LIKE,

21 SUPER GREAT DOCUMENTS AND THEY'RE OBVIOUS, THAT'S DIFFERENT

22 THAN REASONABLE.  SO YOUR -- I MEAN, DISCOVERY ALWAYS HAS A

23 REASONABLENESS FILTER ON IT.  AND I HAVE A REASONABLENESS

24 FILTER ON MYSELF.  IT'S HARD WORK THAT YOU GUYS DO AND IT'S

25 DIFFICULT TO DO THIS.  THERE'S A DIFFERENCE BETWEEN

C E R T I F I C A T E

UNITED STATES OF AMERICA

NORTHERN DISTRICT OF GEORGIA

   I, MONTRELL VANN, RPR, RMR, RDR, CRR, OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT, FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA, DO HEREBY CERTIFY THAT THE FOREGOING 111 PAGES CONSTITUTE A TRUE TRANSCRIPT OF PROCEEDINGS HAD BEFORE THE SAID COURT, HELD IN THE CITY OF ATLANTA, GEORGIA, IN THE MATTER THEREIN STATED.

   IN TESTIMONY WHEREOF, I HEREUNTO SET MY HAND ON THIS, THE 27TH DAY OF JULY 2022.

/S/ MONTRELL VANN
MONTRELL VANN, RPR, RMR, RDR, CRR
OFFICIAL COURT REPORTER
UNITED STATES DISTRICT COURT