# EXHIBIT K

THE FOLLOWING IS THE P.D.F. OF AN OFFICIAL TRANSCRIPT. OFFICIAL TRANSCRIPTS MAY ONLY BE FILED IN CM/ECF BY THE OFFICIAL COURT REPORTER AND WILL BE RESTRICTED IN CM/ECF FOR A PERIOD OF 90 DAYS.  YOU MAY CITE TO A PORTION OF THE ATTACHED TRANSCRIPT BY THE DOCKET ENTRY NUMBER, REFERENCING PAGE AND LINE NUMBER, ONLY AFTER THE COURT REPORTER HAS FILED THE OFFICIAL TRANSCRIPT.  HOWEVER, YOU ARE PROHIBITED FROM ATTACHING A FULL OR PARTIAL TRANSCRIPT TO ANY DOCUMENT FILED WITH THE COURT.

```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF GEORGIA
                             ATLANTA DIVISION




IN RE: PARAGARD IUD              )
PRODUCTS LIABILITY               )
LITIGATION                       )
                                 )
                                 )         DOCKET NUMBER
                                 )          1:20-MD-2974
                                 )
                                 )         ATLANTA, GEORGIA
                                 )         OCTOBER 25, 2022
                                 )
_____)




          TRANSCRIPT OF ZOOM STATUS CONFERENCE PROCEEDINGS
              BEFORE THE HONORABLE LEIGH MARTIN MAY,
                    UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE PLAINTIFFS:           ANDREW CHILDERS
                              CHILDERS, SCHLUETER & SMITH, LLC
                              ATLANTA, GEORGIA  30319

                              FIDELMA FITZPATRICK
                              MOTLEY, RICE, LLC
                              PROVIDENCE, RHODE ISLAND  02903



             (APPEARANCES CONTINUED ON THE NEXT PAGE.)


              MECHANICAL STENOGRAPHY OF PROCEEDINGS
          AND COMPUTER-AIDED TRANSCRIPT PRODUCED BY

OFFICIAL COURT REPORTER:      MONTRELL VANN, RPR, RMR, RDR, CRR
                              2160 UNITED STATES COURTHOUSE
                              75 TED TURNER DRIVE, SOUTHWEST
                              ATLANTA, GEORGIA  30303
                              (404)215-1549
```

```
                        APPEARANCES CONTINUED

FOR THE PLAINTIFFS:         ROBERT HAMMERS
                            SCHEIDER, HAMMERS, LLC
                            ATLANTA, GEORGIA   30342

                            BUFFY MARTINES
                            LAMINACK, PIRTLE & MARTINES
                            HOUSTON, TEXAS   77006

                            PATRICK LUFF
                            FEARS, NACHAWAIT, PLLC
                            DALLAS, TEXAS   75231

                            EDWARD WALLACE
                            WALLACE & MILLER
                            CHICAGO, ILLINOIS   60606

                            LAURA YAEGER
                            ST. PETERSBURG, FLORIDA   33747

FOR THE DEFENDANT:          FRED ERNY, ALLISON NG,
                            GINA SAELINGER & JEFFREY SCHAEFER
                            ULMER & BERNE, LLP
                            CINCINNATI, OHIO   45202
```

