IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD IUD | ) | MDL DOCKET NO. 2974 |
| PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | (1:20-md-02974-LMM) |
| | ) | **This Document Relates to All Cases** |

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR "MOTION FOR LEAVE TO AMEND THE SECOND AMENDED MASTER PERSONAL INJURY COMPLAINT IN ORDER TO ADD TEVA PHARMACEUTICAL INDUSTRIES LTD. AS A NAMED DEFENDANT" (DOC. NO. 694)

The Teva Defendants' opposition to "Plaintiffs' Motion for Leave to Amend the Second Amended Master Personal Injury Complaint in Order to Add Teva Pharmaceutical Industries Ltd. as a Named Defendant" ignores the relevant facts. *First*, Plaintiffs have indeed met Rule 16's "good cause" standard. The delay in seeking leave to amend has not been caused by a lack of diligence by Plaintiffs; rather it has, in large part, been driven by the Teva Defendants' failure to produce responsive discovery in a timely manner. Moreover, given that the Teva Defendants have represented they are already searching Teva Ltd.'s files for responsive Paragard-related discovery, amendment of the complaint to add Teva Ltd. should have little effect on the still-open discovery calendar. *Second*, Plaintiffs have met the Rule 21 "just terms" standard for amendment. As just noted, the delay in seeking leave to amend is largely traceable to the Teva Defendants' delays in complying with their discovery obligations. Defendants' conduct forestalled Plaintiffs' ability to

1

fully appreciate the scope of Teva Ltd.'s involvement with Paragard beyond what was already believed at the time Plaintiffs originally attempted to name them as a party at the original Master Complaint phase of this case.  Additionally, the Teva Defendants' contention that allowing amendment at this juncture "could" cause "havoc" and "upheaval" is speculative hyperbole and bereft of concrete details that might support this contention (because there are none).  Simply put, the Teva Defendants' claims of undue prejudice ring hollow.  Plaintiffs have satisfied both the Rule 16 and Rule 21 requirements for leave to amend, and their motion for leave to add Teva Ltd. as a defendant should therefore be granted.

## ARGUMENT

### A.    Plaintiffs have met Rule 16's "good cause" standard.

#### 1.    Plaintiffs have been diligent.

In making their argument that Plaintiffs have not been diligent in seeking leave to add Teva Ltd. as a defendant, the Teva Defendants gloss over the protracted discovery disputes and delayed document productions that have plagued this litigation.  *See, e.g.,* Dec. 30, 2022 letter to Court regarding issues with production of complaint files (attached as Ex. 1); Dec. 30, 2022 letter to Court regarding issues in completion of defendants' document productions (attached as Ex. 2); Jan. 12, 2023 letter to Court regarding issues with late production of Mehs and Gates custodial files (attached as Ex. 3); Mar. 10, 2023 letter to Court regarding issues in defendants'

response to a wide range of requests for production (attached as Ex. 4); Feb. 26, 2024 letter to Court regarding issues in defendants' production of regulatory affairs documents (attached as Ex. 5); Feb. 26, 2024 letter to Court regarding issues with production of Liu custodial file (attached as Ex. 6). These examples do not even capture the entirety of disputes that have been addressed at nearly every status conference since the outset of discovery in this case, including the difficulties with depositions and related custodial files.[1]

Indeed, just last month Plaintiffs had to file a motion to compel the Teva Defendants to produce the files of 24 newly-identified custodians – *nearly two years* after this Court ordered the Teva Defendants to identify these relevant custodians. *See* Doc. No. 698. Notably, of these 24 newly-identified Teva custodians, roughly one-third of them are affiliated with Teva Ltd. This is in addition to Teva Ltd. names previously undisclosed by Defendants but discovered through their own diligence. Because of the chronic issues with the Teva Defendants' document productions in this case, piecing together a comprehensive story of Teva Ltd.'s liability to Plaintiffs for its own acts and omissions has taken time and remains an ongoing endeavor that

---

[1]   Discovery disputes regarding pharmacovigilance documents and adverse event complaint handling documents – and the associated delays in their production – have been of particular significance, as these materials show Teva Ltd.'s involvement in, if not control of, these Paragard-related issues. *See* Doc. No. 694, Ex. 1, ¶ 162.

is, through no fault of Plaintiffs, still not complete.[2]  Thus, contrary to the Teva

Defendants' assertions, any delay in seeking leave to amend is certainly not

reflective of a lack of diligence on the part of Plaintiffs.  Plaintiffs have been

diligently collecting evidence supporting their theories of liability against Teva Ltd.,

and they continue to do so.

   Importantly, the cases relied upon by the Teva Defendants in arguing that

Plaintiffs have not been diligent are not persuasive.  Of the 13 cases, five cases

involved instances where leave to amend was sought *after* the close of discovery

(not the case here).  *See Doe v. Gwinnett Cty. Sch. Dist.*, 2021 WL 2169947 (N.D.

