# EXHIBIT 2



28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
o. 843.216.9000  f. 843.216.9450

**Kristen M. Hermiz**
*Licensed in MA, RI, SC*
direct: 843.216.9390
khermiz@motleyrice.com

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

December 30, 2022

**VIA E-MAIL**
Honorable Leigh Martin May
United States District Court, Northern District of Georgia
2167 U.S. Courthouse
75 Ted Turner Drive
Atlanta, GA  30303

Re:   *In Re Paragard IUD Products Liability Litigation*
       Case No. 1:20-md-2974-LMM

Dear Judge May:

    Plaintiffs write to request the Court's guidance regarding several discovery issues that have arisen in the context of: (1) Defendants' long outstanding supplementation of Plaintiffs' First Set of Requests for Production of Documents[1] ("RFP1") and (2) Defendants' responses and objections to Plaintiffs' Third Set of Requests for Production of Documents ("RFP3").[2] Plaintiffs hope that the issues addressed herein can either be resolved by agreement or, if not, that a guided meet and confer with the Court on January 5 will be helpful to achieve resolution. If the meet and confer on January 5 does not resolve the issues, Plaintiffs ask that the Court formally consider any remaining issues at the January 6 Status Conference.

### I.   Outstanding Issues Pertaining to RFP1

#### *Completion of Production*

    One major lingering issue pertaining to Defendants' Supplemental Responses to RFP1 is that Plaintiffs are unable to discern whether many of Defendants' supplemental responses and document productions are complete.[3]  As Your Honor may recall, the Court instructed the parties

---

[1] *See* Teva Women's Health, LLC's and CooperSurgical, Inc.'s Supplemental Responses to Plaintiffs' First Set of Requests for Production of Documents (Defendants' Supplemental Responses attached hereto as Ex. 1 and Ex. 2).

[2] *See* Teva Women's Health, LLC's and CooperSurgical, Inc.'s Responses and Objections to the Plaintiffs' Third Set of Requests for Production (incorrectly labeled as Plaintiffs' Second Set of Requests for Production) (attached hereto as Ex. 3 and Ex. 4.)

[3] *See e.g.*, Ex. 2, CooperSurgical's Supplemental Response Nos. 5, 6, 13, 28-34, 37, 38; Ex. 1, TWH's Supplemental Response Nos. 1, 5, 6, 13, 28-34, 36-38.



December 30, 2022
Page 2

that in responding to particular requests for production, the responding party must provide clear guidance that all responsive documents were reasonably searched and produced.  (*See* July 26, 2022 Tr. at 35:25-36:3 ["There has to be at the end of it some sort of ability to assert to the Court and Plaintiffs that a reasonable search was performed and all responsive documents that aren't objected to for other reasons were produced."]; *see id*. 18:3-5; 19:7-8 ["[C]learly state that all responsive documents have been produced, they are the documents called this…and there is some closure there…I will require that."].)  <u>Plaintiffs respectfully request that the Court order Defendants to supplement their responses to RFP1 as directed at the July Discovery Conference to clearly indicate whether or not Defendants have finished producing responsive documents as to each request for production so that Plaintiffs have finality and clarity as to the status of each request for production</u>.

Relatedly, for many of their supplemental responses, Defendants have not provided any indication as to when Plaintiffs can expect completion of Defendants' "ongoing" document productions.  For instance, for many of their supplemental responses, Defendants state that they are "continuing [their] search and will produce any additional documents responsive to this Request."[4]  The Plaintiffs' RFP1 was served over one year ago, on December 22, 2021.[5]  As to the documents that Defendants have either agreed and/or been ordered to produce, Defendants have had more than enough time to search for and produce responsive documents, and they should now be required to do so by a date certain.  <u>Plaintiffs propose that Defendants be required to complete their production of all documents responsive to RFP1 on or before January 15, 2023</u>.

### *Delays and Request for Bi-Weekly Discovery Conferences*

Another overarching issue is the time in which it is taking to produce and resolve production issues generally.  First, when Defendants initially served objections and responses to RFP1, they agreed to produce material responsive to some of Plaintiffs' requests. That material should be complete by now simply because Defendants agreed to do so back in March 2022.[6]  Second,

---

[4] *See* Ex. 3, Teva Women's Health, LLC's Supplemental Responses to Plaintiffs' First Set of Requests for Production of Documents Nos. 4, 14, 20-24, 28, 31-33, 38; *see also* Ex. 4, CooperSurgical, Inc.'s Supplemental Responses to Plaintiffs' Requests for Production of Documents Nos. 1, 4, 5, 14, 17, 20-24, 28, 31-33, 36, 38.

