# EXHIBIT 4



MotleyRice®
LLC
ATTORNEYS AT LAW
www.motleyrice.com

*"I will stand for my client's rights.*
*I am a trial lawyer."*
*–Ron Motley (1944–2013)*

28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
**o.** 843.216.9000  **f.** 843.216.9450

**Kristen M. Hermiz**
*Licensed in MA, RI, SC*
direct: 843.216.9390
khermiz@motleyrice.com

March 10, 2023

**VIA E-MAIL**
Honorable Leigh Martin May
United States District Court, Northern District of Georgia
2167 U.S. Courthouse
75 Ted Turner Drive
Atlanta, GA  30303

Re:      *In Re Paragard IUD Products Liability Litigation*
         Case No. 1:20-md-2974-LMM

Dear Judge May:

    Plaintiffs write to request the Court's intervention regarding outstanding discovery disputes pertaining to Plaintiffs' Third Set of Requests for Production of Documents ("RFP3").[1]

<u>PLAINTIFFS' ASKS</u>: (1) AN ORDER FROM THE COURT REQUIRING DEFENDANTS TO DISCLOSE WHETHER THEY INTEND TO PRODUCE DOCUMENTS FOR CERTAIN RFPS, INCLUDING: (A) WHETHER THESE DOCUMENTS EXIST; (B) WHETHER DEFENDANTS WILL AGREE TO PRODUCE THEM; AND (C) A DATE CERTAIN BY WHICH PRODUCTION WILL BE COMPLETE.

(2) ORAL ARGUMENT AND RULINGS FROM THE COURT ON THE RFPS IN WHICH THE PARTIES HAVE REACHED AN IMPASSE.

(3) FORMAL SUPPLEMENTATION OF DEFENDANTS' WRITTEN RESPONSES & OBJECTIONS TO RFP3.

I.      **<u>Defendants Should be Ordered to Disclose Whether they Intend to Produce Documents for RFP3 Nos. Nos. 2, 20-21, 25, 30-31, 34-35, 37-39, 43-45, 50-51, 53, 57 and 59</u>**

---

[1] *See* Teva Women's Health, LLC's and CooperSurgical, Inc.'s Responses to Plaintiffs' Third Set of Requests for Production of Documents (Attached hereto as Ex. 1 and Ex. 2).



March 10, 2023
Page 2

On October 31, 2022, Plaintiffs served their Third Set of Requests for Production of Documents on Defendants. Ultimately, Defendants objected to all but ten of the fifty-nine numbered RFPs. (See Ex. 1 & 2.) Since that time, Plaintiffs' Counsel has, in good faith, had five separate meet and confers with Defense Counsel to go through each individually numbered request for production to determine whether the parties have reached an impasse on particular requests, whether Defendants will agree to produce responsive documents, and/or whether there is room for negotiation.[2]

After multiple meet-and-confers, the parties agreed there was room for negotiation with respect to RFP3 Nos. 2, 20-21, 25, 30-31, 34-35, 37-39, 43-45, 50-51, 53, 57 and 59. Specifically, defense counsel represented that they would inquire with their clients about whether documents exist for each of these RFPs, and if so, Defendants would circle back with Plaintiffs' Counsel and then produce responsive documents.

It has been two months since the parties' first meet and confer regarding RFP3. On March 3, Counsel for Defendants noted that they did not intend to provide Plaintiffs with updates on their clients' respective positions on these requests. Rather, Counsel stated they will "let [Plaintiffs] know as we roll out additional responses and/or documents." (See Ex. 3, March 3 email correspondence from Gina Saelinger to Kristen Hermiz.) This is unacceptable. The Parties negotiated an aggressive timeline to complete discovery. Defendants' deliberately obtuse response is nothing more than continued delay to avoid a timely production of potentially relevant documents in their custody or control. Moreover, Plaintiffs are prejudiced by Defendants' conduct for these 20 RFPs because it prevents Plaintiffs from confirming an impasse for this Court to resolve. Simply put, Defendants' position allows them to continue to improperly prolong discovery and leaves uncertainty as to whether and when Defendants intend to produce all the responsive documents to these RFPs.

Plaintiffs therefore request a date certain for Defendants to explicitly state their positions as to RFP Nos. 2, 20-21, 25, 30-31, 34-35, 37-39, 43-45, 50-51, 53, 57 and 59. This writing should include Defendants' position as to (1) whether these documents exist; (2) whether Defendants will agree to produce them; and (3) a date by which production will be complete.

## II.    <u>Rulings on RFPs in Which the Parties Have Reached Impasse</u>

After multiple meet-and-confers, the parties agree they have reached an impasse for each of the below requests for production. Plaintiffs request that the Court hear oral argument as to each request from the parties.

---

[2] Counsel for the parties have had meet and confers regarding Defendants' responses and objections to RFP3 on January 12, January 20, January 26, February 3, and February 8, 2023.



March 10, 2023
Page 3

| 3 | All documents and material things, including communications, exchanged between anyone in your Medical Information Department and/or Center and any third party pertaining to Paragard. This request includes all drafts. If any Defendant has a function that serves the same purpose as the Medical Information Department and/or Center but operates under a different name, this request pertains to such function. | This information is relevant to determine how information is exchanged pertaining to medical events between Defendants, consumers, health care providers and/or other third parties. |
|---|---|---|
| 4 | All documents and tangible things, including communications, exchanged between anyone in your Medical Information Department and/or Center and any other department or function within your organization pertaining to Paragard. This request includes all drafts. If any Defendant has a function that serves the same purpose as the Medical Information Department and/or Center but operates under a different name, this request pertains to such function. | This information is relevant to determine how information is exchanged pertaining to medical events between and among Defendants' internal departments. |
| 7 | All documents and tangible things, including meeting minutes, notes, communications, audio and visual recordings, of the TSA Steering Committee established pursuant to the Transition Services Agreement referenced in Request for Production No. 5. This request includes any such documents, communications and tangible things of the SteerCo Leads and/or members of their respective teams. This request includes all such documents, communications and tangible things exchanged between any individual members from the TSA Steering Committee and any other person or entity pursuant to the provision of services of the TSA | The TSA Steering Committee was established to maintain oversight of services during the transition from Teva to Cooper and is comprised of employees from both Teva and Cooper.  This information is relevant to show the interrelated nature of the operations and conduct of the respective defendant groups. |



March 10, 2023
Page 4

|   | | |
|---|---|---|
|   | Steering Committee and/or the TSA. This request includes all drafts. | |
| 8 | All business records provided by Teva to CooperSurgical pursuant to Annex 9.1(a)(vi) (Transferred Assets – Business Records) of the Asset Purchase Agreement between Teva and CooperSurgical. | This information is easily ascertainable and relevant to determine, among other things, liability based on corporate agreements. common corporate policies, procedures, and guidelines.  These documents are also relevant in that they show the interrelated nature of the operations and conduct of the respective defendant groups. |
| 9 | Documents reflecting the identity and substance of all Transferred IT pursuant to Annex 9.1(a)(ix) (Transferred Assets – IT Systems) of the Asset Purchase Agreement between Teva and CooperSurgical. | The identity of the transferred IT systems referenced in the 2017 asset purchase agreement are easily ascertainable and relevant for Plaintiffs to understand the universe of databases and software as it relates to Paragard and how information is maintained/exchanged with respect to Paragard. |
| 10 | All documents and tangible things, including communications, presentations, meeting minutes, agendas and notes, pertaining to the "White Project." This request includes all drafts. | The White Project refers to Teva's efforts to divest all products from TWH, including Paragard, resulting in a complete divesture of the women's health arm entirely. These documents are also relevant in that they show the interrelated nature of the operations and conduct of the respective defendant groups.  It is also relevant as these documents discuss any potential liability relating to the sale of Paragard. |
| 14 | Indexes of all boxes containing paper files pertaining to Paragard maintained by any Defendant, including those referenced in the | Plaintiffs' request comes from a Dec. 5, 2017 email regarding "Paragard Integration Updates." |



March 10, 2023
Page 5

| | | |
|---|---|---|
| | Record Management section at page 11 of MDL2974COOPERSURG-00016031. | The email attaches a powerpoint that references a "full index of boxes" for the record management of Paragard. This index of boxes is not unduly burdensome and would be relevant to determine how information regarding Paragard was stored and maintained. |
| 28 | To the extent not previously produced, all documents and material things, including, but not limited to contracts, policies and procedures, summaries, reports, and communications, exchanged between Defendants and any third party besides FDA pertaining to complaints and complaint handling involving Paragard. This request specifically includes all policies and procedures providing instructions for the review of complaints related to Paragard by such party. This request includes all drafts. | Any contracts, policies, procedures and communications pertaining to Defendants and third parties who handled complaint handling, including adverse events and product quality complaints, is highly relevant and important to Plaintiffs' claims. Defendants should be compelled to produce these documents for PrimeVigilance and Diligent Health Services, at a minimum, and any other third party who was involved in the complaint handling process. |
| 29 | To the extent not previously produced, all documents and material things pertaining to any and all meetings held internally between Defendants (including internal functions and cross functional individuals) and/or between Defendants and third parties about complaints of breakage of Paragard. This request includes, but is not limited to, meeting minutes, notes, agendas, and recordings. | Defendants state that there is no central location where such documents would be stored. However, Plaintiffs believe that Defendants are required to produce a list of individuals who may have this information per the Court's ruling at the July 26, 2022 Status Conference. (See July 26 Tr. at 51:14-18.) |
| 42 | To the extent not previously produced, all documents, including contracts, reflecting Defendant entity(-ies) which would be responsible for paying any personal injury claims relating to Paragard IUDs placed in a woman between 2000 to the present. | The financial interest of any entity or person in this litigation is discoverable. Georgia law is clear that Plaintiffs are entitled to this information. *See Ford Motor Co. v. Conley*, 757 S.E.2d 20 (Ga. 2014). Plaintiffs are entitled to know all insurers, the terms of those policies, and if there are any additional entities who may be ultimately responsible to pay the damages in this MDL. |



March 10, 2023
Page 6

| 52 | A physical inspection of the Buffalo facility and all paper files contained therein and/or in its offsite storage site pertaining to Paragard. | This request is relevant to see both the physical facility where Paragard is manufactured and any relevant hard copy documents pertaining to Paragard where they are stored and maintained. |
|---|---|---|

### III.     <u>Supplementation of Discovery Responses</u>

Plaintiffs submit that Defendants' responses and objections to RFP3 need to be supplemented to remove and/or modify their current wholesale objections and provide updated responses, including what production is responsive to each request. During Your Honor's July 26, 2022 Discovery Status Conference, the Court was clear that Defendants must "identify in some way what documents are responsive to what requests." (July 26, 2022 Tr. at 19:17-20). Accordingly, Plaintiffs request the Court Order Defendants to formally supplement their responses to RFP3 based on productions and agreements between the parties to date as well as all future productions and agreements.

Plaintiffs appreciate the Court's attention to these matters and look forward to discussing them with the Court next week.

Respectfully submitted,

Kristen Hermiz

cc: Fred Erny, Esq.
    Gina Saelinger, Esq.
    Allison Ng, Esq.
    Plaintiffs' Executive Committee

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: PARAGARD IUD PRODUCTS LIABILITY LITIGATION | :   **MDL Docket No. 2974**<br>:<br>:   **(1:20-md-02974-LMM)**<br>:<br>:   **This Document Relates to All Cases**<br>: |

<u>**DEFENDANT TEVA WOMEN'S HEALTH, LLC'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' "SECOND [THIRD] REQUEST
FOR PRODUCTION OF DOCUMENTS"**</u>

Defendant Teva Women's Health, LLC ("TWH, LLC") by and through its counsel, hereby objects to and responds to plaintiffs' "Second Request for Production of Documents" (hereinafter, "Requests")[1] as follows.

**<u>PRELIMINARY STATEMENT</u>**

The following objections and responses ("Responses") are based upon the facts and documents presently known and available to TWH, LLC. Discovery, investigation, research, and analysis are still ongoing and may disclose the existence of additional facts, add meaning to known facts, establish entirely new factual conclusions, establish entirely new legal contentions, or possibly lead to additions, variations, or changes to these Responses. The Responses, therefore, are based only upon TWH, LLC's knowledge as of the date of these Responses and are given without prejudice to TWH, LLC's right to produce any subsequently discovered documents. TWH, LLC reserves the right to change or supplement these Responses as additional documents are

---

[1] This set of Requests for Production of Documents, served on October 31, 2022, is not the "Second Request." Rather, the instant set of 59 numbered Requests is plaintiffs' ***Third Request*** for production of documents, now totaling 102 numbered requests, many of which are compound containing multiple requests within a single numbered request.

discovered, revealed, recalled, or otherwise ascertained, and as further analysis and research discloses additional facts, contentions, or legal theories that may apply.

To the extent TWH, LLC has located documents responsive to the Requests, those documents are being produced subject to the terms of the Court's Protective Order [Doc. No. 36] and ESI Order [Doc. No. 128]. TWH, LLC has not refrained from producing documents solely on the basis that the documents are confidential.

TWH, LLC's written responses and its production of documents in response to plaintiffs' Requests are limited to periods on or before April 12, 2022, as determined by the Court on September 12, 2022, but the period during which Paragard was manufactured and sold, and the Paragard New Drug Application was held, by Duramed Pharmaceuticals, Inc./Teva Women's Health, Inc., and Teva Women's Health, LLC, was November 9, 2005 to October 31, 2017.[2]

For the most part, plaintiffs' Second Set of Requests for Production repeat, and in some cases magnify, the problems in plaintiffs' First Set of Requests for Production ("First Set"). TWH, LLC attempted to address many of the problems in the First Set and advance discovery as the Court advocated by correcting improper terminology and responding in terms of corrected terminology, overlooking false premises, responding to irrelevant, overbroad and disproportionate requests in the First Set, responding to requests containing vague, ambiguous and argumentative terminology, and effectively foregoing multiple meritorious objections to the First Set. Those efforts by TWH, LLC were unproductive as TWH, LLC became ensnared in multiple meet and confers in which TWH, LLC was accused of rewriting plaintiffs' requests; plaintiffs argued that TWH, LLC's responses to the First Set were deficient based on what plaintiffs purportedly

---

[2] With the exception of the time period referenced here, TWH, LLC incorporates as if fully restated herein its Preliminary Statement to its Objections and Responses to Plaintiffs' [First] Set of Requests for Production of Documents.

intended their requests to request (despite not being what actually was stated in the request), and plaintiffs attempted to expand their requests beyond the language of the requests, and otherwise change the language of their requests. The Requests also ignore developments in the MDL, including CMOs and Status and Discovery Conference rulings issued by the Court since the First Set. For example, the vast majority of the Requests ask for "all documents," which is objectionable by itself, but also would include documents that might be found in custodial files. However, a process is now in place in which plaintiffs have selected custodians from lists provided by TWH, LLC and CooperSurgical, Inc., and based on review of noncustodial and custodial document productions made by TWH, LLC. Further, plaintiffs have the right to select additional custodians, again using information gathered from noncustodial and custodial document productions. Accordingly, not only are Requests that ask for "all documents" vague, ambiguous, argumentative and overbroad, they are unduly burdensome and disproportionate to the extent they purport to request TWH, LLC to identify every possible custodian and search through their custodial files. TWH, LLC also is mindful of the Court's requirements in responding to requests for production of documents.

Having gone through that time-consuming process and seeing the same deficiencies in the Requests, considering all factors, including those described above, TWH, LLC thinks that the more effective and efficient way to address deficiencies in the Requests is by requiring plaintiffs to propound requests that comply at the outset with the Federal Rules of Civil Procedure. TWH, LLC thinks that approach will conserve the time and resources of the Court and the parties. As always, TWH, LLC is willing to reasonably meet and confer with plaintiffs about requests that comply with the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS TO PLAINTIFFS' REQUESTS

1.    This set of Requests for Production of Documents, served on October 31, 2022, is not a "Second Request." Rather, the instant set of 59 numbered Requests is plaintiffs' ***Third Request*** for production of documents. Cumulatively, and without counting the multiple sub-parts and compound requests, this Third Set of Requests for production are Requests # 44 through 102. This Third Set of Requests far exceeds Federal Rule of Civil Procedure 26's requirement of proportional discovery. TWH, LLC objects that this Third Set of Requests for Production seeks to impose discovery obligations on TWH, LLC that are not proportional to the needs of these cases, TWH, LLC's resources in responding to all the discovery sought by plaintiffs in these cases, the importance of these Requests in resolving the issues in this litigation, and the burden or expense of responding to these Requests, as such burden and expense outweighs any potential benefit.

2.    TWH, LLC objects to each and every Request that is improperly compound and which contains multiple requests in a purported single request. Such improper compound requests result in the Request not describing the documents sought with reasonable and sufficient particularity as required by Federal Rule of Civil Procedure 34 and, moreover, render the Requests misleading as to the burden of an individually-numbered Request, this Third Set of Requests cumulatively, and all prior Requests cumulatively.

3.    TWH, LLC objects to plaintiffs' Requests as improperly directed to all "Defendants" cumulatively and without any regard whatsoever to the information plaintiffs currently possess about each Defendant, rendering these Requests unduly burdensome, harassing, and oppressive. As plaintiffs know from filings made to this Court and prior discovery responses, on November 1, 2017, a subsidiary of The Cooper Companies, CooperSurgical, Inc. purchased from Teva Women's Health, LLC certain Paragard assets, including the Paragard New Drug

4

Application, pursuant to an Asset Purchase Agreement. Plaintiffs have made no effort to tailor this Third Set of Requests to the appropriate Defendant, and instead, have not otherwise complied with their obligations under Federal Rules of Civil Procedure 26 and 34 and instead have sought to improperly and unreasonably impose burdens on Defendants.

4.     TWH, LLC objects to plaintiffs' Requests to the extent plaintiffs continue to use improper language and terminology, particularly where plaintiffs have already been informed of the proper language and terminology in prior discovery responses, depositions, written submissions to the Court, and during discovery conferences with the Court. Further, plaintiffs, whose counsel previously have served as leadership counsel in MDL and mass tort litigations, have an obligation to craft discovery in accordance with the statutory laws, rules, and regulations (including definitions) that apply to Paragard, a drug product that is approved and regulated by the federal Food and Drug Administration. It is unduly burdensome, harassing, oppressive, a waste of TWH, LLC's and this Court's time and resources, and not within the letter or spirit of Federal Rules of Civil Procedure 26 and 34 to impose upon TWH, LLC an obligation to continue to address the improper terminology plaintiffs continue to use in these Requests.

5.     TWH, LLC objects to plaintiffs Requests to the extent plaintiffs continue to seek documents and discovery that this Court has already limited and/or directed plaintiffs to narrow in prior rulings. It is unduly burdensome, harassing, oppressive, a waste of TWH, LLC's and this Court's time and resources, and not within the letter or spirit of Federal Rules of Civil Procedure 26 and 34 to impose upon TWH, LLC an obligation to continue to address the improperly broad Requests. TWH, LLC will not fix such improper terminology and will stand on its objections, pending receipt of amended Requests using proper terminology.

**OBJECTIONS TO PLAINTIFFS' "DEFINITIONS"**

1.       TWH, LLC objects to plaintiffs' definition of "You" or "Your" on the grounds that it is vague and argumentative and incorrectly describes "Defendants," conflates all Defendants, and/or seeks to improperly impose duties upon TWH, LLC in responding to these Requests by purportedly instructing TWH, LLC to disregard differences among separate legal entities, disregard differences between TWH, LLC, Teva Pharmaceuticals USA, Inc., and Teva Branded Pharmaceuticals Products R&D, Inc., and The Cooper Companies, Inc. and CooperSurgical, Inc., differences between TWH, LLC and The Cooper Companies, Inc. and CooperSurgical, Inc., and is based upon an incorrect premise, including that all Defendants are serving a single response to these Requests when they are not. TWH, LLC, as defined above, is responding to these Requests and only on its own behalf.

2.       TWH, LLC objects to plaintiffs' definition of "document" on the ground that it purports to impose upon TWH, LLC a definition of "document" beyond that defined in Rule 34 of the Federal Rules of Civil Procedure. For example, plaintiffs' definition includes any document "now or at any time in the Defendant's possession, custody, or control," which exceeds the requirements of Rule 34.

3.       TWH, LLC objects to plaintiffs' definition of "Relate" or "relating"/"Concern" or "concerning" on the grounds that it is vague, ambiguous, and argumentative. Among other things, TWH, LLC is unable to determine what standard, if any, plaintiffs would use to define and apply their subjective phrase "in any way logically or factually connected with the matter discussed." As stated, it is overly broad and likely incapable of being met. The vague, ambiguous, overly broad, and argumentative nature of this definition is further compounded by plaintiffs' Instruction number 1, which utilizes additional different terms to describe the also vague, ambiguous, and

6

argumentative terms "related to" or "relating to." TWH, LLC will locate, assemble, and produce documents in accordance with the applicable rules of the Federal Rules of Civil Procedure and the Court's Case Management Order Regarding Production of Electronically Stored Information and Paper Documents ("ESI Protocol"), Doc. No. 128.

4.     TWH, LLC objects to plaintiffs' definition of "Complaint Files" because it includes an incorrect and argumentative premise. Specifically, the addition of the phrase "including documented rationale for reporting or not reporting the complaint to the Food and Drug Administration" makes it different from the meaning of "Complaint files" as defined in 21 C.F.R. §211.198, and purports to impose reporting requirements upon a prescription drug manufacturer that are not in applicable FDA regulations.

5.     TWH, LLC objects to plaintiffs' definition of "all," "any," or "each" as vague, ambiguous, argumentative, overly broad, unduly burdensome, oppressive and disproportionate. Plaintiffs' Requests seeking "all documents" and "all drafts" do not describe documents with reasonable particularity as required by Rule 34 of the Federal Rules of Civil Procedure, are not reasonably tailored to seek documents that are relevant to plaintiffs' claims in this litigation, and the scope of the documents required is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

## OBJECTIONS TO PLAINTIFFS' "INSTRUCTIONS"

1.     TWH, LLC objects to plaintiffs' first Instruction on the grounds that it is vague, overly broad, and argumentative.

2.     TWH, LLC objects to plaintiffs' eighth Instruction purporting to define the "relevant timeframe for these requests" as "1967 to present" because it is factually incorrect, overbroad, and unduly burdensome, and imposes upon TWH, LLC an unreasonable burden and

7

expense and is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. TWH, LLC further objects to that portion of the eighth Instruction which instructs TWH, LLC to "provide the basis for the inability to respond as to the full relevant time frame" as outside the scope of the requirements a party has under Fed. R. Civ. P. 34 in responding to a request for production. Plaintiffs' purported "relevant time frame for these Requests" exceeds what is reasonable and proportional to the needs of the litigation, as it pre-dates by more than 14 years the date on which the Paragard NDA was originally submitted to FDA by The Population Council and pre-dates the transfer of the Paragard NDA to TWH, Inc. by more than 38 years. Furthermore, this Instruction is contrary to the Court's rulings regarding the cut-off date of April 12, 2022.

4.      TWH, LLC objects to plaintiffs' fifth Instruction as to the request for production of "each and every draft and non-identical Document" and plaintiffs' seventh Instruction as to the request instructing that "Each request includes a request for drafts" because the Instructions are overbroad, inconsistent with the Requests, and imposes upon TWH, LLC an unreasonable burden and expense, and is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. TWH, LLC will not address a request for "drafts" in its responses unless "drafts" are specifically requested in the Request. TWH, LLC further objects to plaintiffs' ninth Instruction on the grounds that the term "implicated hereby" is vague and ambiguous, and TWH, LLC has no ability to know in a reliable way what plaintiffs mean by that term, and further objects to the extent that the ninth Instruction purports to impose duties or obligations on TWH, LLC that are different from or in addition to the ESI Protocol. TWH, LLC will produce documents unless stated otherwise for periods on or before April 12, 2022, as

determined by the Court on September 12, 2022, and in accordance with the applicable rules of the Federal Rules of Civil Procedure and the ESI Protocol.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**Request for Production No. 1 [cumulatively, Request No. #44]**[3]**:** To the extent not previously produced, all documents and material things, including, but not limited to, contracts, policies and procedures, reports, and communications, (including all drafts of each) between Defendants and WRB Communications, Inc. pertaining to Paragard.

**RESPONSE:** TWH, LLC objects to Request No. 1 [cumulatively, Request #44], on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on TWH, LLC that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to TWH, LLC what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity. TWH, LLC further objects to Request No. 1 [cumulatively, Request #44], on the grounds that the terms and phrases "policies and procedures," "reports," and "pertaining to," are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. TWH, LLC further objects to the extent this Request seeks documents that constitute or contain proprietary, confidential, or trade secret information, including confidential commercial information. TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases

---

[3] In these Responses, TWH, LLC has listed in brackets the cumulative number of the Request for Production, and will be indicated [#]; e.g., this purported Request for Production No. 1 is actually Request for Production No. #44.

in this MDL.  TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to the Request on the grounds that a request for "all documents and material things" and "all drafts" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.  Subject to and without waiving the foregoing objections, TWH, LLC responds:  TWH, LLC will produce a copy of the as-signed agreements with WRB Communications, Inc., which are at best of questionable relevance, because TWH, LLC has the documents at hand. Conversely, to the extent TWH, LLC can understand this Request, the request for "all documents" imposes an unnecessary, undue and disproportionate burden on TWH, LLC to search for, locate, assemble, and produce documents that are not relevant. Consequently, TWH, LLC has not attempted to look for and locate "all documents" based on the objections and Preliminary Statement stated above. *See* upcoming Production No. 17 (PROD017).

**Request for Production No. 2 [cumulatively, Request No. #45]:** To the extent not previously produced, all documents reflecting the organizational structure of and policies and procedures for each Defendant's Medical Information Department and/or Center as it relates to Paragard. This request includes, but is not limited to, documents reflecting the identity of all employees within

such function. If any Defendant has a function that serves the same purpose but operates under a different name, this request pertains to such function.

**RESPONSE:** TWH, LLC objects to Request No. 2 [cumulatively, Request #45] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on TWH, LLC that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to TWH, LLC what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity. TWH, LLC further objects to Request No. 2 [cumulatively, Request #45], on the grounds that the terms and phrases "documents reflecting," "documents reflecting the organizational structure," "policies and procedures," "Medical Information Department and/or Center," "relates to," "reflecting the identity," and "that serves the same purpose" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. Request No. 2, which seeks "all documents reflecting… Defendant's Medical Information Department and/or Center" and "all documents reflecting…[i]f any Defendant has a function that serves the same purpose but operates under a different name" is completely unintelligible as drafted. Further, TWH, LLC object that this Request is unduly burdensome, oppressive, and harassing, and is not a proper Request for Production under Rule 34 in that plaintiffs seek both to shift their burden of identifying with reasonable particularity the documents that are requested onto TWH, LLC, and also improperly seek what amounts to an improper interrogatory within a Request for Production by asking TWH, LLC to first identify what "function" "serves the same purpose but operates under a different name" as the "Defendant's Medical Information Department and/or Center"; further, TWH, LLC objects that this Request is

11

vague, ambiguous, and overly broad because TWH, LLC is left to guess what plaintiffs are seeking in this Request.  TWH, LLC further objects to the following sentence in this Request: "This request includes, but is not limited to, documents reflecting the identity of all employees within such function" on the grounds that this sentence renders the entire Request unduly burdensome, oppressive, harassing, overly broad, and unreasonable; this Request taken as written arguably is seeking any document that a person's name appears on, and for all employees over an unlimited time period. TWH, LLC further objects to this Request to the extent it purports to impose obligations on TWH, LLC beyond those permitted by Fed. R. Civ. P. 34, including because this Request suggests that TWH, LLC has a duty to create a compilation of documents that does not exist in the ordinary course of business, to recreate historical organizational charts, and/or a duty to create organizational charts that are not maintained in the ordinary course of business.  TWH, LLC objects to this Request as seeking documents duplicative of those sought in RFP 28 in plaintiffs' Request for Production of Documents served on December 22, 2021.  TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL.  TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to this Request on the grounds that a request for "all documents reflecting the organizational structure of and policies and procedures" and "documents reflecting the identity of all employees within such function" it is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of identifying, collecting, and

producing "all" documents that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 3 [cumulatively, Request No. #46]:** All documents and material things, including communications, exchanged between anyone in your Medical Information Department and/or Center and any third party pertaining to Paragard. This request includes all drafts. If any Defendant has a function that serves the same purpose as the Medical Information Department and/or Center but operates under a different name, this request pertains to such function.

