# **EXHIBIT 6**



*Attorney at Law*  
**Licensed in Texas and Missouri**                                                                                              Erin K. Copeland  
                                                                                                                                              ecopeland@fibichlaw.com

February 26, 2024

<u>*Via Email*</u>  
Honorable Leigh Martin May  
c/o Courtroom Deputy Brittany Poley  
US District Court | Northern District of Georgia  
2167 U.S. Courthouse  
75 Ted Turner Drive S.W.  
Atlanta, GA 30303

      RE:    *Paragard* MDL No. 2974 – Late Production of Custodial Documents (Dr. Siyu Liu)

Dear Judge May:

      This letter brief concerns Defendants' ongoing production deficiencies in the context of custodial files. While this letter concerns one specific custodian (former employee, Dr. Siyu Liu), the problem here is widespread and continues to prejudice Plaintiffs' ability to efficiently and completely move forward taking custodial depositions with confidence additional documents will not be produced late (or after the deposition is concluded). As to Dr. Liu specifically, Plaintiffs complain about Defendants' production of documents well after Dr. Liu's custodial file production was due on 1/9/23, after Defendants represented Dr. Lui's custodial file was complete on 2/1/23 and even after Dr. Lui's deposition had been taken (9/29/23 and 2/6/24, respectively).

      **<u>PLAINTIFFS' ASKS</u>**:

1) Plaintiffs request that the Court order Defendants to formally explain why custodial file documents for Dr. Liu were produced after Defendants had represented his file was complete and after his deposition was taken.

2) Plaintiffs request that Defendants be ordered to conduct an immediate search of all undisclosed material using the broadest possible definition of the word and advise whether there are any additional Liu custodial file documents that need to be produced within 10 days of the 2/28/24 status conference.

3) Following the foregoing search, Plaintiffs request that the material be produced to Plaintiffs on an expedited basis (no more than 10 days) without a secondary review for relevance or redactions.

4) Following the production, Plaintiffs request that Defendants formally certify in writing that Dr. Liu's custodial file is complete.

5) Plaintiffs request that any and all documents produced from the Liu custodial file after the completion of his deposition on 2/6/24 be deemed authentic and admissible without the need for any sponsoring witness.

6) Finally, Plaintiffs ask that Defendants' examination of Dr. Liu on 2/6/24 be stricken.

**BACKGROUND**:

On 10/26/22, Plaintiffs requested the custodial file of Dr. Siyu Liu. It is undisputed that Dr. Liu worked in Teva's Pharmacovigilance department and was the key employee tasked with conducting an analysis of all Paragard post marketing adverse event data to support the FDA required Paragard label change. His analysis, amongst other things, ultimately led to the inclusion of breakage in the Adverse Reactions section of the 2019 Paragard label. (*See* generally Liu 2/6/24 Deposition) Curiously, Dr. Liu was not someone who had been identified by Defendants in their suggested custodial file chart the court ordered them to produce in 2022.

Per the custodial file protocol, Dr. Liu's custodial file was due to be complete by 1/9/23. On 2/1/23, Defendants represented his file was substantially complete. *See* **Exhibit A**. The majority of Liu's custodial file documents were produced after that representation. (*Plaintiff will provide a demonstrative chart reflecting Defendants' production of Liu documents at the conference*).

Following Defendants' representation of completeness, Plaintiffs formally noticed Dr. Liu's deposition. Plaintiffs then learned that Dr. Liu was a former employee and that they would need to subpoena him for the deposition. After a number of unsuccessful attempts, Plaintiffs were finally able to get Dr. Liu served and his deposition was noticed to occur on September 29, 2023.

The Court may recall from prior joint motion practice that the September 29th deposition of Dr. Liu was abruptly stopped a little over five hours on the record due to a family emergency involving the court reporter. Dr. Liu refused to voluntarily return to complete his deposition and the parties were forced to obtain a court order for the deposition to continue. The limited continuation deposition occurred on February 6, 2024.

In between the first deposition on September 29, 2023 and the second on February 2, 2024, Defendants continued to produce over 1000 pages of documents, some as late as 2/1/24 – just days prior to the deposition.

On 2/7/24, the day *after* the deposition, Defendants produced an additional 40 pages of documents and then, on 2/19/24, they produced another 470 pages of documents from his custodial file. At no time prior to or during the deposition, including at the parties' in person discovery summit on 2/2/24, did Defendants inform Plaintiffs that these additional custodial documents were coming. Plaintiffs were given no opportunity to postpone the deposition to ensure all necessary documents had been received, processed, and reviewed before deposing Dr. Liu on 2/6/24.

It is currently unknown whether any more Liu custodial file documents will be produced pursuant to counsel's new approach to relevance.

**ARGUMENT**:

It is patently unfair and prejudicial to Plaintiffs that Defendants continue to produce custodial file documents well past the due date set forth in the Court's CMO regarding custodial file production, after Defendants represent custodial file production is complete, and, in this instance, after a deposition is taken. As described above and demonstrated by the filings in this case, Dr. Liu (a third party) was not keen on returning to complete his deposition after the first setting and getting him back in a chair required a court order. There is little to no likelihood Plaintiffs could get him to sit for another deposition at this stage and, quite frankly, that should not be a burden bore by him or Plaintiffs due to Defendants' failure to act in a timely manner. Without that, however, Plaintiffs are left with a number of documents they were never able to review before deposing Dr. Liu.

It is inexplicable why Defendants waited until *after* the second deposition date to produce the latest Liu custodial file documents. As stated above, the original due date was 1/9/23. The first deposition was not even set until 9/9/23. That gave Defendants at least 7 months to clean up the file they had already represented was complete. Then, there were more than 4 months in between the first deposition and the second. That gave Defendants even more time to get their production in order with regard to the Liu custodial file so that a full and complete deposition could be taken based on complete custodial file production.

What we do know is that Defendants proceeded with the second deposition knowing that additional documents were going to be produced. Yet, they failed to notify Plaintiffs so that Plaintiffs could decide whether to proceed without having had the opportunity to review the material or not. One can only assume this was done in bad faith and to prejudice Plaintiffs' ability to get complete testimony based on all of the available material especially from a third-party witness who was already reticent to be deposed in the first place. This conduct should not be permitted.

**CONCLUSION**:

Based on all of the foregoing, Plaintiffs request that the Court grant the relief requested herein.

Cordially,

_____
Erin K. Copeland