**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: PARAGARD IUD PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | MDL DOCKET NO. 2974  Case No. 1:20-md-02974-LMM<br><br>This Document Relates To:<br>*All Cases Listed on Exhibit 1* |

## DEFENDANTS' MOTION TO DISMISS CASES BARRED BY CERTAIN STATUTES OF LIMITATIONS AND REPOSE

This MDL contains a number of cases that are indisputably time-barred as a matter of law on their face. The presence of these cases in this MDL hampers the efficient administration of the MDL. Pursuant to Fed. R. Civ. P. 12(b)(6), the Court should dismiss these cases.

## BACKGROUND

The Paragard MDL includes products liability actions alleging the Paragard intrauterine device ("IUD") "has a propensity to break upon removal, causing complications and injuries, including surgeries to remove the broken piece of the device, infertility, and pain." *In re Paragard IUD Products Liab. Litig.*, 510 F. Supp. 3d 1376, 1377 (J.P.M.L. 2020). Accordingly, the common initial injury of all plaintiffs in this MDL is a signature and discrete event—the breakage of the Paragard at the time of removal.

1

The Short Form Complaints in the MDL identify the critical basic information concerning the claims and injuries, setting forth, *inter alia*, the date the Plaintiff had the Paragard placed, the city and state of placement, and the date and location of any Paragard removal procedures. This information in the Short Form Complaints is sufficient to decide the timeliness of the claims under the law of a number of states. No case-specific discovery is required. To promote the efficient administration of this MDL, these cases should be dismissed from the MDL without delay.

Specifically, three general groups of states are included in the present motion. First, Defendants address cases where the state law would apply a statute of limitations commencing on the date of the injury—the date of the removal surgery. Second, Defendants include cases where the state law provides a statute of repose that would bar the Plaintiffs' claims in the entirety. Third, Defendants address cases where the state law provides a statute of repose that would bar the strict liability claims.

This motion by no means addresses all untimely cases in this MDL. The cases included in this motion are those where it presently appears that (1) there is no reasonable question as to the applicable law, and (2) there is no discovery rule or the statute of repose applies. Defendants anticipate more cases to be deemed untimely upon application of various states' discovery rules and/or once choice of law and other

undisputed facts are established.[1]  Attached to this motion is a chart that provides (1) the Plaintiff's name; (2) the case number; (3) the Plaintiff's law firm; (4) the applicable state law; (5) the applicable statute of limitations and/or statute of repose period; (6) the date of Paragard placement; (7) the date of the Paragard removal; and (8) the date the lawsuit was filed. Each of the cases identified in Exhibit 1 is untimely.

## ARGUMENT

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate 'if it is apparent from the face of the complaint that the claim is time-barred.'" *Gonsalvez v. Celebrity Cruises Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013) (citation omitted); *see also Henry v. Examworks Inc.*, No. 20-12268, 2021 WL 3440698, at *3 (11th Cir. Aug. 6, 2021).[2]

---

[1] This motion also only addresses cases filed prior to June 1, 2024. Later-filed cases may also be untimely and Defendants reserve the right to supplement Exhibit 1.

[2] The dates and locations of Plaintiffs' placement and removals were supplied by Plaintiffs in their Short Form Complaints. For the cases included as time-barred in Exhibit 1, uncertainty about a date has been resolved in the manner most favorable to Plaintiffs, i.e., dates have been extrapolated to the month and date providing the latest possible date of placement or removal. For example, when a Plaintiff only provides a year, the date used for the calculations was December 31 of that year. When a Plaintiff only provides a month and year, the date used for that calculation was the last day of that month. Additionally, if more than one placement resulted in an alleged breakage, the later placement date has been used to calculate the beginning of the statute of repose. If more than one removal attempt is described in the pertinent sections of the Short Form Complaint or Plaintiff Fact Sheet, with an exception (New York), based on that state's law, as described *infra*, the later date has been used to calculate statute of limitations accrual.

Applying these standards, each of the cases on Exhibit 1 is time-barred as a matter of law.

## I.      Choice of law.

As an initial matter, none of the cases listed in Exhibit 1 has any arguable disputed issue as to choice of law.

On June 6, 2024, the Court entered its Case Management Order Regarding Choice of Law. Case No. 1:20-md-02974-LMM, ECF No. 675. Aside from challenges for improper venue, for cases transferred to this MDL from another federal district court pursuant to 28 U.S.C. § 1407, the Court applies, "the choice-of-law analysis for the state where the transferor court is located shall apply," and for cases directly filed in the MDL pursuant to the Case Management Order Regarding Direct Filing, the Court applies, "the choice-of-law analysis for the state where the District Court and Division identified in Question 7 of the Short Form Complaint is located[.]" *Id.*

For each of the cases in Exhibit 1, there is no reasonable question as to applicable choice-of-law test or the resulting applicable law.

II.  **The Court should dismiss claims untimely filed under the statutes of limitations of Alabama, Idaho, Michigan, Mississippi, New York, and Virginia.**

Under the law of the states of Alabama, Idaho, Michigan, Mississippi, New York, and Virginia, the statute of limitations begins to run upon the date of the injury—here, the removal surgery.[3]

### i.  Alabama

As to questions of law about which state's statute of limitations applies, under its choice of law rules, Alabama applies its own law, or the *lex fori*—the law of the forum—because it generally deems statutes of limitations to be procedural. *See Reece v. Intuitive Surgical, Inc.*, 63 F. Supp. 3d 1337, 1339-40 (N.D. Ala. 2014).

In Alabama, "[a]ll actions for any injury to the person or rights of another not arising from contract . . . must be brought within two years."  Ala. Code § 6-2-38(*l*). The statute of limitations begins to run when the cause of action accrues. Ala. Code § 6-2-30(a). And a cause of action accrues "when there has occurred a manifest, present injury," meaning the plaintiff has "observable signs or symptoms . . . the existence of which is medically identifiable." *Griffin v. Unocal Corp.*, 990 So. 2d 291, 293, 310 (Ala. 2008); *see also Turner v. Ethicon, Inc.*, 2020 WL 4346784, at *2 (N.D. Ala. July 29, 2020) ("A cause of action accrues when a plaintiff's injury is manifest, meaning it

---

[3] The statutes of limitations of other states operate similarly, but there do not appear to be at present any plaintiffs from those states whose claims are untimely on their face where those state's laws apply.

'has become evidenced in some significant fashion whether or not the patient/plaintiff actually becomes aware of the injury.'" (quoting *Griffin*, 990 So. 2d at 311); *Newton v. Ethicon, Inc.*, 2020 WL 1802927, at *2 (M.D. Ala. Apr. 8, 2020) ("This limitations period is not tolled until a plaintiff discovers the cause of action."))[4] Courts applying the Alabama statute of limitations have explained that an injury is "manifest" when it "has evidenced itself sufficiently that its existence is objectively evident and apparent, even if only to the diagnostic skills of a physician." *Arnold v. U.S. Pipe & Foundry Co., LLC*, 274 F. Supp. 3d 1272, 1275 (N.D. Ala. 2017) (citation omitted).

Given this standard, Alabama law is clear: because the claim accrues upon the occurrence of a manifest injury, there is no "discovery rule" to toll a product liability claim. *See In re Zyprexa Prod. Liab. Litig.,* 2011 WL 3162698, at *2–3 (E.D.N.Y. July 26, 2011) ("Because the discovery rule has not been adopted under Alabama law, a cause of action accrues at the time of a manifest injury, regardless of whether a plaintiff is aware of its cause."), *aff'd sub nom. Sistrunk v. Eli Lilly & Co.*, 508 F. App'x 22 (2d Cir. 2013).

