IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| IN RE: Paragard IUD Products Liability Litigation | : : : : : : : : : | CIVIL ACTION NO. 1:20-md-02974-LMM |

# ORDER

This matter is presently before the Court on Plaintiffs' motion for leave to amend the second amended master complaint to add Teva Pharmaceutical Industries Ltd. ("Teva Ltd.") as a defendant, Dkt. No. [694]. After due consideration, the Court enters the following order.

## I.   BACKGROUND

This multidistrict litigation was transferred to this Court from the Judicial Panel on Multidistrict Litigation on December 16, 2020. On March 9, 2021, the Court granted a proposed consent order directing Plaintiffs to file and serve a master complaint against one or more of the following entities: Teva Pharmaceuticals USA, Inc.; Teva Women's Health, Inc.; Teva Women's Health, LLC; Teva Branded Pharmaceutical Products R&D, Inc.; The Cooper Companies, Inc.; and CooperSurgical, Inc. ("Defendants"). On March 22, 2021, Plaintiffs filed

a master complaint that named Teva Ltd. as well, and on April 5, 2021, they filed a first amended master complaint that also included Teva Ltd. among the defendants.

At a status conference taking place on April 12, 2021, the Court found that the addition of Teva Ltd. did not comply with the case management order; therefore required Plaintiffs to file a new master complaint omitting Teva Ltd.; and allowed that Plaintiffs could file a motion to amend the complaint if and when they found good cause to add Teva Ltd. The Court cautioned, however, that it would be necessary to keep an eye on timing, since Teva Ltd. was not yet part of the MDL, had not been served, and, because it was located in Israel, would likely need to be served in accordance with the Hague Convention, which could cause delay. On April 19, 2021, Plaintiff filed the second amended master complaint, Dkt. No. [79], which does not name Teva Ltd. as a defendant and is presently the operative complaint in this matter.

At a hearing taking place on January 24, 2024, Plaintiffs again raised the issue of adding Teva Ltd. as a defendant, acknowledging that they anticipated that the Court would require a formal motion. At that time, the Court again cautioned that any motion to add Teva Ltd. as a defendant needed to be filed soon to avoid causing discovery issues and pushing the case back.

On July 31, 2024, Plaintiffs filed the pending motion for leave to amend the second amended master complaint to add Teva Ltd. as a defendant.

## II. LEGAL STANDARD

Once more than 21 days have passed following service of a responsive pleading or motion, the plaintiff may amend its complaint only by leave of court or written consent of the adverse party. Fed. R. Civ. P. 15(a). "The court should freely give leave [to amend] when justice so requires." Fed R. Civ P. 15(a)(2). Even so, granting leave to amend is not automatic. Faser v. Sears Roebuck & Co., 674 F.2d 856, 860 (11th Cir. 1982). Rather, district courts have "extensive discretion" in deciding whether to grant leave to amend and may choose not to allow a party to amend "when the amendment would prejudice the defendant, follows undue delays, or is futile." Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999).

Where a court has entered a scheduling order, a motion to amend that will affect the deadlines in that order is also subject to the "good cause" requirement of Rule 16(b) of the Federal Rules of Civil Procedure. Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A court evaluating a motion to amend under these circumstances must apply the good-cause standard of Rule 16 before considering whether an amendment is proper under Rule 15. Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998). The moving party bears the burden of persuasion. See Romero v. Drummond Co., 552 F.3d 1303, 1319 (11th Cir. 2008).

The good-cause standard "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.' " Sosa,

133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's note). Courts in the Eleventh Circuit consider three factors to determine a party's diligence: 1) whether "the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period"; 2) whether "the information supporting the proposed amendment was available to the plaintiff"; and 3) "even after acquiring information, the plaintiff delayed in asking for amendment." Nu Pagamentos S.A. – Instituicao de Pagamento v. Hudson, Civ. Action No. 2:21-cv-69-RWS, 2021 WL 12254951, at *2 (N.D. Ga. Dec. 8, 2021) (punctuation omitted); Lord v. Fairway Elec. Corp., 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002) (citing Sosa, 133 F.3d 1417). "A finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry." Lord, 223 F. Supp. 2d at 1277.

