IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL DOCKET NO. 2974 1:20-md-02974-LMM |
| **This document relates to:** | ) ) | |
| ELIZABETH HERNADEZ vs. TEVA PHARMACEUTICALS USA, INC., ET AL. | ) ) ) ) ) | Civil Action No.: 1:23-cv-02125-LMM |

**PLAINTIFF ELIZABETH HERNANDEZ'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CERTAIN CASES BARRED BY CERTAIN STATUTES OF LIMITATIONS AND REPOSE**

Plaintiff Elizabeth Hernandez, by and through counsel, files this Response in Opposition to Defendants' Motion to Dismiss Cases Barred by Certain Statutes of Limitations and Repose (MDL Dkt. No.713 and Plaintiff's Dkt. 5), and in support thereof would show unto the Court the following:

**BACKGROUND AND INTRODUCTION**

Plaintiff Hernandez's lawsuit is one of many cases filed in the Paragard Multidistrict Litigation that was established in 2020 regarding the Paragard IUD. Defendants filed their Motion to Dismiss Cases Barred by Certain Statutes of Limitations and Repose on September 12, 2024, in an effort to dismiss certain cases on statutes of limitations and/or repose grounds. MDL Dkt. 709. This motion was also filed in Plaintiff's individual case docket. Individual Dkt. 5. On September 19, 2024, the Court entered a scheduling order establishing the deadlines for the parties to submit responsive briefs. MDL Dkt. 713. Plaintiffs' Leadership submitted an omnibus response on

November 11, 2024, on behalf of all plaintiffs identified by Defendants in their Motion to Dismiss. MDL Dkt. 729. Any plaintiffs choosing to file a separate and individual response are permitted to do so on December 2, 2024. MDL Dkt. 713.

Plaintiff Hernandez's Paragard, per her Short Form Complaint, was inserted in 2014 and the first removal was attempted on March 1, 2021, and her complaint was filed on May 10, 2023. *See* Short Form Complaint, Plaintiff's Dkt. 1. Defendants argue that Plaintiff Elizabeth Hernandez's strict liability claims alone are barred under Illinois' statute of repose. Defendants' Motion must be denied, however, because Defendants incorrectly applied the 8-year statute of repose period and in the alternative, are barred from raising the statute of repose due to the fraudulent concealment exception.

## ARGUMENT

### A. Incorporation of Plaintiffs' Leadership's Omnibus Response

As part of the Court's scheduling order entered in the Paragard MDL, Plaintiffs' Leadership submitted their omnibus Plaintiffs' Opposition to Defendants' Motion on November 11, 2024. MDL Dkt. 729. While Plaintiff Hernandez is choosing to submit an individual response to Defendants' Motion to Dismiss, Plaintiff Hernandez is also incorporating any and all arguments raised in the omnibus Plaintiffs' Opposition to Defendants' Motion. MDL Dkt. 729.

### B. Defendants' Incorrectly Interpret the Application of the 8-year Statute of Repose

735 I.L.C.S. § 5/13-213 governs the statute of repose in Illinois. 735 I.L.C.S. § 5/13-213(b) states that:

> (b) subject to the provisions of subsections (c) and (d) no product liability action based on any theory or doctrine shall be commenced except within the applicable limitations period and, in any event, within 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession of its initial user, consumer, or other non-seller, whichever

2

period expires earlier, of any product unit that is claimed to have injured or damaged the plaintiff…

735 I.L.C.S. § 5/13-213 (d) goes on to say:

(d) Notwithstanding the provisions of subsection (b) and paragraph (2) of subsection (c) if the injury complained of occurs within any of the periods provided by subsection (b) and paragraph (2) of subsection (c), the plaintiff may bring an action within 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, of the existence of the personal injury, death or property damage, but in no event shall such action be brought more than 8 years after the date on which such personal injury, death or property damage occurred. In any such case, if the person entitled to bring the action was, at the time the personal injury, death or property damage occurred, under the age of 18 years, or under a legal disability, then the period of limitations does not begin to run until the person attains the age of 18 years, or the disability is removed.

