IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL DOCKET NO. 2974 1:20-md-02974-LMM |
| **This document relates to:** | ) ) | |
| FAATIMAH MCKEE vs. TEVA PHARMACEUTICALS USA, INC., ET AL. | ) ) ) ) ) | Civil Action No.: 1:21-cv-04908-LMM |

### PLAINTIFF FAATIMAH MCKEE'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CERTAIN CASES BARRED BY CERTAIN STATUTES OF LIMITATIONS AND REPOSE

Plaintiff Faatimah McKee, by and through counsel, files this Response in Opposition to Defendants' Motion to Dismiss Cases Barred by Certain Statutes of Limitations and Repose (MDL Dkt. No.713 and Plaintiff's Dkt. 8), and in support thereof would show unto the Court the following:

### BACKGROUND AND INTRODUCTION

Plaintiff McKee's lawsuit is one of many cases filed in the Paragard Multidistrict Litigation that was established in 2020 regarding the Paragard IUD. Defendants filed their Motion to Dismiss Cases Barred by Certain Statutes of Limitations and Repose on September 12, 2024, in an effort to dismiss certain cases on statutes of limitations and/or repose grounds. MDL Dkt. 709. This motion was also filed in Plaintiff's individual case docket. Individual Dkt. 8. On September 19, 2024, the Court entered a scheduling order establishing the deadlines for the parties to submit responsive briefs. MDL Dkt. 713. Plaintiffs' Leadership submitted an omnibus response on

November 11, 2024, on behalf of all plaintiffs identified by Defendants in their Motion to Dismiss. MDL Dkt. 729. Any plaintiffs choosing to file a separate and individual response are permitted to do so on December 2, 2024. MDL Dkt. 713.

Defendants argue that Plaintiff Faatimah McKee's strict liability claims only are barred by Georgia's 10-year statute of repose. Defendants, however, are barred from raising the statute of repose due to the fraudulent concealment exception.

## ARGUMENT

### A. Incorporation of Plaintiffs' Leadership's Omnibus Response

As part of the Court's scheduling order entered in the Paragard MDL, Plaintiffs' Leadership submitted their omnibus Plaintiffs' Opposition to Defendants' Motion on November 11, 2024. MDL Dkt. 729. While Plaintiff McKee is choosing to submit an individual response to Defendants' Motion to Dismiss, Plaintiff McKee is also incorporating any and all arguments raised in the omnibus Plaintiffs' Opposition to Defendants' Motion. MDL Dkt. 729.

### B. Fraudulent Concealment Bars Defendants' from Asserting the Statute of Limitations to Dismiss Plaintiff Shannon Overton's Strict Liability Claims

Strict product liability claims are subject to a 10-year statute of repose pursuant to O.C.G.A. § 51-1-11(b)(2). This 10-year period begins to run from the "date of first sale for use or consumption of the personal property…bringing about the injury." O.C.G.A. § 51-1-11(b)(2). Georgia case law recognizes equitable estoppel which would bar a defendant from raising the statute of repose. *See PTI Royston, LLC v. Eubanks*, 360 Ga.App. 263, 272 (Ga. App. 2021). Georgia courts look to whether "the evidence of defendant's fraud or other conduct on which the plaintiff reasonably relied in forbearing the bringing of a lawsuit is found by the [trier of fact] to exist, then the defendant, under the doctrine of equitable estoppel, is stopped from raising the defense of the statute of ultimate repose." *Id*. Said otherwise, "the statute of repose is not tolled by

fraud, but fraud, instead, gives rise to the doctrine of equitable estoppel, which prevents the defendant from asserting the defense of the statute of repose, because his or her own wrongful conduct gave rise to the defense and prevented the plaintiff from exercising reasonable diligence to learn the nature and cause of the injury attributable to the defendant and from bringing suit." *Esener v. Kinsey*, 522 S.E.2d 522, 524 (Ga. App. 1999). It is an issue for the jury to determine whether plaintiff exercised diligence in order to utilize the doctrine of equitable estoppel and prevent the defendant from asserting statute of repose. *Id*. The injury itself must have occurred within the statute of repose period. *See Rosenberg v. Falling Water Inc.*, 709 S.E.2d 227, 230 (Ga. 2011)

Defendants' sole contention for dismissal is that Plaintiff failed to affirmatively plead that "plaintiff reasonably relied on a fraudulent act or statement by the defendant that occurred *after* the plaintiff's injury accrued and, as a result of that fraud, the plaintiff did not file suit until after the repose period expire" pursuant to Fed. R. Civ. P. 9(b). MDL Dkt. 709, pg. 31-32. Plaintiff McKee, as an individual member case in the Paragard MDL, only had to file a short form complaint, but is permitted to draw upon Plaintiffs' Second Amended Master Personal Injury Complaint ("MPIC"), including any and all allegations of fraud and fraudulent concealment asserted in the MPIC. MDL Dkt. 79. The MPIC addressed the myriad of ways that Defendants acted to affirmatively withhold or misrepresent facts sufficient to plead fraudulent concealment. *See* Plaintiffs' Opposition, MDL Dkt. 729, pgs. 11-12. The assertions raised in both the Short Form Complaint and the MPIC, combined with the fact that Georgia Courts have held that it is jury issue to determine whether a plaintiff exercised due diligence for utilization of equitable estoppel (*see Esener*, 522 S.E.2d at 524) are sufficient for this Court to find dismissal of Plaintiff McKee's strict liability claims at this stage is inappropriate.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff McKee requests that Defendants' Motion to Dismiss be denied, and requests such other relief to Plaintiff as the Court deems just.

THIS the 2nd day of December 2024.

                Respectfully submitted,

By:   */s/ Timothy W. Porter*
       Timothy W. Porter

       Timothy W. Porter, MSB No. 9687
       Suzanne Elizabeth Smith, PSB No. 328502
       Mitte R. Field, MSB No. 106291
       PORTER & MALOUF, P.A.
       Post Office Box 12768 Jackson, MS 39236
       Telephone: 601-957-1173
       Facsimile: 601-957-7366
       tim@portermalouf.com
       ssmith@portermalouf.com
       mfield@portermalouf.com
       Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I, Timothy W. Porter, do hereby certify that I have this day caused a true and correct copy of the above and foregoing document to be filed with the Clerk of Court using the Court's Electronic Filing system, which will send notification to all counsel of record.

This the 2nd day of December, 2024.

*/s/ Timothy W. Porter*
Timothy W. Porter
