IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD PRODUCTS | ) | MDL DOCKET NO. 2974 |
| LIABILITY LITIGATION | ) | 1:20-md-02974-LMM |
| | ) | |
| | ) | |
| **This document relates to:** | ) | |
| | ) | |
| PATRICIA JEMIOLO | ) | Civil Action No.: 1:22-cv-00464-LMM |
| vs. | ) | |
| | ) | |
| TEVA PHARMACEUTICALS | ) | |
| USA, INC., ET AL. | ) | |

**PLAINTIFF PATRICIA JEMIOLO'S RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS CERTAIN CASES BARRED BY CERTAIN
STATUTES OF LIMITATIONS AND REPOSE**

Plaintiff Patricia Jemiolo, by and through counsel, files this Response in Opposition to

Defendants' Motion to Dismiss Cases Barred by Certain Statutes of Limitations and Repose (MDL

Dkt. No.713 and Plaintiff's Dkt. 8), and in support thereof would show unto the Court the

following:

**BACKGROUND AND INTRODUCTION**

Plaintiff Jemiolo's lawsuit is one of many cases filed in the Paragard Multidistrict

Litigation that was established in 2020 regarding the Paragard IUD. Defendants filed their

Motion to Dismiss Cases Barred by Certain Statutes of Limitations and Repose on September 12,

2024, in an effort to dismiss certain cases on statutes of limitations and/or repose grounds. MDL

Dkt. 709. This motion was also filed in Plaintiff's individual case docket. Individual Dkt. 8. On

September 19, 2024, the Court entered a scheduling order establishing the deadlines for the

parties to submit responsive briefs. MDL Dkt. 713. Plaintiffs' Leadership submitted an omnibus

response on November 11, 2024, on behalf of all plaintiffs identified by Defendants in their

Motion to Dismiss. MDL Dkt. 729. Any plaintiffs choosing to file a separate and individual

response are permitted to do so on December 2, 2024. MDL Dkt. 713.

Defendants argue that Plaintiff Patricia Jemiolo's product liability claims are barred by a

three-year statute of limitations and her warranty claims are barred by a four-year statute of

limitations. Defendants, however, are barred from raising the statute of limitations on both claims

due to the equitable estoppel exception.

## ARGUMENT

### A.  Incorporation of Plaintiffs' Leadership's Omnibus Response

As part of the Court's scheduling order entered in the Paragard MDL, Plaintiff's

Leadership submitted their omnibus Plaintiffs' Opposition to Defendants' Motion on November

11, 2024. MDL Dkt. 729. While Plaintiff Jemiolo is choosing to submit an individual response to

Defendants' Motion to Dismiss, Plaintiff Jemiolo is also incorporating any and all arguments

raised in the omnibus Plaintiffs' Opposition to Defendants' Motion. MDL Dkt. 729.

### B.  Equitable Estoppel Bars Defendants' from Asserting the Statute of Limitations to Dismiss Plaintiff Jemiolo's Claims

There is no dispute that New York product liability claims are subject to a three-year statute

of limitations, pursuant to CPLR § 214(5) and that her breach of warranty claims are subject to a

four-year statute of limitations pursuant to NY UCC §2-725(2).  New York recognizes equitable

estoppel as a mechanism to prevent Defendant from asserting the statute of limitations as a defense.

*See Ansley v. Wyeth*, 2009 NY Slip Op 32905, pg. 18-19 (U) (N.Y. Sup. Ct. 11/30/2009), 2009

NY Slip Op 32905, No. 100444/05., No. 105816/04., No. 108276/05. (N.Y. Sup. Ct. Nov 30,

2009). Defendants "may be estopped to plead the Statute of Limitations where plaintiff was

induced by fraud, misrepresentations or deception to refrain from filing a timely action. *Id.*

Equitable estoppel has been deemed to not apply when "the misrepresentation or act of concealment underlying the estoppel claim is the same act which forms the basis of plaintiff's underlying cause of action. *Id.* (citing *Kaufman v. Cohen*, 307 A.D. 2d 113, 112 (1st Dept. 2003). To prove equitable estoppel, a plaintiff "must demonstrate reasonable reliance on defendant's misrepresentations (citations omitted), and due diligence on the part of the plaintiff in asserting the facts…" *Id.* (*citing Pablad v. Brustman*, 33 A.D. 3d 519-520 (1st Dept. 2006).

Defendants' sole contention for dismissal is that Plaintiff failed to particularly plead fraudulent concealment and equitable estoppel pursuant to Fed. R. Civ. P. 9(b). MDL Dkt. 709, pg. 16-17. Plaintiff Jemiolo, as an individual member case in the Paragard MDL, only had to file a short form complaint, but is permitted to draw upon Plaintiffs' Second Amended Master Personal Injury Complaint ("MPIC"), including any and all allegations of fraud and fraudulent concealment asserted in the MPIC. MDL Dkt. 79. The MPIC addressed the myriad of ways that Defendants acted to affirmatively withhold or misrepresent facts related to Paragard's defective nature and propensity of breakage sufficient to plead fraudulent concealment in New York. *See* Plaintiffs' Opposition, MDL Dkt. 729, pgs. 11-12. The assertions raised in both the Short Form Complaint and the MPIC are sufficient for this Court to find that dismissal on statute of limitations grounds of Plaintiff Jemiolo's product liability and breach of warranty claims at this stage of the litigation is improper.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff Jemiolo requests that Defendants' Motion to Dismiss be denied, and requests such other relief to Plaintiff as the Court deems just.

THIS the 2nd day of December 2024.

Respectfully submitted,

By:    */s/ Timothy W. Porter*
       Timothy W. Porter

       Timothy W. Porter, MSB No. 9687
       Suzanne Elizabeth Smith, PSB No. 328502
       Mitte R. Field, MSB No. 106291
       PORTER & MALOUF, P.A.
       Post Office Box 12768 Jackson, MS 39236
       Telephone: 601-957-1173
       Facsimile: 601-957-7366
       tim@portermalouf.com
       ssmith@portermalouf.com
       mfield@portermalouf.com
       Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I, Timothy W. Porter, do hereby certify that I have this day caused a true and correct copy of the above and foregoing document to be filed with the Clerk of Court using the Court's Electronic Filing system, which will send notification to all counsel of record.

This the 2nd day of December, 2024.

       */s/ Timothy W. Porter*
       Timothy W. Porter