IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL DOCKET NO. 2974 1:20-md-02974-LMM |
| **This document relates to:** | ) ) | |
| TELA GARRETT vs. TEVA PHARMACEUTICALS USA, INC., ET AL. | ) ) ) ) ) | Civil Action No.: 1:22-cv-01561-LMM |

**PLAINTIFF TELA GARRETT RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CERTAIN CASES BARRED BY CERTAIN STATUTES OF LIMITATIONS AND REPOSE**

Plaintiff Tela Garrett, by and through counsel, files this Response in Opposition to Defendants' Motion to Dismiss Cases Barred by Certain Statutes of Limitations and Repose (MDL Dkt. No.713 and Plaintiff's Dkt. 9), and in support thereof would show unto the Court the following:

**BACKGROUND AND INTRODUCTION**

Plaintiff Garrett's lawsuit is one of many cases filed in the Paragard Multidistrict Litigation that was established in 2020 regarding the Paragard IUD. Defendants filed their Motion to Dismiss Cases Barred by Certain Statutes of Limitations and Repose on September 12, 2024, in an effort to dismiss certain cases on statutes of limitations and/or repose grounds. MDL Dkt. 709. This motion was also filed in Plaintiff's individual case docket. Individual Dkt. 9. On September 19, 2024, the Court entered a scheduling order establishing the deadlines for the parties to submit responsive briefs. MDL Dkt. 713. Plaintiffs' Leadership submitted an omnibus response on

November 11, 2024 on behalf of all plaintiffs identified by Defendants in their Motion to Dismiss. MDL Dkt. 729. Any plaintiffs choosing to file a separate and individual response are permitted to do so on December 2, 2024. MDL Dkt. 713.

Defendants argue that Plaintiff Tela Garrett's product liability claims are barred under Iowa's statute of repose. Defendants' Motion must be denied, however, because Defendants are barred from raising the statute of repose due to the fraudulent concealment exception.

## ARGUMENT

### A. Incorporation of Plaintiffs' Leadership's Omnibus Response

As part of the Court's scheduling order entered in the Paragard MDL, Plaintiffs' Leadership submitted their omnibus Plaintiffs' Opposition to Defendants' Motion on November 11, 2024. MDL Dkt. 729. While Plaintiff Tela Garrett is choosing to submit an individual response to Defendants' Motion to Dismiss, Plaintiff Garrett is also incorporating any and all arguments raised in the omnibus Plaintiffs' Opposition to Defendants' Motion. MDL Dkt. 729.

### B. Fraudulent Concealment Bars Defendants' from Asserting the Statute of Repose to Dismiss Plaintiff Garrett's Claims

There is no dispute that Iowa product liability claims are subject to a 15-year statute of repose that begins on the date which "the product was first purchased, leased, bailed, or installed for use by the manufacturer." Iowa Code §§ 614.1(2A)(a). But, Iowa's Statute of Repose also contains a codified a fraudulent concealment exception to the statute of repose in the final sentence of Iowa Code §§ 614.1(2A)(a): "this subsection shall not apply if the manufacturer, assembler, designer, supplier of specifications, seller, lessor, or distributor of the product intentionally misrepresents facts about the product or fraudulently conceals information about the product and that conduct was a substantial cause of the claimant's harm." *Id*.

Iowa also recognizes common law fraudulent concealment wherein it must be shown that "1) the defendant has made a false representation or has concealed material facts; (2) the plaintiff lacks knowledge of the true facts; (3) the defendant intended the plaintiff to act upon such representations; and (4) the plaintiff did in fact rely upon such representations to [her] prejudice." *See Estate of Anderson v. Iowa Dermatology Clinic, PLC*, 819 N.W.2d 408, 414-15 (Iowa 2012). Under common law fraudulent concealment, a plaintiff must prove that the defendant engaged in affirmative conduct to conceal the plaintiff's cause of action. *Id*. at 415. Moreover, the affirmative conduct of concealment "must be independent of and subsequent to the liability-producing conduct." *Id*. If a fiduciary or confidential relationship between the plaintiff and defendant exists, then such relationship relaxes the need for a plaintiff to prove an affirmative act of concealment on part of the defendant. *Id*.

The Northern District of Iowa, Western Division in *Herbst v. Givaduan Flavors Corporation* stated that § 614.1(2A)(a) fraudulent concealment exception requires that a defendant's fraudulent concealment relate to concealment of "information about the product" and this concealment "was a substantial cause of the claimant's harm." *Herbst v. Givaudan Flavors Corporation*, 341 F.Supp.3d 1006, 1012 (2018). Further, the Herbst court held that the elements of common-law fraudulent concealment apply to proving codified fraudulent concealment in § 614.1(2A)(a). *Id*.

Defendants' sole contention for dismissal is that Plaintiff failed to affirmatively plead that the Defendant engaged in "affirmative conduct to conceal the plaintiff's cause of action" pursuant to Fed. R. Civ. P. 9(b). MDL Dkt. 709, pg. 21. Plaintiff Garrett, as an individual member case in the Paragard MDL, only had to file a short form complaint, but is permitted to draw upon Plaintiffs' Second Amended Master Personal Injury Complaint ("MPIC"), including any and all allegations

of fraud and fraudulent concealment asserted in the MPIC. MDL Dkt. 79. The MPIC addressed the myriad of ways that Defendants acted to affirmatively withhold or misrepresent facts sufficient to plead fraudulent concealment. *See* Plaintiffs' Opposition, MDL Dkt. 729, pgs. 11-12. The assertions raised in both the Short Form Complaint and the MPIC are sufficient for this Court to find that Defendants are barred from asserting the Iowa Statute of Repose to dismiss Plaintiff Garrett's claims at this stage of the litigation.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff Garrett requests that Defendants' Motion to Dismiss be denied, and requests such other relief to Plaintiff as the Court deems just.

THIS the 2nd day of December 2024.

                                         Respectfully submitted,

By:   */s/ Timothy W. Porter*
       Timothy W. Porter

       Timothy W. Porter, MSB No. 9687
       Suzanne Elizabeth Smith, PSB No. 328502
       Mitte R. Field, MSB No. 106291
       PORTER & MALOUF, P.A.
       Post Office Box 12768 Jackson, MS 39236
       Telephone: 601-957-1173
       Facsimile: 601-957-7366
       tim@portermalouf.com
       ssmith@portermalouf.com
       mfield@portermalouf.com
       Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I, Timothy W. Porter, do hereby certify that I have this day caused a true and correct copy of the above and foregoing document to be filed with the Clerk of Court using the Court's Electronic Filing system, which will send notification to all counsel of record.

This the 2nd day of December, 2024.

*/s/ Timothy W. Porter*
Timothy W. Porter
