# ATTACHMENT A
# DEFINITIONS AND INSTRUCTIONS

The requests, definitions, and instructions that apply to this Subpoena are set forth below.

1. "You" or "your" refers to Parexel International (MA) Corporation ("Parexel"), including but not limited to its parents, subsidiaries, predecessor entities, business units, employees (current and former), executives (current and former), and anyone who has acted or is acting on behalf of Parexel, including but not limited to professional search firms/recruiting agencies. "You" or "your" is also specifically intended to include the subsidiaries/predecessor entities known as Parexel International Corporation and/or PAREXEL International, LLC.

2. "Defendants" mean Defendants Teva Pharmaceuticals USA, Inc., Teva Women's Health, LLC, and Teva Branded Pharmaceutical Products R&D, Inc. (collectively "the Teva Defendants") and the Cooper Companies, Inc., and CooperSurgical, Inc. (collectively "the Cooper Defendants"), including their predecessor and/or subsidiary entities (FEI Women's Health, FEI Products, LLC, Barr Pharmaceuticals, and Duramed Pharmaceuticals, Inc.) agents or representatives and legal counsel.

3. "Paragard" refers to the intrauterine birth control device Paragard® sold by Defendants under its registered trademark Paragard.

4. All documents to be produced should be produced within 30 days after

being served in an electronic format via FTP site or similar service. *See* Fed. R. Civ. P. 34.

5. To the extent that any of the documents responsive to these requests contain confidential information, the Agreed Protective Order entered in these cases (Docket No. 36) shall apply. A courtesy copy of that Order is being provided with this attachment.

6. The applicable time-period for these Requests is January 1, 2004, through the present.

7. Please contact undersigned counsel promptly after receipt of this subpoena and notice to confer in good faith about the requests below, the method of production, and the date and time of compliance.

## DOCUMENTS TO BE PRODUCED

1. Any and all contracts, agreements, or statements of work between Parexel and Defendants and/or anyone acting on their behalf relating to Paragard.

2. Any and all communications between Parexel and Defendants referring or otherwise relating to Paragard and product quality, adverse events, consumer complaints, manufacturing defects, product breakage, and/or product fracturing.

3. Any and all communications between Parexel and Defendants referring or otherwise relating to your work on the Paragard inserter.

4. Any and all communications between Parexel and any other third party, including, but not limited to the Food and Drug Administration ("FDA"), the Center

for Devices and Radiological Health ("CDRH"), the European Medicines Agency ("EMA"), European Union national competent authorities, and/or any other regulatory organization, relating to Paragard, including, but not limited to, Type C meeting communications.

5.     Any and all documents related to submissions to, or communications with, the FDA, or other regulatory authority, related to your work on Paragard, including, but not limited to:

- FDA briefing materials;
- Documents showing regulatory compliance;
- NDA, sNDA, or other supplemental or registrational submissions.

6.     Any and all standard operating procedures ("SOPs") or similar corporate standards relating to your work with Paragard, whether drafted by you or not;

7.     Any and all documents disclosing the identity and involvement of parties, other than Defendants, that you contracted or consulted with regarding Paragard.

8.     Any and all minutes, e-mails, notes, or other documentation generated from meetings, calls, and/or other discussions with Defendants, consumers, healthcare providers, and/or any other person or entity about Paragard and product quality, adverse events, consumer complaints, manufacturing defects, and/or product breakage.

9. Any and all documents related to audits you performed for Defendants related to Paragard, including, but not limited to, the Quality Management System Compliance Assessment of CooperSurgical, Inc.'s North Tonawanda, New York facility in October 2018.

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2024, I served via electronic mail to the email addresses identified below a true and correct copy in PDF format of Plaintiffs' Subpoena and Attachment A:

### **Co-Lead Counsel for the Cooper Defendants**

| | |
|---|---|
| Tara L. Blake | Caroline D. Walker |
| Butler Snow LLP | Butler Snow LLP |
| 150 3rd Ave. S. | One Federal Place |
| Suite 1600 | Suite 1000 |
| Nashville, TN 37201 | Birmingham, AL 35203 |
| Telephone: 615.651.6760 | Telephone: 205.297.2220 |
| tara.blake@butlersnow.com | caroline.walker@butlersnow.com |

### **Co-Lead Counsel for the Teva Defendants**

| | |
|---|---|
| Christopher D. Morris | Pamela L. Ferrell |
| Butler Snow LLP | Butler Snow LLP |
| Renaissance at Colony Park, Ste 1400 | 1170 Peachtree Street NE |
| 1020 Highland Colony Parkway | Suite 1900 |
| Ridgeland, MS 39158 | Atlanta, GA 30309 |
| Telephone: 601.985.4437 | Telephone: 678.515.5011 |
| Chris.Morris@butlersnow.com | pamela.ferrell@butlersnow.com |

### **Co-Liaison Counsel for Defendants**

| | |
|---|---|
| Lori G. Cohen | Allison Ng |
| Greenberg Traurig, LLP | Greenberg Traurig, LLP |
| Terminus 200 | Terminus 200 |
| 3333 Piedmont Road NE, Suite 2500 | 3333 Piedmont Road NE, Suite 2500 |
| Atlanta, GA 30305 | Atlanta, GA 30305 |
| Telephone: 678.553.2385 | Telephone: 678.553.2129 |
| CohenL@gtlaw.com | nga@gtlaw.com |

*/s/ R. Andrew Jones*
R. Andrew Jones