IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL DOCKET NO. 2974 1:20-md-02974-LMM |
| **This document relates to:** | ) ) | |
| CHAMPAGNE AYALA vs. TEVA PHARMACEUTICALS USA, INC., ET AL. | ) ) ) ) ) | Civil Action No.: 1:21-CV-02876-LMM |

## PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE

Plaintiff CHAMPAGNE AYALA, by and through counsel, files this Response the Court's Order to Show Cause (MDL Dkt. No. 768), and in support thereof would show unto the Court the following:

This Court has entered several Case Management Orders which govern the submission Plaintiff Fact Sheets ("PFS") in this MDL as well as the curing of any deficiencies identified by Defendants. *See* MDL Dkt. Nos. 331, 385, 434, 553, and 634. On December 30, 2024, this Court entered an Order to Show Cause on why certain Plaintiffs should not have their cases dismissed for failures to comply with the PFS CMOs. *See* MDL Dkt. No. 768.

The various iterations of the CMOs as to the submission of the PFS all generally require that Defendant's counsel "shall notify Plaintiff's attorney of record in writing via email" as to certain kinds of deficiencies in a Plaintiff's PFS submission. *See* MDL Dkt. No. 634 at pg. 8. The CMOs do not define what "attorney of record" means, so Plaintiff's counsel generally interprets that to mean the counsel listed on a Plaintiff's Short Form Complaint ("SFC"), along with any

attorneys that subsequently file their Notice of Appearance. A SFC was filed in this individual case, listing Timothy W. Porter and Laurel Li Harris of Porter & Malouf, P.A. as primary counsel of record for Plaintiff Ayala. *See* Individual Dkt. No. 1. Attorney Mittie R. Field, of Porter & Malouf, entered her appearance in this case on or about January 26, 2022. *See* Individual Dkt. No. 10.

After this Court entered its Show Cause Order and published a list of plaintiffs subject to the order, including Plaintiff Ayala, this firm's counsel for Plaintiff Ayala immediately searched within the email inboxes of all Porter & Malouf, P.A. counsel of record to locate any Notice of Deficiency correspondence emailed by Defendants. After diligent review of the email inboxes for Timothy W. Porter and Mittie R. Field, the undersigned counsel was unable to locate any Notice of Deficiency correspondence being sent to Mr. Porter and Ms. Field. Ms. Laurel Li Harris left Porter & Malouf in October 2021, and any correspondence sent to her former email with Porter & Malouf, P.A. (laurelli@portermalouf.com) would have bounced back as being undeliverable. This email address (laurelli@portermalouf.com) was listed on the SFC. *See* Individual Dkt. No. 1.

Plaintiff's apparent failure to timely respond to the Notice of Deficiency was inadvertent as current counsel for Plaintiff were not even aware that a PFS deficiency was outstanding. Neither Timothy W. Porter nor Mittie R. Field were able to locate Notice of Deficiency letter in their email inbox. Upon learning that Plaintiff Ayala was listed on the Show Cause Order, counsel for Plaintiff immediately reached out to counsel for Defendants to ask for a 15-day extension and to request the Notice of Deficiency be sent so that they may work on curing the deficiency.

Counsel for Defense, Chris Morris, communicated that Defendants had no objection to the additional 15 days to cure the deficiency from the date that the Notice of Deficiency was received.

In that same communication, Chris Morris's office sent the Notice of Deficiency to Porter & Malouf on January 9, 2024.

In the interests of justice, and because Defendants have no objection in granting Plaintiff additional time to cure the deficiencies, Plaintiff has shown just cause as to why Plaintiff's case should not be dismissed.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff Ayala respectfully requests that this Court grant Plaintiff's request for an additional 15 days to cure any deficiencies identified by the Defendant at this time and the 15-day period should begin after Plaintiff has received the Notice of Deficiency. Defendants have no objection to this request for additional time to cure the deficiency. In the alternative, Plaintiff requests to be heard on why her case should not be dismissed.

THIS the 9th day of January 2025.

                          Respectfully submitted,

By:    */s/ Timothy W. Porter*
        Timothy W. Porter

        Timothy W. Porter, MSB No. 9687
        Suzanne Elizabeth Smith, PSB No. 328502
        Mitte R. Field, MSB No. 106291
        PORTER & MALOUF, P.A.
        Post Office Box 12768 Jackson, MS 39236
        Telephone: 601-957-1173
        Facsimile: 601-957-7366
        tim@portermalouf.com
        ssmith@portermalouf.com
        mfield@portermalouf.com
        Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

    I, Timothy W. Porter, do hereby certify that I have this day caused a true and correct copy of the above and foregoing document to be filed with the Clerk of Court using the Court's Electronic Filing system, which will send notification to all counsel of record.

    This the 9th day of January, 2025.

                                                  */s/ Timothy W. Porter*
                                                  Timothy W. Porter