UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: PARAGARD PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>KATHLENE COPELAND<br><br>v.<br><br>TEVA PHARMACEUTICALS, USA, INC., ET AL. | MDL DOCKET NO. 2974<br>1:20-md-02974-LMM<br><br>Civil Action No. 1:23-cv-03474-LMM |

**PLAINTIFF KATHLENE COPELAND'S RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiff Kathlene Copeland, by and through the undersigned counsel, responds to the Court's Order to Show Cause issued December 30, 2024, as follows:

Plaintiff submitted her original Plaintiff Fact Sheet ("PFS") on January 2, 2024, through filing on the P&N Paragard MDL Portal, pursuant to the Court's Case Management Order Regarding Plaintiff Fact Sheets and PFS Document Production and related amended case management orders, Dkt. 331, 385, 434, 553, 634 (collectively "PFS CMOs"). *See* Ex. A (Pl.'s P&N Paragard MDL Portal Filing Summary).

On November 21, 2024, Defendants served the Notice of Deficient PFS and Deficient Authorizations on Plaintiff. Ex. B (PFS Deficiency Notice – Redacted). This Notice identified a single "Deficient Answer" in Plaintiff's PFS and sought "updated contact information" for one health care provider identified in Plaintiff's PFS. *Id*.

Plaintiff's counsel first attempted to upload the amended PFS with this updated healthcare provider contact information on December 17, 2024. But the upload was not completed, unbeknownst to Plaintiff's counsel. After receiving the Court's Order to Show Cause, Plaintiff's

counsel checked the P&N Paragard MDL Portal for the amended PFS filing and learned it was not uploaded properly. Accordingly, on January 6, 2025, Plaintiff's amended PFS was uploaded to the P&N Paragard MDL Portal, curing the PFS deficiency flagged by Defendants. Ex. A.

Even if Plaintiff had not cured the purported deficiency in her PFS, the Court's PFS CMOs do not provide grounds for dismissal of Plaintiff's case for merely omitting "updated contact information" for a single healthcare provider in her PFS. These CMOs provide only three grounds for dismissal pursuant to an order to show cause, none of which applies here. *See* Dkt. 331, 385, 434, 553, 634 at ¶ D.1.a.-c. These three grounds are "fail[ure] to sign and date the Declaration page or…provide duly executed Authorizations by the deadline," "excessive responses of 'I don't know' or 'To be determined,' or leav[ing] an excessive amount of responses to questions blank," and "fail[ure] to produce responsive documents in her possession or control." *Id*. Defendants' attempt to dismiss a case for a minor omission is inappropriate and should not be permitted in this case, or any other.

Plaintiff respectfully requests that her claims not be dismissed by the Court since she has cured the purported PFS deficiency noticed by the Defendants, there are no grounds in the Court's PFS CMOs for dismissal based on this purported deficiency, and the delay in curing her PFS was inadvertent.

Dated: January 13, 2025          Respectfully submitted,

/s/ Nicole Berg
Nicole Berg (IL Bar #6305464)
Keller Postman LLC
150 N. Riverside Plaza, Suite 4100
Chicago, IL 60606
312-741-5220
ncb@kellerpostman.com

Laura V. Yaeger
Yaeger Law, PLLC

2

FL Bar No. 101972
TX Bar No. 24011432
4905 34th St S, Suite 310
Saint Petersburg, FL 33747
727-202-5015
laura@yourlegalcounsel.net

*Attorneys for the Plaintiff*

## **CERTIFICATE OF SERVICE**

 I hereby certify that on January **13**, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record who have appeared herein.

              */s/ Nicole Berg*

              *Attorney for the Plaintiff*