IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: PARAGARD IUD PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO.: 2974<br><br>(1:20-md-02974-LMM)<br><br>**This document relates to:**<br><br>**Cheniqua Little**<br>**(1:21-cv-02693-LMM)**<br>**Marissa Liza**<br>**(1:21-cv-02686-LMM)** |

### BRIEF IN SUPPORT OF PLAINTIFFS CHENIQUA LITTLES AND MARISSA LIZA'S MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER DATED JANUARY 24, 2025 DISMISSING PLAINTIFFS' COMPLAINTS WITH PREJUDICE

### STATEMENT OF FACTS

On or about December 30, 2024, this Court entered an order to show cause as to 79 plaintiffs with alleged PFS deficiencies (DE 768).

I have a dedicated Paragard paralegal whose function is to open and act on ALL emails received in In Re Paragard Products Liability Litigation, and bring to my attention all matters needing my attention.

Unfortunately, this paralegal's computer crashed on December 30, 2024, and she was unable to retrieve any emails for that date.

At that time, I was under the impression that no deficiency letters were received by this office for the Liza or Little cases. I confirmed this with the other members of my firm's Paragard team.

However, on or about July 25, 2024, paralegal Sheena Edwards from the Butler Snow for defendants' law firm emailed me deficiency letters signed by Nikita McMillan esq. of the Butler Snow law firm, in Little and Liza. These are attached hereto as **Exhibits A and B** respectively.

These letters were only emailed to me, not copied to any other members of my team, but were copied to 5 other defense counsel. See **Exhibits A and B**. As this Court will recognize, the only alleged deficiency in either PFS was alleged missing authorizations for specific physicians mentioned in the medical records, even though there were executed medical authorizations for certain medical facilities themselves.

Unfortunately, Ms. Edwards' two letters to me that day, as well as two other letters sent on different dates, inexplicably went into my Spam folder, and were not received by me on that date.

My ECF account information specifically lists SEVERAL email addresses, including but not limited to my personal email address and the email address voorheespi@lawjw.com (Voorhees PI ). See **Exhibit C**, which is a printout of the registered email addresses for my ECF account. The VoorheesPI account was

2

specifically set up by me in consultation with my firm's IT vendor, to ensure that important emails not only are sent to and received by me, but are automatically copied to my team members, including the people on my Paragard team.

Unfortunately, Ms. Edwards' email, enclosing Ms. McMillan's letter, was only sent to my personal email address and not to the VoorheesPI email address, or any of the other emails on my ECF registration. Thus, I did not receive these emails until Friday January 24, 2025, when the Court's Order of that date dismissing numerous plaintiffs with prejudice, was uploaded to ECF. DE 839.

Until that date, neither I nor any member of my team was aware that the defendants took the position that the plaintiff fact sheets (PFS) filed by plaintiffs *Little* or *Liza* were in any way deficient. If any of us had been aware, we would have immediately addressed this.

Upon receipt of this court's order of dismissal, I immediately contacted Ms. McMillan requesting a 2-week extension to cure and reinstate *Little* and *Liza*. I similarly asked for 2 additional cases to be extended for 2 weeks, although those cases were not on any dismissal list.

On January 27, 2025, Ms. McMillan emailed me back and granted the request to extend the other 2 cases but declined to agree to reinstate the *Little* or *Liza* cases.

With regard to the *Little* case, a substantially complete PFS was electronically served on November 3, 2022. Thereafter, plaintiffs served 30 updates, including 23 in 2022, and 7 more on January 28, 2025. Thus, every alleged deficiency in the *Little* case has been cured by plaintiffs' counsel in literally 3 business days from receiving first notice of the alleged deficiency. See **Exhibit D**, pertinent excerpts from ParaGardmdlportal.com relating to this claim.

Regarding the *Liza* case, a substantially complete PFS was electronically served on November 4, 2022. Thereafter, 15 updates were served in 2022, 4 in 2023, and 3 on January 27, 2025. Thus, every alleged deficiency in the Liza case has been cured by plaintiffs' counsel in literally 2 business days from receiving first notice of the alleged deficiency. See **Exhibit E**, pertinent excerpts from ParaGardmdlportal.com relating to this claim.

