IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: PARAGARD IUD PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO.: 2974 <br><br> (1:20-md-02974-LMM) <br><br> **This document relates to:** <br><br> **Cheniqua Little** <br> **(1:21-cv-02693-LMM)** <br> **Marissa Liza** <br> **(1:21-cv-02686-LMM)** |

## DECLARATION OF MICHAEL A GALPERN IN SUPPORT OF PLAINTIFFS CHENIQUA LITTLES AND MARISSA LIZA'S MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER DATED JANUARY 24, 2025 DISMISSING PLAINTIFFS' COMPLAINTS WITH PREJUDICE

MICHAEL A. GALPERN, an attorney admitted to the bar of this Court declares, under penalty of perjury, that:

1. I am a partner at the law firm of Javerbaum Wufgaft Hicks Kahn Wikstrom & Sinins, and counsel for Plaintiffs Cheniqua Littles and Marissa Liza. I am fully familiar with the facts and circumstances set forth herein, and I make this Declaration in support of Plaintiffs Cheniqua Littles and Marissa Liza's Motion for Reconsideration of this Court's Order dated January 24, 2025.

2. I am a member in good standing in the bars of New Jersey, Commonwealth of Pennsylvania, and have been appointed in this case as a member of the Plaintiffs Steering Committee.

3. On or about December 30, 2024, this Court entered an Order to show cause as to 79 plaintiffs with alleged PFS deficiencies (DE 768).

4. I have a dedicated paralegal whose function is to open and act on ALL emails received in In Re Paragard Products Liability Litigation.

5. Unfortunately, this paralegal's computer crashed on December 30, 2024, and she was unable to retrieve any emails for that date.

6. At that time, I was under the impression that no deficiency letters were received by this office for the *Liza* or *Little* cases. I confirmed this with the other members of my firm's Paragard team.

7. On or about July 25, 2024, paralegal Sheena Edwards from the Butler Snow law firm emailed me deficiency letters signed by Nikita McMillan of the Butler Snow Law Firm, in *Little* and *Liza*. These are attached hereto as **Exhibits A and B** respectively.

8. These letters were only emailed to me, not copied to any other members of my team, but were copied to 5 other defense counsel. See Exhibits A and B. As this Court will recognize, the only alleged deficiency in either PFS was an alleged lack of authorization for specific physicians mention in the

medical records, even though there were executed medical authorizations for the facilities themselves.

9.  Unfortunately, Ms. Edwards' two (2) letters to me that day, as well as to others sent on other dates, went into my Spam folder, and were not received by me on that date.

10. My ECF account information specifically lists SEVERAL email addresses, including but not limited to my personal email address and the email address [voorheespi@lawjw.com](mailto:voorheespi@lawjw.com) (Voorhees PI ). See **Exhibit C**, which is a printout of the registered email addresses for my ECF account. The Voorhees PI account was specifically set up by me in consultation with my firm's IT vendor, to ensure that specific important emails not only are sent to me, but are automatically copied to my team members, including the people on my Paragard team.

11. Unfortunately, Ms. Edwards' email, enclosing Ms. McMillan's letter, was only sent to my personal email address and not to the group email address. Thus, I did not receive these emails until Friday, January 24, 2025, when the Courts Order of that date dismissing numerous plaintiffs with prejudice, was uploaded to ECF. DE 839.

12. Until that date, neither I nor any member of my team was aware that the defendants took the position that the plaintiff fact sheets (PFS) filed by plaintiff *Little* or *Liza* were in any way deficient.

13. Upon receipt of this Court's Order of dismissal, I immediately contacted Ms. McMillan requesting a 2-week extension to cure and reinstate Little and Liza. I similarly asked for two (2) additional cases to be extended for two (2) weeks, although those cases were not on any dismissal list.

14. On January 27, 2025, Ms. McMillan emailed me back and granted the request to extend the other two (2) cases, but declined to agree to reinstate the *Little* or *Liza* cases.

15. With regard to the *Little* case, a substantially complete PFS was electronically served on November 3, 2022. Thereafter, Plaintiffs served 30 updates, including 23 in 2022, and 7 on January 28, 2025. Thus, every alleged deficiency in the *Little* case has been cured by plaintiffs' counsel in literally 3 business days from receiving first notice of the alleged deficiency. See **Exhibit D**, pertinent excerpts from ParaGardmdlportal.com relating to this claim.

16. Regarding the *Liza* case, a substantially complete PFS was electronically served on November 4, 2022. Thereafter, 15 updates were served in 2022, 4 in 2023, and 3 on January 27, 2025. Thus, every alleged deficiency in the

*Liza* case has been cured by plaintiffs' counsel in literally 2 business days from receiving first notice of the alleged deficiency. See **Exhibit E**, pertinent excerpts from ParaGardmdlportal.com relating to this claim.

17. In essence, plaintiffs are seeking a very brief extension to accept the January 27 and 28 amendments as though they were filed prior to the Court's January 24, 2025 dismissal order.

18. I note that this Court has excepted from the dismissal order several plaintiffs where the alleged deficiencies were cured as late as January 20, 2025. See, Order excepting Carrie DeSelms, DE840 (missing authorization sent to defense January 20, 2025).

19. Defendants will in no way be prejudiced by this brief extension.

20. As provided under 28 USC§1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  January 29, 2025

Respectfully Submitted,

/s/  Michael A. Galpern
Michael A. Galpern, Esquire