IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD IUD | ) | MDL DOCKET NO. 2974 |
| PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | 1:20-md-02974-LMM |
| | ) | **This Document Relates to All Cases** |

## <u>CASE MANAGEMENT ORDER AND</u><br><u>THIRD AMENDED SCHEDULING ORDER</u>

Except as stated otherwise in this Order, nothing herein (1) is intended to eliminate any applicable provisions of the Federal Rules of Civil Procedure or local court rules; or (2) can or should be interpreted as waiving, abridging, modifying, or limiting any Parties' rights under *Lexecon v. Milberg Weiss*, 523 U.S. 26 (1998).

| Event | DATE |
|---|---|
| Deadline for Defendants to file answers in each individual bellwether case. | January 31, 2025 |
| Deadline for Plaintiffs' Counsel and Defendants' Counsel to meet and confer regarding the one additional fact witness to be deposed. *See*, Section A.4. for additional details. | January 31, 2025 |
| Deadline for Plaintiffs to request company witness depositions.[1] | January 15, 2025 (for custodians identified prior to May 1, 2024) |

---

[1] These deadlines are subject to the caveats articulated by Judge May at the CMC on December 20, 2024 and in prior conferences. Namely, Plaintiffs may request the depositions of additional witnesses on the basis of documents produced on or after December 1, 2024 and/or new deposition testimony. Nothing in this agreement will limit

| | February 10, 2025 (for Custodians identified after May 1, 2024) |
|---|---|
| Deadline for Defendants to Complete Production of all Outstanding Document and Written Discovery, subject to Defendants' obligations to supplement their discovery responses as set forth in Rule 26(e) of the Federal Rules of Civil Procedure and the right of any party to seek leave for additional discovery.<br><br>Deadline For Defendants to Provide Deposition Dates for All Requested Deponents (dates must be in advance of the deadline for the close of depositions) | March 3, 2025 |
| Close of case-specific fact discovery in first BELLWETHER POOL, subject to Plaintiffs and Defendants' obligations to supplement their discovery responses as set forth in Rule 26(e) of the Federal Rules of Civil Procedure and the right of any party to seek leave for additional discovery. | April 11, 2025 |
| Deadline for Defendants to respond to Bellwether Plaintiffs First Set of Interrogatories | April 11, 2025 |
| The parties will meet and confer to make alternate strikes of the BELLWETHER POOL cases until five (5) cases remain (TRIAL ELIGIBLE POOL). Defendants collectively will make strikes 1 and 3, | April 14, 2025 |

---

Plaintiffs' ability to request a previously known witness' deposition so long as the request is based on newly produced documents (i.e. documents produced after December 1, 2024) or testimony.

| | |
|---|---|
| and Plaintiffs collectively will make strikes 2 and 4. | |
| Then the parties will meet and confer to select the TRIAL CASES, making alternate picks from the 5 cases in the TRIAL ELIGIBLE POOL. The Defendants will make pick 1 and the Plaintiffs will make pick 2. | April 15, 2025 |
| The parties will provide a two-page position paper to the Court concerning which 1 of the remaining 3 cases should be selected by the Court for inclusion as a TRIAL CASE. The Court shall select 1 of the remaining 3 cases for inclusion as a TRIAL CASE. | April 16, 2025 |
| Close of general corporate discovery in all cases, subject to Defendants' obligations to supplement their discovery responses as set forth in Rule 26(e) of the Federal Rules of Civil Procedure and the right of any party to seek leave for additional discovery. | April 7, 2025 |
| Deadline for Plaintiffs to serve all Rule 26 expert disclosure and expert reports for the TRIAL CASES; to include 3 dates each designated expert witness may be deposed and the proposed location(s) | June 13, 2025 |
| Deadline for Defendants to serve all Rule 26 expert disclosure and expert reports for the TRIAL CASES; to include 3 dates each designated expert witness may be deposed and the proposed location(s) | June 30, 2025 |
| | |

| | |
|---|---|
| Deadline for rebuttal experts under Rule 26(a)(2)(D)(ii) in TRIAL CASES; to include 3 dates rebuttal expert may be deposed and the proposed location(s) | July 18, 2025 |
| Close of expert discovery in TRIAL CASES | August 15, 2025 |
| Daubert Motion and Dispositive Motion deadline in TRIAL CASES | September 5, 2025 |
| Responses in opposition to Daubert Motions and Dispositive Motions in TRIAL CASES | October 3, 2025 |
| Replies to Daubert Motions and Dispositive Motions in TRIAL CASES | October 24, 2025 |
| Consolidated pretrial order deadline in TRIAL CASES | |
| Motion in limine deadline in TRIAL CASES | |
| Responses to motions in limine in TRIAL CASES | |
| Pretrial Conference in First Bellwether Trial[2] | |
| Final Pretrial Conference in First Bellwether Trial | |
| First Bellwether Trial | January 12, 2026 |
| Second Bellwether Trial | March 3, 2026 |
| Third Bellwether Trial | May 11, 2026 |

