IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: PARAGARD IUD PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO.: 2974 (1:20-md-02974-LMM) **This document relates to:** **Kimberly Bainguel** **(1:22-cv-02696-LMM)** **Maria Couce** **(1:22-cv-01243-LMM)** **Sheina Garrison-Stewart** **(1:22-cv-01028-LMM)** **Whitney Hadley** **(1:22-cv-01029-LMM)** **Camille Jedlicka** **(1:22-cv-02606-LMM)** |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER DATED JANUARY 24, 2025, DISMISSING PLAINTIFFS' COMPLAINTS WITH PREJUDICE

### I.   FACTUAL BACKGROUD:

On December 30, 2024, this Court entered an Order to Show Cause as to several plaintiffs with alleged deficiencies in their Plaintiff Fact Sheets ("PFS"). On January 29, 2025, undersigned counsel received notifications from the CMF system that cases for the above-captioned plaintiffs were dismissed.

Plaintiffs' counsel was operating under the belief that all of the deficiencies related to

above-captioned Plaintiffs had long been resolved and that timely responses to deficiencies were uploaded to the paragardmdl portal. Plaintiffs' Counsel asserts that all information requested in Defendants' deficiency letters had already been provided.

Due to inadvertent office error the CMF notification concerning the Show Cause Order was misfiled in the office system, and Plaintiffs' counsel was not made aware of the Court's Show Cause Order, or that the above-captioned Plaintiffs were listed as having outstanding deficiencies. If counsel had been aware, the Court's Order would have been timely addressed.

## II.  LAW AND ARGUMENT

### A. Under Federal Rule of Civil Procedure 60, Plaintiffs' Motion for Reconsideration should be granted.

Federal Rule of Civil Procedure 60(b) governs the reopening of cases. The rule states in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative of a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment as been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.[1]

---

[1] Fed. R. Civ. P. 60(b); *see also Richardson v. Shilfbaun*, No. 1:06-cv- 0171, 2008 U.S. Dist. LEXIS 17737, 2008 WL 686236, at *1 (N.D. Ga. Mar.7, 2008) (providing Federal Rule of Civil Procedure 60(b) governs the reopening of cases).

Rule 60(b) seeks "to strike the balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts."[2]

A motion made pursuant to Rule 60(b) must be made within reasonable time, and a motion for relief due to excusable neglect must be made "no more than a year after the entry of the judgment or order or the date of the proceeding."[3] This motion to the Court is made the week after the Court's January 29, 2025, Order dismissing Plaintiffs' cases.

Various appellate courts adhere to the notion that F.R.C.P. 60(b)(6) is a "catch-all" provision" and "grand reserve of equitable power to do justice in a particular case."[4] Rule 60(b) provides an "escape valve" for courts to avoid manifest injustice, such as would be occasioned here by rigid application of this deadline under these circumstances.[5]

### B. Under the present circumstances, dismissal of Plaintiffs' claims with prejudice is a harsh remedy that will unfairly punish Plaintiffs.

Dismissal of Plaintiffs' claims is an incredibly harsh penalty. Dismissal of a claim is the most severe sanction, reserved for the most extreme cases, and other, less severe sanctions should always be considered before dismissal. A dismissal with prejudice should not be granted absent a finding of intentional violation, and prejudice to the adversary.

---

[2] *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir.1981) (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970)). A motion to reopen a case is committed to the sound discretion of the judge. *Gas Ridge, Inc. v. Suburban Agric. Props., Inc.*, 150 F.2d 363, 366 (5th Cir. 1945).
[3] Fed. R. Civ. P. 60(c)(1).
[4] *Nisson v. Lundy*, 975 F.2d 802, 806 (11th Cir, 1992), quoting *Compton v. Alton SteamshipCo.*, 608 F.2d 96, 104 (4th Cir.1979); *Meadows v. Cohen*, 409 F.2d 750, 752 n. 4 (5th Cir.1969); (citing *7 Moore's Federal Practice and Procedure* § 60.27[2] at 375).
[5] *Harnish v. Manatee County*, 783 F.2d 1535, 1538 (11th Cir. 1986).

3

In the present cases, numerous sanctions were available, including dismissal without prejudice, or monetary sanctions such as fines or fees imposed. It is the sincere position of undersigned counsel that the violation of the Court's December 30, 2024, Order was not intentional, or in any was meant to disrespect the judicial process, opponents, or the Court. The failure to realize that the Court's Order applied to the Plaintiffs' named in this Motion was completely inadvertent. Plaintiffs' counsel believed that because the deficiencies alleged by Defendants had been addressed and entered in the Paragard MDL online portal—that the deficiencies had been remedied. Counsel has also instituted new procedures to ensure that Orders from the Court are correctly filed and directed to the personnel in the office that is assigned to handle the file.

The PFS for the *Bainguel, Couce, Jedlicka, Hadley* and *Garrison-Stewart* cases were timely filed and served on Defendants, and the supplements to the PFS were served in a timely fashion. In fact, undersigned counsel is still in communication with Defendants regarding other Plaintiffs not named in the December 30, 2024, Order, whose alleged deficiencies are being addressed and updated in accordance with requests from the Defendants presently. Simply put, there is no pattern of contempt or disregard for instructions from the Court or requests from Defendants. Plaintiffs' Counsel will still continue to work in addressing ongoing deficiencies with Defense Counsel.

In determining whether to impose sanctions courts will consider the "willfulness" of the

party failing to act in accordance with procedure.[6] As the Sixth Circuit recently held, dismissal with prejudice is only justified after a finding of willfulness of the offending party, prejudice to the adversary, and the lack of utility of less appropriate sanctions.[7] In the present case, the error was completely inadvertent, and a willful failure to act.

As Plaintiffs previously served substantially complete Plaintiff Fact Sheets, addressed the deficiencies noted by the defendants in accordance with the CMO and listed in the chart above—Defendants were not prejudiced in any way by Plaintiffs inadvertent failure to respond to the Show Cause Order.

WHEREFORE, as Plaintiffs were all in compliance with the Court's Case Management Order, and the brief delay in failing to reply to the Court's Show Cause Order did not prejudice Defendants in any way, Counsel for Plaintiffs respectfully request that the cases are reinstated or in the alternative, converted to a dismissal without prejudice.

Respectfully Submitted:

**EGENBERG, APLC**

_____
BRADLEY EGENBERG (#29848)
650 Poydras Street, Suite 2000
New Orleans, Louisiana 70130
Telephone:    (504) 229-5700
Facsimile:    (504) 617-7911
Email:    lacourtfilings@egenberg.com
***Attorneys for Plaintiffs***

---

[6] *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1970 U.S. App. LEXIS 10507 (5th Cir.), cert. denied, 400 U.S. 878, 91 S. Ct. 118, 27 L. Ed. 2d 115, 1970 U.S. LEXIS 660 (1970).

[7] *D & R Servs., LLC v. Mesa Underwriters Specialty Ins. Co.*, 2024 U.S. App. LEXIS 13712 (6th Cir. 2024).