IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: PARAGARD IUD ) <br> PRODUCTS LIABILITY ) <br> LITIGATION ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> CARRIE DIEHL ) <br> ) <br> Plaintiff. ) <br> ) <br> Case No.: 1:21-cv-00398-LMM ) | MDL No. 2974 <br><br> 1:20-md-02974-LMM |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND REQUEST TO REINSTATE PLAINTIFF'S COMPLAINT

Defendants Teva Women's Health, Inc., Teva Women's Health, LLC, Teva Pharmaceuticals USA, Inc., Teva Branded Pharmaceutical Products R&D, Inc., The Cooper Companies, Inc., and CooperSurgical, Inc., by and through the undersigned counsel, respond to Plaintiff Carrie Diehl's Motion for Reconsideration and Request to Reinstate her Complaint filed on February 3, 2025 as follows:

On January 24, 2025, this Court entered an Order [Docs. 839, 44] dismissing Plaintiff's case with prejudice for failure to comply with the lawful Orders of this Court. Plaintiff now moves for reconsideration and requests that this Court reinstate her Complaint. This case was properly dismissed with prejudice for the following reasons.

Plaintiff fails to satisfy the standard for a motion for reconsideration.[1] It is well established that "reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." *E.g.*, *Gold Cross EMS, Inc. v. Children's Hosp. of Alabama*, 108 F. Supp. 3d 1376, 1379 (S.D. Ga. 2015) (cleaned up). It "shall not be filed as a matter of routine practice" but only when "absolutely necessary." N.D. Ga. Local Rule 7.2(E). Reconsideration is "absolutely necessary" in very limited circumstances—none of which apply here. Plaintiff offers no "newly discovered evidence," "intervening development or change in controlling law," or a "need to correct a clear error of law or fact." *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003). Rather, Plaintiff rests her Motion on mistake of her counsel. *See* Plt.'s Mot. ¶¶ 7-8. Mistakes of counsel do not warrant reconsideration. *See, e.g.*, *Bouazizi v. Hillsborough Cnty. Civ. Serv. Bd.*, 844 Fed. Appx. 135, 141 (11th Cir. 2021) (finding that the lower court did not abuse its discretion in denying plaintiff's motion to reconsideration that referred only to mistakes, negligence, and fraud of her attorneys); *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 2024 WL 4186928 at *3 (N.D. Fla. Sept. 14, 2024) ("Neither of these 'mistakes' from prior or current counsel warrant reconsideration."); *Jacobs v. Hudson Real Estate Holdings, LLC.*, 2021 WL 705785 at *3 (S.D. Fla. Feb. 23, 2021) ("Indeed, the Eleventh

---

[1] Plaintiff fails to cite to any standard for a motion for reconsideration in her brief. She also gives no legal authority to support her argument.

Circuit has demonstrated its wariness of grants of Rule 60(b)(1) relief for excusable neglect based on claims of attorney error. And while the Court is sympathetic to counsel's multitude of cases and other responsibilities, an attorney's negligent failure to respond to a motion does not constitute excusable neglect . . . .") (cleaned up).

But irrespective of Plaintiff's failure to meet the standard for a motion for reconsideration, Plaintiff also failed to abide by the various PFS CMOs issued by this Court on multiple occasions. First, Plaintiff initially failed to serve a "substantially complete" PFS as stated in her Motion. Plt.'s Mot. ¶ 1. On November 3, 2022, Plaintiff submitted her initial PFS. Under "Document Requests" in this PFS attached hereto as **Exhibit A**, Plaintiff failed to provide *any* marked responses confirming either that she produced all documents in her possession, custody, or control, or that no documents exist in response to the document request. *See also* Fourth Amended CMO Section D(1)(c) ("If a Plaintiff fails to produce responsive documents in her possession or control *as identified in her PFS*, that Plaintiff is subject to the Order to Show Cause Process . . . .") (emphasis added). Without any response, Defendants could not conduct an adequate and fulsome deficiency review.

Second, Plaintiff failed to timely cure the deficiencies related to her amended PFS and authorizations. On November 14, 2024, Defendants served Plaintiff with the Deficiency Letter attached hereto as **Exhibit B**. *See also* Email Transmittal of

the Deficiency Letter attached hereto as **Exhibit C**. In the Letter, Plaintiff was put on notice that she was required under the various PFS CMOs to cure the deficiencies within fifteen days from the date of the Deficiency Letter. *See also* Fourth Amended CMO Section D(1)(d) ("If the deficiency(ies) are not cured in full within the 15 day period, Defendants may include the case on a request to the Court for an Order to Show Cause, which may include a request for dismissal of the case."). As stated in her Motion, Plaintiff did not cure these deficiencies until January 30, 2025 – over two months after Plaintiff was served with the Deficiency Letter.

Finally, Plaintiff failed to respond to this Court's Show Cause Order [Doc. 768]. In this Order, Plaintiff was required to submit a "written submission as to why [her] case should not be dismissed with prejudice for failure to comply with" the various PFS CMOs issued by this Court. Furthermore, this Court warned Plaintiff that "[f]ailure to show cause by failing to file such a submission within 14 days from the entry of this Order may result in dismissal of Plaintiff's case."[2] Despite this Court's clear mandate that Plaintiff show good cause, Plaintiff failed to do so. In failing to respond to this Court's Show Cause Order, this Court properly dismissed her case with prejudice.

---

[2] On December 30, 2024, this Court issued an Order [Doc. 20] dismissing two other cases with prejudice further demonstrating to Plaintiff that failure to show good cause may, in fact, result in a dismissal with prejudice.

4

For the foregoing reasons, Defendants request that the Court deny Plaintiff's Motion for Reconsideration and Request to Reinstate her Complaint.

Dated: February17, 2025

        Respectfully Submitted,

        */s/ Christopher D. Morris*
        Christopher D. Morris
        Butler Snow LLP
        Renaissance at Colony Park Suite 1400
        1020 Highland Colony Parkway
        Ridgeland, MS 39158
        Telephone: (601) 985-4437
        chris.morris@butlersnow.com
        ***Co-Lead Counsel for the Teva Defendants***

        */s/ Caroline D. Walker*
        Caroline D. Walker
        Alabama Bar No. ASB-3439-B10T
        Butler Snow LLP
        1819 5th Avenue North, Suite 1000
        Birmingham, AL 35203
        Telephone: 205.297.2200
        caroline.walker@butlersnow.com
        ***Co-Lead Counsel for the Cooper Defendants***

## **<u>CERTIFICATE OF COMPLIANCE</u>**

Pursuant to Local Rule 7.1(D), I hereby certify that I have prepared the foregoing in compliance with Local Rule 5.1 in Times New Roman 14-point font.

This 17th day of February 2025.

*/s/ Christopher D. Morris*
Christopher D. Morris

**CERTIFICATE OF SERVICE**

    I hereby certify that on this day I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to registered attorneys of record.

    This 17th day of February 2025.

                                                                       */s/ Christopher D. Morris*
                                                                       Christopher D. Morris