IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: PARAGARD IUD ) <br> PRODUCTS LIABILITY LITIGATION ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> KIMBERLY BAINGUEL ) <br>   Case No. No. 1:22-cv-02696-LMM ) <br> ) <br> MARIA COUCE ) <br>   Case No. 1:22-cv-01243-LMM ) <br> ) <br> SHEINA GARRISON-STEWART ) <br>   Case No. 1:22-cv-01028-LMM ) <br> ) <br> WHITNEY HADLEY ) <br>   Case No. 1:22-cv-01029-LMM ) <br> ) <br> CAMILLE JEDLICKA ) <br>   Case No. 1:22-cv-02606-LMM ) <br> ) <br>                            Plaintiffs. ) | MDL No. 2974 <br><br> 1:20-md-02974-LMM |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER DATED JANUARY 24, 2025, DISMISSING PLAINTIFFS' COMPLAINTS WITH PREJUDICE**

Defendants Teva Women's Health, Inc., Teva Women's Health, LLC, Teva Pharmaceuticals USA, Inc., Teva Branded Pharmaceutical Products R&D, Inc., The Cooper Companies, Inc., and CooperSurgical, Inc. (collectively "Defendants"), by and through the undersigned counsel, respond to the Motion for Reconsideration

filed by Plaintiffs Kimberly Bainguel, Sheina Garrison-Stewart, Maria Couce, Camille Jedlicka, and Whitney Hadley as follows:

On January 24, 2025, this Court entered an Order [Doc. 839] dismissing Plaintiffs' cases with prejudice for failure to comply with the lawful Orders of this Court. Plaintiffs now move for reconsideration or in the alternative, convert to a dismissal without prejudice. These cases were properly dismissed with prejudice for the following reasons.

**I.      PLAINTIFFS FAIL TO SATISFY THE STANDARD FOR A MOTION FOR RECONSIDERATION.**

It is well established that "reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." *E.g.*, *Gold Cross EMS, Inc. v. Children's Hosp. of Alabama*, 108 F. Supp. 3d 1376, 1379 (S.D. Ga. 2015) (cleaned up). It "shall not be filed as a matter of routine practice" but only when "absolutely necessary." N.D. Ga. Local Rule 7.2(E).

Plaintiffs have filed their motion under Rule 60(b) of the Federal Rules of Civil Procedure, which provides only six grounds that authorize a court to "relieve a party or a party's legal representative from a final judgment, order, or proceeding." Of those six grounds, Plaintiffs rest their Motion on the final, catch-all provision—"any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6) is only available "upon a showing of exceptional circumstances." *S.E.C. v.*

*Simmons*, 241 F. App'x 600, 663 (11th Cir. 2007) (quoting *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993)).

Plaintiffs seemingly attempt to make mistake of counsel an extraordinary circumstance warranting relief under Rule 60(b)(6).[1] But courts have consistently rejected mistakes of counsel as a basis for reopening a judgment under Rule 60(b)(6). *E.g.*, *Bouazizi v. Hillsborough Cnty. Civ. Serv. Bd.*, 844 F. App'x 135, 140-141 (11th Cir. 2021) (finding that attorney negligence is insufficient grounds for relief under Rule 60(b)(1) and (6)); *S.E.C. v. Simmons*, 241 F. App'x 660, 663 (11th Cir. 2007) ("Siciliano's attempt to make attorney negligence an extraordinary circumstance warranting relief under Rule 60(b)(6) is foreclosed by precedent."); *In re Vioxx Prods. Liab. Litig.*, 509 F. App'x 383, 386-87 (5th Cir. 2013) (finding that the lower court did not abuse its discretion in denying plaintiff's motion for reconsideration for failure to comply with the lower court's pretrial discovery orders – "***We previously have found that dismissal due to noncompliance with discovery orders is not an abuse of discretion***, and therefore, is not subject to relief under Rule

---

[1] Despite this Court's warnings that failure to abide by its various PFS CMOs may result in a dismissal with prejudice, Plaintiffs take issue with this Court's judgment. However, the 11th Circuit "has explained that 'dismissal upon disregard of an order, ***especially when the litigant has been forewarned***, generally is not an abuse of discretion.'" *Martins v. Royal Caribbean Cruises, Ltd.*, 429 F. Supp. 3d 1315, 1324-25 (S.D. Fla. 2019) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)) (emphasis added).

60(b).") (emphasis added). This case should be no different. Accordingly, this Court should find that Plaintiffs are not entitled to relief under Rule 60(b).

## II. PLAINTIFFS' CASES WERE PROPERLY DISMISSED WITH PREJUDICE.

Plaintiffs contend that they were "all in compliance with the Court's Case Management Order." Pls.' Mot., p. 5. That was not the case.

### A. Plaintiffs failed to submit "substantially complete" Plaintiff Fact Sheets.

Contrary to their contention, Plaintiffs Kimberly Bainguel, Sheina Garrison-Stewart, Camille Jedlicka, and Maria Couce all failed to submit "substantially complete" PFSs.[2] Among other deficiencies, Plaintiffs failed to provide any marked response under "Document Requests" confirming either that they had produced all documents in their possession, custody, or control, or that no documents exist in response to the document requests in the PFS. Plaintiffs also failed to provide authorizations for some medical providers identified in their respective PFSs. *See* **Exhibits A-1** (PFS for Kimberly Bainguel), **B-1** (PFS for Sheina Garrison-Stewart), **C-1** (PFS for Camille Jedlicka), and **D-1** (PFS for Maria Couce). Based on these

---

[2] Defendants note that there were less serious deficiencies in Plaintiff Whitney Hadley's PFS (attached hereto as **Exhibit E-1**). However, Plaintiff did not submit authorizations to release medical records for two of the providers identified in her PFS, which prevented the collection of records.

