IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD IUD PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL DOCKET NO. 2974 |
| | ) | (1:20-md-02974-LMM) |
| | ) | **This Document Relates to All Cases** |

---

### NOTICE OF VIDEOTAPED FED. R. CIV. P. 30(b)(6) DEPOSITION OF THE CORPORATE REPRESENTATIVES FOR THE COOPER DEFENDANTS (*CONCERNING 2022 and 2024 FDA INSPECTIONS*)

---

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiffs, by and through the Plaintiffs' Leadership Committee, will take the deposition upon oral examination of the Cooper Defendants with respect to the topics set forth below. The deposition will take place on April 7, 2025 at a specific location to be determined before a notary public or other person authorized by law to administer oaths and take depositions, or at a mutually available time negotiated by the parties. The deposition will be recorded stenographically and by video recording. Plaintiffs reserve the right to use at the trial of this action the videotape recording of the deposition of the deponent pursuant to Fed. R. Civ. P. 32(a).

Plaintiffs reserve the right to seek relief from the court in the event Defendants

do not properly prepare the designated person(s) to testify on behalf of Defendants with respect to each of the identified topics.

Defendants are hereby requested and required under the federal rules to designate and produce at the deposition one or more officers, directors, managing agents, or other persons who consent to testify on their behalf on the following matters and documents:

## SCHEDULE A: DEPOSITION SUBJECT MATTERS

1.      The 2022 and 2024 FDA inspections of the Paragard manufacturer. This subject matter is intended to and does include the following:

    a) Details of each inspection and documents reviewed as part of the inspections;

    b) Communications between Defendants (or anyone acting on their behalf) with the FDA concerning the inspections;

    c) Communications between Defendants (or anyone acting on their behalf) with any other third parties concerning the inspections;

    d) Internal communications concerning the inspections;

    e) Meeting Minutes (internal and with any third parties – including FDA) concerning the inspections;

    f) Material and information, including the sources for such

material and information, provided to and/or exchanged between Defendants (or someone acting on their behalf) and FDA concerning the inspections;

g) Material and information, including the sources for such material and information, referenced by Defendants (or someone acting on their behalf) in order to respond to any of the inspections;

h) Material and information, including the sources for such material and information, referenced by Defendants (or someone acting on their behalf) in any of its communications with FDA concerning the inspections; and

i) All action taken by Defendants, including, but not limited to, changes to any company policies and procedures and/or the Paragard product as a result of and/or following the inspections to improve quality oversight of the Paragard facility.

## SCHEDULE B: DOCUMENTS TO BE PRODUCED

1. All documents which the deponent(s) has utilized or may need to refresh his or her recollection as to any of the subject matters referenced in **Schedule A**.

2. All documents the deponent(s) consults or relies upon in preparation for the deposition.

3.      All documents the deponent(s) creates (or are created on his/her behalf) to address any of the subject matters referenced in **Schedule A**.

4.      To the extent not previously produced in discovery, all documents and communications exchanged between Defendants (or someone acting on their behalf) and FDA concerning the inspections.

5.      To the extent not previously produced in discovery, all documents and communications exchanged between Defendants (or someone acting on their behalf) and any other third party concerning the inspections.

6.      To the extent not previously produced in discovery, all documents and communications exchanged internally concerning the inspections.

7.      To the extent not previously produced in discovery, all meeting minutes and notes therefrom concerning the inspections.

8.      The most current CV and/or resume for each of the person(s) being deposed pursuant to this notice.


(SIGNATURE BLOCK ON NEXT PAGE)

Dated: <u>March 3, 2025</u>

   <u>***s/Erin Copeland***</u>

Erin Copeland

TX Bar No. 24028157

**FIBICH LEEBRON COPELAND & BRIGGS**

1150 Bissonnet Street

Houston, TX 77005

Tel: (713) 751-0025

Fax: (713) 751-0030

Email: ecopeland@fibichlaw.com

*MDL Lead Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2025 Plaintiffs' Notice of FRCP 30(b)(6) Deposition Concerning the 2021 and 2022 FDA Inspections and Request for Production of Documents was served electronically on Defendants via their lead and liaison counsel.

Dated: <u>March 3, 2025</u>

      *s/Erin Copeland*
     Erin Copeland
     TX Bar No. 24028157
     **FIBICH LEEBRON COPELAND & BRIGGS**
     1150 Bissonnet Street
     Houston, TX 77005
     Tel: (713) 751-0025
     Fax: (713) 751-0030
     Email: ecopeland@fibichlaw.com

     *MDL Lead Counsel*