UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **IN RE: PARAGARD PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2974** |
| **THIS DOCUMENT RELATES TO:** | **MASTER DOCKET NO. 1:20-md-02974-LMM** |
| **CARRIE DIEHL**<br>**Docket No. 1:21-cv-00398-LMM** | |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO MOTION FOR RECONSIDERATION AND REQUEST TO REINSTATE PLAINTIFF'S COMPLAINT**

COMES NOW, Plaintiff Carrie Diehl, by and through her undersigned Counsel of record, and submits this Reply to Defendant's Response and respectfully requests this Court to reconsider the dismissal of her claim with prejudice and reinstate her case for the reasons stated herein.

Defendants argue that Plaintiff's initial Plaintiff Fact Sheet was not "substantially complete" pursuant to Fourth Amended CMO Section D(1)(c). However, the medical records uploaded by Plaintiff with the original Plaintiff Fact Sheet documents on November 3, 2022, were responsive to the request for

1

production of documents pursuant to Fourth Amended CMO Section C.2.(c) and D.1.(c). Upon deficiency notice from the Defendants requesting responses to the Document Requests subsection, Plaintiff cured the deficiency immediately, the same day, on July 11, 2023. Plaintiff reiterates that due to law office failure, the additional deficiency notice sent November 14, 2024, was not cured timely. However, the current contact information for Kimberly Ratelle has since been provided, as well as, the additional medical authorization and Psychological Authorization required.

Federal Rule of Civil Procedure 60(b)(1) governs relief from a judgment or order based on "mistake, inadvertence, surprise, or excusable neglect."  In *Hays v. Sanofi-Aventis, U.S. LLC et al., 2:16-cv-17540-JTM-MBN*, Plaintiff failed to respond to a Show Cause Order as Counsel neglected to identify Plaintiff's name on the show cause list. The Court ruled in Plaintiff's favor to reopen Plaintiff's case noting, "In a situation like the instant one where an MDL action is dismissed for failure to comply with obligations related to a Plaintiff Fact Sheet, 'the docket-managing factor is weighted heavily in favor of dismissal,' given the size and complexity of an MDL. At the same time, however, the Fifth Circuit has held that '[w]hile we recognize a district court's

authority to supervise and control its docket, parties should not be punished for their counsel's neglect except in extreme and unusual circumstances.'"

Plaintiff's failure to timely respond was clearly attributable to the sort of "innocent oversight" that courts in the Eleventh Circuit routinely classify as "excusable neglect" under FRCP 60. See *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (Motion for reconsideration granted where the "nonfiling was simply an innocent oversight by counsel" and there was "no bad faith that would warrant forfeiture of Cheney's right to a full trial of his cause"); *See* Walter v. Blue Cross & Blue Shield United of Wisconsin, 181 F.3d 1198, 1202 (11th Cir. 1999) (noting that "excusable neglect" encompasses situation where secretary failed to "record the applicable deadline—the type of 'innocent oversight' involved in Cheney"); *See Advanced Estimating Sys., Inc. v. Riney,* 130 F.3d 996, 999 (11th Cir.1997) (miscommunication or clerical error constitutes excusable neglect). See *Okehi v. Sec. Bank of Bibb Cnty.*, 199 F.R.D. 388 (M.D. Ga. 2001) (Defendant's failure to timely respond was the result of excusable neglect, and thus default judgment was properly set aside, where defendant's failure was due to confusion arising from plaintiffs' simultaneous filing of identical state court action); See *Philpot v. Blue Cross Blue Shield of Georgia*, 1:07-CV-0657-RWS-LTW, 2008 WL 11407269, at *1 (N.D. Ga. July 14, 2008) ("Although

3

the circumstances of the clerical error were undeniably within Plaintiff's counsel's control, the error and resulting inaction amounts only to an "omission[ ] caused by carelessness," in other words, counsel's error is attributable to negligence...This Court therefore declines to strike Plaintiff's late filing").

These situations plainly apply to the present case; whereby Plaintiff's failure to respond to the Court's Show Cause Order was due to innocent oversight – namely administrative staff believing the matter had been handled because Plaintiff's name (Carrie Diehl) closely resembles another Plaintiff listed on the Order to Show Cause Exhibit (Carrie DeSelms), who has the same first name and same first initial of her last name, and is also a member of this litigation. Because of this, and because Plaintiff believed that she had wholly complied with all Plaintiff Fact Sheet deficiency requests, Plaintiff's counsel inadvertently overlooked Plaintiff on the Show Cause Order. As stated in Plaintiff's originally filed Motion to Reconsider, Counsel has implemented additional protocols for minimizing a recurrence of this nature from happening in the future – further encapsulating the fact that this was an innocent oversight, and *not* the result of bad faith conduct.

