IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD IUD PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL DOCKET NO. 2974 |
| | ) | (1:20-md-02974-LMM) |
| | ) | **This Document Relates to All Cases** |

**NOTICE OF VIDEOTAPED FED. R. CIV. P. 30(b)(6) DEPOSITION
OF THE CORPORATE REPRESENTATIVES
FOR THE DEFENDANTS
(*CONCERNING PARAGARD MATERIALS AND DESIGN*)**

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiffs, by and through the Plaintiffs' Leadership Committee, will take the deposition upon oral examination of the Cooper Defendants with respect to the topics set forth below. The deposition will take place on April 7, 2025 at a specific location to be determined before a notary public or other person authorized by law to administer oaths and take depositions, or at a mutually available time negotiated by the parties. The deposition will be recorded stenographically and by video recording. Plaintiffs reserve the right to use at the trial of this action the videotape recording of the deposition of the deponent pursuant to Fed. R. Civ. P. 32(a).

Plaintiffs reserve the right to seek relief from the court in the event Defendants

do not properly prepare the designated person(s) to testify on behalf of Defendants with respect to each of the identified topics.

Defendants are hereby requested and required under the federal rules to designate and produce at the deposition one or more officers, directors, managing agents, or other persons who consent to testify on their behalf on the following matters and documents:

### SCHEDULE A: DEPOSITION SUBJECT MATTERS

1. The original design specifications for the Paragard and its components, including the rationale for such design.
2. Any modifications to Paragard and/or its components design over time and the reasons for those changes.
3. The specific materials used to manufacture the Paragard over time to the present, including any changes to the materials over time, and the Material Safety Data Sheets for each.
4. The sourcing and quality control of the raw materials used in the production of Paragard over time to the present, including any changes to the sourcing and/or quality control. This includes any evaluation you (and/or someone acting on your behalf) or your predecessors have done of any processes performed by suppliers of materials used to make Paragard and its components.

5. The manufacturing and assembly process of all component material used to produce the Paragard, including any changes to the process over time.

6. Any post market evaluations performed by you (and/or someone acting on your behalf) and/or your predecessors of the structural soundness of the Paragard "T" design and/or the material used in the design.

7. Any post market comparative analysis of Paragard's design against other IUDs done by you (and/or someone acting on your behalf) and/or your predecessors as it relates to breakage of the Paragard plastic "T."

8. Any post market evaluations performed by you (and/or someone acting on your behalf) and/or your predecessors of the material manufacturing and assembly process of the Paragard "T" as it relates to breakage of the Paragard plastic "T."

9. Any testing, evaluations and/or studies conducted by you (and/or by someone acting on your behalf) of the Paragard design as it relates to breakage of the Paragard. This does not include string breakage.

10. Any testing, evaluations and/or studies conducted by you (and/or by someone acting on your behalf) of or concerning any of the materials used to manufacture Paragard as it relates to breakage. This does not include string breakage.

11. Any testing, evaluations and/or studies conducted by you (and/or by

someone acting on your behalf) and your predecessors concerning the mechanism of action for Paragard.

12. All corporate functions, departments, units, divisions involved in the design, sourcing of materials, and manufacturing of the Paragard over time to the present, including any changes made.

13. All audits performed by you (and/or someone acting on your behalf) and/or your predecessors of any of your Paragard material sources as it relates to breakage of the Paragard. This does not include string breakage.

14. Any FDA inspections, including 483s issued to you and/or your predecessors concerning any aspect of Paragard design, materials, or manufacturing processes. This includes any corrective action taken as a result of the inspection(s).

15. To the extent not covered by any subject matter above, the details of any tensile strength testing of the Paragard "T" made part of your standard production process.

16. To the extent not covered by any of the subject matter above, the identity of any material provider for the Paragard "T" over time to the present, including their processes for creating the material used for the Paragard "T" and any evaluation conducted by you and/or your predecessors (or

someone acting on your behalf).

17. To the extent not covered by any of the subject matter above, the process for any flexibility testing performed on the Paragard over time to the present, including any changes to the process.

18. To the extent not covered by any of the subject matter above, all testing, evaluations, and/or studies performed by you (and/or someone acting on your behalf) and/or your predecessors concerning the force required to remove a Paragard that is not embedded and force required to remove a Paragard that is embedded.

## SCHEDULE B: DOCUMENTS TO BE PRODUCED

1. All documents which the deponent(s) has utilized or may need to refresh his or her recollection as to any of the subject matters referenced in **Schedule A**.

2. All documents the deponent(s) consults or relies upon in preparation for the deposition.

3. All documents the deponent(s) creates (or are created on his/her behalf) to address any of the subject matters referenced in **Schedule A**.

4. The most current CV and/or resume for each of the person(s) being deposed pursuant to this notice.

(SIGNATURE BLOCK ON NEXT PAGE)

Dated: March 3, 2025               *s/Erin Copeland*
                                    Erin Copeland
                                    TX Bar No. 24028157
                                    **FIBICH LEEBRON COPELAND & BRIGGS**
                                    1150 Bissonnet Street
                                    Houston, TX 77005
                                    Tel: (713) 751-0025
                                    Fax: (713) 751-0030
                                    Email: ecopeland@fibichlaw.com

                                    *MDL Lead Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2025 Plaintiffs' Notice of FRCP 30(b)(6) Deposition Concerning the 2021 and 2022 FDA Inspections and Request for Production of Documents was served electronically on Defendants via their lead and liaison counsel.

Dated: March 3, 2025    *s/Erin Copeland*
Erin Copeland
TX Bar No. 24028157
**FIBICH LEEBRON COPELAND & BRIGGS**
1150 Bissonnet Street
Houston, TX 77005
Tel: (713) 751-0025
Fax: (713) 751-0030
Email: ecopeland@fibichlaw.com

*MDL Lead Counsel*