IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD IUD | ) | MDL DOCKET NO. 2974 |
| PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | 1:20-md-02974-LMMM |
| | ) | **This Document Relates to All Cases** |

**PLAINTIFFS' MOTION FOR ISSUANCE OF A
LETTER OF REQUEST PURSUANT TO
<u>THE HAGUE CONVENTION</u>**

Plaintiffs respectfully request that this Court issue a *Letter of Request* pursuant to The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, T.I.A.S. 7444, 23 U.S.T. 2555, reprinted at 28 U.S.C. § 1781 ("The Hague Evidence Convention") and Fed. R. Civ. P. 28(b)(1) to enable Plaintiffs to obtain important deposition testimony from non-party witness Eric Elbaz – a former employee of Teva who the Teva Defendants' counsel represents and is willing to present but is unable to obtain his consent to be deposed without going through this process.

**I.    BACKGROUND FACTS**

This MDL action involves personal injury claims arising out of Plaintiffs' use of the Paragard IUD. The Paragard IUD was designed, developed, manufactured, tested, labeled, packaged, distributed, marketed, and/or sold by the Teva Defendants from 2008 to 2017. *See* ECF No. 79, pg. 1 & ¶¶ 40-45 (Second Amended Master Personal Injury Complaint). Plaintiffs have brought claims against the Teva

1

Defendants sounding in strict liability (design defect), strict liability (failure to warn), strict liability (manufacturing defect), negligence, negligence (design and manufacturing defect), negligence (failure to warn), fraud and deceit, fraud by omission, negligent misrepresentation, breach of express warranty, breach of implied warranty, violation of consumer protection laws, gross negligence, unjust enrichment, punitive damages, and loss of consortium. *See* ECF No. 79, ¶¶ 169-405 (Second Amended Master Personal Injury Complaint). Incident to these claims are allegations that, *inter alia*, the pharmacovigilance policies, procedures, functions, and activities pertaining to the Paragard IUD were flawed and inadequate. *See* ECF No. 79, ¶¶ 111-128 (Second Amended Master Personal Injury Complaint).

Mr. Elbaz was employed by Teva Pharmaceutical Industries Ltd.'s ("Teva Ltd.") and/or one or more other Teva entities in various positions from 2006 to 2018 and again from 2020 to 2022. Teva Ltd. is located in Israel. Upon information and belief, Mr. Elbaz was a member of the Validation Office Compliance Team. During this time, Mr. Elbaz assisted in various aspects of company operations concerning the Paragard IUD and pharmacovigilance generally (which included Paragard) including, but not limited to, pharmacovigilance audits of Teva facilities in the United States. Teva's pharmacovigilance policies, procedures, functions, and activities are central issues in this litigation. *See* ECF No. 79, ¶¶ 111-128 (Second Amended Master Personal Injury Complaint).

Because of the importance of pharmacovigilance to this case and Mr. Elbaz's central role in pharmacovigilance compliance at Teva, Plaintiffs seek to depose Mr. Elbaz. More specifically, in addition to his general training, background, and experience, Plaintiffs wish to secure testimony regarding his knowledge, role, and responsibilities at Teva Ltd. as they pertain to pharmacovigilance policies, procedures, functions, and activities as they pertained to the Paragard IUD; interactions between the Teva Ltd. pharmacovigilance unit and other units, systems, third parties, and Teva entities as they pertain to the Paragard IUD; and any other activities pertaining to the Paragard IUD in which he participated during his tenure at Teva Ltd. (including, but not limited to, safety signal detection, complaint trending, internal and third party audits, FDA inspections, and FDA communications).

