**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: PARAGARD IUD | ) | MDL DOCKET NO. 2974 |
| PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | 1:20-md-02974-LMMM |
| | ) | **This Document Relates to All Cases** |

**LETTER OF REQUEST PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH
1970 ON THE TAKING OF EVIDENCE IN CIVIL OR COMMERCIAL MATTERS**

The United States District Court for the Northern District of Georgia, Atlanta Division (the

"Court"), on the application of Plaintiffs, submits this Letter of Request to the Administrator of

Courts of the State of Israel under The Hague Convention of 18 March 1970 on the Taking of

Evidence Abroad in Civil or Commercial Matters ("The Hague Evidence Convention").  The

purpose of this Letter of Request is to obtain testimony of Eric Elbaz, for use at trial in the above-

captioned civil action presently pending before this Court, which involves product liability claims

arising out of the use of the Paragard Interuterine Device ("Paragard IUD").  Pursuant to Annex I

of The Hague Evidence Convention, the following information is provided:

1. **Sender**

   Honorable Leigh Martin May
   United States District Court Judge
   United States District Court, Northern District of Georgia, Atlanta Division
   2167 U.S. Courthouse
   75 Ted Turner Drive
   Atlanta, GA  30303
   United States of America

2. **Central authority of the requested State**

   Administration of Courts
   Legal Assistance to Foreign Countries
   22 Kanfei Nesharin St.
   Jerusalem 95464
   Israel

1

**3.     Persons to whom the executed request is to be returned**

> Erin K Copeland, Esq.
> TX Bar No. 24028157
> Fibich Leebron Copeland & Briggs
> 1150 Bissonnet Street
> Houston, Texas 77005
> Telephone: (713) 751-0025
> Facsimile: (713) 751-0030
> ecopeland@fibichlaw.com
> *Plaintiffs' Lead Counsel*

> Buffy K. Martines
> TX Bar No. 24030311
> Laminack, Pirtle & Martines
> 5020 Montrose Boulevard, 9th Floor
> Houston, Texas 77006
> Telephone: (713) 292-2750
> Facsimile: (713) 292-2755
> buffym@lpm-triallaw.com
> *Plaintiffs' Steering Committee*

**4.     Date by Which the Requesting Authority Requires Receipt of the Response to the Letter of Request**

> Under the current scheduling order in this litigation, fact discovery must be completed no later than April 7, 2025. Additionally, this Court respectfully requests that the deposition be conducted as soon as practicable.

**5A.    Requesting judicial authority (Article 3, *a*)**

> Honorable Leigh Martin May
> United States District Court Judge
> United States District Court, Northern District of Georgia, Atlanta Division
> 2167 U.S. Courthouse
> 75 Ted Turner Drive
> Atlanta, GA  30303
> United States of America

**5B.    To the competent authority of (Article 3, *a*)**

> Administration of Courts
> Legal Assistance to Foreign Countries
> 22 Kanfei Nesharin St.
> Jerusalem 95464
> Israel

**5C.    Name(s) of the case(s) and identifying number(s)**

*In Re Paragard IUD Products Liability Litigation*
United States District Court for the Northern District of Georgia, Atlanta Division
Case No. 1:20-md-2974-LMM

**6.    Names and addresses of the parties and their representatives**

**A.    The Plaintiffs:**

| | |
|---|---|
| Alisa Robere<br>c/o Min Jung Koo<br>Tosi Law<br>1201 West Peachtree Street, NW, Suite 2300<br>Atlanta, Georgia 30309 | Joyn Pedrioli<br>c/o Min Jung Koo<br>Tosi Law<br>1201 West Peachtree Street, NW, Suite 2300<br>Atlanta, Georgia 30309 |
| Jessica Garcia-Malene<br>c/o Edward Wallace<br>Wallace Miller<br>150 N. Wacker Drive, Suite 1100<br>Chicago, Illinois 60604 | Julie Power<br>c/o Fidelma Fitzpatrick<br>Motley Rice<br>40 Westminster Street, 5th Floor<br>Providence, Rhode Island 02903 |
| Viola Adhami<br>c/o Randi Kassan<br>Milberg Coleman Bryson Phillips Grossman<br>405 East 50th Street<br>New York, New York 10022 | Latoya Smith<br>c/o Erin Copeland<br>Fibich, Leebron, Copeland & Briggs<br>1150 Bissonnet Street<br>Houston, Texas 77005 |
| Melody Braxton<br>c/o Erin Copeland<br>Fibich, Leebron, Copeland & Briggs<br>1150 Bissonnet Street<br>Houston, Texas 77005 | Olivia Mulvey-Morawiecki<br>c/o Erin Copeland<br>Fibich, Leebron, Copeland & Briggs<br>1150 Bissonnet Street<br>Houston, Texas 77005 |
| Pauline Richard<br>c/o Erin Copeland<br>Fibich, Leebron, Copeland & Briggs<br>1150 Bissonnet Street<br>Houston, Texas 77005 | |

