IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD IUD PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL DOCKET NO. 2974 |
| | ) | (1:20-md-02974-LMM) |
| | ) | **This Document Relates to All Cases** |

**FOURTH AMENDED NOTICE OF VIDEOTAPED
FED. R. CIV. P. 30(b)(6) CONTINUATION DEPOSITION OF THE
CORPORATE REPRESENTATIVES FOR THE DEFENDANTS
(*CONCERNING COMPLAINT HANDLING*)**

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiffs, by and through the Plaintiffs' Leadership Committee, will continue the deposition upon oral examination of the Teva and Cooper Defendants with respect to the topics set forth below. The deposition will take place on April 7, 2025 at a specific location to be determined before a notary public or other person authorized by law to administer oaths and take depositions, or at a mutually available time negotiated by the parties. The deposition will be recorded stenographically and by video recording. Plaintiffs reserve the right to use at the trial of this action the videotape recording of the deposition of the deponent pursuant to Fed. R. Civ. P. 32(a).

Plaintiffs reserve the right to seek relief from the court in the event Defendants

do not properly prepare the designated person(s) to testify on behalf of Defendants with respect to each of the identified topics.

Defendants are hereby requested and required under the federal rules to designate and produce at the deposition one or more officers, directors, managing agents, or other persons who consent to testify on their behalf on the following matters and documents:

### SCHEDULE A: DEPOSITION SUBJECT MATTERS

1. The complete process by which Defendants (or someone acting on their behalf) handle complaints (product quality and/or adverse event and/or a combination thereof) related to a broken Paragard. "Handle" means the details of how Defendants (or someone acting on their behalf) receive, record, code, investigate, evaluate, report, resolve, trend, close, and maintain files related to Paragard complaints from any source. "Broken Paragard" means any description or characterization of a broken Paragard except broken strings and Paragard broken at the time of insertion. This request specifically covers the period November 9, 2005 through the present (including the transition or gap period during which Teva or someone acting on its behalf continued to handle complaints following Cooper's acquisition of Paragard) and includes:

    a. Each step taken in the process and by whom;

    b. The applicable policies and procedures for each step (including training of those tasked with handling complaints); and

    c. Any changes to the complete process, steps, and/or policies and procedures over time.

To the extent Defendants relied upon any third party to handle any step in the complaint handling process, the witness should be prepared to discuss all of the same responsive information for each such third party.

**This request does not include any responsive information to which Defendants previously testified at their first FRCP 30(b)(6) complaint handling depositions**.

2. For the period November 9, 2005 through the present, information about all audits, inspections, evaluations and/or analyses of Defendants' complaint handling processes (product quality and/or adverse event and/or a combination thereof), policies and/or procedures. This request includes: the individuals/departments handling such complaints (including third parties acting on Defendants' behalf), Defendants' response(s) and any corrective taken in response to each, if applicable, including those of third parties acting on Defendants' behalf. **This request does not include any responsive information to which Defendants previously testified at their first FRCP 30(b)(6) complaint handling depositions.**

3. To the extent not covered by Subject Matter No. 1 above, each policy and procedure applicable to the process of complaint handling that was produced *after* the first FRCP 30(b)(6) complaint handling deposition for each defendant and/or each complaint handling policy and procedure about which the first deponent for each Defendant was unable to testify.

4. To the extent not covered by Subject Matter No. 1 above, all audits, inspections, evaluations and/or analyses of Defendants' complaint handling processes (product quality and/or adverse event and/or a combination thereof) that was produced *after* the first FRCP 30(b)(6) complaint handling deposition for each defendant and/or each audits, inspections, evaluations and/or analyses of Defendants' complaint handling processes (product quality and/or adverse event and/or a combination thereof) about which the first deponent for each Defendant was unable to testify. This request includes Defendants' response(s) and any corrective taken in response to each, if applicable, including those of third parties acting on Defendants' behalf.

5. To the extent any witness comes to the deposition with previously unproduced documents, the witness should be prepared to discuss the contents of those documents.

6. To the extent any witness has reviewed any documents to prepare for the continuation depositions, the witness should be prepared to discuss the

contents of those documents. **This request does not include any responsive information to which Defendants previously testified at their first FRCP 30(b)(6) complaint handling depositions.**

### SCHEDULE B: DOCUMENTS TO BE PRODUCED

1. All documents which the deponent(s) has utilized or may need to refresh his or her recollection as to any of the subject matters referenced in **Schedule A**.

2. All documents the deponent(s) consults or relies upon in preparation for the deposition.

3. All documents the deponent(s) creates (or are created on his/her behalf) to address any of the subject matters referenced in **Schedule A**.

4. The most current CV and/or resume for each of the person(s) being deposed pursuant to this notice.

Dated: March 7, 2025

*s/Erin Copeland*
Erin Copeland
TX Bar No. 24028157
**FIBICH LEEBRON COPELAND & BRIGGS**
1150 Bissonnet Street
Houston, TX 77005
Tel: (713) 751-0025
Fax: (713) 751-0030
Email: ecopeland@fibichlaw.com

*MDL Lead Counsel*

# **CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2025 Plaintiffs' Notice of FRCP 30(b)(6) Continuation Deposition of Defendants Concerning Complaint Handling and Request for Production of Documents was served electronically on Defendants via their lead and liaison counsel.

Dated: March 7, 2025

  *s/Erin Copeland*
Erin Copeland
TX Bar No. 24028157
**FIBICH LEEBRON COPELAND & BRIGGS**
1150 Bissonnet Street
Houston, TX 77005
Tel: (713) 751-0025
Fax: (713) 751-0030
Email: ecopeland@fibichlaw.com

*MDL Lead Counsel*