IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: Paragard IUD Products Liability Litigation | : : : : | MDL DOCKET NO. 1:20-md-02974-LMM |
| This document relates to: Katelynn Look Lauren Rook Temika Wilkes Brittany Johnson | : : : : : | CIVIL ACTION NOS. 1:23-cv-02973 1:22-cv-03385 1:23-cv-00139 1:22-cv-01970 |

## **ORDER**

This matter is before the court on Defendants' converted motion for summary judgment, Dkt. No. [709]. After due consideration, the Court enters the following Order.

I.   **BACKGROUND**

Defendants to this multidistrict litigation filed a motion styled as a motion to dismiss certain plaintiffs on limitations grounds. Dkt. No. [709]. On February 11, 2025, the Court ruled on most of the cases implicated in the motion and converted the motion to a motion for summary judgment as to the remaining cases. Dkt. No. [868]. The plaintiffs subject to the summary judgment conversion—Katelynn Look, Case No. 1:23-cv-02973; Lauren Rook, Case No. 1:22-cv-03385; Temika Wilkes, Case No. 1:23-cv-00139; and Brittany Johnson, Case No. 1:22-cv-01970—were allowed 21 days to file a statement of

facts, supported by evidence, countering Defendants' converted motion. Id. at [49].

Plaintiffs Rook and Johnson filed stipulations of dismissal, thus mooting the motion for summary judgment in their cases. See Stip. of Dismissal, Rook v. Teva Pharms. USA, Inc., Case No. 1:22-cv-03385, ECF No. [16] (N.D. Ga. Mar. 11, 2025); Stip. of Dismissal, Johnson v. Teva Pharms. USA, Inc., Case No. 1:22-cv-01970, ECF No. [17] (N.D. Ga. Mar. 11, 2025). Plaintiff Look filed a response in which she stated that she has no evidence to show that her Paragard removal date fell within the limitation periods on the claims challenged in Defendants' motion. Look v. Teva Pharms. USA, Inc., Case No. 1:23-cv-02973, ECF No. [12] (N.D. Ga. Mar. 11, 2025). Plaintiff Wilkes did not file a response.

## II.   DISCUSSION

The Court has already found that the date of Paragard removal set out in Plaintiff Look's Plaintiff Fact Sheet fell outside the limitation periods applicable to her claims for personal injury and breach of warranty. Dkt. No. [868] at 31-35. Because Plaintiff Look has conceded that no other evidence indicates an alternative removal date falling within the limitation periods, the converted motion for summary judgment, Dkt. No. [709], is **GRANTED** as to Plaintiff Look. Her claims for personal injury (Counts I-VI, XIII) and breach of warranty (Counts X, XI) are therefore **DISMISSED** as untimely filed.

In Plaintiff Wilkes's case, the Court has already found that the date of Paragard placement appearing in her Plaintiff Fact Sheet subjected her claims to

Tennessee's statute of repose. Dkt. No. [868] at 41-42. Because Plaintiff Wilkes has presented no evidence that her claims were in fact timely, the converted motion for summary judgment, Dkt. No. [709], is also **GRANTED** as to her claims. Ms. Wilkes's case is therefore **DISMISSED** as untimely filed.

### III. CONCLUSION

Defendants' converted motion for summary judgment, Dkt. No. [709], is **DENIED AS MOOT** as to Plaintiff Lauren Rook (Case No. 1:22-cv-03385) and Plaintiff Brittany Johnson (Case No. 1:22-cv-01970) and **GRANTED** as to Plaintiff Katelynn Look (Case No. 1:23-cv-02973) and Plaintiff Temika Wilkes (Case No. 1:23-cv-00139). Consequently, Plaintiff Look's claims for personal injury (Counts I-VI, XIII) and breach of warranty (Counts X, XI) are **DISMISSED**, and Plaintiff Wilkes's case is **DISMISSED WITH PREJUDICE**.

The Clerk is **DIRECTED** to terminate submission of the motion in the MDL action and the associated cases.

**IT IS SO ORDERED** this 20th day of March, 2025.

_____
**Leigh Martin May**
**United States District Judge**