IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD IUD<br>PRODUCTS LIABILITY<br>LITIGATION | :<br>:<br>:<br>: | MDL DOCKET NO. 2974<br>1:20-md-02974-LMM |
| This document relates to:<br>Carrie Diehl, 1:21-cv-00398;<br>Kimberly Bainguel, 1:22-cv-02696;<br>Maria Couce, 1:22-cv-01243;<br>Sheina Garrison-Stewart,<br>1:22-cv-01028;<br>Whitney Hadley, 1:22-cv-01029;<br>Camille Jedlicka, 1:22-cv-02606 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | |

## **ORDER**

This matter is presently before the Court on motions for reconsideration filed by Plaintiffs Carrie Diehl, Kimberly Bainguel, Maria Couce, Sheina Garrison-Stewart, Whitney Hadley, and Camille Jedlicka (hereinafter, "Moving Plaintiffs"). Dkt. Nos. [853, 862]. After due consideration, the Court enters the following Order.

**I.   BACKGROUND**

On December 30, 2024, the Court entered an Order directing the plaintiffs identified at Docket Entry 768-1 to show cause within 14 days of the entry of the Order why their cases should not be dismissed for failure to comply with the Case Management Orders ("CMOs") regarding Plaintiff Fact Sheets ("PFSs"). Dkt. No. [768]. Plaintiffs were warned that a plaintiff's failure to respond could result in dismissal of her case with prejudice. Id. at 2.

None of the Moving Plaintiffs filed a response. Accordingly, on January 24, 2025, the Court dismissed their cases with prejudice for failure to follow a lawful Order of the Court and for failure to make their cases ready. Dkt. No. [839] at 3. On February 3, 2025, and February 7, 2025, Ms. Diehl's counsel and the other Moving Plaintiffs' counsel, respectively, filed the motions for reconsideration that are presently pending before the Court. Dkt. Nos. [853, 862].

## II.   DISCUSSION

The Court does not find good cause for granting the motions for reconsideration. The MDL here involves thousands of plaintiffs, each asserting as many as 16 counts against as many as five defendants. See Dkt. No. [79] at 10-12, 49-109. It is therefore vital to the expeditious resolution of the litigation that the Court maintain the discretion to manage its docket. This is particularly true with the production and management of the PFSs and associated documents, which serve as discovery tools; delays in disclosures and production of documents raise the costs and burdens of litigation both for Defendants and for the Court.

It also bears noting that the moving plaintiffs had clear direction and numerous chances to comply with the PFS CMOs but failed to do so: the obligations were set out in the PFS CMOs, Dkt. Nos. [331, 385, 434, 553, 634]; Defendants warned Plaintiffs of deficiencies in their responses to the CMOs; and the Court not only allowed plaintiffs with apparent deficiencies to show cause why their cases should not be dismissed for failure to comply with the PFS CMOs,

2

Dkt. No. [768], but it also explicitly warned that dismissal could be with prejudice, id. at 2, and allowed Plaintiffs more than three weeks to respond to the show-cause order, see Dkt. No. [839].

For these reasons, the Court finds that the balance of interests weighs in favor of maintaining the dismissals and that there is not good cause for reconsidering its prior order. The motions for reconsideration, Dkt. Nos. [853, 862], are therefore **DENIED**.

## III.    CONCLUSION

In accordance with the foregoing, the pending motions for reconsideration, Dkt. Nos. [853, 862], are **DENIED**.

**IT IS SO ORDERED** this 25th day of March, 2025.

_____
**Leigh Martin May**
**United States District Judge**