IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD IUD PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL DOCKET NO. 2974 |
| | ) | (1:20-md-02974-LMM) |
| | ) | **This Document Relates to All Cases** |

**NOTICE OF VIDEOTAPED FED. R. CIV. P. 30(b)(6) DEPOSITION OF THE CORPORATE REPRESENTATIVES FOR THE DEFENDANTS**
*(CONCERNING PARAGARD MATERIALS AND DESIGN)*

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiffs, by and through the Plaintiffs' Leadership Committee, will take the deposition upon oral examination of all Defendants with respect to the topics set forth below. The deposition will take place at a time and a specific location to be determined before a notary public or other person authorized by law to administer oaths and take depositions, or at a mutually available time negotiated by the parties. The deposition will be recorded stenographically and by video recording. Plaintiffs reserve the right to use at the trial of this action the videotape recording of the deposition of the deponent pursuant to Fed. R. Civ. P. 32(a).

Plaintiffs reserve the right to seek relief from the court in the event Defendants do not properly prepare the designated person(s) to testify on behalf of Defendants

with respect to each of the identified topics.

Defendants are hereby requested and required under the federal rules to designate and produce at the deposition one or more officers, directors, managing agents, or other persons who consent to testify on their behalf on the following matters and documents:

**SCHEDULE A: DEPOSITION SUBJECT MATTERS**

1. The information Defendants know and/or have available to them concerning the original design specifications for the Paragard and inserter, including the rationale for such design.

2. The information Defendants know and/or have available to them concerning any modifications to the design of the Paragard and inserter for Paragard and the reason(s) for those modifications.

3. The information Defendants know and/or have available to them concerning the specific materials used to manufacture the Paragard[1].

4. The information Defendants know and/or have available to them concerning the sourcing and quality control of the raw materials used in the production of the Paragard during the time period in which you held the NDA for Paragard, including any changes to the sourcing and/or quality control. This includes any evaluation you (and/or someone acting on your behalf) have done of any

---

[1] Plaintiffs reserve the right to include the Material Safety Data Sheet for material used to manufacture the Paragard and its inserter component subject to further consideration from the Court.

processes performed by suppliers of materials used to make Paragard and its components.

5. The information Defendants know and/or have available to them concerning the manufacturing and assembly process of the component materials used to produce the Paragard and the production of Paragard, including any changes to the process, and Defendants' input, if any, into such changes. This includes knowledge and/or information available to them about third party vendors involved in the manufacturing and/or assembly of the Paragard or any of its component parts.

6. The information Defendants know and/or have available to them concerning any audits or inspections of the manufacturing and assembly process of the component materials used to produce the Paragard and the production of Paragard, including communications about those audits or inspections, any changes to the process as a result of the audits or inspections, and Defendants' inputs into such changes. This includes information Defendants know and/or have available to them concerning audits or inspections performed of any vendor involved in the manufacturing and assembly process of the component materials used to produce the Paragard and the production of Paragard.

7. The information Defendants know and/or have available to them concerning any post market evaluations, including, but not limited to, those performed by

you (and/or someone acting on your behalf) of the structural soundness of the Paragard design and/or the material used in the Paragard design. This includes, but is not limited to, those identified in Subject Matter Number 15.

8. The information Defendants know and/or have available to them concerning any post market comparative analysis of Paragard's design against other IUDs, including, but not limited to, those done by you (and/or someone acting on your behalf) as it relates to breakage of the Paragard "T" frame. This includes, but is not limited to, those identified in Subject Matter Number 15.

9. The information Defendants know and/or have available to them concerning any post market evaluations, including, but not limited to, those performed by you (and/or someone acting on your behalf), of the material manufacturing and assembly process of the Paragard "T" as it relates to breakage of the Paragard "T" frame. This includes, but is not limited to, those identified in Subject Matter Number 15.

10. The information Defendants know and/or have available to them concerning any testing, evaluations and/or studies, including, but not limited to, those conducted by you (and/or by someone acting on your behalf), of the Paragard design as it relates to breakage of the Paragard. This includes, but is not limited to, those conducted as part of or the result of any audits or inspections identified in Subject Matter Number 15. This does not include string breakage.

