IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: PARAGARD IUD PRODUCTS LIABILITY LITIGATION ) ) ) ) ) ) ) ) ) ) ) ) | MDL No. 2974<br><br>1:20-MD-02974-LMM |
| THIS DOCUMENT RELATES TO:<br><br>ALL CASES | |

**THE COOPER DEFENDANTS' MOTION TO FILE UNDER SEAL AND BRIEF IN SUPPORT ECF NO. 981: (PLAINTIFFS' NOTICE OF FILING PLC LETTER BRIEF REGARDING PEREZ-GIBBONS DEPOSITION)[1]**

**OVERVIEW**

After midnight on April 8, 2025—in violation of the Agreed Protective Order governing this litigation (ECF No. 36) and without conferring with Defendants—the PLC (Plaintiffs' Leadership Counsel) filed what they titled a "Letter Brief" on the public master docket. ECF No. 981 ("Paragard MDL No. 2974 - Plaintiffs' Letter Brief Regarding Witness Perez-Gibbins' 3.31.25 Testimony (Destruction of Evidence and more) – Motion to Compel").

---

[1] This motion is filed by Defendants The Cooper Companies, Inc., and CooperSurgical, Inc., by and through the undersigned counsel.

Upon receipt of the ECF notification in the early morning hours of April 8, 2025, Defendants' counsel emailed the PLC to meet and confer. Defendants advised that the PLC's filing was improper and requested that the PLC contact the Clerk to have the filing provisionally sealed and follow up with a motion to seal. Later, Defendants' counsel contacted the Clerk; the Clerk's office promptly addressed the issue by provisionally sealing the document. Thereafter, Plaintiffs' counsel replied to Defendants' email and stated their position: they refuse to file ECF No. 981 (the "letter brief" and exhibits) under seal.

In light of the PLC's position, this formal Motion to Seal follows. As set forth below, Defendants request that the Court enter an Order (1) sealing ECF No. 981, (2) requiring the PLC to pay Defendants' reasonable attorneys' fees and costs associated with Plaintiffs' improper submission, and (3) ordering the PLC to attest, in writing and signed by PLC counsel, that the submission, transcript, and/or contents of the submission have not been shared with any person or entity, including but not limited to any journalists or media outlets.

## ANALYSIS

Trial courts have the inherent authority and discretion to seal records. *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 598-99 (1978). Decisions on motions to seal must balance the public's common law right of access against the interests favoring confidentiality. *Id*. at 599. "A party seeking to seal judicial records can

overcome the common-law right of access by a showing of good cause. A good cause determination requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Hodges v. Chatham Cnty., Georgia*, No. CV422-067, 2022 WL 18401311 (S.D. Ga. Nov. 22, 2022) (cleaned up).

Consistent with these principles, an Agreed Protective Order governs this MDL; it dictates what may and may not be publicly disclosed and proscribes procedures that must be followed. Entered by the Court more than four years ago at ECF No. 36, the Agreed Protective Order begins by reciting the parties' joint acknowledgement:

> The parties possess trade secrets and/or other confidential, propriety, and commercially sensitive information and personal identifying information or personal health information that each may need to disclose to the other during discovery in the above-captioned matter (the "Action"). The parties have, through counsel, stipulated to the entry of this Protective Order ("Order"), pursuant to Rule 26 of the Federal Rules of Civil Procedure to facilitate discovery in the Action while protecting such confidential information from improper disclosure and use.
>
> The parties have **established good cause** for the entry of this Order.

ECF No. 36, Agreed Protective Order at 1 (emphasis added).

The Agreed Protective Order specifies that without written permission or a Court order, a party "may not file in the public record in this Action any Confidential Materials," and the procedures for submitting materials to the Court in support of a

motion/response must be followed. *See* ECF No. 36, Section 4: "Procedure for Filing Documents Under Seal," ECF No. 36 at 14-15. Specific to deposition transcripts, the Agreed Protective Order states:

> Alternatively, a party may designate Confidential Materials disclosed at such depositions as confidential by notifying all persons appearing on the record at the deposition in writing, within thirty (30) days of receipt of the witness's transcript, of the specific pages and lines of the transcript which contain Confidential Materials. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in his or her possession, custody or control. **During such thirty (30) day period, the deposition transcript and all exhibits thereto shall be treated as Confidential Material. To the extent that filings are required with the Court within this thirty (30) day period, the parties will meet and confer to attempt to determine whether any portion of the deposition should be designated as confidential.**

ECF No. 36, Agreed Protective Order at 7-8. What is more: a party seeking to file confidential materials must first consult with opposing counsel to determine what measures are appropriate in the circumstances; simply put, the procedures mandate pre-filing meet and confer.

The PLC's April 8, 2025, filing (ECF No. 981) violates both the letter and spirit of the Agreed Protective Order; in short, it evidences an end-run around the Agreed Protective Order. For instance, at FN 5 of the ECF No. 981, Plaintiffs note that they are "not filing on the public docket" the transcript of Mariessa Perez-Gibbins, yet the entirety of the letter brief quotes multiple portions of that very testimony. ECF No. 981 at 3 et seq. This is plainly improper. To begin, the

4

deposition transcript of Ms. Perez-Gibbins was not received until April 2, 2025, and under the Agreed Protective Order, it retains "confidential" status (i.e., confidentiality designations are not due) for 30 days—until May 2, 2025. The deposition transcript is thus deemed "confidential" material under the terms of the Agreed Protective Order as cited above. Indeed, the transcript contains on the first-page caption that the document is "CONFIDENTIAL" and a header on every single page marks it "HIGHLY CONFIDENTIAL."

Further, the PLC's letter brief includes a brief reference contending that (in their estimation) the required meet-and-confer communications have occurred. *See* ECF No. 981 at 7. That statement misses the point: the parties have communicated to some extent about various aspects of discovery production, but the PLC never consulted with Defendants' counsel before filing ECF No. 981, where confidential materials were carelessly filed on the public docket without any prior notice to Defendants.

## **CONCLUSION**

Given the foregoing, Defendants respectfully request that the Court grant this Motion and enter an Order (1) sealing ECF No. 981, (2) requiring the PLC to pay Defendants' reasonable attorneys' fees and costs associated with Plaintiffs' improper submission, and (3) ordering the PLC to attest, in writing signed by PLC counsel, that the submission, transcript, and/or contents of the submission have not

been shared with any person or entity, including but not limited to any journalists or media outlets. Defendants further request all other relief to which they are entitled.

Dated: April 10, 2025

        Respectfully Submitted,

        */s/ Caroline D. Walker*
        Caroline D. Walker
        Alabama Bar No. ASB-3439-B10T
        Butler Snow LLP
        1819 5th Avenue North, Suite 1000
        Birmingham, AL 35203
        Telephone: 205.297.2200
        caroline.walker@butlersnow.com
        ***Co-Lead Counsel for the Cooper Defendants***

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that I have prepared the foregoing in compliance with Local Rule 5.1 in Times New Roman 14-point font.

This 10th day of April, 2025.

*/s/ Caroline D. Walker*
Caroline D. Walker

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to registered attorneys of record.

This 10th day of April, 2025.

*/s/ Caroline D. Walker*
Caroline D. Walker
