IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: PARAGARD IUD PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 2974<br><br>(1:20-md-02974-LMM)<br>**This Document Relates to All Cases** |

**PLAINTIFFS' (1) OPPOSITION TO THE COOPER DEFENDANTS' MOTION TO FILE UNDER SEAL (DKT 985); (2) REQUEST THAT THE COURT LIFT THE PROVISIONAL CONFIDENTIALITY DESIGNATION GIVEN TO PLAINTIFFS' LETTER BRIEF; AND (3) REQUEST FOR SANCTIONS/COSTS ASSOCIATED WITH DEFENDANTS' MOTION**

## I.   Introduction

The Cooper Defendants' Motion to Seal is based upon Plaintiffs' April 8, 2025 Letter Brief (Dkt. 981), in which Plaintiffs described various relevant and highly disturbing revelations from the March 31, 2025 deposition of Ms. Mariessa Perez-Gibbons, a high level employee of CooperSurgical's quality department. Ms. Perez-Gibbons described, among other things, the Cooper Defendants' routine practice of document destruction and falsification, inaccurate and untruthful complaint investigations, unsanitary conditions, and rodent infestations in Paragard's manufacturing facility. Disturbing? Unquestionably. Embarrassing? Certainly. Relevant? Absolutely. Confidential? No.

Indeed, a "Confidentiality" designation under the parties' agreed-upon Protective Order governing this litigation (Dkt. 36) and this Court's Standing Order requires

1

that any purported "Confidential" material fall into one of three categories: (1) a trade secret; (2) personal identifying information, such as a social security number; or (3) protected health information. *See* Dkt. 36 at § 1.2; *see also* Sept. 15, 2021 Standing Order Regarding Civil Litigation in the United States District Court for the Northern District of Georgia at III(j), pp. 19-21. Plaintiffs' Letter Brief does not contain **any** information or documents that fall into any of the above three categories warranting a "Confidential" designation.

The Cooper Defendants' Motion to Seal fails to identify a single word, sentence, page, document, or topic that Defendants purport to be "Confidential." Plaintiffs are therefore left with no alternative other than to conclude that the Cooper Defendants' Motion to Seal was filed in bad faith as an attempt to improperly shield their clients from unflattering and embarrassing information that they hoped would never see the light of day.[1] Plaintiffs therefore ask that the "Provisionally Sealed" designation ascribed to Plaintiffs' Letter Brief (Dkt. 981) at the request of Defendants be removed and this Court impose costs and/or other appropriate sanctions on the Cooper Defendants for: (1) wasting the judicial resources of this Court; (2) wasting

---

[1] Plaintiffs wish to emphasize that Defendants have, throughout this litigation, engaged in a pattern and practice of deliberately misleading Plaintiffs and this Court in various discovery practices. One such practice has been to craft discovery in such a way as to deprive Plaintiffs of the use of highly relevant information in this litigation. Plaintiffs' Motion for Sanctions describing these and other practices more fully will be forthcoming.

2

the time of Plaintiffs' Counsel with baseless motion practice during an incredibly busy and important time nearing the completion of fact discovery; and (3) improperly invoking the terms of the Protective Order to shield important information from the public.

## II.     Procedural Background

On April 7, 2025, Plaintiffs filed a letter brief on the Court's ECF docket that cited to and described certain highly relevant and highly disturbing testimony from the March 31, 2025 deposition of Ms. Perez-Gibbons.  (Dkt. 981.).

On April 8, 2025, Counsel Walker emailed Plaintiffs' counsel at 6:10 am mountain time alleging that Plaintiffs' filing on the ECF docket "is in direct violation of the protective order governing this litigation, as well as standing practice and procedure in this MDL." *See* **Exhibit A**, April 8, 2025 Correspondence between Counsel.  Defense counsel also demanded that Plaintiffs call the Court's Clerk to have the letter brief provisionally sealed and stated that if Plaintiffs did not do so, Defendants intended to "seek all costs associated with this activity." *See id*.

Plaintiffs responded to Defendants' email at 8:46 am mountain time asking them to specify which provisions of the protective order they thought were violated and which provisions of the brief they thought were in violation. *See id*. Defense counsel's response was nothing more than a general reference to several provisions in the Protective Order and no specific cites to the brief as to what would be

3

protected. *Id.* Defendants then unilaterally called the Clerk's office to have Plaintiffs' letter brief provisionally sealed and that process was completed by 9:23 am mountain time on April 8, 2025. *See* **Exhibit B**, email from Court Clerk.

### III.  Argument

The Court should deny Defendants' motion to seal and, in essence, hide from public view, alarming and embarrassing information about its Paragard manufacturing facility. Defendants' unilateral actions in sealing Plaintiffs' letter brief are not rooted in any good faith legal or factual basis. Moreover, Defendants do not have any good faith basis to seal **any portion** of Ms. Perez- Gibbons' deposition transcript itself as confidential or privileged.

