# EXHIBIT A

 Outlook

## RE: Paragard: Plaintiffs' Letter Brief Regarding Perez-Gibbins Deposition Testimony and Motion to Compel

| | |
|---|---|
| From | Fitzpatrick, Fidelma <ffitzpatrick@motleyrice.com> |
| Date | Wed 4/9/2025 2:49 PM |
| To | Caroline D. Walker <Caroline.Walker@butlersnow.com> |
| Cc | Erin Copeland <ecopeland@fibichlaw.com>; Kasey Adams <Kasey.Adams@butlersnow.com>; Chris Morris <Chris.Morris@butlersnow.com>; Pamela Ferrell <Pamela.Ferrell@butlersnow.com>; nga@gtlaw.com <nga@gtlaw.com>; C. Andrew Childers <achilders@cssfirm.com>; buffym lpm-triallaw.com <buffym@lpm-triallaw.com>; Nicole Berg <ncb@kellerpostman.com>; Lee Floyd <lee@bbtrial.com>; Rob Hammers <rob@schneiderhammers.com>; Hannah Pfeifler <hpfeifler@awkolaw.com>; Ed Wallace <eaw@wallacemiller.com>; Tim Porter <Tporter@portermalouf.com>; Suzanne Smith <ssmith@portermalouf.com>; Teresa Kapelle <tkapelle@fibichlaw.com>; Holcomb, Laura <lholcomb@motleyrice.com>; Hermiz, Kristen M. <khermiz@motleyrice.com>; Holcomb, Laura <lholcomb@motleyrice.com>; Hermiz, Kristen M. <khermiz@motleyrice.com> |

Caroline – Thank you for reconsidering and responding to me substantively.

I have not seen the meet and confer time – as you know, our first request was sent on April 1, so it has been more than a week without a response from you substantively on the underlying discovery issues. I look forward to getting your proposed times.

On the Confidentiality issue, we do not agree with your reading of the Protective Order. It is incumbent on you to only assert a claim of confidentiality on portions of a deposition that are Confidential per the definition in the PO. Nothing in this deposition falls into those categories – and no provision in the PO allows you to shield embarrassing matters in the manner you desire when those embarrassing matters are not Confidential.

Fidelma

### Fidelma Fitzpatrick
**Attorney at Law**

40 Westminster St., 5th Fl, Providence, RI 02903
o. 401.457.7728
ffitzpatrick@motleyrice.com

---

**From:** Caroline D. Walker <Caroline.Walker@butlersnow.com>

**Sent:** Wednesday, April 9, 2025 11:35 AM
**To:** Fitzpatrick, Fidelma <ffitzpatrick@motleyrice.com>
**Cc:** EKC <ecopeland@fibichlaw.com>; Kasey Adams <Kasey.Adams@butlersnow.com>; Chris Morris <Chris.Morris@butlersnow.com>; Pamela Ferrell <Pamela.Ferrell@butlersnow.com>; nga@gtlaw.com; C. Andrew Childers <achilders@cssfirm.com>; buffym <buffym@lpm-triallaw.com>; Nicole Berg <ncb@kellerpostman.com>; Lee Floyd <lee@bbtrial.com>; Rob Hammers <rob@schneiderhammers.com>; Hannah Pfeifler <HPfeifler@awkolaw.com>; Ed Wallace <eaw@wallacemiller.com>; Tim Porter <Tporter@portermalouf.com>; Suzanne Smith <ssmith@portermalouf.com>; tkapelle <tkapelle@fibichlaw.com>; Holcomb, Laura <lholcomb@motleyrice.com>; Hermiz, Kristen M. <khermiz@motleyrice.com>; Holcomb, Laura <lholcomb@motleyrice.com>; Hermiz, Kristen M. <khermiz@motleyrice.com>
**Subject:** RE: Paragard: Plaintiffs' Letter Brief Regarding Perez-Gibbins Deposition Testimony and Motion to Compel

> CAUTION:EXTERNAL

Fidelma,

I think we may be missing each other here. As stated in my email below, we will reach out for times to confer over Plaintiffs' requests in their letter brief. But prolonged back & forths over email have ceased to be productive, as aptly illustrated by your response.

As to the sealing component of this discussion, we have already identified the sections of the Agreed Protective Order that Plaintiffs violated with their improper ECF filing. At a minimum, Plaintiffs must agree that they have violated Section 2.1(d), which requires that all deposition transcripts be treated as Confidential for a period of thirty days.

