IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD IUD PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | MDL No. 2974 1:20-MD-02974-LMM |
| THIS DOCUMENT RELATES TO: ALL CASES | ) ) ) ) ) ) ) ) ) | |

**REPLY BRIEF IN SUPPORT OF THE COOPER DEFENDANTS' MOTION TO FILE UNDER SEAL PLAINTIFFS' NOTICE OF FILING PLC LETTER BRIEF REGARDING PEREZ-GIBBONS DEPOSITION[1]**

Pursuant to Local Rule 7.1(C), the Cooper Defendants submit this Reply in Support of their Motion to Seal Plaintiffs' Letter Brief Regarding the Perez-Gibbins Deposition (ECF No. 981). Mot., ECF No. 985; Pls.' Resp., ECF No. 993.

Plaintiffs' Response is long on outrage but lacking in substance. Most notable is that the Response all but ignores the plain language of the *Agreed* Protective Order (ECF No. 36), which was negotiated jointly by the parties and entered by the Court more than four years ago. It recites: "[t]he parties have, through counsel, stipulated to the entry of this Protective Order ('Order'), pursuant to Rule 26 of the Federal

---

[1] This Reply is filed by Defendants The Cooper Companies, Inc., and CooperSurgical, Inc., by and through the undersigned counsel.

Rules of Civil Procedure to facilitate discovery in the Action while protecting such confidential information from improper disclosure and use. The parties have established good cause for the entry of this Order." ECF No. 36 at 1.

Plaintiffs ignore the terms of the Agreed Protective Order. And they do not—and cannot—dispute that:

- the Agreed Protective Order, by its plain terms, places deposition transcripts under its confidentiality provisions for a period of 30 days from receipt of the transcript;
- the transcript of Ms. Perez-Gibbins was received on April 2, 2025; and
- the transcript is automatically subject to the confidentiality provisions of the Agreed Protective Order for 30 days, meaning until May 2, 2025.

In the face of these facts, Plaintiffs do not acknowledge in the Response that their letter brief (ECF No. 981), filed less than one week after the transcript was received, extensively block-quoted portions of the transcript. And while Plaintiffs' Response gives initial lip service to the Agreed Protective Order, *see* Pl. Resp., ECF No. 993 at 5, it just as quickly brushes it off. Plaintiffs' best—rather, only—explanation of their violation of the Agreed Protective Order is pure argument: they believe Defendants should not be able to "improperly shield" the transcript from being disclosed. In so arguing, Plaintiffs disregard that the Agreed Protective Order governs this litigation. That is not the standard; Plaintiffs' dislike of certain terms now, four years after they stipulated to the Agreed Protective Order, does not allow them to selectively choose what provisions they wish to follow. Despite what

2

Plaintiffs contend, Defendants are entitled to a 30-day window to evaluate any deposition transcript and assess whether confidentiality protections will be afforded to some or all portions. In accordance with the Agreed Protective Order, Defendants will do so for this transcript—just like any other.

Defendants' Motion to Seal is straightforward: it is a request that the Court enforce the plain terms of the Agreed Protective Order. Defendants submit that the expenses incurred in filing the Motion to Seal and this Reply should be borne by Plaintiffs. Further, Defendants ask that Plaintiffs be required to certify that they have not further violated the Agreed Protective Order by disclosing the transcript or its contents to any person not authorized to receive it—which Plaintiffs notably did not address in their Response. These remedies are appropriate where, as here, Plaintiffs provide no justification for their violation of the Agreed Protective Order in the first place; they doubled down by refusing to take appropriate, corrective action; and now their Response reveals that they clearly violated the plain language of the Agreed Protective Order.

In closing: Defendants reiterate their request that the Court enter an Order sealing ECF No. 981, at least through the 30-day (May 2, 2025) afforded by the Agreed Protective Order; ordering the PLC to pay Defendants' reasonable attorneys' fees and costs associated with Plaintiffs' improper submission; and ordering the PLC to attest, in writing and signed by PLC counsel, that the submission (ECF No. 981),

transcript, and/or contents of the submission have not been shared with any unauthorized person or entity, including but not limited to any journalists or media outlets.

Dated: April 28, 2025

Respectfully Submitted,

/s/ Caroline D. Walker
Caroline D. Walker
Alabama Bar No. ASB-3439-B10T
Butler Snow LLP
1819 5th Avenue North, Suite 1000
Birmingham, AL 35203
Telephone: 205.297.2200
caroline.walker@butlersnow.com
**Co-Lead Counsel for the Cooper Defendants**

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that I have prepared the foregoing in compliance with Local Rule 5.1 in Times New Roman 14-point font.

This 28th day of April, 2025.

/s/ Caroline D. Walker
Caroline D. Walker

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to registered attorneys of record.

This 28th day of April, 2025.

*/s/ Caroline D. Walker*
Caroline D. Walker
