IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD IUD PRODUCTS LIABILITY LITIGATION | ) | MDL DOCKET NO. 2974 |
| | ) | (1:20-md-02974-LMM) |
| | ) | **This Document Relates to All Cases** |

**SEVENTH AMENDED NOTICE OF VIDEOTAPED
FED. R. CIV. P. 30(b)(6) CONTINUATION DEPOSITION OF THE
CORPORATE REPRESENTATIVES FOR THE DEFENDANTS
*(CONCERNING COMPLAINT HANDLING)***

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiffs, by and through the Plaintiffs' Leadership Committee, will continue the deposition upon oral examination of the Teva Defendants with respect to the Pharmacovigilance topics set forth below. The deposition will take place on May 8, 2025 at 9:00 AM EDT at Borden Ladner Gervais LLP, Bay Adelaide Centre, East Tower, 22 Adelaide Street West, Suite 3400, Toronto, ON, Canada before a notary public or other person authorized by law to administer oaths and take depositions, or at a mutually available time negotiated by the parties. The deposition will be recorded stenographically and by video recording. Plaintiffs reserve the right to use at the trial of this action the videotape recording of the deposition of the deponent pursuant to Fed. R. Civ. P. 32(a).

Plaintiffs reserve the right to seek relief from the court in the event Defendants do not properly prepare the designated person(s) to testify on behalf of Defendants with respect to each of the identified topics.

Defendants are hereby requested and required under the federal rules to designate and produce at the deposition one or more officers, directors, managing agents, or other persons who consent to testify on their behalf on the following matters and documents:

## <u>SCHEDULE A: DEPOSITION SUBJECT MATTERS</u>

1. The complete process by which Defendants (or someone acting on their behalf) handle complaints (product quality and/or adverse event and/or a combination thereof) related to a broken Paragard. "Handle" means the details of how Defendants (or someone acting on their behalf) receive, record, code, investigate, evaluate, report, resolve, trend, close, and maintain files related to Paragard complaints from any source. "Broken Paragard" means any description or characterization of a broken Paragard except broken strings and Paragard broken at the time of insertion. This request specifically covers:

   a) Each step taken in the process and by whom that you did not testify about in the original complaint handling deposition;

   b) The applicable policies and procedures for each step (including training of those tasked with handling complaints) that you did not testify about in

the original complaint handling deposition; and

c) Any changes to the complete process, steps, and/or policies and procedures over time that you did not testify about in the original complaint handling deposition.

To the extent Defendants relied upon any third party to handle any step in the complaint handling process, the witness should be prepared to discuss all of the same responsive information for each such third party that that they did not testify about in the original complaint handling deposition.

**This request does not include any responsive information to which Defendants previously testified at their first FRCP 30(b)(6) complaint handling depositions.**

2. To the extent not covered by Subject Matter Number 1 and about which Defendants did not testify at the original complaint handling depositions:

(a) complaint handling/adverse event processing pertaining to the "gap" period between November 2017 through approximately June 1, 2018 (or when the Teva Defendants and/or someone acting on its behalf formally ceased performing complaint handling for the Cooper Defendants);

(b) Defendants' complaint handling/adverse event processes specifically as they relate to pharmacovigilance, including but not limited to, Teva Neuroscience and any other Teva entity's (or someone acting on their behalf)

pharmacovigilance roles and responsibilities as it relates to Paragard;

(c) the Horsham, Pennsylvania facility's roles as they pertain to complaint handling/adverse events and pharmacovigilance.

(c) i3 Drug Safety's roles and responsibilities as it related to Paragard including contracts and other policies and procedures related to i3;

(d) the roles and responsibilities of and between Diligent, IRMS, EnvoyHealth, WRB, Ashfield, PrimeVigilance, ComplianceWire, ICS and/or any other third parties who performed any complaint handling responsibilities on behalf of Defendants whether product quality or adverse events to the extent ;

(e) Defendants' processes of tracking and trending complaints – both adverse events and product quality complaints; and

(f) Defendants' processes used for signal detection of complaints – both product quality complaints and adverse events

