IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD IUD | ) | MDL DOCKET NO. |
| 2974 PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | (1:20-md-02974-LMM) |
| | ) | This Document Relates to All Cases |

## TEVA'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' NOTICE TO TAKE THE ORAL DEPOSITION OF HEDVA VOLIOVITCH AND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 30 of the Federal Rule of Civil Procedure, Defendants Teva Pharmaceuticals USA, Inc., Teva Women's Health, LLC, and Teva Branded Pharmaceutical Products R&D, Inc. (collectively, "Defendants") object to Plaintiffs' Notice to Take the Oral Deposition of Hedva Voliovitch and Request for Production of Documents served on March 2, 2025 (the "Voliovitch Notice") as follows:

Defendants object to the entirety of the "REQUEST FOR PRODUCTION" on the grounds that it improperly attempts to require a non-party deponent (Hedva Voliovitch) to produce documents in response to requests made "[p]ursuant to Fed. R. Civ. P. 34." Rule 34(a) provides "In General. A party may serve on *any other party* a request within the scope of Rule 26(b)." Ms. Voliovitch is not a party to any action in *In re Paragard IUD Products Liability Litigation*, MDL No. 1:20-md-02974-LMM, and is not subject to Rule 34. *See also* Rule 34(c).

1

1. Defendants object to Request No. 1 in the Voliovitch Notice on the grounds that it improperly seeks production of information and documents protected by the attorney work product doctrine, the attorney-client privilege, or any other privilege or immunity afforded by law. Defendants also object to Request No. 1 in the Voliovitch Notice on the grounds that the Request seeks production by Ms. Voliovitch of certain documents that are not in Ms. Voliovitch's possession, custody, or control and/or that are not available to Ms. Voliovitch. Defendants further object to Request No. 1 in the Voliovitch Notice on the grounds that the phrase "relating to Paragard" is overly broad, vague, and ambiguous. Defendants refer Plaintiffs to Ms. Voliovitch's custodial file that was previously produced.

2. Defendants object to Request No. 2 in the Voliovitch Notice requesting production of "[a]ll documents, records, information or other material reviewed and/or requested by you [Ms. Voliovitch] in preparation for deposition" on the grounds that it improperly seeks production of information and documents protected by the attorney work product doctrine and the attorney-client privilege. Defendants also object to Request No. 2 based on the Court's decision issued on August 28, 2023, that Plaintiffs are not entitled to "disclosure of reviewed materials prior to deposition." (ECF 540 at 4.) Defendants further object to Request No. 2 in the Voliovitch Notice on the grounds that the phrase "information or other material" is vague, and ambiguous.

3. Defendants object to Request No. 3 in the Voliovitch Notice on the grounds that it improperly seeks production of information and documents protected by the attorney work product doctrine and the attorney-client privilege. Defendants also object to Request No. 3 based on the Court's decision issued on August 28, 2023, that Plaintiffs are not entitled to "disclosure of reviewed materials prior to deposition." (ECF 540 at 4.) Defendants further object to Request No. 3 in the Voliovitch Notice on the grounds that the phrase "relating to Paragard" and the terms "information," "material," and "worldwide" are overly broad, vague, and ambiguous. Defendants also object to the phrase "or other testimony worldwide relating to ParaGard" in Request No. 3 in the Voliovitch Notice on the grounds that it does not even purport to be information shared "in preparation for this deposition."

4. Defendants object to Request No. 4 in the Voliovitch Notice as it improperly seeks production of information and documents protected by the attorney work product doctrine and the attorney-client privilege and, relatedly, based on the Court's decision issued on August 28, 2023, that Plaintiffs are not entitled to "disclosure of reviewed materials prior to deposition." (ECF 540 at 4.) Defendants also object to Request No. 4 in the Voliovitch Notice on the grounds that the phrase "created on his/her behalf" is vague, and ambiguous.

5. Defendants object to Request No. 5 in the Voliovitch Notice requesting

production of copies of "all prior testimony given by Deponent, including but not limited to, deposition testimony, trial testimony, and or FDA testimony" on the grounds it is vague, and ambiguous with respect to its use of the phrase "FDA testimony." Defendants also object to Request No. 5 in the Voliovitch Notice on the grounds that it seeks production of documents that are irrelevant to any party's claims or defenses, and it is overly broad, unduly burdensome, not properly limited in time, and not proportional to the needs of this case.

6.     Defendants object to Request No. 6 in the Voliovitch Notice requesting production of all documents "which in way pertains to his/her training, job practices and procedures, duties, compensation and/or incentives with Defendant(s) as it pertains to Paragard" on the grounds that it is vague, and ambiguous with respect to its phrases "which in any way pertains to" and "as it pertains to Paragard," and the terms "training," "job practices and procedures," and "incentives." Defendants also object to Request No. 6 in the Voliovitch Notice on the grounds that it seeks sensitive personal financial information about Ms. Voliovitch's compensation, which is overly broad, unduly burdensome, irrelevant to any party's claim or defense, and not proportional to the needs of this case. Defendants further object to this Request as it seeks to circumvent the Case Management Order governing Custodial File Productions and further Orders regarding the scope and timing of document production.

7. Ms. Voliovitch's CV will be provided at or before her deposition.

        Respectfully submitted,

        */s/ Christopher D. Morris*
        Christopher D. Morris
        Butler Snow LLP
        Mississippi Bar No. 102981
        Renaissance at Colony Park
        Suite 1400
        1020 Highland Colony Parkway
        Ridgeland, MS 39158
        Telephone: (601) 985-4437
        chris.morris@butlersnow.com

        */s/ Pamela L. Ferrell*
        Pamela L. Ferrell
        Butler Snow LLP
        Georgia Bar No. 569713
        1170 Peachtree Street NE
        Suite 1900
        Atlanta, GA 30309
        Telephone: 678.515.5011
        pamela.ferrell@butlersnow.com

        ***Co-Lead Counsel for the Teva Defendants***

## CERTIFICATE OF SERVICE

I certify that on this 15 day of May, 2025, a copy of the foregoing Teva's Responses and Objections to Plaintiffs' Notice to Take the Oral Deposition of Hedva Voliovitch and Request for Production of Documents was served electronically on Plaintiffs via their Lead and Liaison counsel.

*/s/ Christopher D. Morris*
Christopher D. Morris, Esq.
