IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|   |   |   |
|---|---|---|
| IN RE: Paragard IUD Products Liability Litigation | : : : : : : : | MDL ACTION FILE NO. 1:20-md-02974-LMM |

## ORDER

This case comes before the Court on Defendant CooperSurgical, Inc.'s ("Cooper") assertion of attorney-client and work-product privilege over certain portions of a PowerPoint presentation ("Presentation") discovered in the files of Cooper consultant Nicole Enderle.[1] Upon due consideration, the Court enters the following Order.

## I.   BACKGROUND

Rather than produce the Presentation in discovery, Cooper's attorney sent a privilege log to Plaintiffs via email. The privilege log contains two entries. The entries indicate that Hussein Sabtiy authored presentations, one on November 9, 2021, and the other on April 15, 2025, and that they are protected under "Attorney Client Privilege." In the body of the email, Cooper's attorney referred to

---

[1] The PowerPoint presentation was produced twice and was identified by filename "NT Timeline_NME corrections.pptx" at Identification Nos. MDL2974CSPRIVLOG19337-38 in Defendants' privilege log.

the presentations as a single presentation and reiterated that Defendants asserted attorney-client privilege over it. The attorney further stated that the presentation "was prepared by in-house counsel for the purposes of communicating confidential and privileged legal advice to CooperSurgical personnel and constitutes a protected attorney work product and attorney-client communication." When Plaintiffs objected, Defendants produced the Presentation with limited redactions to two of its seven slides and submitted an unredacted version to the Court for in-camera review.

The Court accepted letter briefs on the issue and followed up with several questions. In its letter brief, Cooper suggests that the redacted portions of the Presentation are attorney-client privileged because they "amount to a discussion of legal advice." Cooper further argues that the redacted portions of the document "constitute protected work product[,] as [they] reflect[] the mental impressions and opinions of counsel."

## II.   DISCUSSION

Whether the privilege claimed is attorney-client privilege or work-product privilege, the party invoking privilege has the burden of proving its existence. <u>In re Grand Jury Investigation</u>, 842 F.2d 1223, 1225 (11th Cir. 1987) (attorney-client privilege); <u>United States ex rel. Bibby v. Wells Fargo Bank, N.A.</u>, 165 F. Supp. 3d 1319, 1324 (N.D. Ga. 2015) (work-product privilege).

Attorney-client privilege may attach to communications made between counsel and client where the communication was made for the purpose of

securing or providing legal advice or assistance and was intended to remain confidential. Bogle v. McClure, 332 F.3d 1347, 1358 (11th Cir. 2003); In re Grand Jury Investigation, 842 F.2d 1223, 1224 (11th Cir. 1987). A privileged communication may also retain its protection where "an executive relays legal advice to another who shares responsibility for the subject matter underlying the consultation." SCM Corp. v. Xerox Corp., 70 F.R.D. 508, 518 (D. Conn. 1976).

The work-product doctrine may protect materials prepared by an attorney or the attorney's agent "in anticipation of litigation or for trial." Fed. R. Civ. P. 26(b)(3)(A). It also protects against disclosure of counsel's "mental impressions, conclusions, opinions, or legal theories." Fed. R. Civ. P. 26(b)(3)(B); Williamson v. Moore, 221 F.3d 1177, 1182 (11th Cir. 2000).

After careful review of the privilege log materials, the parties' letter briefs, Cooper's responses to the Court's questions, and an affidavit Cooper proffered from its former counsel, the Court finds that Defendants have not met their burden for the redactions they request. There is no showing that any portion of the Presentation represents communication between counsel and client for the purpose of securing or providing legal advice or assistance or that the Presentation was created in anticipation of litigation. The attorney statement accompanying the privilege log indicating that the Presentation was prepared by an attorney has proven to be inaccurate, and Cooper now states that the Presentation was in fact authored by *non-attorney* Bill Senatore in January 2024—after the activities allegedly arising from legal advice had taken place.

Moreover, when directly asked for the purpose of the Presentation, Cooper stated not that it was prepared for the purpose of soliciting or receiving legal advice or that it was prepared for a litigation purpose but rather that it was prepared for the nebulous purpose of "memorializ[ing] a timeline of quality assurance improvements." The fact that the Presentation contains legal words and was also at some point sent to attorneys and a vendor possibly hired to produce work product does not inoculate it with privilege. Finally, Cooper has conceded that Plaintiffs may explore factual information related to the audit IPS conducted for Cooper in June 2023. The majority of the statements Cooper seeks to redact simply relay facts related to that audit. Thus, the Court finds that the Presentation is not attorney-client or work-product privileged.

### III.  CONCLUSION

In accordance with the foregoing, Defendants' request for a protective order regarding the documents identified by filename "NT Timeline_NME corrections.pptx" at Identification Nos. MDL2974CSPRIVLOG19337-38 in Defendants' privilege log is **DENIED**. On or before May 23, 2025, Cooper **SHALL** produce the documents to Plaintiffs unredacted.

**IT IS SO ORDERED** this 21st day of May, 2025.

_____
**Leigh Martin May
United States District Judge**