IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD IUD PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | MDL DOCKET NO. 2974<br><br>(1:20-md-02974-LMM)<br>This Document Relates to All Cases |

## COOPER'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST AMENDED NOTICE TO TAKE THE ORAL DEPOSITION OF MAURO CASTRO AND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 30 of the Federal Rule of Civil Procedure, Defendants CooperSurgical Inc., and The Cooper Companies, Inc. (collectively, "Defendants") object to Plaintiffs' First Amended Notice to Take the Oral Deposition of Mauro Castro and Request for Production of Documents served on May 4, 2025 (the "Castro Amended Notice") as follows:

Defendants object to the entirety of the "REQUEST FOR PRODUCTION" on the grounds that it improperly attempts to require a non-party deponent (Mauro Castro) to produce documents in response to requests made "[p]ursuant to Fed. R. Civ. P. 34." Rule 34(a) provides "In General. A party may serve on *any other party* a request within the scope of Rule 26(b)." Castro Mauro is not a party to any action in *In re Paragard IUD Products Liability Litigation*, MDL No. 1:20-md-02974-LMM, and is not subject to Rule 34. *See also* Rule 34(c).

1. Defendants object to Request No. 1 in the Castro Notice on the grounds

1

that it improperly seeks production of information and documents protected by the attorney work product doctrine, the attorney-client privilege, or any other privilege or immunity afforded by law. Defendants also object to Request No. 1 in the Castro Notice on the grounds that the Request seeks production by Mr. Castro of certain documents that are not in Mr. Castro's possession, custody, or control and/or that are not available to Mr. Castro. Defendants further object to Request No. 1 in the Castro Notice on the grounds that the phrase "relating to Paragard" is overly broad, and ambiguous. Defendants refer Plaintiffs to documents from Mr. Castro's custodial file that were previously produced.

2.  Defendants object to Request No. 2 in the Castro Notice requesting production of "[a]ll documents, records, information or other material reviewed and/or requested by you [Mr. Castro] in preparation for deposition" on the grounds that it improperly seeks production of information and documents protected by the attorney work product doctrine and the attorney-client privilege. Defendants also object to Request No. 2 based on the Court's decision issued on August 28, 2023, that Plaintiffs are not entitled to "disclosure of reviewed materials prior to deposition." (ECF 540 at 4). Defendants further object to Request No. 2 in the Castro Notice on the grounds that the phrase "information or other material" is vague and ambiguous.

3.  Defendants object to Request No. 3 in the Castro Notice on the

2

grounds that it improperly seeks production of information and documents protected by the attorney work product doctrine and the attorney-client privilege. Defendants also object to Request No. 3 based on the Court's decision issued on August 28, 2023, that Plaintiffs are not entitled to "disclosure of reviewed materials prior to deposition." (ECF 540 at 4). Defendants further object to Request No. 3 in the Castro Notice on the grounds that the phrase "relating to Paragard" and the terms "information," "material," and "worldwide" are overly broad, vague, and ambiguous. Defendants also object to the phrase "or other testimony worldwide relating to ParaGard" in Request No. 3 in the Castro Notice on the grounds that it does not even purport to be information shared "in preparation for this deposition."

4. Defendants object to Request No. 4 in the Castro Notice as it improperly seeks production of information and documents protected by the attorney work product doctrine and the attorney-client privilege and, relatedly, based on the Court's decision issued on August 28, 2023, that Plaintiffs are not entitled to "disclosure of reviewed materials prior to deposition." (ECF 540 at 4). Defendants also object to Request No. 4 in the Castro Notice on the grounds that the phrase "created on his/her behalf" is vague and ambiguous.

5. Defendants object to Request No. 5 in the Castro Notice requesting production of copies of "all prior testimony given by Deponent, including but not

3

limited to, deposition testimony, trial testimony, and or FDA testimony" on the grounds it is vague and ambiguous with respect to its use of the phrase "FDA testimony." Defendants also object to Request No. 5 in the Castro Notice on the grounds that it seeks production of documents that are irrelevant to any party's claims or defenses, and it is overly broad, unduly burdensome, not properly limited in time, and not proportional to the needs of this case.

6.     Defendants object to Request No. 6 in the Castro Notice requesting production of all documents "which in way pertains to his/her training, job practices and procedures, duties, compensation and/or incentives with Defendant(s) as it pertains to Paragard" on the grounds that it is vague and ambiguous with respect to its phrases "which in any way pertains to" and "as it pertains to Paragard," and the terms "training," "job practices and procedures," and "incentives." Defendants also object to Request No. 6 in the Castro Notice on the grounds that it seeks sensitive personal financial information about Mr. Castro's compensation, which is overly broad, unduly burdensome, irrelevant to any party's claim or defense, and not proportional to the needs of this case. Defendants further object to this Request as it seeks to circumvent the Case Management Order governing Custodial File Productions and further Orders regarding the scope and timing of document production.

7.     Mr. Castro's CV will be provided at or before his deposition.

Respectfully submitted,

*/s/ Caroline D. Walker*
Caroline D. Walker
Alabama Bar No. ASB-3439B10T
Butler Snow LLP
1819 5th Ave North, Suite 1000
Birmingham, AL 35203
Telephone: (205) 297-2200
caroline.walker@butlersnow.com

*/s/ Kasey M. Adams*
Kasey Adams
Mississippi Bar No. 105025
Butler Snow LLP
Renaissance at Colony Park
1020 Highland Colony Pkwy
Suite 1400
Ridgeland, MS 39157
Telephone: (601) 985-4413
Kasey.adams@butlersnow.com

**Co-Lead Counsel for The Cooper Defendants**

5

## CERTIFICATE OF SERVICE

I certify that on this 21st day of May, 2025, a copy of the foregoing Cooper's Responses and Objections to Plaintiffs' First Amended Notice to Take the Oral Deposition of Mauro Castro and Request for Production of Documents was served electronically on Plaintiffs via their Lead and Liaison counsel.

*/s/ Caroline D. Walker*
Caroline D. Walker