IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD IUD PRODUCTS LIABILITY LITIGATION, | : : : : : | MDL DOCKET NO. 2974<br><br>1:20-md-02974-LMM<br>**This Document relates to All Cases** |

# **ORDER**

The Court has also reviewed the parties' issues relating to certain privilege and scope objections raised by Defendants during the fact and 30(b)(6) depositions of William Senatore. After reviewing these materials in detail, the Court finds that a conference on these issues is unnecessary.

Defendants argue that their objections to questions regarding the 2023 IPS audit based on "privilege" and Rule 30(b)(6) scope were proper, but the Court finds neither argument persuasive.

Defendants carry the burden of establishing privilege. In re Grand Jury Investigation, 842 F.2d 1223, 1225 (11th Cir. 1987) (attorney-client privilege); United States ex rel. Bibby v. Wells Fargo Bank, N.A., 165 F. Supp. 3d 1319, 1324 (N.D. Ga. 2015) (work-product privilege). However, Defendants are not clear about what privilege they assert: they only imply that they are asserting work-product privilege (they contend in their letter brief that the objections were proper because IPS's work "was undertaken at the direction of outside counsel to further evaluate and develop Cooper's legal defense strategy during the pendency

of this litigation"). Defendants do not cite any law, and the only "evidence" they cite is from the April 28, 2025, letter brief which the Court has already determined was insufficient to show that the 2023 IPS audit was undertaken for litigation purposes. Defendants also forbade Mr. Senatore from testifying about whether an attorney was involved in the 2023 IPS audit. As such, Defendants have failed to meet their burden on attorney-client or work-product privilege. The Court also notes that this issue is very similar to one in which the Court has already ruled in Plaintiffs' favor.

As to the argument that this topic is outside the 30(b)(6) scope, the Court overrules those objections. The Court finds that the 2023 IPS audit falls within Schedule A, topic (1)(e): "All action taken by Defendants, including, but not limited to, remedial actions, changes to any company policies and procedures and/or the Paragard product as a result of and/or following the inspections to improve quality oversight of the Paragard facility." Dkt. No. [1027] at 3.

Accordingly, the Court **GRANTS** Plaintiffs' request to reopen the fact and 30(b)(6) depositions of William Senatore to ask questions about the 2023 IPS audit. This deposition is limited to this topic and should take place within 10 days of the date of this Order. Additionally, this deposition is limited to 2 hours. As this is the last item on today's agenda, today's Zoom conference is **CANCELLED**.

**IT IS SO ORDERED** this 10th day of June, 2025.

_____
**Leigh Martin May
United States District Judge**