IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD IUD PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | MDL DOCKET NO. 2974<br><br>(1:20-md-02974-LMM)<br>This Document Relates to All Cases |

**PLANTIFFS' MOTION TO COMPEL PRODUCTION**
**OF THE DEPOSITION TRANSCRIPT OF CAROLYN PAOLUCCI**

For the reasons detailed herein, Plaintiffs respectfully ask the Court to exercise its discretion and order production of the Carolyn Paolucci deposition transcript. In the alternative, Plaintiffs respectfully ask permission to re-issue their deposition notice for Ms. Paolucci's deposition.

## I.    INTRODUCTION

The Cooper Defendants are attempting to exploit a mutually agreed-upon protective order to withhold relevant discovery—the Paolucci deposition transcript—from Plaintiffs in this case. As the Cooper Defendants recognize in their letter, the Court has the authority to order production of the Paolucci deposition transcript but urge the Court not to exercise that authority because they have invoked confidentiality under a stipulated protective order as an attempt to shield that information from disclosure to Plaintiffs. *See* Ex. #1, June 3, 2025 Letter to Court from Caroline Walker. Their position ignores the weight of authority that clearly favors production of this relevant material. Far from being a mere "civil

1

rights/discrimination case," *id.* at 7, Ms. Paolucci's allegations are directly relevant and actually echo Plaintiffs' allegations in that they both contend the Cooper Defendants' manufacture of Paragard violated state and federal regulations. Her testimony is thus clearly relevant to this case. Notably, the actual deponent, Ms. Paolucci, has waived any assertion of confidentiality. The Cooper Defendants are the only obstacle to the production of this material.

In ordering production of this testimony, the Court would still recognize the Cooper Defendants' assertion of confidentiality in that it would receive the *same* protections under the Protective Order entered in this case. *See* Dkt. 36. Moreover, the Court would not be undermining a state court's order on the merits but would simply be requiring production of testimony over which the Cooper Defendants have unilaterally asserted a confidentiality designation. These factors support production. *See City of Rome v. Hotels.com, LP*, No. 4:05-CV-249-HLM, 2011 WL 13232091, at *2-3 (N.D. Ga. Sept. 12, 2011); *Graceway Pharms., LLC v. River's Edge Pharms., LLC*, No. 2:08-CV-00067-RWS, 2008 WL 4787517, at *1 (N.D. Ga. Oct. 27, 2008). More broadly, the Court should not sanction the Cooper Defendants' attempt to use the state court protective order "as a shield from legitimate discovery in this case." *City of Rome*, 2011 WL 13232091, at *3.

## II. BACKGROUND

As the Court is aware, Plaintiffs served a notice of deposition for the April 9, 2025 deposition of Carolyn Paolucci in the pending New Jersey state court against the Cooper Defendants, *Paolucci v. The Cooper Companies, Inc., et al.*, Superior Court of New Jersey, Burlington County: Law Division, Docket No. BUR-L-1237-23. The Cooper Defendants vehemently objected to Plaintiffs' attendance at the deposition, arguing that Plaintiffs' notice was untimely. Ex. #2, April 8, 2025 Letter to Court from Caroline Walker. The Court ultimately found that Plaintiffs' deposition notice was improper because it was "untimely and did not give sufficient notice to Defendants." Dkt. 987. As the Court later explained, it denied Plaintiffs' notice "based in part with the idea that they could get the [deposition] transcript, I may reconsider their request to take the deposition. I don't know if I would allow it, but I would potentially put that back on the table since my order was premised in part with the idea that they could get copies of the deposition." Ex. #3, May 21, 2025 Hearing Transcript at 14-21.

Plaintiffs sought attendance at Ms. Paolucci's deposition, and now seek the deposition transcript, because her claims in that case are directly relevant to Plaintiffs' claims against the Cooper Defendants in this litigation. Although the Cooper Defendants try to dismiss the relevance of Ms. Paolucci's case, describing it as "an unrelated state court employment discrimination case," her whistleblower

3

claims allege that the Cooper Defendants violated federal and statutory laws related to Paragard while Ms. Paolucci was working for Cooper and thus fall squarely within Plaintiffs' allegations in this MDL.  *See* Ex. #4, Paolucci Compl.; *see, e.g., id.* at ¶ 34 ("It became clear to Plaintiff almost immediately after she began working at Defendant CooperSurgical that Defendant CooperSurgical, formerly a medical device company, did not have the infrastructure or resources in place to comply with the separate federal regulations applicable to pharmaceuticals like PARAGARD®.").

