BUTLER | SNOW

April 8, 2025

<u>Via Email</u>

Honorable Leigh Martin May
c/o Courtroom Deputy Brittany Poley
U.S. District Court for the Northern District of Georgia
2167 U.S. Courthouse
75 Ted Turner Drive S.W.
Atlanta, GA 30303

      Re: *In Re Paragard IUD Products Liability Litigation*, Case No. 1:20-md-2974-LMM – Letter Brief Regarding Plaintiffs' Untimely Cross-Notice of Deposition of Carolyn Paolucci

Dear Judge May:

      At 5:57 p.m. ET on April 7, 2025, Defendants were served with a Cross-Notice of Deposition of former Teva and Cooper employee Carolyn Paolucci, set in-person for **less than two days later**, on April 9, 2025. *See* Plaintiffs' Cross-Notice of Deposition of Third Party Carolyn Paolucci, Dkt. 980. Given that there is only one day for the Court to be presented with this dispute before the deposition is set to occur, Defendants must forgo formal briefing and present the Court with this issue in expedited fashion.[1] The Cross-Notice is untimely, violates the Court's Standing Order, and should be struck.[2]

## Background and Procedural History

      Ms. Paolucci worked at Teva until 2017 and then transitioned to CooperSurgical in the role of Senior Brand Manager of Marketing. She was terminated in 2023. In 2023, Ms. Paolucci filed a lawsuit in New Jersey state court against CooperSurgical, The Cooper Companies, and other individual defendants, alleging retaliation in violation of the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1 et seq., and unlawful termination. *See* Complaint, *Paolucci v. The Cooper Companies, Inc. et al.*, BUR-L-001237-23 (N.J. Sup. Ct. L. Div. June 26, 2023). Her Complaint alleges, *inter alia*, that she was unlawfully retaliated against for reporting "that the practices of Defendant Cooper Companies and Defendant CooperSurgical violated federal statutory and regulatory laws." *Id.* at p. 2.

---

      [1] The Teva Defendants join in this letter brief.
      [2] This was not the only untimely deposition noticed on April 7, 2025. Defendants will file a separate letter brief addressing the other notices if the parties are unable to resolve the issue during the meet and confer process.

T 205.297.2200    One Federal Place, Suite 1000
F 205.297.2201    1819 Fifth Avenue North
www.butlersnow.com    Birmingham, Alabama 35203

BUTLER SNOW LLP

April 8, 2025
Page 2

In February 2025, the MDL Plaintiffs filed a Notice to Take the Oral Deposition of Carolyn Paolucci and Request for Production of Documents, noticing the deposition of Ms. Paolucci for March 28, 2025. Dkt. 882. Plaintiffs filed a Notice of Intent to Serve Subpoena for Deposition and for the Production of Documents regarding the Paolucci deposition on March 3, 2025. On March 24, 2025, the MDL Plaintiffs notified Defendants that they were withdrawing their notice of deposition of Ms. Paolucci and had withdrawn the subpoena. *See* Ex. 1, 3/25/2025 Email from B. Martinez.

Without conferring with Defendants, on April 7, 2025, the MDL Plaintiffs filed a Cross-Notice in the MDL noticing Ms. Paolucci's April 9, 2025 deposition in the state court matter. Defendants requested Monday evening that Plaintiffs withdraw the cross-notice, and Plaintiffs refused. *See* Ex. 2, 4/7/2025 Email from E. Copeland.

Defendants have been advised by counsel representing Cooper in the state court matter that they will simultaneously be seeking relief from the Cross-Notice from the trial judge in that matter, as the cross-notice violates New Jersey law and the orders in place in that proceeding.

Since the filing of the Cross-Notice, counsel in this matter has learned that Plaintiff Paolucci in the state court matter confirmed the state court deposition date on March 19, 2025—five days before the MDL Plaintiffs withdrew their deposition notice of Ms. Paolucci. That agreement was memorialized in a Consent Order filed with the New Jersey Court on March 31, 2025. *See* Ex. 3, Consent Order. Yet the MDL Plaintiffs waited until less than 48 hours before the Paolucci state court deposition to spring their Cross-Notice on the parties in this action.

## Legal Argument

I. **Plaintiffs' Cross-Notice Is Untimely Under the Case Management Order and Rule 30.**

The Court's Case Management Order requires that general corporate discovery be completed by April 7, 2025. Dkt. 870. Although Defendants have accommodated scheduling certain depositions beyond the close of the discovery where Plaintiffs conferred with Defendants and requested the depositions late in the discovery period and have been forced to delay 30(b)(6) depositions because of Plaintiffs' untimely notices, Defendants' leniency has limits. Defendants should not be required to accommodate requests for depositions made on the very last day of discovery. Otherwise, the close of discovery loses all meaning.

