IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD IUD PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | MDL DOCKET NO. 2974<br><br>(1:20-md-02974-LMM)<br>This Document Relates to All Cases |

**[PROPOSED] ORDER TO COMPEL PRODUCTION
OF THE DEPOSITION TRANSCRIPT OF CAROLYN PAOLUCCI**

Having considered the parties' briefing on Plaintiffs' Motion to Compel Production of the Deposition Transcript of Carolyn Paolucci, the Court finds that the four factors outlined in *Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D. 495, 501-02 (D. Md. 2000), weigh in favor of production. First, the invoked protective order is a stipulated agreement between the parties and is not a fully briefed, merits determination by the New Jersey State Court. Second, the Cooper Defendants are the same parties in both cases, and the actual deponent has waived confidentiality. Third, although the New Jersey case is still pending, the court has not actually ruled on the confidentiality of the deposition transcript. And fourth, the parties' Protective Order in this case, Dkt. 36, provides to the Cooper Defendants the same protections as the invoked protective order regarding the underlying transcript.

**IT IS HEREBY ORDERED** that Plaintiffs' motion is **GRANTED**, and the Cooper Defendants shall produce the deposition transcript of Carolyn Paolucci

subject to the parties' Protective Order. Should the Cooper Defendants require additional protections beyond the Protective Order, they shall meet and confer with Plaintiffs.

Date: _____            _____
                                 Hon. Leigh Martin May
                                 United States District Court for the
                                 Northern District of Georgia