IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD IUD PRODUCTS LIABILITY LITIGATION | ) ⟩ ⟩ ⟩ | MDL DOCKET NO. 2974 |
| | | (1:20-md-02974-LMM) |
| | | **This Document Relates to All Cases** |

**NOTICE OF VIDEOTAPED FED. R. CIV. P. 30(b)(6) DEPOSITION OF
THE CORPORATE REPRESENTATIVES
FOR THE COOPER DEFENDANTS**
***(CONCERNING PARAGARD SINGLE HANDED INSERTER)***

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiffs, by and through the Plaintiffs' Leadership Committee, will take the deposition upon oral examination of the Cooper Defendants with respect to the topics set forth below. The deposition will take place beginning at 9:00 AM EST on June 30, 2025 at Harris Beach Murtha, One Century Tower, 265 Century Tower, New Haven, CT 06510, before a notary public or other person authorized by law to administer oaths and take depositions, or at a mutually available time negotiated by the parties. The deposition will be recorded stenographically and by video recording. Plaintiffs reserve the right to use at the trial of this action the videotape recording of the deposition of the deponent pursuant to Fed. R. Civ. P. 32(a).

Plaintiffs reserve the right to seek relief from the court in the event Defendants

do not properly prepare the designated person(s) to testify on behalf of Defendants with respect to each of the identified topics.

Defendants are hereby requested and required under the federal rules to designate and produce at the deposition one or more officers, directors, managing agents, or other persons who consent to testify on their behalf on the following matters and documents:

## SCHEDULE A: DEPOSITION SUBJECT MATTERS

1. The specific materials used to manufacture the Paragard single handed inserter during the time period in which you held the NDA for Paragard.

2. The information Defendants know and/or have available to them concerning the sourcing and quality control of the raw materials used in the production of the Paragard single handed inserter during the time period in which you held the NDA for Paragard, including any changes to the sourcing and/or quality control. This includes any evaluation you (and/or someone acting on your behalf) have done of any processes performed by suppliers of materials used to make Paragard and its components.

3. The information Defendants know and/or have available to them concerning Defendants' audits, directions, approvals, direct involvement, and/or communication of concerns or problems (internally or to vendors) pertaining to the manufacturing and assembly process of the component materials used

to produce the Paragard single handed inserter and the production of Paragard, including any changes to the process, and Defendants' inputs into such changes.

4. Any post market evaluations performed by you (and/or someone acting on your behalf) during the time period in which you held the NDA for Paragard of the structural soundness of the Paragard single handed inserter design and/or the material used in the Paragard single handed inserter design.

5. Any post market comparative analysis of the Paragard single handed inserter's design against other IUDs done by you (and/or someone acting on your behalf) during the time period in which you held the NDA for Paragard as it relates to breakage of the Paragard "T" frame.

6. Any post market evaluations performed by you (and/or someone acting on your behalf) during the time period in which you held the NDA for Paragard of the material manufacturing and assembly process of the Paragard single handed inserter as it relates to breakage of the Paragard "T" frame.

7. Any testing, evaluations and/or studies conducted by you (and/or by someone acting on your behalf) of the Paragard single handed inserter design as it relates to breakage of the Paragard during the time period in which you held the NDA for Paragard. This does not include string breakage.

8. Any testing, evaluations and/or studies conducted by you (and/or by someone

acting on your behalf) concerning any of the materials used to manufacture the Paragard single handed inserter as it relates to breakage during the time period in which you held the NDA for Paragard. This does not include string breakage.

9.  Any evidence, testing, and/or studies describing how the copper component in Paragard prevents pregnancy and any testing or studies showing that Paragard is 99% effective in preventing pregnancy on a year-by-year basis for 10 years.

10. All corporate functions, departments, units, divisions involved in the design, sourcing of materials, and manufacturing of the Paragard single handed inserter during the time period in which you held the NDA for Paragard, including any changes made.

11. All audits performed by you (and/or someone acting on your behalf) during the time period in which you held the NDA for Paragard of any of your Paragard single handed inserter material sources as it relates to breakage of the Paragard "T" frame. This does not include string breakage.

12. The information Defendants know and/or have available to them concerning any inspections and/or audits, including 483s issued to you and/or your predecessors concerning any aspect of the Paragard single handed inserter design, materials, or manufacturing processes, including:

- November 1, 1983 FDA Inspection (*see e.g*., MDL2974COOPERSURG-00004486);

- October 15, 1984 FDA Inspection (*see e.g*., MDL2974COOPERSURG-00004439);

- April 29, 1985 FDA Inspection (*see e.g*., MDL2974COOPERSURG-00004432);

- August 3, 1987 FDA Inspection (*see e.g*., MDL2974COOPERSURG-00004360);

- October 16, 1989 FDA Inspection *see e.g*., MDL2974COOPERSURG-00004135);

- October 16, 1990 FDA Inspection (*see e.g*., MDL2974COOPERSURG-00004135);

- December 5, 1991 Audit (*see e.g*., MDL2974COOPERSURG-02878160);

- February 26, 1992 FDA Inspection (*see e.g*., MDL2974COOPERSURG-02556957);

- December 16, 1993 FDA Inspection (*see e.g*., MDL2974COOPERSURG-00004092);

