# EXHIBIT 2

BUTLER | SNOW

June 3, 2025

*Via Email*

Honorable Leigh Martin May
c/o Courtroom Deputy Brittany Poley
U.S. District Court for the Northern District of Georgia
2167 U.S. Courthouse
75 Ted Turner Drive S.W.
Atlanta, GA 30303

   *Re*: Paragard MDL - Letter Brief re: Paolucci Deposition Transcript

Dear Judge May:

   As ordered by the Court at the Case Management Conference on May 21, 2025, the Cooper Defendants write in response to Your Honor's request for briefing on the issue of whether this Court may order the production of a deposition transcript of the plaintiff, Ms. Paolucci, in an unrelated state court employment discrimination case, *Paolucci v. Cooper Cos. et al.*

   As related to the MDL, the PLC made an affirmative choice *not* to depose Ms. Paolucci in these proceedings, withdrawing their subpoena of Ms. Paolucci in mid-March. The PLC then did an about-face by serving a cross-notice of Paolucci's deposition that was to be conducted in New Jersey. In short: the PLC sought to just receive the transcript without having to depose the witness. This Court struck the PLC's cross-notice.

   Yet the PLC has now made an informal request to this Court, asking it to now order production of Paolucci's deposition transcript. The PLC's request should be rejected for several reasons as discussed below. Paramount is the undisputed fact that the Paolucci deposition transcript is subject to a confidentiality order previously issued by the New Jersey court in *Paolucci* that prohibits its disclosure.[1]

   Cooper respectfully submits that the subject transcript is not subject to an order of production by this Court. Long-standing principles of federalism, comity, and courtesy restrain federal courts from modifying or terminating an order of another court. This is particularly pronounced in cases such as this where the subject matter of the material sought is not relevant.

---

[1] *Paolucci v. Cooper Companies, Inc.; CooperSurgical, Inc.; Priscilla Tavener; Jennifer Gates; Courtney Boyle; Greta Kolcon; ABC Corps. 1-5; and John Does 1-5*, Superior Court of New Jersey, Burlington County: Law Division, Docket No. BUR-L-1237-23. The Discovery Protective Order from *Paolucci* is attached as Exhibit 1.

*T 205.297.2200*
*F 205.297.2201*
*www.butlersnow.com*

*One Federal Place, Suite 1000*
*1819 Fifth Avenue North*
*Birmingham, Alabama 35203*

BUTLER SNOW LLP

June 3, 2025
Page 2

At a minimum, the PLC should be required to seek to intervene in the state court action. As federal courts routinely hold, the requesting party should have to ask the court that issued the protective order for the relief they seek first—before they ask another court to modify or terminate that order. And in any event, the PLC should be ordered to pay for Cooper's costs and legal fees related to this matter.

**I.      *Paolucci – New Jersey State Court***

Ms. Paolucci filed her case in New Jersey state court in June 2023. The case is currently active. Of note, unlike this MDL, *Paolucci* is not a product liability action. It is an employment discrimination action alleging claims of retaliation and wrongful discharge.

**A.      Discovery Confidentiality Order (Jan. 19, 2024)**

On January 19, 2024, the *Paolucci c*ourt entered a Discovery Confidentiality Order (the Order), which the parties' counsel stipulated to. *See* Order at 7. Of note, the Order does not just protect confidential information of the plaintiff and Cooper Defendants; the plaintiff has named several additional, individual defendants, who are also subject to the terms of the Order and protected by its provisions. *See* fn. 1, *supra* (listing named defendants).

The Order begins by acknowledging that "discovery in the above-captioned action [i.e., the *Paolucci* case] is likely to involve the disclosure of confidential information," Order at 1, and the court (in relevant part) ordered as follows:

- Any party shall have the right to designate any information, document, thing (or portion thereof) as "Confidential" as defined therein. Order at 1, ¶1.

- Any party shall have the right to designate any information, document, thing (or portion thereof) as "Attorneys' Eyes Only" as defined therein. Order at 1, ¶2.

