IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD IUD PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) | MDL DOCKET NO. 2974 ALL CASES<br><br>CIVIL ACTION NO. 1:20-MD-02974-LMM |

## CASE MANAGEMENT ORDER REGARDING EXPERT WITNESS PROTOCOL

This Order governs the expert witness procedure between the submission of initial disclosures and the start of bellwether trials in MDL No. 2974. The Court hereby orders the following:

1. All invoices submitted by the expert shall be disclosed seventy-two (72) hours prior to the scheduled deposition of the expert. All invoices submitted by an expert subsequent to his or her deposition shall be disclosed in accordance with the witness disclosure protocol at trial (either 24 or 48 hours prior to the testimony of the witness at trial).

2. The parties will have (7) hours to depose each expert. Upon receipt of an expert report, if a party believes they need additional time to depose such expert on case-specific opinions, or for other reasons, the party needing additional time will immediately reach out to the opposing party with a request for a specific number of additional hours and the reason for such

additional time. The parties will negotiate additional time for expert depositions in good faith. Should the parties not be able to reach agreement, the party seeking additional time will seek Court intervention.

3. Plaintiff experts will be deposed prior to defense experts in their respective subject matter and cases.

4. Expert reliance lists may be supplemented by the date of the pretrial conference (as to each Bellwether trial).

5. The expert being examined may consult with the defending Party's counsel during a deposition and, pursuant to the Parties' agreement, the examining Party's counsel must not ask questions about the subject matter of any such consultation. When a question is pending, the witness must first answer the question before consulting with counsel, except that the witness may consult at any time for the purpose of determining whether the disclosure of information would violate an order of the Court or the protection afforded under Federal Rule of Civil Procedure 26(b)(4)(C).

6. Except as otherwise ordered by the Court, communications between a party or party's attorney and his, her, or its expert witness, and/or staff or among any of these actors, are protected from disclosure, regardless of the form of the communications, except to the extent that the communications:

    a. relate to compensation for the expert's study or testimony in this

proceeding;

b. identify facts or data that the party's attorney provided and that the expert relies upon in forming the opinions to be expressed in this proceeding; or

c. identify assumptions that the party's attorney provided and that the expert relied upon in forming the opinions to be expressed in this proceeding.

SO ORDERED, this the __23rd__ day of _____July_____, 2025.

_____
LEIGH MARTIN MAY
CHIEF UNITED STATES DISTRICT JUDGE