# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **IN RE: PARAGARD IUD PRODUCTS LIABILITY LITIGATION** | **Master File No. 1:20-md-02974-LMM**<br><br>**MDL DOCKET NO. 2974**<br><br>**This document relates to all cases** |

## NOTICE OF VIDEOTAPED DEPOSITION OF JIMMY MAYS, PH.D.

**TO:   ALL COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that counsel for Defendants, pursuant to Fed. R. Civ. P. 30, will take the deposition upon oral examination of the following person on the date, and at the time and place set forth below:

| **Deponent** | **Location** | **Date** | **Time** |
|---|---|---|---|
| Jimmy Mays, Ph.D. | MeadowView Conference Resort & Convention Center 1901 Meadowview Parkway Kingsport, TN 37660 | 9/9/2025 | 9:00 a.m. EST |

**PLEASE TAKE FURTHER NOTICE** that said deposition shall be videotaped and shall take place before a duly qualified Notary Public authorized to administer oaths and shall continue from day to day until completed. Said deposition shall cover all matters relevant to the subject matter of the action.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Fed. R. Civ. P. 34,

the deponent is requested to produce the documents requested on "Schedule A."

Dated: August 1, 2025

/s/ Christopher D. Morris
Christopher D. Morris
Butler Snow LLP
Mississippi Bar No. 102981
Renaissance at Colony Park
Suite 1400
1020 Highland Colony Parkway
Ridgeland, MS 39158
Telephone: (601) 985-4437
chris.morris@butlersnow.com

***Co-Lead Counsel for the Teva
Defendants***

/s/ Pamela L. Ferrell
Pamela L. Ferrell
Butler Snow LLP
Georgia Bar No. 596713
170 Peachtree Street NE
Suite 1900
Atlanta, GA 30309
Telephone: (678) 515-5011
pamela.ferrell@butlersnow.com

***Co-Lead Counsel for the Teva
Defendants***

/s/ Caroline D. Walker
Caroline D. Walker
Butler Snow LLP
Alabama Bar No. ASB-3439-B10T
One Federal Plaza
Suite 100
1819 Fifth Avenue N.
Birmingham, AL 35203-2118
Telephone: (205) 297-2200
caroline.walker@butlersnow.com

***Co-Lead Counsel for the Cooper
Defendants***

/s/ Kasey M. Adams
Kasey M. Adams
Butler Snow LLP
Mississippi Bar No. 105025
Renaissance at Colony Park
Suite 1400
1020 Highland Colony Parkway
Ridgeland, MS 39158
Telephone: (601) 985-4413
kasey.adams@butlersnow.com

***Co-Lead Counsel for the Cooper
Defendants***

*/s/ Lori G. Cohen*
Lori G. Cohen
Allison Ng
Greenberg Traurig, LLP
Georgia Bar No. 174455
Terminus 200
3333 Piedmont Rd., NE
Suite 2500
Atlanta, GA 30305
Telephone: (678) 553.2385
cohenl@gtlaw.com nga@gtlaw.com

**Co-Liaison Counsel for Defendants**

## SCHEDULE A

## DOCUMENTS TO BE PRODUCED
## IN ADVANCE OF DEPOSITION

You, the deponent, shall produce five business days in advance of the deposition the following documents that are in your possession, control, or custody:

1.      "You" or "Your" refers to the witness, JIMMY MAYS.

2.      "Plaintiff" or "Plaintiffs" refers to Alisa Robere, Pauline Rickard, and Melody Braxton.

3.      The word "and" and the word "or" shall, where the context permits, be construed to mean "and/or."

4.      The terms "relating to" and "related to" mean in whole or in part or in any way constituting, containing, concerning, embodying, evidencing, reflecting, describing, analyzing, identifying, stating, dealing with, referring to or pertaining to.

5.      Words used in the singular shall, where the context permits, include the plural, and words used in the plural shall, where the context permits, include the singular.

6.      The use of a verb tense shall be construed as the use of that verb in all other tenses.

7.      The term "Communication," as used in these Requests, is intended to have the broadest possible meaning and shall include any contact or act by which information or knowledge is transmitted or conveyed between two or more persons and includes, without limitation:  (1) written contact, including but not limited to letters, memoranda, PowerPoint presentations, email, text message, telegram, telex, internet-based meetings, or other written or electronic Document or files; (2) oral contact, whether by face-to-face meetings, internet-based meetings, video conferences, telephonic conversations, or otherwise; and (3) nonverbal acts intended to communicate or convey any meaning, understanding or other message.

