IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: PARAGARD IUD PRODUCTS LIABILITY LITIGATION | Master File No. 1:20-md-02974-LMM <br><br> MDL DOCKET NO. 2974 <br><br> This document relates to all cases |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' NOTICE OF VIDEOTAPED DEPOSITION OF DR. DAVID KESSLER**

Pursuant to Rules 30 and 34 of the Federal Rules of Civil Procedure, Plaintiffs object to Defendants' Notice of Videotaped Deposition of Dr. David Kessler and Request for Production of Documents served on July 30, 2025 ("Kessler NOD") as follows:

### I.   General Objections

Plaintiffs object to the entirety of Defendants' 23 requests to produce documents pursuant to Federal Rule of Civil Procedure 34 that are reflected on "Schedule A" on the grounds that they improperly attempt to require a non-party deponent (Dr. David Kessler) to produce documents in response to requests made "[p]ursuant to Fed. R. Civ. P. 34." Rule 34(a) provides "In General. A party may serve on *any other party* a request within the scope of Rule 26(b)." Dr. Kessler is not a party to any action in *In re Paragard IUD Products Liability Litigation*, MDL No. 1:20-md-02974-LMM, and is, therefore, not subject to Rule 34. *See also* Rule 34(c).

1

Plaintiffs object to each of Defendants' 23 document requests to the extent the requests exceed the scope of what is required for expert disclosures under Federal Rule of Civil Procedure 26, the negotiated scheduling order surrounding expert designations (Doc. 1094), and the negotiated expert protocol entered in this case (Doc. 1096). Defendants' requests seek to impose upon Plaintiffs an obligation beyond what is required by Rule 26, the negotiated scheduling order surrounding expert designations (Doc. 1094), and the negotiated expert protocol entered in this case (Doc. 1096). Defendants' requests are, thus, overly broad, unduly burdensome, and harassing.

Plaintiffs object to each of Defendants' 23 document requests to the extent the requests seek material that is equally available to Defendants, including material originally produced by Defendants or within its possession, custody or control. It is not Plaintiffs' burden to locate or reproduce documents equally available to Defendants. Defendants' request to do such is harassing, duplicative, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Plaintiffs further object to each of Defendants' 23 document requests to the extent the requests seek material that is publicly available and equally accessible to Defendants through reasonable effort. Plaintiffs are not obligated to collect and produce documents from public sources on Defendants' behalf. Defendants' request to do such is unduly burdensome, cumulative, and not proportional to the needs of the case under Rule 26(b)(1).

Plaintiffs also object to each of Defendants' 23 document requests to the extent

the requests are unreasonable duplicative or cumulative of each other and of requirements already set forth by Rule 26, the negotiated scheduling order surrounding expert designations (Doc. 1094), and the negotiated expert protocol entered in this case (Doc. 1096). Defendants' requests are, thus, unduly burdensome and harassing in that they require Plaintiffs to exhaust time and expense preparing these objections and responses to requests for material Defendants already have or will receive in accordance with Plaintiffs' Rule 26 obligations, the negotiated scheduling order surrounding expert designations (Doc. 1094), and the negotiated expert protocol entered in this case (Doc. 1096).

Plaintiffs object to the extent any of these 23 requests seek communications outside the scope of the negotiated expert protocol entered in this case (Doc. 1096) and, to the extent necessary, Plaintiffs assert privilege over any communications protected by the work product doctrine or any other applicable privilege, exemption or immunity.

    **II.**    <u>**Specific Objections**</u>

        1. <u>Defendants' Request No. 1</u>. Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Plaintiffs also object to the extent this request is vague. Plaintiffs do not understand what is meant by "your complete file." Subject to and without waiver of the foregoing, see the previously produced expert report of Dr. Kessler, which includes multiple appendices and schedules explicitly detailing all documents or other materials reviewed.

2. <u>Defendants' Request No. 2</u>. Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. This request is also vague and confusing as worded. Subject to and without waiver of the foregoing, Plaintiffs will comply with the expert protocol in this case to the extent any responsive documents are submitted before or subsequent to the expert's deposition. Plaintiffs also refer to the previously produced expert report, which includes multiple appendices and schedules containing responsive information, including specifically Appendix B which explicitly sets forth Dr. Kessler's rate.

3. <u>Defendants' Request No. 3</u>. Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Subject to and without waiver of the foregoing, see the previously produced expert report of Dr. Kessler, which includes multiple appendices and schedules, containing responsive information, including specifically Appendix A.

4. <u>Defendants' Request No. 4</u>. Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Subject to and without waiver of the foregoing, see the previously produced expert report of Dr. Kessler, which includes multiple appendices and schedules containing responsive information.

5. <u>Defendants' Request No. 5</u>. Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Subject to and

4

without waiver of the foregoing, see the previously produced expert report of Dr. Kessler, which includes multiple appendices and schedules containing responsive information.

