IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD IUD PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) | MDL DOCKET NO. 2974<br><br>(1:20-md-02974-LMM)<br><br>This Document Relates to All Cases |

### DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND AMENDED NOTICE TO TAKE THE ORAL DEPOSITION OF THOMAS BERRY AND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 30 of the Federal Rule of Civil Procedure, Defendants Teva Pharmaceuticals USA, Inc., Teva Women's Health, LLC, Teva Branded Pharmaceutical Products R&D, Inc., CooperSurgical, Inc., and The Cooper Companies, Inc. (collectively, "Defendants") object to Plaintiffs' First Amended Notice to Take the Oral Deposition of Mr. Berry and Request for Production of Documents served on August 26, 2025 (the "Berry Notice") as follows:

Defendants object to the entirety of the "REQUEST FOR PRODUCTION" on the grounds that it improperly attempts to require a non-party deponent (Mr. Berry) to produce documents in response to requests made "[p]ursuant to Fed. R. Civ. P. 34." Rule 34(a) provides "In General. A party may serve on any other party a request within the scope of Rule 26(b)." Mr. Berry is not a party to any action in In re Paragard IUD Products Liability Litigation, MDL No. 1:20-md-02974-LMM,

1

and is not subject to Rule 34. See also Rule 34(c).

1. **All documents in Deponent's file relating to Paragard, including both paper document and electronic document files relating to deponent's expert work in this case.**

    **RESPONSE**: Defendants object to the phrase "all documents in Deponent's file" on the grounds that it is overbroad, confusing, and exceeds the permissible scope of Fed. R. Civ. P. 26. Subject to and without waiver of the foregoing, Defendants refer to Mr. Berry's expert report and reliance list.

2. **All documents, records, information or other material reviewed and/or requested by you in preparation for deposition.**

    **RESPONSE**: Defendants refer to Mr. Berry's expert report and reliance list.

3. **All documents, records, information or other material, including but not limited to electronic data such as e-mails, shown to the deponent by Ulmer & Berne, Greenberg Taurig, P.A., Butler Snow LLP, or any other lawyer representing Defendants, including Defendants' employees or other agents, even if such documents are not in the deponent's possession, in preparation for this deposition, or other testimony worldwide relating to Paragard.**

    **RESPONSE**: Defendants object to the phrases "[a]ll documents, records, information or other material" and "other testimony worldwide relating to Paragard" on the grounds that it is overbroad, confusing, and exceeds the permissible scope of Fed. R. Civ. P. 26. Subject to and without waiver of the foregoing, Defendants refer to Mr. Berry's expert report and reliance list.

4. **All documents the deponent creates (or are created on his/her behalf) in preparation for this deposition.**

    **RESPONSE**:    Not applicable.

5. **Excluding privileged communications, all communications with Teva, CooperSurgical, or CooperCompanies (or their representatives) relating to Paragard safety, efficacy, or breakage, and all communications with FDA regarding Paragard, including but not limited to the June 2024 label change, and any consulting agreements, honoraria, or advisory board records between deponent and the manufacturers (or related third parties).**

    **RESPONSE**:    Not applicable.

6. **All conflict-of-interest disclosures deponent has made in any litigation, academic publications, or CME activities regarding contraceptive device companies.**

    **RESPONSE**:    Not applicable.

7. **All documents, correspondence, or notes reflecting communications with other experts in this litigation.**

    **RESPONSE**:    Not applicable.

8. **A copy of any and all prior testimony given by Deponent, including but not limited to, deposition testimony, trial testimony, and/or FDA testimony.**

    **RESPONSE**: Defendants object to the phrase ""any and all prior testimony given by Deponent" grounds that it is overbroad, unduly burdensome, and exceeds the permissible scope of Fed. R. Civ. P. 26. Defendants further object to the phrase "FDA testimony" on the grounds it is vague, argumentative, and ambiguous. Subject to and without waiver of the foregoing, Defendants respond that they have a

3

reasonable and good faith belief that Mr. Berry has not testified in the last four years.

9. **A copy of any and all documents in Deponent's possession and control and/or available to him/her which in any way pertains to his/her training, job practices and procedures, duties, compensation and/or incentives with Defendant(s) as it pertains to Paragard.**

    **RESPONSE**: Subject to Defendants' understanding of this request as written, Defendants respond that it is not applicable to Mr. Berry, because he is not an employee of Defendants. Defendants refer to Mr. Berry's expert report and reliance list. To the extent that this Request is intended to seek additional or different documents, Defendants object to this Request on the grounds that it is vague, argumentative, and ambiguous, and exceeds the permissible scope of Fed. R. Civ. P. 26.

10. **Deponent's most current CV and/or resume.**

    **RESPONSE**: Defendants refer to Mr. Berry's CV, which was produced with his report.

11. **Deponent's most current invoice for litigation-related services, hours, and payments.**

    **RESPONSE**: Defendants refer to Mr. Berry's invoices, which were produced.

    Respectfully submitted,

4

<u>*/s/ Christopher D. Morris*</u>
Christopher D. Morris
Butler Snow LLP
Mississippi Bar No. 102981
Renaissance at Colony Park
Suite 1400
1020 Highland Colony Parkway
Ridgeland, MS 39158
Telephone: (601) 985-4437
chris.morris@butlersnow.com
***Co-Lead Counsel for the Teva Defendants***

<u>*/s/ Pamela L. Ferrell*</u>
Pamela L. Ferrell
Butler Snow LLP
Georgia Bar No. 596713
170 Peachtree Street NE
Suite 1900
Atlanta, GA 30309
Telephone: (678) 515-5011
pamela.ferrell@butlersnow.com
***Co-Lead Counsel for the Teva Defendants***

<u>*/s/ Caroline D. Walker*</u>
Caroline D. Walker
Butler Snow LLP
Alabama Bar No. ASB-3439-B10T
One Federal Plaza
Suite 100
1819 Fifth Avenue N.
Birmingham, AL 35203-2118
Telephone: (205) 297-2200
caroline.walker@butlersnow.com
***Co-Lead Counsel for the Cooper Defendants***

<u>*/s/ Kasey M. Adams*</u>
Kasey M. Adams
Butler Snow LLP
Mississippi Bar No. 105025
Renaissance at Colony Park
Suite 1400
1020 Highland Colony Parkway
Ridgeland, MS 39158
Telephone: (601) 985-4413
kasey.adams@butlersnow.com
***Co-Lead Counsel for the Cooper Defendants***

<u>*/s/ Lori G. Cohen*</u>
Lori G. Cohen
Allison Ng
Greenberg Traurig, LLP
Georgia Bar No. 174455
Terminus 200
3333 Piedmont Rd., NE
Suite 2500
Atlanta, GA 30305
Telephone: (678) 553.2385
cohenl@gtlaw.com nga@gtlaw.com
***Co-Liaison Counsel for Defendants***

5

## CERTIFICATE OF SERVICE

I certify that on this 27th day of August, 2025, a copy of the foregoing Defendants' Responses and Objections to Plaintiffs' Second Amended Notice to Take the Oral Deposition of Thomas Berry and Request for Production of Documents was served electronically on Plaintiffs via their Lead and Liaison counsel.

/s/ Christopher D. Morris
Christopher D. Morris, Esq.