IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: PARAGARD IUD PRODUCTS LIABILITY LITIGATION | Master File No. 1:20-md-02974-LMM<br><br>MDL DOCKET NO. 2974<br><br>This document relates to all cases |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' NOTICE OF VIDEOTAPED DEPOSITION OF DR. JIMMY MAYS**

Pursuant to Rules 30 and 34 of the Federal Rules of Civil Procedure, Plaintiffs object to Defendants' Notice of Videotaped Deposition of Dr. Jimmy Mays and Request for Production of Documents served on August 1, 2025 ("Mays NOD") as follows:

I.     **General Objections**

Plaintiffs object to the entirety of Defendants' 23 requests to produce documents pursuant to Federal Rule of Civil Procedure 34 that are reflected on "Schedule A" on the grounds that they improperly attempt to require a non-party deponent (Dr. Jimmy Mays) to produce documents in response to requests made "[p]ursuant to Fed. R. Civ. P. 34."

Rule 34(a) provides "In General. A party may serve on *any other party* a request within the scope of Rule 26(b)." Dr. Mays is not a party to any action in *In re Paragard IUD Products Liability Litigation*, MDL No. 1:20-md-02974-LMM, and is, therefore,

1

not subject to Rule 34. *See also* Rule 34(c).

Plaintiffs object to each of Defendants' 23 document requests to the extent the requests exceed the scope of what is required for expert disclosures under Federal Rule of Civil Procedure 26, the negotiated scheduling order surrounding expert designations (Doc. 1094), and the negotiated expert protocol entered in this case (Doc. 1096). Defendants' requests seek to impose upon Plaintiffs an obligation beyond what is required by Rule 26, the negotiated scheduling order surrounding expert designations (Doc. 1094), and the negotiated expert protocol entered in this case (Doc. 1096). Defendants' requests are, thus, overly broad, unduly burdensome, and harassing.

Plaintiffs object to each of Defendants' 23 document requests to the extent the requests seek material that is equally available to Defendants, including material originally produced by Defendants or within its possession, custody or control. It is not Plaintiffs' burden to locate or reproduce documents equally available to Defendants. Defendants' request to do such is harassing, duplicative, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Plaintiffs further object to each of Defendants' 23 document requests to the extent the requests seek material that is publicly available and equally accessible to Defendants through reasonable effort. Plaintiffs are not obligated to collect and produce documents from public sources on Defendants' behalf. Defendants' request to do such is unduly burdensome, cumulative, and not proportional to the needs of the case under Rule

26(b)(1).

Plaintiffs also object to each of Defendants' 23 document requests to the extent the requests are unreasonable duplicative or cumulative of each other and of requirements already set forth by Rule 26, the negotiated scheduling order surrounding expert designations (Doc. 1094), and the negotiated expert protocol entered in this case (Doc. 1096). Defendants' requests are, thus, unduly burdensome and harassing in that they require Plaintiffs to exhaust time and expense preparing these objections and responses to requests for material Defendants already have or will receive in accordance with Plaintiffs' Rule 26 obligations, the negotiated scheduling order surrounding expert designations (Doc. 1094), and the negotiated expert protocol entered in this case (Doc. 1096).

Plaintiffs object to the extent any of these 23 requests seek communications outside the scope of the negotiated expert protocol entered in this case (Doc. 1096) and, to the extent necessary, Plaintiffs assert privilege over any communications protected by the work product doctrine or any other applicable privilege, exemption or immunity.

II. **Specific Objections**

1. <u>Defendants' Request No. 1.</u> Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Plaintiffs also object because this request is vague and the term 'data' is not defined. Further objecting, subject to and without waiving the objection, see the expert report of Dr. Mays.

2.      <u>Defendants' Request No. 2</u>  Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Subject to and without waiving the objection, see the expert report of Dr. Mays. Further answering, please see the expert report of Dr. Mays which contains information responsive to this request.

3.      <u>Defendants' Request No. 3</u>  Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Subject to and without waiver of the foregoing, Plaintiffs will comply with the expert protocol in this case. Further answering, please see the expert report of Dr. Mays which contains information responsive to this request.

4.      <u>Defendants' Request No. 4</u>  Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. This request is also vague and confusing as worded. Subject to and without waiver of the foregoing, Plaintiffs will comply with the expert protocol in this case to the extent any responsive documents are submitted before or subsequent to the expert's deposition. Plaintiffs also refer to the previously produced expert report, which explicitly sets forth Dr. Mays' rate.

5.      <u>Defendants' Request No. 5</u>   Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. This request is also vague and confusing as worded. Subject to and without waiver of the foregoing, Plaintiffs will comply with the expert protocol in this case to the extent any responsive documents are submitted before or after the expert's deposition. Subject to and without waiving the

objection, see Exhibit Ex. A to Dr. Mays' report.

6. <u>Defendants' Request No. 6</u>. Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. This request is also vague and confusing as worded. Subject to and without waiver of the foregoing, Plaintiffs will comply with the expert protocol in this case to the extent any responsive documents are submitted before or after the expert's deposition. Subject to and without waiving the objection, see Exhibit Ex. A to Dr. Mays' report.

