IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: PARAGARD IUD PRODUCTS LIABILITY LITIGATION | Master File No. 1:20-md-02974-LMM <br><br> MDL DOCKET NO. 2974 <br><br> This document relates to all cases |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' NOTICE OF VIDEOTAPED DEPOSITION OF DR. LABIB GHULMIYYAH**

Pursuant to Rules 30 and 34 of the Federal Rules of Civil Procedure, Plaintiffs object to Defendants' Notice of Videotaped Deposition of Dr. Labib Ghulmiyyah and Request for Production of Documents served on August 22, 2025 ("Ghulmiyyah NOD") as follows:

### I. General Objections

Plaintiffs object to the entirety of Defendants' 6 requests to produce documents pursuant to Federal Rule of Civil Procedure 34 that are reflected on "Schedule A" on the grounds that they improperly attempt to require a non-party deponent (Dr. Labib Ghulmiyyah) to produce documents in response to requests made "[p]ursuant to Fed. R. Civ. P. 34." Rule 34(a) provides "In General. A party may serve on *any other party* a request within the scope of Rule 26(b)." Dr. Ghulmiyyah is not a party to any action in *In re Paragard IUD Products Liability Litigation*, MDL No. 1:20-md-02974-LMM, and is, therefore, not subject to Rule 34. *See also* Rule 34(c).

1

Plaintiffs object to each of Defendants' document requests to the extent the requests exceed the scope of what is required for expert disclosures under Federal Rule of Civil Procedure 26, the negotiated scheduling order surrounding expert designations (Doc. 1094), and the negotiated expert protocol entered in this case (Doc. 1096). Defendants' requests seek to impose upon Plaintiffs an obligation beyond what is required by Rule 26, the negotiated scheduling order surrounding expert designations (Doc. 1094), and the negotiated expert protocol entered in this case (Doc. 1096). Defendants' requests are, thus, overly broad, unduly burdensome, and harassing.

Plaintiffs object to each of Defendants' document requests to the extent the requests seek material that is equally available to Defendants, including material originally produced by Defendants or within their possession, custody or control. It is not Plaintiffs' burden to locate or reproduce documents equally available to Defendants. Defendants' request to do such is harassing, duplicative, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Plaintiffs further object to each of Defendants' document requests to the extent the requests seek material that is publicly available and equally accessible to Defendants through reasonable effort. Plaintiffs are not obligated to collect and produce documents from public sources on Defendants' behalf. Defendants' request to do such is unduly burdensome, cumulative, and not proportional to the needs of the case under Rule 26(b)(1).

Plaintiffs also object to each of Defendants' document requests to the extent the

requests are unreasonable duplicative or cumulative of each other and of requirements already set forth by Rule 26, the negotiated scheduling order surrounding expert designations (Doc. 1094), and the negotiated expert protocol entered in this case (Doc. 1096). Defendants' requests are, thus, unduly burdensome and harassing in that they require Plaintiffs to exhaust time and expense preparing these objections and responses to requests for material Defendants already have or will receive in accordance with Plaintiffs' Rule 26 obligations, the negotiated scheduling order surrounding expert designations (Doc. 1094), and the negotiated expert protocol entered in this case (Doc. 1096).

Plaintiffs object to the extent any of these requests seek communications outside the scope of the negotiated expert protocol entered in this case (Doc. 1096) and, to the extent necessary, Plaintiffs assert privilege over any communications protected by the work product doctrine or any other applicable privilege, exemption or immunity.

## II. Responses to Requests for Production

1. **Defendants' Request No. 1** A copy of all documents and materials of any kind you reviewed in conjunction with preparing your opinions in this case.

    **Response to Request No. 1.** Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Plaintiffs object to this request on the basis that it is overbroad and seeks information already in Defendants' possession, custody, or control.  Plaintiffs object

3

to this request as unreasonably cumulative or duplicative, in that the information can be obtained from another source that is more convenient and less burdensome, including public sources. Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Dr. Ghulmiyyah's complete Materials Considered list has been annexed to both Dr. Ghulmiyyah's original expert report and his rebuttal report.

2. **Defendants' Request No. 2.** All documents, including but not limited to videotapes, recordings, databases, data in any other form, work papers, and notes, whether preliminary or final, prepared by you or at your direction in connection with your expected testimony, or in connection with the development of an opinion or belief, or an assessment or determination of facts, relating to this case.

   **Response to Request No. 2.** Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Plaintiffs object to this request to the extent that it seeks disclosure beyond what is required by Fed. R. Civ. P. 26. Plaintiffs object to this request on the basis that it is vague, ambiguous, and overbroad. Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: no such documents exist beyond Dr. Ghulmiyyah's written expert reports.

3. **Defendants' Request No. 3.** All documents which refer to, relate, record or set forth any conversations, correspondence, or communication

4

between, among, to, or from you and any persons with knowledge of facts relating to this case, including any health care providers or the Plaintiffs.

4. **Defendants' Request No. 4.** - All photographs or other images including photos of Plaintiffs or products taken by or for you which refer or relate to your opinions in this case.

   **Response to Request No. 4.** Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Plaintiffs object to this request on the basis that it is vague, ambiguous, and overbroad. Subject to and without waiving the foregoing objections, no such documents exist.

5. **Defendants Request No. 5.** - All documents or communications relating to presentations or lectures given or contributed to by you which concerned copper IUDs and/or your opinions in this case, including your July 15, 2017 seminar entitled "IUD Contraception and Beyond" at the Lebanese Society of OBS/GYN at the Ain Wzein Medical Village.

   **Response to Request No. 5.** Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Plaintiffs object to this request to the extent that it seeks disclosure beyond what is required by Fed. R. Civ. P. 26. Plaintiffs object to this request on the basis that it is vague, ambiguous, overbroad, unclear, and lacks specificity as it fails to contain any reasonable limitations as to time or scope. Subject to and without waiving the foregoing objections, Plaintiffs will produce

5

responsive documents in accordance with the expert protocol.

6. **Defendants Request No. 6.** - Any communications between you and counsel for Plaintiffs, to the extent that such communications:

   a. Relate to your compensation;

   b. Identify facts or data that you were provided and that you considered in forming your opinions; or

   c. Identify assumptions that Plaintiff's counsel provided you and that you relied on in forming your opinions.

**Response to Request No. 6.** Plaintiffs adopt and incorporate each of foregoing general objections as if fully set forth herein. Plaintiffs object to this request on the basis that it is vague and confusing as worded. Subject to and without waiver of the foregoing objections: Plaintiffs will comply with the expert protocol in this case to the extent any responsive documents have been submitted before or subsequent to the expert's deposition. Plaintiffs also refer to the previously produced expert report, which explicitly sets forth Dr. Ghulmiyyah's hourly rate.

Dated:  September 3, 2025

/s/ Erin Copeland
Erin Copeland
TX Bar No. 24028157
**FIBICH LEEBRON COPELAND & BRIGGS**
1150 Bissonnet Street

                                              Houston, TX 77005
                                              Tel: (713) 751-0025
                                              Fax: (713) 751-0030
                                              Email: ecopeland@fibichlaw.com

                                              *MDL Lead Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants registered to receive service in this MDL.

                                        */s/ Erin Copeland*
                                          Erin Copeland