IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD IUD PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) | MDL DOCKET NO. 2974<br><br>(1:20-md-02974-LMM)<br><br>This Document Relates to All Cases |

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' NOTICE TO TAKE THE ORAL DEPOSITION OF TED ANDERSON, MD AND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 30 of the Federal Rule of Civil Procedure, Defendants Teva Pharmaceuticals USA, Inc., Teva Women's Health, LLC, Teva Branded Pharmaceutical Products R&D, Inc., CooperSurgical, Inc., and The Cooper Companies, Inc. (collectively, "Defendants") object to Plaintiffs' Notice to Take the Oral Deposition of Dr. Ted Anderson and Request for Production of Documents served on August 21, 2025 (the "Anderson Notice") as follows:

Defendants object to the entirety of the "REQUEST FOR PRODUCTION" on the grounds that it improperly attempts to require a non-party deponent (Dr. Anderson) to produce documents in response to requests made "[p]ursuant to Fed. R. Civ. P. 34." Rule 34(a) provides "In General. A party may serve on any other party a request within the scope of Rule 26(b)." Dr. Anderson is not a party to any action in In re Paragard IUD Products Liability Litigation, MDL No. 1:20-md-02974-LMM, and is not subject to Rule 34. See also Rule 34(c).

1

1. **To the extent not already produced, all documents in Deponent's custodial file relating to Paragard, including both paper document and electronic document files that have not been produced to date. The scope of this request is intended to comport with all rulings of the Court pertaining to discovery and the custodial file protocol.**

    **RESPONSE**: Defendants object to the phrases "all documents in Deponent's custodial file relating to Paragard" and "the custodial file protocol" on the grounds that Dr. Anderson is not a custodian and is not subject to the custodial file protocol. Defendants further object to the phrase "The scope of this request is intended to comport with all rulings of the Court pertaining to discovery…"on the grounds that it is vague, ambiguous, overbroad, and confusing. Subject to and without waiver of the foregoing, Defendants refer to Dr. Anderson's expert report and reliance list.

2. **All documents, records, information or other material reviewed and/or requested by you in preparation for deposition.**

    **RESPONSE**: Defendants refer to Dr. Anderson's expert report and reliance list.

3. **All documents, records, information or other material, including but not limited to electronic data such as e-mails, shown to the deponent by Ulmer & Berne, Greenberg Taurig, P.A., Butler Snow LLP, or any other lawyer representing Defendants, including Defendants' employees or other agents, even if such documents are not in the deponent's possession, in preparation for this deposition, or other testimony worldwide relating to Paragard.**

    **RESPONSE**: Defendants object to the phrases "[a]ll documents,

records, information or other material" and "other testimony worldwide relating to Paragard" on the grounds that it is overbroad, confusing, and exceeds the permissible scope of Fed. R. Civ. P. 26. Defendants object to the request to the extent it conflicts with the Case Management Order Regarding Expert Witness Protocol and seeks communications with counsel that do fall within the agreed upon exceptions in number 6. Subject to and without waiver of the foregoing, Defendants refer to Dr. Anderson's expert report and reliance list.

4. **All documents the deponent creates (or are created on his/her behalf) in preparation for this deposition.**

   **RESPONSE**:     Not applicable.

5. **A copy of any and all prior testimony given by Deponent, including but not limited to, deposition testimony, trial testimony, and/or FDA testimony.**

   **RESPONSE**: Defendants object to the phrase "any and all prior testimony given by Deponent" grounds that it is overbroad, unduly burdensome, and exceeds the permissible scope of Fed. R. Civ. P. 26. Defendants further object to the phrase "FDA testimony" on the grounds it is vague, argumentative, and ambiguous. Subject to and without waiver of the foregoing, Defendants refer to Dr. Anderson's testimony list that was produced with his report.

6. **A copy of any and all documents in Deponent's possession and control and/or available to him/her which in any way pertains to his/her training, job practices and procedures, duties, compensation and/or incentives with Defendant(s) as it pertains to Paragard.**

3

**RESPONSE**: Subject to Defendants' understanding of this request as written, Defendants respond that it is not applicable to Dr. Anderson, because he is not an employee of Defendants. Defendants refer to Dr. Anderson's expert report and reliance list. To the extent that this Request is intended to seek additional or different documents, Defendants object to this Request on the grounds that it is vague, argumentative, and ambiguous, and exceeds the permissible scope of Fed. R. Civ. P. 26.

7. **Deponent's most current CV and/or resume.**

**RESPONSE**: Defendants refer to Dr. Anderson's CV, which was produced with his report.

Respectfully submitted,

| | |
|---|---|
| */s/ Christopher D. Morris* <br> Christopher D. Morris <br> Butler Snow LLP <br> Mississippi Bar No. 102981 <br> Renaissance at Colony Park <br> Suite 1400 <br> 1020 Highland Colony Parkway <br> Ridgeland, MS 39158 <br> Telephone: (601) 985-4437 <br> chris.morris@butlersnow.com <br> ***Co-Lead Counsel for the Teva Defendants*** | */s/ Pamela L. Ferrell* <br> Pamela L. Ferrell <br> Butler Snow LLP <br> Georgia Bar No. 596713 <br> 170 Peachtree Street NE <br> Suite 1900 <br> Atlanta, GA 30309 <br> Telephone: (678) 515-5011 <br> pamela.ferrell@butlersnow.com <br> ***Co-Lead Counsel for the Teva Defendants*** |

/s/ Caroline D. Walker
Caroline D. Walker
Butler Snow LLP
Alabama Bar No. ASB-3439-B10T
One Federal Plaza
Suite 100
1819 Fifth Avenue N.
Birmingham, AL 35203-2118
Telephone: (205) 297-2200
caroline.walker@butlersnow.com
***Co-Lead Counsel for the Cooper Defendants***

/s/ Kasey M. Adams
Kasey M. Adams
Butler Snow LLP
Mississippi Bar No. 105025
Renaissance at Colony Park
Suite 1400
1020 Highland Colony Parkway
Ridgeland, MS 39158
Telephone: (601) 985-4413
kasey.adams@butlersnow.com
***Co-Lead Counsel for the Cooper Defendants***

/s/ Lori G. Cohen
Lori G. Cohen
Allison Ng
Greenberg Traurig, LLP
Georgia Bar No. 174455
Terminus 200
3333 Piedmont Rd., NE
Suite 2500
Atlanta, GA 30305
Telephone: (678) 553.2385
cohenl@gtlaw.com nga@gtlaw.com
***Co-Liaison Counsel for Defendants***

5

## CERTIFICATE OF SERVICE

I certify that on this 4th day of September, 2025, a copy of the foregoing Defendants' Responses and Objections to Plaintiffs' Notice to Take the Oral Deposition of Dr. Ted Anderson and Request for Production of Documents was served electronically on Plaintiffs via their Lead and Liaison counsel.

*/s/ Christopher D. Morris*
Christopher D. Morris, Esq.