IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD IUD PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | MDL DOCKET NO. 2974<br><br>(1:20-md-02974-LMM)<br>This Document Relates to All Cases |

## PLAINTIFFS' NOTICE TO TAKE THE ORAL DEPOSITION OF STEPHANIE BENIGHT AND REQUEST FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30, Plaintiffs, by and through their counsel of record, will take the deposition by oral examination of Stephanie Benight. The deposition will take place beginning at 8:30 am PT in San Francisco, CA, on September 23, 2025, at Hotel Nia, 200 Independence Dr, Menlo Park, CA 94025 before a notary public or other person authorized by law to administer oaths and take depositions, or at a mutually agreed-upon time and location negotiated by the parties. The deposition, if not completed on the specified date, will continue on a mutually agreeable date from day-to-day, excluding Saturdays, Sundays and court-recognized holidays, until the examination is completed. The deposition will be recorded stenographically.

Pursuant to Fed. R. Civ. P.34, the deponent is requested to produce within thirty (30) days of service of this notice and, thereafter, supplement on or before the deposition date the following document.

## REQUESTS FOR PRODUCTION

1. To the extent it is not already produced, all documents, data, communications, or other items Dr. Benight reviewed, relied upon, or considered in connection with forming her opinions relating to Paragard, including both paper documents and electronic document files, to the extent they have not been listed in her report or on her materials reviewed list or in her report. The scope of this request is intended to comport with all rulings of the Court pertaining to discovery and expert protocol.

2. All documents, records, information or other material reviewed and/or requested by Dr. Benight in preparation for deposition.

3. All documents, records, information or other material, including but not limited to electronic data such as e-mails, shown to the deponent by Ulmer & Berne, Greenberg Taurig, P.A., Butler Snow LLP, or any other lawyer representing Defendants, including Defendants' employees or other agents, even if such documents are not in the deponent's possession, in preparation for this deposition, or other testimony worldwide relating to Paragard.

4. All documents Dr. Benight created (or were created on her behalf) in preparation for this deposition.

5.  A copy of any and all prior testimony given by Deponent, including but not limited to, deposition testimony and trial testimony related to the following matters:

- *Earl Parris, Jr./City of Summerville, Georgia v. 3M Company, et al.*, United States District Court, Northern District of Georgia, Rome Division, Case No. 4:21-cv-00040
- *Laura Howell and James A. Howell vs. Johnson & Johnson et al.*, United States District Court for the District of New Hampshire, Case No. 1:2022cv00183
- *Commonwealth of Kentucky, Ex. Rel. vs. Johnson & Johnson, et al.*, Commonwealth of Kentucky, Franklin Circuit Court, Division II, Civil Action No. 16-CI-867
- *Julian Lopez vs. Johnson & Johnson; Ethicon, Inc.*, United States District Court, Central District of California, Eastern Division, Case No. 5:19-cv-01904-JGB-SP

6.  A copy of any and all documents in Dr. Benight's possession and control and/or available to her which in any way pertains to her training, job practices and procedures, duties, compensation, and/or incentives with Defendant(s) as it pertains to Paragard.

7.  A complete list of all other cases in which Dr. Benight has testified as an expert or by deposition in the last four years.

8.  A list of publications, prior testimony, and consulting engagements within the past 10 years.

3

9. Copies of all medical records of Plaintiffs in Dr. Benight's possession.

10. All laboratory testing protocols, standard operating procedures, and guidelines used in any testing of the ParaGards utilized/tested by Dr. Benight in forming her opinions.

11. All implants, exemplars, demo devices, or explants of the Paragard utilized/tested by Dr. Benight in forming her opinions.

12. Raw data, laboratory notebooks, logs, and calculations relating to analysis of the Paragard and any comparators or exemplars.

13. All photographs, videos, graphs, charts, and images taken or generated by Dr. Benight during or as a result of device testing and materials evaluation.

14. All data from testing, including results from any tensile strength, memory, fatigue, breakage of force, or fracture tests on the Paragard generated by Dr. Benight or at Dr. Benight's direction.

15. All documents, including reports, summaries of data, studies, or other documentation, reflecting testing done by Dr. Benight relating to the Paragard.

16. Any and all documents relating to or reflecting any communication involving Dr. Benight and any of the Defendants' other experts, including but not limited to other experts' disclosures, reports, or deposition testimony.

17. Any and all correspondence with other experts, scientists, laboratories, consultants, or third parties related to materials testing or evaluation for this or related cases.

18. All literature consulted by Dr. Benight in preparation for this case and used as a basis for her opinions.

19. All graphics or charts prepared by Dr. Benight for use at deposition and/or trial of this case.

20. Any ParaGards in Dr. Benight's possession.

21. All communication between Dr. Benight relating to any professional society with respect to the Paragard Product.

22. All communications between Dr. Benight and the Buffalo Facility where Paragard is manufactured.

23. All communication between Dr. Benight and any other expert of Defendants.

24. All communications between Dr. Benight and any employee of Defendants.

25. Copies of letters, brochures, promotions, websites, or other documents

in which Dr. Benight advertises or discusses her work or availability as an expert consultant in litigation.

26. All samples, photographs, measurements, and other data of any intrauterine devices or materials, components, or parts of any intrauterine devices that Dr. Benight tested or analyzed in or for this case.

27. Dr. Benight's most current CV and/or resume.

Dated: September 10, 2025

_s/Erin Copeland_
Erin Copeland
TX Bar No. 24028157
**FIBICH LEEBRON COPELAND & BRIGGS**
1150 Bissonnet Street
Houston, TX 77005
Tel: (713) 751-0025
Fax: (713) 751-0030
Email: ecopeland@fibichlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2025, Plaintiffs' Notice to Take the Deposition of Stephanie Benight and Request for Production of Documents was served electronically on Defendants via their lead and liaison counsel.

Dated: September 10, 2025

                                         */s/ Erin Copeland*
                                         Erin Copeland
                                         Tx Bar No. 24028157
                                         **FIBICH LEEBRON COPELAND & BRIGGS**
                                         1150 Bissonnet St.
                                         Houston, TX 77005
                                         Telephone: (713) 751-0025
                                         Facsimile: (713) 751-0030
                                         Email: ecopeland@fibichlaw.com

                                         *Plaintiffs' Lead Counsel*