IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD IUD PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) | MDL DOCKET NO. 2974<br><br>(1:20-md-02974-LMM)<br><br>This Document Relates to All Cases |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST AMENDED NOTICE TO TAKE THE ORAL DEPOSITION OF DR. SARAH HORVATH AND REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 30 of the Federal Rule of Civil Procedure, Defendants Teva Pharmaceuticals USA, Inc., Teva Women's Health, LLC, Teva Branded Pharmaceutical Products R&D, Inc., CooperSurgical, Inc., and The Cooper Companies, Inc. (collectively, "Defendants") object to Plaintiffs' First Amended Notice to Take the Oral Deposition of Dr. Horvath and Request for Production of Documents served on September 5, 2025 (the "Horvath Notice") as follows:

Defendants object to the entirety of the "REQUEST FOR PRODUCTION" on the grounds that it improperly attempts to require a non-party deponent (Dr. Horvath) to produce documents in response to requests made "[p]ursuant to Fed. R. Civ. P. 34." Rule 34(a) provides "In General. A party may serve on any other party a request within the scope of Rule 26(b)." Dr. Horvath is not a party to any action in In re Paragard IUD Products Liability Litigation, MDL No. 1:20-md-02974-LMM,

1

and is not subject to Rule 34. See also Rule 34(c).

1. **Your current and complete resume or curriculum vitae, Including a complete list of all publications, articles, or papers You have written, presented, or participated in writing or presenting, that relate to any of the topics identified in the Defense Disclosures, IUDs, Paragard, or medical device breakage for the last ten (10) years.**

    **RESPONSE**: Defendants refer to Dr. Horvath's CV, which was produced with her report. To the extent that this Request seeks additional or different documents, Defendants object on the ground that it exceeds the permissible scope of Fed. R. Civ. P. 26.

2. **Your entire file on this Action Relating to Your investigation and evaluation of any of the topics identified in the Defense Disclosures or the subject matter of Your testimony in this Action.**

    **RESPONSE**: Defendants object to the phrase "Your entire file" on the grounds that it is overbroad, confusing, and exceeds the permissible scope of Fed. R. Civ. P. 26. Subject to and without waiver of the foregoing, Defendants refer to Dr. Horvath's expert report and reliance list.

3. **All Communications with any agent or employee CooperSurgical or Teva consultants concerning Paragard. This request is not meant to encompass Communications that occurred exclusively with Defense counsel.**

    **RESPONSE**: Defendants object to the request on the grounds that it is confusing, vague, ambiguous, and conflicts with the Case Management Order Regarding Expert Witness Protocol and seeks communications that do not fall within the agreed upon exceptions.

4.  **All Communications between You and any other expert retained by CooperSurgical or Teva concerning any of the topics identified in the Defense Disclosures, Defense Disclosures, IUDs, Paragard, or medical device breakage. This request includes any notes of meetings with any other expert retained by CooperSurgical or Teva concerning these topics.**

    **RESPONSE**:   Not applicable.

5.  **All Communications between and anyone known to You to be a consultant, Key Opinion Leader or Key Thought Leader for CooperSurgical or Teva.**

    **RESPONSE**:   Defendants object to this Request on the grounds that the phrases "Key Opinion Leader" and "Key Thought Leader" are undefined, vague, and ambiguous. Defendants further object to this Request on the grounds is overbroad, unduly burdensome, and exceeds the permissible scope of Fed. R. Civ. P. 26.

6.  **All Communications with editorial staff or boards of any medical journals or scientific publications Concerning the topic of Paragard or IUDs.**

    **RESPONSE**:   Defendants object to this Request on the grounds is overbroad, unduly burdensome, and exceeds the permissible scope of Fed. R. Civ. P. 26.

7.  **All Documents Related to any funding requested or received, Including the source of the funding, Relating to Paragard, IUDs, medical device breakage, or any of the topics identified in the Defense Disclosures or the subject matter of Your testimony in this Action.**

    **RESPONSE**:   Defendants object to this Request on the grounds is

3

overbroad, unduly burdensome, and exceeds the permissible scope of Fed. R. Civ. P. 26.

