IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| IN RE: PARAGARD IUD ) | MDL DOCKET NO. 2974 |
| PRODUCTS LIABILITY ) | |
| LITIGATION ) | (1:20-md-02974-LMM) |
| ) | This Document Relates to All Cases |

**<u>PLAINTIFFS' SECOND AMENDED NOTICE TO TAKE THE
ORAL DEPOSITION OF SARAH HORVATH, M.D.
AND REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30, Plaintiffs, by and through their counsel of record, will take the deposition by oral examination of Sarah Horvath, M.D.. The deposition will take place beginning at **9:00 AM PST on September 13, 2025** at the Courtyard Seattle Downtown/Pioneer Square, 612 2nd Ave., Seattle, Washington 98104 and will continue at **12:00 PM EST on September 19, 2025** at a location to be determined in Hershey, Pennsylvania. This deposition will be taken before a notary public or other person authorized by law to administer oaths and take depositions, or at a mutually available time and location negotiated by the parties. The deposition, if not completed on the specified date, will continue on a mutually agreeable date from day-to-day, excluding Saturdays, Sundays and court-recognized holidays, until the examination is completed.

Pursuant to Fed. R. Civ. P.34, the deponent is requested to produce within

thirty (30) days of service of this notice and, thereafter, supplement on or before the deposition date the following documents:

**REQUEST FOR PRODUCTION**

1. Your current and complete resume or curriculum vitae, Including a complete list of all publications, articles, or papers You have written, presented, or participated in writing or presenting, that relate to any of the topics identified in the Defense Disclosures, IUDs, Paragard, or medical device breakage for the last ten (10) years.

2. Your entire file on this Action Relating to Your investigation and evaluation of any of the topics identified in the Defense Disclosures or the subject matter of Your testimony in this Action.

3. All Communications with any agent or employee CooperSurgical or Teva consultants concerning Paragard.  This request is not meant to encompass Communications that occurred exclusively with Defense counsel.

4. All Communications between You and any other expert retained by CooperSurgical or Teva concerning any of the topics identified in the Defense Disclosures, Defense Disclosures, IUDs, Paragard, or medical device breakage. This request includes any notes of meetings with any other expert retained by CooperSurgical or Teva concerning these topics.

2

5. All Communications between and anyone known to You to be a consultant, Key Opinion Leader or Key Thought Leader for CooperSurgical or Teva.

6. All Communications with editorial staff or boards of any medical journals or scientific publications Concerning the topic of Paragard or IUDs.

7. All Documents Related to any funding requested or received, Including the source of the funding, Relating to Paragard, IUDs, medical device breakage, or any of the topics identified in the Defense Disclosures or the subject matter of Your testimony in this Action.

8. All Documents constituting, reflecting, or reporting factual observations, tests, supporting data, calculations, photographs, notes, or opinions, Relating to Your investigation or evaluation of this Action, Including any report prepared by You or under Your direction, Including any recording or transcript thereof, of any oral reports.

9. All time sheets, time records, invoices, notes, scratch pads, and Documents reflecting the time You or anyone acting at Your direction spent Relating to Your work in this Action, Including all Documents that You used to record the number of hours spent investigating and evaluating the issues involved in this Action. This Requests includes time you have tracked in any format to date, regardless of whether it has been submitted to JJCI for payment.

10. All notes or other documentation of any correspondence or discussions You have had with any author of any publication You rely upon Pertaining to any of the topics identified in the Defense Disclosures.

11. All notes or other documentation of any Communications or discussions You have had with Plaintiffs' medical providers.

12. All facts, data, and assumptions Defense counsel provided to You Relating to Your opinions in this Action.

13. All patient charts, operative notes, or removal logs in which You documented Paragard breakage, fracture, or retained fragments.

14. All adverse event reports you have personally submitted to FDA (FAERS) or to the manufacturer regarding IUD breakage.

15. Any internal Penn State Health quality assurance reviews or morbidity/mortality conference notes discussing Paragard breakage.

16. All documents including PowerPoints, lectures, or handouts you have used to train healthcare providers, students, or trainees regarding IUD insertion and removal.

17. Any written policies, guidelines, or standard operating procedures at Penn State Health relating to IUD removal and management of fractured devices.

18. To the extent You will offer testimony about patients, all office records, hospital records, emergency room records, radiology records and films, lab and pathology reports, and discharge records for all patients treated by You.

19. Documents sufficient to show the date on which You were retained as an expert or consultant on behalf of Defendants.

20. Non-privileged Documents and Communications between You and any other person Regarding Your work in this litigation, Including Communications with other individuals who serve as expert witnesses in this litigation, academics, or clinicians.

21. Documents sufficient to identify any individual(s) that assisted in reviewing Documents, drafting, or preparing Your expert report(s) in this litigation (except for counsel).

22. All Documents and materials considered or relied upon in forming Your opinions in this Action that have not been otherwise disclosed.

23. All social media posts, social media comments, social media message, blog posts, website posts, or other Communications by You or on Your behalf, Including, X (formerly known as Twitter), Facebook, Instagram, Tik Tok, LinkedIn, Reddit, or any other social medial platform or blogging platform,

Relating to Paragard or IUD efficacy, breakage, insertion or removal.

<table>
<tr><td>Dated: 09/16/2025</td><td>_*s/Erin Copeland*_<br>Erin Copeland<br>TX Bar No. 24028157<br>**FIBICH LEEBRON COPELAND & BRIGGS**<br>1150 Bissonnet Street<br>Houston, TX 77005<br>Tel: (713) 751-0025<br>Fax: (713) 751-0030<br>Email: ecopeland@fibichlaw.com<br><br>*Plaintiffs' Lead Counsel*</td></tr>
</table>

## **CERTIFICATE OF SERVICE**

I hereby certify that on 09/16/2025 Plaintiffs' Second Amended Notice to Take the Deposition of Sarah Horvath and Request for Production of Documents was served electronically on Defendants via their lead and liaison counsel.

Dated: 09/16/2025

                */s/ Erin Copeland*
                Erin Copeland
                Tx Bar No. 24028157
                **FIBICH LEEBRON COPELAND & BRIGGS**
                1150 Bissonnet St.
                Houston, TX 77005
                Telephone: (713) 751-0025
                Facsimile: (713) 751-0030
                Email: ecopeland@fibichlaw.com

                *Plaintiffs' Lead Counsel*