IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD IUD | ) | MDL DOCKET NO. 2974 |
| PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | (1:20-md-02974-LMM) |
| | ) | |
| | ) | This Document Relates to All Cases |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS'
NOTICE TO TAKE THE ORAL DEPOSITION OF DR. STEPHANIE
BENIGHT AND REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 30 of the Federal Rule of Civil Procedure, Defendants Teva Pharmaceuticals USA, Inc., Teva Women's Health, LLC, Teva Branded Pharmaceutical Products R&D, Inc., CooperSurgical, Inc., and The Cooper Companies, Inc. (collectively, "Defendants") object to Plaintiffs' Notice to Take the Oral Deposition of Stephanie Benight and Request for Production of Documents served on September 10, 2025 (the "Dr. Benight Notice") as follows:

Defendants object to the entirety of the "REQUEST FOR PRODUCTION" on the grounds that it improperly attempts to require a non-party deponent (Dr. Benight) to produce documents in response to requests made "[p]ursuant to Fed. R. Civ. P. 34." Rule 34(a) provides "In General. A party may serve on any other party a request within the scope of Rule 26(b)." Dr. Benight is not a party to any action in In re Paragard IUD Products Liability Litigation, MDL No. 1:20-md-02974-LMM, and is not subject to Rule 34. See also Rule 34(c).

**1.     To the extent it is not already produced, all documents, data, communications, or other items Dr. Benight reviewed, relied upon, or considered in connection with forming her opinions relating to Paragard, including both paper documents and electronic document files, to the extent they have not been listed in her report or on her materials reviewed list or in her report. The scope of this request is intended to comport with all rulings of the Court pertaining to discovery and expert protocol.**

**<u>RESPONSE</u>**: Defendants object to the sentence "The scope of this request is intended to comport with all rulings of the Court pertaining to discovery and expert protocol" on the grounds that it is vague, ambiguous, overbroad, and confusing. Subject to and without waiver of the foregoing, Defendants refer to Dr. Benight's expert report and reliance list.

**2.     All documents, records, information or other material reviewed and/or requested by Dr. Benight in preparation for deposition.**

**<u>RESPONSE</u>:** Defendants refer to Dr. Benight's expert report and reliance list.

**3.     All documents, records, information or other material, including but not limited to electronic data such as e-mails, shown to the deponent by Ulmer & Berne, Greenberg Taurig, P.A., Butler Snow LLP, or any other lawyer representing Defendants, including Defendants' employees or other agents, even if such documents are not in the deponent's possession, in preparation for this deposition, or other testimony worldwide relating to Paragard.**

**<u>RESPONSE</u>**: Defendants refer to Dr. Benight's expert report and reliance list.

**4.     All documents Dr. Benight created (or were created on her behalf) in preparation for this deposition.**

**RESPONSE**: Defendants refer to Dr. Benight's expert report and reliance list, and any supplements that will be produced.

5.    **A copy of any and all prior testimony given by Deponent, including but not limited to, deposition testimony and trial testimony related to the following matters:**

- *Earl Parris, Jr./City of Summerville, Georgia v. 3M Company, et al.,* **United States District Court, Northern District of Georgia, Rome Division, Case No. 4:21-cv-00040**

- *Laura Howell and James A. Howell vs. Johnson & Johnson et al.,* **United States District Court for the District of New Hampshire, Case No. 1:2022cv00183**

- *Commonwealth of Kentucky, Ex. Rel. vs. Johnson & Johnson, et al.,* **Commonwealth of Kentucky, Franklin Circuit Court, Division II, Civil Action No. 16-CI-867**

- *Julian Lopez vs. Johnson & Johnson; Ethicon, Inc.,* **United States District Court, Central District of California, Eastern Division, Case No. 5:19-cv- 01904-JGB-SP**

**RESPONSE:** Defendants object to the phrase "any and all prior testimony given by Deponent" grounds that it is overbroad, unduly burdensome, and exceeds the permissible scope of Fed. R. Civ. P. 26.

6.    **A copy of any and all documents in Dr. Benight's possession and control and/or available to her which in any way pertains to her training, job practices and procedures, duties, compensation, and/or incentives with Defendant(s) as it pertains to Paragard.**

**RESPONSE**: Subject to Defendants' understanding of this request as written, Defendants respond that it is not applicable to Dr. Benight, because she is not an employee of Defendants. Defendants refer to Dr. Benight's expert report and

reliance list. To the extent that this Request is intended to seek additional or different documents, Defendants object to this Request on the grounds that it is vague, argumentative, and ambiguous, and exceeds the permissible scope of Fed. R. Civ. P. 26.

**7.      A complete list of all other cases in which Dr. Benight has testified as an expert or by deposition in the last four years.**

**RESPONSE**: Defendants refer to Dr. Benight's testimony list, which was produced with her expert report.

**8.      A list of publications, prior testimony, and consulting engagements within the past 10 years.**

**RESPONSE**: Defendants object to this Request on the ground that it exceeds the permissible scope of Fed. R. Civ. P. 26. Subject to and without waiver of the foregoing, Defendants refer to Dr. Benight's testimony list and CV, which were produced with her expert report.

**9.      Copies of all medical records of Plaintiffs in Dr. Benight's possession.**

**RESPONSE**:  Defendants state that they have a reasonable and good faith belief that Dr. Benight does not have responsive materials in her possession.

**10.      All laboratory testing protocols, standard operating procedures, and guidelines used in any testing of the ParaGards utilized/tested by Dr. Benight in forming her opinions.**

**RESPONSE**: Defendants refer to Dr. Benight's expert report and reliance

list.

**11.    All implants, exemplars, demo devices, or explants of the Paragard utilized/tested by Dr. Benight in forming her opinions.**

<u>RESPONSE</u>: Defendants respond that Dr. Benight will make exemplars available for inspection at her deposition.

