IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD IUD | : | MDL DOCKET NO. 2974 |
| PRODUCTS LIABILITY | : | 1:20-md-02974-LMM |
| LITIGATION | : | |
| | : | |
| This document relates to: | : | CIVIL ACTION NOs.: |
| Pauline Rickard | : | 1:21-cv-03861-LMM [45] |
| Melody Braxton | : | 1:22-cv-00490-LMM [43] |
| Alisa Robere | : | 1:22-cv-01583-LMM [53] |

## ORDER

This multi-district litigation ("MDL") involves the contraceptive Paragard,

an intrauterine device ("IUD"), which is regulated as a drug under the Federal

Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 et seq., and the federal

Food and Drug Administration's ("FDA") implementing regulations in Title 21 of

the Code of Federal Regulations. The matter is presently before the Court on a

motion for summary judgment filed by Defendant CooperSurgical, Inc.

("Cooper") on the claims the bellwether plaintiffs—Pauline Rickard, Melody

Braxton, and Alisa Robere (collectively, "Plaintiffs")—assert against it. The Court

held oral argument on the motion on November 20, 2025. Upon due

consideration, the Court enters the following Order.

## I.    LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that "[t]he court

shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter

of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if the evidence would allow a reasonable jury to find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).

The moving party bears the initial burden of showing the Court, by reference to materials in the record, that there is no genuine dispute as to any material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party's burden is discharged merely by " 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support [an essential element of] the nonmoving party's case." Celotex Corp., 477 U.S. at 325. In determining whether the moving party has met this burden, the district court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion. Johnson v. Clifton, 74 F.3d 1087, 1090 (11th Cir. 1996).

Once the moving party has adequately supported its motion, the non-movant then has the burden of showing that summary judgment is improper by coming forward with specific facts showing a genuine dispute. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving

party, there is no 'genuine issue for trial.' " <u>Id.</u> All reasonable doubts, however,

are resolved in the favor of the non-movant. <u>Fitzpatrick v. City of Atlanta</u>,

2 F.3d 1112, 1115 (11th Cir. 1993).

## II.    BACKGROUND

Paragard is an IUD that is implanted into a patient to provide long-term

contraception—up to 10 years. Paragard has been approved and regulated by the

FDA since 1984 without any significant design updates.

Robere underwent placement of a Paragard in June 2011; Rickard had hers

placed in May 2012; and Braxton had hers placed in 2013. Each expected to have

a follow-up procedure to have the Paragard removed in accordance with the

labeled removal instructions. However, in each case, the Paragard was broken at

removal, and it was necessary for the plaintiff to have surgery to remove

fragments of the Paragard.

Teva was the owner of the Paragard NDA at the time Plaintiffs' Paragards

were placed. On November 1, 2017, before Plaintiffs had their Paragards removed

and were injured, Cooper purchased the Paragard NDA from Teva.

## III.    DISCUSSION

Cooper moves for summary judgment on grounds that it cannot be held

liable for Plaintiffs' injuries because it was not the NDA holder until Plaintiffs

already had their Paragards placed and it therefore could not have made changes

to Paragard's labeling or design[1] at any time material to their claims. Dkt. No. [45] at 3. Cooper also argues that it cannot be held liable because Florida law[2] imposes product liability only on product designers, manufacturers, distributors, importers, and sellers in the chain of distribution, and Cooper did none of those things. Id. at 5-8.

### A.    Design-Defect Claims

Plaintiffs do not respond to Cooper's motion for summary judgment of the design-defect claims they assert against it. The Court also finds nothing in the record to suggest that Cooper could have made any changes to the Paragard design at any time material to Plaintiffs' claims. Accordingly, the Court **GRANTS** Cooper's motion for summary judgment as to Plaintiffs' design-defect claims.

### B.    Failure-to-Warn Claims

Plaintiffs argue that the failure-to-warn claims should survive summary judgment because Cooper owned the NDA for at least a couple of years before Plaintiffs had their Paragards removed, and the label was therefore relevant to informing Plaintiffs and their medical providers of the risk and possible need for mitigation at the time of removal. They urge the Court to apply the Restatement (Third) of Torts: Products Liability, § 13(a), and hold that Cooper had an

---

[1]    Plaintiffs each dismissed with prejudice the claims of manufacturing defect, violation of consumer protection laws, and unjust enrichment.

[2]    Based on Plaintiffs' short-form complaints, the parties have determined that Florida law applies to each of Plaintiffs' substantive claims.

independent duty to warn because it had a substantial continuing relationship with Teva's customers.

Section 13(a) provides as follows:

(a)    A successor corporation or other business entity that acquires assets of a predecessor corporation or other business entity, whether or not liable under [successor liability], is subject to liability for harm to persons or property caused by the successor's failure to warn of a risk created by a product sold or distributed by the predecessor if:

(1)    the successor undertakes or agrees to provide services for maintenance or repair of the product or enters into a similar relationship with purchasers of the predecessor's products giving rise to actual or potential economic advantage to the successor, and

(2)    a reasonable person in the position of the successor would provide a warning.

Restatement 3d of Torts: Products Liability, § 13.

Cooper's motion for summary judgment focused primarily on whether it owed Plaintiffs a duty to warn of Paragard defects, and it only summarily touched on causation. However, in further briefing and in oral argument, it became apparent that even if Cooper did have a duty to warn, Plaintiffs may lack evidence of causation, such that it would be futile (and thus a poor expenditure of the Court's scarce resources) to allow the failure-to-warn claims Plaintiffs assert against Cooper to go to a jury. The Court therefore gives the parties **NOTICE** that it will consider the causation arguments asserted in Cooper's reply brief as part of its motion for summary judgment of the failure-to-warn claims. To ensure

that Plaintiffs have a full and fair opportunity to argue and show evidence of causation, the parties are **GRANTED LEAVE** to file supplemental briefing according to the schedule set out below.

## IV.    CONCLUSION

In accordance with the foregoing, Cooper's motion for summary judgment is **GRANTED IN PART AND DEFERRED IN PART FOR SUPPLEMENTAL BRIEFING**. The motion is **GRANTED** as to the design-defect claims and **DEFERRED** as to the failure-to-warn claims. Plaintiffs shall have **TEN DAYS** from the entry of this Order to file a surreply and supplemental statement of material facts addressing the causation issue only. Upon the filing of the surreply and supplemental statement of material facts, Cooper shall have **SEVEN DAYS** to file responses.

**IT IS SO ORDERED** this 21st day of November, 2025.

**Leigh Martin May**
**Chief United States District Judge**