**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: PARAGARD IUD PRODUCTS LIABILITY LITIGATION | MDL DOCKET No. 2974 |
| | 1:20-md-02974-LMM |
| | **This Document Relates to:** |
| | 1:20-md-02974-LMM |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE
TEVA'S SECOND ERRATA SHEET**

Teva did not "misspeak" when it testified clearly and repeatedly as to the use of DuPont 20. Teva was simply shown a document drafted by Teva, produced by its own counsel, and Teva agreed with Plaintiffs' counsel's characterization of it. Teva wasn't fatigued. Teva wasn't confused. Teva, by and through its designated corporate representative, Dr. Joseph DeVito, read the document presented and agreed with what it said. Teva never submitted any of the substantive edits it desires now when the initial timely errata sheet was submitted. To allow it to change its sworn testimony at this point would severely prejudice Plaintiffs, who would have to spend additional time and money to update their trial strategies and expert opinions.

**A. Teva Has Not Cited To Any Case Law That Supports Its Position That a 30(b)(6) Witness Should be Able to Change Its Testimony Eleven Months After a Deposition.**

1

Teva's reliance on *Fernandez v. Seaboard Marine, Ltd.* is entirely misplaced. 135 F.4th 939 (11th Cir. 2025). Not only does *Fernandez* not address a Rule 30(b)(6) witness, but its requirements for allowing a substantive errata change are not at all satisfied here. *Id.* In *Fernandez*, one of the plaintiffs testified in her deposition that she did not recall whether she owned any stock in any corporation. *Id*. at 950. In her timely submitted errata sheet and a supporting affidavit, she changed her answer to state that she did recall that she was an owner in her family businesses. *Id.* Her reason for the singular timely change in her testimony was that she was confused, tired, and made a mistake. *Id.* Thus, the *Fernandez* Court held that the district court did not abuse its discretion in allowing an errata change on a substantive issue because a witness "**timely submitted her changes**" and provided reasons for doing so – namely, confusion at the time of questioning, fatigue, and mistake. *Id.* "Because the district court's order **complies with the text of the rule**, we cannot say that the court erred under the deferential abuse of discretion standard." *Id., emphasis added*.

As Teva points out, Rule 30(e)(1) allows for changes to a deposition transcript if they were made within 30 days of being notified that the transcript is available, and if a signed statement is provided listing the reasons for the changes. Unlike the plaintiff in *Fernandez*, Teva turned in its *second* errata sheet 276 days late and gave no indication in its reasoning that it answered questions incorrectly due to its designated corporate representative's fatigue or confusion. Nor did Teva's counsel

make any objections as to the form of any of the questions that Teva seeks to change its answers to. If the questions were truly as misleading and improper as Teva's counsel now claims them to be, they should have made objections to their form during the deposition. An objection to the form of a question or answer is waived if it is not timely made during the deposition. Fed. R. Civ. P. 32(d)(3)(B). It is clear that Teva's counsel had no issues with the questions asked of it until almost a year later, when it saw how damaging its own admissions are to its case.

The Georgia Middle District order that Teva cites to is also unpersuasive and inapplicable. The Court in *Garcia-Ramos v. Hamilton* allowed plaintiffs to make changes to their deposition transcripts where there were errors in translation made by their interpreter. Although the changes were substantive, the original transcript reflected improper interpretations of the plaintiffs' testimony, and the changes requested in the errata sheet were simply corrections that would accurately reflect the testimony actually given by the plaintiffs. *Garcia-Ramos v. Hamilton*, 2025 U.S. Dist. LEXIS 139418, at ¶6-7. Timeliness of the errata sheet was not an issue in the case.

Teva's claim that the rule does not state that a witness has "only" 30 days is not only disingenuous, but would set a dangerous precedent. If all rules and statutes must include the word "only" before their time limitation, statutes of limitations would become obsolete, the Rules of Civil Procedure would go out the window, and

3

chaos would ensue. Although a clever play on words, Teva's counsel obviously cannot produce any case law that supports this reading of the Rule, or their position that Teva should be allowed to produce a second errata sheet 276 days after the deadline to do so.

It should also be noted that the case law Teva's counsel relies upon only deals with the deposition of a party, but Dr. DeVito is a designated corporate representative under Rule 30(b)(6). A corporate designee speaks for the company, not for himself, and courts have treated 30(b)(6), errata differently as the entire purpose of designating a corporate representative is to bind the corporation. Teva was notified prior to the deposition of the matters upon which it would be called to testify, extensively negotiated the subject matter during a lengthy conferral period, and had ample opportunity to prepare its testimony on those matters. At the deposition, Teva made no indication that it was confused by the questions asked or didn't know the answers. Teva gave confident, consistent testimony regarding DuPont 20 throughout the deposition, that it now improperly seeks to reverse. Teva also had the opportunity to clean up erroneous testimony at the end of the deposition by asking its own questions and failed to do that too. All of these factors demonstrate that this is nothing more than a thinly veiled attempt by Teva and/or its counsel to improperly alter damaging testimony.

