IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD IUD PRODUCTS LIABILITY LITIGATION | : : : : | MDL DOCKET NO. 2974 1:20-md-02974-LMM |
| This document relates to: Melody Braxton Alisa Robere | : : : : | CIVIL ACTION NOs.: 1:22-cv-00490-LMM [114] 1:22-cv-01583-LMM [148] |

## **ORDER**

These cases are part of a multi-district litigation ("MDL") involving the

contraceptive Paragard, an intrauterine device ("IUD"), which is regulated as a

drug under the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301

et seq., and the federal Food and Drug Administration's ("FDA") implementing

regulations in Title 21 of the Code of Federal Regulations. Discovery in the MDL

is complete, and the Court conducted its first bellwether trial. There are currently

more than 3,500 cases pending in the MDL. The present cases are the second and

third cases selected for bellwether trials.

On March 3, 2026, upon leave of Court, Teva filed a renewed motion in the

present bellwether cases under 28 U.S.C. § 1292(b) to certify for interlocutory

appeal the Court's Order on Teva's Motion for Summary Judgment on Federal

Preemption.[1,2] The portion of the Order giving rise to Teva's motion for interlocutory appeal is the Court's determination that the FDA regulatory process did not preempt Plaintiffs' state-law failure-to-warn claims. On April 24, the Court conditionally granted the motion for interlocutory appeal, proposed a modified question for certification, and invited objections to the proposed question.

Plaintiffs and Defendant object to the Court's proposed question as too fact specific and thus too narrow to have general relevance to other cases in the same area of law. These objections are well-taken.

Plaintiffs and Defendant have proposed alternatives to the Court's proposed question for certification. Their proposed questions are generally aligned. The distinction is that Teva seeks to characterize the Court's preemption decision as resting on an "equitable exception" to the Changes Being Effected definition of "newly acquired information" appearing in 21 C.F.R. § 314.3(b), while Plaintiffs object to the "equitable exception" characterization as improper and misleading.

---

[1]     "Defendant" or "Teva" refers collectively to Defendants Teva Pharmaceuticals USA, Inc.; Teva Women's Health, LLC; and Teva Branded Pharmaceutical Products R&D, Inc.

[2]     The Order on the motion for summary judgment was entered on December 19, 2025, and later vacated and replaced with a modified Order on January 16, 2026.

Upon due consideration, the Court finds that the following question encompasses the basis for its summary judgment decision; avoids overgeneralizing or confusing the issue for review; and otherwise satisfies the requirements of 28 U.S.C. § 1292(b) that the subject certified for interlocutory appeal involve a controlling question of law, present a substantial ground for difference of opinion on the controlling question of law, and present an issue for appeal that "may materially advance the ultimate termination of the litigation":

> Whether an internal analysis of preexisting data can retroactively qualify as "newly acquired" under the Changes Being Effected exception where the drug-manufacturing defendant itself caused a delay, and the analysis would have been timely "acquired" by the drug-manufacturing defendant before the relevant time period (i.e., before a plaintiff's ingestion or insertion of the prescription drug) but for the drug manufacturing defendant's failure to undertake the analysis earlier.

On this basis, and for the reasons set out in the Court's April 24 Order conditionally granting the motion for interlocutory appeal, the Court **GRANTS** Teva's Renewed Motion to Certify Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and **CERTIFIES** for immediate appeal its January 16 Order on Teva's Motion for Summary Judgment on Federal Preemption. The Clerk is **DIRECTED** to terminate submission of the Renewed Motion to Certify Order for Interlocutory Appeal.

**IT IS SO ORDERED** this 1st day of June, 2026.

Leigh Martin May
Chief United States District Judge

3