UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD PRODUCTS LIABILITY LITIGATION | : : : | MDL DOCKET NO. 2974 |
| This document relates to: | : : | 1:20-md-02974-LMM |
| JILLIAN KAY FITTZMAURICE | : : | Civil Action No.: |
| vs. | : : | |
| TEVA WOMEN'S HEALTH, LLC. | : | |

## SHORT FORM COMPLAINT

Comes now the Plaintiff named below, and for her Complaint against the Defendant named below, incorporates the Second Amended Master Personal Injury Complaint (Doc. No. 79), in MDL No. 2974 by reference. Plaintiff further pleads as follows:

1. Name of Plaintiff placed with Paragard: ___Jillian Kay FitzMaurice___

2. Name of Plaintiff's Spouse (if a party to the case): __N/A___

3. If case is brought in a representative capacity, Name of Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):__N/A___

4. State of Residence of each Plaintiff (including any Plaintiff in a representative capacity) at time of filing of Plaintiff's original complaint: ___Colorado_____

5. State of Residence of each Plaintiff at the time of Paragard placement: __Colorado___

6. State of Residence of each Plaintiff at the time of Paragard removal: __Colorado_____

Type text here

7. District Court and Division in which personal jurisdiction and venue would be proper:

_____United States District Court_____

_____Southern District of Colorado_____

8. Defendants. (Check one or more of the following five (5) Defendants against whom Plaintiff's Complaint is made. The following five (5) Defendants are the only defendants against whom a Short Form Complaint may be filed. No other entity may be added as a defendant in a Short Form Complaint.):

☒ A. Teva Pharmaceuticals USA, Inc.

☒ B. Teva Women's Health, LLC

☒ C. Teva Branded Pharmaceutical Products R&D, Inc.

☒ D. The Cooper Companies, Inc.

☒ E. CooperSurgical, Inc.


9. Basis of Jurisdiction.

☒ Diversity of Citizenship (28 U.S.C. § 1332(a))

☐ Other (if Other, identify below):


10.

| Date(s) Plaintiff had Paragard placed (DD/MM/YYYY) | Placing Physician(s) or other Health Care Provider (include City and State) | Date Plaintiff's Paragard was Removed (DD/MM/YYYY)*<br><br>* If multiple removal(s) or attempted removal procedures, list date of each separately. | Removal Physician(s) or other Health Care Provider (include City and State)**<br><br>** If multiple removal(s) or attempted removal procedures, list information separately. |
|---|---|---|---|
| 09/02/2016 | | 06/24/2024 | Suzanne Weber, MD |

11. Plaintiff alleges breakage (other than thread or string breakage) of her Paragard upon removal.

☒ Yes

☐ No

12. Brief statement of injury(ies) Plaintiff is claiming:

After being led by her physician to believe that the Paragard IUD was a safe method of birth control, the IUD was implanted into Plaintiff on September 2, 2016. While the Paragard IUD did provide effective treatment, Plaintiff began to experience extreme discomfort within the first few years of placement.  Within five years of IUD placement, Plaintiff sustained significant physical and mental injuries which rendered Plaintiff unable to continue in gainful employment. Plaintiff's treating physician, Dr. Suzanne Weber, MD, scheduled the removal of the IUD on June 24, 2024, becoming the first of three unsuccessful removal procedures whereby the IUD broke off inside of Plaintiff during the second session on June 25, 2024. Physician's medical team attempted to retrieve the remaining copper IUD arm fragments but were wholly unsuccessful, departing the final hours-long session without a treatment plan.