1  ALL ALONG.  AND, YOUR HONOR, ADDITIONALLY, AT THE LAST
2  CONFERENCE I DO RECALL YOU SAYING THAT, YOU KNOW, THIS 50 WAS
3  SOMETHING THAT WE PLUGGED INTO AN ORDER, BUT IT MAY VERY WELL
4  BE THAT, YOU KNOW, THAT JUST BECAUSE THE NUMBER 50 IS ALLOWED,
5  THAT THERE'S A POINT IN THE PROCESS WHERE MAYBE THERE'S BEEN
6  ENOUGH.  SO, YOU KNOW, IT COULD VERY WELL BE THAT WE GET TO A
7  CERTAIN NUMBER AND THE PLAINTIFFS DETERMINE THAT THEY DON'T
8  NEED ANYMORE.  BUT, YOUR HONOR, I WOULD RESPECTFULLY REQUEST
9  THAT, YOU KNOW, YOUR HONOR CONTINUE WITH WHAT WAS DISCUSSED AT
10 THE LAST HEARING, THAT WE DO GET THE FULL 75 DAYS, WHICH I'M --
11 WE'RE REALLY GOING TO NEED EVEN THAT TO DO 20 FILES.
12           THE COURT:  WELL, MY MEMORY OF WHAT WE TALKED ABOUT
13 LAST TIME AND THE DECISION THAT I MADE IS MORE SIMILAR TO WHAT
14 MS. SAELINGER JUST TALKED THROUGH, AND THAT I KIND OF THOUGHT
15 OF THIS AS THREE PHASES OF PRODUCTION.  AND SO THERE WOULD BE
16 KIND OF WORKING ON THIS FIRST CHUNK, THE SECOND, AND THE THIRD.
17 I DIDN'T GET THIS INFORMATION BEFOREHAND, SO I DON'T KNOW
18 EXACTLY THE WAY THE ORDER WOULD BE DRAFTED IN TERMS OF YOUR
19 COMPETING WORDING.  BUT IN TERMS OF MY THOUGHT PROCESS ON THIS,
20 IS THAT I DID ALLOW THIS -- DOCUMENT CUSTODIANS AS A STARTING
21 POINT.  AND I THINK YOU'RE BOTH RIGHT IN THAT THE HOPE WOULD BE
22 THAT THE PLAINTIFFS WOULD START WITH THE ONES THAT THEY HAVE
23 IDENTIFIED THAT ARE GOING TO PRODUCE THE MOST IMPORTANT
24 DOCUMENTS AND ARE KIND OF THE ONES THAT THEY HAVE FOUND TO AT
25 LEAST INITIALLY BE THE MOST IMPORTANT ONES.  AND SO THAT WILL

1  BE PRODUCED.  THEY'LL REVIEW THOSE DOCUMENTS AND THEN WE'LL
2  KIND OF MOVE ON TO THE SECOND WAVE WHICH WILL BE KIND OF THE
3  NEXT LEVEL OF PEOPLE THAT WERE IDENTIFIED IN THE FIRST DOCUMENT
4  REVIEW OF THESE CUSTODIAN RECORDS, AND THEN ALSO ONES THAT WERE
5  KIND OF ON THE LIST.  AND WE'RE GOING TO HAVE THIS KIND OF
6  THREE-BUCKET PROCESS WHERE WORK IS HAPPENING WITH REVIEWING THE
7  INFORMATION AND FIGURING OUT IF THIS 50 NUMBER IS GOOD OR NOT.
8  AND YOU'RE BOTH RIGHT IN THAT IF WE START WITH GOING DOWN THE
9  LIST AND THE DOCUMENTS THAT ARE BEING UNEARTHED BY THESE
10 CUSTODIANS JUST END UP HAVING VERY LITTLE RELEVANCE AND WE'RE
11 STARTING TO GET TO A CLEAR POINT WHERE IT'S NOT GENERATING
12 HELPFUL INFORMATION, THAT WILL BE IMPORTANT TO KNOW.
13      IT'S ALSO GOING TO BE IMPORTANT FOR PLAINTIFFS TO KEEP ME
14 UPDATED IF, AS THEY'RE GOING THROUGH THIS, IT BECOMES CLEAR
15 THAT 50 IS NOT ENOUGH.  AND SO I THINK THAT 50 IS A GOOD NUMBER
16 FROM WHAT I WAS TOLD AT THE LAST CONFERENCE, BUT IT'S NOT CLEAR
17 WHAT THESE SEARCHES ARE GOING TO UNEARTH.  BUT I DID, IN RULING
18 ON THIS AND LISTENING TO WHAT DEFENSE COUNSEL HAD TO SAY ABOUT
19 TIMING AND HOW THIS WOULD BE DONE, I DID THINK OF THIS AS, AT
20 LEAST WITH THE WAY THAT I FELT IT WAS ARGUED TO ME, THAT WE
21 WOULD DO KIND OF ONE WAVE, GET THAT DONE, ANOTHER WAVE, AND
22 THEN A THIRD WAVE.  BUT THE CONCERNS THAT PLAINTIFFS HAVE ABOUT
23 THE FINALITY OF THIS HAPPENING SO CLOSE TO THE CLOSE OF
24 DISCOVERY, TO ME THAT IS GOING TO BE DEALT WITH IN TERMS OF THE
25 FACT THAT THEY'RE GOING TO BE REVIEWING DOCUMENTS AND DOING