Ga. Apr. 8, 2021); *Poole v. Wichard Inc.*, 2022 WL 2903400 (11th Cir. July 22,

2022); *Bussell v. Am. Home Mtge. Serv., Inc.,* 2013 WL 12380899 (N.D. Ga. July 2,

2013); *MidAmerica C2L Inc. v. Siemens Energy Inc.,* 2023 WL 2733512 (11th Cir.

Mar. 31, 2023); *Gibson v. Trust Texas Bank, S.B.B.,* 2017 WL 6994575 (N.D. Ga.

Sept. 19, 2017).  Three cases involved instances where leave to amend was sought

*two weeks or less before* the close of discovery (not the case here).  *See Maynard v.*

---

[2] In addition to Teva Ltd.'s liability to Plaintiffs by virtue of its own acts and omissions, Plaintiffs have also alleged that Teva Ltd. is liable to Plaintiffs by virtue of the acts and omissions of its agents, joint venturers, and alter egos (*i.e.*, the other Teva Defendants).  *See* Doc. No. 694, Ex. 1.  But rather than moving for leave to amend based solely upon vicarious liability theories, Plaintiffs wanted to first build out a factually robust case against Teva Ltd. for liability *in its own right* vis-à-vis its involvement in the design, development, manufacture, testing, labeling, packaging, distribution, marketing, and/or sale of Paragard.  That has taken time.

*Bd. of Regents*, 342 F.3d 1281 (11th Cir. 2003) (leave sought on last day of discovery); *Gallagher Benefit Servs. Inc. v. Campbell*, 2020 WL 3404935 (N.D. Ga. June 11, 2020) (leave sought six days before close of discovery); *Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417 (11th Cir. 1998) (leave sought two weeks before close of discovery).  One case involved an instance where leave to amend was sought after the court-ordered deadline for amending pleadings (not the case here).[3]   *See Manhattan Const. Co. v. Phillips,* 2012 WL 113646 (N.D. Ga. Jan. 13, 2012).  And two cases involved denials of leave to amend on grounds other than diligence / timeliness (not the case here).  *See Lesman v. Specialized Loan Servicing, LLC*, 2015 WL 13774251 (N.D. Ga. Jan 12, 2015) (leave denied on futility grounds);[4] *Insight Securities, Inc. v. Deutsche Bank Trust Co. Americas,* 2022 WL 23113980 (11th Cir. June 28, 2022) (leave denied because motion was procedurally defective).  Notably, two cases cited by the Teva Defendants did in fact allow leave to amend.  *See Bryant v. Dupree*, 252 F.3d 1161 (11th Cir. 2001) (motion filed prior to close of discovery and leave granted); *Zurich Am. Ins. Co. v. Robinson Mech. Contractors, Inc.,* 2021 WL 12104537 (N.D. Ga. June 2, 2021) (motion filed prior to close of discovery and

---

[3]   As noted in Plaintiffs' opening brief, p. 3, there is no order in this case setting a deadline for seeking leave to add defendants.

[4] The Teva Defendants do not raise a futility argument in their opposition.  Indeed, as pointed out in Plaintiff's opening brief, p. 7, Plaintiffs' Master Complaint has already survived a Rule 12(b)(6) motion, and 12(b)(2) motions involving Teva Ltd. have been denied in other litigations.

leave granted).  Simply put, upon examination, the cases cited and relied upon by the Teva Defendants counsel in favor of allowing leave to amend, not against it.

Finally, as explained in their opening brief, *see* p. 6, Plaintiffs postponed seeking leave to add Teva Ltd. as a defendant after clear evidence of their control of the pharmacovigilence process was obtained due to the Israeli-Hamas war.  The Teva Defendants call this explanation a "dramatic red herring."  Plaintiffs call it acting with professionalism, humanity, and consideration especially for the individual witnesses who would necessarily be implicated by Teva Ltd.'s addition as a party to the case.

### 2.      Amendment should not necessitate moving the discovery deadline.

The Teva Defendants' assertion that there is insufficient time to complete discovery by the January 31, 2025 discovery cut-off is incorrect.[5]  As this Court is aware, the Teva Defendants have represented that they are *already* searching the files of Teva Ltd. for Paragard-related documents and producing such documents. *See* June 12, 2023 Hrg. Tr., 11:14-21 (Teva counsel stating that the Teva Defendants have been searching Teva Ltd. files for responsive documents) (attached as Ex. 7); Doc. No. 704 at p. 2 (admitting that the Teva Defendants have already agreed "to produce responsive documents held by Teva Ltd.").  Adding Teva Ltd. as a defendant should

---

[5] Plaintiffs do not concede January 21, 2025 is or would now be the appropriate discovery cut-off date in light of new and significant production issues caused by Defendants that continue to reveal themselves in this case and cause undue prejudice to Plaintiffs.

therefore necessitate little additional discovery.[6]  Even if amendment were to result in a need for more discovery, a straightforward solution would be to try the identified bellwether cases without Teva Ltd. as a named defendant and to add Teva Ltd. only to subsequently tried cases, which Plaintiffs suggested at a previous status conference when this issue was discussed.

Against the facts laid out above, the Teva Defendants' hyperbolic – yet unsubstantiated – claims of prejudice ring hollow.  Good cause has been shown.