[5] The majority of the documents that were requested in RFP1 were first informally requested from the Defendants on April 1, 2021. (Plaintiffs' April 1, 2021 Letter to Defendants is attached hereto as Ex. 5.)  Despite several meet and confers on the scope of the requested documents, the Defendants ultimately declined to produce any documents until they had the Court's ruling on the Motion to Dismiss.  (*See* January 20, 2022 Tr. at 12-13.)

[6] Although the responses to RFP 1 were originally due in January of 2022, the Defendants sought, and were granted over Plaintiffs' objections, an extension of 45-days in which to respond to RFP1.  In granting the request, the Court made clear that the Defendants were expected to provide documents and substantive responses to RFP1 on or before March 7, 2022:



December 30, 2022
Page 3

following the July 26, 2022 discovery hearing, Defendants were ordered to produce additional documents, including documents responsive to certain other requests to which they had previously objected and the parties were ordered to confer on some other issues. It is Plaintiffs' position that the material Defendants were ordered to produce at the July 2022 hearing should be complete by now. To the extent it is not, <u>Plaintiffs request that the Court order Defendants to complete that production by the January 15th date proposed above</u>.

Despite Defendants' agreement to produce some documents on the one hand and being ordered to produce some documents on the other, the process of resolving the discovery issues through the meet and confer process, getting to an actual production, and finalizing the production (providing a statement that discovery is complete) is simply taking too long. Plaintiffs believe this delay is largely due to Defendants' failure to fully respond to Plaintiffs' meet and confer requests, failure to resolve open issues with finality during a meet and confer, and/or failure to promptly follow-up after a meet and confer. For instance, Defendants have wholly failed to provide any response to a November 15, 2022 correspondence from Plaintiffs outlining the remaining issues with respect to deficiencies in the Defendants' Supplemental Responses to Plaintiffs' RFP1, and subsequent email attempts to follow up on these remaining deficiencies also have been ignored.[7] To help facilitate the resolution of these protracted discovery issues between the parties, Plaintiffs believe it would be beneficial to begin having regularly scheduled bi-weekly discovery conferences before Your Honor (remote or in-person) in order to hold both parties on task and on schedule. <u>Plaintiffs suggest that if bi-weekly discovery conferences are amenable to Your Honor, they commence the week of January 16, 2023. For the weeks where an in-person status conference is to occur, Plaintiffs suggest ordering the parties to conduct these meet and confers at the courthouse together the day prior to the conference</u>.

---

> I will require defendant, to the extent that they are able to produce decent size chunks of documents, to go ahead and do that. Certainly you don't need to dribble out tiny little things on a daily basis, but if you have big chunks ready, just go ahead and send those out. But what i am going to expect from defendants is that they're going to be good responses to discovery, not sorry responses to discovery.
>
> I don't like giving someone extra time and then just seeing the same boilerplate objections to each and every single question without a very thoughtful looking at what actually is needing to be produced in this case because y'all are all professionals and you know certain things. You've just got to produce them, and there are certain things that are real issues. So I want a very meaningful job done here.

(*See* January 20, 2022 Tr. at 19-20.)

[7] Similarly, on December 16 and December 21, 2022, Plaintiffs sent meet and confer letters concerning numerous issues with RFP3, including issues with individual requests. To date, Defendants have not responded in any fashion to those meet and confer attempts.



## II. Issues Pertaining to Plaintiffs' RFP3

Many of Plaintiffs' initial complaints surrounding Defendants' Responses and Objections to RFP3 mirror those that have already been addressed by the Court in the context of RFP1 or are described above.

### *Failure to Link Document Productions to Specific RFPs*

During Your Honor's July 26, 2022 Discovery Status Conference, the Court was clear that Defendants must "supplement their discovery responses formally and…identify in some way what documents are responsive to what requests." (July 26, 2022 Tr. at 19:17-20). Defendants complied with the Court's directive in their supplemental responses to Plaintiffs' RFP1, providing Plaintiffs with a "Production Index," which links production bates numbers to responsive RFPs. However, Defendants failed to do the same with respect to the Plaintiffs' RFP3.[8] Plaintiffs are therefore unable to determine what documents are responsive to each request in RFP3. <u>Plaintiffs respectfully request that the Court require Defendants to produce a production index or similar supplement that links specific documents to specific RFPs in RFP3 no later than January 13, 2022 (and remind Defendants that they must provide such indices to the Plaintiffs simultaneous with all subsequent productions and RFPs.)</u>