**RESPONSE:** TWH, LLC objects to No. 3 [cumulatively, Request #46], on the grounds that the terms and phrases "anyone," "your Medical Information Department and/or Center," "any third party," "that serves the same purpose," and "pertaining to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  Request No. 3 [cumulatively, Request #46], which seeks "all documents and material things, including communications… in your Medical Information Department and/or Center" and "documents and material things, including communications…[i]f any Defendant has a function that serves the same purpose as the Medical Information Department and/or Center but operates under a different name" is completely unintelligible as drafted.  Further, TWH, LLC object that this Request is unduly burdensome, oppressive, and harassing, and is not a proper Request for Production under Rule 34 in that plaintiffs seek both to shift their burden of identifying with reasonable particularity the documents that are requested onto TWH, LLC, and also improperly seek what amounts to an improper interrogatory within a Request for Production by asking TWH, LLC to first identify what "function" "serves the same purpose but operates under a

13

different name" as "your Medical Information Department and/or Center"; further, TWH, LLC objects that this Request is vague, ambiguous, and overly broad because TWH, LLC is left to guess what plaintiffs are seeking in this Request.  TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court.  TWH, LLC objects to this Request as seeking documents duplicative of those sought in the Defendant Fact Sheet (DFS) requested by plaintiffs and premature in light of the fact that the parties are negotiating the terms of the DFS and TWH, LLC's due date for production of any documents as part of any DFS response has not been reached.  TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.   To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to this Request on the grounds that a request for "all documents and tangible things, including communications," "anyone," "any third party," and "all drafts" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure, including because it seeks to require TWH, LLC to locate, assemble, and produce documents constituting or containing information about alleged events other than "embedment," "breakage of an arm," and/or "difficult removal," the events alleged by plaintiffs to be associated with their use of Paragard, and the claim that is the subject of this MDL. Further, the burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

14

**Request for Production No. 4 [cumulatively, Request No. #47]:** All documents and tangible things, including communications, exchanged between anyone in your Medical Information Department and/or Center and any other department or function within your organization pertaining to Paragard. This request includes all drafts. If any Defendant has a function that serves the same purpose as the Medical Information Department and/or Center but operates under a different name, this request pertains to such function.

**RESPONSE:** TWH, LLC objects to No. 4 [cumulatively, Request #47], on the grounds that the terms and phrases "your Medical Information Department and/or Center," "that serves the same purpose," and "pertaining to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  Request No. No. 4 [cumulatively, Request #47], which seeks "all documents and material things, including communications… in your Medical Information Department and/or Center" and "documents and material things, including communications …[i]f any Defendant has a function that serves the same purpose as the Medical Information Department and/or Center but operates under a different name" is completely unintelligible as drafted.  Further, TWH, LLC object that this Request is unduly burdensome, oppressive, and harassing, and is not a proper Request for Production under Rule 34 in that plaintiffs seek both to shift their burden of identifying with reasonable particularity the documents that are requested onto TWH, LLC, and also improperly seek what amounts to an improper interrogatory within a Request for Production by asking TWH, LLC to first identify what "function" "serves the same purpose but operates under a different name" as the "your Medical Information Department and/or Center"; further, TWH, LLC objects that this Request is vague, ambiguous, and overly broad because TWH, LLC is left to guess what plaintiffs are seeking in this Request.  TWH, LLC objects to this Request on the grounds that it requests documents that are not

relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court.  TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to this Request on the grounds that a request for "all documents and tangible things, including communications," and "all drafts" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure, including because it seeks to require TWH, LLC to locate, assemble, and produce documents constituting or containing information about alleged events other than "embedment," "breakage of an arm," and/or "difficult removal," the events alleged by plaintiffs to be associated with their use of Paragard, and the claim that is the subject of this MDL. Further, the burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 5 [cumulatively, Request No. #48]:** All documents and tangible things, including communications, reflecting any safety signal detections pertaining to Paragard. This request includes all drafts.

**RESPONSE:** TWH, LLC objects to Request No. 5 [cumulatively, Request #48], on the grounds that the phrases "all documents … reflecting," "any safety signal detections," and "pertaining to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable

particularity the documents that are requested.  TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court.  TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to this Request on the grounds that a request for "all documents and tangible things, including communications," "all documents…reflecting" "any safety signal detections," and "all drafts" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure, including because it seeks to require TWH, LLC to locate, assemble, and produce documents constituting or containing information about alleged events other than "embedment," "breakage of an arm," and/or "difficult removal," the events alleged by plaintiffs to be associated with their use of Paragard, and the claim that is the subject of this MDL. Further, the burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 6 [cumulatively, Request No. #49]:** A complete and unaltered copy of all drafts of and the final Transition Services Agreement ("TSA") between any and/or all of the Parties in or around 2017, including all Schedules attached thereto. If not otherwise reflected on

the requested document(s), provide all documents reflecting the services provided, the effective terms for each service (including any extended terms).

**RESPONSE:** TWH, LLC objects to Request No. 6 [cumulatively, Request #49], on the grounds that the terms and phrases "complete and unaltered copy of all drafts," "all Schedules," "if not otherwise reflected on the requested documents(s)," "reflecting the services provided," "effective terms," and "each service" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  TWH, LLC further objects to this Request to the extent it purports to impose obligations on TWH, LLC beyond those permitted by Fed. R. Civ. P. 34, including because this Request suggests that TWH, LLC has a duty to create a compilation of documents that does not exist in or are not maintained in the ordinary course of business "[i]f not otherwise reflected on the requested document(s)".  TWH, LLC further objects to the extent this Request seeks documents that constitute or contain proprietary, confidential, or trade secret information, including confidential commercial information.  TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL. TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to the Request on the grounds that a request for "all drafts," "all Schedules," if not otherwise reflected on the requested documents(s)," and "all documents reflecting the services provided" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying,

collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.  Subject to and without waiving the foregoing objections, TWH, LLC responds: TWH, LLC will produce a copy of the assigned Transition Services Agreement, which is at best of questionable relevance, because TWH, LLC has the document at hand. Conversely, to the extent TWH, LLC can understand this Request the request for "all drafts" and "all documents" imposes an unnecessary, undue and disproportionate burden on TWH, LLC to search for, locate, assemble, and produce documents that are not relevant. Consequently, TWH, LLC has not attempted to look for and locate "all documents" based on the objections and Preliminary Statement stated above. *See* upcoming Production No. 17 (PROD017).

**Request for Production No. 7 [cumulatively, Request No. #50]:** All documents and tangible things, including meeting minutes, notes, communications, audio and visual recordings, of the TSA Steering Committee established pursuant to the Transition Services Agreement referenced in Request for Production No. 5. This request includes any such documents, communications and tangible things of the Steering Committee Leads and/or members of their respective teams. This request includes all such documents, communications and tangible things exchanged between any individual members from the TSA Steering Committee and any other person or entity pursuant to the provision of services of the TSA Steering Committee and/or the TSA. This request includes all drafts.

**RESPONSE:** TWH, LLC objects to Request No. 7 [cumulatively, Request #50], on the grounds that the terms and phrases "members of their respective teams," "any other person or entity," and "pursuant to the provision of services the TSA Steering Committee and/or the TSA" are vague,

ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  TWH, LLC further objects to the extent this Request seeks documents that constitute or contain proprietary, confidential, or trade secret information, including confidential commercial information.  TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL. TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.   To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to the Request on the grounds that a request for "all documents and tangible things," "all such documents, communications and tangible things," and "all drafts" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 8 [cumulatively, Request No. #51]:** All business records provided by Teva to CooperSurgical pursuant to Annex 9.1(a)(vi) (Transferred Assets – Business Records) of the Asset Purchase Agreement between Teva and CooperSurgical.

**RESPONSE:**  TWH, LLC objects to Request No. 8 [cumulatively, Request #51], on the grounds that the terms and phrases "Teva," "all business records," and "provided by" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  TWH, LLC further objects to this Request to the extent it purports to impose

obligations on TWH, LLC beyond those permitted by Fed. R. Civ. P. 34, including because this Request suggests that TWH, LLC has a duty to create or re-create a grouping of "business records" or compilation of documents that does not exist in or are not maintained in the ordinary course of business.  TWH, LLC further objects to the extent this Request seeks documents that constitute or contain proprietary, confidential, or trade secret information, including confidential commercial information.  TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL.  TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to the Request on the grounds that a request for "all business records" that "were provided by Teva" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.  Subject to the foregoing objections, TWH, LLC responds: Any documents transferred to CooperSurgical, Inc. pursuant to the Asset Purchase Agreement are no longer in TWH, LLC's possession or control.

**Request for Production No. 9 [cumulatively, Request No. #52]:** Documents reflecting the identity and substance of all Transferred IT pursuant to Annex 9.1(a)(ix) (Transferred Assets – IT Systems) of the Asset Purchase Agreement between Teva and CooperSurgical.

**RESPONSE:**   TWH, LLC objects to Request No. 9 [cumulatively, Request #52], on the grounds that the terms and phrases "Teva," "documents reflecting" and "reflecting the identity and substance" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  TWH, LLC further objects to the extent this Request seeks documents that constitute or contain proprietary, confidential, or trade secret information, including confidential commercial information.  TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL.  TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to the Request on the grounds that a request for "documents reflecting the identity and substance of all Transferred IT" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 10 [cumulatively, Request No. #53]:** All documents and tangible things, including communications, presentations, meeting minutes, agendas and notes, pertaining to the "White Project." This request includes all drafts.

**RESPONSE:**   TWH, LLC objects to Request No. 10 [cumulatively, Request #53], on the grounds that the terms and phrases "pertaining to" and "White Project" are vague, ambiguous, and

argumentative, and the Request does not describe with reasonable particularity the documents that are requested. TWH, LLC further objects to the extent this Request seeks documents that constitute or contain proprietary, confidential, or trade secret information, including confidential commercial information. TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL. TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to the Request on the grounds that a request for "all documents and tangible things" and "all drafts" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 11 [cumulatively, Request No. #54]:** All training material, in any form, delivered by the ComplianceWire system that pertains to Paragard as identified by CooperSurgical in the October 11, 2022 deposition of CooperSurgical at P122/L21-25. This request includes, but is not limited to, training to report product quality complaints and adverse events.

**RESPONSE:** TWH, LLC objects to Request No. 11 [cumulatively, Request #54], on the grounds that the terms and phrases "training material," "delivered by," "pertains to," and "training to report" are vague, ambiguous, and argumentative, and the Request does not describe with

reasonable particularity the documents that are requested.  TWH, LLC further objects to this Request on the grounds that the deposition referred to in this Request, and upon which this Request is premised, was taken of a CooperSurgical, Inc. 30(b)(6) witness, and, therefore, this Request is not properly directed to TWH, LLC, and the inclusion of this Request in a set of Requests for Production purportedly directed to TWH, LLC is argumentative, oppressive, and harassing and improper under Federal Rule of Civil Procedure 34.  TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to this Request on the grounds that a request for "all training material" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.  Subject to and without waiving the foregoing objections, TWH, LLC responds: TWH, LLC does not own or control CooperSurgical's ComplianceWire system and TWH, LLC is aware of no documents responsive to this Request.

**Request for Production No. 12 [cumulatively, Request No. #55]:** Any and all "complaint summaries" pertaining to Paragard, including, but not limited to, the one done by Thomas Mehs that is referenced in MDL2974TWHLLC028069.

**RESPONSE:** TWH, LLC objects to Request No. 12 [cumulatively, Request #55], on the grounds that the terms and phrases "complaint summaries," and "pertaining to" are vague, ambiguous, and

argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to this Request on the grounds that a request for "any and all 'complaint summaries'" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure, including because it seeks to require TWH, LLC to locate, assemble, and produce documents constituting or containing information about alleged events other than "embedment," "breakage of an arm," and/or "difficult removal," the events alleged by plaintiffs to be associated with their use of Paragard, and the claim that is the subject of this MDL. Further, the burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.  Subject to and without waiving the foregoing objections, TWH, LLC responds: After reasonable investigation, TWH, LLC is unable to determine what "complaint summary" Thomas Mehs was referring to in the May 30, 2014, email bates-labeled MDL2974TWHLLC028069, and therefore, TWH, LLC is unable to locate a specific document responsive to this Request.

**Request for Production No. 13 [cumulatively, Request No. #56]**: The summary Power Point slide referenced by Thomas Mehs in MDL2974TWHLLC028069.

**RESPONSE:**  TWH, LLC responds: After reasonable investigation it is unable to determine what "summary PowerPoint slide" Thomas Mehs was referring to in the May 30, 2014, email Bates-

labeled MDL2974TWHLLC028069, and, therefore is aware of no document responsive to this Request.

**Request for Production No. 14 [cumulatively, Request No. #57]:** Indexes of all boxes containing paper files pertaining to Paragard maintained by any Defendant, including those referenced in the Record Management section at page 11 of MDL2974COOPERSURG-00016031.

**RESPONSE:** TWH, LLC objects to Request No. 14 [cumulatively, Request #57], on the grounds that the terms and phrases "Indexes of all boxes," "boxes containing paper files pertaining to," "maintained by," and "any Defendant," are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  TWH, LLC further objects to Request No. 14 [cumulatively, Request #57], as an inappropriate fishing expedition which amounts to a Request to locate and assemble all documents about Paragard (e.g., "all boxes of documents…pertaining to Paragard…."). Therefore, plaintiffs have not identified with reasonable particularity the documents they are seeking. The Request is overbroad and unduly burdensome, including because plaintiffs' have failed to tailor the Request to seek documents relevant to their claims in this MDL.  TWH, LLC further objects to this Request to the extent it purports to impose obligations on TWH, LLC beyond those permitted by Fed. R. Civ. P. 34, including because this Request suggests that TWH, LLC has a duty to create documents that do not exist in or are not maintained in the ordinary course of business.   TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL.  TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  TWH, LLC further objects to this Request on the grounds that the document referred to in this Request, and

upon which this Request is premised, is a document produced by CooperSurgical that is dated December 5, 2017, and, therefore, this Request is not properly directed to TWH, LLC, and the inclusion of this Request in a set of Requests for Production purportedly directed to TWH, LLC is argumentative, oppressive, and harassing and improper under Federal Rule of Civil Procedure 34. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to the Request on the grounds that a request for "all boxes containing paper files pertaining to Paragard maintained by any Defendant" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 15 [cumulatively, Request No. #58]:** All documents and tangible things, including, but not limited to, communications exchanged internally and between Defendants pertaining to 10 years of safety data related to Paragard as part of the TSA and referenced on Page 2 of MDL2974COOPERSURG-00016031. This request includes all drafts.

**RESPONSE:** TWH, LLC further objects to Request No. 15 [cumulatively, Request #58], on the grounds that the terms and phrases "Defendants," "between Defendants," "pertaining to," and "10 years of safety data related to Paragard," and "as part of the TSA," are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  TWH, LLC further objects to this Request on the grounds that the document referred to in this Request, and upon which this Request is premised, is a document produced by

CooperSurgical that is dated December 5, 2017, and, therefore, this Request is not properly directed to TWH, LLC, and the inclusion of this Request in a set of Requests for Production purportedly directed to TWH, LLC is argumentative, oppressive, and harassing and improper under Federal Rule of Civil Procedure 34.  TWH, LLC objects to this Request as improperly compound in that it appears to seek documents in multiple categories (e.g., "All documents and tangible things, including, but not limited to, communications exchanged internally and between Defendants…"), and conflates "Defendants," and therefore the Request does not describe with reasonable particularity the documents that are requested, and also the Request is therefore vague, unduly burdensome, harassing, and oppressive.  TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL. TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to this Request on the grounds that a request for "any and all 'complaint summaries'" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure, including because it seeks to require TWH, LLC to locate, assemble, and produce documents constituting or containing information about alleged events other than "embedment," "breakage of an arm," and/or "difficult removal," the events alleged by plaintiffs to be associated with their use of Paragard, and the claim that is the subject of this MDL.  Further, the burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

28

**Request for Production No. 16 [cumulatively, Request No. #59]:** To the extent not previously produced, all documents and tangible things, including, but not limited to, communications exchanged internally, pertaining to the Sales & Activity Reporting material exchanged between Defendants as part of the TSA and referenced on Page 1 of MDL2974COOPERSURG-00016031. This request includes all drafts.

**RESPONSE:** TWH, LLC objects to Request No. 16 [cumulatively, Request #59] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on TWH, LLC that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to TWH, LLC what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.  TWH, LLC further objects to Request No. 16 [cumulatively, Request #59], on the grounds that the terms and phrases "communications exchanged internally," "pertaining to the "Sales & Activity Reporting," "Defendants," and "between Defendants" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  TWH, LLC further objects to this Request on the grounds that the document referred to in this Request, and upon which this Request is premised, is a document produced by CooperSurgical that is dated December 5, 2017, and, therefore, this Request is not properly directed to TWH, LLC, and the inclusion of this Request in a set of Requests for Production purportedly directed to TWH, LLC is argumentative, oppressive, and harassing and improper under Federal Rule of Civil Procedure 34.  TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in

the cases in this MDL.  TWH, LLC further objects to Request No. 16 [cumulatively, Request #59], to the extent it seeks sales and financial data, the issue of production of which has been tabled pursuant to the Court's rulings at the July 26, 2022, MDL Status Conference.  TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to the Request on the grounds that a request for "all documents and tangible things, including but not limited to, communications … pertaining to," and "all drafts" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 17 [cumulatively, Request No. #60]:** To the extent not previously produced, all documents and tangible things, including, but not limited to, communications exchanged internally, pertaining to the Sales Material exchanged between Defendants as part of the TSA and referenced on Page 1 of MDL2974COOPERSURG-00016031. This request includes all drafts.

**RESPONSE:** TWH, LLC objects to Request No. 17 [cumulatively, Request #60] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on TWH, LLC that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly

30

seek to shift to TWH, LLC what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.  TWH, LLC further objects to Request No. 17 [cumulatively, Request #60], on the grounds that the terms and phrases "pertaining to," "Sales Material," and "between Defendants" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  Request No. 17 [cumulatively, Request #60], which seeks "Sales Material… referenced on Page 1 of MDL2974COOPERSURG-00016031" is completely unintelligible as drafted. The phrase "Sales Material" is not used on Page 1 of MDL2974COOPERSURG-00016031."  TWH, LLC further objects to this Request on the grounds that the document referred to in this Request, and upon which this Request is premised, is a document produced by CooperSurgical that is dated December 5, 2017, and, therefore, this Request is not properly directed to TWH, LLC, and the inclusion of this Request in a set of Requests for Production purportedly directed to TWH, LLC is argumentative, oppressive, and harassing and improper under Federal Rule of Civil Procedure 34.  TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL.  TWH, LLC further objects to Request No. 17 [cumulatively, Request #60], to the extent it seeks sales and financial data, the issue of production of which has been tabled pursuant to the Court's rulings at the July 26, 2022, MDL Status Conference.  TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to the Request on the grounds that a request for "all documents and tangible things" and "all drafts" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope

31

of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.  Request No. 17 [cumulatively, Request #60], is unintelligible and incapable of a further response by TWH, LLC as drafted.

**Request for Production No. 18 [cumulatively, Request No. #61]:** All documents and material things, including communications, reflecting any analysis of Paragard complaints performed by Defendants or performed by a third party at Defendants' request.

**RESPONSE:** TWH, LLC objects to Request No. 18 [cumulatively, Request #61], as improperly compound in that it appears to seek documents in multiple categories, and, therefore the Request does not describe with reasonable particularity the documents that are requested, and also the Request is therefore vague, unduly burdensome, harassing, and oppressive.  TWH, LLC further objects to Request No. 18 [cumulatively, Request #61], on the grounds that the phrases "reflecting any analysis," and "Paragard Complaints," are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  TWH, LLC objects to this Request as seeking documents duplicative of those sought in RFP 10 in plaintiffs' Request for Production of Documents served on December 22, 2021.  TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court.  TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the

attorney work-product doctrine. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to this Request on the grounds that a request for "all documents" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure, including because it seeks to require TWH, LLC to locate, assemble, and produce documents constituting or containing information about alleged events other than "embedment," "breakage of an arm," and/or "difficult removal," the events alleged by plaintiffs to be associated with their use of Paragard, and the claim that is the subject of this MDL. Further, the burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 19 [cumulatively, Request No. #62]:** To the extent not previously produced, all documents and material things, including communications, pertaining to all complaints (product quality and adverse event) related to insertion of the Paragard product. This includes, but is not limited to, documents concerning complaint analysis and insertion training and demonstrations. This request includes all drafts.

**RESPONSE:** TWH, LLC objects to Request No. 19 [cumulatively, Request #62], on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on TWH, LLC that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to TWH, LLC what is their discovery responsibility to not seek duplicative discovery

and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity. TWH, LLC objects to Request No. 19 [cumulatively, Request #62], as improperly compound in that it appears to seek documents in multiple categories, and, therefore the Request does not describe with reasonable particularity the documents that are requested, and also the Request is therefore vague, unduly burdensome, harassing, and oppressive. TWH, LLC further objects to Request No. 19 [cumulatively, Request #62], on the grounds that the phrases "pertaining to," "all complaints," "related to insertion of the Paragard product," "documents concerning," and "complaint analysis" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. Request No. 19 [cumulatively, Request #62], which seeks "all documents ...pertaining to all complaints," but then states that such documents "include" "documents concerning.... insertion training and demonstrations" is completely unintelligible as drafted. TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court. TWH, LLC also objects to this Request as seeking documents duplicative of those sought in RFP 10, RFP 12, RFP 22, RFP 29, RFP 30, RFP 31, and RFP 32 in plaintiffs' Request for Production of Documents served on December 22, 2021. Duplicative requests for the same documents in numerous, separate Requests for Production is oppressive, harassing, and burdensome. TWH, LLC further objects to Request No. 19 [cumulatively, Request #62], as an inappropriate fishing expedition which amounts to a Request to locate and assemble all "complaints" about Paragard (e.g., a Request seeking reports of adverse events "related to the insertion of Paragard" might be interpreted to mean *all* reports of adverse events since a Paragard generally will first have had to have been placed into a person in order for an adverse event to be

reported).  Therefore, plaintiffs have not identified with reasonable particularity the documents

they are seeking. The Request is unnecessarily overbroad and unduly burdensome. Plaintiffs' have

failed to tailor the Request to seek documents relevant to their claims in this MDL.  TWH, LLC

further objects to this Request to the extent it seeks documents protected by the attorney-client

privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and

argumentative terminology in the Request can be understood at all, TWH, LLC objects to this

Request on the grounds that a request for "all documents and material things," "all complaints,"

and "all drafts" is overbroad, unduly burdensome, seeks documents that are not relevant to any

party's claims or defenses, and the scope of the documents requested is not proportional to the

needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure,

including because it seeks to require TWH, LLC to locate, assemble, and produce documents

constituting or containing information about alleged events other than "embedment," "breakage of

an arm," and/or "difficult removal," the events alleged by plaintiffs to be associated with their use

of Paragard, and the claim that is the subject of this MDL. Further, the burden and expense of

locating, identifying, collecting, assembling, and producing "all" documents, material things, or

drafts that could be responsive to this Request significantly outweighs any purported benefit.


**Request for Production No. 20 [cumulatively, Request No. #63]:** To the extent not previously

produced, organizational charts and the employee directory for Teva Neuroscience, Inc. as it

relates to Paragard.

**RESPONSE:**  TWH, LLC objects to Request No. 20 [cumulatively, Request #63], on the grounds

that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome,

harassing, oppressive, and seeks to impose discovery obligations on TWH, LLC that are not

proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to TWH, LLC what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity. TWH, LLC further objects to Request No. 20 [cumulatively, Request #63], on the grounds that the terms and phrases "the employee directory" and "relates to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. TWH, LLC further objects to this Request to the extent it purports to impose obligations on TWH, LLC beyond those permitted by Fed. R. Civ. P. 34, including because this Request suggests that TWH, LLC has a duty to create a compilation of documents that does not exist in the ordinary course of business, to recreate historical organizational charts and/or "the employee directory...as it relates to Paragard," that are not maintained in the ordinary course of business. TWH, LLC further objects to this Request on the grounds that a request for "the employee directory for Teva Neuroscience, Inc." is not reasonably limited in time or scope to any issue in this litigation, and is unduly burdensome, oppressive, harassing, overly broad, and unreasonable. TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to this Request on the grounds that the Request it is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

**Request for Production No. 21 [cumulatively, Request No. #64]:** To the extent not previously produced, all policies and procedures of Teva Neuroscience, Inc. as it relates to Paragard.

**RESPONSE:** TWH, LLC objects to Request No. 21 [cumulatively, Request #64], on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on TWH, LLC that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to TWH, LLC what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity. TWH, LLC further objects to Request No. 21 [cumulatively, Request #64], on the grounds that the terms and phrases "policies and procedures" and "relates to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. TWH, LLC further objects to the extent this Request seeks documents that constitute or contain proprietary, confidential, or trade secret information, including confidential commercial information. TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL. TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to this Request on the grounds that a request for "all policies and procedures" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of identifying,

collecting, and producing "all" documents that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 22 [cumulatively, Request No. #65]:** To the extent not previously produced, all documents and material things, including, but not limited to contracts, policies and procedures, summaries, reports, and communications, exchanged between Defendants and i3 Drug Safety pertaining to Paragard. This request includes all drafts.

**RESPONSE:** TWH, LLC objects to Request No. 22 [cumulatively, Request #65] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on TWH, LLC that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to TWH, LLC what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.  TWH, LLC further objects to Request No. 22 [cumulatively, Request #65], on the grounds that the terms and phrases "policies and procedures," "summaries," "reports," and "pertaining to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  TWH, LLC further objects to the extent this Request seeks documents that constitute or contain proprietary, confidential, or trade secret information, including confidential commercial information. TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL.  TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all,

TWH, LLC objects to this Request on the grounds that a request for "all documents and material things" and "all drafts " is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.  Subject to and without waiving the foregoing objections, TWH, LLC responds: TWH, LLC will produce a copy of the as-signed agreements with i3 Drug Safety, which are at best of questionable relevance, because TWH, LLC has the documents at hand. Conversely, to the extent TWH, LLC can understand this Request, the request for "all documents" imposes an unnecessary, undue and disproportionate burden on TWH, LLC to search for, locate, assemble, and produce documents that are not relevant. Consequently, TWH, LLC has not attempted to look for and locate "all documents" based on the objections and Preliminary Statement stated above. *See* upcoming Production No. 17 (PROD017).


**Request for Production No. 23 [cumulatively, Request No. #66]:** To the extent not previously produced, all documents and material things, including, but not limited to contracts, policies and procedures, summaries, reports, and communications, exchanged between Defendants and EnvoyHealth pertaining to Paragard. This request specifically includes all policies and procedures providing instructions for the review of complaints related to Paragard by EnvoyHealth. This request also includes all drafts.

**RESPONSE:**  TWH, LLC objects to Request No. 23 [cumulatively, Request #66], on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome,

harassing, oppressive, and seeks to impose discovery obligations on TWH, LLC that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to TWH, LLC what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.  TWH, LLC further objects to Request No. 23 [cumulatively, Request #66], on the grounds that the terms and phrases "policies and procedures," "summaries," "reports," and "pertaining to," "policies and procedures providing instructions," "review of complaints," and "related to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  TWH, LLC further objects to the extent this Request seeks documents that constitute or contain proprietary, confidential, or trade secret information, including confidential commercial information.  TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL.  TWH, LLC further objects to this Request on the grounds that it did not contract with "EnvoyHealth" for it to provide any services for Paragard, and the inclusion of this Request in a set of Requests for Production purportedly directed to TWH, LLC is argumentative, oppressive, and harassing and improper under Federal Rule of Civil Procedure 34.  TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to this Request on the grounds that a request for "all documents and material things" and "all drafts " is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of

locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit. Subject to and without waiving the foregoing objections, TWH, LLC responds: TWH, LLC did not contract with EnvoyHealth for it to provide any services for Paragard, and TWH, LLC has no documents responsive to this Request.

**Request for Production No. 24 [cumulatively, Request No. #67]:** To the extent not previously produced, all documents and material things, including, but not limited to contracts, policies and procedures, summaries, reports, and communications, exchanged between Defendants and Diligent Health Solutions pertaining to Paragard. This request specifically includes all policies and procedures providing instructions for the review of complaints related to Paragard by Diligent Health Solutions. This request also includes all drafts.