---

[4] The two-year limitations period applies to claims for negligence, product liability, and all fraud-based claims (fraudulent misrepresentation, fraudulent concealment, and negligent misrepresentation), as well as any requests for loss of consortium. *See e.g.*, *Ex parte Capstone Bldg. Corp.*, 96 So. 3d 77, 88-89 (Ala. 2012) (negligence); *Spain v. Brown & Williamson Tobacco Corp.*, 872 So. 2d 101, 112 (Ala. 2003) (product liability/AEMLD claims); *Roche Diagnostics Corp. v. Priority Healthcare Corp.*, 407 F. Supp. 3d 1216, 1248 (N.D. Ala. 2019) ("claims based on fraud or deceit"); *Newton*, 2020 WL 1802927, at *1 n.1 (loss of consortium claim is subject to the same limitations period as the underlying claim). Any consumer fraud claims, discussed below, if treated separately, are still subject to dismissal based on the statute of repose in the consumer protection act.

Plaintiffs experienced a "manifest injury" no later than the latest surgical removal date. Accordingly, all Plaintiffs' claims, except for breach of warranty are time-barred under the two-year limitations period.[5] The breach-of-warranty claims are also time-barred under the four-year limitations period, which begins to run from the date of delivery. Ala. Code § 7-2-725(1), (2).[6] Here, the "tender of delivery" was no later than the Plaintiffs' latest Paragard placement dates.

To establish fraudulent concealment under Alabama Code § 6–2–3, Plaintiffs "must allege . . . prima facie facts which show that the defendant fraudulently prevented discovery of the wrongful act on which the action is based." *Sellers v. A.H. Robins Co., Inc.*, 715 F.2d 1559, 1561 (11th Cir. 1983) (citation omitted); *McKenzie v. Janssen Biotech, Inc.*, 295 So. 3d 617, 622–23 (Ala. 2019); *see also Newton*, 2020 WL 1802927, at *3 (requiring plaintiff to establish "(1) the time and circumstances of

---

[5] Any consumer protection claims are alternatively barred by a statute of repose, as discussed below. The Alabama Deceptive Trade Practices Act provides that no claims may be brought "more than four years from the date of the transaction giving rise to the cause of action." Ala. Code § 8-19-14. Here, the operative date is the latest date of Paragard placement, and any ADTPA claims thus expired four years after those dates. *See Collins v. Davol, Inc.*, 56 F. Supp. 3d 1222, 1228 (N.D. Ala. 2014) (dismissing plaintiff's cause of action as untimely under the ADTPA's statute of limitations and rule of repose).

[6] Section 7-2-725(2) contains an exception for consumer goods, which is not applicable here. *Collins,* 56 F. Supp. 3d at 1232 n.9 (finding that hernia patch was not a "consumer good" under the Alabama UCC, Section 7-2-725: "such a device is clearly inconsistent with the Alabama Uniform Commercial Code's definition of 'consumer good,' i.e. 'goods that are used or bought for use primarily for personal, family, or household purposes.'" "Consequently, because the Kugel Patch is not a consumer good, under Alabama law, the statute of limitations on Mr. Collins' breach of warranty claim expired on February 23, 2008," which was four years from the date of the plaintiff's implantation surgery with the product).

the discovery of the cause of action, (2) the facts surrounding how defendant concealed the cause of action or injury, and (3) what prevented plaintiff from discovery the cause of action."). "[A] breach of the duty to warn by a manufacturer does not toll the statute of limitations under Alabama law, because 'a mere failure or refusal to warn, without more, while actionable, does not rise to the level of fraudulent concealment [that tolls the statute of limitations].'" *Scharff v. Wyeth*, No. 2:10-CV-220-WKW, 2011 WL 3320501, at \*11 (M.D. Ala. Aug. 2, 2011) (quoting *Cazales v. Johns–Manville Sales Corp.*, 435 So.2d 55, 58 (Ala. 1983)). There are no such allegations here, which must be pleaded with particularity pursuant to Fed. R. Civ. P. 9(b).

### ii.   Idaho

Idaho resolves choice of law questions as to statute of limitations by applying the most significant relationship test set forth in the Restatement (Second) of Conflicts of Laws. *See Strong v. Unumprovident Corp.*, 393 F. Supp. 2d 1012, 1019 (D. Idaho 2005) (citing *Barber v. State Farm Mutual Automobile Ins. Co.*, 931 P.2d 1195, 1199 (Idaho 1997); *Dillon v. Dillon*, 886 P.2d 777, 777-78 (Idaho 1994)); *see also Stoltz v. Fry Foods, Inc.*, 60 F. Supp. 3d 1132, 1141 (D. Idaho 2014) (evaluating choice of law under Idaho's application of the most significant relationship test when one of the issues considered was statute of limitations).[7]

---

[7] Defendants have only included Idaho cases in this analysis where the Plaintiff resides in, had her Paragard placed in, and had her Paragard removed in Idaho. There can therefore be no question as to whether Idaho will apply its own law to these cases. *See* Restatement (Second) of

Under the Idaho Product Liability Reform Act ("IPLRA"), a claim alleging personal injury because of a defective product is governed by Idaho's two-year statute of limitations for all personal injury claims. Idaho Code Ann. § 6-1403(3).[8] The clock begins to run from "the time of the occurrence, act or omission complained of." Idaho Code Ann. § 5-219(4). Idaho does not adhere to the discovery rule. *Id.* (except in two specific circumstances, neither of which is applicable here—when a foreign object is left inside a person's body and when "the fact of damage has . . . been fraudulently and knowingly concealed from the injured party"). *See Theriault v. A.H. Robins Co.*, 698 P.2d 365, 370 (Idaho 1985) (pointedly declining to "engraft a discovery exception to the statute of limitations contained in I.C. § 5-219(4)"). The Idaho Supreme Court

---

Conflict of Laws § 145(2) (considering, in most significant relationship analysis, "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered"); *see also Best Canvas Prod. & Supplies v. Ploof Truck Lines*, 713 F.2d 618, 621 (11th Cir. 1983) (under *lex loci delecti* choice of law test, "the law of the place of the injury . . . governs the resolution of the substantive issues").

[8] To the extent Plaintiffs' claims are premised on personal injuries caused by a defective product, summary judgment is warranted on all counts. A "non-privity breach of warranty action against a manufacturer or seller to recover for personal injuries allegedly sustained as a result of a defective product" is also governed by the two-year statute of limitations of the IPLRA, not the Uniform Commercial Code ("UCC"). *Oats v. Nissan Motor Corp. in U.S.A.*, 879 P.2d 1095, 1105 (Idaho 1994); *Puckett v. Oakfabco, Inc.*, 979 P.2d 1174, 1183 (Idaho 1999) ("UCC warranties apply only to those in privity of contract with the manufacturer and those who qualify as third party beneficiaries of the underlying sales contract."). *See also Elliott v. Smith & Nephew, Inc.*, No. 1:12-CV-0070-EJL-MHW, 2013 WL 1622659, at *8-9 (D. Idaho Apr. 15, 2013) (applying *Oats* in the context of a medical device case and finding that the plaintiff patient was not in privity with the device manufacturer and thus had no separate implied or express warranty claims: "Without any allegations to establish existence of a contract between [plaintiffs] and Defendant, Counts V and VI [for implied and express warranty] fail to state a claim *other than that for strict liability in tort*.").

has further stated that a negligence claim does not accrue until "some damage" has occurred because damage is an element of a plaintiff's claim. *See Cosgrove v. Merrell Dow Pharm., Inc.*, 788 P.2d 1293, 1298 (Idaho 1989); *Reynolds v. Trout Jones Gledhill Fuhrman, P.A.*, 293 P.3d 645, 648-49 (Idaho 2013). Here, the clock begins to run on Idaho claims no later than the latest date of surgical removal of a Paragard referenced in Plaintiffs' Short Form Complaints or Plaintiff Fact Sheets.