### III. DISCUSSION

Plaintiffs state that "[t]hrough discovery . . . and otherwise," they believe that they have grounds to assert claims against Teva Ltd. "by virtue of its own acts and omissions" and the acts and omissions of the other named Teva defendants as its "agent, joint venturers, and alter ego subsidiaries." Plaintiffs argue that good cause exists to allow the amendment to the master complaint because of numerous discovery disputes, Defendants' late responses to requests for discovery, and discovery delays caused by the Israel-Hamas war. They also

note that none of the scheduling orders have set an extended discovery deadline[1] and that under the parties' tentative negotiated case management order, discovery does not end until January 31, 2025. Defendants oppose the motion on diligence grounds, as well as on grounds of undue delay and prejudice.

After careful consideration, the Court finds that the motion should indeed be denied for lack of a showing of diligence. While Plaintiffs imply that late-disclosed discovery affected the timing of the motion for leave to amend, they disclose little about when or how they learned the facts newly added to the proposed third amended master complaint. See Dkt. Nos. [694, 708]. Notably, the few sources they do cite are public corporate filings that were issued in 2010, 2011, 2013, 2016, and 2017 and thus have been available since well before the beginning of this lawsuit. See Dkt. No. [694-1] 51-52.[2] It also bears noting that Plaintiffs have been considering adding Teva Ltd. as a defendant since at least March 2021, more than three years before they filed the motion to amend, Dkt. No. [65] at 10; that they again raised the issue during a status conference in January 2024, more than six months before they filed the motion to amend, Dkt. No. [614] at 35-41; and that the Court has consistently cautioned Plaintiffs that time was of the essence in filing the motion, Dkt. No. [80] at 18-21; Dkt. No. [614]

---

[1] The original discovery deadline passed on October 30, 2023.

[2] Where a document's original page numbering is inconsistent with the page numbering assigned by the Court's CM/ECF system, the Court will use the page numbers assigned by its CM/ECF system.

5

at 40. Even allowing Plaintiffs generous benefit of the doubt and crediting January 2024 as the time they became aware of facts warranting the amendment, similar—or even shorter—delays have resulted in denial of motions to amend for lack of diligence. See, e.g., Glenn v. Corizon LLC, No. 21-10021, 2022 WL 1041338, at *6-7 (11th Cir. Apr. 7, 2022) (no abuse of discretion in denying motion to amend where plaintiff waited more than two months after discovering the new information alleged); Sosa, 133 F.3d at 1419 (no abuse of discretion in denying motion to amend where plaintiff waited approximately six months after discovering the new information alleged); Askew v. S. Pan Emp. Stock Ownership Plan, Civ. Action File No. 1:18-cv-309-MHC, 2019 WL 12536181, at *2 (N.D. Ga. May 29, 2019) (no diligence where plaintiff waited six months to seek leave to amend the complaint).

  The Court does not reach this conclusion lightly, as it is its strong preference to decide cases on the merits rather preclude claims for procedural reasons. However, because Plaintiffs have failed to show diligence, they cannot satisfy the good-cause standard. Lord, 223 F. Supp. 2d at 1277. Moreover, this case has been pending for nearly four years now, and as the Court stated in multiple status conferences, delays inherent in international service and discovery involving a new defendant, even if minimal, would inescapably add to the length of this already protracted case and further delay the bellwether trials.

## IV. CONCLUSION

In accordance with the foregoing, Plaintiffs' motion for leave to amend the second amended master complaint to add Teva Ltd. as a defendant, Dkt. No. [694], is **DENIED**.

**IT IS SO ORDERED** this 7th day of October, 2024.

_____
**Leigh Martin May**
**United States District Judge**