Defendants claim that for the purposes of the repose periods identified in 735 I.L.C.S. § 5/13-213 subsections (b) and (d), that the "injury" is the date of exposure to (i.e. insertion of) Paragard. MDL Dkt. 709, pg. 33. Defendants argue that while subsection (b) can provide a 10- or 12-year statute of repose period, subsection (b) is subservient to subsection (d)'s call for an 8-year statute of repose that extends no further than 8 years after the personal injury occurred. *See* 35 I.L.C.S. § 5/13-213(b) and (d) and MDL Dkt. 709, pg. 32-33. Defendants ultimately argue that "injury" for purposes of 35 I.L.C.S. § 5/13-213(d) is the "date of exposure (for products like asbestos), ingestion (for prescription drugs) or implantation surgery (for medical devices)" and conclude that Paragard injuries for statute of repose purposes subsection (d) begin at insertion of the Paragard. *See* MDL Dkt. 709, pg. 33.

Defendants' definition and articulation of "injury" in this respect is flawed, as it is reliant on several other product liability cases that are wholly distinguishable from Paragard. Defendants rely on cases such as *Lusinski v. Wright Med. Tech.*, Inc., 2021 WL 4522292 (N.D. Ill. Apr. 9, 2021); *Johnston v. I-Flow Corp.*, 2010 WL 11713179 (N.D. Ill. Aug. 26, 2010); *Zimmerman v. Abbott Labs., Inc.*, 189 Ill. App. 3d 744 (1989); and *Olson v. Owens-Corning Fiberglas Corp.*, 198

3

Ill. App. 3d 1039 (1990). *See* MDL Dkt. 709, pg. 33. *Lusinki v. Wright Med. Tech.* involved a metal-on-metal hip implant wherein the claimed injuries of pseudoteumors and metallosis flowed from the initial implant and exposure to the hip implant itself. *Lusinki*, 2021 WL 4522292 at *1. *Johnston v. I-Flow Corp.* involved a "Pain Buster Infusion" device which was designed to inject pain relief directly into a patient and that this continuous injection was the cause of plaintiff's claimed injuries. *Johnston*, 2010 WL 11713179 at *1. *Zimmerman v. Abbott Labs., Inc.* involved injuries related to ingestion of diethylstilbestrol ("DES") by the plaintiff. *Zimmerman*, 189 Ill. App. 3d at 744. Finally, *Olson v. Owens-Corning Fiberglas Corp.* involved injuries related to exposure to asbestos products. *Olson*, 198 Ill. App. 3d at 1040.

The products involved in the cases cited by Defendants share a common nexus in that the claimed injuries can be reasonably tied to the initial exposure/implant. Paragard is distinguishable in that the core and primary injury in this MDL is actual breakage of the Paragard. The claims in this MDL only involve breakage, individuals with Paragard inserted who did not experience breakage would not have a viable claim in this MDL. Paragard's "personal injury" to Plaintiff did not and could not manifest until the actual breakage. Therefore, it is absurd to claim that "injury" for purposes of subsection (d) of 35 I.L.C.S. § 5/13-213 stems from insertion or implantation of Paragard.

Plaintiff Hernadez's position is further supported by *Leamancyzk v. AH Robins Co., Inc.*, 596 F. Supp. 365 (N.D. Ill. 1984), which is a Dalkon Shied case. The court in *Leamancyzk* contemplated what constituted an "injury" for purposes of 35 I.L.C.S. § 5/13-213(d). *Id*. at 367. The court in particular differentiated an asbestosis injury from an injury flowing from Dalkon Shield, stating:

> [I]t could possibly be assumed that in the asbestosis situation the harmful substance taken into the body by inhalation acts immediately upon tissues of the body and

4

causes immediate injury. There is no basis in reason to assume that disease begins immediately upon the insertion of a Dalkon Shield. Unlike asbestos dust, a Dalkon Shield is not, in and of itself, harmful.