In essence, plaintiffs are seeking a very brief extension to accept the January 27 and 28 amendments *Nunc Pro Tunc*, as though they were filed prior to the Court's January 24, 2025 dismissal order.

Plaintiffs note that this Court has excepted from the dismissal order several plaintiffs where the alleged deficiencies were cured as late as January 20, 2025. See e.g., Order excepting Carrie DeSelms, DE840 (alleged missing authorization sent to defense January 20, 2025).

Defendants will in no way be prejudiced by this brief extension.

# 1.  UNDER F.R.C.P. 60, PLAINTIFFS' MOTION FOR RECONSIDERATION SHOULD BE GRANTED, AND THE JANUARY 27 AND 28 PFS AMENDMENTS SHOULD BE CONSIDERED AS SERVED *NUNC PRO TUNC*

Federal Rule Civ Pro. 5(b) states in pertinent part that ALL pleadings and discovery papers which are served electronically must be served:

> by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served…   FRCP5(b)(2)(E).

Unfortunately, defendants "deficiency letter" was not served in this manner, and was only served on the undersigned's personal email. Had this been sent in accordance with FRCP 5(b), I certainly would have received it in a timely manner, and the deficiency would have been cured timely.

Local Rule 5.1 for the Northern District of Georgia provides only that service in the Court's ECF system "constitutes service of the filed document on registered users." The local rules do NOT make any provision for serving papers electronically by any other means. Appendix H to those Local Rules, Sec 13, provides that a filing party shall serve a pleading "or other document" upon all persons entitled to receive notice or service in accordance with the applicable [Federal Rules of Civil Procedure].

Again, defendants' service of their "deficiency letter" did not comply with LR 5.1. Had it been served in accordance with this Rule, I would have received it and cured the alleged deficiency.

Local Rule 5.4 further provides that the party responsible for service of "discovery material" (in this case, that would be defendant, and the undersigned presumes that a "deficiency letter" is properly characterized as discovery material) "shall file a certificate with the clerk indicating the date of service." Defendants did not comply with this rule either.

While plaintiffs certainly agree that strict adherence to the above rules may not always be practical in a mass tort setting such as this, similarly there must be reasonable accommodations to plaintiffs in this case.

Federal Rule of Civil Procedure 60(b) governs the reopening of cases. It states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether [*4] previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *see also Richardson v. Shilfbaun*, No. 1:06-cv-0171, 2008 U.S. Dist. LEXIS 17737, 2008 WL 686236, at *1 (N.D. Ga. Mar. 7, 2008) (providing Federal Rule of Civil Procedure 60(b) governs the reopening of cases). Rule 60(b) "strike[s] a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts.'" *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981) (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970)). A motion to reopen a case is committed to the sound discretion of the judge. *Gas Ridge, Inc. v. Suburban Agric. Props., Inc.*, 150 F.2d 363, 366 (5th Cir. 1945).

A motion made under Rule 60(b) must be made within a reasonable time, and a motion for relief due to excusable neglect must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). This motion is being made with one (1) week of the Court's Order.

A similar issue was considered by the Second Circuit Court of Appeals in Radack v. Norwegian Am. Line Agency, 318 F.2d 538 (2d Cir 1963). In that matter, a personal injury case was removed to the Eastern District of New York. It was dismissed in June 1961 for lack of prosecution. 15 months after the dismissal, plaintiffs moved to vacate the dismissal order and reinstate the case, contending they did not receive notice by mail. The court agreed that it was inconclusive as to whether plaintiffs did or did not receive notice and therefore agree that the case was properly reinstated under rule 60 (B). Moving plaintiff's counsel supported the

motion to reinstate the case with an affidavit that although notice may have been sent to his office, certain disruptions in his office may have prevented him from personally receiving the notice. Id at 541, fn2.