## A.    CERTAIN ASPECTS OF THE BELLWETHER PROCESS.

### 1.    Number and General Description of Case-Specific Fact Witnesses.

The following depositions may occur in each of the cases in the initial pool of

Bellwether cases:

---

[2] Pretrial Conference dates for Second and Third Bellwether Trials to be added later.

1. Plaintiff and, if applicable, Plaintiff's spouse;

2. Plaintiff's placing healthcare provider(s);

3. Plaintiff's removing healthcare provider(s);

4. One additional fact witness to plaintiff's claim for injuries, said witness as agreed to by the parties (if applicable)

5. One sales representative (if applicable).[3]

The Court recognizes that there may be more than one placing healthcare provider and/or removing healthcare provider, or more than one applicable sales representative. The parties will meet and confer in an attempt to agree upon whether more than one deposition each of placing and/or removing healthcare providers and/or whether more than one sales representative deposition should be taken, and any unresolved disputes may be brought to the Court by way of simultaneously provided two-page, single-spaced letter briefs.

The Court also recognizes that there may be more than one additional fact witness to plaintiff's claim for injuries. The parties will meet and confer in an attempt to agree upon whether more than one deposition of additional fact witnesses to plaintiff's claim for injuries should be taken as part of the bellwether selection

---

[3] Subject to witness availability, the general order of depositions will be (1) Plaintiffs and Spouses; (2) Health Care Providers and Additional Fact Witnesses; (3) and Sales Representatives (if any).

process, and any unresolved disputes may be brought to the Court by way of simultaneously provided two-page, single-spaced letter briefs.

## 2.    **BELLWETHER POOL Sales Representative Depositions.**

Within 14 days after Plaintiffs' counsel makes a request to Defendants' counsel to take the deposition of a sales representative who called on a BELLWETHER POOL Plaintiff's placing or removing healthcare provider, if such individual is in the employ of or under the control of the Defendants, Defendants' counsel will provide 2 proposed dates and the location at which that individual will be deposed. If the individual is not in the employ of or under the control of the Defendants, Defendants' counsel will so advise Plaintiffs' counsel within 4 business days of a request to take an individual sales representative's deposition. For clarity and to avoid confusion in the event multiple sales representatives may have called on a BELLWETHER POOL Plaintiff's placing or removing healthcare provider, Plaintiffs' counsel must specify the name of the one sales representative to be deposed in each BELLWETHER POOL Plaintiff's case, if applicable. Plaintiffs shall be entitled to take these depositions in-person at Plaintiffs' election. Defendants' counsel reserves the right to appear in-person at all sales representative depositions.  Plaintiffs will notice these depositions and arrange (and pay) for the court reporter and videographer. Any party desiring remote access is responsible for arranging and paying for remote access.

### 3.    <u>**BELLWETHER POOL Healthcare Provider Depositions**</u>.

Plaintiffs' Counsel and Defendants' Counsel shall meet and confer about (1) the name(s) of the Plaintiff's placing healthcare provider(s) to be deposed; (2) the name(s) of the Plaintiff's removing healthcare provider(s) to be deposed; and (3) mutually-agreeable date(s) or date ranges the parties are available for such depositions. After and in accordance with the required meet and confer, Plaintiffs' Leadership will contact the healthcare providers to obtain their availability (including the dates, times, and location), and thereafter Plaintiffs' Leadership shall coordinate with Defendants' Lead Counsel to schedule the deposition at a date, time, length, duration, and location mutually convenient to the parties and the healthcare provider. If the healthcare provider requests to be compensated for his/her deposition time, Plaintiffs' Leadership shall obtain the healthcare provider's requested hourly rate and promptly provide that information to Defense counsel. The parties shall split equally [50/50] the examination time given by the healthcare provider for the deposition, and the party who notices the deposition will question first. The party who selected the Plaintiff's case into the BELLWETHER POOL shall issue a notice of videotaped deposition and arrange for the court reporter and/or videographer, as follows:

| Plaintiff | Case Number | Noticing Party |
|---|---|---|
| Garcia-Malene | 1:22-cv-01053 | Plaintiff |
| Power | 1:22-cv-02326 | Plaintiff |
| Rickard | 1:21-cv-03861 | Defense |

| | | |
|---|---|---|
| **Smith** | 1:21-cv-03111 | Defense |

For the Court's random selections, the parties will alternate, by case number, which party notices the deposition as follows:

| Plaintiff | Case Number | Noticing Party |
|---|---|---|
| **Adhami** | 1:21-cv-00303 | Plaintiff |
| **Mulvey-Morawiecki** | 1:21-cv-00483 | Defense |
| **Braxton** | 1:22-cv-00490 | Plaintiff |
| **Pedrioli** | 1:22-cv-01514 | Defense |
| **Robere** | 1:22-cv-01583 | Defense[4] |