4

deficiencies, Plaintiffs were subject to the PFS deficiency process set forth in this Court's PFS CMOs. S*ee also* 4th Amended CMO Sections (D)(1)(c) and (F)(1)-(2).

### B. Plaintiffs failed to cure the deficiencies in their PFSs.

Between February and November 2024, Defendants served all five Plaintiffs with their respective Deficiency Letters attached hereto as **Exhibits A-2** (Deficiency letter for Kimberly Bainguel), **B-2** (Deficiency Letter for Sheina Garrison-Stewart), **C-2** (Deficiency Letter for Camille Jedlicka), **D-2** (Deficiency Letter for Maria Couce), and **E-2** (Deficiency Letter for Whitney Hadley). *See also* **Exhibits A-3** (Email Transmittal for Kimberly Bainguel), **B-3** (Email Transmittal for Steina Garrison-Stewart), **C-3** (Email Transmittal for Camille Jedlicka), **D-3** (Email Transmittal for Maria Couce), and **E-3** (Email Transmittal for Whitney Hadley).

As stated in each Deficiency Letter (and in this Court's various PFS CMOs), Plaintiffs were required to cure these deficiencies within fifteen days from the date of the correspondence. Further, Plaintiffs were notified in their Deficiency Letters that if the deficiencies were not cured within fifteen days, that Defendants may include their case on a request to the Court for an Order to Show Cause. Despite Plaintiffs' contention that they "addressed the deficiencies noted by the defendants in accordance with the CMO," Plaintiffs failed to do so. As demonstrated by the screenshots of each Plaintiffs' Paragard MDL portal submissions attached hereto as **Exhibits A-4** (Portal Submission page for Kimberly Bainguel), **B-4** (Portal

Submission page for Sheina Garrison-Stewart)**, C-4** (Portal Submission page for Camille Jedlicka), **D-4** (Portal Submission page for Maria Couce), and **E-4** (Portal Submission page for Whitney Hadley), no Plaintiff has submitted anything into the portal since 2022.

    **C.**    **Prior to this Court's Show Cause Order, Plaintiffs were given an additional opportunity to cure their PFS deficiencies and failed to do so.**

As stated above, Plaintiffs were served with deficiency letters between February and November 2024 and were forewarned that Defendants may include their cases on a request to the Court for an Order to Show Cause for failure to timely cure the PFS deficiencies. On top of that, to give Plaintiffs an *additional* opportunity to cure these deficiencies, in November and December of 2024, Defendants provided Plaintiffs' Leadership Counsel with a list of deficient cases—including Plaintiffs' cases—that Defendants would be requesting to be placed on this Court's Show Cause Order. *See* **Exhibit F**. On December 23, 2024, Defendants' counsel sent the draft order to the Court along with the list of cases, including Plaintiffs' Leadership Counsel on the email. *See* **Exhibit G.** Even then, Plaintiffs failed to take any efforts to cure their PFS deficiencies.

    **D.**    **Plaintiffs failed to respond to this Court's Show Cause Order.**

In this Court's Show Cause Order [Doc. 768], Plaintiffs were required to submit a "written submission as to why their case should not be dismissed ***with***

*prejudice* for failure to comply with" the PFS CMOs issued by this Court. Furthermore, this Court warned Plaintiffs that "[f]ailure to show cause by failing to file such a submission within 14 days from the entry of this Order may result in dismissal of Plaintiff's case."[3] Despite this Court's clear mandate that Plaintiffs show good cause, all five Plaintiffs failed to do so. In failing to respond to this Court's Show Cause Order, this Court properly dismissed each of their cases with prejudice.

For the foregoing reasons, Defendants request that the Court deny Plaintiffs' Motion for Reconsideration.

Dated: February 21, 2025

                                      Respectfully Submitted,

                                      */s/ Christopher D. Morris*
                                      Christopher D. Morris
                                      Butler Snow LLP
                                      Renaissance at Colony Park Suite 1400
                                      1020 Highland Colony Parkway
                                      Ridgeland, MS 39158
                                      Telephone: (601) 985-4437
                                      chris.morris@butlersnow.com
                                      **Co-Lead Counsel for the Teva Defendants**

---

[3] On December 30, 2024, this Court issued an Order [Doc. 20] dismissing two other cases with prejudice further demonstrating to Plaintiffs that failure to show good cause may, in fact, result in a dismissal with prejudice.

*/s/ Caroline D. Walker*
Caroline D. Walker
Alabama Bar No. ASB-3439-B10T
Butler Snow LLP
1819 5th Avenue North, Suite 1000
Birmingham, AL 35203
Telephone: 205.297.2200
caroline.walker@butlersnow.com
***Co-Lead Counsel for the Cooper Defendants***

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that I have prepared the foregoing in compliance with Local Rule 5.1 in Times New Roman 14-point font.

This 21st day of February 2025.

> */s/ Christopher D. Morris*
> Christopher D. Morris

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to registered attorneys of record.

This 21st day of February 2025.

*/s/ Christopher D. Morris*
Christopher D. Morris