Factors the court considers in determining whether conduct is "excusable neglect" for FRCP 60 purposes include; whether the danger of prejudice to the

non-moving party, the length of the delay, and its potential impact on judicial proceedings, is minimal, and Plaintiff acted in good faith. *Cheney,* 71 F. 3d 848, 850 (11th Cir. 1996). The purpose of FRCP 60 is to provide relief from final judgments where the principle of finality is outweighed by "the incessant command of the court's conscience that justice be done in light of all of the facts." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981) (citations omitted) (italics in original). Thus, "the rule should be liberally construed in order to do substantial justice." Seven Elves, Inc., 635 F.2d at 401 (citations omitted). This notion supports granting motions to reconsider whereby the failure to respond was due to innocent oversight, the potential impact on judicial proceedings is minimal (given that this is just one case in an MDL with nearly 3,000 pending actions, Plaintiff has since cured the defect, and has otherwise complied with Defendant's deficiency requests), the danger of prejudice to the non-moving party is virtually non-existent (*See Cheney,* 71 F. 3d 848, 850 (11th Cir. 1996); where the litigation remained ongoing, granting a motion to reconsider would not inflict prejudice), and substantial justice favors reinstating an otherwise viable claim that was dismissed simply due to a mistake of fact.

    Defendant, in its motion, unequivocally asserted that "Mistakes of Counsel do not warrant reconsideration," and proceeded to reference three cases that

discuss what constitutes a "mistake" under FRCP 60 (Defendant's Motion). While these cases do speak to the notion that "mistakes of law" do not constitute "excusable neglect", they fail to address circumstances whereby "mistakes of fact" lead to the error. *See Bouazizi v. Hillsborough Cnty. Civ. Serv. Bd.*, 844 Fed. Appx. 135, 141 (11th Cir. 2021) (finding that counsel's failure to make sound legal arguments does not warrant reconsideration); *See In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 2024 WL 4186928 at *3 (N.D. Fla. Sept. 14, 2024) (finding former counsel's failure to apply the most effective "legal strategy" did not constitute excusable neglect.); See *Jacobs v. Hudson Real Estate Holdings, LLC.*, 2021 WL 705785 at *3 (S.D. Fla. Feb. 23, 2021) (Where attorney deliberately chose *not* to respond to a pending motion – despite acknowledging the approaching deadline – largely because his paralegal was "on vacation" did not constitute excusable neglect.). Defendant's grouping of "mistakes of law" and "mistakes of fact" together is precisely what Eleventh Circuit precedent instructs us *not* to do. *See United States v. Davenport*, 668 F.3d 1316, 1324 (11th Cir. 2012) ("We have recognized a material distinction between an attorney's mistake of law and a mistake of fact...While an attorney error based on a misunderstanding or misinterpretation of the law generally cannot constitute excusable neglect, a mistake of fact, such as miscommunication or a clerical error, may do so under the

6

pertinent factors"). Defendant's Response accordingly lacks precedent applicable to the facts of this case, which is especially important given that excusable neglect determinations are fact-intensive inquiries. *Cheney,* 71 F. 3d 848, 850 (11th Cir. 1996),

Moreover, Defendant fails to assert any argument for resulting prejudice, delay of trial, or bad faith, and the reason for this is simple; there is none. As indicated by Plaintiff's broader compliance and previous history of timely curing deficiencies in Plaintiff's Fact Sheet, as well as by the circumstances that led to the confusion, Plaintiff's failure was attributable to a mistake of fact, rather than bad faith. Further, Defendant cannot meaningfully assert that this failure alone will cause a delay in trial, or that it resulted in the sort of prejudice that would undermine excusable neglect. Indeed, this was precisely the sort of "clerical error" which hardly impacted, let alone harmed, judicial proceedings, that the Courts in *Cheney* and *Pioneer* envisioned warranting reconsideration under FRCP 60.

As such, Plaintiff Carrie Diehl respectfully requests the Court reconsider dismissal of her claim.

Dated: March 3, 2025

s/ Randi Kassan, Esq.
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
Randi A. Kassan, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 741-5600
Fax: (516) 741-0128
rkassan@milberg.com
Counsel for Plaintiff

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing, PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND REQUEST TO REINSTATE PLAINTIFF'S COMPLAINT, was served upon all parties of record electronically by CM/ECF on March 3, 2025.

Dated: March 3, 2025

/s/ Randi Kassan
Randi Kassan, Esq.

## **CERTIFICATE OF COMPLIANCE**

I certify that pursuant to Local Rule 7.1(D), I have prepared the foregoing in compliance with Local Rule 5.1. in Times New Roman Font (14 point).

Dated: March 3, 2025

                                              /s/ Randi Kassan
                                              Randi Kassan, Esq.