Mr. Elbaz is no longer employed by Teva. He lives in Israel. Several months ago, Plaintiffs informed counsel for the Teva Defendants that Plaintiffs wished to depose Mr. Elbaz. In compliance with this Court's order, the Teva Defendants provided Plaintiffs with Mr. Elbaz's last known address. On January 9, 2025, Plaintiffs wrote to Mr. Elbaz at this address seeking his voluntary agreement to sit for a deposition. On January 14, 2025, Mr. Elbaz received and signed for Plaintiffs' correspondence. Plaintiffs received no direct response to that outreach from Mr. Elbaz. However, almost one month later, on February 10, 2025, counsel for Teva

contacted Plaintiffs and advised that they would represent Mr. Elbaz for his deposition. Counsel for Teva also stated that, despite having them as counsel in the United States, Mr. Elbaz would still require service of process through the Hague Convention before he would agree to a deposition. Accordingly, as they have no other means to access this critical evidence, Plaintiffs are now seeking to use The Hague Evidence Convention to secure the deposition of Mr. Elbaz. Plaintiffs have volunteered and stand ready to go anywhere to take this deposition and at any time in an effort to make it the least burdensome on Mr. Elbaz.

## II.   LEGAL STANDARD

Rule 28(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1781 authorize federal courts to utilize a treaty or convention to issue letters rogatory to enable a U.S. litigant to obtain non-party discovery located in a foreign country. *See* Fed. R. Civ. P. 28(b); 28 U.S.C. § 1781(b); *see also Hall v. Ins. Corp.,* 2022 U.S. Dist. LEXIS 223587, *2 (M.D. Fla. Dec. 12, 2022). Where a party seeks assistance in obtaining discovery located in a country that is a signatory to The Hague Evidence Convention, a court may utilize that convention to request assistance with obtaining discovery from within the country. *See Hall*, 2022 U.S. Dist. LEXIS 223587, *2-3. Both the United States and Israel have acceded to The Hague Evidence Convention. *See Societe Nationale Industrielle Aerospatiale v. United States District Court for the Southern District of Iowa*, 482 U.S. 522, 524 n.1 (1987). The Hague Evidence

Convention prescribes the procedures by which a judicial authority in one contracting state may request evidence located in another contracting state. *Id.* at 424.

Whether to issue such a Letter of Request is a matter of discretion for the court. *See Barnes & Noble, Inc. v. LSI Corp.*, 2012 U.S. Dist. LEXIS 69355, *6 (N.D. Cal. May 16, 2012). When determining whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that evidence will actually be obtained. *See id.* A court's decision whether to issue a letter rogatory does, however, require an application of Rule 28(b) in light of the scope of discovery provided for by the Federal Rules of Civil Procedure. *See id.*, at *6-7; Fed. R. Civ. P. 26.

Upon determining that issuance of a Letter of Request is appropriate, 28 U.S.C.S. § 1781(b)(2) authorizes the transmittal of the Letter of Request directly from a tribunal in the United States to a foreign or international tribunal, officer, or agency.[1] Article 3 of The Hague Evidence Convention specifies the required contents of a Letter of Request.[2] *See* 28 U.S.C.S. § 1781.[3]

---

[1] As pertains here, the relevant Israeli authority is the Administrator of Courts, Legal Assistance to Foreign Countries, 22 Kanfei Nesharim Street, Jerusalem 95464, Israel.

[2] Under Hague Implementation Regulation, § 4, and Regulation 3 of the Judicial Assistance Regulations, it the Letter of Request is written in English it need not be translated into Hebrew.

[3] Article 3 provides:

## III. ARGUMENT

A Letter of Request should be issued. As has been presented to the Court since the outset of this case, issues related to pharmacovigilance are central to this litigation. This includes how Teva specifically handled complaints related to breakage of the Paragard IUD, including, but not limited to, how they received, recorded, investigated, and evaluated breakage events for reporting to the FDA and the policies and procedures in place for doing so. The evidence also shows that pharmacovigilance for the Paragard IUD was directed by Teva Ltd. from Israel and that Mr. Elbaz was heavily involved in the pharmacovigilance activities during time

---

A Letter of Request shall specify –

a) the authority requesting its execution and the authority requested to execute it, if known to the requesting authority;
b) the names and addresses of the parties to the proceedings and their representatives, if any;
c) the nature of the proceedings for which the evidence is required, giving all necessary information in regard thereto;
d) the evidence to be obtained or other judicial act to be performed.

Where appropriate, the Letter shall specify, inter alia -

e) the names and addresses of the persons to be examined;
f) the questions to be put to the persons to be examined or a statement of the subject-matter about which they are to be examined;
g) the documents or other property, real or personal, to be inspected;
h) any requirement that the evidence is to be given on oath or affirmation, and any special form to be used;
i) any special method or procedure to be followed under Article 9.

A Letter may also mention any information necessary for the application of Article 11.

No legalization or other like formality may be required.

## III.   ARGUMENT

A Letter of Request should be issued. As has been presented to the Court since the outset of this case, issues related to pharmacovigilance are central to this litigation. This includes how Teva specifically handled complaints related to breakage of the Paragard IUD, including, but not limited to, how they received, recorded, investigated, and evaluated breakage events for reporting to the FDA and the policies and procedures in place for doing so. The evidence also shows that pharmacovigilance for the Paragard IUD was directed by Teva Ltd. from Israel and that Mr. Elbaz was heavily involved in the pharmacovigilance activities during time

---

A Letter of Request shall specify –

a) the authority requesting its execution and the authority requested to execute it, if known to the requesting authority;
b) the names and addresses of the parties to the proceedings and their representatives, if any;
c) the nature of the proceedings for which the evidence is required, giving all necessary information in regard thereto;
d) the evidence to be obtained or other judicial act to be performed.

Where appropriate, the Letter shall specify, inter alia -

e) the names and addresses of the persons to be examined;
f) the questions to be put to the persons to be examined or a statement of the subject-matter about which they are to be examined;
g) the documents or other property, real or personal, to be inspected;
h) any requirement that the evidence is to be given on oath or affirmation, and any special form to be used;
i) any special method or procedure to be followed under Article 9.

A Letter may also mention any information necessary for the application of Article 11.

No legalization or other like formality may be required.

periods relevant to this case. As such, his testimony on issues pertaining to pharmacovigilance activities is highly relevant and material. *See* Fed. R. Civ. P. 26.

No alternatives for securing the evidence exist to Plaintiffs other than to resort to The Hague Evidence Convention. Again, Mr. Elbaz resides in Israel and is a non-party witness who is not subject to the subpoena power of this Court. Plaintiffs have sought his agreement to voluntarily sit for a deposition. However, through his counsel, (who are the same US based attorneys representing the defendants in this MDL) he has demanded we go through this process. Therefore, Plaintiffs need the assistance of the Israeli court system. In sum, valid grounds exist for issuance of a Letter of Request to the Israeli court system to secure the deposition testimony of Mr. Elbaz for use in these MDL proceedings.

## IV.   CONCLUSION

For all of these reasons, Plaintiffs respectfully request the Court issue a Letter of Request, in the form attached hereto as **Exhibit A**, addressed to the Directorate of Courts in Israel to enable Plaintiffs to obtain deposition testimony from non-party witness Eric Elbaz at a time and place most convenient to him.

<table>
<tr><td>Dated: <u>March 6, 2025</u></td><td>Respectfully Submitted,<br><br>/s/ Erin K Copeland<br>Erin K. Copeland, Esq.<br>TX Bar No. 24028157<br>Fibich Leebron Copeland & Briggs<br>1150 Bissonnet Street<br>Houston, Texas 77005<br>Telephone:  (713) 751-0025<br>Facsimile:   (713) 751-0030<br>ecopeland@fibichlaw.com<br><br>*Plaintiffs' Lead Counsel*<br><br>Buffy K. Martines<br>TX Bar No. 24030311<br>Laminack, Pirtle & Martines<br>5020 Montrose Boulevard, 9th Floor<br>Houston, Texas 77006<br>Telephone:  (713) 292-2750<br>Facsimile:   (713) 292-2755<br>buffym@lpm-triallaw.com<br><br>*Plaintiffs' Steering Committee*</td></tr>
</table>

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2025 Plaintiffs' MOTION FOR ISSUANCE OF A LETTER OF REQUEST PURSUANT TO THE HAGUE CONVENTION was served electronically on Defendants via their lead and liaison counsel.

Dated: March 6, 2025

    _s/Erin Copeland_
Erin Copeland
TX Bar No. 24028157
**FIBICH LEEBRON COPELAND & BRIGGS**
1150 Bissonnet Street
Houston, TX 77005
Tel: (713) 751-0025
Fax: (713) 751-0030
Email: ecopeland@fibichlaw.com

*MDL Lead Counsel*