**B.**    **The Defendants**

| | |
|---|---|
| Teva Pharmaceuticals USA, Inc.; Teva Women's Health, LLC and Teva Branded Pharmaceutical Products R&D, Inc. c/o Christopher D. Morris Butler Snow Renaissance at Colony Park, Suite 1400 1020 Highland Colony Parkway Ridgeland, Mississippi 39158 c/o Pamela Ferrell Butler Snow 170 Peachtree Street NE, Suite 1900 Atlanta, Georgia 30309 | The Cooper Companies, Inc. and CooperSurgical, Inc. c/o Caroline Walker Butler Snow One Federal Plaza, Suite 100 1819 Fifth Avenue N. Birmingham, Alabama 35203 c/o Kasey Adams Butler Snow Renaissance at Colony Park, Suite 1400 1020 Highland Colony Parkway Ridgeland, Mississippi 39158 |
| Defendants'' Liason Counsel Lori G. Cohen Allison Ng Greenberg Traurig Terminus 200 3333 Piedmont Road, NE, Suite 2500 Atlanta, Georgia 30305 | |

**7A.**    **Nature of the proceedings (Article 3, *c*)**

The above-captioned civil case is comprised of approximately 3,000 federal court actions claiming personal injuries arising out of use of the Paragard IUD.  The defendants in these actions are Teva Pharmaceuticals USA, Inc., Teva Women's Health, LLC, Teva Branded Pharmaceutical Products R&D, Inc., The Cooper Companies, Inc. and CooperSurgical, Inc..  This multi-district litigation was formed in December 2020 with the Honorable Leigh Martin May, a district court judge in United States District Court for the Northern District of Georgia, Atlanta Division, presiding over consolidated pretrial proceedings.  Thereafter, in November 2021, the Court denied the Defendants' motion to dismiss the claims set forth in the Plaintiffs' Second Amended Master Personal Injury Complaint.  The Defendants subsequently answered the Second Amended Master Personal Injury Complaint and asserted affirmative defenses.  Discovery is ongoing, with fact discovery scheduled to end on April 7, 2025.  The parties have entered into a protective order covering the use of confidential material in the litigation.

**7B.**    **Summary of complaint**

In the Second Amended Master Personal Injury Complaint, the Plaintiffs allege that they were injured by the Paragard IUD that the Defendants designed, developed, manufactured, tested, labeled, packaged, distributed, marketed, and/or sold.  The Plaintiffs have brought

claims against the Defendants sounding in strict liability (design defect), strict liability (failure to warn), strict liability (manufacturing defect), negligence, negligence (design and manufacturing defect), negligence (failure to warn), fraud and deceit, fraud by omission, negligent misrepresentation, breach of express warranty, breach of implied warranty, violation of consumer protection laws, gross negligence, unjust enrichment, punitive damages, and loss of consortium. The Plaintiffs seek from the Defendants actual and compensatory damages, exemplary and punitive damages, prejudgment and post-judgment interest, attorneys' fees and costs, statutory damages, and any other relief that the Court may deem just and proper.

## 7C.    Summary of Defenses

In their Answers to the Second Amended Master Personal Injury Complaint, the Defendants assert multiple defenses to the Plaintiffs' claims, including but not limited to: failure to state a claim upon which relief can be granted, legal preemption of claims, expiration of the statute of limitations, the learned intermediary doctrine, Plaintiffs' negligence, fault of third parties, the benefits of the product outweigh its risks and Plaintiffs' pre-existing health conditions.

## 8A.    Evidence to be obtained (Article 3, *d*)

### Confidentiality of documents and testimony

This Letter of Request is for evidence that is expected to be used at trial in the underlying civil action. The evidence will be treated consistent with the protective order that has already been entered in this case. Confidential information disclosed in *In Re Paragard IUD Products Liability Litigation*, United States District Court for the Northern District of Georgia, Atlanta Division, Case No. 1:20-md-2974-LMM, is subject to a protective order ("Stipulated Protective Order") attached to this Letter of Request as Exhibit 1. The Stipulated Protective Order is designed to protect producing entities from any unauthorized use or disclosure of confidential or proprietary information. Further, the Stipulated Protective Order provides generally for return or destruction of designated material within sixty (60) days of the final disposition of the case. This Court has jurisdiction over the parties and the Protective Orders for the purposes of compliance with and enforcement of its terms.

### Requested Evidence

This Court respectfully requests that this Letter of Request be executed by the Administrator of Courts in Israel and carried out (in whole or part) by the Administrator of Courts and any court appointed by it. Upon execution of this Letter of Request, it is respectfully requested that the competent judicial authorities of Israel apply all appropriate means available to them to compel compliance with the following requests for testimony.

Consistent with Chapter 2 Articles 17, 18, and 19 of the Hague Convention, and to the extent that the Israeli Court deems it appropriate to appoint a private lawyer to assist in taking evidence (pursuant to section 16(b) of Israel's Legal Assistance between Countries Law, 1998), the Court respectfully requests that the Israeli Court appoint whatever counsel it deems appropriate.

**Requested Evidence from Mr. Elbaz and Purpose of the Evidence Sought**

Mr. Elbaz was employed by Teva Pharmaceutical Industries Ltd.'s ("Teva Ltd.") and/or one or more other Teva entities in various positions from 2006 to 2018 and again from 2020 to 2022. Teva Ltd. is located in Israel. Upon information and belief, Mr. Elbaz was a member of the Validation Office Compliance Team. During this time, Mr. Elbaz assisted in various aspects of company operations concerning the Paragard IUD and pharmacovigilance generally including, but not limited to, pharmacovigilance audits of Teva facilities in the United States. Teva's pharmacovigilance policies, procedures, functions, and activities pertaining to the Paragard IUD are central issues in this litigation. *See* ECF No. 79, ¶¶ 111-128 (Second Amended Master Personal Injury Complaint).

Because of the importance of pharmacovigilance to this case and Mr. Elbaz's central role in pharmacovigilance compliance at Teva Ltd., Plaintiffs seek to depose Mr. Elbaz. Specifically, in addition to his general training, background, and experience, Plaintiffs wish to secure testimony regarding his knowledge, role, and responsibilities at Teva Ltd. as they pertain to the Paragard IUD; interactions between the Teva Ltd. pharmacovigilance unit and other units, systems, third parties, and Teva entities as they pertain to the Paragard IUD; and any other activities pertaining to the Paragard IUD in which he participated during his tenure at Teva Ltd. (including, but not limited to, safety signal detection, complaint trending, internal and third party audits, FDA inspections, and FDA communications). Further, Plaintiffs wish to secure testimony regarding the audit of Teva USA in Horsham, Pennsylvania which was conducted January 25-27, 2011 and the activities surrounding the preparation of the report and CAPA documents. Because Mr. Elbaz has not agreed to appear for deposition, this Court requests that he be compelled to appear for deposition in a mutually agreed to location regarding these topics.

**9.      Identity and address of any person to be examined (Article 3, *e*)**

For purposes of giving his deposition, Mr. Elbaz is currently represented by counsel in the United States:

Mr. Christopher D. Morris
Butler Snow
1020 Highland Colony Parkway, Suite 1400
Ridgeland, Mississippi 39157

10.    **Subject matter about which persons are to be examined (Article 3, *f*)**

This Court requests that Mr. Elbaz be compelled to appear for deposition regarding the topics set forth in Section 8A above.

11.    **Documents or other property to be inspected (Article 3, *g*)**

None.

12.    **Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3, *h*)**

This Court requests that this witness be placed under oath before answering questions. The requested form of the oath is: "Do you solemnly state that the testimony you will give in this deposition proceeding will be the truth, the whole truth, and nothing but the truth?" In the event that the witness cannot be placed under oath, it is requested that she answer questions in such manner as provided by Israeli law for taking evidence, including those provisions intended to ensure the veracity of oral testimony.

13.    **Special methods or procedure to be followed (Articles 3, *i* and 9)**

This Court requests an "American-style" depositions of Mr. Elbaz. Specifically, it is requested that:

(a) United States trial counsel for the Plaintiffs and the Defendants be permitted to examine the witnesses under oath pursuant to the United States Federal Rules of Civil Procedure;

(b) counsel for the witnesses, including any United States counsel, be permitted to defend the depositions pursuant to the United States Federal Rules of Civil Procedure;

(c) the depositions take place before a court reporter experienced in American depositions who will produce a verbatim transcript of the deposition;

(d) the depositions take place before a videographer experienced in American depositions who will videotape the deposition;

(e) the witnesses be required to review, correct, and sign the verbatim transcript within 14 days after the transcript is furnished to the witness (which may take 2 to 3 weeks); and

(f) the witnesses be examined as soon as practicable.

14. **Request for notification of the time and place for the execution of the Letter of Request and identity and address of any person to be notified (Article 7)**
This Court requests that the legal representatives for the parties (listed in Section 6, above) be informed as soon as practicable of the time and place for deposition of the witnesses.

15. **Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8)**

Not applicable (assuming that American-style depositions will take place).

16. **Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11, _b_)**

Any privilege to refuse to give evidence under United States law is contained in the United States Federal Rules of Civil Procedure, Federal Rules of Evidence, and other applicable United States laws. Specifically, the witness must answer all questions unless the witness is directed by counsel not to answer the question. Such an instruction is appropriate only when necessary to preserve a privilege, to enforce a limitation directed by a court, or to support a motion to cease testimony due to harassment of the witness.

17. **The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by.**

The fees and costs incurred that are reimbursable under the second paragraph of Article 14 or under Article 26 of The Hague Convention will be borne by the Plaintiffs.

### Conclusion

It is respectfully requested that this Letter of Request be given the highest consideration and enforced as soon as practicable. To the extent that any portion of the Request cannot be granted, it is respectfully requested that the remaining parts be granted. This Court assures the Judicial Authorities in Israel that it will reciprocate with similar assistance in like cases and extends the Judicial Authorities the assurances of its highest consideration.

Date: _____, 2025.

**Signature and seal of the requesting authority:**

_____
Honorable Leigh Martin May
United States District Court Judge
United States District Court, Northern District of Georgia, Atlanta Division
2167 U.S. Courthouse
75 Ted Turner Drive
Atlanta, GA  30303
United States of America

Date:  _____

Signature and seal of the executing authority:

Competent Authority
Israel

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD IUD | ) | MDL DOCKET NO. 2974 |
| PRODUCTS LIABILITY | ) | |
| LITIGATION, | ) | 1:20-md-02974-LMM |
| | ) | **This Document Relates to All Cases** |

## AGREED PROTECTIVE ORDER

The parties possess trade secrets and/or other confidential, propriety, and commercially sensitive information and personal identifying information or personal health information that each may need to disclose to the other during discovery in the above-captioned matter (the "Action"). The parties have, through counsel, stipulated to the entry of this Protective Order ("Order"), pursuant to Rule 26 of the Federal Rules of Civil Procedure to facilitate discovery in the Action while protecting such confidential information from improper disclosure and use.

The parties have established good cause for the entry of this Order.

THEREFORE, IT IS ORDERED AS FOLLOWS:

1. **DEFINITIONS**

1.1    "Material" means documents or other information, including electronically stored information, within the meaning of Fed. R. Civ. P. 34 produced in this Action, whether pursuant to the Federal Rules of Civil Procedure, by subpoena, or by agreement, other than documents that are publicly available;

interrogatory or other discovery responses; responses to request for admissions and deposition testimony taken in this action, exhibits thereto and/or any videos or transcripts thereof, whether in written or computer format, and all contents of the foregoing.

1.2 "Confidential" or "Confidential Material" means any document, material, or information the Producing Party believes in good faith constitutes or discloses information that qualifies for protection pursuant to Fed. R. Civ. P. 26(c), specifically information that is trade secret, as defined by the Uniform Trade Secrets Acts, and/or research, development, or other proprietary and/or commercially sensitive information and any other confidential or proprietary information not generally available to the public, disclosure of which may result in harm to the party's competitive position.

Confidential Material may also include documents and information that contain personal medical information or other personal information pertaining to research subjects or patients; reporters of alleged adverse drug events or product complaints, or persons or entities identified in such reports; Protected Health Information (PHI) and individually identifiable health information that is protected from unauthorized disclosure by the HIPAA, codified in 45 C.F.R. §§ 160, 164.

1.3    "Producing Party" means any party or non-party producing Material or Confidential Material in this Action, whether pursuant to the Federal Rules of Civil Procedure, by subpoena, or by agreement.

1.4    "Receiving Party" means any party that receives Material or Confidential Material from a Producing Party in this Action, whether pursuant to the Federal Rules of Civil Procedure, by subpoena, or by agreement.

1.5    "Designating Party" means any party that designates as "Confidential" or "Confidential Material" any Material produced by that party, another party, or a non-party, or any non-party that designates information or material that it produces in this Action as confidential, whether pursuant to the Federal Rules of Civil Procedure, by subpoena, or by agreement.

1.6    "Attorneys of Record" means any attorney of record for any of the parties to this Action, members of the firm of the attorneys of record for the parties, and any in-house attorneys who are employed by the parties.

## 2.  DESIGNATING MATERIAL AS CONFIDENTIAL

2.1    Manner and Timing of Designations. Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, Confidential Material must be clearly designated "CONFIDENTIAL" when the Material is disclosed or produced. If a Producing Party discovers that Confidential Material inadvertently

was not designated as "CONFIDENTIAL" when it was produced, the Producing Party, within a reasonable time, may notify Lead Counsel for the opposing party and may provide a substitute production bearing the designation of "CONFIDENTIAL."

    a.    For information in documentary form (apart from transcripts of depositions), the Producing Party must affix the legend "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" at the bottom of each page (within printable margins of the document and not covering any text) that contains Confidential Material.

    A party or non-party that makes original Materials available for inspection need not designate them for protection until after the Receiving Party has indicated which Material it would like copied and produced. During the inspection and before the designation, all of the Material made available for inspection shall be treated as Confidential Material. After the Receiving Party has identified the documents he/she/it wants copied and produced, the Producing Party may designate documents as Confidential Material in accordance with the terms of this Order. The Producing Party must affix the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" at the bottom of each page that contains Confidential Material.

b.     To protect against unauthorized disclosure of confidential personal information and/or individual privacy interests or rights, the parties may redact names, addresses, and other identifying information pertaining to: research subjects or patients; reporters of alleged adverse events or product complaints, or persons or entities identified in such reports (however, the remainder of such reports shall be disclosed provided they otherwise are discoverable); and other individuals or entities whose names and other identifying information are protected from disclosure by the regulations of the Food, Drug & Cosmetics Act, including, but not limited to, 21 C.F.R. §20.63, 21 C.F.R. §20.111, 21 C.F.R. §20.112, 21 C.F.R. §50.25, 21 C.F.R. §314.80, and 21 C.F.R. §803.9, by the regulations of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), or by any other relevant rules or regulations.

c.     For testimony given in deposition proceedings: All witnesses to whom Confidential Materials are disclosed must either:

i.   agree in writing to the non-disclosure agreement attached hereto as Exhibit A, and are hereby ordered (1) to maintain Confidential Materials in confidence and (2) not to disclose Confidential

Materials to anyone other than in accordance with the terms of this Protective Order;

OR

ii. Any deponent who agrees on the record to adhere to the following directive: "There is a confidentiality order in effect in this litigation. We have a copy you can review, if you request. But the parties have agreed to the following explanation, instead of taking the time for you to review the order. Under the confidentiality order, you are required to hold in confidence any confidential information you are shown or otherwise provided during the course of this deposition. You cannot disclose their contents to anyone. They are only being used for the purposes of this deposition and cannot be used or disclosed to anyone else, which means you cannot talk about or otherwise share or discuss their contents. If you violate these directives under the confidentiality order, you may be subject to sanctions by the Court and by any other remedies the parties to this litigation may seek. Do you understand that you are required to follow these

requirements?"  The deponent may not change this agreement with an Errata.

d.    Confidential Materials disclosed at a deposition may be designated by a party as Confidential Materials by indicating on the record at the deposition that the specific part of the testimony and/or any exhibits marked for identification is confidential, and is subject to the provisions of the Protective Order. Counsel for any party may exclude from the room during any portion of a deposition any person not entitled under this Protective Order to receive Confidential Materials while such materials are being disclosed and/or discussed. Alternatively, a party may designate Confidential Materials disclosed at such depositions as confidential by notifying all persons appearing on the record at the deposition in writing, within thirty (30) days of receipt of the witness's transcript, of the specific pages and lines of the transcript which contain Confidential Materials. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in his or her possession, custody or control. During such thirty (30) day period, the deposition transcript and all exhibits thereto shall be treated as Confidential Material. To the extent that filings are required with the Court within this thirty (30) day period, the parties will meet and confer to attempt

to determine whether any portion of the deposition should be designated as confidential.

e.     For Confidential information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

2.2     By making Confidential Materials available during the course of this Action, the Producing Party does not waive any trade secret or other confidential protection that might otherwise be afforded over those Materials. Furthermore, by designating any Confidential Materials as "CONFIDENTIAL," the parties do not acknowledge or agree that any such Confidential Materials are relevant, admissible, or discoverable in this Action. This Protective Order shall not constitute a waiver of any right to seek discovery of, or alternatively to resist discovery of, any Material in this Action.

2.3     Inadvertent Failures to Designate as Confidential. Inadvertent failure to designate Materials at the time of production as Confidential does not, standing alone, waive the Producing Party's right to thereafter designate such Materials as Confidential.

Inadvertent failure to designate Materials as Confidential at the time of production may be remedied by supplemental written notice and by production of replacement Materials with the "CONFIDENTIAL" designation. Upon such notice and replacement production, the Receiving Party shall use his/her/its best efforts to destroy the previously-produced Materials and shall make reasonable efforts to ensure that the Material is treated as Confidential. The inadvertent disclosure by the Producing Party of Confidential Materials, regardless of whether such Materials were so designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of a party's claim of confidentiality, either as to the specific Materials disclosed or as to any other Confidential Materials relating thereto or on the same or related subject matter.

If the Receiving Party in good faith wishes to challenge the Confidentiality designation under this section, it may do so after meeting and conferring with the Producing Party and after contacting the Court (with the Producing Party present on the call) to inquire as to the manner in which the Court prefers to address the dispute; no motions may be filed without leave of Court. The Producing Party bears the ultimate burden of establishing that the material is entitled to protection.

2.4      The terms of this Order shall in no way affect the right of the Producing Party to withhold Material(s) on the grounds of immunity from discovery, including

the attorney client privilege, joint defense privilege, work product doctrine, or any other applicable privilege, all of which must be recognized under the law, or to exclude from production Material(s) on the grounds that such Material(s) are beyond the scope of discovery defined in Fed. R. Civ. P. 26(b)(1).

Inadvertent production or other disclosure of Material(s) subject to work-product immunity, the attorney-client privilege, joint defense privilege, or other legal privilege or protection that protects information from discovery shall not constitute a waiver of the immunity, privilege, or other protection, provided that the Producing Party promptly notifies the Receiving Party after the Producing Party becomes aware of such inadvertent production. Upon notification, the Receiving Party shall immediately return, sequester or destroy the inadvertently-produced Material(s) and all copies as well as notes, summaries, and/or work product reflecting the contents of such materials. If only a portion of the Material(s) is privileged, the Producing Party shall provide a new version of the Material(s) in which the privileged information has been redacted. No further use or disclosure shall be made of the inadvertently-produced Material(s), and the Receiving Party shall take all reasonable and appropriate steps to retrieve the Material(s), and all copies, from any person who has received Material(s) through the Receiving Party.

The parties shall have the benefit of all limitations on waiver afforded by the Federal Rules of Civil Procedure and Federal Rules of Evidence 501 and 502.

If a Producing Party claws back Material(s) under this paragraph that is/are identified for use at or attempted to be used at a deposition, and if the Producing Party refuses to allow the deponent to be questioned regarding the clawed back Material(s), the parties acknowledge that they shall attempt to bring the issue to the attention of the Court during the deposition.  If the Court is unable to address the issue at the time raised, the deponent may not be questioned about the subject Material(s), but the parties may meet and confer after the deposition to address those issues and, if necessary and appropriate, jointly contact the Court with regard to the issue or agree to table the issue until such time as they can further meet and confer. In the event the parties later agree, or the Court later rules, that the subject Materials are not privileged and/or that the deponent may be questioned about the subject Materials, the Producing Party shall be responsible for all logistics necessary to reconvene the deposition via Zoom (or another remote platform) at a mutually convenient time, date, and place to permit the witness to be questioned about the subject Materials, and the Producing Party shall pay court reporter costs and any third-party witness costs for the reconvened remote deposition.  Nothing in this paragraph shall preclude the parties from agreeing to proceed in-person or for any

party to seek an Order from the Court requiring the re-convened deposition to proceed in-person.

Failure to assert privilege in this Action as to a Material(s) shall not be deemed to constitute a waiver of the privilege of any of Material(s) so protected, even involving the same subject matter. Any inadvertent disclosure of privileged information shall not operate as a waiver in any other federal or state proceeding, and the parties' agreement regarding the effect of inadvertent disclosure of privileged information shall be binding on non-parties.

2.5 Corrected Designation. If it comes to a Producing Party's attention that Material he/she/it previously designated as Confidential Material is not confidential under the terms of this Order, the Producing Party shall notify Lead Counsel for the opposing party that he/she/it is withdrawing the confidentiality designation. In such case, the Producing Party shall re-produce the Material without any Confidentiality markings.

## 3. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

3.1 Timing of Challenges. Any party may challenge a designation of confidentiality within a reasonable time after the party first believes that certain Material designated as Confidential is not Confidential, and that party has a good-faith reason for the challenge. A party does not waive its right to challenge a

confidentiality designation by electing not to mount a challenge immediately after the original designation is disclosed, but shall do so within a reasonable time.

    3.2      Procedure for Parties Challenging Confidentiality Designations. A party may challenge the designation of Confidential Materials as follows:

> In the event that any party disagrees with the designation by the Producing Party of Confidential Materials as being Confidential, the parties shall first try to dispose of such dispute in good faith on an informal basis by conferring directly with counsel for the Producing Party. The party challenging the confidentiality designation shall provide to the Producing Party written notice of that disagreement, stating the reason(s) for the challenge. During the 21-day period following the receipt of the written notice to the Producing Party, the party challenging the confidentiality and the Producing Party shall try to resolve such challenge in good faith on an informal basis (the "Meet and Confer Period").

> If the dispute cannot be resolved, the party challenging the designation may contact the Court (with the opposing party on the line) and seek leave of Court to present the dispute, even within the meet and confer period if such guidance is needed from the Court. No motion challenging a confidentiality designation shall be filed without leave of Court. Any objections to such a designation,

when made, shall be in writing and shall specify the nature of any objection. Any Materials that are being challenged shall remain as Confidential Materials under the terms of this Protective Order until the Court makes a determination otherwise.

## 4. PROCEDURE FOR FILING DOCUMENTS UNDER SEAL

4.1     Without written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this Action any Confidential Materials. In the event disclosure of sealed materials is sought, no portion of the materials thus sealed shall be released except upon notice to the Producing Party made by the party seeking disclosure, proof of which shall be made to the Court, and after a full opportunity for hearing upon the matter.

4.2     Confidential Material shall not be filed with the Court except when required in connection with matters pending before the Court.  Any documents (including briefs), tangible things, or information designated as Confidential Material that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing may retain their protected confidential status only by compliance with the Court's Procedures for Electronic Filing Under Seal in Civil Cases.   Said Confidential Material shall be kept under seal until further order of the

Court; however, Confidential Material and other papers filed under seal shall be available to the Court, to counsel of record, and to all other persons entitled to receive the confidential information contained therein under the terms of this Protective Order.

4.3    The party seeking to file the Confidential Materials shall first consult with the counsel for the party who designated the Material as confidential to determine if some measure less restrictive than filing the Material under seal may serve to provide adequate protection.  A mere reference or discussion of confidential information does not warrant sealing of the entire document and all attachments to be filed.   The parties should meet and confer in good faith to address the sealing (or filing in a redacted format) of those portions of the Materials that contain or refer to confidential information.

## 5.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

5.1    A Receiving Party may use Confidential Material in connection with this Action only for prosecuting, defending, or attempting to settle a case(s) in this Action.  Confidential Material may be disclosed only to the categories of persons and under the conditions as are described herein. Disclosure of Confidential Materials other than in accordance with the terms of this Protective Order may

subject the disclosing party to such sanctions and remedies as the Court may deem appropriate.

Confidential Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

5.2    Disclosure of Confidential Material. Unless otherwise ordered by the Court or permitted in writing by the Producing Party, Confidential Material may be disclosed only to the following persons and only to the extent such persons have a legitimate need to know the particular Confidential Material disclosed to them:

a.    Attorneys of Record;

b.    Employees of the Attorneys of Record working under the direct supervision of such Attorneys of Record;

c.    Parties to this Action and their in-house attorneys, officers, directors, and employees;

d.    Experts or consultants, provided that prior to any disclosure the Attorney of Record who retains the outside expert or consultant obtains a signed "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

e.     The Court or persons employed by the Court in connection with the handling of this Action;

f.     Litigation support services, including outside copying services, court reporters, stenographers, videographers, or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a party for the purpose of assisting that party in these proceedings, for whom a company representative has signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A);

g.     Any actual or potential witness in this Action who has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A), provided that Attorney of Record believes, in good faith, that such disclosure is reasonably necessary for the prosecution or defense of these proceedings;

h.     Any deponent in this Action who has signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A) or has agreed to maintain the confidentiality of such documents as set forth in section 2.1.c.ii. above, except that an employee of a Producing Party need not sign Exhibit A with regard to the Producing Party's Confidential Material.

i.      The author(s) of the document, any persons who received the document other than as part of a lawsuit, claim, or litigation, or the original source(s) of the document;

j.      Counsel for issuers of insurance policies under which any issuer may be liable to satisfy part or all of a judgment that may be entered in these proceedings or to indemnify or reimburse payments or costs associated with these proceedings, if any, and who has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

k.      Any mediator or arbitrator appointed by the Court or selected by mutual agreement of the parties and the mediator or arbitrator's secretarial and clerical personnel, provided that a company representative for the mediator or arbitrator has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A); and

l.      Any other person as to whom the Producing Party has consented to disclosure in advance and in writing. Consent will not be unreasonably withheld upon good faith request.

5.3     Before disclosing any Confidential Materials to any person specified in paragraphs 5.2(d), (f), (g), (h), (j), or (k), above, disclosing counsel shall advise said persons of this Protective Order and said person must agree in writing to the non-

disclosure agreement attached hereto as Exhibit A, which states that such persons agree (1) to be bound by the terms hereof, (2) to maintain the Confidential Materials in confidence, and (3) not to disclose the Confidential Materials to anyone other than in accordance with the terms of this Protective Order. Each party shall maintain a file containing such certifications. In no event shall any disclosure of Confidential Materials be made to competitors of Defendants, including any person who, upon reasonable and good faith inquiry could be determined to be, an employee of a competitor of Defendants, irrespective of whether such person is retained as an expert or consultant by counsel for Plaintiffs.

5.4    Nothing in this Protective Order restricts a Producing Party's ability to use or disclose its own Confidential Materials.

## 6.    CONFIDENTIAL MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of Confidential Material, the Receiving Party must so notify the Producing Party in writing by e-mail within five (5) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must promptly notify in writing the party that caused the subpoena or order to issue that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

If the Producing Party timely seeks a protective order from the court where the subpoena or order issued, the Party served with the subpoena or court order shall not produce any Confidential Material before a determination by that court, unless the party has obtained the Producing Party's permission. The Producing Party shall bear the burden and expense of seeking protection in that court of its Confidential Material.

Third parties who may produce Confidential Material in this Action and who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Order and thereby become a Producing Party for purposes of this Order.  If a party serves a subpoena or request to produce on a third party ("Serving Party"), the Serving Party shall include a copy of this Order with the subpoena or request.

Materials produced by a third party that are not already designated as Confidential shall be treated as Confidential for 45 calendar days after production. During this period, any party may designate such Materials as Confidential pursuant

to the terms of this Order. To the extent that filings are required with the Court within this forty-five (45) day period, the parties will meet and confer to attempt to determine whether any portion of such materials should be designated as confidential.

## 7.  UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must promptly (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" that is attached hereto as Exhibit A.

## 8.  USE OF CONFIDENTIAL MATERIAL IN COURT HEARINGS

Confidential Material may be introduced by a party at a court hearing in this Action provided that any disputes that may arise with regard to its use will be resolved by the Court at the time and prior to the introduction of the Confidential Material.

Nothing in this Protective Order shall determine the admissibility into

evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court.

The terms of this Protective Order shall not be construed as any limitation upon the right of any party to offer into evidence any documents, response, or information designated as confidential.

## 9. **DURATION**

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

At the conclusion of this Action, or any action transferred by the Court to a different venue, including any appeals from any judgment or order entered by the Court or any transfers of a particular case by this Court, at the request of the Producing Party, the Receiving Party shall, with regard to any Materials not unsealed during the Action, retrieve all Confidential Materials from testifying experts, consulting experts, and any other person or entity to whom the Receiving Party has disclosed  Confidential Materials, and, at its option, within thirty (30) days either: (1) destroy all Confidential Materials received by such party and shall certify in writing that such destruction has occurred; or (2) return all received Confidential

Materials to the Producing Party and certify in writing that all such discovery materials have been returned. If the Producing Party is not notified of which option the Receiving Party has chosen, it will be presumed that option (1) was chosen. Upon written request of the Producing Party, the Receiving Party shall confirm that one of the foregoing options has been implemented. However, notwithstanding any other provision of this paragraph, all Confidential Materials shall remain subject to this Protective Order.

## 10.   **MISCELLANEOUS**

10.1   This Protective Order shall be binding upon the parties hereto, counsel for the parties, and upon the parties' and their counsels' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over which they have control. The parties, their counsel and employees of such counsel, and their expert witnesses, consultants and representatives retained in connection with this action each expressly stipulates to the personal jurisdiction of this Court for purposes of any proceeding brought by a party to this action to enforce this Protective Order.

10.2     This Court retains jurisdiction over the parties, counsel for the parties, and all persons, firms, corporations or organizations to whom this Protective Order

applies for purposes of enforcement of this Protective Order following the conclusion of this action.

10.3    <u>Right to Assert Other Objections</u>.    No party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

Agreed to by:

<u>/s/ *C. Andrew Childers*</u>
C. Andrew Childers
Georgia Bar No. 124398
Childers, Schlueter & Smith, LLC
1932 N. Druid Hills Rd., Suite 100
Atlanta, GA 30319
Tel: (404) 419-9500
Fax: (404) 419-9501
achilders@cssfirm.com
***Proposed Plaintiffs' Liaison Counsel***

<u>/s/ *Frederick M. Erny*</u>
Frederick M. Erny, Esq.
Gina M. Saelinger, Esq.
Ulmer & Berne, LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone: 513.698.5000
ferny@ulmer.com
gsaelinger@ulmer.com
***Attorneys for Named Defendants***

<u>/s/ *Erin K. Copeland*</u>
Erin K Copeland
TX Bar No. 24028157
Fibich Leebron Copeland & Briggs
1150 Bissonnet Street
Houston, TX 77005
Tel: (713) 751-0025
Fax: (713) 751-0030
ecopeland@fibichlaw.com
***Proposed Plaintiffs' Co-Lead Counsel***

<u>/s/ *Timothy M. Clark*</u>
Timothy M. Clark
California Bar No. 284447
Sanders Phillips Grossman, LLC

16755 Von Karman Ave., Suite 200
Irvine, CA 92606
Tel: (949) 338-8147
tclark@thesandersfirm.com
***Proposed Plaintiffs' Co-Lead Counsel***

       SO ORDERED, this the _____ day of _____, 2021.


                      _____

                      The Honorable Leigh Martin May
                      United States District Judge
                      Northern District of Georgia

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD IUD | ) | MDL DOCKET NO. 2974 |
| PRODUCTS LIABILITY | ) | |
| LITIGATION, | ) | (1:20-md-02974-LMM) |
| | ) | **This Document Relates to All Cases** |

## EXHIBIT A TO THE PROTECTIVE ORDER

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY THE PROTECTIVE ORDER

I acknowledge that Confidential Materials are being provided to me pursuant to the terms and conditions of the Protective Order entered in In RE: ParaGard IUD Products Liability Litigation, MDL No. 2974, on _____, 2021.

I further certify that I have been provided a copy of and have read and understand the Protective Order. Because it is necessary for me in the performance of my duties to have access to Confidential Materials that are the subject of the Protective Order, I understand and agree that I am personally bound by and subject to all of the terms and provisions of the Protective Order. I understand that the Protective Order prohibits me from either using or disclosing Confidential Materials for any purpose other than as set forth in and pursuant to the Protective Order entered by the Court.

I understand that failure to abide by the terms of the Protective Order may subject me to sanctions, including contempt of court, for such failure. I hereby agree to subject myself to the jurisdiction of the Court for purposes of enforcement of the terms and conditions of the Protective Order.

Signed this _____ day of _____, 20__.


_____
Signature

_____
Printed Name

(ADDRESS & NUMBER)