4

11. The information Defendants know and/or have available to them concerning any testing, evaluations and/or studies, including, but not limited to, those conducted by you (and/or by someone acting on your behalf) concerning any of the materials used to manufacture the Paragard as it relates to breakage. This includes, but is not limited to, those conducted as part of or the result of any audits or inspections identified in Subject Matter Number 15. This does not include string breakage.

12. The information Defendants know and/or have available to them concerning how the design of Paragard and/or materials used in the design of Paragard prevents pregnancy. This request includes, but is not limited to, how the design of Paragard and/or materials used in the design of Paragard impacts the effectiveness of Paragard in prevent pregnancy over ten years and the basis for such information.

13. All corporate functions, departments, units, divisions involved in the design, sourcing of materials, and manufacturing of the Paragard during the time period in which you held the NDA for Paragard, including any changes made.

14. To the extent not otherwise covered by a prior Subject Matter, the information Defendants know and/or have available to them concerning any audits, including those performed by you (and/or someone acting on your behalf), of any of your Paragard material sources as it relates to breakage of the Paragard

"T" frame. This includes, but is not limited to, those identified in Subject Matter Number 15. This does not include string breakage.

15. The information Defendants know and/or have available to them concerning any inspections and/or audits, including 483s issued to you and/or your predecessors concerning any aspect of Paragard design, materials, or manufacturing processes, including, but not limited to:

- November 1, 1983 FDA Inspection (*see e.g.*, MDL2974COOPERSURG-00004486);

- October 15, 1984 FDA Inspection (*see e.g.*, MDL2974COOPERSURG-00004439);

- April 29, 1985 FDA Inspection (*see e.g.*, MDL2974COOPERSURG-00004432);

- August 3, 1987 FDA Inspection (*see e.g.*, MDL2974COOPERSURG-00004360);

- October 16, 1989 FDA Inspection *see e.g.*, MDL2974COOPERSURG-00004135);

- October 16, 1990 FDA Inspection (*see e.g.*, MDL2974COOPERSURG-00004135);

- December 5, 1991 Audit (*see e.g.*, MDL2974COOPERSURG-02878160);

- February 26, 1992 FDA Inspection (*see e.g.*, MDL2974COOPERSURG-

02556957);

- December 16, 1993 FDA Inspection (*see e.g*., MDL2974COOPERSURG-00004092);

- November 18, 1994 FDA Inspection (*see e.g*., MDL2974COOPERSURG-00003958);

- January 9, 1998 FDA Inspection (*see e.g*., MDL2974MDL2974COOPERSURG-00003912);

- October 1, 2002 FDA Inspection (*see e.g*., MDL2974COOPERSURG-00003898);

- January 8, 2004 FDA Inspection (*see e.g*., MDL2974COOPERSURG-00003890);

- January 11, 2005 FDA Inspection (*see e.g*., MDL2974COOPERSURG-00003879);

- October 10, 2006 FDA Inspection (*see e.g*., MDL2974COOPERSURG-00003849);

- May 22-24, 2007 KEMA Audit (*see e.g*., MDL2974TWHLLC013927);

- November 13-14, 2007 KEMA Audit (*see e.g*., MDL2974COOPERSURG-00373687; MDL2974TWHLLC01230400);

- October 28-29, 2008 FDA Inspection (*see e.g*., MDL2974COOPERSURG-00003834);

- May 26-27, 2010 KEMA Audit (*see e.g.*, MDL2974COOPERSURG-00302974);

- July 30, 2010 KEMA Audit (*see e.g.*, MDL2974COOPERSURG-00302974);

- June 15, 2011 GRA Audit (*see e.g.*, MDL2974TWHLLCO086916; MDL2974TWHLLC084782);

- February 22-24, 2012 GRA Audit (*see e.g.*, MDL2974TWHLLC133346; MDL2974COOPERSURG-00377756);

- April 2012 internal Audit (*see e.g.*, MDL2974COOPERSURG-00378316);

- May 15-23, 2012 FDA Inspection (*see e.g.*, MDL2974TWHLLC 048970; MDL2974TWHLLC086889);

- June 25-28, 2013 FDA Inspection (*see e.g.*, MDL2974TWHLLC TEVA-019437; MDL2974TWHLLC019437; MDL2974TWHLLC109857);

- September 10, 2013 Audit (*see e.g.*, MDL2974TWHLLC042772; MDL2974TWHLLC084729);

- March 17-21, 2014 FDA Inspection (*see e.g.*, MDL2974COOPERSURG-00567921; MDL2974TWHLLC019597);

- June 2014 Audit (*see e.g.*, MDL2974TWHLLC113049);

- May 12-14, 2015 GRA Audit (*see e.g.*, MDL2974TWHLLC043772;

8

  MDL2974TWHLLC084800; MDL2974COOPERSURG-00502323);

- May 24-25, 2015 DEKRA Audit (*see e.g.*, MDL2974TWHLLC 049070);

- March 7-8, 2018 DEKRA Audit (*see e.g.*, MDL2974COOPERSURG-00094807);

- July 29, 2019 – August 1, 2019 FDA Inspection (*see e.g.*, MDL2974COOPERSURG- 00004308; MDL2974COOPERSURG-02907631);

- February 28, 2022 – March 3, 2022 FDA Inspection (*see e.g.*, MDL2974COOPERSURG-02907783); and

- 2024 FDA EIR not yet produced by Defendants that has been requested by Plaintiffs' Counsel.

  This includes any corrective or remedial action taken as a result of the inspections or audits.

16. To the extent not covered by any subject matter above, information Defendants know and/or have available to them concerning the details of any tensile strength testing of the Paragard "T" frame made part of the standard production process for Paragard.

17. To the extent not covered by any of the subject matter above, information Defendants know and/or have available to them concerning the identity of any material provider for the Paragard "T" frame, including their processes for

9

creating the material used for the Paragard "T" and any audit or inspection conducted by you (or someone acting on your behalf) of their processes.

18. To the extent not covered by any of the subject matter above, information Defendants know and/or have available to them concerning the process for any flexibility testing of Paragard, including any changes to the process.

19. To the extent not covered by any of the subject matter above, information Defendants know and/or have available to them concerning all testing, evaluations, and/or studies performed concerning the force required to remove a Paragard that is not embedded and force required to remove a Paragard that is embedded.

## SCHEDULE B: DOCUMENTS TO BE PRODUCED

1. All documents which the deponent(s) has utilized or may need to refresh his or her recollection as to any of the subject matters referenced in **Schedule A**.

2. All documents the deponent(s) consults or relies upon in preparation for the deposition.

3. All documents the deponent(s) creates (or are created on his/her behalf) to address any of the subject matters referenced in **Schedule A**.

4. The most current CV and/or resume for each of the person(s) being deposed pursuant to this notice.

(SIGNATURE BLOCK ON NEXT PAGE)

Dated: <u>April 4, 2025</u>                          <u>*s/Erin Copeland*</u>
                                                     Erin Copeland
                                                     TX Bar No. 24028157
                                                     **FIBICH LEEBRON COPELAND & BRIGGS**
                                                     1150 Bissonnet Street
                                                     Houston, TX 77005
                                                     Tel: (713) 751-0025
                                                     Fax: (713) 751-0030
                                                     Email: ecopeland@fibichlaw.com

                                                     *MDL Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2025 Plaintiffs' First Amended Notice of FRCP 30(b)(6) Deposition Concerning Paragard Materials and Design and Request for Production of Documents was served electronically on Defendants via their lead and liaison counsel.

Dated: April 4, 2025

        *s/Erin Copeland*
Erin Copeland
TX Bar No. 24028157
**FIBICH LEEBRON COPELAND & BRIGGS**
1150 Bissonnet Street
Houston, TX 77005
Tel: (713) 751-0025
Fax: (713) 751-0030
Email: ecopeland@fibichlaw.com

*MDL Lead Counsel*