In order to designate any material, document, or deposition in this litigation as "Confidential" under the agreed-upon Protective Order, the party seeking such confidentiality designation(s) must have a **"good faith" belief** that such designations fall into at least one of three categories: (1) information or material that qualifies as a trade secret as defined by the Uniform Trade Secrets Acts; and/or other proprietary information, this disclosure of which may result in harm to the party's competitive position; (2) information or material that contains protected personal information; or (3) information or material that constitutes Protected Health information under 45 C.F.R §§ 160, 164.  *See* Dkt. 36, § 1.2.

Despite repeated attempts by Plaintiffs' Counsel to ascertain what specific provisions of Plaintiffs' letter brief are "Confidential" under the provisions of the Protective Order, Counsel Walker could only point to Section 2.1(d), which provides that a deposition transcript is treated as implicitly Confidential for 30 days after receipt of such transcript, during which time Counsel may, if appropriate, designate specific provisions of the transcript as "Confidential" per the three categories set forth in Section 1.2. *See* Dkt. 36 at § 2.1(d). Thus, Defendants' Motion to seal is entirely premised on Section 2.1(d) of the Protective Order which gives Defendants a grace period in which to designate specific provisions of a deposition transcript as "Confidential."

Defendants should not be permitted to invoke a section in the Protective Order that they know in good faith has no defensible position whatsoever as it relates to any portion of the Mariessa Perez Gibbons testimony or Plaintiffs' Letter Brief. Rather, Defendants have invoked section 2.1(d) to improperly shield Cooper from embarrassing but entirely **non**-confidential information.

Defendants' actions are also in direct violation of this Court's Standing Order regarding Protective Orders and admonishing the parties not to improperly and baselessly invoke confidentiality designations:

> **The Court eschews the excess use of consent protective confidentiality orders that allow counsel to designate documents, tangible things, and information as "Confidential" and/or "Confidential—For Attorney's Eyes Only.**" While the Court recognizes the legitimacy of such orders in

5

some cases, **the Court's experience is that such orders are used—and abused—more often than truly necessary**. The Court is aware that the parties will at times agree to designate documents as "confidential." However, the Court will not approve consent protective orders that conflict with the Court's view on the sealing of materials.

As a guide to counsel, the Court notes that documents, tangible things, and information ordinarily are not truly confidential unless they constitute either (1) a "trade secret," as defined by Section 1(4) of the Uniform Trade Secrets Act, or for cases applying Georgia law, O.C.G.A. § 10-1-761(4); (2) personal identifying information, such as a Social Security number; or (3) personal health information protected by the Health Insurance Portability and Accountability Act. **Counsel should also be aware that the Court is not hesitant to sanction a party and/or counsel for abusing a protective confidentiality order by too readily designating documents, tangible things, and/or information as "Confidential" and/or "Confidential—For Attorney's Eyes Only**."

*See* Sept. 15, 2021 Standing Order Regarding Civil Litigation in the United States District Court for the Northern District of Georgia at II(j), p. 19-20 (emphasis added).

The Cooper Defendants have abused the Protective Order in place in the Paragard litigation in order to bury the extraordinarily unflattering yet highly relevant business practices of the Cooper Defendants as it relates specifically to Paragard. Defendants should not be rewarded for abusing this process and for invoking motion practice with no good basis in law or fact.[2]

---

[2] It is worth noting here that Defendants in this case have asserted blanket designations of confidentiality on every single deposition taken and document produced in this MDL. Plaintiffs will be addressing these improper blanket designations in a separate filing.

6

## IV. <u>Conclusion</u>

Accordingly, Plaintiffs ask the Court to (1) deny Defendants' Motion to Seal Plaintiffs' Letter brief, (2) lift the provisional confidentiality designation given to Plaintiffs' Letter Brief; and (3) admonish and/or sanction Cooper for instructing the Clerk's office to provisionally seal, as confidential, Plaintiffs' entire Letter Brief and for filing the instant Motion to Seal when Defendants have no good faith basis to do so.

Respectfully submitted:

***/s/ Erin Copeland***
Erin Copeland
TX Bar No. 24028157
FIBICH LEEBRON COPELAND & BRIGGS
1150 Bissonnet St
Houston, TX 77005
Tel: (713) 751-0025
Fax: (713) 751-0030
ecopeland@fibichlaw.com

***/s/ Kristen Hermiz***
Kristen Hermiz
SC Bar No. 100482
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Tel: (843) 216-9390
Fax: (843) 216-9450
khermiz@motleyrice.com

**PLC for MDL Plaintiffs**

## CERTIFICATE OF SERVICE

I certify that on this 14th day of April, 2025, I electronically filed a copy of the foregoing Plaintiffs' (1) Opposition to The Cooper Defendants' Motion to File Under Seal (Dkt 985); (2) Request that the Court Lift the Provisional Confidentiality Designation Given to Plaintiffs' Letter Brief; and (3) Request for Sanctions/Costs Associated with Defendants' Motion with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

*/s/ Kristen Hermiz*
Kristen Hermiz
SC Bar No. 100482
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Tel: (843) 216-9390
Fax: (843) 216-9450
khermiz@motleyrice.com

**PLC for MDL Plaintiffs**