### Caroline D. Walker
### Butler Snow LLP
D: (205) 297-2220 | F: (205) 297-2201
1819 Fifth Avenue North, Suite 1000, Birmingham, AL 35203
Caroline.Walker@butlersnow.com | vCard | Bio

X (Twitter) | LinkedIn | Facebook | YouTube

---

**From:** Fitzpatrick, Fidelma <ffitzpatrick@motleyrice.com>
**Sent:** Wednesday, April 9, 2025 8:26 AM
**To:** Caroline D. Walker <Caroline.Walker@butlersnow.com>
**Cc:** EKC <ecopeland@fibichlaw.com>; Kasey Adams <Kasey.Adams@butlersnow.com>; Chris Morris <Chris.Morris@butlersnow.com>; Pamela Ferrell <Pamela.Ferrell@butlersnow.com>; nga@gtlaw.com; C. Andrew Childers <achilders@cssfirm.com>; buffym <buffym@lpm-triallaw.com>; Nicole Berg <ncb@kellerpostman.com>; Lee Floyd <lee@bbtrial.com>; Rob Hammers <rob@schneiderhammers.com>; Hannah Pfeifler <HPfeifler@awkolaw.com>; Ed Wallace <eaw@wallacemiller.com>; Tim Porter <Tporter@portermalouf.com>; Suzanne Smith <ssmith@portermalouf.com>; tkapelle <tkapelle@fibichlaw.com>; Holcomb, Laura <lholcomb@motleyrice.com>; Hermiz, Kristen M. <khermiz@motleyrice.com>; Holcomb, Laura <lholcomb@motleyrice.com>; Hermiz, Kristen M. <khermiz@motleyrice.com>
**Subject:** Re: Paragard: Plaintiffs' Letter Brief Regarding Perez-Gibbins Deposition Testimony and Motion to Compel

Caroline - Your position violates the Court standing order and expectations on meet and confers. I can only assume you are not responding substantively because you have no defensible position. If you had one, we would consider it and make appropriate decisions that could obviate the need to bother the Court with this.

We will ask the Court to instruct you to actually engage with us on all meaningful issues since you refuse to do so for whatever reason.  We will also ask for the costs associated with the additional work that needs to be done because you will not engage in meaningful conversations.

Of course, I do urge you to reverse course on your surprising strategy and handle this in a more professional and collegial manner.  We stand ready to do that.  Just think about it.

Fidelma

> **Fidelma Fitzpatrick**
> **Attorney at Law**
>
> 40 Westminster St., 5th Fl, Providence, RI 02903
> **o.** 401.457.7728  **f.** 401.457.7708
> ffitzpatrick@motleyrice.com

On Apr 9, 2025, at 9:08 AM, Caroline D. Walker <Caroline.Walker@butlersnow.com> wrote:

CAUTION:EXTERNAL

Good morning Fidelma,

We will litigate this through our papers rather than over email.

We will reach out for some times to confer over Plaintiffs' requests in their letter brief.

Thanks,
Caroline

**Caroline D. Walker**
**Butler Snow LLP**
D: (205) 297-2220 ∣ F: (205) 297-2201
1819 Fifth Avenue North, Suite 1000, Birmingham, AL 35203
Caroline.Walker@butlersnow.com∣ vCard ∣ Bio

X (Twitter) ∣ LinkedIn ∣ Facebook ∣ YouTube

---

**From:** Fitzpatrick, Fidelma <ffitzpatrick@motleyrice.com>
**Sent:** Tuesday, April 8, 2025 12:00 PM
**To:** Caroline D. Walker <Caroline.Walker@butlersnow.com>; EKC <ecopeland@fibichlaw.com>
**Cc:** Kasey Adams <Kasey.Adams@butlersnow.com>; Chris Morris <Chris.Morris@butlersnow.com>; Pamela Ferrell <Pamela.Ferrell@butlersnow.com>; nga@gtlaw.com; C. Andrew Childers <achilders@cssfirm.com>; buffym <buffym@lpm-triallaw.com>; Nicole Berg <ncb@kellerpostman.com>; Lee Floyd <lee@bbtrial.com>; Rob Hammers <rob@schneiderhammers.com>; Hannah Pfeifler <HPfeifler@awkolaw.com>; Ed Wallace <eaw@wallacemiller.com>; Tim Porter <Tporter@portermalouf.com>; Suzanne Smith <ssmith@portermalouf.com>; tkapelle <tkapelle@fibichlaw.com>; Holcomb, Laura <lholcomb@motleyrice.com>; Hermiz, Kristen M. <khermiz@motleyrice.com>
**Subject:** RE: Paragard: Plaintiffs' Letter Brief Regarding Perez-Gibbins Deposition Testimony and Motion to Compel

Hi Caroline – thank you for responding. However, your response provides no authority for your belief that this letter brief violated the terms of the Protective Order, nor for your unilateral request to provisionally seal this brief.

Under section 1.2 of the Protective Order,

> "Confidential" or "Confidential Material" means any document, material, or information the Producing Party believes in good faith constitutes or discloses information that qualifies for protection pursuant to Fed. R. Civ. P. 26(c), specifically information that is trade secret, as defined by the Uniform Trade Secrets Acts, and/or research, development, or other proprietary and/or commercially sensitive information and any other confidential or proprietary information not generally available to the public, disclosure of which may result in harm to the party's competitive position.
> Confidential Material may also include documents and information that contain personal medical information or other personal information pertaining to research subjects or patients; reporters of alleged adverse drug events or product complaints, or persons or entities identified in such reports; Protected Health Information (PHI) and individually identifiable health information that is protected from unauthorized disclosure by the HIPAA, codified in 45 C.F.R. §§ 160, 164.

This is consistent with Judge May's Standing order, which provides that:

> The Court eschews the excess use of consent protective confidentiality orders that allow counsel to designate documents, tangible things, and information as "Confidential" and/or "Confidential—For Attorney's Eyes Only." While the Court recognizes the legitimacy of such orders in some cases, the Court's experience is that such orders are used—and abused—more often than truly necessary. The Court is aware that the parties will at times agree to designate documents as "confidential." However, the Court will not approve consent protective orders that conflict with the Court's view on the sealing of materials.
>
> As a guide to counsel, the Court notes that documents, tangible things, and information ordinarily are not truly confidential unless they constitute either (1) a "trade secret," as defined by Section 1(4) of the Uniform Trade Secrets Act, or for cases applying Georgia law, O.C.G.A. § 10-1-761(4); (2) personal identifying information, such as a Social Security number; or (3) personal health information protected by the Health Insurance Portability and Accountability Act. Counsel should also be aware that the Court is not hesitant to sanction a party and/or counsel for abusing a protective confidentiality order by too readily designating documents, tangible things, and/or information as "Confidential" and/or "Confidential—For Attorney's Eyes Only."

Plaintiffs believe that nothing in the letter brief was Confidential as that term is contemplated in the Protective Order or Judge May's Standing Order. While we recognize that it may be embarrassing to the Cooper Defendants and their Counsel to alert others to the facts set forth in the letter brief, such embarrassment is not grounds to claim Confidentiality. We also note that this filing would not have been necessary if you had chosen to respond to the emails that were sent to you last week on this topic.

Please either confirm that you are withdrawing your request to have this letter brief sealed or let me know what specifically you believe therein is Confidential pursuant to the terms of the Protective

Order or Judge May's Standing Order.  In addition, please remove the unilateral Confidentiality designation that you imposed on the deposition transcript immediately (and all other deposition transcripts that have been taken in this case).  Of course, you are free to go through each deposition and identify with particularity what you believe is Confidential pursuant to the PO and the Standing Order; we will review those specific designations and let you know if we agree.

Finally, I hope that we can now receive a response to the issues that Erin raised with you last week as you are required by the Court to engage in a meaningful meet and confer with us on these extremely important issues.  Like you, we do intend to seek all costs and available sanctions associated with this activity if you do not withdraw your request to the Court and do not comply with the Court's directive.

Please don't hesitate to reach out if you have any questions.

Fidelma

**Fidelma Fitzpatrick**
Attorney at Law

40 Westminster St., 5th Fl, Providence, RI 02903
**o.** 401.457.7728
ffitzpatrick@motleyrice.com

---

**From:** Caroline D. Walker <Caroline.Walker@butlersnow.com>
**Sent:** Tuesday, April 8, 2025 10:59 AM
**To:** EKC <ecopeland@fibichlaw.com>
**Cc:** Kasey Adams <Kasey.Adams@butlersnow.com>; Chris Morris <Chris.Morris@butlersnow.com>; Pamela Ferrell <Pamela.Ferrell@butlersnow.com>; nga@gtlaw.com; C. Andrew Childers <achilders@cssfirm.com>; buffym <buffym@lpm-triallaw.com>; Fitzpatrick, Fidelma <ffitzpatrick@motleyrice.com>; Nicole Berg <ncb@kellerpostman.com>; Lee Floyd <lee@bbtrial.com>; Rob Hammers <rob@schneiderhammers.com>; Hannah Pfeifler <HPfeifler@awkolaw.com>; Ed Wallace <eaw@wallacemiller.com>; Tim Porter <Tporter@portermalouf.com>; Suzanne Smith <ssmith@portermalouf.com>; tkapelle <tkapelle@fibichlaw.com>; Holcomb, Laura <lholcomb@motleyrice.com>; Hermiz, Kristen M. <khermiz@motleyrice.com>
**Subject:** RE: Paragard: Plaintiffs' Letter Brief Regarding Perez-Gibbins Deposition Testimony and Motion to Compel

CAUTION:EXTERNAL

Hi Erin,

Yes; Sections 2, 4, and 5 of the Protective Order are implicated throughout Plaintiffs' letter brief.

We have requested that the clerk provisionally seal Plaintiffs' filing.

**Caroline D. Walker**
**Butler Snow LLP**

D: (205) 297-2220 | F: (205) 297-2201
1819 Fifth Avenue North, Suite 1000, Birmingham, AL 35203

Caroline.Walker@butlersnow.com | vCard | Bio

X (Twitter) | LinkedIn | Facebook | YouTube

---

**From:** Erin Copeland <ecopeland@fibichlaw.com>
**Sent:** Tuesday, April 8, 2025 8:46 AM
**To:** Caroline D. Walker <Caroline.Walker@butlersnow.com>
**Cc:** Kasey Adams <Kasey.Adams@butlersnow.com>; Chris Morris <Chris.Morris@butlersnow.com>; Pamela Ferrell <Pamela.Ferrell@butlersnow.com>; nga@gtlaw.com; C. Andrew Childers <achilders@cssfirm.com>; buffym lpm-triallaw.com <buffym@lpm-triallaw.com>; Fitzpatrick, Fidelma <ffitzpatrick@motleyrice.com>; Nicole Berg <ncb@kellerpostman.com>; Lee Floyd <lee@bbtrial.com>; Rob Hammers <rob@schneiderhammers.com>; Hannah Pfeifler <hpfeifler@awkolaw.com>; Ed Wallace <eaw@wallacemiller.com>; Tim Porter <Tporter@portermalouf.com>; Suzanne Smith <ssmith@portermalouf.com>; Teresa Kapelle <tkapelle@fibichlaw.com>; Holcomb, Laura <lholcomb@motleyrice.com>; Hermiz, Kristen M. <khermiz@motleyrice.com>
**Subject:** Re: Paragard: Plaintiffs' Letter Brief Regarding Perez-Gibbins Deposition Testimony and Motion to Compel

Caroline,

Can you identify what provision(s) of the Protective Order you believe the filing violates? Also, which specific provisions of the letter brief? If you unilaterally move to seal the entirety of the brief without specifying which provision(s) with which you take issue and the corresponding P.O. provision(s), we will challenge and, in turn, seek our own costs.

Erin Copeland
ecopeland@fibichlaw.com

---

**From:** Caroline D. Walker <Caroline.Walker@butlersnow.com>
**Sent:** Tuesday, April 8, 2025 6:10 AM
**To:** Erin Copeland <ecopeland@fibichlaw.com>
**Cc:** Kasey Adams <Kasey.Adams@butlersnow.com>; Chris Morris <Chris.Morris@butlersnow.com>; Pamela Ferrell <Pamela.Ferrell@butlersnow.com>; nga@gtlaw.com <nga@gtlaw.com>; C. Andrew Childers <achilders@cssfirm.com>; buffym lpm-triallaw.com <buffym@lpm-triallaw.com>; Fitzpatrick, Fidelma <ffitzpatrick@motleyrice.com>; Nicole Berg <ncb@kellerpostman.com>; Lee Floyd <lee@bbtrial.com>; Rob Hammers <rob@schneiderhammers.com>; Hannah Pfeifler <hpfeifler@awkolaw.com>; Ed Wallace <eaw@wallacemiller.com>; Tim Porter <Tporter@portermalouf.com>; Suzanne Smith <ssmith@portermalouf.com>; Teresa Kapelle <tkapelle@fibichlaw.com>; Holcomb, Laura <lholcomb@motleyrice.com>; Hermiz, Kristen M. <khermiz@motleyrice.com>
**Subject:** RE: Paragard: Plaintiffs' Letter Brief Regarding Perez-Gibbins Deposition Testimony and Motion to Compel

[Removing Ms. Poley]

Erin,

We received Plaintiffs' letter brief overnight. Its filing on the ECF docket is in direct violation of the protective order governing this litigation, as well as standing practice and procedure in this MDL.

We ask that Plaintiffs immediately call the clerk first thing this morning and have the filing provisionally sealed, and that Plaintiffs follow up today with a motion to seal.

If you do not agree to do so by 9am ET, Defendants will call the clerk's office and file a motion to seal. We will seek all costs associated with this activity.

Thanks,

**Caroline D. Walker**
**Butler Snow LLP**

D: (205) 297-2220 | F: (205) 297-2201
1819 Fifth Avenue North, Suite 1000, Birmingham, AL 35203
Caroline.Walker@butlersnow.com | vCard | Bio

X (Twitter) | LinkedIn | Facebook | YouTube

---

**From:** Erin Copeland <ecopeland@fibichlaw.com>
**Sent:** Monday, April 7, 2025 11:02 PM
**To:** Brittany_Poley@gand.uscourts.gov
**Cc:** Caroline D. Walker <Caroline.Walker@butlersnow.com>; Kasey Adams <Kasey.Adams@butlersnow.com>; Chris Morris <Chris.Morris@butlersnow.com>; Pamela Ferrell <Pamela.Ferrell@butlersnow.com>; nga@gtlaw.com; C. Andrew Childers <achilders@cssfirm.com>; buffym lpm-triallaw.com <buffym@lpm-triallaw.com>; Fitzpatrick, Fidelma <ffitzpatrick@motleyrice.com>; Nicole Berg <ncb@kellerpostman.com>; Lee Floyd <lee@bbtrial.com>; Rob Hammers <rob@schneiderhammers.com>; Hannah Pfeifler <hpfeifler@awkolaw.com>; Ed Wallace <eaw@wallacemiller.com>; Tim Porter <Tporter@portermalouf.com>; Suzanne Smith <ssmith@portermalouf.com>; Teresa Kapelle <tkapelle@fibichlaw.com>; Holcomb, Laura <lholcomb@motleyrice.com>; Hermiz, Kristen M. <khermiz@motleyrice.com>
**Subject:** Paragard: Plaintiffs' Letter Brief Regarding Perez-Gibbins Deposition Testimony and Motion to Compel

Dear Ms. Poley,

Attached please find a letter brief regarding the March 31, 2025 deposition of Mariessa Perez-Gibbins and motion to compel along with supporting exhibits. Also attached is the transcript of Ms. Perez-Gibbins.

Plaintiffs have attempted to confer with defense counsel on this matter but have not received any response since last Wednesday. In light of the close of corporate discovery, Plaintiffs are filing this brief and motion requesting expedited relief.

Erin Copeland
Fibich, Leebron, Copeland & Briggs
ecopeland@fibichlaw.com

---

CONFIDENTIALITY NOTE: This e-mail and any attachments may be confidential and protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system. Thank you for your cooperation.

Links contained in this email have been replaced. If you click on a link in the email above, the link will be analyzed for known threats. If a known threat is found, you will not be able to proceed to the destination. If suspicious content is detected, you will see a warning.

---

CONFIDENTIALITY NOTE: This e-mail and any attachments may be confidential and protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by

replying to the sender and deleting this copy and the reply from your system. Thank you for your cooperation.

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

---

CONFIDENTIALITY NOTE: This e-mail and any attachments may be confidential and protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system. Thank you for your cooperation.

<image001.png>

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

---

CONFIDENTIALITY NOTE: This e-mail and any attachments may be confidential and protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system. Thank you for your cooperation.

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

Links contained in this email have been replaced. If you click on a link in the email above, the link will be analyzed for known threats. If a known threat is found, you will not be able to proceed to the destination. If suspicious content is detected, you will see a warning.