3. For the period November 9, 2005 through the present, information about all audits, inspections, evaluations and/or analyses of Defendants' complaint handling processes (product quality and/or adverse event and/or a combination thereof), policies and/or procedures. This request includes: the individuals/departments handling such complaints (including third parties acting on Defendants' behalf), Defendants' response(s) and any corrective taken in response to each, if applicable, including those of third parties acting

on Defendants' behalf, including but not limited to the following:

a) October 10-11, 2006 FDA Inspection (*see e.g.*, MDL2974COOPERSURG-00003849);

b) November 13-14, 2007 KEMA Audit (*see e.g.*, MDL2974COOPERSURG-00373687; MDL2974TWHLLC01230400);

c) June 17, 2008 Audit (*see e.g.*, MDL2974TWHLLC01226238);

d) January 23, 2011 Audit (*see e.g.*, MDL2974TWHLLC01445551);

e) January 25-27, 2011 Barton Cobert Audit (*see e.g.*, MDL2974TWHLLC592655; MDL2974TWHLLC792349);

f) August 1, 2011 FDA Horsham Inspection (*see e.g.*, MDL2974COOPERSURG-00086177);

g) February 12, 2012 FDA Horsham Inspection;

h) February 22-24, 2012 GRA Audit (*see e.g.*, MDL2974TWHLLC133346; MDL2974COOPERSURG-00377756);

i) March 12-13, 2013 Audit (*see e.g.*, MDL2974TWHLLC049001);

j) May 15-23, 2012 FDA Inspection (*see e.g.*, MDL2974TWHLLC 048970; MDL2974TWHLLC086889);

k) May 2013 - June 2013 Audits (*see e.g.*, MDL2974SOOPERSURG-00388086);

l) February 25, 2014 Horsham Inspection (*see e.g.*, MDL2974TWHLLC084758);

m) March 17-24, 2014 FDA Inspection (*see e.g.*, MDL2974COOPERSURG-00567921; MDL2974TWHLLC019597);

n) April 1, 2015 Horsham Audit (*see e.g.*, MDL2974COOPERSURG-00086177);

o) October 29, 2015 Horsham Audit (*see e.g.*, MDL2974COOPERSURG-

00086177);

p) May 12-14, 2015 GRA Audit (*see e.g.*, MDL2974TWHLLC043772; MDL2974TWHLLC084800; MDL2974COOPERSURG-00502323);

q) June 16-17, 2015 Horsham Audit (*see e.g.* MDL2974TWHLLC 346809);

r) January 24, 2016 Horsham Audit (*see e.g.*, MDL2974TWHLLC084704);

s) June 2016 Horsham FDA Audit (*see e.g.* MDL2974TWHLLC 174681; MDL2974TWHLLC01322001);

t) February 23, 2017 GRA Tevapharm India Audit of PQR/QAS Complaint Intake Center (MDL2974TWHLLC084742);

u) April 4-6, 2018 Audit (*see e.g.*, MDL2974COOPERSURG- 0012032);

v) March 4, 2022 FDA Inspection (*see e.g.,* MDL2974COOPERSURG-02907783);

w) February 28, 2022 – March 3, 2022 FDA Inspection (*see e.g.*, MDL2974COOPERSURG-02907783);

x) 2024 FDA Inspection and EIR not yet produced by Defendants that has been requested by Plaintiffs;

y) 2023/2024 IPS audit(s) not yet produced by Defendants that have been requested by Plaintiff.

z) To the extent not otherwise covered herein, any audits or inspections of any third party who receives Paragard complaints (product quality and/or adverse events) about their complaint handling processes concerning Paragard.

4. To the extent not covered by Subject Matter No. 1 above, each policy and procedure applicable to the process of complaint handling that was produced *after* the first FRCP 30(b)(6) complaint handling deposition for each defendant

and/or each complaint handling policy and procedure about which the first deponent for each Defendant was unable to testify, including all iterations of the following SOPs:

| | |
|---|---|
| SOPG012887 | Global Drug Safety & Pharmacovigilance - Local Safety Officers Responsibilities |
| SOP 50.11.02/ SOPG012855 | Handling and Reporting Adverse Events/Adverse Drug Reactions and Special Situations for Teva's Products |
| SOP 50.11.03 / SOPG012856 | Global Drug Safety and Pharmacovigilance - Medical Review and Assessment of Adverse Drug Event/Reaction Reports for Teva Products |
| SOP 50.11.08 / SOPG012858 | Adverse Events/ Adverse Drug Reactions Reported through Teva's Websites |
| SOP 50.11.09 | Global Drug Safety and Pharmacovigilance - Corrective and Preventive Actions and Reinforcement Training |
| SOP 50.11.13 | Signal Management |
| SOP 50.11.14/ SOPG012863 | Global Drug Safety and Pharmacovigilance - Handling Adverse Drug Events/Reactions |
| SOP 50.11.18 | Global Drug Safety and Pharmacovigilance - Internal Audit of the Pharmacovigilance System |
| SOP 50.11.19 | Global Drug Safety and Pharmacovigilance - Risk Management Plan |
| SOPG013327 | Post-Authorization Safety Studies |
| SOP 50.11.21 | Global Drug Safety and Pharmacovigilance - Training |
| SOPW012718 | Determining Expectedness of Adverse Events/Reactions |
| NA-11-001 | Workflow and Case Processing of Adverse Events |
| WI-11-018 | Managing Adverse Event Follow-Up Information |

| | |
|---|---|
| TN-11-004 | Quality Control of Pharmacovigilance Adverse Event Case Files |
| SOP-7459 | Signal Detection Report Quality Evaluation for Complaints for Products Distributed in the US Market |
| SOP-1928 | Adverse Drug Event/Experience Reporting to PhV USA |
| SOP-2041 | Product Quality Complaints |
| WI-11-013/ SOPW012711 | Processing Lack of Effect Reports; Quality Assurance Services (QAS) Data Exchange [Name Change] |
| WI-11-001 / SOPW012706 | Triage and Case Processing of Adverse Event Reports |
| WI-136 | Processing All Teva USA Quality Complaints |
| WI-282 | Creation and Processing of Monthly / Quarterly U.S. Product Quality Complaint Trending Reports |
| WI-92 | Classification of Product Complaints |
| WI-69 | Product Complaint Reports and Investigation Form |
| CORP-0522 | QA Signal Detection Evaluation Process Oversight & Report Preparation |
| CORP-0535 | Quality Assurance Quarterly Global Trending of Product Complaints |
| CORP-0055 | Complaints |
| CORP-0297 | Quality Assurance Evaluation of Adverse Event Cases and Signal Detection Reports |
| G8.110 (versions 30 and 31) | Customer Complaint Handling |
| G8.120 (version 17) | Reporting of Adverse Events |
| CS-WI-001 (versions 1 through 5) | Handling Adverse Events and Other Safety Related Reports |

| CS-WI-007 (versions 3 and 4) | Diligent: Paragard Medical Information Adverse Event and Product Complaint Guidance |
| G8.160 | Records and Reports/Audits |
| BSR-QAR027 | Complaint Receipt/ Initial Report Procedure |
| SOP 1008 R01 | CAPA Management |
| SOP 1013 R01 | Quality Events Deviation Management |
| CW-WI-003 | Handling Inbound Contacts |
| WI-QAR-148 | Corrective and Preventative Actions (CAPA) Assessment Phase |
| MDL2974COOPERSURG-0113988 | Medical Information Requests on Paragard (draft) |

5. To the extent not covered by Subject Matter No. 1 above, all audits, inspections, evaluations and/or analyses of Defendants' complaint handling processes (product quality and/or adverse event and/or a combination thereof) that was produced *after* the first FRCP 30(b)(6) complaint handling deposition for each defendant and/or each audits, inspections, evaluations and/or analyses of Defendants' complaint handling processes (product quality and/or adverse event and/or a combination thereof) about which the first deponent for each Defendant was unable to testify. This request includes Defendants' response(s) and any corrective or remedial taken in response to each, if applicable, including those of third parties acting on Defendants' behalf. Such inspections and audits include, but are not limited to those identified above that were

produced after the original complaint handling depositions:

6. To the extent any witness comes to the deposition with previously unproduced documents, the witness should be prepared to discuss the contents of those documents.

7. To the extent any witness has reviewed any documents to prepare for the continuation depositions, the witness should be prepared to discuss the contents of those documents. **This request does not include any responsive information to which Defendants previously testified at their first FRCP 30(b)(6) complaint handling depositions.**

## <u>SCHEDULE B: DOCUMENTS TO BE PRODUCED</u>

1. All documents which the deponent(s) has utilized or may need to refresh his or her recollection as to any of the subject matters referenced in **Schedule A**.

2. All documents the deponent(s) consults or relies upon in preparation for the deposition.

3. All documents the deponent(s) creates (or are created on his/her behalf) to address any of the subject matters referenced in **Schedule A**.

4. The most current CV and/or resume for each of the person(s) being deposed pursuant to this notice.

5.

Dated: <u>May 2, 2025</u>

***<u>s/Erin Copeland</u>***
Erin Copeland
TX Bar No. 24028157
**FIBICH LEEBRON COPELAND
& BRIGGS**
1150 Bissonnet Street
Houston, TX 77005
Tel: (713) 751-0025
Fax: (713) 751-0030
Email: ecopeland@fibichlaw.com

*MDL Lead Counsel*

1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 2, 2025 Plaintiffs' Seventh Amended Notice of FRCP 30(b)(6) Continuation Deposition of Defendants Concerning Complaint Handling and Request for Production of Documents was served electronically on Defendants via their lead and liaison counsel.

Dated: <u>May 2, 2025</u>                          <u>***s/Erin Copeland***</u>
Erin Copeland
TX Bar No. 24028157
**FIBICH LEEBRON COPELAND & BRIGGS**
1150 Bissonnet Street
Houston, TX 77005
Tel: (713) 751-0025
Fax: (713) 751-0030
Email: ecopeland@fibichlaw.com

*MDL Lead Counsel*