Plaintiffs initially noticed Ms. Paolucci's deposition in February 2025 but ultimately rescinded that notice, not because it was irrelevant, but based on prioritization of resources given the parties' packed deposition schedule. Plaintiffs' resources are not as great as the Cooper Defendants' large firms.  After Plaintiffs had deposed another whistleblower, Marissa Perez-Gibbins, with similar allegations against the Cooper Defendants on March 31, 2025, Plaintiffs recognized the potential, critical importance of Ms. Paolucci's deposition.  That is what led Plaintiffs to notice Ms. Paolucci's state court deposition for April 9, 2025.

During the May 21, 2025, Case Management Conference, Plaintiffs noted their request for the Paolucci deposition transcript, and the Court instructed the Cooper Defendants to relay if they would waive any confidentiality or explain their position as to whether the Court could order production of the transcript.  **Critically,**

4

**Ms. Paolucci waived any confidentiality as to her own deposition testimony. On May 30, 2025 however, the Cooper Defendants informed Plaintiffs that they asserted confidentiality over the Paolucci deposition transcript and refused to produce it to Plaintiffs.** *See* Ex. #5, May 30, 2025 Email Correspondence from Caroline Walker.

### III. LAW AND ANALYSIS

Having blocked Plaintiffs' attendance at Ms. Paolucci's deposition, the Cooper Defendants are now using their unilateral assertion of confidentiality to withhold Ms. Paolucci's relevant testimony, but the Court should exercise its authority to modify the New Jersey state court parties' stipulated protective order and order production of the transcript. Certainly, is has been the case that "courts asked to issue discovery orders in litigation pending before them ... have not shied away from doing so, even when it would modify or circumvent a discovery order by another court, if under the circumstances, such a result was considered justified." *Tucker v. Ohtsu Tire & Rubber Co., Ltd.*, 191 F.R.D. 495, 499–500 (D. Md.2000). Such a result is justified here.

At best, the Cooper Defendants are attempting to withhold relevant information because the Cooper Defendants are asserting confidentiality in another case; there has been no independent court determination that this testimony should be confidential—it is all within the Cooper Defendants' control. There is something

fundamentally unfair or "unsettling about the notion that [Defendants] might be forever be insulated from producing discovery in this, or other actions, by virtue of having once produced it in a protected fashion in" another case.[1] *Tucker*, 191 F.R.D. at 501; *see also Carter–Wallace Inc. v. Hartz Mountain Indus. Inc.*, 92 F.R.D. 67, 69 (S.D.N.Y.1981) ("None of the cases or principles cited by [the defendant] support the absurd tenet that a party can avoid discovery in one case merely because it disclosed the same material to an adversary bound by a protective order in another case.").

    As the Cooper Defendants outline, Ex. #1, Cooper Letter at 5-6, federal courts often apply the factors set forth in *Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D. 495, 498–99 (D. Md. 2000), when considering whether to order production of a document designated as confidential in a state court litigation. *See, e.g., City of Rome,* , 2011 WL 13232091, at *2-3; *Graceway Pharms., LLC*, 2008 WL 4787517, at *1; *see also Huffman v. Davey Tree Expert Co.*, No. CV 418-184, 2023 WL 9775790, at *2 (S.D. Ga. Oct. 25, 2023). These factors include (1) "the nature of the protective order issued by the first court . . . There is less need for deference and comity when the order involved is really an agreement by counsel approved, almost as a ministerial act, by the court, than an action directed by the court after a full

---

[1] What is arguably even worse in this case is that the Cooper Defendants are not even asserting confidentiality over documents they produced but over the testimony of a separate, former employee.

consideration of the merits of a fully briefed dispute;" (2) "the identity of the party from whom discovery is sought"; (3) "whether the case in which the original protective order was issued is still pending"; and (4) "whether it is possible to incorporate terms in its own order which will further the protections originally ordered by the [state] court." *Tucker*, 191 F.R.D. at 501.

Here, all four factors weigh in favor of production. First, as with the protective order in *Tucker*, the Court would not be "disturbing a fully briefed and considered state protective order" but would be "modifying a private agreement and **preventing Defendants from using their confidential designations in the state court action as a shield from legitimate discovery in this case**." *City of Rome*, 2011 WL 13232091, at *3 (emphasis added); *see Tucker*, 191 F.R.D. at 498-99 ("Such [protective order] agreements, presented to the court as having been consented to by the parties, are routinely signed without any hearing on the merits of the assertion of confidentiality by the party from whom discovery is sought or the appropriateness of the restrictions on use of the documents covered by the order. As such, they do not reflect any conclusion by the court regarding the appropriateness of designating documents as confidential, pursuant to Fed. R. Civ. P. 26(c)(7)."); *see also* Ex. #4, Paolucci Protective Order at 7 (noting the parties "stipulated and consented to" the protective order). This differs from cases where a state court has made a confidentiality or privilege determination on the merits, which would weigh

7

against disclosure. *See, e.g., Huffman*, 2023 WL 9775790, at *1 (refusing to modify state court order when the state had made finding that documents were protected by privilege). Here, by contrast, the parties' stipulated protective order favors production. *See* Ex. #6, Paolucci Protective Order at 7 (noting the parties "stipulated and consented to" the protective order).

Second, the Cooper Defendants are the *same* parties in both cases, and the actual deponent, a former Cooper employee, has waived any confidentiality over the testimony. The document at issue is the deposition testimony of a former Cooper employee, so "[t]his is not a case of obtaining from a third-party, documents that belong to another." *Abel v. Mylan, Inc.*, No. 09-CV-0650-CVE-PJC, 2010 WL 3910141, at *4 (N.D. Okla. Oct. 4, 2010) (ordering production of documents under *Tucker* factors). The Cooper Defendants reference the other, individual defendants in Ms. Paolucci's case to suggest that other parties may somehow have an interest in the confidentiality of her testimony, but the other defendants are all Cooper employees and represented by Cooper attorneys. *See* Ex. #4, Paolucci Compl. at ¶¶ 4-7; Ex. #6, Paolucci Protective Order at 7. Indeed, the same attorney signed the stipulated protective order on behalf of the Cooper Defendants and employees. Ex. #6, Paolucci Protective Order at 7. This is not a situation where a party's interest is not somehow protected with production of the deposition transcript in this case, but

8

it is rather the Cooper Defendants invoking confidentiality in another case to thwart relevant discovery in this case.[2]

Third, Ms. Paolucci's New Jersey case is still pending, but the Cooper Defendants' repeated insistence that Plaintiffs seek relief from the New Jersey state court confirms their obstructionist tactics, and frankly, the absurdity of their position. The Cooper Defendants advocate that Plaintiffs incur significant time and expense to move the New Jersey State court to revise a stipulated protective order—not a finding of confidentiality by the New Jersey State court—because the Cooper Defendants refuse to produce the transcript in this case. And to be clear, as further detailed *infra*, the transcript would still be treated as confidential pursuant to the parties' Protective Order in this case and Plaintiffs would be willing to provide additional, reasonable protections. But it is clear the Cooper Defendants are not actually concerned with the confidential treatment of the transcript but are rather using the state court protective order "as a shield from legitimate discovery in this case." *City of Rome*, 2011 WL 13232091, at *3.

Fourth, the parties' Protective Order in this case, Dkt. 36, "addresses the same concerns and is capable of providing the same protections to Defendants as the state court protective order," and as noted, Plaintiffs would be willing to apply any

---

[2] The absurdity of the Cooper Defendants' attempts to distort this reality is captured by their assertion that their attorneys are unable to view the transcript because their own client has asserted confidentiality. Ex. 1, Cooper Letter at 6.

additional protections if needed. *City of Rome*, 2011 WL 13232091, at *4. In *Graceway Pharmaceuticals, LLC v. River's Edge Pharmaceuticals, LLC*, for instance, the court ordered production of documents subject to another protective order and noted that the only documents at issue were all documents from the defendant and that the "confidentiality of such documents may be maintained pursuant to the terms of the Protective Order … in place in this action." 2008 WL 4787517, at *1.

The Cooper Defendants fail to truly engage with this fact but rather point to the fact that the Cooper Defendants' attorneys in this action have not seen Ms. Paolucci's transcript because "they are not deemed eligible under the terms of the Discovery Confidentiality Order" in that case. Ex. #1, Cooper Letter at 6. To be clear, it is the Cooper Defendants' attorneys' *own clients* who are asserting confidentiality, and it stretches the imagination that their own attorneys could not sign the protective order. These arguments are an attempt to distort reality. The Cooper Defendants have manufactured this entire situation by invoking confidentiality under the state court protective order in order to refuse production of the deposition transcript, even though almost identical protections are in place under the Protective Order in this case. "[The Cooper] Defendants' objections are [rather] primarily defensive and procedural" and the Court should "find[] that the Court's

Protective Order can provide sufficient protection and prevent any harmful disclosure of Defendants' trade secrets." *City of Rome*, 2011 WL 13232091, at *4.

The four *Tucker* factors thus militate in favor of ordering production of the transcript, and the facts here are similar to the two other cases that have applied the *Tucker* factors in this district and ordered production of the underlying documents. *See City of Rome*, 2011 WL 13232091, at *4; *Graceway Pharms., LLC,* 2008 WL 4787517, at *1-2. The only Georgia federal case to have considered the *Tucker* factors and not ordered production is when the state court had made a substantive privilege ruling on the underlying documents, a far different scenario from here where the party is making the confidentiality determination to thwart production. *See Huffman*, 2023 WL 9775790, at *1-3.

Finally, the Cooper Defendants contort the allegations in Ms. Paolucci's case to argue that the deposition is not relevant to Plaintiffs' claims. *See* Ex. #1, Cooper Letter at 6-7. Far from being a mere "civil rights/discrimination case," *id.* at 7, Ms. Paolucci's allegations mirror those of Plaintiffs—albeit couched in different tort claims—and allege the Cooper Defendants violated state and federal statutes and regulations in its manufacturing of Paragard. *See* Ex. #4, Paolucci Compl.; *see, e.g., id.* at ¶ 34 ("It became clear to Plaintiff almost immediately after she began working at Defendant CooperSurgical that Defendant CooperSurgical, formerly a medical device company, did not have the infrastructure or resources in place to comply with

11

the separate federal regulations applicable to pharmaceuticals like PARAGARD®."). The prime relevancy of such whistleblower allegations (and testimony) was confirmed by the deposition of Ms. Perez-Gibbons, and the Cooper Defendants' attempt to argue otherwise here borders on the absurd.

## IV.    CONCLUSION

In conclusion, Plaintiffs respectfully ask the Court to exercise its discretion and order production of the Paolucci deposition transcript. In the alternative, Plaintiffs respectfully ask permission to re-issue their deposition notice for Ms. Paolucci's deposition.

Dated: June 20, 2025                              *s/Erin Copeland*
                                                  Erin Copeland
                                                  TX Bar No. 24028157
                                                  FIBICH LEEBRON COPELAND
                                                      & BRIGGS
                                                  1150 Bissonnet Street
                                                  Houston, TX 77005
                                                  Tel: (713) 751-0025
                                                  Fax: (713) 751-0030
                                                  Email: ecopeland@fibichlaw.com

                                                  **Plaintiffs' Lead Counsel**

                                                  Buffy K. Martines
                                                  TX Bar No. 24030311
                                                  LAMINACK, PIRTLE &
                                                      MARTINES, LLP
                                                  5020 Montrose Boulevard, Suite 900
                                                  Houston, Texas 77006
                                                  Tel: (713) 292-2750
                                                  Fax: (713) 292-2755
                                                  Email: buffym@lpm-triallaw.com

                                                  **Plaintiffs' Steering Committee**

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2025 the forgoing Motion to Compel Production of the Deposition Transcript of Carolyn Paolucci was served electronically on Defendants via their lead and liaison counsel.

 *s/ Buffy K. Martines*
Buffy K. Martines

**Plaintiffs' Steering Committee**