Plaintiffs have failed to move to extend the discovery deadline before its expiration; thus, to proceed with this deposition, they must satisfy both good cause ***and*** excusable neglect. *Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015). "To establish 'good cause' a party must show that 'the schedule cannot be met despite the diligence of the party seeking the extension.'" *Id.* (citation omitted). "In determining whether a party has shown 'excusable neglect' warranting an extension, a court must consider all pertinent circumstances, including 'the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and

T 205.297.2200    One Federal Place, Suite 1000
F 205.297.2201    1819 Fifth Avenue North
www.butlersnow.com    Birmingham, Alabama 35203

BUTLER SNOW LLP

April 8, 2025
Page 3

whether the movant acted in good faith.'" *Id.* (citation omitted). "A moving party cannot establish the diligence necessary to show good cause if it had full knowledge of the information before the scheduling deadline passed or if the party failed to seek the needed information before the deadline." *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19MD2885, 2021 WL 6327368, at *1 (N.D. Fla. Aug. 19, 2021). And "[t]he 'excusable neglect' standard is 'more rigorous' than the 'good cause' standard." *Id.* (citation omitted). Plaintiffs can show neither good cause nor excusable neglect with respect to Ms. Paolucci's untimely deposition.

Independent of the Case Management Order, Plaintiffs Cross-Notice is untimely under Rule 30. Rule 30(b)(1) requires that the party requesting a deposition provide "reasonable written notice to every other party." Notice of less than two days is not reasonable written notice. *Cf. Polidore v. McBride*, No. CV 07-433 ML, 2010 WL 11578469, at *5 (D.R.I. July 6, 2010) (holding cross-notice of deposition less than three days prior to deposition insufficient under Rule 30(b)(1); K*olon Industries Inc. v. E.I. DuPont de Nemours & Co.*, 748 F.3d 160, 173 (4th Cir 2014) (five days' notice of deposition not reasonable); *Tradewinds Envtl. Restoration, Inc. v. St. Tammany Park, LLC*, No. 06-00593, 2008 WL 449972, at *2 (E.D. La. Feb. 14, 2008) (noting that "depositions noticed a mere four business days before the witnesses would be required to appear for depositions is insufficient to comply with the 'reasonableness' requirement in [the] Rule"); *United States v. Philip Morris Inc.*, 312 F.Supp.2d 27, 36-37 (D.D.C. 2004) (holding that notice of three business days was not "reasonable notice"). For this additional reason, the Cross-Notice should be struck.

## II. Plaintiffs' Cross-Notice Violates the Court's Standing Order and, Potentially, the Protective Order and Rule 30(d).

Finally, the Cross-Notice Violates this Court's Standing Order. The Standing Order provides that "[b]arring extraordinary circumstances, opposing counsel and pro se litigants should be consulted, and the convenience of counsel, witnesses, and the parties accommodated, before a deposition is noticed." Standing Order Regarding Civil Litigation § III.h.vi. Plaintiffs did not confer at all with Defendants prior to cross-noticing their deposition. Nor are exceptional circumstances present to excuse their noncompliance. For this reason too, the Cross-Notice is improper and should be struck.

In addition, to the extent that persons participating in the state court deposition will be exposed to Confidential information within the scope of the Agreed Protective Order entered in this MDL, Dkt. 36, that too presents an additional concern with this cross-notice. Likewise, the deposition would likely run afoul of Rule 30(d)'s time limit of 7 hours. With less than 48 hours' notice, there is not sufficient time to attend to these procedural matters in advance of the deposition.

## Conclusion

Defendants cannot reasonably be expected to adequately prepare for a deposition with less than two days' notice. That is hardly sufficient time to even travel to this in-person deposition. The prejudice to Defendants if they are required to move forward with a deposition on such short notice would be immense. Plaintiffs' Cross-Notice is wholly improper and should be struck.

T 205.297.2200
F 205.297.2201
www.butlersnow.com

One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203

BUTLER SNOW LLP

April 8, 2025
Page 4

                                                   Respectfully submitted,

                                                   BUTLER SNOW LLP

                                                   Caroline D. Walker

CDW/rdv

cc (via email):
Erin Copeland, Esq. (ecopeland@fibichlaw.com)
Fidelma Fitzpatrick (ffitzpatrick@motleyrice.com)
C. Andrew Childers (achilders@cssfirm.com)
Lee Floyd (lee@bbtrial.com)
Hermiz, Kristen M. (khermiz@motleyrice.com)
Christopher D. Morris, Esq. (Chris.Morris@butlersnow.com)
Kasey M. Adams, Esq. (Kasey.Adams@butlersnow.com)
Pamela L. Ferrell, Esq. (Pamela.Ferrell@butlersnow.com)
93144465.v1

T 205.297.2200  F 205.297.2201  www.butlersnow.com | One Federal Place, Suite 1000  1819 Fifth Avenue North  Birmingham, Alabama 35203

BUTLER SNOW LLP