- November 18, 1994 FDA Inspection (*see e.g*., MDL2974COOPERSURG-00003958);

- January 9, 1998 FDA Inspection (*see e.g*.,

MDL2974MDL2974COOPERSURG-00003912);

- October 1, 2002 FDA Inspection (*see e.g.*, MDL2974COOPERSURG-00003898);

- January 8, 2004 FDA Inspection (*see e.g.*, MDL2974COOPERSURG-00003890);

- January 11, 2005 FDA Inspection (*see e.g.*, MDL2974COOPERSURG-00003879);

- October 10, 2006 FDA Inspection (*see e.g.*, MDL2974COOPERSURG-00003849);

- May 22-24, 2007 KEMA Audit (*see e.g.*, MDL2974TWHLLC013926);

- November 13-14, 2007 KEMA Audit (*see e.g.*, MDL2974COOPERSURG-00373687; MDL2974TWHLLC01230400);

- October 28-29, 2008 FDA Inspection (*see e.g.*, MDL2974COOPERSURG-00003834);

- May 26-27, 2010 KEMA Audit (*see e.g.*, MDL2974COOPERSURG-00302974);

- June 15, 2011 GRA Audit (*see e.g.*, MDL2974TWHLLCO086916; MDL2974TWHLLC084782);

- February 22-24, 2012 GRA Audit (*see e.g.*, MDL2974TWHLLC133346; MDL2974COOPERSURG-00377756);

- April 2012 internal Audit (*see e.g.*, MDL2974COOPERSURG-00378316);

- May 15-23, 2012 FDA Inspection (*see e.g.*, MDL2974TWHLLC 048970; MDL2974TWHLLC086889);

- June 25-28, 2013 FDA Inspection (*see e.g.*, MDL2974TWHLLC TEVA-019437; MDL2974TWHLLC019437; MDL2974TWHLLC109857);

- September 10, 2013 Audit (*see e.g.*, MDL2974TWHLLC042772; MDL2974TWHLLC084729);

- March 17-21, 2014 FDA Inspection (*see e.g.*, MDL2974COOPERSURG-00567921; MDL2974TWHLLC019597);

- June 2014 Audit (*see e.g.*, MDL2974TWHLLC113049);

- May 12-14, 2015 GRA Audit (*see e.g.*, MDL2974TWHLLC043772; MDL2974TWHLLC084800; MDL2974COOPERSURG-00502323);

- March 24-25, 2015 DEKRA Audit (*see e.g.*, MDL2974TWHLLC 049070);

- March 7-8, 2018 DEKRA Audit (*see e.g.*, MDL2974COOPERSURG-00094807);

- July 29, 2019 – August 1, 2019 FDA Inspection (*see e.g.*, MDL2974COOPERSURG- 00004308; MDL2974COOPERSURG-02907631);

- February 28, 2022 – March 3, 2022 FDA Inspection (*see e.g.*,

MDL2974COOPERSURG-02907783); and

- 2024 FDA EIR not yet produced by Defendants that has been requested by Plaintiffs' Counsel.

This includes any corrective action taken as a result of the inspections or audits.

13. To the extent not covered by any subject matter above, the details of any tensile strength testing of the Paragard single handed inserter made part of your standard production process during the time period in which you held the NDA for Paragard.

14. To the extent not covered by any of the subject matter above, the identity of any material provider for the Paragard single handed inserter during the time period in which you held the NDA for Paragard, including their processes for creating the material used for the Paragard single handed inserter and any audit or inspection conducted by you (or someone acting on your behalf) of their processes.

15. To the extent not covered by any of the subject matter above, the process for any flexibility testing performed by you on the Paragard single handed inserter during the time period in which you held the NDA for Paragard, including any changes to the process.

16. To the extent not covered by any of the subject matter above, all testing,

evaluations, and/or studies performed by you (and/or someone acting on your behalf) concerning the force required to remove a Paragard that is not embedded and force required to remove a Paragard that is embedded.

## **SCHEDULE B: DOCUMENTS TO BE PRODUCED**

1.      All documents which the deponent(s) has utilized or may need to refresh his or her recollection as to any of the subject matters referenced in **Schedule A**.

2.      All documents the deponent(s) consults or relies upon in preparation for the deposition.

3.      All documents the deponent(s) creates (or are created on his/her behalf) to address any of the subject matters referenced in **Schedule A**.

4.      The most current CV and/or resume for each of the person(s) being deposed pursuant to this notice.

Dated: June 24, 2025

*/s/ Kristen Hermiz*

Kristen Hermiz
SC Bar No. 100482
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Tel: (843) 216-9390
Fax: (843) 216-9450
khermiz@motleyrice.com

**PLC for MDL Plaintiffs**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 24, 2025 Plaintiffs' Notice of FRCP 30(b)(6) Deposition Concerning Paragard Materials and Design was served electronically on Defendants via their lead and liaison counsel.

Dated: <u>June 24, 2025</u>

<u>*/s/ Kristen Hermiz*</u>

Kristen Hermiz
SC Bar No. 100482
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Tel: (843) 216-9390
Fax: (843) 216-9450
khermiz@motleyrice.com

**PLC for MDL Plaintiffs**