In Paragraph 3, the Order explicitly provides that the use of material designated and marked as Confidential and Attorneys' Eyes Only material "shall be used by the receiving party solely for purposes of the prosecution or defense of this action," meaning only the *Paolucci* case. *See* Order at 2, ¶3. It specifies that such material "shall not be used by the receiving party" for any purpose. *Id*.

Also in Paragraph 3, the Order prohibits disclosure by the receiving party to anyone who is not explicitly authorized by other parts of the Order to receive it unless the restrictions are removed either by (1) written agreements of counsel for the parties (meaning both parties) or by Order of the Court, meaning (only) the *Paolucci* court. *See* Order at 2, ¶3.

Paragraph 4 defines those persons who may receive Confidential material, *see* Order at 2, ¶4(a)-(g), and Paragraph 6 defines those persons who may receive Attorneys' Eyes Only material, *id*. at 3, ¶6. Paragraphs 5 and 7 prohibit disclosure of Confidential and Attorneys' Eyes material "in any manner to any other individual" unless (1) outside counsel for the party asserting

June 3, 2025
Page 3

confidentiality waives the claim of confidentiality or (2) the Court (meaning the *Paolucci* court) orders such disclosure. *See id.* at 3, ¶5, ¶7.

Paragraph 8 addresses depositions that involve Confidential or Attorneys' Eyes Only material. *See* Order at 4, ¶8. It provides, inter alia, a 30-day window for a deposition transcript to be designated as containing protected information. *Id.* It further states that "[n]o such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d) and (f) for Confidential material, or Paragraph 6 for Attorneys' Eyes Only material, and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d) and (f), or Paragraph 6 for Attorneys' Eyes Only material, during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, or Attorneys Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 4 and 5 or Paragraphs 6 and 7, respectively." *Id.* Paragraph 9 provides the procedures for objections to such designations. *Id.* at 4, ¶9(a)-(b).

The Order contains a mandatory notice provision in Paragraph 11: no party may disclose Confidential or Attorneys' Eyes Only material unless it gives "notice to the producing party and as directed by the Court." *See* Order at 5, ¶11. Paragraph 15 further provides that if a "non-party serves a party in this action" with a request for disclosure of Confidential or Attorneys' Eyes Only material,

> the party receiving the demand, if not prohibited under applicable law, shall promptly deliver a copy of the demand to the designating party's counsel, and shall notify the party who served the request that some or all of the materials sought by the request are subject to this Confidentiality Order. The party receiving the demand shall not disclose any Confidential or Attorneys' Eyes Only material prior to the date specified for disclosure, or prior to resolution of any dispute regarding production of such material in response to the request, whichever is later. In its sole discretion and at its own cost, the designating party may oppose or seek to limit the demand in any legal manner. The party who received the demand shall not oppose or otherwise interfere with the designating party's actions.

*Id.* at 5-6, ¶15.

The *Paolucci* case is currently pending—but even beyond its termination, the Order survives "and shall remain in full force and effect unless modified by an Order of this Court" or by written, filed stipulation of the parties. *See* Order at 6, ¶18.

The Order contains, in Paragraph 20, additional protections for confidential information, even where an additional party joins, intervenes or appears in the action: "such party shall not have access to Confidential Information unless such party has filed with the Court its agreement to be bound by this Order." *See* Order at 6, ¶20.

Finally, the Order contains a Non-Disclosure Agreement to be Bound by Discovery Confidentiality Order, which requires any person receiving information under the Order to execute a sworn statement under penalty of perjury that they will comply with the terms of the Discovery Confidentiality Order. The sworn agreements include that affiant will hold in confidence and not disclose to anyone not qualified to receive any Confidential or Attorneys' Eyes Only material—as well as "any words [or ] summaries" of such material. *See* Order at 8 (¶5). Affiants must likewise swear that they will "limit use" of material "solely for purpose of this action," meaning (only) the *Paoloucci* case. *Id*. at 8 (¶6).

To Cooper's knowledge, no party in *Paolucci* has requested that court to modify or terminate the Order. Also to Cooper's knowledge, the PLC here—a nonparty to *Paolucci*—has not made any request of the state court to intervene or to modify or terminate the Order. Nor (to Cooper's knowledge) has the PLC provided the required notice of demand for the confidential-designated transcript.

### B. Ms. Paolucci's Deposition & Confidentiality Designation

Ms. Paolucci was deposed in New Jersey over two dates, on April 9 and April 21, 2025. On May 27, 2025, Cooper designated the Paolucci deposition transcripts as confidential under Paragraph 8 of the Discovery Confidentiality Order. Given this, as Paragraph 8 provides, "all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 4 and 5 or Paragraphs 6 and 7, respectively." The plain terms of the Discovery Confidentiality Order thus make clear that no confidential material from the Paolucci deposition—or even a summary of such information—may be disclosed. Indeed, to this point: the undersigned counsel for Cooper does not represent Cooper in the *Paolucci* matter and has not entered an appearance in that case. Counsel is thus not entitled to receive the transcript.

## II. Law & Analysis

The PLC has made what is essentially an informal request to *this* Court to order production. That request should be denied for any or all of the reasons below.

**First**, there is no question that the Paolucci deposition transcript is subject to the Discovery Confidentiality Order entered by the New Jersey state court. The plain terms of the Discovery Confidentiality Order preclude production here; the order is explicit that any authorized use of confidential information permitted by the order is limited to *that* action alone. And in the Eleventh Circuit, "evidence subject to a protective order of a court, a confidentiality agreement, or otherwise legally protected may not be used in litigation that the order or agreement does not authorize." *Glock v. Glock, Inc*., 797 F.3d 1002, 1007 n. 6 (11th Cir. 2015), *also cited in Huffman v. Davey Tree Expert Co*., No. CV 418-184, 2023 WL 9775790, at *2 (S.D. Ga. Oct. 25, 2023); *see also, e.g., Dushkin Pub. Grp., Inc. v. Kinko's Serv. Corp.*, 136 F.R.D. 334, 335-336 & n. 4 (D. D.C. 1991) ("As for those documents shielded by the [other court's] protective order, this court as a matter of comity respects the order issued by [that court] . . . Therefore, the court will not require the production of documents which contain information that has been deemed confidential pursuant to the [ ] protective order.").

June 3, 2025
Page 5

**Second**, there are procedural hurdles that the PLC has ignored through their informal request of this Court. Namely, the PLC has made no formal request of this Court to modify the Discovery Confidentiality Order that was entered by the *Paolucci* court. The PLC's request is perhaps best characterized as asking this Court to render an improper advisory opinion.

**Third**, if the PLC's request were construed as asking this (MDL) Court to modify or terminate the *Paolucci* (state) court's discovery order, this Court should decline to do so under principles of federalism, comity, and courtesy.

Federal district courts, when faced with a (proper) motion to modify a protective order entered by another federal or state court, often evaluate four "rules of reason" from *Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D. 495, 499 (D. Md. 2000). *Tucker* articulated that "[c]ourts which have been called upon to decide discovery motions that involve requests to modify or terminate a protective order previously issued by another court, whether state or federal, have frequently felt constrained by principles of comity, courtesy, and, where a federal court is asked to take such action with regard to a previously issued state court protective order, federalism."

*Tucker* identified four factors that a court can review to determine whether it will modify or terminate another court's order: (1) "the nature of the protective order issued by the first court," (2) "the identity of the party from whom the discovery is sought," (3) "whether the case in which the original protective order was issued is still pending . . . .", and (4) "whether it is possible to incorporate terms in its own order which will further the protections originally ordered by the [first] court." *Tucker*, 191 F.R.D. at 501. Other courts—such as *Santiago*, 2017 WL 3610599, at *2, which explained that the Eleventh Circuit does not have a "definitive test to apply to a request to modify a protective order," consider the *Tucker* federalism/comity/courtesy concerns, while favoring a "balancing test" to determine whether any justification exists to modify another court's protective order. *See id*. at *3; *Huffman,* 2023 WL 9775790, at *2 (explaining, like *Santiago,* that there is no "definitive test" for modification of an earlier protective order, but recognizing that many courts follow *Tucker*'s factors).

These considerations weigh against modification or termination of the order from *Paolucci* by this Court. While the Order was entered by stipulation, the other factors support Cooper's position, particularly when contrasted to the facts in *Tucker*. That case ultimately ordered modification of a prior order, but it involved very different facts than here. The current and prior cases were both products cases alleging similar product defects; in contrast, here, *Paolucci* is an employment discrimination case, whereas the MDL involves only allegations of product liability related to the Paragard product. In *Tucker*, the defendant could not avoid producing documents just because it produced those documents in another case governed by a protective order. Here, in contrast, no such facts or procedure is at play; the Order is not "one-sided," the information at issue is a deposition transcript, not solely document production, and multiple individual defendants (beyond Cooper) are named in *Paolucci*. In addition, whereas *Tucker* involved the same defendant in both the current and prior cases, Cooper is the defendant in the MDL but *Paolucci* also involves many other individually named defendants. Also, in *Tucker*, the pointed out that the prior action was already closed—but here, the *Paolucci* case is pending and currently active, so there is no inefficiency in requiring the PLC to go to that court to request relief. Finally, given the distinct characteristics of this case, it is difficult to envision sufficient protections that this Court could

June 3, 2025
Page 6

enter here, particularly as the *Paolucci* matter does not involve the same set of defendants or legal issues as presented in this MDL. Thus, while courts across the country recognize that *Tucker* (as well as other balancing considerations) provide helpful guidance on issues the Court may consider in determining whether a prior protective order should be modified or terminated, the facts here do not warrant modification of another court's protective order.

Beyond the above reasons to decline the PLC's informal request, it is notable that the PLC has not—to Cooper's knowledge—moved to intervene in the New Jersey action to obtain the relief they seek from the Discovery Confidentiality Order. Federal courts considering whether to modify another court's order regularly reject such requests, instead ruling that the requesting party should first seek relief from the court that issued the protective order. As one federal district court noted, "The Court finds it perplexing that [the requesting party] has not even attempted to petition for relief in the courts that entered the Confidentiality Orders by following procedures for doing so as set forth therein." *DVL, Inc. v. Congoleum Corp.*, 2019 WL 13417209, at *4 (D. N.J. Dec. 2, 2019). *See also Entrust Datacard Corp. v. Atl. Zeiser GmbH*, No. 3:17-CV-110-J-39MCR, 2018 WL 3599216, at *2 (M.D. Fla. Jan. 16, 2018) ("The better course of action would be for parties to seek modification or termination of the Stipulated Protective Order and resolution of any outstanding confidentiality disputes before the [court which issued the order]. To the extent that a party believes an attempt to modify or terminate the Stipulated Protective Order is proper before this Court (as opposed to the [court which issued it]), that party may file a motion articulating such a basis, bearing in mind that 'there is a strong presumption against modification of a protective order.'"); *Santiago v. Honeywell Int'l, Inc.*, No. 16-CIV-25359, 2017 WL 3610599, at *3 (S.D. Fla. Apr. 6, 2017) ("In light of the general rule (and limited exceptions) that the issuing court retains jurisdiction over any modifications to its own protective order, Plaintiff has failed to articulate any reasons in support of why her Motion is properly before this Court."); *Dushkin Pub. Grp.,* 136 F.R.D. at 335-336 ("To the extent that the plaintiff should desire to obtain those additional documents [shielded by a protective order], that request should be addressed to the issuing court."); *Puerto Rico Aqueduct & Sewer Auth. v. Clow Corp.*, 111 F.R.D. 65, 67-68 (D. Puerto Rico 1986) (concluding that the appropriate way for a third party to challenge a protective order is to seek intervention in the action where it was issued; comity dictates that the subsequent court should await ruling by the court that issued the order).[2]

**Fourth**, additional grounds confirm that an order of production is not warranted. It bears noting that the undersigned counsel do not have access to the transcript as they are not deemed eligible under the terms of the Discovery Confidentiality Order. It is thus premature for Cooper's undersigned counsel to fully articulate exactly how the Paolucci deposition transcript is not a proper subject of discovery. As just one example, the lack of relevance militates against an order modifying or terminating the state court's order. *Navajo Nation v. Urban Outfitters, Inc*., No. 12CV0195, 2015 WL 11109396, at *4 (D.N.M. May 15, 2015) (denying motion to compel under

---

[2] If the party is permitted to intervene, modification of the order would require a showing of good cause. *See Columbus Drywall & Insulation, Inc. v. Masco Corp*., No. 104CV03066JECRGV, 2014 WL 11352937, at *4 (N.D. Ga. Apr. 23, 2014) ("The modification of the Court's protective order requires [ ] a demonstration of good cause." ).

June 3, 2025
Page 7

*Tucker* factors and where requesting party "made no showing as to how the report is relevant to any party's claim or defense, other than speculating that the report 'may be relevant, at the very least, to [ ] credibility as an expert in this case.' . . . [T]he Court may only order discovery of a matter that is within the scope of discovery. See Fed. R. Civ. P. 26(b)(1). "). Here, *Paolucci* is a civil rights/discrimination case, not a personal injury action based on an alleged defect in the Paragard product. The JPML created this MDL to address (only) claims of personal injury/product liability. *Paolucci* does not allege any such legal issue. Additionally, it may well be that Ms. Paolucci deposition transcript contains otherwise objectionable material from a discovery standpoint, and Cooper requests the opportunity to raise issues as appropriate upon adequate time for review, if production were ordered.

**Fifth**, to reiterate: the PLC had a full and fair opportunity to notice Ms. Paolucci's deposition to be taken in this MDL, and in fact did so –issuing a subpoena on March 3 for Ms. Paolucci's deposition to take place in these proceedings on March 28. *See* Dkt. No. 906. However, on March 24—the same day that a Case Management Order was entered in the *Paolucci* action setting Ms. Paolucci's deposition in that action for April 9—the PLC informed the Teva and Cooper Defendants that they were withdrawing their subpoena for Ms. Paolucci's deposition in this MDL and had informed Ms. Paolucci's counsel of their intent as well.

An order of production of a designated-confidential deposition transcript from the state court proceeding rewards the PLC for not engaging in discovery here and then simply requesting a copy of the transcript as though they have an entitlement to it. Beyond the above reasons that an order of production is improper, fundamental fairness tips the scale in denying the PLC's request.

**Finally**, in addition, any expenses and fees related to the PLC's attempts to modify or terminate the Discovery Confidentiality Order and production of the Paolucci deposition transcript should be borne by the PLC. Again, the PLC had the opportunity to depose Paolucci. Costs and fees incurred by Cooper in objecting to production of material protected by another court's protective order should be covered by the PLC.

### III.    Conclusion

The Paolucci deposition transcript is subject to the Discovery Confidentiality Order entered by the Superior Court of New Jersey. That Order remains in full force and effect. An order of production would violate the explicit terms of the state court's order and would thwart principles of federalism, comity and courtesy.

This conclusion—that production should not be ordered—is even more pronounced, here, where the PLC has not (to Cooper's knowledge) made any attempt to intervene in the state court action to ask the court that issued the order to modify or terminate it. Nor has the PLC made a formal request to *this Court* to modify or terminate the state court's protective order which, as stated, would be improper as it would invade the province of another court's properly issued discovery order.

Cooper requests that the Court decline the PLC's request to order production of the Paolucci deposition transcript. Alternatively, the PLC should be required to follow the proper

June 3, 2025
Page 8

procedures in the proper court: requesting relief from the Order in the *Paolucci* case. Further, the PLC should bear all expenses and fees associated with this matter.

          Sincerely,

          BUTLER SNOW LLP

          Caroline D. Walker

CDW/rdv

cc (via email):
Erin Copeland, Esq. (ecopeland@fibichlaw.com)
Fidelma Fitzpatrick, Esq. (ffitzpatrick@motleyrice.com)
C. Andrew Childers, Esq. (achilders@cssfirm.com)
Lee Floyd, Esq. (lee@bbtrial.com)
Kristen M. Hermiz, Esq.(khermiz@motleyrice.com)
Christopher D. Morris, Esq. (Chris.Morris@butlersnow.com)
Pamela L. Ferrell, Esq. (Pamela.Ferrell@butlersnow.com)
Kasey M. Adams, Esq. (Kasey.Adams@butlersnow.com)
Allison Ng, Esq. (Nga@gtlaw.com)