8.      As used throughout, "Document" means any written or graphic matter however

produced or reproduced. "Document" also includes writings of every kind, source, and authorship, both originals and all non-identical copies thereof, in Your possession, custody, or control, or known by You to exist, irrespective of whether the writing is one intended for or transmitted internally by You, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative entity, or personnel. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: correspondence; transcriptions of testimony; letters; notes; reports; papers; files; books; records; contracts; agreements; telegrams; teletypes and other communications sent or received; diaries; calendars; logs; circulars; announcements; advertisements; instructions; schedules; minutes; summaries; notes and other records and recordings of any conferences, meetings, visits, statements, interviews, or telephone conversations; bills; statements and other records of obligations and expenditures; canceled checks; vouchers; receipts and other records of payments; ledgers; journals; balance sheets; profit and loss statements; interviews; affidavits; printed matter (including published books, articles, speeches, and newspaper clippings); press releases; charts; drawings; specifications; manuals; brochures; parts lists; memoranda of all kinds to and from any persons, agencies, or entities; technical and engineering reports; evaluations; advises; recommendations; commentaries; conclusions; studies; test plans; procedures; data; reports, results, and conclusions; records of administrative, technical, and financial actions taken or recommended; and all other materials the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested. "Document" also means and includes all original and non-identical copies of any papers, books, accounts, writings, drawings, graphs, charts, photographs, phone-records, recordings or other data compilations from which information can be obtained, translated, if necessary, by You through detection devices into reasonably usable form, and tangible things. These terms also include any communications passing between Your agents, representatives, or employees.

**DOCUMENT REQUESTS**

1.      All data generated by you or at your direction regarding any testing or

analysis done on the Paragard product.

2.  All Documents, including but not limited to graphics, testing, recordings, spreadsheets, databases, data in any other form, work papers, and notes, whether preliminary or final, prepared by or at Your direction reflecting facts, factual assessments or assumptions, beliefs, or medical information about Alisa Robere, Pauline Rickard, and Melody Braxton that relate to Your opinions in this case.

3.  All Documents, including but not limited to calculations, correspondence, data, calendar entries, notes and other materials, reflecting the compensation to be paid to You for study and testimony in this case.

4.  All Documents, including but not limited to calculations, correspondence, data, calendar entries, notes and other materials, reflecting the compensation a) paid to You to date; and b) due to be paid to You once a bill is prepared for Your study and testimony, in connection with providing expert opinions in any medical device litigation in the last four years, in which You have been submitted a report and/or been disclosed as an expert witness for a plaintiff.

5.  A copy of an up-to-date Curriculum Vitae.

6.  If not included in Your up-to-date Curriculum Vitae, a complete list of Your publications, including but not limited to treatises, articles, journals, editorials, texts, abstracts, CLE or CME materials, PowerPoints, and seminar materials.

7.  A complete list of all other cases in which You have testified as an expert or by deposition in the last four years.

8.  Copies of all medical records of Plaintiffs in Your possession.

9.  Copies of any deposition testimony and exhibits relating to this case in Your possession.

10. All Documents, including but not limited to graphics, testing, recordings, spreadsheets, databases, data in any other form, work papers, and notes, whether preliminary or final, prepared by or at Your direction reflecting facts, factual assessments or assumptions, or beliefs relating to the Paragard product.

11.     All final reports prepared in connection with Your expected testimony in this case.

12.     All Documents, including reports, summaries of data, studies, or other Documentation, reflecting testing done by You relating to this case.

13.     Any and all Documents relating to or reflecting any communication involving You and any of the Plaintiffs' health care providers.

14.     Any and all Documents relating to or reflecting any communication involving You and any of the Plaintiff's other experts, including but not limited to other experts' disclosures, reports, or deposition testimony that You have been provided.

15.     Any and all Documents, records, literature and data or information of any kind reviewed or considered by or made available to You, whether You did or did not rely on such Documents, records, literature and data or information.

16.     All literature, published or unpublished, consulted by You in connection with Your opinions in this case, including all literature that supports or fails to support Your opinions.

17.     All graphics or charts prepared by You or at Your direction for use at deposition and/or trial in this case.

18.     Any Paragard products in Your possession.

19.     All communications from or to You relating to any professional medical society with respect to the Paragard product.

20.     Copies of any letters, brochures, promotions, websites, or other Documents in which You advertise or discuss Your work or availability as an expert or consultant in litigation.

21.     A copy of Your complete file in this case.

22.     All samples, photographs, measurements, and other data of any intrauterine devices or materials, components, or parts of any intrauterine devices that you tested or analyzed in or for this case.

7

23.    Any communications between You and counsel for Plaintiffs, to the extent that such communications:

    a.    Relate to Your compensation;

    b.    Identify facts or data that You were provided and that You considered in forming Your opinions; or

    c.    Identify assumptions that Plaintiffs' counsel provided You and that You relied on in forming Your opinions.

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants registered to receive service in this MDL.

/s/ Christopher D. Morris
Christopher D. Morris