6. <u>Defendants' Request No. 6</u>. Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Subject to and without waiver of the foregoing, see the previously produced expert report of Dr. Kessler, which includes multiple appendices and schedules containing responsive information.

7. <u>Defendants' Request No. 7</u>. Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Subject to and without waiver of the foregoing, see the previously produced expert report of Dr. Kessler, which includes multiple appendices and schedules containing responsive information.

8. <u>Defendants' Request No. 8</u>. Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Subject to and without waiver of the foregoing, see the previously produced expert report of Dr. Kessler, which includes multiple appendices and schedules containing responsive information.

9. <u>Defendants' Request No. 9</u>. Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Subject to and without waiver of the foregoing, see the previously produced expert report

of Dr. Kessler, which includes multiple appendices and schedules containing responsive information, including Appendix C.

10. <u>Defendants' Request No. 10</u>. Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Subject to and without waiver of the foregoing, see the previously produced expert report of Dr. Kessler, which includes multiple appendices and schedules containing responsive information, including Appendix C.

11. <u>Defendants' Request No. 11</u>. Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Subject to and without waiver of the foregoing, see the previously produced expert report of Dr. Kessler, which includes multiple appendices and schedules containing responsive information, including Appendix C.

12. <u>Defendants' Request No. 12</u>. Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Subject to and without waiver of the foregoing, see the previously produced expert report of Dr. Kessler, which includes multiple appendices and schedules containing responsive information.

13. <u>Defendants' Request No. 13</u>. Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Subject to and without waiver of the foregoing, to the extent any exist, such would be reflected in the previously produced expert report of Dr. Kessler, which

includes multiple appendices and schedules.

14. <u>Defendants' Request No. 14</u>. Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Subject to and without waiver of the foregoing, to the extent any exist, such would be reflected in the previously produced expert report of Dr. Kessler, which includes multiple appendices and schedules.

15. <u>Defendants' Request No. 15</u>. Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Subject to and without waiver of the foregoing, to the extent any exist, such would be reflected in the previously produced expert report of Dr. Kessler, which includes multiple appendices and schedules.

16. <u>Defendants' Request No. 16</u>. Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Subject to and without waiver of the foregoing, to the extent any exist, such would be reflected in the previously produced expert report of Dr. Kessler, which includes multiple appendices and schedules.

17. <u>Defendants' Request No. 17</u>. Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. This request also seeks material and information that is not relevant to this case and exceeds the scope of permissible discovery in this case. Subject to and without waiving such objections, to the extent these materials exists, they are

publicly available.

18. <u>Defendants' Request No. 18</u>. Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. This request is also overly broad, unduly burdensome, harassing, and seeks material and information that is not relevant to this case and exceeds the scope of permissible discovery in this case. Dr. Kessler's teaching and lecturing experience is vast as reflected on the multipage Appendix A.

19. <u>Defendants' Request No. 19</u>. Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. This request is also overly broad, unduly burdensome, harassing, and seeks material and information that is not relevant to this case and exceeds the scope of permissible discovery in this case. Dr. Kessler served as the Commissioner of the Food and Drug Administration and listed his numerous publications amongst other things in his multipage Appendix A.

20. <u>Defendants' Request No. 20</u>. This request is repetitive of Request No. 1 and thus harassing and burdensome. Subject to and without waiver of the foregoing, Plaintiffs adopt and incorporate their objections and response to Request No. 1.

21. <u>Defendants' Request No. 21</u>. Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Plaintiffs also object to the extent this request is duplicative of other requests above and

8

is, thus, unduly burdensome and harassing. Subject to and without waiver of the foregoing, Plaintiffs will comply with the expert protocol in this case. Plaintiffs also refer Defendants to the previously produced expert report of Dr. Kessler, which includes multiple appendices and schedules containing responsive information.

22. <u>Defendants' Request No. 22</u>. Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Subject to and without waiver of the foregoing, Plaintiffs are not aware of any communications between Dr. Kessler and the manufacturers of Paragard. To the extent any such communications exist, however, these communications are in Defendants' possession, custody and/or control.

23. <u>Defendants' Request No. 23</u>. Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Subject to and without waiver of the foregoing, Plaintiffs are aware of none.

Dated: <u>August 4, 2025</u>

        */s/ Kristen M. Hermiz*
           Kristen M. Hermiz
           SC Bar No. 100482
           MOTLEY RICE LLC
           28 Bridgeside Blvd.
           Mount Pleasant, SC 29464
           Tel: (843) 216-9390
           Fax: (843) 216-9450
           Email: khermiz@motleyrice.com

        *PLC for MDL Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants registered to receive service in this MDL.

*/s/ Kristen M. Hermiz*
Kristen M. Hermiz