7. <u>Defendants' Request No. 7</u>. Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. This request is also vague and confusing as worded. Subject to and without waiver of the foregoing, Plaintiffs will comply with the expert protocol in this case to the extent any responsive documents are submitted before or after the expert's deposition. Subject to and without waiving the objection, see Exhibit Ex. B to Dr. Mays' report.

8. <u>Defendants' Request No. 8</u>. Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. This request is also vague and confusing as worded. Subject to and without waiver of the foregoing, Plaintiffs will comply with the expert protocol in this case to the extent any responsive documents are submitted before or after the expert's deposition. Subject to and without waiving the objection, none.

9. <u>Defendants' Request No. 9</u>. Plaintiffs adopt and incorporate each of

foregoing general objections as if fully set forth herein. This request is also vague and confusing as worded. Subject to and without waiver of the foregoing, Plaintiffs will comply with the expert protocol in this case to the extent any responsive documents are submitted before or after the expert's deposition. Subject to and without waiving the objection, see Exhibit Ex. C to Dr. Mays' report.

10. <u>Defendants' Request No. 10.</u> Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Plaintiffs also object because this request is vague, and the term 'data' is not defined. Further objecting, subject to and without waiving the objection, see the expert and rebuttal reports of Dr. Mays.

11. <u>Defendants' Request No. 11.</u> Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Plaintiffs also object because this request is vague. Further objecting, subject to and without waiving the objection, see the expert and rebuttal reports of Dr. Mays.

12. <u>Defendants' Request No. 12.</u> Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Subject to and without waiving the objection, none other than the expert and rebuttal reports of Dr. Mays.

13. <u>Defendants' Request No. 13.</u> Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Subject to and without waiving the objection, none.

14. <u>Defendants' Request No. 14.</u> Plaintiffs adopt and incorporate each of

foregoing general objections as if fully set forth herein. Subject to and without waiving the objection, none.

15. <u>Defendants' Request No. 15</u>. Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Subject to and without waiver of the foregoing, Plaintiffs will comply with the expert protocol in this case to the extent any responsive documents are submitted before or after the expert's deposition. Subject to and without waiving the objection, see Exhibit Ex. C to Dr. Mays' report.

16. <u>Defendants' Request No. 16</u>. Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Subject to and without waiver of the foregoing, Plaintiffs will comply with the expert protocol in this case to the extent any responsive documents are submitted before or after the expert's deposition. Subject to and without waiving the objection, see Exhibit Ex. C to Dr. Mays' report.

17. <u>Defendants' Request No. 17</u>. Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Subject to and without waiver of the foregoing, Plaintiffs will comply with the expert protocol in this case to the extent any responsive documents are submitted before or after the expert's deposition. Subject to and without waiving the objection, see Dr. Mays' report.

18. <u>Defendants' Request No. 18</u>. Plaintiffs object to Defendants' request for production of the exemplar Paragard device examined by Dr. Mays. The device is not a bellwether Plaintiff's explant, nor is it unique evidence in Plaintiffs' possession. It is

a Paragard device manufactured and supplied by Defendants themselves and is equally available to Defendants from their own supply and distribution channels. Requiring Plaintiffs to produce this exemplar would improperly invade attorney work product. Plaintiffs have already produced, and will continue to produce, all facts, data, and testing materials considered by Dr. Mays in forming his opinions, as required by Rule 26. Defendants do not require production of their own product in order to prepare their case.

19. <u>Defendants' Request No. 19.</u> Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Subject to and without waiving the objection, none.

20. <u>Defendants' Request No. 20.</u> <u>Plaintiffs</u> adopt and incorporate each of foregoing general objections as if fully set forth herein. This request also seeks material and information that is not relevant to this case and exceeds the scope of permissible discovery in this case. Subject to and without waiver of the foregoing, Plaintiffs are aware of none.

21. <u>Defendants' Request No. 21</u>. Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Subject to and without waiver of the foregoing, Plaintiffs will comply with the expert protocol in this case to the extent any responsive documents are submitted before or after the expert's deposition. Subject to and without waiving the objection, see Dr. Mays' reports and exhibits.

22. <u>Defendants' Request No. 22</u>. Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Subject to and without waiver of the foregoing, Plaintiffs will comply with the expert protocol in this case to the extent any responsive documents are submitted before or after the expert's deposition. Subject to and without waiving the objection, see Dr. Mays' reports and exhibits.

23. <u>Defendants' Request No. 23</u>. Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Plaintiffs also object to the extent this request is duplicative of other requests above and is, thus, unduly burdensome and harassing. Subject to and without waiver of the foregoing, Plaintiffs will comply with the expert protocol in this case. Plaintiffs also refer Defendants to the previously produced expert reports of Dr. Mays, which includes multiple appendices and schedules containing responsive information.

Dated: August 29, 2025

                                                                  */s/ Erin Copeland*
                                                                   Erin Copeland
                                                                   TX Bar No. 24028157
                                                                   **FIBICH LEEBRON COPELAND & BRIGGS**
                                                                   1150 Bissonnet Street
                                                                   Houston, TX 77005
                                                                   Tel: (713) 751-0025
                                                                   Fax: (713) 751-0030
                                                                   Email: ecopeland@fibichlaw.com

                                                                   *MDL Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants registered to receive service in this MDL.

*/s/ Erin Copeland*
Erin Copeland