8. **All Documents constituting, reflecting, or reporting factual observations, tests, supporting data, calculations, photographs, notes, or opinions, Relating to Your investigation or evaluation of this Action, Including any report prepared by You or under Your direction, Including any recording or transcript thereof, of any oral reports.**

   **RESPONSE**:   Defendants refer to Dr. Horvath's expert report.

9. **All time sheets, time records, invoices, notes, scratch pads, and Documents reflecting the time You or anyone acting at Your direction spent Relating to Your work in this Action, Including all Documents that You used to record the number of hours spent investigating and evaluating the issues involved in this Action. This Requests includes time you have tracked in any format to date, regardless of whether it has been submitted to JJCI for payment.**

   **RESPONSE**:   Defendants object to this Request on the ground that Johnson & Johnson Consumer Inc. is not a defendant in this action. Subject to and without waiving this objection, Defendants refer to Dr. Horvath's invoices.

10. **All notes or other documentation of any correspondence or discussions You have had with any author of any publication You rely upon Pertaining to any of the topics identified in the Defense Disc1osures.**

    **RESPONSE**:   Defendants object to this Request on the grounds is overbroad, unduly burdensome, and exceeds the permissible scope of Fed. R. Civ. P. 26.

11. **All notes or other documentation of any Communications or discussions You have had with Plaintiffs' medical providers.**

4

**RESPONSE**: Defendants object to this Request on the ground that it does not identify the medical providers at issue. Without waiving this objection, and subject to Defendants' understanding of this request as written, Defendants respond that they have a reasonable and good faith belief that this is not applicable as to the three trial-pick plaintiffs.

12. **All facts, data, and assumptions Defense counsel provided to You Relating to Your opinions in this Action.**

    **RESPONSE**: Without conceding any characterizations contained in this request, Defendants refer to Dr. Horath's reliance list.

13. **All patient charts, operative notes, or removal logs in which You documented Paragard breakage, fracture, or retained fragments.**

    **RESPONSE**: Defendants objects to this Request on the grounds that it seeks documents that are protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states. Defendants further object to this Request on the ground that it exceeds the permissible scope of Fed. R. Civ. P. 26.

14. **All adverse event reports you have personally submitted to FDA (FAERS) or to the manufacturer regarding IUD breakage.**

    **RESPONSE**: Defendants object to this Request on the ground that the identity of voluntary reporters of adverse events are protected from disclosure by

federal law. Defendants further object to this Request on the ground that it exceeds the permissible scope of Fed. R. Civ. P. 26.

15. **Any internal Penn State Health quality assurance reviews or morbidity/mortality conference notes discussing Paragard breakage.**

    **RESPONSE**:  Defendants object to this Request on the ground that it exceeds the permissible scope of Fed. R. Civ. P. 26. Defendants further object to this Request on the ground that it seeks confidential materials belonging to Penn State Health, a third party.

16. **All documents including PowerPoints, lectures, or handouts you have used to train healthcare providers, students, or trainees regarding IUD insertion and removal.**

    **RESPONSE**:  Defendants object to this Request on the ground that it exceeds the permissible scope of Fed. R. Civ. P. 26. Subject to and without waiving this objection, Defendants state that they have a reasonable and good faith belief that Dr. Horvath does not have responsive materials in her possession.

17. **Any written policies, guidelines, or standard operating procedures at Penn State Health relating to IUD removal and management of fractured devices.**

    **RESPONSE**:  Defendants object to this Request on the ground that it exceeds the permissible scope of Fed. R. Civ. P. 26. Defendants further object to this Request on the ground that it seeks confidential materials belonging to Penn State Health, a third party.

18. **To the extent You will offer testimony about patients, all office records, hospital records, emergency room records, radiology records and films, lab and pathology reports, and discharge records for all patients treated by You.**

    **RESPONSE**:   Defendants objects to this Request on the grounds that it seeks documents that are protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936, 21 C.F.R. § 20.63, other federal and state privacy laws, and the medical privilege laws of applicable states. Defendants further object to this Request on the ground that it exceeds the permissible scope of Fed. R. Civ. P. 26.

19. **Documents sufficient to show the date on which You were retained as an expert or consultant on behalf of Defendants.**

    **RESPONSE**:   Defendants object to this Request on the ground that it exceeds the permissible scope of Fed. R. Civ. P. 26. Defendants further object to this Request on the grounds that it conflicts with the Case Management Order Regarding Expert Witness Protocol.

20. **Non-privileged Documents and Communications between You and any other person Regarding Your work in this litigation, Including Communications with other individuals who serve as expert witnesses in this litigation, academics, or clinicians.**

    **RESPONSE**:   Not applicable.

21. **Documents sufficient to identify any individual(s) that assisted in reviewing Documents, drafting, or preparing Your expert report(s) in this litigation (except for counsel).**

    **RESPONSE**:   Not applicable.

7

22. **All Documents and materials considered or relied upon in forming Your opinions in this Action that have not been otherwise disclosed.**

    **RESPONSE**:   Not applicable.

23. **All social media posts, social media comments, social media message, blog posts, website posts, or other Communications by You or on Your behalf, Including, X (formerly known as Twitter), Facebook, Instagram, Tik Tok, LinkedIn, Reddit, or any other social medial platform or blogging platform, Relating to Paragard or IUD efficacy, breakage, insertion or removal.**

    **RESPONSE**:   Defendants object to this Request on the grounds that it seeks publicly available information, which is equally accessible to Plaintiffs. Defendants further object to this Request on the ground it exceeds the permissible scope of Fed. R. Civ. P. 26.

Respectfully submitted,

| | |
|---|---|
| */s/ Christopher D. Morris*<br>Christopher D. Morris<br>Butler Snow LLP<br>Mississippi Bar No. 102981<br>Renaissance at Colony Park<br>Suite 1400<br>1020 Highland Colony Parkway<br>Ridgeland, MS 39158<br>Telephone: (601) 985-4437<br>chris.morris@butlersnow.com<br>***Co-Lead Counsel for Teva*** | */s/ Pamela L. Ferrell*<br>Pamela L. Ferrell<br>Butler Snow LLP<br>Georgia Bar No. 596713<br>170 Peachtree Street NE<br>Suite 1900<br>Atlanta, GA 30309<br>Telephone: (678) 515-5011<br>pamela.ferrell@butlersnow.com<br>***Co-Lead Counsel for Teva*** |
| */s/ Caroline D. Walker*<br>Caroline D. Walker<br>Butler Snow LLP<br>Alabama Bar No. ASB-3439-B10T<br>One Federal Plaza<br>Suite 100 | */s/ Kasey M. Adams*<br>Kasey M. Adams<br>Butler Snow LLP<br>Mississippi Bar No. 105025<br>Renaissance at Colony Park<br>Suite 1400 |

<div style="display: flex;">

<div>

1819 Fifth Avenue N.
Birmingham, AL 35203-2118
Telephone: (205) 297-2200
caroline.walker@butlersnow.com
***Co-Lead Counsel for the Cooper Defendants***

*/s/ Lori G. Cohen*
Lori G. Cohen
Allison Ng
Greenberg Traurig, LLP
Georgia Bar No. 174455
Terminus 200
3333 Piedmont Rd., NE
Suite 2500
Atlanta, GA 30305
Telephone: (678) 553.2385
cohenl@gtlaw.com nga@gtlaw.com
***Co-Liaison Counsel for Defendants***

</div>

<div>

1020 Highland Colony Parkway
Ridgeland, MS 39158
Telephone: (601) 985-4413
kasey.adams@butlersnow.com
***Co-Lead Counsel for the Cooper Defendants***

</div>

</div>

## CERTIFICATE OF SERVICE

I certify that on this 11th day of September, 2025, a copy of the foregoing Defendants' Responses and Objections to Plaintiffs' Notice to Take the Oral Deposition of Dr. Sarah Horvath and Request for Production of Documents was served electronically on Plaintiffs via their Lead and Liaison counsel.

/s/ Christopher D. Morris
Christopher D. Morris, Esq.