**12.    Raw data, laboratory notebooks, logs, and calculations relating to analysis of the Paragard and any comparators or exemplars.**

<u>RESPONSE</u>: Defendants refer to Dr. Benight's expert report and reliance list, and any supplements that will be produced.

**13.    All photographs, videos, graphs, charts, and images taken or generated by Dr. Benight during or as a result of device testing and materials evaluation.**

<u>RESPONSE</u>: Defendants refer to Dr. Benight's expert report and reliance list, and any supplements that will be produced.

**14.    All data from testing, including results from any tensile strength, memory, fatigue, breakage of force, or fracture tests on the Paragard generated by Dr. Benight or at Dr. Benight's direction.**

<u>RESPONSE:</u> Defendants refer to Dr. Benight's expert report and reliance list, and any supplements that will be produced.

**15.    All documents, including reports, summaries of data, studies, or other documentation, reflecting testing done by Dr. Benight relating to the Paragard.**

**RESPONSE**: Defendants refer to Dr. Benight's expert report and reliance list, and any supplements that will be produced.

**16.    Any and all documents relating to or reflecting any communication involving Dr. Benight and any of the Defendants' other experts, including but not limited to other experts' disclosures, reports, or deposition testimony.**

**RESPONSE**: Defendants state that they have a reasonable and good faith belief that Dr. Benight does not have responsive materials in her possession.

**17.    Any and all correspondence with other experts, scientists, laboratories, consultants, or third parties related to materials testing or evaluation for this or related cases.**

**RESPONSE**: Defendants refer to Dr. Benight's expert report and reliance list, and any supplements that will be produced.

**18.    All literature consulted by Dr. Benight in preparation for this case and used as a basis for her opinions.**

**RESPONSE**: Defendants refer to Dr. Benight's expert report and reliance list.

**19.    All graphics or charts prepared by Dr. Benight for use at deposition and/or trial of this case.**

**RESPONSE**: Defendants refer to Dr. Benight's expert report and reliance list, and any supplements that will be produced.

**20.    Any ParaGards in Dr. Benight's possession.**

**RESPONSE**: Defendants respond that Dr. Benight will make exemplars available for inspection at her deposition.

**21.    All communication between Dr. Benight relating to any professional society with respect to the Paragard Product.**

**RESPONSE**: Defendants state that they have a reasonable and good faith belief that Dr. Benight does not have responsive materials in her possession.

**22.    All communications between Dr. Benight and the Buffalo Facility where Paragard is manufactured.**

**RESPONSE**: Defendants state that they have a reasonable and good faith belief that Dr. Benight does not have responsive materials in her possession.

**23.    All communication between Dr. Benight and any other expert of Defendants.**

**RESPONSE**: Defendants state that they have a reasonable and good faith belief that Dr. Benight does not have responsive materials in her possession.

**24.    All communications between Dr. Benight and any employee of Defendants.**

**RESPONSE**: Defendants state that they have a reasonable and good faith belief that Dr. Benight does not have responsive materials in her possession.

**25.    Copies of letters, brochures, promotions, websites, or other documents in which Dr. Benight advertises or discusses her work or availability as an expert consultant in litigation.**

**RESPONSE**: Defendants object to this Request on the ground that it exceeds the permissible scope of Fed. R. Civ. P. 26. Subject to and without waiver of the foregoing, Defendants refer to https://www.tactilems.com/.

26.    **All samples, photographs, measurements, and other data of any intrauterine devices or materials, components, or parts of any intrauterine devices that Dr. Benight tested or analyzed in or for this case.**

**RESPONSE**: Defendants refer to Dr. Benight's expert report and reliance list.

27.    **Dr. Benight's most current CV and/or resume.**

**RESPONSE**: Defendants refer to Dr. Benight's CV, which was produced with her report.

Respectfully submitted,

*/s/ Christopher D. Morris*
Christopher D. Morris
Butler Snow LLP
Mississippi Bar No. 102981
Renaissance at Colony Park
Suite 1400
1020 Highland Colony Parkway
Ridgeland, MS 39158
Telephone: (601) 985-4377
chris.morris@butlersnow.com
***Co-Lead Counsel for Teva***

*/s/ Pamela L. Ferrell*
Pamela L. Ferrell
Butler Snow LLP
Georgia Bar No. 596713
170 Peachtree Street NE
Suite 1900
Atlanta, GA 30309
Telephone: (678) 515-5011
pamela.ferrell@butlersnow.com
***Co-Lead Counsel for Teva***

<u>*/s/ Caroline D. Walker*</u>
Caroline D. Walker
Butler Snow LLP
Alabama Bar No. ASB-3439-B10T
One Federal Plaza
Suite 100
1819 Fifth Avenue N.
Birmingham, AL 35203-2118
Telephone: (205) 297-2200
caroline.walker@butlersnow.com
***Co-Lead Counsel for the Cooper***
***Defendants***

<u>*/s/ Kasey M. Adams*</u>
Kasey M. Adams
Butler Snow LLP
Mississippi Bar No. 105025
Renaissance at Colony Park
Suite 1400
1020 Highland Colony Parkway
Ridgeland, MS 39158
Telephone: (601) 985-4413
kasey.adams@butlersnow.com
***Co-Lead Counsel for the Cooper***
***Defendants***

**CERTIFICATE OF SERVICE**

I certify that on this 17th day of September, 2025, a copy of the foregoing Defendants' Responses and Objections to Plaintiffs' Notice to Take the Oral Deposition of Dr. Stephanie and Request for Production of Documents was served electronically on Plaintiffs via their Lead and Liaison counsel.

*/s/ Christopher D. Morris*
Christopher D. Morris, Esq.