4

**B. The Court has Already Blocked Teva's Attempts to Change Teva's Testimony.**

In the history provided on Page 3 of its Response, Teva outlines all of the attempts it has already made to change the unfavorable testimony, the most important of which is the fact that the Court has already denied Teva's request to call Dr. DeVito at trial as a fact witness to correct Teva's sworn testimony. There is no legal basis for Teva to now do so through a late and second errata sheet which the Court has already ordered will not be allowed through live testimony. See Exhibit E, Pages from Official Transcript of Trial in Rickard v. Teva Pharmaceuticals USA Inc., et al, Docket No. 1:21-CV-3861-LMM; January 30, 2026.

Teva claims that if its deposition testimony remains unchanged, it can still introduce other evidence demonstrating that the unamended testimony is incorrect on that point, evidence it was not able to produce in the Rickard trial. Teva claims it would be "free to testify differently at trial from the way it testified in a deposition, albeit at the risk of having its' credibility impeached by introduction of the deposition testimony." CM/ECF Document #1231 at page 12, citing to *Cont'l Cas. Co. v. First Fin. Emp. Leasing, Inc.*, 716 F. Supp 2d 1176, 1190 (M.D. Fla. 2010). The fact that Teva has corroborating evidence that proves it was wrong does not form a valid basis for rewriting its' deposition testimony. And, if Teva is correct that it can come into the next trial and contradict its own sworn testimony, then Teva is not prejudiced by the Court denying this belated to effort to rewrite the facts.

**C. Plaintiffs Will Be Prejudiced With Significant Loss of Time and Expenses If Teva is Permitted to Change Key Deposition Testimony Nearly a Year After Its Deposition.**

There is obvious prejudice to Plaintiffs in allowing Teva to change its testimony a year after its deposition and after having the benefit of a trial to see how the evidence was used. Plaintiffs have already developed trial strategy based on Teva's admissions, and their expert witness, Dr. Mays, has built his opinions around this testimony. To allow Teva to now change its testimony would require Plaintiffs to spend significant time and expenses to reformulate their strategy and have their expert alter their opinions. But, before that, Plaintiffs would be forced into a second trial with no ability to respond given that expert opinion and briefing surrounding the same for trial number two is already complete. Additionally, the fact that corroborating evidence exists of Teva's errors does not preclude the prejudice of a late errata change to a core 30(b)(6) admission. It just means that Teva failed to produce all of the responsive evidence surrounding this issue in the regular course of discovery in this MDL and wants to prejudice Plaintiffs now with a total rewrite when it's too late for Plaintiffs to fairly respond.

**D. Plaintiffs Agree That if the Untimely Errata Sheet is Allowed, Teva's Original Testimony Should Remain On The Record, and the Deposition Should be Reopened as Well as Discovery and Expert Opinions.**

Should the Court choose to allow Teva's untimely and prejudicial errata sheet to stand, Plaintiffs agree that the Court should order that the original deposition

testimony be retained as part of the record so that the parties may still impeach the witness with it at trial.[1] However, Plaintiffs should also be permitted to conduct additional discovery into the changes and newly discovered documents, develop additional expert opinions to address the changed position, and depose Teva further on these new facts and testimony. Taking another or re-opening the deposition of Dr. Devito alone, who is a highly sophisticated and trained corporate representative, and who is apparently prepared to take the fall on behalf of Teva for testifying in a way that was clearly harmful to Teva, will not alone alleviate the prejudice to Plaintiffs.

## CONCLUSION

For these reasons, the Court should strike Teva's second errata sheet in its entirety. Teva had ample opportunity to prepare for the testimony. Teva testified under oath, reviewed that testimony, and submitted a timely errata sheet. Rule 30(e) does not permit parties to rewrite sworn testimony after the fact, and Teva has not produced any case law that supports its position. These changes are not corrections. They are substantive reversals of sworn testimony, submitted nearly a year too late. The Court should strike them in full. In the alternative, the Court should allow a

---

[1] It should be noted that in the case Teva cites to in support of this position is dissimilar to the present case though, as it again deals with a party's timely produced errata sheet that did not make contradictory changes to their testimony. *See Cruz v. Versogenics, Inc.,* 2017 U.S. LECIS 224328 (N.D. Ga. 2017).

reopening of both discovery and experts to allow Plaintiffs to address these surprising and highly material changes all at Teva's expense.

Dated:        April 25, 2026                    Respectfully submitted,


                                        */s/ Molly C. Wells*
                                        *Edward A Wallace*
                                        *Illinois Bar No. 6230475*
                                        *Molly C. Wells*
                                        *Illinois Bar No. 6320461*
                                        *Wallace Miller*
                                        *200 W. Madison, Suite 3400, Chicago,*
                                        *IL 60606*
                                        Tel: (312) 261-6193
                                        Fax: (321) 275-8174

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that I have prepared the

foregoing in compliance with Local Rule 5.1 in Times New Roman 14-point font.

This 20th day of May 2026.

*/s/ Molly Wells*
Molly Wells

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the attorneys of record.

This 20th day of May 2026

<u>*/s/ Molly Wells*</u>
Molly Wells