Whereas the internally placed device directly caused life-altering medical issues for the Plaintiff, who suffered severe physical and emotional distress each day thereafter until the IUD likely passed via menstruation more than a year following the final procedure of July 15, 2024. As a direct result of the faulty Paragard IUD, Plaintiff endured years of unyielding, yet untreated pain, rendering her unable to maintain consistent performance in a corporate environment, as evidenced by termination from two companies for excessive sick days taken between 2022 and 2025. Plaintiff developed complex cysts on both ovaries which her physician would not remove for fear of further complication with no reasonable method of determining where in her reproductive organs the copper IUD fragments had migrated short of extensive laparoscopic exploration. As such, by the time circumstantial evidence pointed her physician to logical assumption that the IUD had passed through her ovaries, Plaintiffs' reproductive organs were rendered ineffective and the only proposed treatment consisting of full hysterectomy. The consistent onslaught of excruciating bodily

pain over multiple years precipitated a significant decline in her mental health, as infrequent bouts of Anxiety and mild Depression evolved into multiple therapy sessions weekly and daily required maintenance. As no questions of fact remain in the present matter which might render determination contrary to Plaintiff effectively losing her livelihood, degree-backed career, reproductive opportunity, in addition to physical and mental well-being, as a direct result of Defendants' product, the Plaintiff seeks the maximum compensation available under such circumstances.

Plaintiff reserves her right to allege additional injuries and complications specific to her.

13. Product Identification:
   a. Lot Number of Paragard placed in Plaintiff (if now known):

   _____

   b. Did you obtain your Paragard from anyone other than the HealthCare Provider who placed your Paragard:
   ☐ Yes
   ☒ No

14. Counts in the Master Complaint brought by Plaintiff(s):
   ☒ Count I – Strict Liability / Design Defect
   ☒ Count II – Strict Liability / Failure to Warn
   ☒ Count III – Strict Liability / Manufacturing Defect
   ☒ Count IV – Negligence
   ☒ Count V – Negligence / Design and Manufacturing Defect
   ☒ Count VI – Negligence / Failure to Warn
   ☒ Count IX – Negligent Misrepresentation
   ☒ Count X – Breach of Express Warranty
   ☒ Count XI – Breach of Implied Warranty
   ☒ Count XII – Violation of Consumer Protection Laws
   ☒ Count XIII – Gross Negligence
   ☒ Count XIV – Unjust Enrichment

☒ Count XV – Punitive Damages

☐ Count XVI – Loss of Consortium

☐ Other Count(s) (Please state factual and legal basis for other claims not included in the Master Complaint below):

_____

_____

15. "Tolling/Fraudulent Concealment" allegations:

    a.  Is Plaintiff alleging "Tolling/Fraudulent Concealment"?

☒ Yes

☐ No

    b.  If Plaintiff is alleging "tolling/fraudulent concealment" beyond the facts alleged in the Master Complaint, please state the facts and legal basis applicable to the Plaintiff in support of those allegations below:

Those facts alleged in the Master Complaint are sufficient to Plaintiffs' cause._____.

16. Count VII (Fraud & Deceit) and Count VIII (Fraud by Omission) allegations:

    a.  Is Plaintiff is bringing a claim under Count VII (Fraud & Deceit), Count VIII (Fraud by Omission), and/or any other claim for fraud or misrepresentation?

☐ Yes

☒ No

    b.  If Yes, the following information must be provided (in accordance with Federal Rule of Civil Procedure 8 and/or 9, and/or with pleading requirements applicable to Plaintiff's state law claims):

        i.  The alleged statement(s) of material fact that Plaintiff alleges was false:

_____

_____

        ii. Who allegedly made the statement: _____

        iii. To whom the statement was allegedly made: _____

      iv.   The   date(s)   on   which   the   statement   was   allegedly   made:

_____

17.  If Plaintiff is bringing any claim for manufacturing defect and alleging facts beyond those contained in the Master Complaint, the following information must be provided:

    a.  What does Plaintiff allege is the manufacturing defect in her Paragard?

       The facts alleged in the Master Complain are sufficient in the present cause.

18.  Plaintiff's demand for the relief sought if different than what is alleged in the Master Complaint: The demand of the Master Complaint is sufficient in the present cause.

19.  Jury Demand:

    ☒ Jury Trial is demanded as to all counts

    ☐ Jury Trial is NOT demanded as to any counts/

_____

*Adam F. Shanks*

Attorney for Plaintiff

Address, phone number, email address and Bar information:

Adam F. Shanks, Esq.
1507 Woodland St. SE
Decatur, AL 35601
Phone:  (303) 229-8958
Email:  adam.f.shanks@gmail.com
AL Bar ID:  6356G50F