1   THINGS AND LOOKING AT THINGS, AND IT'S NOT GOING TO BE WE'RE
2   GOING TO END THIS CUSTODIAN PERIOD AND THEN THAT PROCESS IS
3   GOING TO START.  WE'RE GOING TO KNOW KIND OF BEFORE THAT WHAT
4   THE ISSUES ARE COMING UP TO THAT DEADLINE.  SO AT LEAST FOR
5   THAT ISSUE I THINK THAT THAT WOULD PROBABLY GIVE YOU THE
6   GUIDANCE THAT YOU NEED TO FINALIZE THE ORDER.
7        MS. FITZPATRICK.
8            MS. FITZPATRICK:  YES, I WOULD LIKE TO BE HEARD ON
9   THIS, YOUR HONOR.  IF YOU TAKE A LOOK AT THE PROPOSED CASE
10  MANAGEMENT ORDERS THAT WERE SUBMITTED IN ADVANCE LAST TIME, AND
11  THIS IS WHY THIS HONESTLY WAS NOT AN ISSUE FOR US.  WE DIDN'T
12  UNDERSTAND THIS 'TIL THIS WEEK.  BOTH THE PLAINTIFFS AND THE
13  DEFENDANTS TRIGGER, WHETHER IT'S 60 DAYS, 75 DAYS, OR 90 DAYS,
14  OFF OF THE REQUEST DATE.  AND IF YOU LOOK SPECIFICALLY AT
15  SUBSECTION I THINK IT'S 2B, THE DEFENDANTS SAY YOU HAVE TO WAIT
16  90 DAYS TO GET A REQUEST.  AND THEN WHEN YOU MAKE THAT REQUEST,
17  THEN IT TRIGGERS A 90-DAY, AND WE HAD 30-DAY.  SO THIS WAS NOT
18  ADDRESSED, AND I APOLOGIZE WE DID NOT UNDERSTAND THIS TO BE AN
19  ISSUE.  AND HERE'S WHY IT ACTUALLY REALLY MATTERS.  RIGHT NOW
20  THE DEFENDANTS, ASSUMING THAT THEY GET THEIR CUSTODIANS
21  TOMORROW, DO NOT HAVE TO PRODUCE THE DOCUMENTS TO US UNTIL
22  JANUARY 9TH.  AND FOR REASONS I'M GOING TO GO INTO LATER WITH
23  THE MAZE AND GATES CUSTODIAL FILES, WE ARE CONCERNED THAT
24  BETWEEN JANUARY 1ST AND JANUARY 9TH WE'RE GOING TO GET
25  BASICALLY THE SUBSTANTIAL BULK OF 20 CUSTODIAL FILES.  WE THEN,

1  COMPANIES.  MAYBE IT'S PEOPLE WHO WORKED IN PARTICULAR AREAS.
2  THAT'S FOR THEM TO DECIDE.  BUT WE'VE PRODUCED THAT INFORMATION
3  TO THEM, YOUR HONOR.
4            THE COURT:  OKAY.
5            MS. SALINGER:  AND THEY HAVE WHAT THEY NEED.
6            THE COURT:  WHAT I'M GOING TO DO ON THIS ISSUE IS I'M
7  GOING TO REQUIRE ONE ADDITIONAL COLUMN ON BOTH OF THESE
8  SPREADSHEETS THAT JUST HAS A SHORT DESCRIPTION OF THIS PERSON'S
9  INVOLVEMENT WITH THIS PRODUCT.  AND HERE'S THE REASON WHY,
10 MS. SAELINGER, IS THAT I UNDERSTAND WHAT YOU'RE ARGUING AND I
11 UNDERSTAND YOUR POINT, BUT I THINK WHAT WE'RE KIND OF MISSING
12 IN THIS ENTIRETY OF THIS DISCUSSION THAT'S HAPPENED SO FAR IS
13 THAT WE NEED A PROCESS TO MAKE THIS WORK AND MAKE IT WORK
14 QUICKLY.  AND I DON'T WANT THERE TO BE MORE THAN 50 FILES
15 EITHER, MS. SAELINGER, BUT IF WE'RE DOING THIS IN A WAY THAT IS
16 TIERED THE WAY YOU WANT IT TO BE TIERED AND WE'RE TRYING TO GET
17 THE MOST HELPFUL FILES PULLED AT THE BEGINNING, PROVIDING JUST
18 A LITTLE BIT MORE INFORMATION ABOUT THESE PEOPLE -- I'M NOT
19 REQUIRING YOU TO TELL PLAINTIFFS WHO SHOULD BE THE CUSTODIAN
20 FILE PEOPLE, BUT TO GIVE JUST A LITTLE MORE INFORMATION SO THAT
21 WE CAN BE FURTHER DOWN THE ROAD INSTEAD OF THEM ASKING FOR
22 CUSTODIAL FILES OF PEOPLE THAT END UP NOT BEING REALLY
23 RELEVANT, AND THEN WE'RE DOWN THE ROAD AND NEED MORE CUSTODIAL
24 FILES.  AND THAT'S NOT WHERE WE WANT TO BE.  SO YOU DON'T HAVE
25 TO TELL THEM WHOSE FILES IT IS THAT THEY NEED TO CHOOSE.

1  YOU'RE RIGHT.  THAT'S THEIR DECISION.  THE OTHER INFORMATION ON
2  THE CHART SEEMS TO BE VERY HELPFUL FOR THAT DECISION, AND SOME
3  OF IT MAY BE OBVIOUS, BUT ADDING A SENTENCE THAT WAS, THIS WAS
4  THE CHIEF PERSON THAT WAS INVOLVED IN THE DESIGN OF THE I.U.D.,
5  JUST WHATEVER IT IS THAT THEIR KNOWLEDGE IS AS RELATES TO THIS
6  PRODUCT.  AND THIS IS JUST MORE IN THE SPIRIT OF CONFERRING AND
7  PROVIDING INFORMATION -- I MEAN, I DON'T THINK THAT YOU GUYS
8  WANT THEM TO HAVE TO REQUEST MORE CUSTODIAL FILES.  I THINK WE
9  ALL WANT THE MOST RELEVANT ONES TO BE DONE IN THE EARLIEST
10 POSSIBLE TIME SO WE DON'T HAVE TO GO BACK AND DO THINGS WHEN
11 SOMEBODY IS FOUND OUT TO HAVE MORE KNOWLEDGE THAN WAS INITIALLY
12 THOUGHT.  SO A LITTLE BIT MORE INFORMATION WOULD GET US DOWN
13 THE ROAD, AND I'M GOING TO REQUIRE IT.  SO WITHIN 14 DAYS OF
14 TODAY IF YOU COULD JUST PROVIDE A NEW SPREADSHEET THAT CONTAIN
15 THIS ADDITIONAL COLUMN WHICH IS JUST THE SHORT DESCRIPTION OF
16 THIS PERSON'S INVOLVEMENT WITH THE PRODUCT, AND THAT WOULD BE
17 HELPFUL.
18      DOES THAT MAKE SENSE, MS. SAELINGER?
19           MS. SALINGER:  YES, YOUR HONOR.  WE'LL DO OUR BEST ON
20 THAT.  I WANT EVERYBODY TO UNDERSTAND THAT A LOT OF THESE
21 PEOPLE, A LOT OF THESE PEOPLE ARE FORMER EMPLOYEES.  SO FROM
22 THE LAWYERS' STANDPOINT WE'LL DO THE BEST WE CAN.
23           THE COURT:  AND THIS IS NOT A DISCOVERY RESPONSE.
24 THIS IS CONFERRING TO HELP US GET DOWN THE ROAD.  AND SO YOU'RE
25 RIGHT.  THEY HAVE THE DOCUMENTS AND THEY CAN SEE AND THEY CAN

```
 1  FIND OUT OTHER PEOPLE THEY WANT, BUT PROVIDING A LITTLE MORE
 2  INFORMATION MIGHT MAKE THIS PROCESS WORK BETTER.  SO THERE'S
 3  GOT -- EVEN IF THEY'RE FORMER EMPLOYEES, SOMEBODY ELSE IS
 4  AROUND THAT KNEW -- THERE'S A REASON THAT THEY'RE KIND OF IN
 5  THE MIX.  SOMEBODY KNOWS WHAT PEOPLE WERE DOING, SO THE BEST
 6  THAT YOU CAN DO ON THAT IS GOING TO BE HELPFUL.  AND I'D RATHER
 7  PLAINTIFFS MAKE BETTER DECISIONS EARLY ON THAN US GET DOWN THE
 8  ROAD AND HAVE A MESS, SO LET'S GO AHEAD AND DO THAT.
 9         THE NEXT ISSUE IS HOW CUSTODIANS ARE COUNTED.
10              MS. FITZPATRICK:  YES, YOUR HONOR.  YES, THIS IS A
11  FAIRLY DISCRETE ISSUE.  THERE ARE SEVEN INDIVIDUALS WHO WORKED,
12  WE BELIEVE FROM WHAT DEFENDANTS HAVE TOLD US, ON PARAGARD AT
13  TEVA OR ONE OF THE TEVA COMPANIES.  AND WE ALSO HAVE THAT
14  THEY'VE BEEN TRANSITIONED TO COOPER, SO THEY WORKED AT BOTH
15  DEFENDANTS OR BOTH DEFENDANT GROUPS ON PARAGARD.  WE UNDERSTOOD
16  FROM THE 50 IF WE REQUESTED ONE OF THOSE, IT WOULD BE ONE OF
17  OUR 50.  SO, YOU KNOW, IF THERE'S JOHN SMITH WHO WORKED AT TEVA
18  AND THEN TRANSITIONED TO COOPER, WE WOULD ASK FOR THAT
19  CUSTODIAL FILE; THAT WOULD BE ONE OF OUR REQUESTS.  WE
20  UNDERSTAND FROM A MEET-AND-CONFER YESTERDAY THAT THE DEFENDANTS
21  ARE CONSIDERING THOSE TWO SEPARATE REQUESTS.  SO JOHN SMITH AT
22  TEVA IS ONE REQUEST, AND JOHN SMITH AT COOPER IS A SEPARATE
23  REQUEST.  SO WHAT THAT DOES IS IT ESSENTIALLY TAKES US FROM 50
24  PEOPLE, ASSUMING WE ASK FOR ALL OF THESE, AND WE THINK WE
25  PROBABLY WILL, DOWN TO 43 INDIVIDUALS IN HOW THIS IS REQUESTED.
```

C E R T I F I C A T E

UNITED STATES OF AMERICA

NORTHERN DISTRICT OF GEORGIA

    I, MONTRELL VANN, RPR, RMR, RDR, CRR, OFFICIAL COURT REPORTER FOR THE UNITED STATES DISTRICT COURT, FOR THE NORTHERN DISTRICT OF GEORGIA, DO HEREBY CERTIFY THAT THE FOREGOING 69 PAGES CONSTITUTE A TRUE TRANSCRIPT OF PROCEEDINGS HAD BEFORE THE SAID COURT, HELD IN THE CITY OF ATLANTA, GEORGIA, IN THE MATTER THEREIN STATED.

    IN TESTIMONY WHEREOF, I HEREUNTO SET MY HAND ON THIS, THE 3RD DAY OF NOVEMBER 2022.

/S/ MONTRELL VANN
MONTRELL VANN, RPR, RMR, RDR, CRR
OFFICIAL COURT REPORTER
UNITED STATES DISTRICT COURT