## B.    Plaintiffs have met the Rule 21 "just terms" standard

In their Rule 21 argument, the Teva Defendants assert that there has been "undue delay" in Plaintiffs seeking leave to amend and that the Teva Defendants would suffer "undue prejudice" if leave to amend is granted.  Neither is correct.  As noted in Plaintiffs' opening brief and above, the delay in Plaintiffs seeking leave to amend has been largely precipitated by the Teva Defendants' delays in meeting their discovery obligations (including, for instance, the identification and production of custodial files of persons affiliated with Teva Ltd.), as well as by the Teva Defendants' objection to Plaintiffs' naming Teva Ltd. as a party at the time of filing Plaintiffs' Master Complaint on procedural grounds thereby forcing Plaintiffs to develop the evidence in the discovery process.

---

[6] And even if Teva Ltd. were to file a Rule 12(b)(2) motion, jurisdictional discovery could be readily completed simply by having Teva Ltd. stipulate to the use of the jurisdictional-related discovery that it produced in the opioids litigation.

With respect to undue prejudice, again, the Teva Defendants offer only speculative hyperbole.  Provided that the Teva Defendants (1) adhere to their expressed commitment to search for and produce Paragard-related documents at Teva Ltd. in a timely manner, and (2) agree to the use of the jurisdictional-related documents that the Teva entities produced in the opioid litigation (should they seek to file a Rule 12 motion), the need for additional discovery (beyond the depositions of Teva Ltd. personnel already contemplated) should be minimal and should not materially impact the discovery schedule.

"Just terms" for amendment under Rule 21 have been established.

## C.   The August 2023 Stipulation with Teva Defendants is Irrelevant to the Amendment Analysis.

The August 2023 Stipulation between Plaintiffs and the Teva Defendants does not implicate Teva Ltd. and, therefore, has no bearing on the amendment analysis. *See* Doc. No. 538.  In fact, the overarching purpose of the August 2023 Stipulation was to memorialize the position stated in Defendants' April 6, 2023 letter to the Court wherein Defendants stated that "Defendants have also explicitly informed Plaintiffs that we do not intend to determine fault amongst the [named] Teva entities . . . ,"[7] together with the evidentiary issues implicated by this statement by the Teva

---

[7] Previously, the Teva Defendants had asserted that Plaintiffs had engaged in allegedly improper "group pleading" and failed to differentiate between conduct of the various Teva Defendants.  *See* Doc. No. 89-1.  In its order denying Defendants' motion to dismiss, the Court recognized untangling the corporate relationships of the

Defendants.  Obviously, in August 2023, Teva Ltd. was not one of the named Teva Defendants.[8]

Significantly, the August 2023 Stipulation did not contain a concession that Plaintiffs sought: that Teva Ltd. backstop any judgment against the Teva Defendants. The Teva Defendants' assertion that after the August 2023 Stipulation "all parties understood and intended" that Teva Ltd. need not be named in order to put to rest Plaintiffs' concerns about ensuring adequate financial resources to satisfy any judgment is simply incorrect and contradicts the Teva Defendants' actions in the negotiations of the stipulation.

Moreover, upon joining the litigation, nothing precludes Teva Ltd. from entering a similar stipulation to the August 2023 Stipulation.  If it is unwilling to do so, Plaintiffs will be prepared to address any Teva Ltd.-specific evidentiary and liability issues at trial.  But the extraordinary suggestion by the Teva Defendants that "the parties will be back to square one on document admissibility and parsing liability" ignores reality.  The August 2023 Stipulation stands as to the existing Teva Defendants.

---

Teva Defendants would require discovery.  Plaintiffs served such discovery, and the Teva Defendants objected.  The August 2023 Stipulation was intended to flesh out a resolution of that discovery dispute between Plaintiffs and *the Teva Defendants*.

[8] Notably, Defendants rejected any proposed language in the stipulation that implicated Teva Ltd.

## CONCLUSION

For the reasons stated in their opening brief and above, Plaintiffs' motion for leave to amend to add Teva Ltd. as a defendant should be granted.


Dated: September 11, 2024

/s/ Erin Copeland
Erin Copeland
TX Bar No. 24028157
FIBICH LEEBRON COPELAND &
BRIGGS
1150 Bissonnet St
Houston, TX 77005
Tel: (713) 751-0025
Fax: (713) 751-0030
ecopeland@fibichlaw.com

*Lead Counsel for MDL Plaintiffs*


/s/ Kristen Hermiz
Kristen Hermiz
SC Bar No. 100482
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464
Tel: (843) 216-9390
Fax: (843) 216-9450
khermiz@motleyrice.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 11, 2024, I electronically filed the forgoing document with the Clerk of Court using CM/ECF and that the foregoing document is being served on all counsel of record or parties registered to receive CM/ECF Electronic Filings.

Dated:  September 11, 2024

/s/ Erin K. Copeland
Erin K. Copeland
Fibich, Leebron, Copeland & Briggs
1150 Bissonnet Street
Houston, Texas 77005
Telephone: 713-352-0470
Email: ecopeland@fibichlaw.com

***Lead Counsel for MDL Plaintiffs***