### *Not all Defendants Are Producing Documents*

The second general issue that requires the Court's intervention is that only two of the five Defendants are responding to the Plaintiffs' discovery requests *at all* – Teva Women's Health, LLC ("TWH") and CooperSurgical, Inc. The remaining three Defendants - Teva Pharmaceuticals, USA Inc., Teva Branded Pharmaceutical Products R&D, Inc. and The Cooper Companies, Inc.- simply refer to and incorporate the answers of TWH and CooperSurgical. Often, Teva USA, Teva R&D and The Cooper Companies will simply note that any responsive documents they may have are likely duplicative of those produced by TWH and/or CooperSurgical and, therefore, none will search for or produce responsive documents.

As Your Honor recognized in the Court's Order on Defendants' Motion to Dismiss Plaintiffs' Second Amended Master Personal Injury Complaint, "the Paragard ownership history and Defendants' corporate structures create an unusually complex situation that involves numerous

---

[8] *See e.g.* Ex. 3, Teva Women's Health, LLC's Responses to Plaintiffs' Third Set of Requests for Production of Documents Nos. 1, 6, 22, 26, 27 (referring Plaintiffs generally to "Production 17"); *see also* Ex. 4, CooperSurgical, Inc.'s Responses to Plaintiffs' Third Set of Requests for Production of Documents Nos. 1, 6, 11, 23, 24, 27, 46 and 47 (referring Plaintiffs generally to "Production 23").


December 30, 2022
Page 5

entities with potentially overlapping rules and responsibilities. The complaint summarizes this history." (Nov. 16, 2021 Order at 7.) The Plaintiffs are thus entitled to discovery responses from each named individual entity, including organizational charts and policies, which these Defendants have largely refused to produce[9] so that Plaintiffs have the facts and documents to support their liability allegations against each individual Defendant.[10] Further, to the extent that any Defendant is claiming that the documents that are in their possession and control are duplicative of documents produced by another defendant, they must be compelled to identify such documents by Bates number and provide the metadata and other relevant information for that particular defendant so Plaintiffs can ascertain the location or custodian of such document within the particular Defendants' company.

### *Improper Boilerplate Objections with no Substantive Response*

A third sweeping issue pertaining to Defendants' responses to Plaintiffs' RFP3 is that instead of complying with this Court's prior rulings from the July 26, 2022, Discovery Conference, Defendants refuse to provide substantive responses and documents productions for the vast majority of these discovery requests. Indeed, of the 59-numbered requests in Plaintiffs' RFP3, Defendants have made partial productions in response to only 10 requests. For the vast majority of the RFPs, Defendants have simply set forth a litany of boilerplate objections with no substantive information whatsoever, despite this Court's clear admonition at the January 20, 2022 status conference.[11]

For instance, RFP3 No. No. 15 requests: "All documents and tangible things, including, but not limited to, communications exchanged internally and between Defendants pertaining to 10 years of safety data related to Paragard as part of the TSA and referenced on Page 2 of MDL2974COOPERSURG-00016031. This request includes all drafts." Instead of responding with substantive information about where such information reasonably can be found, either in

---

[9] *See e.g.* Teva Women's Health, LLC and CooperSurgical, Inc.'s Responses to Plaintiffs' Third Set of Requests for Production of Documents Nos. 2, 20, 30, 34-39, 50. (Exhibit 3 & 4.)

[10] Indeed, the refusal of the three Defendants to search for and provide documents is tantamount to a presumptive summary judgment ruling. Each asserts (and assumes) that it bears no independent liability despite the allegations in the Complaint and this Court's refusal to grant their Motion to Dismiss on these issues. Based on those assumptions and assertions, each refuses to provide discovery that is necessary to establish the separateness and/or the interrelationship between and among the Teva Defendants and the Cooper Defendants (as to each other and within the Defendant families). Plaintiffs are entitled to relevant and responsive discovery from each individual defendant to fully establish both the overlapping roles and responsibilities and the independent roles and responsibilities of each.

[11] *See* Ex. 3, TWH's Responses and Objections to the Plaintiffs' Third Set of Requests for Production Nos. 2-5, 7-21, 23-25, 28-59; *see also* Ex. 4, CooperSurgical's Responses and Objections to the Plaintiffs' Third Set of Requests for Production Nos. 2-5, 7-10, 12, 14-21, 25, 28-45, 48-55, 57-59.



December 30, 2022
Page 6

hard copy files, and/or in specified custodial files and producing such information (Tr. 46:14-53:12), Defendants have simply responded with boilerplate objections:

> TWH, LLC further objects to Request No. 15 [cumulatively, Request #58], on the grounds that the terms and phrases "Defendants," "between Defendants," "pertaining to," and "10 years of safety data related to Paragard," and "as part of the TSA," are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. TWH, LLC further objects to this Request on the grounds that the document referred to in this Request, and upon which this Request is premised, is a document produced by CooperSurgical that is dated December 5, 2017, and, therefore, this Request is not properly directed to TWH, LLC, and the inclusion of this Request in a set of Requests for Production purportedly directed to TWH, LLC is argumentative, oppressive, and harassing and improper under Federal Rule of Civil Procedure 34. TWH, LLC objects to this Request as improperly compound in that it appears to seek documents in multiple categories (e.g., "All documents and tangible things, including, but not limited to, communications exchanged internally and between Defendants..."), and conflates "Defendants," and therefore the Request does not describe with reasonable particularity the documents that are requested, and also the Request is therefore vague, unduly burdensome, harassing, and oppressive. TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL. TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to this Request on the grounds that a request for "any and all 'complaint summaries'" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure, including because it seeks to require TWH, LLC to locate, assemble, and produce documents constituting or containing information about alleged events other than "embedment," "breakage of an arm," and/or "difficult removal," the events alleged by plaintiffs to be associated with their use of Paragard, and the claim that is the subject of this MDL. Further, the burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

The above response is illustrative and nearly identical to the majority of Defendants' responses to Plaintiffs' RFP3 set forth in footnote 7.



December 30, 2022
Page 7

The law in the Eleventh Circuit and this Court makes clear that boilerplate discovery objections are tantamount to no objection being raised at all. *See Standing Order Regarding Civil Litigation,* Mays, J., at 12-14; *see also Ellis v. Pilot Travel Centers LLC,* 2019 U.S. Dist. LEXIS 243174, Case No. 4:19-cv-219 at *2 (S.D. Fla. Sept. 26, 2019). (*See* January 20, 2022 Tr. at 19-20.)

Indeed, per Federal Rule of Civil Procedure 34, a party objecting to requests for production is required to: (1) "state with specificity the grounds for objecting to the request, including the reasons;" (2) "state whether any responsive materials are being withheld on the basis of that objection;" and (3) "[a]n objection to part of a request must specify the part and permit inspection of the rest." *Polycarpe v. Seterus, Inc.*, 2017 U.S. Dist. LEXIS 77808, Case No. 6:16-cv-1606 at *3-4 (M. D. Fla. May 23, 2017). Simply asserting that certain words used in the discovery requests are "vague and ambiguous," or asserting objections including "relevant," "proportional," or "attorney-client privileged" with little or no elaboration are boilerplate and improper. *See id*. at *8-9; *see also Siddiq v. Saudi Arabian Airlines Corp.*, 2011 U.S. Dist. LEXIS 151474, Case No. 6:11-cv-69-Orl-19GJK, at *3 (M.D. Fla. Dec. 7, 2011) ("[o]bjections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit by this Court.") (quoting *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 695 (S.D. Fla. 2007)).

Accordingly, Plaintiffs request that the Court order Defendants to supplement their responses to requests identified in fn. 7 above with substantive information and responsive documents. If certain portions of a request are objectionable, Defendants should revise their objections to state with specificity the bases therefore and provide document productions for the non-objectionable portions. *See Standing Order Regarding Civil Litigation,* Mays, J. at 12-14.

## Other Specific Requests

On December 16 and December 21, 2022, Plaintiffs sent meet and confer letters concerning other issues with RFP3, including issues with individual requests. Defendants have not responded. Plaintiffs intend to work through the issues described in the letter and each individual request at the upcoming in person meet and confer and hope to resolve these issues with Defendants and/or to more narrowly define additional specific issues for discussion with the Court. If the Court is amenable to the regular discovery conferences proposed above, the Plaintiffs anticipate that these issues should be ripe for resolution at the first such conference.

Plaintiffs appreciate the Court's attention to these matters and look forward to discussing them with the Court next week.



December 30, 2022
Page 8


Respectfully submitted,

Kristen Hermiz

cc:  Fred Erny, Esq.
     Gina Saelinger, Esq.
     Allison Ng, Esq.
     Plaintiffs' Executive Committee