**RESPONSE:** TWH, LLC objects to Request No. 24 [cumulatively, Request #67] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on TWH, LLC that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to TWH, LLC what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.  TWH, LLC further objects to Request No. 24 [cumulatively, Request #67], on the grounds that the terms and phrases "exchanged between Defendants," "Defendants," "policies and procedures," "summaries," "reports," and "pertaining to," "policies and procedures providing instructions," "review of complaints," "complaints," and "related to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity

the documents that are requested.  TWH, LLC further objects to the extent this Request seeks documents that constitute or contain proprietary, confidential, or trade secret information, including confidential commercial information.  TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL. TWH, LLC further objects to this Request on the grounds that it did not contract with "Diligent Health Solutions" for it to provide any services for Paragard, and the inclusion of this Request in a set of Requests for Production purportedly directed to TWH, LLC is argumentative, oppressive, and harassing and improper under Federal Rule of Civil Procedure 34.  TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.   To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to this Request on the grounds that a request for "all documents and material things" and "all drafts " is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.  Subject to and without waiving the foregoing objections, TWH, LLC responds: TWH, LLC did not contract with Diligent Health Solutions for it to provide any services for Paragard, and TWH, LLC has no documents responsive to this Request.

**Request for Production No. 25 [cumulatively, Request No. #68]:** To the extent not previously produced, all documents and material things, including, but not limited to contracts, policies and

procedures, summaries, reports, and communications exchanged between Defendants and PrimeVigilance pertaining to Paragard. This request specifically includes all policies and procedures providing instructions for the review of complaints related to Paragard by PrimeVigilance. This request also includes all drafts.

**RESPONSE:**  TWH, LLC objects to Request No. 25 [cumulatively, Request #68] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on TWH, LLC that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to TWH, LLC what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.  TWH, LLC further objects to Request No. 25 [cumulatively, Request #68], on the grounds that the terms and phrases "exchanged between Defendants," "Defendants," "policies and procedures," "summaries," "reports," and "pertaining to," "policies and procedures providing instructions," "complaints," "review of complaints," and "related to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  TWH, LLC further objects to the extent this Request seeks documents that constitute or contain proprietary, confidential, or trade secret information, including confidential commercial information.  TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL. TWH, LLC further objects to this Request on the grounds that it is another example of plaintiffs indiscriminate shotgun discovery that requires TWH, LLC to incur time and expense responding to a Request when plaintiffs have no basis for propounding a request to TWH, LLC about "PrimeVigilance" documents for Paragard, and the inclusion of this Request in a set of Requests

for Production purportedly directed to TWH, LLC is argumentative, oppressive, harassing, and improper under Federal Rule of Civil Procedure 34.  TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to this Request on the grounds that a request for "all documents and material things" and "all drafts " is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.  Subject to and without waiving the foregoing objections, TWH, LLC responds: TWH, LLC did not contract with PrimeVigilance for it to provide any services for Paragard, and TWH, LLC has no documents responsive to this Request.


**Request for Production No. 26 [cumulatively, Request No. #69]:** To the extent not previously produced, all documents and material things, including, but not limited to contracts, audits, policies and procedures, reports, and communications, exchanged between Defendants and KEMA-Registered Quality. This request includes all drafts.

**RESPONSE:** TWH, LLC objects to Request No. 26 [cumulatively, Request #69] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on TWH, LLC that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to TWH, LLC what is their discovery responsibility to not seek duplicative discovery

and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.  TWH, LLC further objects to Request No. 26 [cumulatively, Request #69], on the grounds that the terms and phrases "exchanged between Defendants," "Defendants," "policies and procedures," and "reports," are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  TWH, LLC further objects to the extent this Request seeks documents that constitute or contain proprietary, confidential, or trade secret information, including confidential commercial information.  TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL.  TWH, LLC objects to this Request as seeking documents duplicative of those sought in RFP 4 in plaintiffs' Request for Production of Documents served on December 22, 2021.  TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to this Request on the grounds that a request for "all documents and material things" and "all drafts " is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.  Subject to and without waiving the foregoing objections, TWH, LLC responds: TWH, LLC will produce KEMA audits for the North Tonawanda facility and KEMA certifications, which are at best of questionable relevance, because TWH, LLC has the documents at hand. Conversely, to the extent TWH, LLC can understand this Request, the

request for "all documents" imposes an unnecessary, undue and disproportionate burden on TWH, LLC to search for, locate, assemble, and produce documents that are not relevant. Consequently, TWH, LLC has not attempted to look for and locate "all documents" based on the objections and Preliminary Statement stated above. *See* upcoming Production No. 17 (PROD017).

**Request for Production No. 27 [cumulatively, Request No. #70]:** To the extent not previously produced, all documents and material things, including, but not limited to contracts, audits, policies and procedures, reports, and communications, exchanged between Defendants and DEKRA Certification pertaining to Paragard. This request includes all drafts.

**RESPONSE:** TWH, LLC objects to Request No. 27 [cumulatively, Request #70] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on TWH, LLC that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to TWH, LLC what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity. TWH, LLC further objects to Request No. 27 [cumulatively, Request #70], on the grounds that the terms and phrases "exchanged between Defendants," "Defendants," "policies and procedures," "reports," and "pertaining to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. TWH, LLC further objects to the extent this Request seeks documents that constitute or contain proprietary, confidential, or trade secret information, including confidential commercial information. TWH, LLC objects to this Request as seeking documents duplicative of those sought in RFP 4 in plaintiffs' Request for Production of Documents served on December 22, 2021. TWH, LLC objects to this Request on the grounds that it requests documents that are not

relevant to any claim or defense in the cases in this MDL.  TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to this Request on the grounds that a request for "all documents and material things" and "all drafts " is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.  Subject to and without waiving the foregoing objections, TWH, LLC responds: TWH, LLC will produce a copy of the assigned agreement with DEKRA for the North Tonawanda facility, DEKRA audits for the north Tonawanda facility, and DEKRA certifications, which is at best of questionable relevance, because TWH, LLC has the document at hand. Conversely, to the extent TWH, LLC can understand this Request, the request for "all documents" imposes an unnecessary, undue and disproportionate burden on TWH, LLC to search for, locate, assemble, and produce documents that are not relevant. Consequently, TWH, LLC has not attempted to look for and locate "all documents" based on the objections and Preliminary Statement stated above. *See* upcoming Production No. 17 (PROD017).

**Request for Production No. 28 [cumulatively, Request No. #71]:** To the extent not previously produced, all documents and material things, including, but not limited to contracts, policies and procedures, summaries, reports, and communications, exchanged between Defendants and any third party besides FDA pertaining to complaints and complaint handling involving Paragard. This

47

request specifically includes all policies and procedures providing instructions for the review of complaints related to Paragard by such third party. This request includes all drafts.

**RESPONSE:** TWH, LLC objects to Request No. 28 [cumulatively, Request #71] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on TWH, LLC that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to TWH, LLC what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.  TWH, LLC further objects to Request No. 28 [cumulatively, Request #71], on the grounds that the terms and phrases "exchanged between Defendants," "Defendants," "policies and procedures," "summaries," "reports," "pertaining to," "complaints," "complaint handling," "policies and procedures providing instructions," "review of complaints," "any third party besides FDA," and "related to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. TWH, LLC further objects to this Request as harassing and oppressive being duplicative of Request No. 1 [cumulatively, Request #44], Request No. 22 [cumulatively, Request #65], Request No. 22 [cumulatively, Request #66], Request No. 24 [cumulatively, Request #67], and Request No. 25 [cumulatively, Request #68]. TWH, LLC further objects to the extent this Request seeks documents that constitute or contain proprietary, confidential, or trade secret information, including confidential commercial information.  TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court.  TWH, LLC further objects to this Request to the extent it seeks

documents protected by the attorney-client privilege and/or the attorney work-product doctrine. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to this Request on the grounds that a request for "all documents and material things" and "all drafts " is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 29 [cumulatively, Request No. #72]:** To the extent not previously produced, all documents and material things pertaining to any and all meetings held internally between Defendants (including internal functions and cross functional individuals) and/or between Defendants and third parties about complaints of breakage of Paragard. This request includes, but is not limited to, meeting minutes, notes, agendas, and recordings.

**RESPONSE:** TWH, LLC objects to Request No. 29 [cumulatively, Request #72] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on TWH, LLC that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to TWH, LLC what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.  TWH, LLC objects to Request No. 29 [cumulatively, Request #72], as improperly compound in that it appears to seek documents in multiple categories, and, therefore

49

the Request does not describe with reasonable particularity the documents that are requested, and also the Request is therefore vague, unduly burdensome, harassing, and oppressive.  TWH, LLC further objects to Request No. 29 [cumulatively, Request #72], on the grounds that the phrases "between Defendants," "and/or between Defendants and third parties," "Defendants," "including internal functions and cross functional individuals," and "pertaining to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  TWH, LLC objects to this Request as seeking documents duplicative of those sought in RFP 10, RFP 12, RFP 29, RFP 31, RFP 32, and RFP 38 in plaintiffs' Request for Production of Documents served on December 22, 2021. Duplicative requests for the same documents in numerous, separate Requests for Production is oppressive, harassing, and burdensome.  TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL.  TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.   To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to this Request on the grounds that a request for "all documents and material things" and "any and all meetings" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 30 [cumulatively, Request No. #73]:** To the extent not previously produced, all organizational charts and the employee directory for IVAX Corporation as it relates to Paragard.

**RESPONSE:** TWH, LLC objects to Request No. 30 [cumulatively, Request #73] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on TWH, LLC that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to TWH, LLC what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.  TWH, LLC further objects to Request No. 30 [cumulatively, Request #73], on the grounds that the terms and phrases "the employee directory" and "relates to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  TWH, LLC further objects to this Request to the extent it purports to impose obligations on TWH, LLC beyond those permitted by Fed. R. Civ. P. 34, including because this Request suggests that TWH, LLC has a duty to create a compilation of documents that does not exist in the ordinary course of business, to recreate historical organizational charts, and/or a duty to create organizational charts and/or "the employee directory…as it related to Paragard" that are not maintained in the ordinary course of business. TWH, LLC further objects to this Request on the grounds that a request for "the employee directory for IVAX Corporation" is not reasonably limited in time or scope to any issue in this litigation, and is unduly burdensome, oppressive, harassing, overly broad, and unreasonable. TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL.  To the extent the vague, ambiguous, and

argumentative terminology in the Request can be understood at all, TWH, LLC objects to this Request on the grounds that the Request it is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

**Request for Production No. 31 [cumulatively, Request No. #74]:** To the extent not previously produced, all policies and procedures of IVAX Corporation as it relates to Paragard.

**RESPONSE:** TWH, LLC objects to TWH, LLC objects to Request No. 31 [cumulatively, Request #74], on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on TWH, LLC that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to TWH, LLC what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.  TWH, LLC further objects to TWH, LLC objects to Request No. 31 [cumulatively, Request #74], on the grounds that the terms and phrases "policies and procedures" and "relates to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  TWH, LLC further objects to the extent this Request seeks documents that constitute or contain proprietary, confidential, or trade secret information, including confidential commercial information.  TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL.  TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the

attorney work-product doctrine.   To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to this Request on the grounds that a request for "all policies and procedures" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of identifying, collecting, and producing "all" documents that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 32 [cumulatively, Request No. #75]:** To the extent not previously produced, the results of all literature searches conducted by Defendants and/or anyone acting on their behalf pertaining to Paragard.

**RESPONSE:** TWH, LLC objects to Request No. 32 [cumulatively, Request #75], on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on TWH, LLC that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to TWH, LLC what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.  TWH, LLC objects to Request No. 32 [cumulatively, Request #75], on the grounds that the phrases "the results of all literature searches," "anyone acting on their behalf," and "pertaining to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in

53

accordance with prior rulings of the Court.  TWH, LLC further objects to this Request to the extent

it seeks documents protected by the attorney-client privilege and/or the attorney work-product

doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can

be understood at all, TWH, LLC objects to this Request on the grounds that a request for "all

literature searches" is overbroad, unduly burdensome, seeks documents that are not relevant to any

party's claims or defenses, and the scope of the documents requested is not proportional to the

needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure,

including because it seeks to require TWH, LLC to locate, assemble, and produce documents

constituting or containing information about alleged events other than "embedment," "breakage of

an arm," and/or "difficult removal," the events alleged by plaintiffs to be associated with their use

of Paragard, and the claim that is the subject of this MDL. Further, the burden and expense of

locating, identifying, collecting, assembling, and producing "all" documents, material things, or

drafts that could be responsive to this Request significantly outweighs any purported benefit.


**Request for Production No. 33 [cumulatively, Request No. #76]:** To the extent not previously

produced, all documents reflecting the identity of any and all lots of Paragard that Defendants have

documented, noted, and/or recorded in any way to have had one or more reports or complaints of

a broken Paragard.

**RESPONSE:**  TWH, LLC objects to Request No. 33 [cumulatively, Request #76] on the grounds

that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome,

harassing, oppressive, and seeks to impose discovery obligations on TWH, LLC that are not

proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly

seek to shift to TWH, LLC what is their discovery responsibility to not seek duplicative discovery

and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity. TWH, LLC objects to Request No. 33 [cumulatively, Request #76], on the grounds that the phrases "all documents reflecting the identity of any and all lots," "documented, noted, and/or recorded in any way," and "to have had one or more reports or complaints," and "a broken Paragard" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. TWH, LLC further objects to this Request to the extent it purports to impose obligations on TWH, LLC beyond those permitted by Fed. R. Civ. P. 34, including because this Request suggests that TWH, LLC has a duty to create a compilation of documents or to create documents that do not exist in the ordinary course of business. TWH, LLC objects to this Request as seeking documents duplicative of those sought in RFP 10 in plaintiffs' Request for Production of Documents served on December 22, 2021. TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court. TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to this Request on the grounds that a request for "all documents reflecting" and "all lots" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 34 [cumulatively, Request No. #77]:** To the extent not previously produced, all documents reflecting the organizational structure of and policies and procedures for Defendants' pharmacovigilance function as it relates to Paragard. This request includes, but is not limited to, documents reflecting the identity of all employees within such function responsible for any tasks relating to Paragard.

**RESPONSE:** TWH, LLC objects to Request No. 34 [cumulatively, Request #77], on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on TWH, LLC that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to TWH, LLC what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.  TWH, LLC objects to Request No. 34 [cumulatively, Request #77], as improperly compound in that it appears to seek documents in multiple categories, and, therefore the Request does not describe with reasonable particularity the documents that are requested, and also the Request is therefore vague, unduly burdensome, harassing, and oppressive.  TWH, LLC further objects to Request No. 34 [cumulatively, Request #77], on the grounds that the terms and phrases "documents reflecting," "organizational structure," "policies and procedures," "pharmacovigilance function," "relates to," "reflecting the identity," "responsible for any tasks," "any tasks relating to Paragard," and "relating to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. TWH, LLC further objects to the following sentence in this Request: "This request includes, but is not limited to, documents reflecting the identity of all employees within such function" on the grounds that this sentence renders the entire Request unduly burdensome, oppressive, harassing,

overly broad, and unreasonable; this Request taken as written arguably is seeking any document that a person's name appears on, and for all employees over an unlimited time period.  TWH, LLC further objects to this Request to the extent it purports to impose obligations on TWH, LLC beyond those permitted by Fed. R. Civ. P. 34, including because this Request suggests that TWH, LLC has a duty to create a compilation of documents that does not exist in the ordinary course of business, to recreate historical organizational charts, and/or a duty to create organizational charts that are not maintained in the ordinary course of business.  TWH, LLC objects to this Request as seeking documents duplicative of those sought in RFP 28 in plaintiffs' Request for Production of Documents served on December 22, 2021. TWH, LLC objects that this Request is unduly burdensome, oppressive, and harassing, and is not a proper Request for Production under Rule 34 in that plaintiffs seek both to shift their burden of identifying with reasonable particularity the documents that are requested onto TWH, LLC, and also improperly seek what amounts to an improper interrogatory within a Request for Production by asking TWH, LLC to first identify what plaintiffs mean by "tasks relating to Paragard" and by broadly seeking documents "reflecting the identity of all employees."  TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court.  TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to this Request on the grounds that a request for "all documents reflecting the organizational structure of and policies and procedures for" and "documents reflecting the identity of all employees within such function" it is overbroad, unduly burdensome, seeks documents that

are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of identifying, collecting, and producing "all" documents that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 35 [cumulatively, Request No. #78]:** To the extent not previously produced, all documents reflecting the organizational structure of and policies and procedures for Defendants' medical affairs function as it relates to Paragard. This request includes, but is not limited to, documents reflecting the identity of all employees within such function responsible for any tasks relating to Paragard.

**RESPONSE:**   TWH, LLC objects to Request No. 35 [cumulatively, Request #78], on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on TWH, LLC that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to TWH, LLC what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.  TWH, LLC objects to Request No. 35 [cumulatively, Request #78], as improperly compound in that it appears to seek documents in multiple categories, and, therefore the Request does not describe with reasonable particularity the documents that are requested, and also the Request is therefore vague, unduly burdensome, harassing, and oppressive.  TWH, LLC further objects to Request No. 35 [cumulatively, Request #78], on the grounds that the terms and phrases "documents reflecting," "the organizational structure," "policies and procedures," "medical affairs function," "relates to," "reflecting the identity," "responsible for any tasks," "any

58

tasks relating to Paragard," and "relating to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. TWH, LLC further objects to the following sentence in this Request: "This request includes, but is not limited to, documents reflecting the identity of all employees within such function" on the grounds that this sentence renders the entire Request unduly burdensome, oppressive, harassing, overly broad, and unreasonable; this Request taken as written arguably is seeking any document that a person's name appears on, and for all employees over an unlimited time period. TWH, LLC further objects to this Request to the extent it purports to impose obligations on TWH, LLC beyond those permitted by Fed. R. Civ. P. 34, including because this Request suggests that TWH, LLC has a duty to create a compilation of documents that does not exist in the ordinary course of business, to recreate historical organizational charts, and/or a duty to create organizational charts that are not maintained in the ordinary course of business. TWH, LLC objects to this Request as seeking documents duplicative of those sought in RFP 28 in plaintiffs' Request for Production of Documents served on December 22, 2021. TWH, LLC objects that this Request is unduly burdensome, oppressive, and harassing, and is not a proper Request for Production under Rule 34 in that plaintiffs seek both to shift their burden of identifying with reasonable particularity the documents that are requested onto TWH, LLC, and also improperly seek what amounts to an improper interrogatory within a Request for Production by asking TWH, LLC to first identify what plaintiffs mean by "tasks relating to Paragard" and by broadly seeking documents "reflecting the identity of all employees." TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court. TWH, LLC further objects to this Request to the extent it seeks documents protected by

the attorney-client privilege and/or the attorney work-product doctrine. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to this Request on the grounds that a request for "all documents reflecting the organizational structure of and policies and procedures for" and "documents reflecting the identity of all employees within such function" it is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of identifying, collecting, and producing "all" documents that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 36 [cumulatively, Request No. #79]:** To the extent not previously produced, all documents reflecting the organizational structure of and policies and procedures for Defendants' regulatory affairs function as it relates to Paragard. This request includes, but is not limited to, documents reflecting the identity of all employees within such function responsible for any tasks relating to Paragard.

**RESPONSE:** TWH, LLC objects to Request No. 36 [cumulatively, Request #79] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on TWH, LLC that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to TWH, LLC what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity. TWH, LLC objects to Request No. 36 [cumulatively, Request #79], as improperly compound in that it appears to seek documents in multiple categories, and, therefore

the Request does not describe with reasonable particularity the documents that are requested, and also the Request is therefore vague, unduly burdensome, harassing, and oppressive.  TWH, LLC further objects to Request No. 36 [cumulatively, Request #79], on the grounds that the terms and phrases "documents reflecting," " =the organizational structure," "policies and procedures," "regulatory affairs function," "relates to," "reflecting the identity," "responsible for any tasks," "any tasks relating to Paragard," and "relating to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. TWH, LLC further objects to the following sentence in this Request: "This request includes, but is not limited to, documents reflecting the identity of all employees within such function" on the grounds that this sentence renders the entire Request unduly burdensome, oppressive, harassing, overly broad, and unreasonable; this Request taken as written arguably is seeking any document that a person's name appears on, and for all employees over an unlimited time period.  TWH, LLC further objects to this Request to the extent it purports to impose obligations on TWH, LLC beyond those permitted by Fed. R. Civ. P. 34, including because this Request suggests that TWH, LLC has a duty to create a compilation of documents that does not exist in the ordinary course of business, to recreate historical organizational charts, and/or a duty to create organizational charts that are not maintained in the ordinary course of business.  TWH, LLC objects to this Request as seeking documents duplicative of those sought in RFP 28 in plaintiffs' Request for Production of Documents served on December 22, 2021.  TWH, LLC objects that this Request is unduly burdensome, oppressive, and harassing, and is not a proper Request for Production under Rule 34 in that plaintiffs seek both to shift their burden of identifying with reasonable particularity the documents that are requested onto TWH, LLC, and also improperly seek what amounts to an improper interrogatory within a Request for Production by asking TWH, LLC to first identify what

plaintiffs mean by "tasks relating to Paragard" and by broadly seeking documents "reflecting the identity of all employees."  TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court.  TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to this Request on the grounds that a request for "all documents reflecting the organizational structure of and policies and procedures for" and "documents reflecting the identity of all employees within such function" it is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of identifying, collecting, and producing "all" documents that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 37 [cumulatively, Request No. #80]:** To the extent not previously produced, all documents reflecting the organizational structure of and policies and procedures for Defendants' quality and/or quality assurance function as it relates to Paragard. This request includes, but is not limited to, documents reflecting the identity of all employees within such function responsible for any tasks relating to Paragard.

**RESPONSE:** TWH, LLC objects to Request No. 37 [cumulatively, Request #80], on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on TWH, LLC that are not

proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to TWH, LLC what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.  TWH, LLC objects to Request No. 37 [cumulatively, Request #80], as improperly compound in that it appears to seek documents in multiple categories, and, therefore the Request does not describe with reasonable particularity the documents that are requested, and also the Request is therefore vague, unduly burdensome, harassing, and oppressive.  TWH, LLC further objects to Request No. 37 [cumulatively, Request #80], on the grounds that the terms and phrases "documents reflecting," "the organizational structure," "quality and/or quality assurance," "policies and procedures," "quality and/or quality function," "relates to," "reflecting the identity," "responsible for any tasks," "any tasks relating to Paragard," and "relating to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  TWH, LLC further objects to the following sentence in this Request: "This request includes, but is not limited to, documents reflecting the identity of all employees within such function" on the grounds that this sentence renders the entire Request unduly burdensome, oppressive, harassing, overly broad, and unreasonable; this Request taken as written arguably is seeking any document that a person's name appears on, and for all employees over an unlimited time period.  TWH, LLC further objects to this Request to the extent it purports to impose obligations on TWH, LLC beyond those permitted by Fed. R. Civ. P. 34, including because this Request suggests that TWH, LLC has a duty to create a compilation of documents that does not exist in the ordinary course of business, to recreate historical organizational charts, and/or a duty to create organizational charts that are not maintained in the ordinary course of business.  TWH, LLC objects to this Request as seeking documents duplicative of those sought in

RFP 28 in plaintiffs' Request for Production of Documents served on December 22, 2021.  TWH, LLC objects that this Request is unduly burdensome, oppressive, and harassing, and is not a proper Request for Production under Rule 34 in that plaintiffs seek both to shift their burden of identifying with reasonable particularity the documents that are requested onto TWH, LLC, and also improperly seek what amounts to an improper interrogatory within a Request for Production by asking TWH, LLC to first identify what plaintiffs mean by "tasks relating to Paragard" and by broadly seeking documents "reflecting the identity of all employees."  TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court.  TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to this Request on the grounds that a request for "all documents reflecting the organizational structure of and policies and procedures for" and "documents reflecting the identity of all employees within such function" it is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of identifying, collecting, and producing "all" documents that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 38 [cumulatively, Request No. #81]:** To the extent not previously produced, all documents reflecting the organizational structure of and policies and procedures for

64

Defendants' medical communications function as it relates to Paragard. This request includes, but is not limited to, documents reflecting the identity of all employees within such function responsible for any tasks relating to Paragard.

**RESPONSE:** TWH, LLC objects to Request No. 38 [cumulatively, Request #81], on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on TWH, LLC that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to TWH, LLC what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.  TWH, LLC objects to Request No. 38 [cumulatively, Request #81], as improperly compound in that it appears to seek documents in multiple categories, and, therefore the Request does not describe with reasonable particularity the documents that are requested, and also the Request is therefore vague, unduly burdensome, harassing, and oppressive.  TWH, LLC further objects to Request No. 38 [cumulatively, Request #81], on the grounds that the terms and phrases "documents reflecting," "the organizational structure," "policies and procedures," "medical communications function," "relates to," "reflecting the identity," "responsible for any tasks," "any tasks relating to Paragard," and "relating to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  TWH, LLC further objects to the following sentence in this Request: "This request includes, but is not limited to, documents reflecting the identity of all employees within such function" on the grounds that this sentence renders the entire Request unduly burdensome, oppressive, harassing, overly broad, and unreasonable; this Request taken as written arguably is seeking any document that a person's name appears on, and for all employees over an unlimited

65

time period.  TWH, LLC further objects to this Request to the extent it purports to impose obligations on TWH, LLC beyond those permitted by Fed. R. Civ. P. 34, including because this Request suggests that TWH, LLC has a duty to create a compilation of documents that does not exist in the ordinary course of business, to recreate historical organizational charts, and/or a duty to create organizational charts that are not maintained in the ordinary course of business.  TWH, LLC objects to this Request as seeking documents duplicative of those sought in RFP 28 in plaintiffs' Request for Production of Documents served on December 22, 2021.  TWH, LLC objects that this Request is unduly burdensome, oppressive, and harassing, and is not a proper Request for Production under Rule 34 in that plaintiffs seek both to shift their burden of identifying with reasonable particularity the documents that are requested onto TWH, LLC, and also improperly seek what amounts to an improper interrogatory within a Request for Production by asking TWH, LLC to first identify what plaintiffs mean by "tasks relating to Paragard" and by broadly seeking documents "reflecting the identity of all employees."  TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court.  TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to this Request on the grounds that a request for "all documents reflecting the organizational structure of and policies and procedures for" and "documents reflecting the identity of all employees within such function" it is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule

26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of identifying, collecting, and producing "all" documents that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 39 [cumulatively, Request No. #82]:** To the extent not previously produced, all documents reflecting the organizational structure of and policies and procedures for Defendants' sales and marketing function(s) as it relates to Paragard. This request includes, but is not limited to, documents reflecting the identity of all employees within such function responsible for any tasks relating to Paragard.

**RESPONSE:**  TWH, LLC objects to Request No. 39 [cumulatively, Request #82], on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on TWH, LLC that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to TWH, LLC what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.  TWH, LLC objects to Request No. 39 [cumulatively, Request #82], as improperly compound in that it appears to seek documents in multiple categories, and, therefore the Request does not describe with reasonable particularity the documents that are requested, and also the Request is therefore vague, unduly burdensome, harassing, and oppressive.  TWH, LLC further objects to Request No. 39 [cumulatively, Request #82], on the grounds that the terms and phrases "documents reflecting," " the organizational structure," "policies and procedures," "sales and marketing function," "relates to," "reflecting the identity," "responsible for any tasks," "any tasks relating to Paragard," and "relating to" are vague, ambiguous, and argumentative, and the

Request does not describe with reasonable particularity the documents that are requested.  TWH, LLC further objects to the following sentence in this Request: "This request includes, but is not limited to, documents reflecting the identity of all employees within such function" on the grounds that this sentence renders the entire Request unduly burdensome, oppressive, harassing, overly broad, and unreasonable; this Request taken as written arguably is seeking any document that a person's name appears on, and for all employees over an unlimited time period.  TWH, LLC further objects to this Request to the extent it purports to impose obligations on TWH, LLC beyond those permitted by Fed. R. Civ. P. 34, including because this Request suggests that TWH, LLC has a duty to create a compilation of documents that does not exist in the ordinary course of business, to recreate historical organizational charts, and/or a duty to create organizational charts that are not maintained in the ordinary course of business.  TWH, LLC objects to this Request as seeking documents duplicative of those sought in RFP 28 in plaintiffs' Request for Production of Documents served on December 22, 2021.  TWH, LLC objects that this Request is unduly burdensome, oppressive, and harassing, and is not a proper Request for Production under Rule 34 in that plaintiffs seek both to shift their burden of identifying with reasonable particularity the documents that are requested onto TWH, LLC, and also improperly seek what amounts to an improper interrogatory within a Request for Production by asking TWH, LLC to first identify what plaintiffs mean by "tasks relating to Paragard" and by broadly seeking documents "reflecting the identity of all employees."  TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court.  TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague,

68

ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to this Request on the grounds that a request for "all documents reflecting the organizational structure of and policies and procedures for" and "documents reflecting the identity of all employees within such function" it is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of identifying, collecting, and producing "all" documents that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 40 [cumulatively, Request No. #83]:** All documents and tangible things, including, but not limited to, communications, agendas, outlines, presentations, charts, reports, lists, contracts, SOPs, work instructions, engineering change records, summaries, meeting minutes, and recordings of meetings, exchanged internally and/or between Defendants pertaining to the September 27, 2017 meeting and/or workshop with James Keller as reflected in MDL2974TWHLLC021517. This request includes all drafts.

**RESPONSE:** TWH, LLC objects to Request No. 40 [cumulatively, Request #83], on the grounds that the terms and phrases "summaries," "between Defendants," "Defendants," "pertaining to" and "meeting and/or workshop" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. TWH, LLC objects to Request No. 40 [cumulatively, Request #83], as improperly compound in that it appears to seek documents in multiple categories, and, therefore the Request does not describe with reasonable particularity the documents that are requested, and also the Request is therefore vague, unduly burdensome, harassing, and oppressive.  Request No. 40 [cumulatively, Request #83], which seeks

"all documents and tangible things, including, but not limited to, communications, agendas, outlines, presentations, charts, reports, lists, contracts, SOPs, work instructions, engineering change records, summaries, meeting minutes, and recordings of meetings, exchanged internally and/or between Defendants" is completely unintelligible as drafted. TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court. TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to the Request on the grounds that a request for "all documents and tangible things" and "all drafts" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.


**Request for Production No. 41 [cumulatively, Request No. #84]:** To the extent not previously produced, all communications between exchanged internally and/or between Defendants pertaining to the 2013 and 2019 label changes.

**RESPONSE:** TWH, LLC objects to Request No. 41 [cumulatively, Request #84] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on TWH, LLC that are not

proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to TWH, LLC what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.   Request No. 41 [cumulatively, Request #84], which seeks "all communications between exchanged internally and/or between Defendants" is completely unintelligible as drafted.  TWH, LLC further objects to Request No. 41 [cumulatively, Request #84], on the grounds that the terms and phrases "communications between exchanged internally and/or between," "between Defendants," "Defendants," and "pertaining to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court. TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  TWH, LLC objects to this Request as seeking documents duplicative of those sought in RFP 17 and RFP 33 in plaintiffs' Request for Production of Documents served on December 22, 2021, and also duplicative of information provided in TWH, LLC's informal meet and confer disclosure to plaintiffs on November 8, 2022, in which individuals involved with labeling were identified.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to the Request on the grounds that a request for "all communications" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating,

identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 42 [cumulatively, Request No. #85]**: To the extent not previously produced, all documents, including contracts, reflecting Defendant entity(-ies) which would be responsible for paying any personal injury claims relating to Paragard IUDs placed in a woman between 2000 to the present.

**RESPONSE:** TWH, LLC objects to Request No. 42 [cumulatively, Request #85], on the grounds that the phrases "all documents … reflecting," "Defendant entity(ies)," "entity(-ies) which would be responsible," "any personal injury claims," "contracts," and "relating to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  TWH, LLC objects that this Request is unduly burdensome, oppressive, and harassing, and is not a proper Request for Production under Rule 34 in that Plaintiffs improperly seek what amounts to an improper interrogatory within a Request for Production by asking TWH, LLC to first "identify" "entity(-ies)," and also because this Request does not seek production of documents described with reasonable particularity, but rather this Request inappropriately seeks what would amount to a hypothetical legal conclusion, based on incomplete hypotheticals and improper premises.  TWH, LLC objects to this Request on the grounds that it purports to seek information, rather than documents, about hypothetical and undefined "personal injury claims" for hypothetical and undefined Paragard placements more than 22 years ago, which hypothetical claims would be barred by applicable statute(s) of limitation and/or statute(s) of repose, and, therefore, which seek documents that are not relevant to any party's claims or defenses and are not proportional to the needs of this litigation.  TWH, LLC objects to this Request on the grounds that

it requests documents that are not relevant to any claim or defense in the cases in this MDL.  TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  TWH, LLC objects that this Request is based on the incorrect premises that there has been any judgment against TWH, LLC or any other Defendant entity requiring any entity to make any payment for a Paragard personal injury claim, that any Defendant entity has been "responsible for" paying any judgment for a Paragard personal injury claim and/or that any Defendant entity, including TWH, LLC, "would be responsible for paying any personal injury claims relating to Paragard IUDs placed in a woman between 2000 to the present," and, therefore, this Request is objectionable in its entirety.  Moreover, Paragard has been on the market since the 1980s, and the labeling for Paragard has always included information to the healthcare provider and the woman that the Paragard may break, that surgery may be necessary to remove the Paragard, and that Paragard may get embedded or stuck in the uterus, and TWH, LLC disputes and denies any "responsibility for paying any personal injury claims relating to Paragard."

**Request for Production No. 43 [cumulatively, Request No. #86]:** To the extent not previously produced, all documents reflecting Defendants' audit SOPs pertaining to Paragard, including all iterations and drafts.

**RESPONSE:**  TWH, LLC objects to Request No. 43 [cumulatively, Request #86] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on TWH, LLC that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to TWH, LLC what is their discovery responsibility to not seek duplicative discovery

and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.  TWH, LLC further objects to Request No. 43 [cumulatively, Request #86], on the grounds that the terms and phrases "documents reflecting," "audit SOPs," "iterations," and "pertaining to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  TWH, LLC further objects to Request No. 43 [cumulatively, Request #86], as an inappropriate fishing expedition which amounts to a Request to locate and assemble all documents about Paragard (e.g., "all documents reflecting…pertaining to Paragard…."). The Request is unnecessarily overbroad and unduly burdensome and seeks documents and information that is not relevant to any party's claims or defenses in this litigation. Plaintiffs' have failed to tailor the Request to seek documents relevant to their claims in this MDL.  TWH, LLC objects to this Request as seeking documents duplicative of those sought in RFP 36 in plaintiffs' Request for Production of Documents served on December 22, 2021.  TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court.  TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to the Request on the grounds that a request for "all documents," "all documents reflecting," "all iterations," and "all…drafts" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing

74

"all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 44 [cumulatively, Request No. #87]:** To the extent not previously produced, all documents reflecting Defendants' CAPA SOPs pertaining to Paragard, including all iterations and drafts.

**RESPONSE:** TWH, LLC objects to Request No. 44 [cumulatively, Request #87] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on TWH, LLC that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to TWH, LLC what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity. Request No. 44 [cumulatively, Request #87], which seeks "all documents reflecting Defendants' CAPA SOPs" is completely unintelligible as drafted. TWH, LLC further objects to Request No. 44 [cumulatively, Request #87], on the grounds that the terms and phrases "documents reflecting," "CAPA SOPs," "iterations," and "pertaining to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. TWH, LLC further objects to Request No. 44 [cumulatively, Request #87], as an inappropriate fishing expedition which amounts to a Request to locate and assemble all documents about Paragard (e.g., "all documents reflecting…pertaining to Paragard…."). The Request is unnecessarily overbroad and unduly burdensome and seeks documents and information that is not relevant to any party's claims or defenses in this litigation. Plaintiffs' have failed to tailor the Request to seek documents relevant to their claims in this MDL.  TWH, LLC objects to

this Request as seeking documents duplicative of those sought in RFP 25 and RFP 36 in plaintiffs' Request for Production of Documents served on December 22, 2021.  TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court.  TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.   To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to the Request on the grounds that a request for "all documents," "all documents reflecting," "all iterations," and "all…drafts" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.


**Request for Production No. 45 [cumulatively, Request No. #88]:** To the extent not previously produced, all communications between Defendants and third-party health care providers pertaining to Paragard breakage.

**RESPONSE:**  TWH, LLC objects to Request No. 45 [cumulatively, Request #88], on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on TWH, LLC that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to TWH, LLC what is their discovery responsibility to not seek duplicative discovery

and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.  TWH, LLC objects to Request No. 45 [cumulatively, Request #88], on the grounds that the phrases "between Defendants" and "pertaining to Paragard breakage," are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  TWH, LLC also objects to Request No. 45 [cumulatively, Request #88], to the extent it seeks documents protected from discovery by the patient-physician privilege, HIPAA, and Title 21 of the Code of Federal Regulations. TWH, LLC will not provide and will redact the names, addresses, or other identifiers of any patients, physicians, or adverse even reports to protect the confidentiality and privacy of those persons. TWH, LLC objects to this Request as seeking documents duplicative of those sought in RFP 32 in plaintiffs' Request for Production of Documents served on December 22, 2021.  TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to the Request on the grounds that a request for "all documents," "all communications" and "breakage" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit. TWH, LLC objects that this Request is premature. The parties are negotiating search terms and database fields and aspects of production of adverse event reports that may include

77

communications with health care providers, search terms and databases and aspects of production of product quality complaint files that may include communications with health care providers, and terms of the Defendant Fact Sheet that may include production of documents constituting or containing communications with plaintiffs' health care providers.

**Request for Production No. 46 [cumulatively, Request No. #89]:** To the extent not previously produced, all documents reflecting any meeting notes, agendas, presentations, and communications pertaining to any meeting (virtual or otherwise) internally and/or between Defendants and FDA pertaining to Paragard, including, but not limited to the Type C Meeting requested by Defendants in July 2021. This request includes all drafts.

**RESPONSE:** TWH, LLC objects to Request No. 46 [cumulatively, Request #89] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on TWH, LLC that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to TWH, LLC what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity. TWH, LLC objects to Request No. 46 [cumulatively, Request #89], on the grounds that the phrases "all documents reflecting," "pertaining to any meeting," "internally and/or between Defendants," "pertaining to Paragard" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. TWH, LLC objects to Request No. 46 [cumulatively, Request #89], as improperly compound in that it appears to seek documents in multiple categories, and, therefore the Request does not describe with reasonable particularity the documents that are requested, and also the Request is

78

therefore vague, unduly burdensome, harassing, and oppressive. TWH, LLC objects to this Request as seeking documents duplicative of those sought in RFP 1 and RFP 32 in plaintiffs' Request for Production of Documents served on December 22, 2021. TWH, LLC further objects to this Request on the grounds that it is based on an incorrect premises; namely, TWH, LLC did not own Paragard in 2021 and did not request a Type C meeting with FDA about Paragard in July 2021; therefore, this Request is not properly directed to TWH, LLC, and the inclusion of this Request in a set of Requests for Production purportedly directed to TWH, LLC is argumentative, oppressive, and harassing and improper under Federal Rule of Civil Procedure 34. TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to the Request on the grounds that a request for "all documents," "all documents reflecting," "any meeting," and "all drafts" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" and "any" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 47 [cumulatively, Request No. #90]:** To the extent not previously produced, all documents and tangible things compiled, created, and/or discussed internally, including, but not limited to, reports, tests, summaries, presentations, agendas, reviews, and drafts of any kind pertaining to the April 21, 2021 Request for Information from FDA to CooperSurgical,

Inc. ("CSI"). This request specifically includes all internal communications and those between Defendants and any third party pertaining to the April 21, 2021 Request for Information from FDA to CooperSurgical, Inc. ("CSI").

**RESPONSE:** TWH, LLC objects to Request No. 47 [cumulatively, Request #90] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on TWH, LLC that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to TWH, LLC what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity. TWH, LLC objects to Request No. 47 [cumulatively, Request #90], on the grounds that the terms and phrases "all documents…discussed internally," "compiled," "reports," "tests," "summaries," "reviews," "of any kind," "between Defendants," "any third party," and "pertaining to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. TWH, LLC objects to Request No. 47 [cumulatively, Request #90], as improperly compound in that it appears to seek documents in multiple categories, and, therefore the Request does not describe with reasonable particularity the documents that are requested, and also the Request is therefore vague, unduly burdensome, harassing, and oppressive. TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL. TWH, LLC objects to this Request on the grounds that this Request is premised on an April 21, 2021 Request for Information from FDA to CooperSurgical, Inc., and, therefore, this Request is not properly directed to TWH, LLC, and the inclusion of this Request in a set of Requests for Production purportedly directed to TWH, LLC is argumentative, oppressive, and harassing and

improper under Federal Rule of Civil Procedure 34.   TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.   To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to the Request on the grounds that a request for "all documents and tangible things" and "all internal communications" and "drafts of any kind" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" and "any" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.   Subject to and without waiving the foregoing objections, TWH, LLC responds: This Request is not directed to TWH, LLC.

**Request for Production No. 48 [cumulatively, Request No. #91]:** To the extent not previously produced, all documents reflecting any testing performed by Defendants concerning the flexibility of the Paragard, including, but not limited to, material testing of any kind.

**RESPONSE:** TWH, LLC objects to Request No. 48 [cumulatively, Request #91], on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on TWH, LLC that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to TWH, LLC what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.   TWH, LLC objects to Request No. 48 [cumulatively, Request #91], on

81

the grounds that the phrases "all documents reflecting," "any testing," "concerning the flexibility of the Paragard," and "material testing of any kind" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. TWH, LLC further objects to the extent this Request seeks documents that constitute or contain proprietary, confidential, or trade secret information, including confidential commercial information. TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court. TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to the Request on the grounds that a request for "all documents reflecting" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit. TWH, LLC objects to this Request on the grounds that this topic has been the subject of meet and confer discussions between the parties, and TWH, LLC has described to plaintiffs' counsel with reasonable particularity the "flexibility" testing documents that TWH, LLC may produce. This Request ignores those discussions and utilizes vague, ambiguous, and undefined terms which result in this Request not describing the documents sought with the reasonable particularity required by Federal Rule of Civil Procedure 34.

**Request for Production No. 49 [cumulatively, Request No. #92]:** To the extent not previously produced, all documents reflecting any risk management activities conducted by Defendants, including, but not limited to communications and drafts, pertaining to breakage of Paragard.

**RESPONSE:** TWH, LLC objects to Request No. 49 [cumulatively, Request #92] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on TWH, LLC that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to TWH, LLC what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity. TWH, LLC objects to Request No. 49 [cumulatively, Request #92], on the grounds that the phrases "all documents reflecting," "any risk management activities," "risk management activities," and "pertaining to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. TWH, LLC objects to this Request as seeking documents duplicative of those sought in RFP 10, RFP 12, RFP 31, and RFP 32 in plaintiffs' Request for Production of Documents served on December 22, 2021. TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court. TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to the Request on the grounds that a request for "all documents," "all documents reflecting," and "all…drafts" is overbroad, unduly burdensome, seeks documents that are not relevant to any

party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 50 [cumulatively, Request No. #93]:** To the extent not previously produced, all documents reflecting the organizational structure of and policies and procedures for "Paragard Direct" and/or ICS as it relates to Paragard. This request includes, but is not limited to, documents reflecting the identity of all employees within such function.

**RESPONSE:** TWH, LLC objects to Request No. 50 [cumulatively, Request #93] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on TWH, LLC that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to TWH, LLC what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.  TWH, LLC further objects to Request No. 50 [cumulatively, Request #93], on the grounds that the terms and phrases "documents reflecting," "the organizational structure," "policies and procedures," "relates to," "reflecting the identity," and "all employees within such function" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  TWH, LLC further objects to the following sentence in this Request: "This request includes, but is not limited to, documents reflecting the identity of all employees within such function" on the grounds that this sentence

renders the entire Request unduly burdensome, oppressive, harassing, overly broad, and unreasonable; this Request taken as written arguably is seeking any document that a person's name appears on, and for all employees of ICS over an unlimited time period. TWH, LLC further objects to this Request to the extent it purports to impose obligations on TWH, LLC beyond those permitted by Fed. R. Civ. P. 34, including because this Request suggests that TWH, LLC has a duty to create a compilation of documents that does not exist in the ordinary course of business, to recreate historical organizational charts, and/or a duty to create organizational charts that are not maintained in the ordinary course of business. TWH, LLC further objects to this Request to the extent it purports to seek documents from the third-party Integrated Commercialization Solutions, Inc., which is an AmerisourceBergen Corporation company. TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL. TWH, LLC also objects to this Request on the grounds that it requests documents that are irrelevant to the issues in this litigation, it is unduly burdensome and the request is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks to require TWH, LLC to locate, assemble, and produce documents constituting or containing information about complaints in which the alleged events are other than "embedment," "breakage of an arm," and/or "difficult removal," the events alleged by plaintiffs to be associated with their use of Paragard, and the claim that is subject of this MDL. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to this Request on the grounds that a request for "all documents reflecting the organizational structure of and policies and procedures" and "documents reflecting the identity of all employees within such function" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not

proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of identifying, collecting, and producing "all" documents that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 51 [cumulatively, Request No. #94]:** Documents reflecting the training for any employees of Defendants' Paragard related call centers.

**RESPONSE:** TWH, LLC objects to Request No. 51 [cumulatively, Request #94], on the grounds that the phrases "documents reflecting," "the training for," "any employees," "Defendants' Paragard related call centers," and "Paragard related call centers" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. TWH, LLC objects to this Request as seeking documents duplicative of those sought in RFP 36 in plaintiffs' Request for Production of Documents served on December 22, 2021. TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL. TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to this Request on the grounds that the Request it is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

**Request for Production No. 52 [cumulatively, Request No. #95]:** A physical inspection of the Buffalo facility and all paper files contained therein and/or in its offsite storage site pertaining to Paragard.

**RESPONSE:** TWH, LLC objects to Request No. 52 [cumulatively, Request #95], on the grounds that the phrases "physical inspection of the Buffalo facility," "its offsite storage site," and "pertaining to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the inspection or documents requested. TWH, LLC objects to Request No. 52 [cumulatively, Request #95], as improperly compound in that it appears to seek multiple inspections, and, for that additional reason the Request does not describe with reasonable particularity the inspections that are requested, and also the Request is therefore vague, unduly burdensome, harassing, and oppressive. TWH, LLC further objects to Request No. 52 [cumulatively, Request #95], as an inappropriate fishing expedition which amounts to a Request to locate and assemble all documents about Paragard (e.g., "all paper files…pertaining to Paragard " and "all offsite storage" documents "pertaining to Paragard"). Plaintiffs' have not identified with reasonable particularity the inspections they are seeking. The Request is unnecessarily overbroad and unduly burdensome and seeks inspections that are not relevant to any party's claims or defenses in this litigation. Plaintiffs' have failed to tailor the Request to an issue relevant to their claims in this MDL. TWH, LLC further objects to the extent this Request seeks documents or things that constitute or contain proprietary, confidential, or trade secret information, including confidential commercial information. TWH, LLC further objects to this Request on the grounds that a "physical inspection of the Buffalo facility" is overbroad, unduly burdensome, and harassing. Plaintiffs fail to describe with reasonable particularity each item or category of items to be inspected as required under Rule 26(b)(1)(a) of the Federal Rules of Civil Procedure or how

such an inspection is relevant to any party's claims.  TWH, LLC further objects to this Request on the grounds that as plaintiffs are well aware TWH, LLC does not currently own the Buffalo facility or the contents therein; therefore, this Request is not properly directed to TWH, LLC, and the inclusion of this Request in a set of Requests for Production purportedly directed to TWH, LLC is argumentative, oppressive, and harassing and improper under Federal Rule of Civil Procedure 34. TWH, LLC further objects to this Request to the extent the requested inspections would reveal documents or information protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to this Request on the grounds that a request to inspect "all paper files" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of identifying, collecting, and producing for inspection "all paper files" that could be responsive to this Request significantly outweighs any purported benefit.


**Request for Production No. 53 [cumulatively, Request No. #96]:** All inquiry records received by Defendants' call center(s) reflecting and/or pertaining to breakage of Paragard whether or not the inquiry was elevated to complaint investigations.

**RESPONSE:**  TWH, LLC objects to Request No. 53 [cumulatively, Request #96], on the grounds that the phrases "inquiry records," "Defendants' call center(s)," "reflecting and/or pertaining to breakage of Paragard," "whether or not the inquiry was elevated to complaint investigations," and "complaint investigations" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  TWH, LLC further

objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. TWH, LLC objects to this Request as seeking documents duplicative of those sought in RFP 10 and RFP 12 in plaintiffs' Request for Production of Documents served on December 22, 2021. TWH, LLC also objects to Request No. 53 [cumulatively, Request #96], to the extent it seeks documents protected from discovery by the patient-physician privilege, HIPAA, and Title 21 of the Code of Federal Regulations. TWH, LLC will not provide and will redact the names, addresses, or other identifiers of any patients, physicians, or adverse even reports to protect the confidentiality and privacy of those persons. TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to this Request on the grounds that a request for "all documents reflecting" and "all lot level trending" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure, including because it seeks to require TWH, LLC to locate, assemble, and produce documents constituting or containing information about alleged events other than "embedment," "breakage of an arm," and/or "difficult removal," the events alleged by plaintiffs to be associated with their use of Paragard, and the claim that is the subject of this MDL. Further, the burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 54 [cumulatively, Request No. #97]:** Documents reflecting the results of all open inquiry record reviews for inquiries that were not elevated to complaint investigations performed by Defendants or someone acting on their behalf following the July-August 2019 FDA inspection of Defendants' North Tonawanda facility. This request includes, but is not limited to, the results of all weekly reviews of inquiry records that were not elevated to complaint investigations pursuant to Engineering Change Request 2528.

**RESPONSE:** TWH, LLC objects to Request No. 54 [cumulatively, Request #97], on the grounds that the terms and phrases "Documents reflecting," "results," "open inquiry record reviews," "inquiries that were not elevated to complaint investigations," "weekly reviews of inquiry records," and "inquiry records that were not elevated to complaint investigations," "investigations performed by Defendants or someone acting on their behalf," and "results of all weekly reviews of inquiry records that were not elevated to complaint investigations" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL.  TWH, LLC also objects to this Request on the grounds that it requests documents that are irrelevant to the issues in this litigation, it is unduly burdensome and the request is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks to require TWH, LLC to locate, assemble, and produce documents constituting or containing information about complaints in which the alleged events are other than "embedment," "breakage of an arm," and/or "difficult removal," the events alleged by plaintiffs to be associated with their use of Paragard, and the claim that is subject of this MDL.  TWH, LLC further objects to this Request on the grounds that the inspection referred to in this Request, and upon which this Request is premised, occurred in 2019

at which point TWH, LLC did not own Paragard or the North Tonawanda facility, and, therefore, this Request is not properly directed to TWH, LLC, and the inclusion of this Request in a set of Requests for Production purportedly directed to TWH, LLC is argumentative, oppressing, and harassing and improper under Federal Rule of Civil Procedure 34.  TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to this Request on the grounds that a request for "documents reflecting," "all open inquiry record reviews" and "all weekly reviews" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of identifying, collecting, and producing "all" documents that could be responsive to this Request significantly outweighs any purported benefit.  Subject to and without waiving the foregoing objections, TWH, LLC responds: This Request is not directed to TWH, LLC.

**Request for Production No. 55 [cumulatively, Request No. #98]:** To the extent not previously produced, all documents reflecting the results of all lot level trending performed on Paragard by Defendants and/or someone acting on their behalf.

**RESPONSE:** TWH, LLC objects to Request No. 55 [cumulatively, Request #98] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on TWH, LLC that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to TWH, LLC what is their discovery responsibility to not seek duplicative discovery

and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.  TWH, LLC objects to Request No. 55 [cumulatively, Request #98], on the grounds that the phrases "all documents reflecting," "results of all lot level trending performed," and "by Defendants and/or someone acting on their behalf" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court. TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to this Request on the grounds that a request for "all documents reflecting" and "all lot level trending" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure, including because it seeks to require TWH, LLC to locate, assemble, and produce documents constituting or containing information about alleged events other than "embedment," "breakage of an arm," and/or "difficult removal," the events alleged by plaintiffs to be associated with their use of Paragard, and the claim that is the subject of this MDL. Further, the burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**<u>Request for Production No. 56 [cumulatively, Request No. #99]</u>:** The report analyzing all complaints in the CooperSurgical Trackwise system, broken down by lot number and complaint category, and the results of the full review of all such data as referenced on MDL2974COOPERSURG-00004299.

**<u>RESPONSE:</u>** TWH, LLC objects to Request No. 56 [cumulatively, Request #99], on the grounds that the phrases "report analyzing," "all complaints," "broken down," "complaint category," "results of the full review," and "results of the full review of all such data" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court. TWH, LLC further objects to this Request on the grounds that the "CooperSurgical Trackwise" system, upon which this Request is premised, is not within TWH, LLC's possession, custody, or control, and the document referred to in this Request, and upon which this Request is premised, is dated August 16, 2019, and based on a 2019 FDA inspection, at which point TWH, LLC did not own Paragard; therefore, this Request is not properly directed to TWH, LLC, and the inclusion of this Request in a set of Requests for Production purportedly directed to TWH, LLC is argumentative, oppressing, and harassing and improper under Federal Rule of Civil Procedure 34. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to this Request on the grounds that a request for "all complaints" and "all such data" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil

Procedure, including because it seeks to require TWH, LLC to locate, assemble, and produce documents constituting or containing information about alleged events other than "embedment," "breakage of an arm," and/or "difficult removal," the events alleged by plaintiffs to be associated with their use of Paragard, and the claim that is the subject of this MDL. Further, the burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit. Subject to and without waiving the foregoing objections, TWH, LLC responds: This Request is not directed to TWH, LLC.

**Request for Production No. 57 [cumulatively, Request No. #100]:** All documents reflecting Defendants' monthly site Quality Council Meetings, including, but not limited to, communications related to the meetings, agendas, meeting minutes, presentations, recordings, analysis, conclusions, and reports discussed. This request includes all drafts.

**RESPONSE:** TWH, LLC objects to Request No. 57 [cumulatively, Request #100], on the grounds that the terms and phrases "all documents reflecting," "Defendants' monthly site Quality Council Meetings," "related to," "analysis," "conclusions," and "reports" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. TWH, LLC further objects to the extent this Request seeks documents that constitute or contain proprietary, confidential, or trade secret information, including confidential commercial information. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, TWH, LLC objects to this Request on the grounds that a request for "all documents reflecting" and "all drafts," is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents

requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure, including because it seeks to require TWH, LLC to locate, assemble, and produce documents constituting or containing information about alleged events other than "embedment," "breakage of an arm," and/or "difficult removal," the events alleged by plaintiffs to be associated with their use of Paragard, and the claim that is the subject of this MDL. Further, the burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit. TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court. TWH, LLC further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

**Request for Production No. 58 [cumulatively, Request No. #101]:** The report analyzing all complaints in the CooperSurgical Trackwise system, broken down by lot number and complaint category, and the results of the full review of all such data as referenced on MDL2974COOPERSURG-00004299.

**RESPONSE:** TWH, LLC objects that Request No. 58 [cumulatively, Request #101], is identical to Request No. 56 [cumulatively, Request #99]. TWH, LLC incorporates its objections and response to Request No. 56 [cumulatively, Request #99], herein.

**Request for Production No. 59 [cumulatively, Request No. #102]:** To the extent not previously produced, the results of the retrospective review of monthly data starting in April 2018 as referenced on MDL2974COOPERSURG-00004300.

**RESPONSE:** TWH, LLC objects to Request No. 59 [cumulatively, Request #102] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on TWH, LLC that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to TWH, LLC what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity. TWH, LLC objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court. TWH, LLC further objects to this Request on the grounds that the document referred to in this Request, and upon which this Request is premised, is dated August 16, 2019, at which point TWH, LLC did not own Paragard; therefore, this Request is not properly directed to TWH, LLC, and the inclusion of this Request in a set of Requests for Production purportedly directed to TWH, LLC is argumentative, oppressing, and harassing and improper under Federal Rule of Civil Procedure 34. Subject to and without waiving the foregoing objections, TWH, LLC responds: This Request is not directed to TWH, LLC.

Dated: November 30, 2022

*/s/ Frederick M. Erny*
**Frederick M. Erny, Esq.**
**Gina M. Saelinger, Esq.**
Ulmer & Berne LLP
312 Walnut Street, Suite 1400
Cincinnati, OH 45202
Telephone: 513.698.5144
ferny@ulmer.com
gsaelinger@ulmer.com

***Counsel for Teva Women's Health, LLC***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of November, 2022, I served by electronic mail the foregoing Defendant Teva Women's Health, LLC's Objections and Responses to Plaintiffs' "Second [Third] Requests for Production of Documents" on the following counsel of record:

Erin K. Copeland, Esq.
Fibich, Leebron, Copeland & Briggs
1150 Bissonnet Street
Houston, Texas 77005
ecopeland@fibichlaw.com
***Co-Lead Counsel for Plaintiffs***

C. Andrew Childers, Esq.
Childers, Schlueter & Smith, LLC
1932 N. Druid Hills Rd., Suite 100
Atlanta, GA 30319
AChilders@cssfirm.com
***Liaison Counsel for Plaintiffs***

Timothy Clark, Esq.
Milberg Coleman Bryson Phillips Grossman, LLC
16755 Von Karman Ave. Ste 200
Irvine, CA 92606
tclark@milberg.com
***Co-Lead Counsel for Plaintiffs***

*/s/ Frederick M. Erny*
**Frederick M. Erny, Esq.**

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: PARAGARD IUD PRODUCTS | : | **MDL Docket No. 2974** |
| LIABILITY LITIGATION | : | |
| | : | **(1:20-md-02974-LMM)** |
| | : | |
| | : | **This Document Relates to All Cases** |
| | : | |

**DEFENDANT COOPERSURGICAL, INC.'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' "SECOND [THIRD] REQUEST
FOR PRODUCTION OF DOCUMENTS"**

Defendant CooperSurgical, Inc. ("CooperSurgical") by and through its counsel, hereby objects to and responds to plaintiffs' "Second Request for Production of Documents" (hereinafter, "Requests")[1] as follows.

**PRELIMINARY STATEMENT**

The following objections and responses ("Responses") are based upon the facts and documents presently known and available to CooperSurgical. Discovery, investigation, research, and analysis are still ongoing and may disclose the existence of additional facts, add meaning to known facts, establish entirely new factual conclusions, establish entirely new legal contentions, or possibly lead to additions, variations, or changes to these Responses. The Responses, therefore, are based only upon CooperSurgical's knowledge as of the date of these Responses and are given without prejudice to CooperSurgical's right to produce any subsequently discovered documents. CooperSurgical reserves the right to change or supplement these Responses as additional

---

[1] This set of Requests for Production of Documents, served on October 31, 2022, is not the "Second Request." Rather, the instant set of 59 numbered Requests is plaintiffs' ***Third Request*** for production of documents, now totaling 102 numbered requests, many of which are compound containing multiple requests within a single numbered request.

documents are discovered, revealed, recalled, or otherwise ascertained, and as further analysis and research discloses additional facts, contentions, or legal theories that may apply.

To the extent CooperSurgical has located documents responsive to the Requests, those documents are being produced subject to the terms of the Court's Protective Order [Doc. No. 36] and ESI Order [Doc. No. 128]. CooperSurgical has not refrained from producing documents solely on the basis that the documents are confidential.

CooperSurgical's written responses and its production of documents in response to plaintiffs' Requests are limited to periods on or before April 12, 2022, as determined by the Court on September 12, 2022, but the period during which Paragard was manufactured and sold, and the Paragard New Drug Application was held, by CooperSurgical was after November 1, 2017.[2]

For the most part, plaintiffs' Second Set of Requests for Production repeat, and in some cases magnify, the problems in plaintiffs' First Set of Requests for Production ("First Set"). CooperSurgical, attempted to address many of the problems in the First Set and advance discovery as the Court advocated by correcting improper terminology and responding in terms of corrected terminology, overlooking false premises, responding to irrelevant, overbroad and disproportionate requests in the First Set, responding to requests containing vague, ambiguous and argumentative terminology, and effectively foregoing multiple meritorious objections to the First Set. Those efforts by CooperSurgical were unproductive as CooperSurgical, became ensnared in multiple meet and confers in which CooperSurgical, was accused of rewriting plaintiffs' requests; plaintiffs argued that CooperSurgical's responses to the First Set were deficient based on what plaintiffs purportedly intended their requests to request (despite not being what actually was stated in the

---

[2] With the exception of the time period referenced here, CooperSurgical incorporates as if fully restated herein its Preliminary Statement to its Objections and Responses to plaintiffs' [First] Set of Requests for Production of Documents.

request), and plaintiffs attempted to expand their requests beyond the language of the requests, and otherwise change the language of their requests. The Requests also ignore developments in the MDL, including CMOs and Status and Discovery Conference rulings issued by the Court since the First Set. For example, the vast majority of the Requests ask for "all documents," which is objectionable by itself, but also would include documents that might be found in custodial files. However, a process is now in place in which plaintiffs have selected custodians from lists provided by Teva Women's Health, LLC and CooperSurgical, Inc., and based on review of noncustodial and custodial document productions made by CooperSurgical. Further, plaintiffs have the right to select additional custodians, again using information gathered from noncustodial and custodial document productions. Accordingly, not only are Requests that ask for "all documents" vague, ambiguous, argumentative and overbroad, they are unduly burdensome and disproportionate to the extent they purport to request CooperSurgical, to identify every possible custodian and search through their custodial files. CooperSurgical, also is mindful of the Court's requirements in responding to requests for production of documents.

Having gone through that time-consuming process and seeing the same deficiencies in the Requests, considering all factors, including those described above, CooperSurgical thinks that the more effective and efficient way to address deficiencies in the Requests is by requiring plaintiffs to propound requests that comply at the outset with the Federal Rules of Civil Procedure. CooperSurgical thinks that approach will conserve the time and resources of the Court and the parties. As always, CooperSurgical, is willing to reasonably meet and confer with plaintiffs about requests that comply with the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS TO PLAINTIFFS' REQUESTS

1.      This set of Requests for Production of Documents, served on October 31, 2022, is not a "Second Request." Rather, the instant set of 59 numbered Requests is plaintiffs' ***Third Request*** for production of documents. Cumulatively, and without counting the multiple sub-parts and compound requests, this Third Set of Requests for production are Requests # 44 through 102. This Third Set of Requests far exceeds Federal Rule of Civil Procedure 26's requirement of proportional discovery. CooperSurgical objects that this Third Set of Requests for Production seeks to impose discovery obligations on CooperSurgical that are not proportional to the needs of these cases, CooperSurgical's resources in responding to all the discovery sought by plaintiffs in these cases, the importance of these Requests in resolving the issues in this litigation, and the burden or expense of responding to these Requests, as such burden and expense outweighs any potential benefit.

2.      CooperSurgical objects to each and every Request that is improperly compound and which contains multiple requests in a purported single request. Such improper compound requests result in the Request not describing the documents sought with reasonable and sufficient particularity as required by Federal Rule of Civil Procedure 34 and, moreover, render the Requests misleading as to the burden of an individually-numbered Request, this Third Set of Requests cumulatively, and all prior Requests cumulatively.

3.      CooperSurgical objects to plaintiffs' Requests as improperly directed to all "Defendants" cumulatively and without any regard whatsoever to the information plaintiffs currently possess about each Defendant, rendering these Requests unduly burdensome, harassing, and oppressive. As plaintiffs know from filings made to this Court and prior discovery responses, on November 1, 2017, a subsidiary of The Cooper Companies, CooperSurgical, Inc. purchased

4

from Teva Women's Health, LLC certain Paragard assets, including the Paragard New Drug Application, pursuant to an Asset Purchase Agreement. Plaintiffs have made no effort to tailor this Third Set of Requests to the appropriate Defendant, and instead, have not otherwise complied with their obligations under Federal Rules of Civil Procedure 26 and 34 and instead have sought to improperly and unreasonably impose burdens on Defendants.

4.  CooperSurgical objects to plaintiffs' Requests to the extent plaintiffs continue to use improper language and terminology, particularly where plaintiffs have already been informed of the proper language and terminology in prior discovery responses, depositions, written submissions to the Court, and during discovery conferences with the Court. Further, plaintiffs, whose counsel previously have served as leadership counsel in MDL and mass tort litigations, have an obligation to craft discovery in accordance with the statutory laws, rules, and regulations (including definitions) that apply to Paragard, a drug product that is approved and regulated by the federal Food and Drug Administration. It is unduly burdensome, harassing, oppressive, a waste of CooperSurgical's and this Court's time and resources, and not within the letter or spirit of Federal Rules of Civil Procedure 26 and 34 to impose upon CooperSurgical an obligation to continue to address the improper terminology plaintiffs continue to use in these Requests.

5.  CooperSurgical objects to plaintiffs Requests to the extent plaintiffs continue to seek documents and discovery that this Court has already limited and/or directed plaintiffs to narrow in prior rulings. It is unduly burdensome, harassing, oppressive, a waste of CooperSurgical's and this Court's time and resources, and not within the letter or spirit of Federal Rules of Civil Procedure 26 and 34 to impose upon CooperSurgical an obligation to continue to address the improperly broad Requests. CooperSurgical will not fix such improper terminology and will stand on its objections, pending receipt of amended Requests using proper terminology.

## OBJECTIONS TO PLAINTIFFS' "DEFINITIONS"

1. CooperSurgical objects to plaintiffs' definition of "You" or "Your" on the grounds that it is vague and argumentative and incorrectly describes "Defendants," conflates all Defendants, and/or seeks to improperly impose duties upon CooperSurgical in responding to these Requests by purportedly instructing CooperSurgical to disregard differences among separate legal entities, disregard differences between TWH, LLC, Teva Pharmaceuticals USA, Inc., and Teva Branded Pharmaceuticals Products R&D, Inc., and The Cooper Companies, Inc. and CooperSurgical, Inc., differences between TWH, LLC and The Cooper Companies, Inc. and CooperSurgical, Inc., and is based upon an incorrect premise, including that all Defendants are serving a single response to these Requests when they are not. CooperSurgical, as defined above, is responding to these Requests and only on its own behalf.

2. CooperSurgical objects to plaintiffs' definition of "document" on the ground that it purports to impose upon CooperSurgical a definition of "document" beyond that defined in Rule 34 of the Federal Rules of Civil Procedure. For example, plaintiffs' definition includes any document "now or at any time in the Defendant's possession, custody, or control," which exceeds the requirements of Rule 34.

3. CooperSurgical objects to plaintiffs' definition of "Relate" or "relating"/"Concern" or "concerning" on the grounds that it is vague, ambiguous, and argumentative. Among other things, CooperSurgical is unable to determine what standard, if any, plaintiffs would use to define and apply their subjective phrase "in any way logically or factually connected with the matter discussed." As stated, it is overly broad and likely incapable of being met. The vague, ambiguous, overly broad, and argumentative nature of this definition is further compounded by plaintiffs'

6

Instruction number 1, which utilizes additional different terms to describe the also vague, ambiguous, and argumentative terms "related to" or "relating to." CooperSurgical will locate, assemble, and produce documents in accordance with the applicable rules of the Federal Rules of Civil Procedure and the Court's Case Management Order Regarding Production of Electronically Stored Information and Paper Documents ("ESI Protocol"), Doc. No. 128.

4.      CooperSurgical objects to plaintiffs' definition of "Complaint Files" because it includes an incorrect and argumentative premise. Specifically, the addition of the phrase "including documented rationale for reporting or not reporting the complaint to the Food and Drug Administration" makes it different from the meaning of "Complaint files" as defined in 21 C.F.R. §211.198, and purports to impose reporting requirements upon a prescription drug manufacturer that are not in applicable FDA regulations.

5.      CooperSurgical objects to plaintiffs' definition of "all," "any," or "each" as vague, ambiguous, argumentative, overly broad, unduly burdensome, oppressive and disproportionate. Plaintiffs' Requests seeking "all documents" and "all drafts" do not describe documents with reasonable particularity as required by Rule 34 of the Federal Rules of Civil Procedure, are not reasonably tailored to seek documents that are relevant to plaintiffs' claims in this litigation, and the scope of the documents required is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

## OBJECTIONS TO PLAINTIFFS' "INSTRUCTIONS"

1.      CooperSurgical objects to plaintiffs' first Instruction on the grounds that it is vague, overly broad, and argumentative.

2.      CooperSurgical objects to plaintiffs' eighth Instruction purporting to define the "relevant timeframe for these requests" as "1967 to present" because it is factually incorrect,

overbroad, and unduly burdensome, and imposes upon CooperSurgical an unreasonable burden and expense and is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. CooperSurgical further objects to that portion of the eighth Instruction which instructs CooperSurgical to "provide the basis for the inability to respond as to the full relevant time frame" as outside the scope of the requirements a party has under Fed. R. Civ. P. 34 in responding to a request for production. Plaintiffs' purported "relevant time frame for these Requests" exceeds what is reasonable and proportional to the needs of the litigation, as it pre-dates by more than 14 years the date on which the Paragard NDA was originally submitted to FDA by The Population Council and pre-dates the transfer of the Paragard NDA to CooperSurgical by 50 years. Furthermore, this Instruction is contrary to the Court's rulings regarding the cut-off date of April 12, 2022.

4.      CooperSurgical objects to plaintiffs' fifth Instruction as to the request for production of "each and every draft and non-identical Document" and plaintiffs' seventh Instruction as to the request instructing that "Each request includes a request for drafts" because the Instructions are overbroad, inconsistent with the Requests, and imposes upon CooperSurgical an unreasonable burden and expense, and is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. CooperSurgical will not address a request for "drafts" in its responses unless "drafts" are specifically requested in the Request. CooperSurgical further objects to plaintiffs' ninth Instruction on the grounds that the term "implicated hereby" is vague and ambiguous, and CooperSurgical has no ability to know in a reliable way what plaintiffs mean by that term, and further objects to the extent that the ninth Instruction purports to impose duties or obligations on CooperSurgical that are different from or in addition to the ESI Protocol. CooperSurgical will produce documents unless stated otherwise

for periods on or before April 12, 2022, as determined by the Court on September 12, 2022, and in accordance with the applicable rules of the Federal Rules of Civil Procedure and the ESI Protocol.

**RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION**

**Request for Production No. 1 [cumulatively, Request No. #44][3]:** To the extent not previously produced, all documents and material things, including, but not limited to, contracts, policies and procedures, reports, and communications, (including all drafts of each) between Defendants and WRB Communications, Inc. pertaining to Paragard.

**RESPONSE:** CooperSurgical objects to Request No. 1 [cumulatively, Request #44], on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on CooperSurgical that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to CooperSurgical what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.   CooperSurgical further objects to Request No. 1 [cumulatively, Request #44], on the grounds that the terms and phrases "policies and procedures," "reports," and "pertaining to," are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. CooperSurgical further objects to the extent this Request seeks documents that constitute or contain proprietary, confidential, or trade secret information, including confidential commercial information.

---

[3] In these Responses, CooperSurgical has listed in brackets the cumulative number of the Request for Production, and will be indicated [#]; e.g., this purported Request for Production No. 1 is actually Request for Production No. #44.

CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL.  CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.   To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to the Request on the grounds that a request for "all documents and material things" and "all drafts" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.  Subject to and without waiving the foregoing objections, CooperSurgical responds: CooperSurgical will produce a copy of the as-signed agreement with WRB Communications, Inc., which is at best of questionable relevance, because CooperSurgical has the document at hand. Conversely, to the extent CooperSurgical can understand this Request, the request for "all documents" imposes an unnecessary, undue and disproportionate burden on CooperSurgical to search for, locate, assemble, and produce documents that are not relevant. Consequently, CooperSurgical has not attempted to look for and locate "all documents" based on the objections and Preliminary Statement stated above. *See* upcoming Production No. 23 (PROD023).

**Request for Production No. 2 [cumulatively, Request No. #45]:** To the extent not previously produced, all documents reflecting the organizational structure of and policies and procedures for each Defendant's Medical Information Department and/or Center as it relates to Paragard. This

request includes, but is not limited to, documents reflecting the identity of all employees within such function. If any Defendant has a function that serves the same purpose but operates under a different name, this request pertains to such function.

**RESPONSE:** CooperSurgical objects to Request No. 2 [cumulatively, Request #45] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on CooperSurgical that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to CooperSurgical what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.   CooperSurgical further objects to Request No. 2 [cumulatively, Request #45], on the grounds that the terms and phrases "documents reflecting," "documents reflecting the organizational structure," "policies and procedures," "Medical Information Department and/or Center," "relates to," "reflecting the identity," and "that serves the same purpose" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.   Request No. 2, which seeks "all documents reflecting… Defendant's Medical Information Department and/or Center" and "all documents reflecting…[i]f any Defendant has a function that serves the same purpose but operates under a different name" is completely unintelligible as drafted.   Further, CooperSurgical object that this Request is unduly burdensome, oppressive, and harassing, and is not a proper Request for Production under Rule 34 in that plaintiffs seek both to shift their burden of identifying with reasonable particularity the documents that are requested onto CooperSurgical, and also improperly seek what amounts to an improper interrogatory within a Request for Production by asking CooperSurgical to first identify what "function" "serves the same purpose but operates

under a different name" as the "Defendant's Medical Information Department and/or Center";

further, CooperSurgical objects that this Request is vague, ambiguous, and overly broad because

CooperSurgical is left to guess what plaintiffs are seeking in this Request. CooperSurgical further

objects to the following sentence in this Request: "This request includes, but is not limited to,

documents reflecting the identity of all employees within such function" on the grounds that this

sentence renders the entire Request unduly burdensome, oppressive, harassing, overly broad, and

unreasonable; this Request taken as written arguably is seeking any document that a person's name

appears on, and for all employees over an unlimited time period. CooperSurgical further objects

to this Request to the extent it purports to impose obligations on CooperSurgical beyond those

permitted by Fed. R. Civ. P. 34, including because this Request suggests that CooperSurgical has

a duty to create a compilation of documents that does not exist in the ordinary course of business,

to recreate historical organizational charts, and/or a duty to create organizational charts that are

not maintained in the ordinary course of business. CooperSurgical objects to this Request as

seeking documents duplicative of those sought in RFP 28 in plaintiffs' Request for Production of

Documents served on December 22, 2021. CooperSurgical objects to this Request on the grounds

that it requests documents that are not relevant to any claim or defense in the cases in this MDL.

CooperSurgical further objects to this Request to the extent it seeks documents protected by the

attorney-client privilege and/or the attorney work-product doctrine. To the extent the vague,

ambiguous, and argumentative terminology in the Request can be understood at all,

CooperSurgical objects to this Request on the grounds that a request for "all documents reflecting

the organizational structure of and policies and procedures" and "documents reflecting the identity

of all employees within such function" it is overbroad, unduly burdensome, seeks documents that

are not relevant to any party's claims or defenses, and the scope of the documents requested is not

proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of identifying, collecting, and producing "all" documents that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 3 [cumulatively, Request No. #46]:** All documents and material things, including communications, exchanged between anyone in your Medical Information Department and/or Center and any third party pertaining to Paragard. This request includes all drafts. If any Defendant has a function that serves the same purpose as the Medical Information Department and/or Center but operates under a different name, this request pertains to such function.

**RESPONSE:** CooperSurgical objects to No. 3 [cumulatively, Request #46], on the grounds that the terms and phrases "anyone," "your Medical Information Department and/or Center," "any third party," "that serves the same purpose," and "pertaining to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  Request No. 3 [cumulatively, Request #46], which seeks "all documents and material things, including communications… in your Medical Information Department and/or Center" and "documents and material things, including communications …[i]f any Defendant has a function that serves the same purpose as the Medical Information Department and/or Center but operates under a different name" is completely unintelligible as drafted.  Further, CooperSurgical objects that this Request is unduly burdensome, oppressive, and harassing, and is not a proper Request for Production under Rule 34 in that plaintiffs seek both to shift their burden of identifying with reasonable particularity the documents that are requested onto CooperSurgical, and also improperly seek what amounts to an improper interrogatory within a Request for Production by

asking CooperSurgical to first identify what "function" "serves the same purpose but operates under a different name" as "your Medical Information Department and/or Center"; further, CooperSurgical objects that this Request is vague, ambiguous, and overly broad because CooperSurgical is left to guess what plaintiffs are seeking in this Request. CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court. CooperSurgical objects to this Request as seeking documents duplicative of those sought in the Defendant Fact Sheet (DFS) requested by plaintiffs and premature in light of the fact that the parties are negotiating the terms of the DFS and CooperSurgical's due date for production of any documents as part of any DFS response has not been reached. CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to this Request on the grounds that a request for "all documents and tangible things, including communications," "anyone," "any third party," and "all drafts" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure, including because it seeks to require CooperSurgical to locate, assemble, and produce documents constituting or containing information about alleged events other than "embedment," "breakage of an arm," and/or "difficult removal," the events alleged by plaintiffs to be associated with their use of Paragard, and the claim that is the subject of this MDL. Further, the burden and expense of locating, identifying, collecting,

14

assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 4 [cumulatively, Request No. #47]:** All documents and tangible things, including communications, exchanged between anyone in your Medical Information Department and/or Center and any other department or function within your organization pertaining to Paragard. This request includes all drafts. If any Defendant has a function that serves the same purpose as the Medical Information Department and/or Center but operates under a different name, this request pertains to such function.

**RESPONSE:** CooperSurgical objects to No. 4 [cumulatively, Request #47], on the grounds that the terms and phrases "your Medical Information Department and/or Center," "that serves the same purpose," and "pertaining to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. Request No. No. 4 [cumulatively, Request #47], which seeks "all documents and material things, including communications… in your Medical Information Department and/or Center" and "documents and material things, including communications …[i]f any Defendant has a function that serves the same purpose as the Medical Information Department and/or Center but operates under a different name" is completely unintelligible as drafted. Further, CooperSurgical objects that this Request is unduly burdensome, oppressive, and harassing, and is not a proper Request for Production under Rule 34 in that plaintiffs seek both to shift their burden of identifying with reasonable particularity the documents that are requested onto CooperSurgical, and also improperly seek what amounts to an improper interrogatory within a Request for Production by asking CooperSurgical to first identify what "function" "serves the same purpose but operates under a different name" as the

"your Medical Information Department and/or Center"; further, CooperSurgical objects that this Request is vague, ambiguous, and overly broad because CooperSurgical is left to guess what plaintiffs are seeking in this Request. CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court. CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to this Request on the grounds that a request for "all documents and tangible things, including communications," and "all drafts" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure, including because it seeks to require CooperSurgical to locate, assemble, and produce documents constituting or containing information about alleged events other than "embedment," "breakage of an arm," and/or "difficult removal," the events alleged by plaintiffs to be associated with their use of Paragard, and the claim that is the subject of this MDL. Further, the burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 5 [cumulatively, Request No. #48]:** All documents and tangible things, including communications, reflecting any safety signal detections pertaining to Paragard. This request includes all drafts.

**RESPONSE:** CooperSurgical objects to Request No. 5 [cumulatively, Request #48], on the grounds that the phrases "all documents … reflecting," "any safety signal detections," and "pertaining to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court.  CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.   To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to this Request on the grounds that a request for "all documents and tangible things, including communications," "all documents…reflecting" "any safety signal detections," and "all drafts" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure, including because it seeks to require CooperSurgical to locate, assemble, and produce documents constituting or containing information about alleged events other than "embedment," "breakage of an arm," and/or "difficult removal," the events alleged by plaintiffs to be associated with their use of Paragard, and the claim that is the subject of this MDL. Further, the burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 6 [cumulatively, Request No. #49]:** A complete and unaltered copy of all drafts of and the final Transition Services Agreement ("TSA") between any and/or all of the Parties in or around 2017, including all Schedules attached thereto. If not otherwise reflected on the requested document(s), provide all documents reflecting the services provided, the effective terms for each service (including any extended terms).

**RESPONSE:** CooperSurgical objects to Request No. 6 [cumulatively, Request #49], on the grounds that the terms and phrases "complete and unaltered copy of all drafts," "all Schedules," "if not otherwise reflected on the requested documents(s)," "reflecting the services provided," "effective terms," and "each service" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. CooperSurgical further objects to this Request to the extent it purports to impose obligations on CooperSurgical beyond those permitted by Fed. R. Civ. P. 34, including because this Request suggests that CooperSurgical has a duty to create a compilation of documents that does not exist in or are not maintained in the ordinary course of business "[i]f not otherwise reflected on the requested document(s)". CooperSurgical further objects to the extent this Request seeks documents that constitute or contain proprietary, confidential, or trade secret information, including confidential commercial information. CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL. CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to the Request on the grounds that a request for "all drafts," "all Schedules," if not otherwise reflected on the requested documents(s)," and "all documents reflecting the services provided" is overbroad,

unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.  Subject to and without waiving the foregoing objections, CooperSurgical responds: CooperSurgical will produce a copy of the as-signed Transition Services Agreement, which is at best of questionable relevance, because CooperSurgical has the document at hand. Conversely, to the extent CooperSurgical can understand this Request the request for "all drafts" and "all documents" imposes an unnecessary, undue and disproportionate burden on CooperSurgical to search for, locate, assemble, and produce documents that are not relevant. Consequently, CooperSurgical has not attempted to look for and locate "all documents" based on the objections and Preliminary Statement stated above. *See* upcoming Production No. 23 (PROD023).

**Request for Production No. 7 [cumulatively, Request No. #50]:** All documents and tangible things, including meeting minutes, notes, communications, audio and visual recordings, of the TSA Steering Committee established pursuant to the Transition Services Agreement referenced in Request for Production No. 5. This request includes any such documents, communications and tangible things of the Steering Committee Leads and/or members of their respective teams. This request includes all such documents, communications and tangible things exchanged between any individual members from the TSA Steering Committee and any other person or entity pursuant to the provision of services of the TSA Steering Committee and/or the TSA. This request includes all drafts.

**RESPONSE:** CooperSurgical objects to Request No. 7 [cumulatively, Request #50], on the grounds that the terms and phrases "members of their respective teams," "any other person or entity," and "pursuant to the provision of services the TSA Steering Committee and/or the TSA" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. CooperSurgical further objects to the extent this Request seeks documents that constitute or contain proprietary, confidential, or trade secret information, including confidential commercial information. CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL. CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to the Request on the grounds that a request for "all documents and tangible things," "all such documents, communications and tangible things," and "all drafts" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 8 [cumulatively, Request No. #51]:** All business records provided by Teva to CooperSurgical pursuant to Annex 9.1(a)(vi) (Transferred Assets – Business Records) of the Asset Purchase Agreement between Teva and CooperSurgical.

**RESPONSE:** CooperSurgical objects to Request No. 8 [cumulatively, Request #51], on the grounds that the terms and phrases "Teva," "all business records," and "provided by" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  CooperSurgical further objects to this Request to the extent it purports to impose obligations on CooperSurgical beyond those permitted by Fed. R. Civ. P. 34, including because this Request suggests that CooperSurgical has a duty to create or re-create a grouping of "business records" or compilation of documents that does not exist in or are not maintained in the ordinary course of business.  CooperSurgical further objects to the extent this Request seeks documents that constitute or contain proprietary, confidential, or trade secret information, including confidential commercial information.  CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL.  CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to the Request on the grounds that a request for "all business records" that "were provided by Teva" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 9 [cumulatively, Request No. #52]:** Documents reflecting the identity and substance of all Transferred IT pursuant to Annex 9.1(a)(ix) (Transferred Assets – IT Systems) of the Asset Purchase Agreement between Teva and CooperSurgical.

**RESPONSE:** CooperSurgical objects to Request No. 9 [cumulatively, Request #52], on the grounds that the terms and phrases "Teva," "documents reflecting" and "reflecting the identity and substance" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. CooperSurgical further objects to the extent this Request seeks documents that constitute or contain proprietary, confidential, or trade secret information, including confidential commercial information. CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL. CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to the Request on the grounds that a request for "documents reflecting the identity and substance of all Transferred IT" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 10 [cumulatively, Request No. #53]:** All documents and tangible things, including communications, presentations, meeting minutes, agendas and notes, pertaining to the "White Project." This request includes all drafts.

**RESPONSE:**  CooperSurgical objects to Request No. 10 [cumulatively, Request #53], on the grounds that the terms and phrases "pertaining to" and "White Project" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  CooperSurgical further objects to the extent this Request seeks documents that constitute or contain proprietary, confidential, or trade secret information, including confidential commercial information.  CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL.  CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to the Request on the grounds that a request for "all documents and tangible things" and "all drafts" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 11 [cumulatively, Request No. #54]:** All training material, in any form, delivered by the ComplianceWire system that pertains to Paragard as identified by CooperSurgical in the October 11, 2022 deposition of CooperSurgical at P122/L21-25. This

request includes, but is not limited to, training to report product quality complaints and adverse events.

**RESPONSE:** CooperSurgical objects to Request No. 11 [cumulatively, Request #54], on the grounds that the terms and phrases "training material," "delivered by," "pertains to," and "training to report" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to this Request on the grounds that a request for "all training material" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit. Subject to and without waiving the foregoing objections, CooperSurgical responds: CooperSurgical will produce the training material in the ComplianceWire system for Paragard identified on page 122, lines 21 to 25, in the October 11, 2022, deposition, through April 12, 2022. CooperSurgical is not withholding any such Paragard "training material," as the phrase was used in the October 11, 2022, deposition on the basis of its objections, but CooperSurgical does not know what plaintiffs mean by "delivered by," or "pertains to" and, therefore, is not in a position to comment whether any documents that plaintiffs might assert are "delivered by" or "pertain to" are not being produced. *See* upcoming Production No. 23 (PROD023).

**Request for Production No. 12 [cumulatively, Request No. #55]:** Any and all "complaint summaries" pertaining to Paragard, including, but not limited to, the one done by Thomas Mehs that is referenced in MDL2974TWHLLC028069.

**RESPONSE:** CooperSurgical objects to Request No. 12 [cumulatively, Request #55], on the grounds that the terms and phrases "complaint summaries," and "pertaining to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. CooperSurgical further objects to this Request on the grounds that the document referred to in this Request, and upon which this Request is premised, is a May 30, 2014 email, which pre-dates CooperSurgical's ownership of Paragard by more than three years, and, therefore, this Request is not properly directed to CooperSurgical, and the inclusion of this Request in a set of Requests for Production purportedly directed to CooperSurgical is argumentative, oppressive, and harassing and improper under Federal Rule of Civil Procedure 34. CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to this Request on the grounds that a request for "any and all 'complaint summaries'" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure, including because it seeks to require CooperSurgical to locate, assemble, and produce documents constituting or containing information about alleged events other than "embedment," "breakage of an arm," and/or "difficult removal," the events alleged by plaintiffs to be associated with their use of Paragard, and the claim that is the subject of this MDL. Further, the burden and expense of

25

locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 13 [cumulatively, Request No. #56]**: The summary Power Point slide referenced by Thomas Mehs in MDL2974TWHLLC028069.

**RESPONSE:** CooperSurgical objects to Request No. 13 [cumulatively, Request #56], on the grounds that the document referred to in this Request, and upon which this Request is premised, is a May 30, 2014 email, which pre-dates CooperSurgical's ownership of Paragard by more than three years, and, therefore, this Request is not properly directed to CooperSurgical, and the inclusion of this Request in a set of Requests for Production purportedly directed to CooperSurgical is argumentative, oppressive, and harassing and improper under Federal Rule of Civil Procedure 34.

**Request for Production No. 14 [cumulatively, Request No. #57]:** Indexes of all boxes containing paper files pertaining to Paragard maintained by any Defendant, including those referenced in the Record Management section at page 11 of MDL2974COOPERSURG-00016031.

**RESPONSE:** CooperSurgical objects to Request No. 14 [cumulatively, Request #57], on the grounds that the terms and phrases "Indexes of all boxes," "boxes containing paper files pertaining to," "maintained by," and "any Defendant," are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. CooperSurgical further objects to Request No. 14 [cumulatively, Request #57], as an inappropriate fishing expedition which amounts to a Request to locate and assemble all documents about Paragard (e.g., "all boxes of documents…pertaining to Paragard…."). Therefore, plaintiffs have

26

not identified with reasonable particularity the documents they are seeking. The Request is overbroad and unduly burdensome, including because plaintiffs' have failed to tailor the Request to seek documents relevant to their claims in this MDL. CooperSurgical further objects to this Request to the extent it purports to impose obligations on CooperSurgical beyond those permitted by Fed. R. Civ. P. 34, including because this Request suggests that CooperSurgical has a duty to create documents that do not exist in or are not maintained in the ordinary course of business. CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL. CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.   To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to the Request on the grounds that a request for "all boxes containing paper files pertaining to Paragard maintained by any Defendant" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 15 [cumulatively, Request No. #58]:** All documents and tangible things, including, but not limited to, communications exchanged internally and between Defendants pertaining to 10 years of safety data related to Paragard as part of the TSA and referenced on Page 2 of MDL2974COOPERSURG-00016031. This request includes all drafts.

27

**RESPONSE:** CooperSurgical further objects to Request No. 15 [cumulatively, Request #58], on the grounds that the terms and phrases "Defendants," "between Defendants," "pertaining to," and "10 years of safety data related to Paragard," and "as part of the TSA," are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  CooperSurgical objects to this Request as improperly compound in that it appears to seek documents in multiple categories (e.g., "All documents and tangible things, including, but not limited to, communications exchanged internally and between Defendants…"), and conflates "Defendants," and therefore the Request does not describe with reasonable particularity the documents that are requested, and also the Request is therefore vague, unduly burdensome, harassing, and oppressive.  CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL.  CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to this Request on the grounds that a request for "any and all 'complaint summaries'" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure, including because it seeks to require CooperSurgical to locate, assemble, and produce documents constituting or containing information about alleged events other than "embedment," "breakage of an arm," and/or "difficult removal," the events alleged by plaintiffs to be associated with their use of Paragard, and the claim that is the subject of this MDL. Further, the burden and expense of locating, identifying, collecting,

assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 16 [cumulatively, Request No. #59]:** To the extent not previously produced, all documents and tangible things, including, but not limited to, communications exchanged internally, pertaining to the Sales & Activity Reporting material exchanged between Defendants as part of the TSA and referenced on Page 1 of MDL2974COOPERSURG-00016031. This request includes all drafts.

**RESPONSE:** CooperSurgical objects to Request No. 16 [cumulatively, Request #59] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on CooperSurgical that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to CooperSurgical what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity. CooperSurgical further objects to Request No. 16 [cumulatively, Request #59], on the grounds that the terms and phrases "communications exchanged internally," "pertaining to the "Sales & Activity Reporting," "Defendants," and "between Defendants" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL. CooperSurgical further objects to Request No. 16 [cumulatively, Request #59], to the extent it seeks sales and financial data, the issue of production of which has been tabled pursuant to the Court's rulings at the July 26, 2022, MDL Status Conference.

CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to the Request on the grounds that a request for "all documents and tangible things, including but not limited to, communications … pertaining to," and "all drafts" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 17 [cumulatively, Request No. #60]:** To the extent not previously produced, all documents and tangible things, including, but not limited to, communications exchanged internally, pertaining to the Sales Material exchanged between Defendants as part of the TSA and referenced on Page 1 of MDL2974COOPERSURG-00016031. This request includes all drafts.

**RESPONSE:** CooperSurgical objects to Request No. 17 [cumulatively, Request #60] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on CooperSurgical that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to CooperSurgical what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.  CooperSurgical further objects to Request No. 17

30

[cumulatively, Request #60], on the grounds that the terms and phrases "pertaining to," "Sales Material," and "between Defendants" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. Request No. 17 [cumulatively, Request #60], which seeks "Sales Material… referenced on Page 1 of MDL2974COOPERSURG-00016031" is completely unintelligible as drafted. The phrase "Sales Material" is not used on Page 1 of MDL2974COOPERSURG-00016031." CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL. CooperSurgical further objects to Request No. 17 [cumulatively, Request #60], to the extent it seeks sales and financial data, the issue of production of which has been tabled pursuant to the Court's rulings at the July 26, 2022, MDL Status Conference. CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to the Request on the grounds that a request for "all documents and tangible things" and "all drafts" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit. Request No. 17 [cumulatively, Request #60], is unintelligible and incapable of a further response by CooperSurgical as drafted.

**Request for Production No. 18 [cumulatively, Request No. #61]:** All documents and material things, including communications, reflecting any analysis of Paragard complaints performed by Defendants or performed by a third party at Defendants' request.

**RESPONSE:** CooperSurgical objects to Request No. 18 [cumulatively, Request #61], as improperly compound in that it appears to seek documents in multiple categories, and, therefore the Request does not describe with reasonable particularity the documents that are requested, and also the Request is therefore vague, unduly burdensome, harassing, and oppressive. CooperSurgical further objects to Request No. 18 [cumulatively, Request #61], on the grounds that the phrases "reflecting any analysis," and "Paragard Complaints," are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. CooperSurgical objects to this Request as seeking documents duplicative of those sought in RFP 10 in plaintiffs' Request for Production of Documents served on December 22, 2021. CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court. CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to this Request on the grounds that a request for "all documents" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure, including because it seeks to require CooperSurgical to locate, assemble, and produce documents constituting or containing

information about alleged events other than "embedment," "breakage of an arm," and/or "difficult removal," the events alleged by plaintiffs to be associated with their use of Paragard, and the claim that is the subject of this MDL. Further, the burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 19 [cumulatively, Request No. #62]:** To the extent not previously produced, all documents and material things, including communications, pertaining to all complaints (product quality and adverse event) related to insertion of the Paragard product. This includes, but is not limited to, documents concerning complaint analysis and insertion training and demonstrations. This request includes all drafts.

**RESPONSE:** CooperSurgical objects to Request No. 19 [cumulatively, Request #62], on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on CooperSurgical that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to CooperSurgical what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.   CooperSurgical objects to Request No. 19 [cumulatively, Request #62], as improperly compound in that it appears to seek documents in multiple categories, and, therefore the Request does not describe with reasonable particularity the documents that are requested, and also the Request is therefore vague, unduly burdensome, harassing, and oppressive. CooperSurgical further objects to Request No. 19 [cumulatively, Request #62], on the grounds that the phrases "pertaining to," "all complaints," "related to insertion of the Paragard product,"

33

"documents concerning," and "complaint analysis" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.

Request No. 19 [cumulatively, Request #62], which seeks "all documents …pertaining to all complaints," but then states that such documents "include" "documents concerning…. insertion training and demonstrations" is completely unintelligible as drafted.  CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court. CooperSurgical also objects to this Request as seeking documents duplicative of those sought in RFP 10, RFP 12, RFP 22, RFP 29, RFP 30, RFP 31, and RFP 32 in plaintiffs' Request for Production of Documents served on December 22, 2021. Duplicative requests for the same documents in numerous, separate Requests for Production is oppressive, harassing, and burdensome. CooperSurgical further objects to Request No. 19 [cumulatively, Request #62], as an inappropriate fishing expedition which amounts to a Request to locate and assemble all "complaints" about Paragard (e.g., a Request seeking reports of adverse events "related to the insertion of Paragard" might be interpreted to mean *all* reports of adverse events since a Paragard generally will first have had to have been placed into a person in order for an adverse event to be reported). Therefore, plaintiffs have not identified with reasonable particularity the documents they are seeking. The Request is unnecessarily overbroad and unduly burdensome. Plaintiffs' have failed to tailor the Request to seek documents relevant to their claims in this MDL. CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to this Request on the grounds that a request for "all documents and

material things," "all complaints," and "all drafts" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure, including because it seeks to require CooperSurgical to locate, assemble, and produce documents constituting or containing information about alleged events other than "embedment," "breakage of an arm," and/or "difficult removal," the events alleged by plaintiffs to be associated with their use of Paragard, and the claim that is the subject of this MDL. Further, the burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 20 [cumulatively, Request No. #63]:** To the extent not previously produced, organizational charts and the employee directory for Teva Neuroscience, Inc. as it relates to Paragard.

**RESPONSE:** CooperSurgical objects to Request No. 20 [cumulatively, Request #63], on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on CooperSurgical that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to CooperSurgical what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.  CooperSurgical further objects to Request No. 20 [cumulatively, Request #63], on the grounds that the terms and phrases "the employee directory" and "relates to" are vague, ambiguous, and argumentative, and the Request does not describe with

reasonable particularity the documents that are requested.  CooperSurgical further objects to this Request to the extent it purports to impose obligations on CooperSurgical beyond those permitted by Fed. R. Civ. P. 34, including because this Request suggests that CooperSurgical has a duty to create a compilation of documents that does not exist in the ordinary course of business, to recreate historical organizational charts and/or "the employee directory…as it relates to Paragard," that are not maintained in the ordinary course of business.  CooperSurgical further objects to this Request on the grounds that a request for "the employee directory for Teva Neuroscience, Inc." is not reasonably limited in time or scope to any issue in this litigation, and is unduly burdensome, oppressive, harassing, overly broad, and unreasonable.  CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL. CooperSurgical further objects to this Request to the extent it purports to seek documents from an unrelated third party, "Teva Neuroscience, Inc.", which are not in the possession, custody, or control of CooperSurgical. "Teva Neuroscience, Inc." is not a subsidiary of and does not have a corporate relationship with CooperSurgical. Therefore, this Request is not properly directed to CooperSurgical, and the inclusion of this Request in a set of Requests for Production purportedly directed to CooperSurgical is argumentative, oppressive, and harassing and improper under Federal Rule of Civil Procedure 34.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to this Request on the grounds that the Request it is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

**Request for Production No. 21 [cumulatively, Request No. #64]:** To the extent not previously produced, all policies and procedures of Teva Neuroscience, Inc. as it relates to Paragard.

**RESPONSE:** CooperSurgical objects to Request No. 21 [cumulatively, Request #64], on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on CooperSurgical that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to CooperSurgical what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.  CooperSurgical further objects to Request No. 21 [cumulatively, Request #64], on the grounds that the terms and phrases "policies and procedures" and "relates to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  CooperSurgical further objects to the extent this Request seeks documents that constitute or contain proprietary, confidential, or trade secret information, including confidential commercial information.  CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL.  CooperSurgical further objects to this Request to the extent it purports to seek documents from an unrelated third party, "Teva Neuroscience, Inc.", which are not in the possession, custody, or control of CooperSurgical. "Teva Neuroscience, Inc." is not a subsidiary of and does not have a corporate relationship with CooperSurgical. Therefore, this Request is not properly directed to CooperSurgical, and the inclusion of this Request in a set of Requests for Production purportedly directed to CooperSurgical is argumentative, oppressive, and harassing and improper under Federal Rule of Civil Procedure 34.  CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the

attorney work-product doctrine.   To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to this Request on the grounds that a request for "all policies and procedures" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of identifying, collecting, and producing "all" documents that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 22 [cumulatively, Request No. #65]:** To the extent not previously produced, all documents and material things, including, but not limited to contracts, policies and procedures, summaries, reports, and communications, exchanged between Defendants and i3 Drug Safety pertaining to Paragard. This request includes all drafts.

**RESPONSE:** CooperSurgical objects to Request No. 22 [cumulatively, Request #65] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on CooperSurgical that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to CooperSurgical what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.   CooperSurgical further objects to Request No. 22 [cumulatively, Request #65], on the grounds that the terms and phrases "policies and procedures," "summaries," "reports," and "pertaining to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. CooperSurgical further objects to the extent this Request seeks documents that constitute or

contain proprietary, confidential, or trade secret information, including confidential commercial information.  CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL.  CooperSurgical further objects to this Request on the grounds that it did not contract with "i3 Drug Safety" for it to provide any services for Paragard, and the inclusion of this Request in a set of Requests for Production purportedly directed to CooperSurgical is argumentative, oppressive, and harassing and improper under Federal Rule of Civil Procedure 34.  CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to this Request on the grounds that a request for "all documents and material things" and "all drafts " is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.  Subject to and without waiving the foregoing objections, CooperSurgical did not contract with i3 Drug Safety for it to provide any services for Paragard, and CooperSurgical has no documents responsive to this Request.

**<u>Request for Production No. 23 [cumulatively, Request No. #66]:</u>** To the extent not previously produced, all documents and material things, including, but not limited to contracts, policies and procedures, summaries, reports, and communications, exchanged between Defendants and EnvoyHealth pertaining to Paragard. This request specifically includes all policies and procedures

providing instructions for the review of complaints related to Paragard by EnvoyHealth. This request also includes all drafts.

**RESPONSE:** CooperSurgical objects to Request No. 23 [cumulatively, Request #66], on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on CooperSurgical that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to CooperSurgical what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity. CooperSurgical further objects to Request No. 23 [cumulatively, Request #66], on the grounds that the terms and phrases "policies and procedures," "summaries," "reports," and "pertaining to," "policies and procedures providing instructions," "review of complaints," and "related to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. CooperSurgical further objects to the extent this Request seeks documents that constitute or contain proprietary, confidential, or trade secret information, including confidential commercial information.  CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL.  CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to this Request on the grounds that a request for "all documents and material things" and "all drafts " is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule

26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.  Subject to and without waiving the foregoing objections, CooperSurgical responds: CooperSurgical will produce a copy of the as-signed agreements with EnvoyHealth, which are at best of questionable relevance, because CooperSurgical has the documents at hand. Conversely, to the extent CooperSurgical can understand this Request, the request for "all documents" imposes an unnecessary, undue and disproportionate burden on CooperSurgical to search for, locate, assemble, and produce documents that are not relevant. Consequently, CooperSurgical has not attempted to look for and locate "all documents" based on the objections and Preliminary Statement stated above. *See* upcoming Production No. 23 (PROD023).


**Request for Production No. 24 [cumulatively, Request No. #67]:** To the extent not previously produced, all documents and material things, including, but not limited to contracts, policies and procedures, summaries, reports, and communications, exchanged between Defendants and Diligent Health Solutions pertaining to Paragard. This request specifically includes all policies and procedures providing instructions for the review of complaints related to Paragard by Diligent Health Solutions. This request also includes all drafts.

**RESPONSE:** CooperSurgical objects to Request No. 24 [cumulatively, Request #67] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on CooperSurgical that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to CooperSurgical what is their discovery responsibility to not seek

41

duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.   CooperSurgical further objects to Request No. 24 [cumulatively, Request #67], on the grounds that the terms and phrases "exchanged between Defendants," "Defendants," "policies and procedures," "summaries," "reports," and "pertaining to," "policies and procedures providing instructions," "review of complaints," "complaints," and "related to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.   CooperSurgical further objects to the extent this Request seeks documents that constitute or contain proprietary, confidential, or trade secret information, including confidential commercial information.   CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL.   CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to this Request on the grounds that a request for "all documents and material things" and "all drafts " is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.   Subject to and without waiving the foregoing objections, CooperSurgical responds: CooperSurgical will produce a copy of the as-signed agreement with Diligent Health Solutions, which is at best of questionable relevance, because CooperSurgical has the document at hand. Conversely, to the extent CooperSurgical can

understand this Request, the request for "all documents" imposes an unnecessary, undue and disproportionate burden on CooperSurgical to search for, locate, assemble, and produce documents that are not relevant. Consequently, CooperSurgical has not attempted to look for and locate "all documents" based on the objections and Preliminary Statement stated above. *See* upcoming Production No. 23 (PROD023).

**Request for Production No. 25 [cumulatively, Request No. #68]:** To the extent not previously produced, all documents and material things, including, but not limited to contracts, policies and procedures, summaries, reports, and communications exchanged between Defendants and PrimeVigilance pertaining to Paragard. This request specifically includes all policies and procedures providing instructions for the review of complaints related to Paragard by PrimeVigilance. This request also includes all drafts.

**RESPONSE:** CooperSurgical objects to Request No. 25 [cumulatively, Request #68] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on CooperSurgical that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to CooperSurgical what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.  CooperSurgical further objects to Request No. 25 [cumulatively, Request #68], on the grounds that the terms and phrases "exchanged between Defendants," "Defendants," "policies and procedures," "summaries," "reports," and "pertaining to," "policies and procedures providing instructions," "complaints," "review of complaints," and "related to" are vague, ambiguous, and argumentative, and the Request does not describe with

reasonable particularity the documents that are requested. CooperSurgical further objects to the extent this Request seeks documents that constitute or contain proprietary, confidential, or trade secret information, including confidential commercial information. CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL. CooperSurgical further objects to this Request to the extent it purports to require CooperSurgical to produce documents from an unrelated third party, PrimeVigilance, which are not in the possession, custody, or control of CooperSurgical. CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to this Request on the grounds that a request for "all documents and material things" and "all drafts " is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 26 [cumulatively, Request No. #69]:** To the extent not previously produced, all documents and material things, including, but not limited to contracts, audits, policies and procedures, reports, and communications, exchanged between Defendants and KEMA-Registered Quality. This request includes all drafts.

**RESPONSE:** CooperSurgical objects to Request No. 26 [cumulatively, Request #69] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly

burdensome, harassing, oppressive, and seeks to impose discovery obligations on CooperSurgical that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to CooperSurgical what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.   CooperSurgical further objects to Request No. 26 [cumulatively, Request #69], on the grounds that the terms and phrases "exchanged between Defendants," "Defendants," "policies and procedures," and "reports," are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.   CooperSurgical further objects to the extent this Request seeks documents that constitute or contain proprietary, confidential, or trade secret information, including confidential commercial information.   CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL.   CooperSurgical objects to this Request as seeking documents duplicative of those sought in RFP 4 in plaintiffs' Request for Production of Documents served on December 22, 2021.   CooperSurgical further objects to this Request on the grounds that it did not contract with "KEMA-Registered Quality" for any services for Paragard, and the inclusion of this Request in a set of Requests for Production purportedly directed to CooperSurgical is argumentative, oppressive, and harassing and improper under Federal Rule of Civil Procedure 34.   CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.   To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to this Request on the grounds that a request for "all documents and material things" and "all drafts " is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the

documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.  Subject to and without waiving the foregoing objections, CooperSurgical responds: CooperSurgical did not contract with KEMA to perform any audits or other services for Paragard.

**Request for Production No. 27 [cumulatively, Request No. #70]:** To the extent not previously produced, all documents and material things, including, but not limited to contracts, audits, policies and procedures, reports, and communications, exchanged between Defendants and DEKRA Certification pertaining to Paragard. This request includes all drafts.

**RESPONSE:** CooperSurgical objects to Request No. 27 [cumulatively, Request #70] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on CooperSurgical that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to CooperSurgical what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.  CooperSurgical further objects to Request No. 27 [cumulatively, Request #70], on the grounds that the terms and phrases "exchanged between Defendants," "Defendants," "policies and procedures," "reports," and "pertaining to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  CooperSurgical further objects to the extent this Request seeks documents that constitute or contain proprietary, confidential, or trade secret information, including confidential commercial information.  CooperSurgical objects to this Request as seeking

46

documents duplicative of those sought in RFP 4 in plaintiffs' Request for Production of Documents served on December 22, 2021.  CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL. CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to this Request on the grounds that a request for "all documents and material things" and "all drafts " is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.  Subject to and without waiving the foregoing objections, CooperSurgical responds: CooperSurgical will produce a copy of the DEKRA Certification audit, which is at best of questionable relevance, because CooperSurgical has the document at hand. Conversely, to the extent CooperSurgical can understand this Request, the request for "all documents" imposes an unnecessary, undue and disproportionate burden on CooperSurgical to search for, locate, assemble, and produce documents that are not relevant. Consequently, CooperSurgical has not attempted to look for and locate "all documents" based on the objections and Preliminary Statement stated above. *See* upcoming Production No. 23 (PROD023).

47

**Request for Production No. 28 [cumulatively, Request No. #71]:** To the extent not previously produced, all documents and material things, including, but not limited to contracts, policies and procedures, summaries, reports, and communications, exchanged between Defendants and any third party besides FDA pertaining to complaints and complaint handling involving Paragard. This request specifically includes all policies and procedures providing instructions for the review of complaints related to Paragard by such third party. This request includes all drafts.

**RESPONSE:** CooperSurgical objects to Request No. 28 [cumulatively, Request #71] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on CooperSurgical that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to CooperSurgical what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity. CooperSurgical further objects to Request No. 28 [cumulatively, Request #71], on the grounds that the terms and phrases "exchanged between Defendants," "Defendants," "policies and procedures," "summaries," "reports," "pertaining to," "complaints," "complaint handling," "policies and procedures providing instructions," "review of complaints," "any third party besides FDA," and "related to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  CooperSurgical further objects to this Request as harassing and oppressive being duplicative of Request No. 1 [cumulatively, Request #44], Request No. 22 [cumulatively, Request #65], Request No. 22 [cumulatively, Request #66], Request No. 24 [cumulatively, Request #67], and Request No. 25 [cumulatively, Request #68].  CooperSurgical further objects to the extent this Request seeks documents that constitute or contain proprietary, confidential, or trade secret

information, including confidential commercial information. CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court. CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to this Request on the grounds that a request for "all documents and material things" and "all drafts " is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 29 [cumulatively, Request No. #72]:** To the extent not previously produced, all documents and material things pertaining to any and all meetings held internally between Defendants (including internal functions and cross functional individuals) and/or between Defendants and third parties about complaints of breakage of Paragard. This request includes, but is not limited to, meeting minutes, notes, agendas, and recordings.

**RESPONSE:** CooperSurgical objects to Request No. 29 [cumulatively, Request #72] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on CooperSurgical that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs

improperly seek to shift to CooperSurgical what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.  CooperSurgical objects to Request No. 29 [cumulatively, Request #72], as improperly compound in that it appears to seek documents in multiple categories, and, therefore the Request does not describe with reasonable particularity the documents that are requested, and also the Request is therefore vague, unduly burdensome, harassing, and oppressive. CooperSurgical further objects to Request No. 29 [cumulatively, Request #72], on the grounds that the phrases "between Defendants," "and/or between Defendants and third parties," "Defendants," "including internal functions and cross functional individuals," and "pertaining to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  CooperSurgical objects to this Request as seeking documents duplicative of those sought in RFP 10, RFP 12, RFP 29, RFP 31, RFP 32, and RFP 38 in plaintiffs' Request for Production of Documents served on December 22, 2021. Duplicative requests for the same documents in numerous, separate Requests for Production is oppressive, harassing, and burdensome.  CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL.  CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to this Request on the grounds that a request for "all documents and material things" and "any and all meetings" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of

locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 30 [cumulatively, Request No. #73]:** To the extent not previously produced, all organizational charts and the employee directory for IVAX Corporation as it relates to Paragard.

**RESPONSE:** CooperSurgical objects to Request No. 30 [cumulatively, Request #73] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on CooperSurgical that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to CooperSurgical what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity. CooperSurgical further objects to Request No. 30 [cumulatively, Request #73], on the grounds that the terms and phrases "the employee directory" and "relates to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. CooperSurgical further objects to this Request to the extent it purports to impose obligations on CooperSurgical beyond those permitted by Fed. R. Civ. P. 34, including because this Request suggests that CooperSurgical has a duty to create a compilation of documents that does not exist in the ordinary course of business, to recreate historical organizational charts, and/or "the employee directory…as it relates to Paragard" that are not maintained in the ordinary course of business. CooperSurgical further objects to this Request on the grounds that a request for "the employee directory for IVAX Corporation" is not reasonably limited in time or scope to any issue in this litigation, and is unduly burdensome, oppressive,

harassing, overly broad, and unreasonable. CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL. CooperSurgical further objects to this Request to the extent it purports to seek documents from an unrelated third party, "IVAX Corporation," which are not in the possession, custody, or control of CooperSurgical. "IVAX Corporation" is not a subsidiary of and does not have a corporate relationship with CooperSurgical. Therefore, this Request is not properly directed to CooperSurgical, and the inclusion of this Request in a set of Requests for Production purportedly directed to CooperSurgical is argumentative, oppressive, and harassing and improper under Federal Rule of Civil Procedure 34. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to this Request on the grounds that the Request it is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

**Request for Production No. 31 [cumulatively, Request No. #74]:** To the extent not previously produced, all policies and procedures of IVAX Corporation as it relates to Paragard.

**RESPONSE:** CooperSurgical objects to CooperSurgical objects to Request No. 31 [cumulatively, Request #74], on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on CooperSurgical that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to CooperSurgical what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity. CooperSurgical further objects to

CooperSurgical objects to Request No. 31 [cumulatively, Request #74], on the grounds that the terms and phrases "policies and procedures" and "relates to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. CooperSurgical further objects to the extent this Request seeks documents that constitute or contain proprietary, confidential, or trade secret information, including confidential commercial information. CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL. CooperSurgical further objects to this Request to the extent it purports to seek documents from an unrelated third party, "IVAX Corporation," which are not in the possession, custody, or control of CooperSurgical. "IVAX Corporation" is not a subsidiary of and does not have a corporate relationship with CooperSurgical. Therefore, this Request is not properly directed to CooperSurgical, and the inclusion of this Request in a set of Requests for Production purportedly directed to CooperSurgical is argumentative, oppressive, and harassing and improper under Federal Rule of Civil Procedure 34. CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to this Request on the grounds that a request for "all policies and procedures" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of identifying, collecting, and producing "all" documents that could be responsive to this Request significantly outweighs any purported benefit.

53

**Request for Production No. 32 [cumulatively, Request No. #75]:** To the extent not previously produced, the results of all literature searches conducted by Defendants and/or anyone acting on their behalf pertaining to Paragard.

**RESPONSE:** CooperSurgical objects to Request No. 32 [cumulatively, Request #75], on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on CooperSurgical that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to CooperSurgical what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity. CooperSurgical objects to Request No. 32 [cumulatively, Request #75], on the grounds that the phrases "the results of all literature searches," "anyone acting on their behalf," and "pertaining to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court. CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to this Request on the grounds that a request for "all literature searches" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure, including because it seeks to require CooperSurgical to locate, assemble,

and produce documents constituting or containing information about alleged events other than "embedment," "breakage of an arm," and/or "difficult removal," the events alleged by plaintiffs to be associated with their use of Paragard, and the claim that is the subject of this MDL. Further, the burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 33 [cumulatively, Request No. #76]:** To the extent not previously produced, all documents reflecting the identity of any and all lots of Paragard that Defendants have documented, noted, and/or recorded in any way to have had one or more reports or complaints of a broken Paragard.

**RESPONSE:** CooperSurgical objects to Request No. 33 [cumulatively, Request #76] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on CooperSurgical that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to CooperSurgical what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.  CooperSurgical objects to Request No. 33 [cumulatively, Request #76], on the grounds that the phrases "all documents reflecting the identity of any and all lots," "documented, noted, and/or recorded in any way," and "to have had one or more reports or complaints," and "a broken Paragard" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  CooperSurgical further objects to this Request to the extent it purports to impose obligations on CooperSurgical

beyond those permitted by Fed. R. Civ. P. 34, including because this Request suggests that CooperSurgical has a duty to create a compilation of documents or to create documents that do not exist in the ordinary course of business. CooperSurgical objects to this Request as seeking documents duplicative of those sought in RFP 10 in plaintiffs' Request for Production of Documents served on December 22, 2021. CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court. CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to this Request on the grounds that a request for "all documents reflecting" and "all lots" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 34 [cumulatively, Request No. #77]:** To the extent not previously produced, all documents reflecting the organizational structure of and policies and procedures for Defendants' pharmacovigilance function as it relates to Paragard. This request includes, but is not limited to, documents reflecting the identity of all employees within such function responsible for any tasks relating to Paragard.

56

**RESPONSE:** CooperSurgical objects to Request No. 34 [cumulatively, Request #77], on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on CooperSurgical that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to CooperSurgical what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity. CooperSurgical objects to Request No. 34 [cumulatively, Request #77], as improperly compound in that it appears to seek documents in multiple categories, and, therefore the Request does not describe with reasonable particularity the documents that are requested, and also the Request is therefore vague, unduly burdensome, harassing, and oppressive. CooperSurgical further objects to Request No. 34 [cumulatively, Request #77], on the grounds that the terms and phrases "documents reflecting," "organizational structure," "policies and procedures," "pharmacovigilance function," "relates to," "reflecting the identity," "responsible for any tasks," "any tasks relating to Paragard," and "relating to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. CooperSurgical further objects to the following sentence in this Request: "This request includes, but is not limited to, documents reflecting the identity of all employees within such function" on the grounds that this sentence renders the entire Request unduly burdensome, oppressive, harassing, overly broad, and unreasonable; this Request taken as written arguably is seeking any document that a person's name appears on, and for all employees over an unlimited time period. CooperSurgical further objects to this Request to the extent it purports to impose obligations on CooperSurgical beyond those permitted by Fed. R. Civ. P. 34, including because this Request suggests that CooperSurgical has a duty to create a compilation of documents that

does not exist in the ordinary course of business, to recreate historical organizational charts, and/or a duty to create organizational charts that are not maintained in the ordinary course of business. CooperSurgical objects to this Request as seeking documents duplicative of those sought in RFP 28 in plaintiffs' Request for Production of Documents served on December 22, 2021. CooperSurgical objects that this Request is unduly burdensome, oppressive, and harassing, and is not a proper Request for Production under Rule 34 in that plaintiffs seek both to shift their burden of identifying with reasonable particularity the documents that are requested onto CooperSurgical, and also improperly seek what amounts to an improper interrogatory within a Request for Production by asking CooperSurgical to first identify what plaintiffs mean by "tasks relating to Paragard" and by broadly seeking documents "reflecting the identity of all employees." CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court. CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to this Request on the grounds that a request for "all documents reflecting the organizational structure of and policies and procedures for" and "documents reflecting the identity of all employees within such function" it is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of identifying, collecting, and producing "all" documents that could be responsive to this Request significantly outweighs any purported benefit.

**<u>Request for Production No. 35 [cumulatively, Request No. #78]:</u>** To the extent not previously produced, all documents reflecting the organizational structure of and policies and procedures for Defendants' medical affairs function as it relates to Paragard. This request includes, but is not limited to, documents reflecting the identity of all employees within such function responsible for any tasks relating to Paragard.

**<u>RESPONSE:</u>** CooperSurgical objects to Request No. 35 [cumulatively, Request #78], on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on CooperSurgical that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to CooperSurgical what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity. CooperSurgical objects to Request No. 35 [cumulatively, Request #78], as improperly compound in that it appears to seek documents in multiple categories, and, therefore the Request does not describe with reasonable particularity the documents that are requested, and also the Request is therefore vague, unduly burdensome, harassing, and oppressive. CooperSurgical further objects to Request No. 35 [cumulatively, Request #78], on the grounds that the terms and phrases "documents reflecting," "the organizational structure," "policies and procedures," "medical affairs function," "relates to," "reflecting the identity," "responsible for any tasks," "any tasks relating to Paragard," and "relating to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. CooperSurgical further objects to the following sentence in this Request: "This request includes, but is not limited to, documents reflecting the identity of all employees within such function" on the grounds that this sentence renders the entire Request unduly burdensome,

oppressive, harassing, overly broad, and unreasonable; this Request taken as written arguably is seeking any document that a person's name appears on, and for all employees over an unlimited time period.  CooperSurgical further objects to this Request to the extent it purports to impose obligations on CooperSurgical beyond those permitted by Fed. R. Civ. P. 34, including because this Request suggests that CooperSurgical has a duty to create a compilation of documents that does not exist in the ordinary course of business, to recreate historical organizational charts, and/or a duty to create organizational charts that are not maintained in the ordinary course of business. CooperSurgical objects to this Request as seeking documents duplicative of those sought in RFP 28 in plaintiffs' Request for Production of Documents served on December 22, 2021. CooperSurgical objects that this Request is unduly burdensome, oppressive, and harassing, and is not a proper Request for Production under Rule 34 in that plaintiffs seek both to shift their burden of identifying with reasonable particularity the documents that are requested onto CooperSurgical, and also improperly seek what amounts to an improper interrogatory within a Request for Production by asking CooperSurgical to first identify what plaintiffs mean by "tasks relating to Paragard" and by broadly seeking documents "reflecting the identity of all employees." CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court.  CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to this Request on the grounds that a request for "all documents reflecting the organizational structure of and policies and procedures for" and "documents reflecting the identity of all employees within

such function" it is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of identifying, collecting, and producing "all" documents that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 36 [cumulatively, Request No. #79]:** To the extent not previously produced, all documents reflecting the organizational structure of and policies and procedures for Defendants' regulatory affairs function as it relates to Paragard. This request includes, but is not limited to, documents reflecting the identity of all employees within such function responsible for any tasks relating to Paragard.

**RESPONSE:** CooperSurgical objects to Request No. 36 [cumulatively, Request #79] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on CooperSurgical that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to CooperSurgical what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.  CooperSurgical objects to Request No. 36 [cumulatively, Request #79], as improperly compound in that it appears to seek documents in multiple categories, and, therefore the Request does not describe with reasonable particularity the documents that are requested, and also the Request is therefore vague, unduly burdensome, harassing, and oppressive. CooperSurgical further objects to Request No. 36 [cumulatively, Request #79], on the grounds that the terms and phrases "documents reflecting," " =the organizational structure," "policies and

procedures," "regulatory affairs function," "relates to," "reflecting the identity," "responsible for any tasks," "any tasks relating to Paragard," and "relating to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  CooperSurgical further objects to the following sentence in this Request: "This request includes, but is not limited to, documents reflecting the identity of all employees within such function" on the grounds that this sentence renders the entire Request unduly burdensome, oppressive, harassing, overly broad, and unreasonable; this Request taken as written arguably is seeking any document that a person's name appears on, and for all employees over an unlimited time period.  CooperSurgical further objects to this Request to the extent it purports to impose obligations on CooperSurgical beyond those permitted by Fed. R. Civ. P. 34, including because this Request suggests that CooperSurgical has a duty to create a compilation of documents that does not exist in the ordinary course of business, to recreate historical organizational charts, and/or a duty to create organizational charts that are not maintained in the ordinary course of business.

 CooperSurgical objects to this Request as seeking documents duplicative of those sought in RFP 28 in plaintiffs' Request for Production of Documents served on December 22, 2021.  CooperSurgical objects that this Request is unduly burdensome, oppressive, and harassing, and is not a proper Request for Production under Rule 34 in that plaintiffs seek both to shift their burden of identifying with reasonable particularity the documents that are requested onto CooperSurgical, and also improperly seek what amounts to an improper interrogatory within a Request for Production by asking CooperSurgical to first identify what plaintiffs mean by "tasks relating to Paragard" and by broadly seeking documents "reflecting the identity of all employees." CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and

tailored to the issues in this litigation in accordance with prior rulings of the Court. CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to this Request on the grounds that a request for "all documents reflecting the organizational structure of and policies and procedures for" and "documents reflecting the identity of all employees within such function" it is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of identifying, collecting, and producing "all" documents that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 37 [cumulatively, Request No. #80]:** To the extent not previously produced, all documents reflecting the organizational structure of and policies and procedures for Defendants' quality and/or quality assurance function as it relates to Paragard. This request includes, but is not limited to, documents reflecting the identity of all employees within such function responsible for any tasks relating to Paragard.

**RESPONSE:** CooperSurgical objects to Request No. 37 [cumulatively, Request #80], on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on CooperSurgical that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to CooperSurgical what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents

described with reasonable particularity.  CooperSurgical objects to Request No. 37 [cumulatively, Request #80], as improperly compound in that it appears to seek documents in multiple categories, and, therefore the Request does not describe with reasonable particularity the documents that are requested, and also the Request is therefore vague, unduly burdensome, harassing, and oppressive. CooperSurgical further objects to Request No. 37 [cumulatively, Request #80], on the grounds that the terms and phrases "documents reflecting," "the organizational structure," "quality and/or quality assurance," "policies and procedures," "quality and/or quality function," "relates to," "reflecting the identity," "responsible for any tasks," "any tasks relating to Paragard," and "relating to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  CooperSurgical further objects to the following sentence in this Request: "This request includes, but is not limited to, documents reflecting the identity of all employees within such function" on the grounds that this sentence renders the entire Request unduly burdensome, oppressive, harassing, overly broad, and unreasonable; this Request taken as written arguably is seeking any document that a person's name appears on, and for all employees over an unlimited time period.  CooperSurgical further objects to this Request to the extent it purports to impose obligations on CooperSurgical beyond those permitted by Fed. R. Civ. P. 34, including because this Request suggests that CooperSurgical has a duty to create a compilation of documents that does not exist in the ordinary course of business, to recreate historical organizational charts, and/or a duty to create organizational charts that are not maintained in the ordinary course of business.  CooperSurgical objects to this Request as seeking documents duplicative of those sought in RFP 28 in plaintiffs' Request for Production of Documents served on December 22, 2021.  CooperSurgical objects that this Request is unduly burdensome, oppressive, and harassing, and is not a proper Request for Production under Rule 34

in that plaintiffs seek both to shift their burden of identifying with reasonable particularity the documents that are requested onto CooperSurgical, and also improperly seek what amounts to an improper interrogatory within a Request for Production by asking CooperSurgical to first identify what plaintiffs mean by "tasks relating to Paragard" and by broadly seeking documents "reflecting the identity of all employees." CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court. CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to this Request on the grounds that a request for "all documents reflecting the organizational structure of and policies and procedures for" and "documents reflecting the identity of all employees within such function" it is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of identifying, collecting, and producing "all" documents that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 38 [cumulatively, Request No. #81]:** To the extent not previously produced, all documents reflecting the organizational structure of and policies and procedures for Defendants' medical communications function as it relates to Paragard. This request includes, but is not limited to, documents reflecting the identity of all employees within such function responsible for any tasks relating to Paragard.

**RESPONSE:** CooperSurgical objects to Request No. 38 [cumulatively, Request #81], on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on CooperSurgical that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to CooperSurgical what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.  CooperSurgical objects to Request No. 38 [cumulatively, Request #81], as improperly compound in that it appears to seek documents in multiple categories, and, therefore the Request does not describe with reasonable particularity the documents that are requested, and also the Request is therefore vague, unduly burdensome, harassing, and oppressive. CooperSurgical further objects to Request No. 38 [cumulatively, Request #81], on the grounds that the terms and phrases "documents reflecting," "the organizational structure," "policies and procedures," "medical communications function," "relates to," "reflecting the identity," "responsible for any tasks," "any tasks relating to Paragard," and "relating to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  CooperSurgical further objects to the following sentence in this Request: "This request includes, but is not limited to, documents reflecting the identity of all employees within such function" on the grounds that this sentence renders the entire Request unduly burdensome, oppressive, harassing, overly broad, and unreasonable; this Request taken as written arguably is seeking any document that a person's name appears on, and for all employees over an unlimited time period.  CooperSurgical further objects to this Request to the extent it purports to impose obligations on CooperSurgical beyond those permitted by Fed. R. Civ. P. 34, including because this Request suggests that CooperSurgical has a duty to create a compilation of

documents that does not exist in the ordinary course of business, to recreate historical organizational charts, and/or a duty to create organizational charts that are not maintained in the ordinary course of business.  CooperSurgical objects to this Request as seeking documents duplicative of those sought in RFP 28 in plaintiffs' Request for Production of Documents served on December 22, 2021.  CooperSurgical objects that this Request is unduly burdensome, oppressive, and harassing, and is not a proper Request for Production under Rule 34 in that plaintiffs seek both to shift their burden of identifying with reasonable particularity the documents that are requested onto CooperSurgical, and also improperly seek what amounts to an improper interrogatory within a Request for Production by asking CooperSurgical to first identify what plaintiffs mean by "tasks relating to Paragard" and by broadly seeking documents "reflecting the identity of all employees."  CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court.  CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to this Request on the grounds that a request for "all documents reflecting the organizational structure of and policies and procedures for" and "documents reflecting the identity of all employees within such function" it is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of identifying, collecting, and producing "all" documents that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 39 [cumulatively, Request No. #82]:** To the extent not previously produced, all documents reflecting the organizational structure of and policies and procedures for Defendants' sales and marketing function(s) as it relates to Paragard. This request includes, but is not limited to, documents reflecting the identity of all employees within such function responsible for any tasks relating to Paragard.

**RESPONSE:** CooperSurgical objects to Request No. 39 [cumulatively, Request #82], on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on CooperSurgical that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to CooperSurgical what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity. CooperSurgical objects to Request No. 39 [cumulatively, Request #82], as improperly compound in that it appears to seek documents in multiple categories, and, therefore the Request does not describe with reasonable particularity the documents that are requested, and also the Request is therefore vague, unduly burdensome, harassing, and oppressive. CooperSurgical further objects to Request No. 39 [cumulatively, Request #82], on the grounds that the terms and phrases "documents reflecting," " the organizational structure," "policies and procedures," "sales and marketing function," "relates to," "reflecting the identity," "responsible for any tasks," "any tasks relating to Paragard," and "relating to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. CooperSurgical further objects to the following sentence in this Request: "This request includes, but is not limited to, documents reflecting the identity of all employees within such function" on the grounds that this sentence renders the entire Request unduly burdensome,

oppressive, harassing, overly broad, and unreasonable; this Request taken as written arguably is seeking any document that a person's name appears on, and for all employees over an unlimited time period.  CooperSurgical further objects to this Request to the extent it purports to impose obligations on CooperSurgical beyond those permitted by Fed. R. Civ. P. 34, including because this Request suggests that CooperSurgical has a duty to create a compilation of documents that does not exist in the ordinary course of business, to recreate historical organizational charts, and/or a duty to create organizational charts that are not maintained in the ordinary course of business. CooperSurgical objects to this Request as seeking documents duplicative of those sought in RFP 28 in plaintiffs' Request for Production of Documents served on December 22, 2021. CooperSurgical objects that this Request is unduly burdensome, oppressive, and harassing, and is not a proper Request for Production under Rule 34 in that plaintiffs seek both to shift their burden of identifying with reasonable particularity the documents that are requested onto CooperSurgical, and also improperly seek what amounts to an improper interrogatory within a Request for Production by asking CooperSurgical to first identify what plaintiffs mean by "tasks relating to Paragard" and by broadly seeking documents "reflecting the identity of all employees." CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court.  CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to this Request on the grounds that a request for "all documents reflecting the organizational structure of and policies and procedures for" and "documents reflecting the identity of all employees within

such function" it is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of identifying, collecting, and producing "all" documents that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 40 [cumulatively, Request No. #83]:** All documents and tangible things, including, but not limited to, communications, agendas, outlines, presentations, charts, reports, lists, contracts, SOPs, work instructions, engineering change records, summaries, meeting minutes, and recordings of meetings, exchanged internally and/or between Defendants pertaining to the September 27, 2017 meeting and/or workshop with James Keller as reflected in MDL2974TWHLLC021517. This request includes all drafts.

**RESPONSE:** CooperSurgical objects to Request No. 40 [cumulatively, Request #83], on the grounds that the terms and phrases "summaries," "between Defendants," "Defendants," "pertaining to" and "meeting and/or workshop" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. CooperSurgical objects to Request No. 40 [cumulatively, Request #83], as improperly compound in that it appears to seek documents in multiple categories, and, therefore the Request does not describe with reasonable particularity the documents that are requested, and also the Request is therefore vague, unduly burdensome, harassing, and oppressive.  Request No. 40 [cumulatively, Request #83], which seeks "all documents and tangible things, including, but not limited to, communications, agendas, outlines, presentations, charts, reports, lists, contracts, SOPs, work instructions, engineering change records, summaries, meeting minutes, and recordings of

meetings, exchanged internally and/or between Defendants" is completely unintelligible as drafted. CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court. CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to the Request on the grounds that a request for "all documents and tangible things" and "all drafts" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 41 [cumulatively, Request No. #84]:** To the extent not previously produced, all communications between exchanged internally and/or between Defendants pertaining to the 2013 and 2019 label changes.

**RESPONSE:** CooperSurgical objects to Request No. 41 [cumulatively, Request #84] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on CooperSurgical that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to CooperSurgical what is their discovery responsibility to not seek

duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity. Request No. 41 [cumulatively, Request #84], which seeks "all communications between exchanged internally and/or between Defendants" is completely unintelligible as drafted. CooperSurgical further objects to Request No. 41 [cumulatively, Request #84], on the grounds that the terms and phrases "communications between exchanged internally and/or between," "between Defendants," "Defendants," and "pertaining to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court. CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. CooperSurgical objects to this Request as seeking documents duplicative of those sought in RFP 17 and RFP 33 in plaintiffs' Request for Production of Documents served on December 22, 2021, and also duplicative of information provided in CooperSurgical's informal meet and confer disclosure to plaintiffs on November 8, 2022, in which individuals involved with labeling were identified. CooperSurgical further objects to this Request on the grounds that it did not own Paragard until more than 4 years after the 2013 label change, and the inclusion of this Request in a set of Requests for Production purportedly directed to CooperSurgical is argumentative, oppressive, and harassing and improper under Federal Rule of Civil Procedure 34. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to the Request on the grounds that a request for "all communications" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the

documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 42 [cumulatively, Request No. #85]**: To the extent not previously produced, all documents, including contracts, reflecting Defendant entity(-ies) which would be responsible for paying any personal injury claims relating to Paragard IUDs placed in a woman between 2000 to the present.

**RESPONSE:** CooperSurgical objects to Request No. 42 [cumulatively, Request #85], on the grounds that the phrases "all documents … reflecting," "Defendant entity(ies)," "entity(-ies) which would be responsible," "any personal injury claims," "contracts," and "relating to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  CooperSurgical objects that this Request is unduly burdensome, oppressive, and harassing, and is not a proper Request for Production under Rule 34 in that Plaintiffs improperly seek what amounts to an improper interrogatory within a Request for Production by asking CooperSurgical to first "identify" "entity(-ies)," and also because this Request does not seek production of documents described with reasonable particularity, but rather this Request inappropriately seeks what would amount to a hypothetical legal conclusion, based on incomplete hypotheticals and improper premises.  CooperSurgical objects to this Request on the grounds that it purports to seek information, rather than documents, about hypothetical and undefined "personal injury claims" for hypothetical and undefined Paragard placements more than 22 years ago, which hypothetical claims would be barred by applicable statute(s) of limitation

73

and/or statute(s) of repose, and, therefore, which seek documents that are not relevant to any party's claims or defenses and are not proportional to the needs of this litigation. CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL. CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. CooperSurgical objects that this Request is based on the incorrect premises that there has been any judgment against CooperSurgical or any other Defendant entity requiring any entity to make any payment for a Paragard personal injury claim, that any Defendant entity has been "responsible for" paying any judgment for a Paragard personal injury claim and/or that any Defendant entity, including CooperSurgical, "would be responsible for paying any personal injury claims relating to Paragard IUDs placed in a woman between 2000 to the present," and, therefore, this Request is objectionable in its entirety. Moreover, Paragard has been on the market since the 1980s, and the labeling for Paragard has always included information to the healthcare provider and the woman that the Paragard may break, that surgery may be necessary to remove the Paragard, and that Paragard may get embedded or stuck in the uterus, and CooperSurgical disputes and denies any "responsibility for paying any personal injury claims relating to Paragard."

**Request for Production No. 43 [cumulatively, Request No. #86]:** To the extent not previously produced, all documents reflecting Defendants' audit SOPs pertaining to Paragard, including all iterations and drafts.

**RESPONSE:** CooperSurgical objects to Request No. 43 [cumulatively, Request #86] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on CooperSurgical

74

that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to CooperSurgical what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity. CooperSurgical further objects to Request No. 43 [cumulatively, Request #86], on the grounds that the terms and phrases "documents reflecting," "audit SOPs," "iterations," and "pertaining to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. CooperSurgical further objects to Request No. 43 [cumulatively, Request #86], as an inappropriate fishing expedition which amounts to a Request to locate and assemble all documents about Paragard (e.g., "all documents reflecting…pertaining to Paragard…."). The Request is unnecessarily overbroad and unduly burdensome and seeks documents and information that is not relevant to any party's claims or defenses in this litigation. Plaintiffs' have failed to tailor the Request to seek documents relevant to their claims in this MDL. CooperSurgical objects to this Request as seeking documents duplicative of those sought in RFP 36 in plaintiffs' Request for Production of Documents served on December 22, 2021. CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court. CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to the Request on the grounds that a request for "all documents," "all documents reflecting," "all iterations," and "all…drafts" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or

defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 44 [cumulatively, Request No. #87]:** To the extent not previously produced, all documents reflecting Defendants' CAPA SOPs pertaining to Paragard, including all iterations and drafts.

**RESPONSE:** CooperSurgical objects to Request No. 44 [cumulatively, Request #87] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on CooperSurgical that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to CooperSurgical what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.  Request No. 44 [cumulatively, Request #87], which seeks "all documents reflecting Defendants' CAPA SOPs" is completely unintelligible as drafted. CooperSurgical further objects to Request No. 44 [cumulatively, Request #87], on the grounds that the terms and phrases "documents reflecting," "CAPA SOPs," "iterations," and "pertaining to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  CooperSurgical further objects to Request No. 44 [cumulatively, Request #87], as an inappropriate fishing expedition which amounts to a Request to locate and assemble all documents about Paragard (e.g., "all documents reflecting…pertaining to Paragard…."). The Request is unnecessarily overbroad and unduly burdensome and seeks

documents and information that is not relevant to any party's claims or defenses in this litigation. Plaintiffs' have failed to tailor the Request to seek documents relevant to their claims in this MDL. CooperSurgical objects to this Request as seeking documents duplicative of those sought in RFP 25 and RFP 36 in plaintiffs' Request for Production of Documents served on December 22, 2021. CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court. CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to the Request on the grounds that a request for "all documents," "all documents reflecting," "all iterations," and "all…drafts" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 45 [cumulatively, Request No. #88]:** To the extent not previously produced, all communications between Defendants and third-party health care providers pertaining to Paragard breakage.

**RESPONSE:** CooperSurgical objects to Request No. 45 [cumulatively, Request #88], on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly

burdensome, harassing, oppressive, and seeks to impose discovery obligations on CooperSurgical that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to CooperSurgical what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.  CooperSurgical objects to Request No. 45 [cumulatively, Request #88], on the grounds that the phrases "between Defendants" and "pertaining to Paragard breakage," are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  CooperSurgical also objects to Request No. 45 [cumulatively, Request #88], to the extent it seeks documents protected from discovery by the patient-physician privilege, HIPAA, and Title 21 of the Code of Federal Regulations. CooperSurgical will not provide and will redact the names, addresses, or other identifiers of any patients, physicians, or adverse even reports to protect the confidentiality and privacy of those persons.  CooperSurgical objects to this Request as seeking documents duplicative of those sought in RFP 32 in plaintiffs' Request for Production of Documents served on December 22, 2021. CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to the Request on the grounds that a request for "all documents," "all communications" and "breakage" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing

"all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.  CooperSurgical objects that this Request is premature. The parties are negotiating search terms and database fields and aspects of production of adverse event reports that may include communications with health care providers, search terms and databases and aspects of production of product quality complaint files that may include communications with health care providers, and terms of the Defendant Fact Sheet that may include production of documents constituting or containing communications with plaintiffs' health care providers.

**Request for Production No. 46 [cumulatively, Request No. #89]:** To the extent not previously produced, all documents reflecting any meeting notes, agendas, presentations, and communications pertaining to any meeting (virtual or otherwise) internally and/or between Defendants and FDA pertaining to Paragard, including, but not limited to the Type C Meeting requested by Defendants in July 2021. This request includes all drafts.

**RESPONSE:** CooperSurgical objects to Request No. 46 [cumulatively, Request #89] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on CooperSurgical that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to CooperSurgical what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.  CooperSurgical objects to Request No. 46 [cumulatively, Request #89], on the grounds that the phrases "all documents reflecting," "pertaining to any meeting," "internally and/or between Defendants," "pertaining to Paragard" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents

that are requested.  CooperSurgical objects to Request No. 46 [cumulatively, Request #89], as improperly compound in that it appears to seek documents in multiple categories, and, therefore the Request does not describe with reasonable particularity the documents that are requested, and also the Request is therefore vague, unduly burdensome, harassing, and oppressive. CooperSurgical objects to this Request as seeking documents duplicative of those sought in RFP 1 and RFP 32 in plaintiffs' Request for Production of Documents served on December 22, 2021. CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to the Request on the grounds that a request for "all documents," "all documents reflecting," "any meeting," and "all drafts" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" and "any" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.  Subject to and without waiving the foregoing objections, CooperSurgical responds: CooperSurgical will produce the correspondence to FDA in July 2021 requesting a Type C meeting and the FDA correspondence to CooperSurgical responding to that request. To the extent CooperSurgical can understand this Request, the request for "all documents" imposes an unnecessary, undue and disproportionate burden on CooperSurgical to search for, locate, assemble, and produce documents that are not relevant. Consequently, CooperSurgical has not attempted to look for and locate "all documents" based on the objections and Preliminary Statement stated above. *See* upcoming Production No. 23

80

(PROD023). CooperSurgical previously produced correspondence to FDA requesting a Type C meeting.

**Request for Production No. 47 [cumulatively, Request No. #90]:** To the extent not previously produced, all documents and tangible things compiled, created, and/or discussed internally, including, but not limited to, reports, tests, summaries, presentations, agendas, reviews, and drafts of any kind pertaining to the April 21, 2021 Request for Information from FDA to CooperSurgical, Inc. ("CSI"). This request specifically includes all internal communications and those between Defendants and any third party pertaining to the April 21, 2021 Request for Information from FDA to CooperSurgical, Inc. ("CSI").

**RESPONSE:** CooperSurgical objects to Request No. 47 [cumulatively, Request #90] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on CooperSurgical that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to CooperSurgical what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity. CooperSurgical objects to Request No. 47 [cumulatively, Request #90], on the grounds that the terms and phrases "all documents…discussed internally," "compiled," "reports," "tests," "summaries," "reviews," "of any kind," "between Defendants," "any third party," and "pertaining to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. CooperSurgical objects to Request No. 47 [cumulatively, Request #90], as improperly compound in that it appears to seek documents in multiple categories, and, therefore the Request does not describe with

81

reasonable particularity the documents that are requested, and also the Request is therefore vague, unduly burdensome, harassing, and oppressive.  CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL. CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.   To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to the Request on the grounds that a request for "all documents and tangible things" and "all internal communications" and "drafts of any kind" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" and "any" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.  Subject to and without waiving the foregoing objections, CooperSurgical responds: CooperSurgical will produce copies of correspondence between FDA and CooperSurgical about the April 21, 2021 Request for Information from FDA to CooperSurgical**.** To the extent CooperSurgical can understand this Request, the request for "all documents" imposes an unnecessary, undue and disproportionate burden on CooperSurgical to search for, locate, assemble, and produce documents that are not relevant. Consequently, CooperSurgical has not attempted to look for and locate "all documents" based on the objections and Preliminary Statement stated above. *See* upcoming Production No. 23 (PROD023). CooperSurgical previously produced correspondence to FDA about the April 21, 2021 Request for Information from FDA.

**Request for Production No. 48 [cumulatively, Request No. #91]:** To the extent not previously produced, all documents reflecting any testing performed by Defendants concerning the flexibility of the Paragard, including, but not limited to, material testing of any kind.

**RESPONSE:** CooperSurgical objects to Request No. 48 [cumulatively, Request #91], on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on CooperSurgical that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to CooperSurgical what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.  CooperSurgical objects to Request No. 48 [cumulatively, Request #91], on the grounds that the phrases "all documents reflecting," "any testing," "concerning the flexibility of the Paragard," and "material testing of any kind" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  CooperSurgical further objects to the extent this Request seeks documents that constitute or contain proprietary, confidential, or trade secret information, including confidential commercial information.  CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court.  CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

 To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to the Request on the grounds that a request for "all documents reflecting" is overbroad, unduly burdensome, seeks documents that are not relevant to

any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit. CooperSurgical objects to this Request on the grounds that this topic has been the subject of meet and confer discussions between the parties, and CooperSurgical has described to plaintiffs' counsel with reasonable particularity the "flexibility" testing documents that CooperSurgical may produce. This Request ignores those discussions and utilizes vague, ambiguous, and undefined terms which result in this Request not describing the documents sought with the reasonable particularity required by Federal Rule of Civil Procedure 34.

**Request for Production No. 49 [cumulatively, Request No. #92]:** To the extent not previously produced, all documents reflecting any risk management activities conducted by Defendants, including, but not limited to communications and drafts, pertaining to breakage of Paragard.

**RESPONSE:** CooperSurgical objects to Request No. 49 [cumulatively, Request #92] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on CooperSurgical that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to CooperSurgical what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity. CooperSurgical objects to Request No. 49 [cumulatively, Request #92], on the grounds that the phrases "all documents reflecting," "any risk management activities," "risk management activities," and "pertaining to" are vague, ambiguous, and

argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  CooperSurgical objects to this Request as seeking documents duplicative of those sought in RFP 10, RFP 12, RFP 31, and RFP 32 in plaintiffs' Request for Production of Documents served on December 22, 2021.  CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court. CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to the Request on the grounds that a request for "all documents," "all documents reflecting," and "all…drafts" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 50 [cumulatively, Request No. #93]:** To the extent not previously produced, all documents reflecting the organizational structure of and policies and procedures for "Paragard Direct" and/or ICS as it relates to Paragard. This request includes, but is not limited to, documents reflecting the identity of all employees within such function.

**RESPONSE:** CooperSurgical objects to Request No. 50 [cumulatively, Request #93] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly

burdensome, harassing, oppressive, and seeks to impose discovery obligations on CooperSurgical that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to CooperSurgical what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.   CooperSurgical further objects to Request No. 50 [cumulatively, Request #93], on the grounds that the terms and phrases "documents reflecting," "the organizational structure," "policies and procedures," "relates to," "reflecting the identity," and "all employees within such function" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. CooperSurgical further objects to the following sentence in this Request: "This request includes, but is not limited to, documents reflecting the identity of all employees within such function" on the grounds that this sentence renders the entire Request unduly burdensome, oppressive, harassing, overly broad, and unreasonable; this Request taken as written arguably is seeking any document that a person's name appears on, and for all employees of ICS over an unlimited time period.   CooperSurgical further objects to this Request to the extent it purports to impose obligations on CooperSurgical beyond those permitted by Fed. R. Civ. P. 34, including because this Request suggests that CooperSurgical has a duty to create a compilation of documents that does not exist in the ordinary course of business, to recreate historical organizational charts, and/or a duty to create organizational charts that are not maintained in the ordinary course of business. CooperSurgical further objects to this Request to the extent it purports to seek documents from the third-party Integrated Commercialization Solutions, Inc., which is an AmerisourceBergen Corporation company.   CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL.  CooperSurgical

also objects to this Request on the grounds that it requests documents that are irrelevant to the issues in this litigation, it is unduly burdensome and the request is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks to require CooperSurgical to locate, assemble, and produce documents constituting or containing information about complaints in which the alleged events are other than "embedment," "breakage of an arm," and/or "difficult removal," the events alleged by plaintiffs to be associated with their use of Paragard, and the claim that is subject of this MDL.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to this Request on the grounds that a request for "all documents reflecting the organizational structure of and policies and procedures" and "documents reflecting the identity of all employees within such function" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of identifying, collecting, and producing "all" documents that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 51 [cumulatively, Request No. #94]:** Documents reflecting the training for any employees of Defendants' Paragard related call centers.

**RESPONSE:** CooperSurgical objects to Request No. 51 [cumulatively, Request #94], on the grounds that the phrases "documents reflecting," "the training for," "any employees," "Defendants' Paragard related call centers," and "Paragard related call centers" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  CooperSurgical objects to this Request as seeking documents

duplicative of those sought in RFP 36 in plaintiffs' Request for Production of Documents served on December 22, 2021.  CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL.  CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to this Request on the grounds that the Request it is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

**Request for Production No. 52 [cumulatively, Request No. #95]:** A physical inspection of the Buffalo facility and all paper files contained therein and/or in its offsite storage site pertaining to Paragard.

**RESPONSE:** CooperSurgical objects to Request No. 52 [cumulatively, Request #95], on the grounds that the phrases "physical inspection of the Buffalo facility," "its offsite storage site," and "pertaining to" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the inspection or documents requested.  CooperSurgical objects to Request No. 52 [cumulatively, Request #95], as improperly compound in that it appears to seek multiple inspections, and, for that additional reason the Request does not describe with reasonable particularity the inspections that are requested, and also the Request is therefore vague, unduly burdensome, harassing, and oppressive.  CooperSurgical further objects to Request No. 52 [cumulatively, Request #95], as an inappropriate fishing expedition which amounts to a Request

to locate and assemble all documents about Paragard (e.g., "all paper files…pertaining to Paragard" and "all offsite storage" documents "pertaining to Paragard"). Plaintiffs' have not identified with reasonable particularity the inspections they are seeking. The Request is unnecessarily overbroad and unduly burdensome and seeks inspections that are not relevant to any party's claims or defenses in this litigation. Plaintiffs' have failed to tailor the Request to an issue relevant to their claims in this MDL.  CooperSurgical further objects to the extent this Request seeks documents or things that constitute or contain proprietary, confidential, or trade secret information, including confidential commercial information.  CooperSurgical further objects to this Request on the grounds that a "physical inspection of the Buffalo facility" is overbroad, unduly burdensome, and harassing. Plaintiffs fail to describe with reasonable particularity each item or category of items to be inspected as required under Rule 26(b)(1)(a) of the Federal Rules of Civil Procedure or how such an inspection is relevant to any party's claims. Additionally, the presence of lawyers adverse to CooperSurgical in its manufacturing facility would be disruptive of and an interference with CooperSurgical's business.  CooperSurgical further objects to this Request to the extent the requested inspections would reveal documents or information protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to this Request on the grounds that a request to inspect "all paper files" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of identifying, collecting, and producing for inspection "all paper files" that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 53 [cumulatively, Request No. #96]:** All inquiry records received by Defendants' call center(s) reflecting and/or pertaining to breakage of Paragard whether or not the inquiry was elevated to complaint investigations.

**RESPONSE:** CooperSurgical objects to Request No. 53 [cumulatively, Request #96], on the grounds that the phrases "Defendants' call center(s)," "reflecting and/or pertaining to breakage of Paragard," "whether or not the inquiry was elevated to complaint investigations," and "complaint investigations" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. CooperSurgical objects to this Request as seeking documents duplicative of those sought in RFP 10 and RFP 12 in plaintiffs' Request for Production of Documents served on December 22, 2021. CooperSurgical also objects to Request No. 53 [cumulatively, Request #96], to the extent it seeks documents protected from discovery by the patient-physician privilege, HIPAA, and Title 21 of the Code of Federal Regulations. CooperSurgical will not provide and will redact the names, addresses, or other identifiers of any patients, physicians, or adverse even reports to protect the confidentiality and privacy of those persons. CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to this Request on the grounds that a request for "all documents reflecting" and "all lot level trending" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure, including because it seeks to require CooperSurgical to locate, assemble, and produce

documents constituting or containing information about alleged events other than "embedment," "breakage of an arm," and/or "difficult removal," the events alleged by plaintiffs to be associated with their use of Paragard, and the claim that is the subject of this MDL. Further, the burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 54 [cumulatively, Request No. #97]:** Documents reflecting the results of all open inquiry record reviews for inquiries that were not elevated to complaint investigations performed by Defendants or someone acting on their behalf following the July-August 2019 FDA inspection of Defendants' North Tonawanda facility. This request includes, but is not limited to, the results of all weekly reviews of inquiry records that were not elevated to complaint investigations pursuant to Engineering Change Request 2528.

**RESPONSE:** CooperSurgical objects to Request No. 54 [cumulatively, Request #97], on the grounds that the terms and phrases "Documents reflecting," "results," "open inquiry record reviews," "inquiries that were not elevated to complaint investigations," "weekly reviews of inquiry records," and "inquiry records that were not elevated to complaint investigations," "investigations performed by Defendants or someone acting on their behalf," and "results of all weekly reviews of inquiry records that were not elevated to complaint investigations" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested. CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL. CooperSurgical also objects to this Request on the grounds that it requests documents that are

irrelevant to the issues in this litigation, it is unduly burdensome and the request is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure because it seeks to require CooperSurgical to locate, assemble, and produce documents constituting or containing information about complaints in which the alleged events are other than "embedment," "breakage of an arm," and/or "difficult removal," the events alleged by plaintiffs to be associated with their use of Paragard, and the claim that is subject of this MDL. CooperSurgical objects to this Request on the grounds that it incorrectly assumes that Engineering Change Request 2528 contained a requirement that site personal were required to create a document or documents consisting of the "results of all weekly reviews of inquiry records that were not elevated to complaint investigations." CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to this Request on the grounds that a request for "documents reflecting," "all open inquiry record reviews" and "all weekly reviews" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The burden and expense of identifying, collecting, and producing "all" documents that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 55 [cumulatively, Request No. #98]:** To the extent not previously produced, all documents reflecting the results of all lot level trending performed on Paragard by Defendants and/or someone acting on their behalf.

**RESPONSE:** CooperSurgical objects to Request No. 55 [cumulatively, Request #98] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on CooperSurgical that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to CooperSurgical what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.  CooperSurgical objects to Request No. 55 [cumulatively, Request #98], on the grounds that the phrases "all documents reflecting," "results of all lot level trending performed," and "by Defendants and/or someone acting on their behalf" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court. CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to this Request on the grounds that a request for "all documents reflecting" and "all lot level trending" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure, including because it seeks to require CooperSurgical to locate, assemble, and produce documents constituting or containing information about alleged events other than "embedment," "breakage of an arm," and/or "difficult removal," the events alleged by plaintiffs to be associated with their use

of Paragard, and the claim that is the subject of this MDL. Further, the burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.

**Request for Production No. 56 [cumulatively, Request No. #99]:** The report analyzing all complaints in the CooperSurgical Trackwise system, broken down by lot number and complaint category, and the results of the full review of all such data as referenced on MDL2974COOPERSURG-00004299.

**RESPONSE:** CooperSurgical objects to Request No. 56 [cumulatively, Request #99], on the grounds that the phrases "report analyzing," "all complaints," "broken down," "complaint category," "results of the full review," and "results of the full review of all such data" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court. CSI objects to this Request on the grounds that it incorrectly assumes MDL2974COOPERSURG-00004299 contained a requirement that a document or documents constituting or containing the "the results of the full review of all such data" be created.  To the extent the vague, ambiguous, and argumentative terminology in the Request can be understood at all, CooperSurgical objects to this Request on the grounds that a request for "all complaints" and "all such data" is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure,

including because it seeks to require CooperSurgical to locate, assemble, and produce documents constituting or containing information about alleged events other than "embedment," "breakage of an arm," and/or "difficult removal," the events alleged by plaintiffs to be associated with their use of Paragard, and the claim that is the subject of this MDL. Further, the burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit. Subject to and without waiving the foregoing objections, CooperSurgical responds: CooperSurgical is determining if it has produced a copy of the "report analyzing all complaints in the CooperSurgical Trackwise system, broken down by lot number and complaint category" "referenced on MDL2974COOPERSURG-00004299." If it has not, it will produce that report, notwithstanding the at best questionable relevance of that report.

**Request for Production No. 57 [cumulatively, Request No. #100]:** All documents reflecting Defendants' monthly site Quality Council Meetings, including, but not limited to, communications related to the meetings, agendas, meeting minutes, presentations, recordings, analysis, conclusions, and reports discussed. This request includes all drafts.

**RESPONSE:** CooperSurgical objects to Request No. 57 [cumulatively, Request #100], on the grounds that the terms and phrases "all documents reflecting," "Defendants' monthly site Quality Council Meetings," "related to," "analysis," "conclusions," and "reports" are vague, ambiguous, and argumentative, and the Request does not describe with reasonable particularity the documents that are requested.  CooperSurgical further objects to the extent this Request seeks documents that constitute or contain proprietary, confidential, or trade secret information, including confidential commercial information.  To the extent the vague, ambiguous, and argumentative terminology in

the Request can be understood at all, CooperSurgical objects to this Request on the grounds that a request for "all documents reflecting" and "all drafts," is overbroad, unduly burdensome, seeks documents that are not relevant to any party's claims or defenses, and the scope of the documents requested is not proportional to the needs of the litigation, as defined in Rule 26(b)(1) of the Federal Rules of Civil Procedure, including because it seeks to require CooperSurgical to locate, assemble, and produce documents constituting or containing information about alleged events other than "embedment," "breakage of an arm," and/or "difficult removal," the events alleged by plaintiffs to be associated with their use of Paragard, and the claim that is the subject of this MDL. Further, the burden and expense of locating, identifying, collecting, assembling, and producing "all" documents, material things, or drafts that could be responsive to this Request significantly outweighs any purported benefit.  CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court. CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

**Request for Production No. 58 [cumulatively, Request No. #101]:** The report analyzing all complaints in the CooperSurgical Trackwise system, broken down by lot number and complaint category, and the results of the full review of all such data as referenced on MDL2974COOPERSURG-00004299.

**RESPONSE:** CooperSurgical objects that Request No. 58 [cumulatively, Request #101], is identical to Request No. 56 [cumulatively, Request #99]. CooperSurgical incorporates its objections and response to Request No. 56 [cumulatively, Request #99], herein.

**Request for Production No. 59 [cumulatively, Request No. #102]:** To the extent not previously produced, the results of the retrospective review of monthly data starting in April 2018 as referenced on MDL2974COOPERSURG-00004300.

**RESPONSE:** CooperSurgical objects to Request No. 59 [cumulatively, Request #102] on the grounds that plaintiffs' use of the phrase "to the extent not previously produced" is unduly burdensome, harassing, oppressive, and seeks to impose discovery obligations on CooperSurgical that are not proportional to the needs of these cases; and because in using that phrase, plaintiffs improperly seek to shift to CooperSurgical what is their discovery responsibility to not seek duplicative discovery and to tailor their discovery requests to reasonably identifiable documents described with reasonable particularity.  CooperSurgical objects to this Request on the grounds that it requests documents that are not relevant to any claim or defense in the cases in this MDL, and this Request is not narrowed and tailored to the issues in this litigation in accordance with prior rulings of the Court. CooperSurgical objects to this Request on the grounds that it incorrectly assumes MDL2974COOPERSURG-00004299 contained a requirement that a document or documents constituting or containing the "the results of the full review of all such data" be created. CooperSurgical further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

Dated: November 30, 2022

*/s/ Frederick M. Erny*
**Frederick M. Erny, Esq.**
**Gina M. Saelinger, Esq.**
Ulmer & Berne LLP
312 Walnut Street, Suite 1400
Cincinnati, OH 45202
Telephone: 513.698.5144
ferny@ulmer.com
gsaelinger@ulmer.com

***Counsel for CooperSurgical, Inc.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of November, 2022, I served by electronic mail the foregoing Defendant CooperSurgical, Inc.'s Objections and Responses to Plaintiffs' "Second [Third] Requests for Production of Documents" on the following counsel of record:

Erin K. Copeland, Esq.
Fibich, Leebron, Copeland & Briggs
1150 Bissonnet Street
Houston, Texas 77005
ecopeland@fibichlaw.com
***Co-Lead Counsel for Plaintiffs***

C. Andrew Childers, Esq.
Childers, Schlueter & Smith, LLC
1932 N. Druid Hills Rd., Suite 100
Atlanta, GA 30319
AChilders@cssfirm.com
***Liaison Counsel for Plaintiffs***

Timothy Clark, Esq.
Milberg Coleman Bryson Phillips Grossman, LLC
16755 Von Karman Ave. Ste 200
Irvine, CA 92606
tclark@milberg.com
***Co-Lead Counsel for Plaintiffs***

*/s/ Frederick M. Erny*
**Frederick M. Erny, Esq.**

# EXHIBIT 3

| | |
|---|---|
| **From:** | Saelinger, Gina <gsaelinger@ulmer.com> |
| **Sent:** | Friday, March 3, 2023 4:46 PM |
| **To:** | Hermiz, Kristen M.; Erny, Frederick; nga@gtlaw.com; Kuhnell, Lisa |
| **Cc:** | Fitzpatrick, Fidelma; EKC; Rob Hammers |
| **Subject:** | RE: RFP3 Meet and Confer Notes |

CAUTION:EXTERNAL

Hi, Kristen.  The RFP3 set is voluminous, and, as has been our position from the outset, objectionable on multiple grounds as drafted, as further specifically set forth in our responses and objections, which we have maintained throughout the meet and confer process.  It has been our position that the proper approach is for Plaintiffs to amend those RFPs, including to comply with the Federal Rules' relevance, proportionality, and particularity requirements, to narrow the various RFPs that (as I believe you have conceded) should be narrowed, and to comply with Judge May's prior rulings.  We also have consistently maintained that Plaintiffs should set forth the basis, in writing, for how the documents sought in each RFP are relevant to the Plaintiffs' actual claims in the MDL.  To date, that has not happened, nor have any requests been amended in writing.

Nonetheless, we have met and conferred with you several times (as you note) in the spirit of cooperation on those RFPs and are working through various action items in the spirit of those meet and confer discussions.  Our positions on the RFPs have been presented to you throughout those meet and confer discussions, including as you have narrowed, explained, or suggested to us what those RFPs were intended to request.  As you know, there have been (and remain) outstanding action items on your part and on our part.  Those items by their nature involve a process, and we disagree entirely that our efforts are or have been unacceptable.  We will be happy to discuss with Judge May our position on the various RFPs at the March conference.

Further, it consistently has been our practice throughout the discovery process in this litigation to keep an open line of communication with you and to alert you when information is available and/or when productions are being made and what is encompassed in those productions.  We have prioritized discovery requests (including RFPs) based on what Plaintiffs have described to us is most important to them and/or what is most readily accessible to our clients.  If there is a particular action item that you believe is more important than another, please let us know, and we will endeavor to move that further up on the list.

Have a good weekend,

Gina


**Gina M. Saelinger**

DIRECT: 513.698.5114
DIRECT FAX: 513.698.5115
MOBILE: 859.240.5172
gsaelinger@ulmer.com | bio | vcard

**Ulmer & Berne LLP**
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202-4029
MAIN: 513.698.5000
Ulmer.com





ULMER & BERNE LLP - CONFIDENTIAL COMMUNICATION

This email and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom it is addressed. If you are not the intended recipient or the person responsible for delivering the email to the intended recipient, please be advised that you have received this email in error and that any use, dissemination, forwarding, printing, or copying of this email and any file attachments is strictly prohibited. If you have received this email in error, please immediately notify us by telephone at 216.583.7000 or by reply email to the sender. Please delete this email and its attachments from your system and do not retain any copies. You will be reimbursed for reasonable costs incurred in notifying us.

**From:** Hermiz, Kristen M. <khermiz@motleyrice.com>
**Sent:** Friday, March 3, 2023 1:50 PM
**To:** Saelinger, Gina <gsaelinger@ulmer.com>; Erny, Frederick <ferny@ulmer.com>; nga@gtlaw.com; Kuhnell, Lisa <lkuhnell@ulmer.com>
**Cc:** Fitzpatrick, Fidelma <ffitzpatrick@motleyrice.com>; EKC <ecopeland@fibichlaw.com>; Rob Hammers <rob@schneiderhammers.com>
**Subject:** RE: RFP3 Meet and Confer Notes


Gina,

While I appreciate that there are a lot of moving parts in discovery right now, we have had at least five meet and confers on RFP3 since early January.  Plaintiffs need to know Defendants' position on the 20 RFPs listed below so that we know whether they are ripe for oral argument with the Court or whether Plaintiffs can expect responsive documents – and if so, when?  Your response suggests that you do not intend to provide your clients' position on these requests, prior to some unknown document production(s), for unknown RFPs, at some unknown date(s) –which is unacceptable.  Please be aware we intend to bring these issues before Judge May as well as the RFPs in which the parties have reached an impasse at our next discovery conference.

Kristen



**Kristen Hermiz**  Attorney at Law

28 Bridgeside Blvd., Mt. Pleasant, SC 29464
**o.** 843.216.9390 **f.** 843.216.9450
khermiz@motleyrice.com

**From:** Saelinger, Gina <gsaelinger@ulmer.com>
**Sent:** Friday, March 3, 2023 1:05 PM
**To:** Hermiz, Kristen M. <khermiz@motleyrice.com>; Erny, Frederick <ferny@ulmer.com>; nga@gtlaw.com; Kuhnell, Lisa <lkuhnell@ulmer.com>
**Cc:** Fitzpatrick, Fidelma <ffitzpatrick@motleyrice.com>; EKC <ecopeland@fibichlaw.com>; Rob Hammers <rob@schneiderhammers.com>
**Subject:** RE: RFP3 Meet and Confer Notes

CAUTION:EXTERNAL

Hi, Kristen.

Thanks for the follow-up.  We are continuing to work through various issues in the RFP3 set following our meet and confers, as well as several other pending discovery issues and plaintiffs' requests (including those which plaintiffs asked for on an expedited basis for the list of 15 potential bellwether pool plaintiffs).  We will let you know as we roll out additional responses and/or documents.  We do anticipate getting you some organizational chart and SOP documents within the next few days.


Best regards,
Gina


**Gina M. Saelinger**

DIRECT:  513.698.5114
DIRECT FAX:  513.698.5115
MOBILE:  859.240.5172
gsaelinger@ulmer.com  |  bio  |  vcard


**Ulmer & Berne LLP**
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202-4029
MAIN:  513.698.5000
Ulmer.com



ULMER & BERNE LLP - CONFIDENTIAL COMMUNICATION
This email and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom it is addressed. If you are not the intended recipient or the person responsible for delivering the email to the intended recipient, please be advised that you have received this email in error and that any use, dissemination, forwarding, printing, or copying of this email and any file attachments is strictly prohibited. If you have received this email in error, please immediately notify us by telephone at 216.583.7000 or by reply email to the sender. Please delete this email and its attachments from your system and do not retain any copies. You will be reimbursed for reasonable costs incurred in notifying us.

**From:** Hermiz, Kristen M. <khermiz@motleyrice.com>
**Sent:** Wednesday, March 1, 2023 10:45 AM
**To:** Saelinger, Gina <gsaelinger@ulmer.com>; Erny, Frederick <ferny@ulmer.com>; nga@gtlaw.com; Kuhnell, Lisa <lkuhnell@ulmer.com>
**Cc:** Fitzpatrick, Fidelma <ffitzpatrick@motleyrice.com>; EKC <ecopeland@fibichlaw.com>; Rob Hammers <rob@schneiderhammers.com>
**Subject:** RE: RFP3 Meet and Confer Notes



Counsel,

I am following up regarding various outstanding requests for production in RFP3.  Please let us know where Defendants stand on the requests referenced below by end of week.

Thanks,
Kristen



**Kristen Hermiz** Attorney at Law

28 Bridgeside Blvd., Mt. Pleasant, SC 29464
**o.** 843.216.9390 **f.** 843.216.9450
khermiz@motleyrice.com

---

**From:** Hermiz, Kristen M.
**Sent:** Tuesday, February 21, 2023 3:45 PM
**To:** Saelinger, Gina <gsaelinger@ulmer.com>; Erny, Frederick <ferny@ulmer.com>; nga@gtlaw.com; Kuhnell, Lisa <lkuhnell@ulmer.com>
**Cc:** Fitzpatrick, Fidelma <ffitzpatrick@motleyrice.com>; EKC <ecopeland@fibichlaw.com>; Rob Hammers <rob@schneiderhammers.com>
**Subject:** RE: RFP3 Meet and Confer Notes

Gina, Fred, and Allison,

Please let me know where we stand on RFP Nos. 2, 20-23, 25, 30-31, 34-35, 37-39, 43-45, 50-51, 53, 57 and 59.  According to the notes I have circulated from our various meet and confers on RFP3, these are RFPs that defendants stated they would check with clients and get back to Plaintiffs about their position on producing documents.  Please let us know about RFP 25 ASAP.

Thanks,
Kristen



**Kristen Hermiz** Attorney at Law

28 Bridgeside Blvd., Mt. Pleasant, SC 29464
**o.** 843.216.9390 **f.** 843.216.9450
khermiz@motleyrice.com

---

**From:** Hermiz, Kristen M.
**Sent:** Thursday, February 9, 2023 3:50 PM
**To:** Saelinger, Gina <gsaelinger@ulmer.com>; Erny, Frederick <ferny@ulmer.com>; nga@gtlaw.com; Kuhnell, Lisa <lkuhnell@ulmer.com>
**Cc:** Fitzpatrick, Fidelma <ffitzpatrick@motleyrice.com>; EKC <ecopeland@fibichlaw.com>; Rob Hammers <rob@schneiderhammers.com>
**Subject:** RFP3 Meet and Confer Notes

Counsel,

Following up on our meet and confer yesterday, I am attaching the Ford Case Rob mentioned while discussing RFP 42.  I am also attaching my notes as to where we stand on the various RFPs in Set 3.  Please take a look and let me know if any of my notes/positions are inaccurate.

Thanks,
Kristen

**Kristen Hermiz** Attorney at Law

28 Bridgeside Blvd., Mt. Pleasant, SC 29464
**o.** 843.216.9390 **f.** 843.216.9450
khermiz@motleyrice.com

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.