Under Idaho law, fraudulent concealment may only apply where "the fact of damage has, for the purpose of escaping responsibility therefor, been fraudulently and knowingly concealed from the injured party by an alleged wrongdoer standing at the time of the wrongful act, neglect or breach in a professional or commercial relationship with the injured party." Idaho Code Ann. § 5-219(4). There are no such allegations here, which must be pleaded with particularity pursuant to Fed. R. Civ. P. 9(b).

### iii.   Michigan

For tort actions, Michigan's choice of law test applies a presumption in favor of law of the forum and will only apply a foreign state's law where that foreign state has an interest sufficient to overcome this presumption. *Sutherland v. Kennington Truck Serv., Ltd.*, 562 N.W. 2d 466, 470-71 (1997). [9]

---

[9] As with the Idaho cases discussed above, Defendants have only included Michigan cases in this analysis where the Plaintiff resides in, had her Paragard placed in, and had her Paragard removed in Michigan. Under these facts, Michigan would have no reason to apply a foreign state's law. *See Pina v. Chrysler Grp., L.L.C.*, 2014 WL 4112918, at *1 (E.D. Mich. Aug. 19, 2014), *aff'd sub nom. Pina v. FCA U.S. LLC*, 618 F. App'x 820 (6th Cir. 2015).

Michigan applies a three-year statute of limitations to product liability claims. *See* Mich. Comp. Laws § 600.5805(12).[10] For product liability claims governed by the three-year statute of limitations, "the period of limitations runs from the time the claim accrues" and "the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." Mich. Comp. Laws § 600.5827. Under Michigan law, "a claim accrues even if the plaintiff is not subjectively aware of any injury or its cause." *Tice v. Zimmer Holdings, Inc.*, 2015 WL 4392985, at *3 (W.D. Mich. July 15, 2015). *See also Smith v. Stryker Corp.*, 2011 WL 445646, at *1 (Mich. Ct. App. Feb. 8, 2011) (holding that "the wrong occurred during the use of the product" (citing *Nelson v. Ho*, 564 N.W.2d 482 (Mich. Ct. App. 1997)); *Dood v. Biomet Orthopedics*, LLC, 2020 WL 6390201, at *5 (W.D. Mich. Nov. 2, 2020) (same). The Michigan Supreme Court has held that "the plain language of M.C.L. § 600.5827 precludes the use of a broad common-law discovery rule to toll the accrual date of claims[.]" *Trentadue v. Gorton*, 738 N.W.2d 664, 680 (Mich. 2007). This means that Plaintiffs' claims accrued when they were first harmed and were not tolled because they did not discover the harm until later. Here, this moment of first harm has been

---

[10] The applicable statute of limitations is governed by the gravamen of the complaint. *Att'y Gen. v. Merck Sharp & Dohme Corp.*, 807 N.W.2d 343, 347 (Mich. 2011) (holding that courts are to "determine the gravamen of a party's claim by reviewing the entire claim, and a party cannot avoid dismissal of a cause of action by artful pleading"). The gravamen of Plaintiffs' complaints is that Paragard caused their alleged injuries. *See Good v. Howmedia Osteonics Corp.*, 2015 WL 8175256, at *3 (E.D. Mich. Dec. 8, 2015) (holding that plaintiff's claims "(1) based on a legal or equitable theory of liability, (2) brought for injury to a person, and (3) alleging that the loss was caused by or resulted from the manufacture … of a product" all "sound as product liability claims").

calculated from the latest date of surgical removal of a Paragard referenced in Plaintiffs' Short Form Complaints or Plaintiff Fact Sheets.

Fraudulent concealment may apply if the defendant "fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim." Mich. Comp. Laws § 600.5855. To establish fraudulent concealment, Plaintiff must allege "that the defendant engaged in some arrangement or contrivance of an affirmative character designed to prevent subsequent discovery." *Kott v. Howmedica Osteonics Corp.*, No. 15-CV-11349, 2015 WL 13037419, at *4 (E.D. Mich. Oct. 13, 2015) (citation omitted). "[T]here must be concealment by the defendant of the existence of a claim or the identity of a potential defendant[.]" *Id.* (citation omitted). "[The] plaintiff must plead in the complaint the acts or misrepresentations that comprised the fraudulent concealment." *Id.* (citation omitted). There are no such allegations here, which must be pleaded with particularity pursuant to Fed. R. Civ. P. 9(b).

### iv. Mississippi

Mississippi also deems the statute of limitations to be applied to be a procedural question to which it applies its own law. *See Blanchard v. GEICO Gen. Ins. Co.*, 375 So. 3d 723, 728-29 (Miss. Ct. App. 2023) (citing *Zurich Am. Ins. Co. v. Goodwin*, 920 So. 2d 427, 433 (Miss. 2006); *Ford v. State Farm Ins. Co.*, 625 So. 2d 792, 793-94 (Miss. 1993)).

Mississippi applies a three-year statute of limitations to products liability actions. Miss. Code Ann. § 15-1-49. "[C]auses of action accrue upon discovery of the injury, not discovery of the injury and its cause." *W. World Ins. Group v. KC Welding, LLC*, 372 So. 3d 464, 467–68 (Miss. 2023) (citation omitted). "Knowledge of the cause of the injury is irrelevant to the analysis; rather, the inquiry is when the plaintiff knew or should have known of an injury." *Id.*; *see also Bryant v. Wyeth, Inc.*, 816 F. Supp. 2d 329 (S.D. Miss. 2011), *aff'd*, 487 F. App'x 207 (5th Cir. 2012).[11]

The statute of limitations for Plaintiffs' breach of warranty claim is six years from accrual. Miss. Code Ann. § 75-2-725(1). "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." *Id.* § (2). *See, e.g.*, *Killen v. Johnson & Johnson*, 2022 WL 330995 (S.D. Miss. Feb. 3, 2022) (concluding that the statute of limitations for breach of warranty started running on the state the medical device at issue was implanted).

---

[11] The Mississippi Products Liability Act ("MPLA") provides only four theories of recovery for a claim involving a defective product: (1) "because it deviated in a material way from the manufacturer's or designer's specifications or from otherwise identical units manufactured to the same manufacturing specifications," (2) "because it failed to contain adequate warnings or instructions," (3) because it was defectively designed, or (4) because it breached an express warranty or failed to conform to other express factual representations upon which the claimant justifiably relied in electing to use the product," *and* the defect resulted in the product being unreasonably dangerous *and* "[t]he defective and unreasonably dangerous condition . . . proximately caused the damages for which recovery is sought." Miss. Code Ann. § 11-1-63(a). All other claims are subsumed under the MPLA as the "exclusive remedy" for products-liability claims. *Elliott v. El Paso Corp.*, 181 So. 3d 263, 268 (Miss. 2015) (quoting *Lawson v. Honeywell Int'l, Inc.,* 75 So. 3d 1024, 1027 (Miss. 2011), and *Williams v. Bennett*, 921 So. 2d 1269, 1273 (Miss. 2006)). The only statute of limitations relevant to these claims are the three-year statute of limitations applied to products liability actions and the six-year statute of limitations applied to express warranty claims.

To establish fraudulent concealment under Miss.Code Ann. § 15–1–67, a plaintiff must establish "(1) that defendants acted affirmatively to conceal the fraud; and (2) that plaintiffs could not have discovered the alleged fraud with the exercise of due diligence." *Liddell v. First Family Financial Services, Inc.*, 146 F. App'x 748, 750 (5th Cir.2005); *see also Stephens v. Equitable Life Assurance Soc'y*, 850 So.2d 78, 83–84(¶ 18) (Miss.2003) (holding fraudulent concealment requires "some act or conduct of an affirmative nature designed to prevent and which does prevent discovery of the claim."); *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 464 (5th Cir. 2003) ("Mississippi law is unambiguous: Plaintiffs must prove a subsequent affirmative act of fraudulent concealment to toll the limitations."). "Inadequacies in [the] labeling which ultimately form the basis of plaintiff's claims for relief do not constitute subsequent affirmative acts of concealment." *Bryant v. Wyeth, Inc.*, 816 F. Supp. 2d 329, 335 (S.D. Miss. 2011), *aff'd*, 487 F. App'x 207 (5th Cir. 2012). There are no such allegations here, which must be pleaded with particularity pursuant to Fed. R. Civ. P. 9(b).

### v.   New York

New York also applies its own statute of limitations law as procedural. *See Trisvan v. Heyman*, 305 F. Supp. 3d 381, 395 (E.D.N.Y. 2018); *Braune v. Abbott Lab'ys*, 895 F. Supp. 530, 542 (E.D.N.Y. 1995).

Personal injury claims are subject to New York's three-year statute of limitations. *See* N.Y. C.P.L.R. § 214(5) (providing three-year statute of limitation for

14

"an action to recover damages for a personal injury" subject to certain exceptions).[12] This period begins to run "when the product first injured the plaintiff." *Kwas v. Intergraph Gov't Sols*., 2016 WL 4502039, at *2 (E.D.N.Y. Aug. 24, 2016) (quoting *New York Seven-Up Bottling Co.*, 466 N.Y.S.2d at 479-80 (1983)); *see also Victorson v. Bock Laundry Mach. Co.*, 335 N.E.2d 275, 276 (N.Y. 1975) (under C.P.L.R. § 214(5), New York's statute of limitations for product liability claims is three years and begins to run on the date of injury). "[T]he limitations period begins with the injury-causing malfunction of the product." *Martin v. Edwards Lab'ys, Div. of Am. Hosp. Supply Corp.*, 457 N.E.2d 1150, 1154 (N.Y. 1983). This is true "even if the plaintiff is unaware that he or she has a cause of action" at the time of injury. *Woodlaurel, Inc. v. Wittman*, 199 A.D.2d 497, 498 (N.Y. App. Div. 1993).

"The rationale is that the injury puts the putative plaintiff on inquiry notice, and therefore, charges him or her with responsibility for investigating, within the limitations period, all potential claims and all potential defendants." *Zimmerman v. Poly Prep Country Day Sch.*, 888 F. Supp. 2d 317, 337 (E.D.N.Y. 2012) (cleaned up). *See also Baker v. Stryker Corp.*, 770 F. App'x 12, 15 (2d Cir. 2019) ("In other words, the 'three year limitations period runs from the date when plaintiff first noticed

---

[12] "New York law prevents application of the six-year statute limitations '[w]here the allegations of fraud are only incidental to another cause of action,' and permits plaintiffs to invoke the six-year statute of limitations only 'when there would be no injury but for the fraud.'" *Grill v. Philip Morris USA, Inc.*, 653 F. Supp. 2d 481, 487-88 (S.D.N.Y. 2009) (quoting *N.Y. Seven-Up Bottling Co. v. Dow Chem. Co.*, 466 N.Y.S.2d 478, 480 (1983)).

symptoms, rather than when a physician first diagnosed those symptoms.'" (quoting *Galletta v. Stryker Corp.*, 283 F. Supp. 2d 914, 917 (S.D.N.Y. 2003)); *Perciballi v. Ethicon, Inc.*, 2022 WL 3147781, at *1 (2d Cir. Aug. 8, 2022) (same).

The claims for breach of express and implied warranty are governed by New York's UCC's four-year statute of limitations. N.Y. U.C.C. Law § 2-725. These claims accrue on the date of delivery. *Fernandez v. Cent. Mine Equip. Co.*, 670 F. Supp. 2d 178, 189 (E.D.N.Y. 2009); *Woods v. Maytag Co.*, 2010 WL 4314313 *2 (E.D.N.Y. 2010). Accrual is extended beyond the date of delivery to the time of discovery of the breach only in cases of explicit extension of the warranty at issue to future performance. § 2-725(2). And because this exception is limited to express warranties for future performance, it does not apply to breach of implied warranty claims. *Jackson v. Eddy's LI RV Center, Inc.*, 845 F. Supp. 2d 523, 532 (E.D.N.Y. 2012). Moreover, knowledge of a defect has no effect on the running of the statute. *Statler v. Dell, Inc.*, 775 F. Supp. 2d 474, 481 (E.D.N.Y. 2011); *see also Brady v. Lynes*, 2008 WL 2276518 *11 (S.D.N.Y. 2008) (argument that breach occurs upon discovery is "contrary to black letter law"). Here, delivery occurred before placement, and placement date can be used to calculate accrual.

"[A] defendant may be estopped to plead the Statute of Limitations where plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action." *Hetelekides v. Ford Motor Co.*, 750 N.Y.S.2d 404 (N.Y. App. Div.

4th Dept. 2002) (citation omitted). "Where concealment without actual misrepresentation is claimed to have prevented a plaintiff from commencing a timely action, the plaintiff must demonstrate a fiduciary relationship . . . which gave the defendant an obligation to inform him or her of facts underlying the claim." *Id.*(citations omitted). "Generalized or conclusory allegations of fraudulent concealment are not sufficient to toll a statute of limitations." *De Sole v. Knoedler Gallery, LLC*, 974 F. Supp. 2d 274, 319 (S.D.N.Y. 2013). Moreover, the allegations of fraudulent concealment must be subsequent to the alleged failure to warn. *See id.* ("For equitable tolling to apply, a plaintiff may not rely on the same act that forms the basis for the claim—the later fraudulent misrepresentation must be for the purpose of concealing the former tort"); *Ross v. Louise Wise Servs., Inc.*, 8 N.Y.3d 478, 491–92, 836 N.Y.S.2d 509, 868 N.E.2d 189 (2007) (fraudulent concealment "'is triggered by some conduct on the part of the defendant after the initial wrongdoing; mere silence or failure to disclose the wrongdoing is insufficient.'"). There are no such allegations here, which must be pleaded with particularity pursuant to Fed. R. Civ. P. 9(b).

### vi. Virginia

In Virginia, as in Alabama, Mississippi, and New York, "it is well settled that the forum state's statute of limitations controls, not that of the place of the alleged wrong." *Torkie-Tork v. Wyeth*, 739 F. Supp. 2d 887, 890 (E.D. Va. 2010) (citing *Hospelhorn v. Corbin*, 19 S.E.2d 72, 73 (1942)).

17

Under Virginia law, unless expressly provided otherwise, "every action for personal injuries, whatever the theory of recovery, and every action for damages resulting from fraud, shall be brought within two years after the cause of action accrues." Va. Code § 8.01-243(A); *see also* Va. Code § 8.01-246 (providing that § 8.01-243 governs limitation period for warranty actions based on products liability).[13] Generally, "the right of action shall be deemed to accrue and the prescribed limitation period shall begin to run from the date the injury is sustained in the case of injury to the person . . . and ***not when the resulting damage is discovered.***" Va. Code § 8.01-230 (emphasis added).

> [T]he limitations period begins to run when the injury, no matter how slight, is sustained and regardless of whether more substantial injuries occur later. It is immaterial that all injuries may not have occurred at the time of the initial negligent act, the running of the statute is not postponed by later additional injury. Furthermore, Virginia does not follow a "discovery rule" in applying the statute of limitations. The date that plaintiff discovers the injury is immaterial to the running of the statute.

---

[13] Even if Plaintiffs purport to state various claims sounding in fraud, this does not change this analysis. It is well-settled in Virginia that the "object of an action and not its form determines" issues pertaining to the application of the statute of limitations. *Friedman v. Peoples Serv. Drug Stores, Inc.*, 160 S.E.2d 563, 565 (Va. 1968) (citing *Birmingham v. Chesapeake & O. Ry. Co.*, 37 S.E. 17, 17 (Va. 1900)); *see also Wells v. Peacock*, 52 Va. Cir. 178, 2000 WL 33258774, at *2 (2000) ("Characterizing the action as a constructive fraud action will not extend the statute of limitations, because it is the object not the form of the action which [is] determin[ative.]"); *Edwards v. Bank of New York Mellon*, 2014 WL 5594876, at *8 (E.D. Va. Oct. 31, 2014) ("As courts have recognized, the plaintiff's designation of the counts in a complaint does not control the interpretation of those counts.") (collecting cases). Therefore, although Va. Code § 8.01-249(1) sets forth a "discover[y]" rule for "actions for fraud or mistake," the mere labeling of a claim as such is insufficient to invoke this "exception to the general rule" contained in Va. Code § 8.01-230 that a cause accrues when "the injury is sustained . . . and not when the resulting damage is discovered." *Cockrell v. Brogan*, 7 Va. Cir. 176, 1982 WL 215313, at *2 (1982).

> The statute of limitations begins to run at the date of injury even if no
> diagnosis was made or communicated to the plaintiff until later.

*Smith v. Danek Med., Inc.*, 47 F. Supp. 2d 698, 701 (W.D. Va. 1998) (citations
omitted). A "defendant[] need not establish as a matter of law the exact date of injury,
[it] need only show that it is more probable than not that the injury occurred outside
the two-year window." *Id.* at n.4 (citing *Brown v. Plywood Panels, Inc.*, 67 F.3d 293
(Table), 1995 WL 559656 (4th Cir. Sept. 21, 1995)). Here, Plaintiffs' injuries were
sustained no later than the latest dates of surgical removal of their Paragards.

To obtain tolling under Virginia Code § 8.01-229(D) for obstruction of filing
the action, the plaintiff "must establish that the defendant undertook an affirmative act
designed or intended, directly or indirectly, to obstruct the plaintiff's right to file [the]
action." *Mackey v. McDannald*, 842 S.E.2d 379, 385 (Va. 2020) (citation omitted).
The act "must be of that character which involves moral turpitude, and must have the
effect of debarring or deterring the plaintiff from his action." *Id.*(citation omitted).
"Mere silence by the person liable is not concealment, but there must be some
affirmative act or representation designed to prevent, and which does prevent, the
discovery of the cause of action." *Id.* (citation omitted). There are no such allegations
here, which must be pleaded with particularity pursuant to Fed. R. Civ. P. 9(b).

### III.   The Court should dismiss claims barred on their face by the statutes of repose of Iowa, North Carolina, Tennessee, and Texas.

#### vii.   Iowa

"Under Iowa law, a statute of repose is 'properly characterized as substantive, rather than procedural.'" *Linden CNH Am. LLC*, 753 F. Supp. 2d 860, 862 (S.D. Iowa 2010) (quoting *Cameron v. Hardisty*, 407 N.W.2d 595, 596 (Iowa 1987)). Iowa applies the most significant relationship test to determine choice of law. *Id.* at 863-64 (citing *Veasley v. CRST Int'l, Inc.*, 553 N.W.2d 896, 897 (Iowa 1996)).[14]

Applying Iowa's statute of repose, no personal injury claims based upon a product defect under strict liability, negligence, or breach of implied warranty theories can accrue "more than fifteen years after the product was first purchased, leased, bailed, or installed for use or consumption." Iowa Code § 614.1(2A). *See also Albrecht v. General Motors Corp.*, 648 N.W.2d 87, 95 (Iowa 2002) (the "allegations of the petition establish[ed] that the present suit falls within the scope of section 614.1(2A)(a) and was brought more than fifteen years after the product in question was first purchased," precluding plaintiff's action).[15]

---

[14] As with the Idaho and Michigan cases discussed above, Defendants have only included Iowa cases in this analysis where the Plaintiff resides in, had her Paragard placed in, and had her Paragard removed in Michigan. *See supra* nn. 8, 10.

[15] Although the Iowa statute of repose includes an exception for fraudulent concealment, Plaintiffs cannot establish that any concealment was "a substantial cause of [their] harm." Iowa Code § 614.1(2A). Additionally, there is a discovery rule applicable where harm was caused by exposure to "harmful material." 614.1(2A)(b)(1), but this exception likewise does not apply. *See Kelly v. Ethicon, Inc.*, 2020 WL 4572348, at *8 (N.D. Iowa Aug. 7, 2020) (finding that a synthetic surgical

"A statute of repose runs from the time the product is first purchased and not from the time harm is first suffered." *Daughetee v. Chr. Hansen, Inc.*, 960 F. Supp. 2d 849, 878 (N.D. Iowa 2013). As with other Plaintiffs included here, date of placement has been used to calculate whether Plaintiffs' claims were timely filed, based on Iowa's statute of repose.

To establish fraudulent concealment, the plaintiff must plead and prove "(1) [t]he defendant has made a false representation or has concealed material facts; (2) the plaintiff lacks knowledge of the true facts; (3) the defendant intended the plaintiff to act upon such representations; and (4) the plaintiff did in fact rely upon such representations to his prejudice." *Est. of Anderson ex rel. Herren v. Iowa Dermatology Clinic, PLC*, 819 N.W.2d 408, 415 (Iowa 2012). Absent a fiduciary or confidential relationship, "the plaintiff must prove the defendant engaged in affirmative conduct to conceal the plaintiff's cause of action." *Id.* "The affirmative conduct of concealment must be independent of and subsequent to the liability-producing conduct." *Id.* There are no such allegations here, which must be pleaded with particularity pursuant to Fed. R. Civ. P. 9(b).

---

mesh medical device is not a "harmful product," because that statutory definition "encompasses only certain breast implants, asbestos, dioxins, tobacco, polychlorinated biphenyls, or certain substances officially regarded as environmentally toxic," and therefore, the discovery rule was inapplicable to toll the statute of repose).

### viii.   North Carolina

Statutes of repose are substantive in North Carolina products liability actions. *See Grayson v. Bouligny Co.*, 865 F.2d 255 (4th Cir. 1988) (citing *Bolick v. American Barmaa Corp.*, 293 S.E.3d 415 (N.C. 1982)). To decide questions of substantive choice of law in tort cases, North Carolina applies *lex loci delicti. See Simpson v. Air Liquide Am., LP*, 2009 WL 2171274, at \*2 (W.D.N.C. July 20, 2009) (citing *Braxton v. Anco Elec., Inc.*, 409 S.E.2d 914, 915 (N.C. 1991)). Here, the state of removal is the state of wrong or injury, and for all the Plaintiffs included in this analysis whose claims are barred by North Carolina's statute of repose, their Paragards were removed in North Carolina.

"North Carolina has a statute of repose for all 'action[s] for the recovery of damages for personal injury, death, or damage to property based upon or arising out of any alleged defect or any failure in relation to a product.'" *Cramer v. Ethicon, Inc.*, 2021 WL 243872, at \*3 (W.D.N.C. Jan. 25, 2021) (quoting N.C. Gen. Stat. § 1-46.1(1)).[16]

---

[16] "All product liability claims, regardless of their nature, are subject to a statute of repose." *Cramer*, 2021 WL 243872, at \*3 (citations omitted); *see also Nat'l Prop. Invs., VIII v. Shell Oil Co.*, 950 F. Supp. 710, 712 (E.D.N.C. 1996) (applying statue to claims "for strict liability, negligence, breach of implied warranty of fitness for a particular purpose, breach of express warranties, intentional and negligent misrepresentation, and consumer fraud"); *Jack H. Winslow Farms, Inc. v. Dedmon*, 615 S.E.2d 41, 45 (N.C. App. 2005) (applying statue to "claim for fraud aris[ing] from the alleged failure of a manufactured [product] to perform as advertised or indicated by the [product]'s promotional literature").

"A statute of repose 'serves as an unyielding and absolute barrier that prevents a plaintiff's right of action even before his cause of action may accrue.'" *Nat'l Prop. Invs., VIII*, 950 F. Supp. at 713 (quoting *Black v. Littlejohn*, 325 S.E.2d 469, 475 (N.C. 1985)). Because "a statute of repose is a condition precedent to the action itself," *id.*, it "is well established North Carolina law . . . that ***a plaintiff has the burden*** of proving that the statute of repose does ***not*** bar his or her claim," *Robinson v. Bridgestone/Firestone N. Am. Tire, L.L.C.*, 703 S.E.2d 883, 889 (N.C. App. 2011) (emphasis added).

The "statute of repose begins to run on 'the date of initial purchase for use or consumption.'" *Cramer*, 2021 WL 243872, at *4 (quoting N.C. Gen. Stat. § 1-46.1(1)); *see also Bond v. Johnson & Johnson*, 2022 WL 4594185, at *4 (3d Cir. Sept. 30, 2022) ("[U]nder North Carolina law, the limited period to bring a product liability action under either the six-year or twelve-year statute of repose begins to run on the 'date of initial purchase for use or consumption' (i.e., the triggering date), regardless of when the plaintiff may experience an injury or learn of an injury."). For products "first purchased or delivered . . . before October 1, 2009," the applicable repose period is six years. *Cramer*, 2021 WL 243872, at *4 (collecting cases); *see also Bond*, 2022 WL 4594185, at *2 ("Before October 1, 2009, North Carolina applied a six-year statute of repose for product liability actions[.]"). For "causes of action that accrue on or after . . . October 1, 2009," the repose period is twelve years. *Cramer*, 2021 WL 243872, at

23

*4 (citation omitted). *See also Fulmore v. Johnson & Johnson*, 581 F. Supp. 3d 752, 756-57 (E.D.N.C. 2022), *motion for relief from judgment denied*, 2022 WL 18213493 (E.D.N.C. May 19, 2022) (same).

To the extent Plaintiffs rely on fraudulent concealment to attempt to toll the statute of repose, the products liability statute of repose "includes no such limitation on the defense based on fraud," unlike other statutes. *Fulmore v. Johnson & Johnson*, 581 F. Supp. 3d 752, 757 (E.D.N.C. 2022); *see also Douglas v. Sandoz Pharm. Corp.*, No. 1:98CV00911, 2000 WL 33342286, at *6 (M.D.N.C. July 18, 2000) (describing split of authority regarding whether equitable estoppel may toll statute of repose). In any event, fraudulent concealment requires allegations establishing "(1) conduct on the part of the party sought to be estopped which amounts to a false representation or concealment of material facts; (2) the intention that such conduct will be acted on by the other party; and (3) knowledge, actual or constructive, of the real facts." *Bryant v. Adams*, 448 S.E.2d 832, 838 (N.C. App. 1994). In addition, "[t]he party asserting the defense must have (1) a lack of knowledge and the means of knowledge as to the real facts in question; and (2) relied upon the conduct of the party sought to be estopped to his prejudice." *Id.* There are no such allegations here, which must be pleaded with particularity pursuant to Fed. R. Civ. P. 9(b).

### ix. Tennessee

Tennessee's most significant relationship test, as discussed above, applies to determine choice of law for statute of repose. *See Burns v. Taurus Int'l Mfg., Inc.*, 826 F. App'x 496, 499-500 (6th Cir. 2020) (applying Tennessee's most significant relationship test to a question of which state's statute of repose law applied).[17]

Tennessee's statute of repose applies to "[a]ny action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition." Tenn. Code Ann. § 29-28-103(a). The statute provides that such actions "must be brought within the period fixed by [the applicable statute of limitations], but notwithstanding any exceptions to these provisions, it must be brought within six (6) years of the date of injury" or "within ten (10) years from the date on which the product was first purchased for use or consumption" or "within one (1) year after the expiration of the anticipated life of the product, whichever is the shorter." *Id.*[18]

---

[17] As with the Idaho, Michigan, and Iowa cases discussed above, Defendants have only included Tennessee cases in this analysis where the Plaintiff resides in, had her Paragard placed in, and had her Paragard removed in Tennessee. *See supra* nn. 8, 10, 15.

[18] The statute of repose also applies to warranty claims, although for those claims, accrual begins at tender of delivery. *Elec. Power Bd. of Chattanooga v. Westinghouse Elec. Corp.*, 716 F. Supp. 1069, 1073 (E.D. Tenn. 1988), *aff'd sub nom. Elec. Power Bd. of Chattanooga v. Monsanto Co.*, 879 F.2d 1368 (6th Cir. 1989) ("The Court finds that the statute of repose was intended by the Tennessee Legislature to apply to breach of warranty claims despite their accrual at tender of delivery."). *See also Ismoilov v. Sears Holdings Corp.*, 2018 WL 1956491, at *8 (Tenn. Ct. App. Apr. 25, 2018) (applying the ten-year statute of repose to claims for strict liability, negligence, and breach of implied warranty). Here, no separate chart is included for warranty claims because delivery and placement clearly occurred prior to removal, so any claim filed ten years after removal was clearly also filed ten years after delivery and placement.

The Tennessee statute of repose "imposes an absolute time limit within which products liability claims must be filed." *Greene v. Brown & Williamson Tobacco Corp.*, 72 F. Supp. 2d 882, 886 (W.D. Tenn. 1999); *see also Penley v. Honda Motor Co.*, 31 S.W.3d 181, 184 (Tenn. 2000) ("The courts of this state have construed statutes of repose as an absolute time limit with which actions must be brought."); *Calaway ex rel. Calaway v. Schucker*, 193 S.W.3d 509, 515 (Tenn. 2005) (same). "Tennessee courts have declined to extend the discovery rule to toll the Tennessee statute of repose." *Clabo v. Johnson & Johnson Health Care Sys., Inc.*, 982 F.3d 989, 994–95 (6th Cir. 2020). Nor is the statute of repose subject to any equitable exceptions. *Greene*, 72 F. Supp.2d at 886, 888 ("Had the legislature intended to provide equitable exceptions to the statute of repose, it could have done so. Tennessee courts have consistently read all statutes of repose literally, and have declined to read equitable exceptions into them."); *In re General Motors LLC Ignition Switch Litig.*, 2019 WL 952348, at *2-3 (S.D.N.Y. Feb. 27, 2019) (same and collecting cases). Consequently, the statute of repose "sometimes has the effect of barring actions before they accrue— a result that has been upheld as permissible under both the United States and Tennessee Constitutions." *Greene*, 72 F. Supp.2d at 886. The four cases included here are all untimely based on the ten-year limitation, dated from first purchase for use or consumption. The date of placement for these Plaintiffs indicates that all these

Paragards were purchased for consumption more than ten years before these Plaintiffs filed suit.

The Tennessee statute of repose is not subject to tolling based on allegations of fraudulent concealment. *Damron v. Media Gen., Inc.*, 3 S.W.3d 510, 513 (Tenn. App. 1999); *Jones v. Smith & Nephew Inc.*, No. W202100426COAR3CV, 2022 WL 767709, at *4 (Tenn. App. Mar. 14, 2022) ("This Court cannot expand/rewrite the statute to create a general latent disease exception or a fraudulent concealment exception to the TPLA's statute of repose"). Regardless, no such circumstances are pleaded with particularity as required by Rule 9(b).

### x.   Texas

Texas also views statutes of repose as a matter of substantive law determined by a most significant relationship test. *See Waller v. Pittsburg Corning Corp.*, 946 F.2d 1514, 1515 (10th Cir. 1991); *see also In re ENSCO Offshore Int'l Co.*, 311 S.W.3d 921, 928 (Tex. 2010).[19]

The Texas statute of repose also forecloses products liability actions, "whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or

---

[19] As with the Idaho, Michigan, Iowa, and Tennessee cases discussed above, Defendants have only included Texas cases in this analysis where the Plaintiff resides in, had her Paragard placed in, and had her Paragard removed in Texas. *See supra* nn. 8, 10, 15, 18.

combination of theories," fifteen years "after the date of the sale of the product" and is not subject to tolling. Tex. Civ. Prac. & Rem. § 16.012(a)(2),(b). *See Methodist Healthcare System v. Rankin*, 307 S.W.3d 283, 290 (Tex. 2010) ("the essential function of all statutes of repose is to abrogate the discovery rule and similar exceptions to the statute of limitations" and a "statute of repose, by design, creates a right to repose where the applicable statute of limitations would be tolled or deferred"). *See also Salgado v. Great Dane Trailers*, 2012 WL 401484, at *2 (S.D. Tex. Feb. 6, 2012) ("[a] statute of repose … does not run from the time a cause of action arises, but from some other date or event selected by the Legislature," and is "not subject to judicially crafted rules of tolling or deferral") (internal citations and quotations omitted). As with many other states' statutes of repose, the Texas statute of repose— unlike a statute of limitations "operate[s] . . . to take[] away the right altogether." *Camacho v. Ford Motor Co.*, 993 F.3d 308, 315 (5th Cir. 2021) (quoting *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867-68 (Tex. 2009)).

Plaintiffs' Paragards were clearly sold before the surgical placement dates,[20] which have been used to calculate the fifteen-year statue of repose filing deadline.

---

[20] In *Camacho*, the Fifth Circuit considered the definition of "sale," and concluded it should be defined as "the sale of the product by the defendant." 993 F.3d at 313. However, this only means that the date of sale would be earlier than the date of placement and certainly not later. Thus, Plaintiffs who filed their claims fifteen years after date of placement certainly also filed fifteen years after date of sale. *See Rossmann v. Johnson & Johnson*, 2021 WL 8055681, at *1 (W.D. Tex. Nov. 26, 2021) ("Application of *Camacho*'s holding to the context presented in this case, may date the sale of the [implanted surgical synthetic mesh medical device at issue] at the moment 'ownership passed' from

The statute of repose here does not contain any tolling period for fraudulent concealment, and "[t]he Texas Supreme Court has consistently held that statutes of repose are not subject to tolling." *Mason-Gibson, Inc. v. Sloan Valve Co.*, No. 06-21-00108-CV, 2022 WL 1434113, at *8 (Tex. App. May 6, 2022) (unpublished). Rather, statutes of repose "begin to run on a readily ascertainable date, and unlike statutes of limitations, a statute of repose is not subject to judicially crafted rules of tolling or deferral." *Compass Bank v. Calleja-Ahedo*, 569 S.W.3d 104, 112 (Tex. 2018) (quoting *Methodist Healthcare Sys. of San Antonio, Ltd. v. Rankin*, 307 S.W.3d 283, 287 (Tex. 2010)). Regardless, no such circumstances are pleaded with particularity as required by Rule 9(b).

## IV.   The Court should dismiss the strict liability claims barred by the statutes of repose of Georgia and Illinois.

Although they would not result in the dismissal of the cases in the entirety, the strict liability claims in a number of cases should be dismissed under the statutes of repose of Georgia and Illinois.

### xi.   Georgia

Georgia considers statutes of repose as substantive. *S. States Chem., Inc. v. Tampa Tank & Welding, Inc.*, 888 S.E.2d 553, 564 (Ga. 2023). Under Georgia's *lex loci delecti* choice of law analysis, "tort cases are governed by the substantive law of

---

Defendants to the hospital that purchased the device,—*i.e.*, before the surgeon implant it in Plaintiff. It does not appear that such application will substantially impact the parties' arguments.").

the state where the tort was committed." *Federated Rural Elec. Ins. Exchange v. R.D. Moody & Associates, Inc.*, 468 F.3d 1322, 1325 (11th Cir. 2006) (citing *Fed. Ins. Co. v. Nat'l Distrib. Co., Inc.*, 417 S.E.2d 671, 673 (Ga. App.1992)). A tort is committed "where the last event occurred necessary to make an actor liable for the alleged tort." *In re Stand 'n Seal, Prods. Liab. Litig.*, 1:07 MD1804-TWT, 2009 WL 2998003, at *1 (N.D. Ga. Sept. 15, 2009). Under *lex loci delicti*, "the last event necessary to make an actor liable for a tort is usually an injury." *Id*.

Georgia has a ten-year statute of repose for strict liability claims which runs from the date of first use of the product. Under Georgia law, "[n]o action shall be commenced pursuant to this subsection with respect to an injury after ten years from the date of the first sale for use or consumption of the personal property causing or otherwise bringing about the injury." Ga. Code Ann. § 51–1–11(b)(2). Georgia law thus precludes strict liability claims that are filed more than ten years after the date from the first sale or consumption of the product. *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir. 1999). In fact, the Georgia Supreme Court has held that claims filed more than ten years after the date of first sale for use or consumption are "completely barred." *Chrysler Corp. v. Batten*, 450 S.E.2d 208, 212 (Ga. 1994) (explaining that "[t]he ten-year statute of repose was enacted in order to address problems generated by the open-ended liability of manufacturers so as to eliminate stale claims and stabilize products liability underwriting. Hence, strict liability actions

30

filed more than ten years after the 'date of the first sale for use or consumption of' the product are completely barred."); *Capes v. Ethicon, Inc.*, 2019 WL 11828235, at *2 (N.D. Ga. Dec. 5, 2019) (granting summary judgment on strict liability claims under statute of repose).

"The 'first sale for use or consumption' did not occur until [the medical device] was removed from the Hospital's inventory and sold to appellant for its actual intended purpose of placement in his back." *Pafford v. Biomet*, 448 S.E.2d 347, 349 (Ga. 1994); *see also Capes*, 2019 WL 1182835, at *2 ("For medical devices in Georgia, the date of first sale is the date the medical device is implanted." (citing *Pafford*, 448 S.E.2d at 349)). Here, first sale for use or consumption occurred no later than the latest date of surgical placement of Plaintiffs' Paragards.

Georgia recognizes "narrow circumstances" where equitable estoppel may prevent the statute of repose defense where there is "fraud or other conduct on which the plaintiff reasonably relied in forbearing the bringing of a lawsuit." *PTI Royston, LLC v. Eubanks*, 861 S.E.2d 115, 122 (Ga. App. 2021); *see also Wilhelm v. Houston County*, 713 S.E.2d 660 (Ga. App. 2011) ("[A] defendant may be equitably estopped from raising the defense of the statute of repose if the plaintiff reasonably relied on a fraudulent act or statement by the defendant that occurred *after* the plaintiff's injury accrued and, as a result of that fraud, the plaintiff did not file suit until after the repose period expired."); *Fuller Life Chiropractic Ctr., P.C. v. Threadgill*, 896 S.E.2d 15, 22

(Ga. App. 2023) ("documents produced by the defendants after the [plaintiffs] filed their lawsuit, and assertions made by the defendants during the litigation, even if false, do not support an equitable estoppel claim, which arises only where, 'as a result of [the] fraud, the plaintiff did not file suit until after the repose period expired.'") (citation omitted); *Smith v. Kayfan*, 874 S.E.2d 465, 468 (Ga. App. 2022) (holding fraudulent concealment requires "separate and independent act of fraud"). There are no such allegations here, which must be pleaded with particularity pursuant to Fed. R. Civ. P. 9(b).

### xii.    Illinois

Illinois applies the most significant relationship test to decide choice of law as to statutes of repose. *Beaton v. SpeedyPC Software*, 2021 WL 1208955, at *3 (N.D. Ill. Mar. 31, 2021); *Maly v. Genmar Indus., Inc.*, 1996 WL 28473, at *1 (N.D. Ill. Jan. 23, 1996).[21]

For strict product liability claims under Illinois law, there is a threshold statute of repose of the shorter of a ten- or twelve-year period. 735 Ill. Comp. Stat. Ann. 5/13-213(b), (d). Section 213(d), however, imposes an eight-year absolute bar to an action, running from the date of injury. 735 Ill. Comp. Stat. Ann. 5/13-213(d). "This eight

---

[21] As with the Idaho, Michigan, Iowa, Tennessee, and Texas cases discussed above, Defendants have only included Illinois cases in this analysis where the Plaintiff resides in, had her Paragard placed in, and had her Paragard removed in Illinois. *See supra* nn. 8, 10, 15, 18, 20.

year repose period is 'an absolute cut-off point beyond which no action can be brought regardless of whether the plaintiff knows of the damage or not.'" *Dohra v. Alcon (Puerto Rico), Inc.*, 1994 WL 71449, at *2 (N.D. Ill. Mar. 3, 1994), *on recon.*, 1994 WL 395000 (N.D. Ill. July 26, 1994).

For product liability actions, the date of "injury" is the date of exposure (for products like asbestos), ingestion (for prescription drugs), or implantation surgery (for medical devices). *See Lusinski v. Wright Med. Tech., Inc.*, 2021 WL 4522292 (N.D. Ill. Apr. 9, 2021) ("For products liability actions, the date of injury is the date of exposure, ingestion, or implantation surgery." (quoting *Stark v. Johnson & Johnson*, 2020 WL 1914767, at *5 (N.D. Ill. Apr. 20, 2020), *rev'd on other grounds*, 10 F.4th 823 (7th Cir. 2021))); *Johnston v. I-Flow Corp.*, No. 09 C 3567, 2010 WL 11713179 (N.D. Ill. Aug. 26, 2010) ("for the purposes of a statute of repose, the injury is the date that Johnston was exposed to harm during the implant of the device, not when an adverse effect manifested itself"). *See also Zimmerman v. Abbott Labs., Inc.*, 189 Ill. App. 3d 744, 745, 545 N.E.2d 547, 548 (1989); *Olson v. Owens-Corning Fiberglas Corp.*, 198 Ill. App. 3d 1039, 1044, 556 N.E.2d 716, 719 (1990). Plaintiffs' dates of latest Paragard placement serve as their dates of injury.

"[F]raudulent concealment will 'toll' a limitations period if a plaintiff pleads and proves that fraud prevented discovery of the cause of action." *DeLuna v. Burciaga*, 857 N.E.2d 229, 245 (Ill. 2006). Fraudulent concealment requires the Plaintiff to

establish "(1) concealment of a material fact, (2) intent to induce a false belief where there exists a duty to speak, (3) that the other party could not have discovered the truth through reasonable inquiry and relied upon the silence as an indication that the concealed fact did not exist, (4) that the other party would have acted differently had it known of the concealed information, and (5) that its reliance resulted in its injury." *Filipowski v. Morgan, Lewis & Bockius, LLP*, 2022 IL App (1st) 211352-U, ¶ 60, *appeal denied*, 210 N.E.3d 781 (Ill. 2023). The fraudulent concealment must consist of "affirmative acts or representations calculated to lull or induce a claimant into delaying filing of his or her claim, or to prevent a claimant from discovering a claim." *Orlak v. Loyola Univ. Health Sys.*, 885 N.E.2d 999, 1009 (Ill. 2007). There are no such allegations here, which must be pleaded with particularity pursuant to Fed. R. Civ. P. 9(b).

**V.      Certain claims should be dismissed as untimely by reference to the Plaintiff Fact Sheets.  Alternatively, the Court should order these Plaintiffs to file amended Complaints with correct dates of implantation and removal.**

In the vast majority of the cases subject to this motion, the claims are untimely on the face of the Complaint. However, in 26 cases, the Plaintiff Fact Sheet has been consulted to determine the most accurate date of placement and/or removal. "A district court may consider a document attached to a motion to dismiss without converting the motion to dismiss into one for summary judgment if (1) the document is central to the plaintiff's claim, and (2) its authenticity is not challenged." *Henry v. Examworks Inc.*,

No. 20-12268, 2021 WL 3440698, at *3 (11th Cir. Aug. 6, 2021) (citing *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005)).

Here, the dates of placement and removal were questions in the Short Form Complaint which these 26 Plaintiffs did not answer at all or did not do so accurately. In 21 cases, Plaintiffs left the date of placement or removal blank in their Short-Form Complaints.  And in the remaining 5 cases, Plaintiffs did not answer the questions in the Short-Form Complaint as precisely or accurately as in their Plaintiff Fact Sheets. As to three of these cases, 1:22-cv-01561 (Tela Garrett), 1:23-cv-02126 (Whitney Robinson), 1:22-cv-01563 (Tiffany Wheeler), the Plaintiffs only included a year, which they subsequently clarified with more specific information in their Plaintiff Fact Sheets. As to 1:23-cv-00139 (Temika Wilkes), upon review of the Plaintiff Fact Sheet it is readily apparent that although the Complaint states, "01/01/2018," the correct date of placement should have been 1/1/2008, as stated in the Plaintiff Fact Sheet. As to 1:23-cv-03395 (Latoya Pitts), the Complaint acknowledges that the date and month were unknown, staing "Date and Month Unknown 2013," but the Plaintiff Fact Sheet provides an earlier and more specific date of 12/20/2010.

Given that these questions are central to the plaintiff's claims and the authenticity of the Plaintiff Fact Sheet cannot reasonably be challenged, Defendants respectfully request that the Court consider the Plaintiff Fact Sheet in deciding these 26 cases. These redacted Plaintiff Fact Sheets are attached as Exhibit 2 in the

individual cases. Alternatively, Defendants request that the Court order these 26 Plaintiffs to file amended Short-Form Complaints accurately answering these questions.

## CONCLUSION

Defendants request that the Court dismiss all these Plaintiffs' claims under Alabama, Idaho, Virginia, Michigan, Mississippi, New York, Tennessee, North Carolina, Iowa, and Texas law, and all the strict liability claims under Georgia and Illinois law with prejudice. Defendants seek all other relief to which they are entitled.

Respectfully submitted,

This 12th day of September, 2024

*/s/ Christopher D. Morris*
Christopher D. Morris
Butler Snow LLP
Mississippi Bar No. 102981
Renaissance at Colony Park
Suite 1400
1020 Highland Colony Parkway
Ridgeland, MS 39158
Telephone: (601) 985-4437
chris.morris@butlersnow.com

**Co-Lead Counsel for the Teva Defendants**

*/s/ Pamela L. Ferrell*
Pamela L. Ferrell
Butler Snow LLP
Georgia Bar No. 596713
170 Peachtree Street NE
Suite 1900
Atlanta, GA 30309
Telephone: (678) 515-5011
pamela.ferrell@butlersnow.com

**Co-Lead Counsel for the Teva Defendants**

*/s/ Caroline D. Walker*
Caroline D. Walker
Butler Snow LLP
Alabama Bar No. ASB-3439-B10T
One Federal Plaza
Suite 100
1819 Fifth Avenue N.
Birmingham, AL 35203-2118
Telephone: (205) 297-2200
caroline.walker@butlersnow.com

**Lead Counsel for the Cooper
Defendants**

*/s/ Lori G. Cohen*
Lori G. Cohen
Allison Ng
Greenberg Traurig, LLP
Georgia Bar No. 174455
Terminus 200
3333 Piedmont Rd., NE
Suite 2500
Atlanta, GA 30305
Telephone: (678) 553.2385
cohenl@gtlaw.com
nga@gtlaw.com

**Co-Liaison Counsel for Defendants**

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that I have prepared the foregoing in compliance with Local Rule 5.1 in Times New Roman 14-point font.

This 12th day of September, 2024.

*/s/ Christopher D. Morris*
Christopher D. Morris
Mississippi Bar No. 102981

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the attorneys of record.

This 12th day of September, 2024.

*/s/ Christopher D. Morris*
Christopher D. Morris
Mississippi Bar No. 102981