*Id*. Likewise, the Paragard is not in of itself harmful. The harm of Paragard only manifests itself at breakage. Therefore, this Court should find that any application of the 8-year period stated in 35 I.L.C.S. § 5/13-213(d) begins from breakage, not insertion. Properly applied, Plaintiff's statute of repose period under 35 I.L.C.S. § 5/13-213(d) begins to run from March 1, 2021, the date of Plaintiff's first removal attempt and Paragard breakage. If the Court utilizes 35 I.L.C.S. § 5/13-213(b), the statute of repose period begins to run from date of insertion, which at the earliest is 2014[1]. Even using the shorter period under 35 I.L.C.S. § 5/13-213(b) of 10 years, then Plaintiff's complaint should be deemed timely filed given that her complaint was filed on May 10, 2023.

### C. Fraudulent Concealment Bars Defendants' from Asserting the Statute of Repose to Dismiss Plaintiff Hernandez's Claims

Defendant is further barred from asserting the statute of repose due to the fraudulent concealment exception recognized in Illinois. Illinois' fraudulent concealment exception is codified at 735 ILCS 5/13-215, wherein

> If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 5 years after the person entitled to bring the same discovers that he or she has such cause of action, and not afterwards.

In Illinois, a plaintiff alleging fraudulent concealment must plead that d (1) a defendant knowingly made affirmative misrepresentations with the intent to deceive the plaintiff, and (2) the plaintiff relied on these misrepresentations such that she delayed filing until after the statute of repose expired. *See In re Paraquat Prods. Liab. Litig.*, 2022 WL 451898, at *3 (S.D. Ill. Feb. 14,

---

[1] Plaintiff in her Plaintiff Fact Sheet states that her date of insertion was actually March 10, 2015, which only aids Plaintiff's argument under 35 I.L.C.S. § 5/13-213(b). *See* Ex. 1 to this Court's Order Regarding Defendants' Motion to Dismiss wherein the insertion date is listed as "3/10/2015."

5

2022). Defendants' contention for dismissal on this issue is that Plaintiff failed to affirmatively plead that the Defendants engaged in "affirmative acts or representations calculated to lull or induce a claimant into delaying filing of his or her claim, or to prevent a claimant from discovering a claim" pursuant to Fed. R. Civ. P. 9(b). MDL Dkt. 709, pg. 33-34. Plaintiff Hernandez, as an individual member case in the Paragard MDL, only had to file a short form complaint, but is permitted to draw upon Plaintiffs' Second Amended Master Personal Injury Complaint ("MPIC"), including any and all allegations of fraud and fraudulent concealment asserted in the MPIC. MDL Dkt. 79. The MPIC addressed the myriad of ways that Defendants acted to affirmatively withhold or misrepresent facts sufficient to plead fraudulent concealment. *See* Plaintiffs' Opposition, MDL Dkt. 729, pgs. 11-12. The assertions raised in both the Short Form Complaint and the MPIC are sufficient for this Court to find that Defendants are barred from asserting the Illinois Statute of Repose to dismiss Plaintiff Hernandez's strict liability claims.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff Hernandez requests that Defendants' Motion to Dismiss be denied, and requests such other relief to Plaintiff as the Court deems just.

THIS the 2nd day of December 2024.

                                            Respectfully submitted,

By:   */s/ Timothy W. Porter*
        Timothy W. Porter

        Timothy W. Porter, MSB No. 9687
        Suzanne Elizabeth Smith, PSB No. 328502
        Mitte R. Field, MSB No. 106291
        PORTER & MALOUF, P.A.
        Post Office Box 12768 Jackson, MS 39236
        Telephone: 601-957-1173
        Facsimile: 601-957-7366
        tim@portermalouf.com

ssmith@portermalouf.com  
mfield@portermalouf.com  
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I, Timothy W. Porter, do hereby certify that I have this day caused a true and correct copy of the above and foregoing document to be filed with the Clerk of Court using the Court's Electronic Filing system, which will send notification to all counsel of record.

This the 2nd day of December, 2024.

/s/ Timothy W. Porter  
Timothy W. Porter