Courts in the 11th circuit, as well as elsewhere in this country, have repeatedly adhered to the notion that rule 60 (b) (6) is a "catch-all" provision, and a "grand reservoir of equitable power to do justice in a particular case." *Nisson v. Lundy*, 975 F.2d 802, 806 (11th Cir, 1992), quoting *Compton v. Alton Steamship Co.,* 608 F.2d 96, 104 (4th Cir.1979); *Meadows v. Cohen,* 409 F.2d 750, 752 n. 4 (5th Cir.1969); (*citing* 7 *Moore's Federal Practice and Procedure* § 60.27[2] at 375). Rule 60(b) is to be given a liberal and remedial construction. *Nisson, 807; Meadows,* 409 F.2d at 752 n. 4; *Sears, Sucsy & Co. v. Insurance Co. of North America,* 392 F.Supp. 398, 411-412 (N.D.Ill.1974); *United States v. Berger,* 86 F.R.D. 713, 714 (W.D.Pa.1980). Rule 60 (b) provides what has been accurately described as an "escape valve" for courts to avoid a manifest injustice, such as would be occasioned here by rigid application of this deadline under these circumstances. See, *Harnish v. Manatee County*, 783 F.2d 1535, 1538 (11th Cir. 1986).

    **2. UNDER THE PRESENT CIRCUMSTANCES, DISMISSAL WITH PREJUDICE IS TOO DRACONIAN OF A SANCTION**

It is a matter of Black letter law that dismissal with prejudice is the most draconian sanction, to be sparingly utilized only in the most extreme cases, and other less severe sanctions should always be considered before dismissal. A dismissal with prejudice should never be granted absent a finding of intentional violation, and prejudice to the adversary. In the present case, under these very unique circumstances, numerous less severe sanctions were available to be imposed, including but not limited to a dismissal without prejudice, or monetary sanctions including a fine or attorney fees. It is beyond dispute that the violation of this Court's December 30, 2024, Order was neither intentional, nor in any way meant to show disrespect to my adversary, the court, or the judicial process. It is simply an unfortunate set of circumstances which will not be repeated. This is clearly supported not only by the enclosed declaration of Michael A Galpern, but by the prior history in these two cases of a substantially completed PFS having been served in a timely fashion, as well as numerous updates having been timely served in each of these cases. There is no pattern of contempt or disobedience present here, nor could defendants even allege such under the circumstances.

In determining sanctions courts will consider "willfulness" on part of person or party failing to act in accordance with discovery procedures. Diaz v. Southern Drilling Corp., 427 F.2d 1118, 1970 U.S. App. LEXIS 10507 (5th Cir.), cert.

denied, 400 U.S. 878, 91 S. Ct. 118, 27 L. Ed. 2d 115, 1970 U.S. LEXIS 660 (1970).

Although showing of willful disobedience or gross negligence is required to impose harsher sanction of order of dismissal or entry of default judgment, finding of willfulness or contumacious conduct is not necessary to support sanctions which are less severe. See, *Martinelli v. Bridgeport Roman Catholic Diocesan Corp.*, 179 F.R.D. 77, 1998 U.S. Dist. LEXIS 13310 (D. Conn. 1998), modified, 196 F.3d 409, (2d Cir. 1999).

It is beyond reasonable dispute that courts should impose only such sanctions as are just, and the drastic nature of an order dismissing complaint without reaching merits have led courts to employ sanctions of Rule 37(b) only on clearest showing that such action is required. *Dunbar v. United States*, 502 F.2d 506, (5th Cir. 1974).

As the 6th Circuit recently held, dismissal with prejudice is only justified after a finding of willfulness of the offending party, prejudice to the adversary, AND the lack of utility of less appropriate sanctions. See, *D & R Servs., LLC v. Mesa Underwriters Specialty Ins. Co.*, 2024 U.S. App. LEXIS 13712 (6th Cir. 2024) . The Court in that case succinctly held:

> Federal Rule of Civil Procedure 37(b)(2)(A) empowers district courts to sanction parties for disobeying a discovery order. This power to sanction includes "dismissing the action or proceeding

10

> in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). We consider four factors in determining whether dismissal is an appropriate sanction: (1) whether the offending party exhibited "willfulness, bad faith, or fault" in its failure to comply; (2) whether the party's failure to comply resulted in prejudice to the opposing party; (3) whether the court warned the offending party "that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered" prior to resorting to dismissal. *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir.2002) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). We have applied these factors "more stringently" where the fault lies with the plaintiff's attorney rather than the plaintiff itself. *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997). Nonetheless, dismissal is appropriate "where there is a clear record of delay or contumacious conduct." [*8] *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll*, 176 F.3d at 363)).
> 
> *D & R Servs., LLC v. Mesa Underwriters Specialty Ins. Co.*, at pp7-8

The inequity of a dismissal with prejudice under these circumstances is even more apparent, when it is clear that Plaintiffs *Little* and *Liza* were entirely blameless, and the problem was solely due to technical problems at the undersigned office. As the Fifth Circuit stated:

> The Fifth Circuit also requires that at least one of three possible "aggravating" factors be present when dismissing an action with prejudice: "(1) delay caused by plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct."

*Hickman v Fox TV* 231 F.R.D. 248, 254 Fn 1, affirmed 2006 U.S.App. LEXIS 10260 (5Th Cir. 2006).

**CONCLUSION**

It is readily apparent that the undersigned's failure to comply with this Court's December 30, 2024 Order was neither intentional, contumacious, nor in bad faith. It is equally apparent that, notwithstanding that this case is an MDL mass tort, and this Court is managing literally thousands of cases, that defendant has suffered NO prejudice by the very brief delay occasioned in providing fully executed medical authorizations, the only deficiency claimed here. It is furthermore readily apparent that neither plaintiff *Little* nor *Liza* had anything to do with this delay; it was due to unprecedented technical issues in the undersigned office, and if any fault is to be attributed, it rests squarely on the undersigned. Under these very unique circumstances, F.R.C.P. 60(b) should be employed to find these authorizations timely served and Plaintiff's should be excepted from the harsh sanction of this Court's January 24, 2025 Order.

Dated:  January 29, 2025                           Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/  Michael A. Galpern
　　　　　　　　　　　　　　　　　　　Michael A. Galpern, Esquire
　　　　　　　　　　　　　　　　　　　NJ Bar No.:  029031988
　　　　　　　　　　　　　　　　　　　JAVERBAUM WURGAFT HICKS KAHN
　　　　　　　　　　　　　　　　　　　WIKSTROM & SININS, PC
　　　　　　　　　　　　　　　　　　　1000 Haddonfield-Berlin Road, Ste. 203
　　　　　　　　　　　　　　　　　　　Voorhees, New Jersey 08043
　　　　　　　　　　　　　　　　　　　Phone:  856-596-4100
　　　　　　　　　　　　　　　　　　　Fax 856-702-6640
　　　　　　　　　　　　　　　　　　　Email:  mgalpern@lawjw.com

## **LOCAL RULE 7.1 CERTIFICATE**

This Memorandum has been prepared in accordance with Local Rule 5.1 in Times New Roman, 14 point font.

/s/ Michael A. Galpern
Michael A. Galpern, Esquire

## CERTIFICATE OF SERVICE

I certify that on this 29th day of January, 2025, I electronically filed the foregoing Motion For Reconsideration of this Court's Order Dated January 24, 2025 Dismissing Complaints of Plaintiffs Marissa Liza and Cheniqua Little with Prejudice, with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to the attorneys of record.

Dated: January 29, 2025

                **JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.**

                /s/ Michael A. Galpern
                Michael A. Galpern, Esquire
                NJ Bar No.: 029031988
                JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, PC
                1000 Haddonfield-Berlin Road, Ste. 203
                Voorhees, New Jersey 08043
                Phone: 856-596-4100
                Fax 856-702-6640
                Email: mgalpern@lawjw.com