Either or both parties may elect to participate in-person or remotely. In the event that Plaintiffs or Defendants decide not to notice the deposition of the placing or removing healthcare provider for one of that party's respective picks (including assigned random selections as previously specified), the party declining to notice the deposition shall promptly notify the other party so that that other party may decide whether to notice the deposition. The party who notices a deposition shall be responsible for paying the healthcare provider's hourly rate, court reporter costs, and videographer costs.

## 4. BELLWETHER POOL – Additional Witness Deposition.

Plaintiffs' Counsel and Defendants' Counsel shall meet and confer about (1) the one additional fact witness to Plaintiff's claim for injuries; (2) mutually-agreeable date(s) or date ranges the parties are available for such depositions; and

---

[4] Defendants will notice the HCP depositions for the Robere matter, due to Plaintiff Dallas Smith's case having been removed from the Bellwether Pool

(3) the time for such depositions, up to a total of 7 hours. The parties will also meet and confer about contacting and scheduling those witnesses and the order of questioning of those witnesses, depending on the identity of the witness and circumstances. Either or both parties may elect to participate in person or remotely. If the parties cannot reach agreement, the dispute will be brought to the Court.

## 5. Communications with BELLWETHER POOL Plaintiffs' Healthcare Providers.

Plaintiffs' counsel shall copy Defendants' counsel on all written and email communications with a BELLWETHER POOL Plaintiff's placing or removing healthcare provider or such provider's staff.

Defendants' counsel (including anyone employed by Defendants' counsel or acting on their behalf) shall not contact any of the BELLWETHER POOL Plaintiff's healthcare providers without prior written permission from Plaintiffs' Counsel and/or Plaintiffs' Leadership.

Prior to a BELLWETHER POOL Plaintiff's placing or removing healthcare provider's deposition, the BELLWETHER POOL Plaintiff may not show, provide to, or otherwise disclose to a BELLWETHER POOL Plaintiff's placing or removing healthcare provider the contents of any document produced by Defendants in this litigation that is not otherwise publicly available, any internal documents produced by Defendants, or any transcripts/videos of any depositions.

Prior to a BELLWETHER POOL Plaintiff's placing or removing healthcare provider's deposition, Plaintiffs' Counsel (including anyone employed by Plaintiffs' counsel) may not show, provide to, or otherwise disclose to a BELLWETHER POOL Plaintiff's placing or removing healthcare provider the contents of any document produced by Defendants in this litigation that is not otherwise publicly available, any internal documents produced by Defendants, or any transcripts/videos of any depositions, with the sole exception that a transcript or video of one healthcare provider in the specific BELLWETHER POOL Plaintiff's case may be shown to another healthcare provider in that same specific BELLWETHER POOL Plaintiff's case. If a scientific study is shown or provided to a BELLWETHER POOL Plaintiff's placing or removing healthcare provider, (or any other of the BELLWETHER POOL Plaintiff's healthcare providers who may be an additional fact witness) at any time before the healthcare provider's deposition, then as soon as practicable after such study is provided or shown to the healthcare provider, Plaintiffs' counsel must provide a copy of the study (or studies) to Defendants' counsel.

Any *ex parte* communications by Plaintiffs' counsel with a Plaintiff's healthcare provider before that provider's deposition shall be limited to the facts of the specific Plaintiff's medical history and treatment. Plaintiffs' counsel may have a pre-deposition, *ex parte* communication with the Plaintiff's healthcare provider

about the following: (1) the healthcare provider's understanding of the risks and benefits of Paragard as they pertained to the Plaintiff; (2) the healthcare provider's past and present use of Paragard; (3) any risk and benefit information the healthcare provider received from sales representatives of the Defendants; and (4) scientific literature, seminars, warnings or other tools the doctor used to obtain knowledge about the risks and benefits of Paragard. Plaintiffs' counsel may not have a pre-deposition, *ex parte* communication with the Plaintiff's healthcare provider about the theories of liability in the Paragard litigation.

IT IS SO ORDERED this 7th day of February, 2025.

LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE