**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: PARAGARD IUD PRODUCTS LIABILITY LITIGATION | )<br>)<br>)<br>)<br>) | MDL DOCKET NO. 2974 Case No. 1:20-md-02974-LMM<br><br>This Document Relates To:<br>*All Cases Listed on Exhibit 1* |

**DEFENDANTS' SECOND MOTION TO DISMISS CASES BARRED BY CERTAIN STATUTES OF LIMITATIONS AND REPOSE**

On February 11, 2025, this Court entered its Order granting in part and denying in part Defendants' Motion to Dismiss Cases Barred by Certain Statutes of Limitations and Repose, Dkt. No. [709] in Case No. 1:20-md-02974-LMM. Order in Case No. 1:20-md-02974-LMM, Dkt. No. [868]. The Court dismissed all claims with prejudice in a subset of cases based on the application of the statutes of limitations of Michigan and Virginia and the statutes of repose of Tennessee and Texas. *Id.* at 51-52 (D. Dismissal of All Claims).

Defendants' first Motion to Dismiss covered only cases filed prior to June 1, 2024. Defendants now submit that, based on this Court's prior rulings, this MDL contains nine additional cases that are indisputably time-barred as a matter of law on their face under the law of Michigan, Virginia, Tennessee, and Texas, that have been filed in the time period from June 1, 2024 through and including May 31, 2026. As with the other dismissed cases, the presence of these cases in this MDL hampers the

efficient administration of the MDL. Pursuant to Fed. R. Civ. P. 12(b)(6), the Court should also dismiss all claims in these nine additional cases with prejudice.

## BACKGROUND

The Paragard MDL includes products liability actions alleging the Paragard intrauterine device ("IUD") "has a propensity to break upon removal, causing complications and injuries, including surgeries to remove the broken piece of the device, infertility, and pain." *In re Paragard IUD Products Liab. Litig.*, 510 F. Supp. 3d 1376, 1377 (J.P.M.L. 2020). Accordingly, the common initial injury of all plaintiffs in this MDL is a signature and discrete event—the breakage of the Paragard at the time of removal.

The Short Form Complaints in the MDL identify the critical basic information concerning the claims and injuries, setting forth, *inter alia*, the date the Plaintiff had the Paragard placed, the city and state of placement, and the date and location of any Paragard removal procedures. This Court previously held, with respect to "[p]inpoint[ing] the time Plaintiffs' injuries accrued" that:

> According to the master complaint, each plaintiff's Paragard was already broken at the time of removal: "Plaintiffs' Paragard broke inside their bodies, including, but not limited to, during routine removal, causing complications and injuries to Plaintiffs, including but not limited to, surgeries to remove the broken piece of device, infertility, and pain." Dkt. No. [79] ¶ 150 (emphasis added). Plaintiffs also clearly allege in the master complaint that the injuries resulted from the Paragard breakage: that Paragard is prone to snap at the arms, that it thus breaks more than any other IUD on the market in the United States, and that Plaintiffs were injured by their broken Paragards. Dkt.

> No. [79] ¶¶ 51, 53, 62, 150. **The injury-causing malfunction thus had already taken place and inflicted injury by the time the Paragard was removed from the woman's body.**
>
> Where there was more than one removal procedure, at least the second medical intervention to remove the broken Paragard—a medical intervention that would not otherwise have been necessary—amounts to a manifest, present injury. Where there was only one Paragard removal, there is no reasonable dispute that the first injury would have taken place by the time of that removal: it would defy logic to find that a broken Paragard may not have inflicted medically ascertainable injuries until after it had already been removed from the woman's body. The Court will evaluate the untimeliness arguments accordingly.

Dkt. No. [868] at 9-10 (emphasis added).

As with the cases included in Defendants' first Motion to Dismiss time-barred cases, the information in these nine Plaintiffs' Short Form Complaints is sufficient to decide the timeliness of the claims under the law of Michigan, Virgina, Tennessee, and Texas. No case-specific discovery is required. To promote the efficient administration of this MDL, these cases should also be dismissed from the MDL without delay.

This second motion by no means addresses all untimely cases in this MDL filed on June 1, 2024 or later. The cases included in this motion are those where it presently appears that there is no reasonable question as to the applicable law and the law that applies is that of Michigan, Virginia, Tennessee, or Texas. Defendants anticipate more cases to be deemed untimely upon application of various states' discovery rules and/or once choice of law and other undisputed facts are established. Attached to this motion

is a chart that provides for the nine cases that are time-barred: (1) the Plaintiff's name; (2) the case number; (3) the Plaintiff's law firm; (4) the applicable state law; (5) the applicable statute of limitations and/or statute of repose period; (6) the date of Paragard placement; (7) the date of the Paragard removal; and (8) the date the lawsuit was filed. Each of the nine cases identified in Exhibit 1 is untimely.

## ARGUMENT

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate 'if it is apparent from the face of the complaint that the claim is time-barred.'" *Gonsalvez v. Celebrity Cruises Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013) (citation omitted); *see also Henry v. Examworks Inc.*, No. 20-12268, 2021 WL 3440698, at *3 (11th Cir. Aug. 6, 2021).[1]

[1] The dates and locations of Plaintiffs' placement and removals were supplied by Plaintiffs in their Short Form Complaints. For the cases included as time-barred in Exhibit 1, uncertainty about a date has been resolved in the manner most favorable to Plaintiffs, i.e., dates have been extrapolated to the month and date providing the latest possible date of placement or removal. For example, when a Plaintiff only provides a year, the date used for the calculations was December 31 of that year. When a Plaintiff only provides a month and year, the date used for that calculation was the last day of that month. Additionally, if more than one placement resulted in an alleged breakage, the later placement date has been used to calculate the beginning of the statute of repose. If more than one removal attempt is described in the pertinent sections of the

Applying these standards, each of the cases on Exhibit 1 is time-barred as a matter of law.

## I. Choice of Law.

As an initial matter, none of the cases listed in Exhibit 1 has any arguable disputed issue as to choice of law.

On June 6, 2024, the Court entered its Case Management Order Regarding Choice of Law. Case No. 1:20-md-02974-LMM, Dkt. No. [675]. Aside from challenges for improper venue, for cases transferred to this MDL from another federal district court pursuant to 28 U.S.C. § 1407, the Court applies, "the choice-of-law analysis for the state where the transferor court is located shall apply," and for cases directly filed in the MDL pursuant to the Case Management Order Regarding Direct Filing, the Court applies, "the choice-of-law analysis for the state where the District Court and Division identified in Question 7 of the Short Form Complaint is located[.]" *Id.*

For each of the cases in Exhibit 1, there is no reasonable question as to applicable choice-of-law test or the resulting applicable law, which is Michigan, Virginia, Tennessee, or Texas.

---

Short Form Complaint or Plaintiff Fact Sheet, the later date has been used to calculate statute of limitations accrual.

## II. The Court should dismiss claims untimely filed under the statutes of limitations of Michigan and Virginia.

Under the law of the states of Michigan and Virginia, the statute of limitations begins to run upon the date of the injury—here, the removal surgery.

### A. Michigan

For tort actions, Michigan's choice of law test applies a presumption in favor of law of the forum and will only apply a foreign state's law where that foreign state has an interest sufficient to overcome this presumption. *Sutherland v. Kennington Truck Serv., Ltd.*, 562 N.W. 2d 466, 470-71 (1997). Defendants have only included two Michigan cases in this analysis where the Plaintiffs had their Paragards placed and removed in Michigan. Under these facts, Michigan would have no reason to apply a foreign state's law. *See Pina v. Chrysler Grp., L.L.C.*, 2014 WL 4112918, at *1 (E.D. Mich. Aug. 19, 2014), *aff'd sub nom. Pina v. FCA U.S. LLC*, 618 F. App'x 820 (6th Cir. 2015).

Michigan applies a three-year statute of limitations to product liability claims. *See* Mich. Comp. Laws § 600.5805(12). The applicable statute of limitations is governed by the gravamen of the complaint. *Att'y Gen. v. Merck Sharp & Dohme Corp.*, 807 N.W.2d 343, 347 (Mich. 2011) (holding that courts are to "determine the gravamen of a party's claim by reviewing the entire claim, and a party cannot avoid dismissal of a cause of action by artful pleading"). The gravamen of Plaintiffs' complaints is that Paragard caused their alleged injuries. *See Good v. Howmedia*

*Osteonics Corp.*, 2015 WL 8175256, at *3 (E.D. Mich. Dec. 8, 2015) (holding that plaintiff's claims "(1) based on a legal or equitable theory of liability, (2) brought for injury to a person, and (3) alleging that the loss was caused by or resulted from the manufacture … of a product" all "sound as product liability claims").

For product liability claims governed by the three-year statute of limitations, "the period of limitations runs from the time the claim accrues" and "the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." Mich. Comp. Laws § 600.5827. Under Michigan law, "a claim accrues even if the plaintiff is not subjectively aware of an injury or its cause." *Tice v. Zimmer Holdings, Inc.*, 2015 WL 4392985, at *3 (W.D. Mich. July 15, 2015). *See also Smith v. Stryker Corp.*, 2011 WL 445646, at *1 (Mich. Ct. App. Feb. 8, 2011) (holding that "the wrong occurred during the use of the product" (citing *Nelson v. Ho*, 564 N.W.2d 482 (Mich. Ct. App. 1997)); *Dood v. Biomet Orthopedics*, LLC, 2020 WL 6390201, at *5 (W.D. Mich. Nov. 2, 2020) (same). The Michigan Supreme Court has held that "the plain language of MCL 600.5827 precludes the use of a broad common-law discovery rule to toll the accrual date of claims[.]" *Trentadue v. Gorton*, 738 N.W.2d 664, 680 (Mich. 2007). This means that Plaintiffs' claims accrued when they were first harmed and were not tolled because they did not discover the harm until later. Here, this moment of first harm has been calculated from the latest date of

surgical removal of a Paragard referenced in Plaintiffs' Short Form Complaints or Plaintiff Fact Sheets.

Fraudulent concealment may apply if the defendant "fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim." Mich. Comp. Laws § 600.5855. To establish fraudulent concealment, Plaintiff must allege "that the defendant engaged in some arrangement or contrivance of an affirmative character designed to prevent subsequent discovery." *Kott v. Howmedica Osteonics Corp.*, No. 15-CV-11349, 2015 WL 13037419, at *4 (E.D. Mich. Oct. 13, 2015) (citation omitted). "[T]here must be concealment by the defendant of the existence of a claim or the identity of a potential defendant[.]" *Id.* (citation omitted). "[The] plaintiff must plead in the complaint the acts or misrepresentations that comprised the fraudulent concealment." *Id.* (citation omitted). There are no such allegations here, which must be pleaded with particularity pursuant to Fed. R. Civ. P. 9(b).

This Court's Order, Dkt. No. [868], granted Defendants' Motion to Dismiss in full with respect to similarly situated plaintiffs to whom Michigan law applied and whose cases were filed more than three years after the date of their removal procedures during which they alleged their Paragards broke. Dkt. No. [868] at 18-23. Plaintiff Melissa Kitzman's and Plaintiff Amy Shafer's claims should likewise be dismissed in full with prejudice for the same reasons.

**B. Virginia**

In Virginia, "it is well settled that the forum state's statute of limitations controls, not that of the place of the alleged wrong." *Torkie-Tork v. Wyeth*, 739 F. Supp. 2d 887, 890 (E.D. Va. 2010) (citing *Hospelhorn v. Corbin*, 19 S.E.2d 72, 73 (1942)).

Under Virginia law, unless expressly provided otherwise, "every action for personal injuries, whatever the theory of recovery, and every action for damages resulting from fraud, shall be brought within two years after the cause of action accrues." Va. Code § 8.01-243(A); *see also* Va. Code § 8.01-246 (providing that § 8.01-243 governs limitation period for warranty actions based on products liability). Even if Plaintiffs purport to state various claims sounding in fraud, this does not change this analysis. It is well-settled in Virginia that the "object of an action and not its form determines" issues pertaining to the application of the statute of limitations. *Friedman v. Peoples Serv. Drug Stores, Inc.*, 160 S.E.2d 563, 565 (Va. 1968) (citing *Birmingham v. Chesapeake & O. Ry. Co.*, 37 S.E. 17, 17 (Va. 1900)); *see also Wells v. Peacock*, 52 Va. Cir. 178, 2000 WL 33258774, at *2 (2000) ("Characterizing the action as a constructive fraud action will not extend the statute of limitations, because it is the object not the form of the action which [is] determin[ative.]"); *Edwards v. Bank of New York Mellon*, 2014 WL 5594876, at *8 (E.D. Va. Oct. 31, 2014) ("As courts have recognized, the plaintiff's designation of the counts in a complaint does

not control the interpretation of those counts.") (collecting cases). Therefore, although Va. Code § 8.01-249(1) sets forth a "discover[y]" rule for "actions for fraud, or mistake," the mere labeling of a claim as such is insufficient to invoke this "exception to the general rule" contained in Va. Code § 8.01-230 that a cause accrues when "the injury is sustained . . . and not when the resulting damage is discovered." *Cockrell v. Brogan*, 7 Va. Cir. 176, 1982 WL 215313, at *2 (1982).

Generally, "the right of action shall be deemed to accrue and the prescribed limitation period shall begin to run from the date the injury is sustained in the case of injury to the person . . . and ***not when the resulting damage is discovered.***" Va. Code § 8.01-230 (emphasis added).

> [T]he limitations period begins to run when the injury, no matter how slight, is sustained and regardless of whether more substantial injuries occur later. It is immaterial that all injuries may not have occurred at the time of the initial negligent act, the running of the statute is not postponed by later additional injury. Furthermore, Virginia does not follow a "discovery rule" in applying the statute of limitations. The date that plaintiff discovers the injury is immaterial to the running of the statute. The statute of limitations begins to run at the date of injury even if no diagnosis was made or communicated to the plaintiff until later.

*Smith v. Danek Med., Inc.*, 47 F. Supp. 2d 698, 701 (W.D. Va. 1998) (citations omitted). A "defendant[] need not establish as a matter of law the exact date of injury, [it] need only show that it is more probable than not that the injury occurred outside the two-year window." *Id.* at n.4 (citing *Brown v. Plywood Panels, Inc.*, 67 F.3d 293

(Table), 1995 WL 559656 (4th Cir. Sept. 21, 1995)). Here, Plaintiffs' injuries were sustained no later than the latest dates of surgical removal of their Paragards.

To obtain tolling under Virginia Code § 8.01-229(D) for obstruction of filing the action, the plaintiff "must establish that the defendant undertook an affirmative act designed or intended, directly or indirectly, to obstruct the plaintiff's right to file [the] action." *Mackey v. McDannald*, 842 S.E.2d 379, 385 (Va. 2020) (citation omitted). The act "must be of that character which involves moral turpitude, and must have the effect of debarring or deterring the plaintiff from his action." *Id.*(citation omitted). "Mere silence by the person liable is not concealment, but there must be some affirmative act or representation designed to prevent, and which does prevent, the discovery of the cause of action." *Id.* (citation omitted). There are no such allegations here, which must be pleaded with particularity pursuant to Fed. R. Civ. P. 9(b).

This Court's Order, Dkt. No. [868], granted Defendants' Motion to Dismiss in full with respect to similarly situated plaintiffs to whom Virginia law applied and whose cases were filed more than two years after the date of their removal procedures during which they alleged their Paragards broke. Dkt. No. [868] at 27-30. Plaintiff Jennifer Beidel's claims and Plaintiff Virginia Myers's claims should likewise be dismissed in full with prejudice for the same reasons.

**III. The Court should dismiss claims barred on their face by the statutes of repose of Tennessee and Texas.**

**A. Tennessee**

Tennessee's most significant relationship test applies to determine choice of law for statute of repose. *See Burns v. Taurus Int'l Mfg., Inc.*, 826 F. App'x 496, 499-500 (6th Cir. 2020) (applying Tennessee's most significant relationship test to a question of which state's statute of repose law applied). Defendants have only included Tennessee cases in this analysis where the Plaintiff had her Paragard placed in, and had her Paragard removed in Tennessee.

Tennessee's statute of repose applies to "[a]ny action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition." Tenn. Code Ann. § 29-28-103(a). The statute provides that such actions "must be brought within the period fixed by [the applicable statute of limitations], but notwithstanding any exceptions to these provisions, it must be brought within six (6) years of the date of injury" or "within ten (10) years from the date on which the product was first purchased for use or consumption" or "within one (1) year after the expiration of the anticipated life of the product, whichever is the shorter." *Id*. The statute of repose also applies to warranty claims, although for those claims, accrual begins at tender of delivery. *See Elec. Power Bd. of Chattanooga v. Westinghouse Elec. Corp.*, 716 F. Supp. 1069, 1073-74 (E.D. Tenn. 1988), *aff'd sub nom. Elec. Power Bd. of Chattanooga v. Monsanto Co.*, 879 F.2d 1368 (6th Cir. 1989)

("The Court finds the statute of repose was intended by the Tennessee Legislature to apply to breach of warranty claims despite their accrual at tender of delivery."). *See also Ismoilov v. Sears Holdings Corp.*, 2018 WL 1956491, at *8 (Tenn. Ct. App. Apr. 25, 2018) (applying the ten-year statute of repose to claims for strict liability, negligence, and breach of implied warranty). Here, no separate chart is included for warranty claims because delivery and placement clearly occurred prior to removal, so any claim filed ten years after removal was clearly also filed ten years after delivery and placement.

The Tennessee statute of repose "imposes an absolute time limit within which products liability claims must be filed." *Greene v. Brown & Williamson Tobacco Corp.*, 72 F. Supp. 2d 882, 886 (W.D. Tenn. 1999); *see also Penley v. Honda Motor Co.*, 31 S.W.3d 181, 184 (Tenn. 2000) ("The courts of this state have construed statutes of repose as an absolute time limit within which actions must be brought."); *Calaway ex rel. Calaway v. Schucker*, 193 S.W.3d 509, 515 (Tenn. 2005) (same). "Tennessee courts have declined to extend the discovery rule to toll the Tennessee statute of repose." *Clabo v. Johnson & Johnson Health Care Sys., Inc.*, 982 F.3d 989, 994–95 (6th Cir. 2020). Nor is the statute of repose subject to any equitable exceptions. *Greene*, 72 F. Supp.2d at 886, 888 ("Had the legislature intended to provide equitable exceptions to the statute of repose, it could have done so. Tennessee courts have consistently read all statutes of repose literally, and have declined to read equitable

exceptions into them."); *In re General Motors LLC Ignition Switch Litig.*, 2019 WL 952348, at *2-3 (S.D.N.Y. Feb. 27, 2019) (same and collecting cases). Consequently, the statute of repose "sometimes has the effect of barring actions before they accrue—a result that has been upheld as permissible under both the United States and Tennessee Constitutions." *Greene*, 72 F. Supp.2d at 886. The four cases included here are all untimely based on the ten-year limitation, dated from first purchase for use or consumption. The date of placement for these Plaintiffs indicates that all these Paragards were purchased for consumption more than ten years before these Plaintiffs filed suit.

The Tennessee statute of repose is not subject to tolling based on allegations of fraudulent concealment. *Damron v. Media Gen., Inc.*, 3 S.W.3d 510, 513 (Tenn. App. 1999); *Jones v. Smith & Nephew Inc.*, No. W202100426COAR3CV, 2022 WL 767709, at *4 (Tenn. App. Mar. 14, 2022) ("This Court cannot expand/rewrite the statute to create a general latent disease exception or a fraudulent concealment exception to the TPLA's statute of repose"). Regardless, no such circumstances are pleaded with particularity as required by Rule 9(b).

This Court's Order, Dkt. No. [868], granted Defendants' Motion to Dismiss in full with respect to similarly situated plaintiffs to whom Tennessee law applied and whose cases were filed more than ten years after the date of their Paragard placements. Dkt. No. [868] at 38-42. Plaintiff Candice Colwell's claims, Plaintiff Cary Doss's

claims, Plaintiff Kathryn Harper's claims, and Plaintiff Tammy Seabolt's claims should likewise be dismissed in full with prejudice for the same reasons.

**B. Texas**

Texas also views statutes of repose as a matter of substantive law determined by a most significant relationship test. *See Waller v. Pittsburg Corning Corp.*, 946 F.2d 1514, 1515 (10th Cir. 1991); *see also In re ENSCO Offshore Int'l Co.*, 311 S.W.3d 921, 928 (Tex. 2010). Defendants have only included Texas cases in this analysis where the Plaintiff had her Paragard placed in, and had her Paragard removed in Texas.

The Texas statute of repose also forecloses products liability actions, "whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories," fifteen years "after the date of the sale of the product" and is not subject to tolling. Tex. Civ. Prac. & Rem. § 16.012(a)(2),(b). *See Methodist Healthcare System v. Rankin*, 307 S.W.3d 283, 290 (Tex. 2010) ("the essential function of all statutes of repose is to abrogate the discovery rule and similar exceptions to the statute of limitations" and a "statute of repose, by design, creates a right to repose precisely where the applicable statute of limitations would be tolled or deferred"). *See also Salgado v. Great Dane Trailers*, 2012 WL 401484, at *2 (S.D. Tex. Feb. 6, 2012) ("[a] statute of repose … does not run from the time a cause of action arises, but from some other date or event selected by the Legislature," and is

"not subject to judicially crafted rules of tolling or deferral") (internal citations and quotations omitted). As with many other states' statutes of repose, the Texas statute of repose—unlike a statute of limitations "operate[s] . . . to take[] away the right altogether." *Camacho v. Ford Motor Co.*, 993 F.3d 308, 315 (5th Cir. 2021) (quoting *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867-68 (Tex. 2009)).

Plaintiffs' Paragards were clearly sold before the surgical placement dates,[2] which have been used to calculate the fifteen-year statue of repose filing deadline.

The statute of repose here does not contain any tolling period for fraudulent concealment, and "[t]he Texas Supreme Court has consistently held that statutes of repose are not subject to tolling." *Mason-Gibson, Inc. v. Sloan Valve Co.*, No. 06-21-00108-CV, 2022 WL 1434113, at *8 (Tex. App. May 6, 2022) (unpublished). Rather, statutes of repose "begin to run on a readily ascertainable date, and unlike statutes of limitations, a statute of repose is not subject to judicially crafted rules of tolling or

[2] In *Camacho*, the Fifth Circuit considered the definition of "sale," and concluded it should be defined as "the sale of the product by the defendant." 993 F.3d at 313. However, this only means that the date of sale would be earlier than the date of placement and certainly not later. Thus, Plaintiffs who filed their claims fifteen years after date of placement certainly also filed fifteen years after date of sale. *See Rossmann v. Johnson & Johnson*, 2021 WL 8055681, at *1 (W.D. Tex. Nov. 26, 2021) ("Application of *Camacho*'s holding to the context presented in this case, may date the sale of the [implanted surgical synthetic mesh medical device at issue] at the moment 'ownership passed' from Defendants to the hospital that purchased the device,—*i.e.*, before the surgeon implanted it in Plaintiff. It does not appear that such application will substantively impact the parties' arguments.").

deferral." *Compass Bank v. Calleja-Ahedo*, 569 S.W.3d 104, 112 (Tex. 2018) (quoting *Methodist Healthcare Sys. of San Antonio, Ltd. v. Rankin*, 307 S.W.3d 283, 287 (Tex. 2010)). Regardless, no such circumstances are pleaded with particularity as required by Rule 9(b).

This Court's Order, Dkt. No. [868], granted Defendants' Motion to Dismiss in full with respect to similarly situated plaintiffs to whom Texas law applied and whose cases were filed more than fifteen years after the date of their Paragard placements. Dkt. No. [868] at 43-46. Plaintiff Latoyia Smith's claims should likewise be dismissed in full with prejudice for the same reasons.

**CONCLUSION**

Defendants request that the Court dismiss all these Plaintiffs' claims under Michigan, Viriginia, Tennessee, and Texas law. Defendants seek all other relief to which they are entitled.

Respectfully submitted,

This 26th day of August, 2026

*/s/ Christopher D. Morris*
Christopher D. Morris
Butler Snow LLP
Mississippi Bar No. 102981
Renaissance at Colony Park
Suite 1400
1020 Highland Colony Parkway

*/s/ Pamela L. Ferrell*
Pamela L. Ferrell
Butler Snow LLP
Georgia Bar No. 596713
170 Peachtree Street NE
Suite 1900
Atlanta, GA 30309

Ridgeland, MS 39158
Telephone: (601) 985-4437
chris.morris@butlersnow.com

***Co-Lead Counsel for the Teva Defendants***

Telephone: (678) 515-5011
pamela.ferrell@butlersnow.com

***Co-Lead Counsel for the Teva Defendants***

*/s/ Caroline D. Walker*
Caroline D. Walker
Butler Snow LLP
Alabama Bar No. ASB-3439-B10T
One Federal Plaza
Suite 100
1819 Fifth Avenue N.
Birmingham, AL 35203-2118
Telephone: (205) 297-2200
caroline.walker@butlersnow.com

***Co-Lead Counsel for the Cooper Defendants***

*/s/ Kasey M. Adams*
Kasey M. Adams
Butler Snow LLP
Mississippi Bar No. 105025
Renaissance at Colony Park
Suite 1400
1020 Highland Colony Parkway
Ridgeland, MS 39158
Telephone: (601) 985-4413
kasey.adams@butlersnow.com

***Co-Lead Counsel for the Cooper Defendants***

**<u>CERTIFICATE OF COMPLIANCE</u>**

Pursuant to Local Rule 7.1(D), I hereby certify that I have prepared the foregoing in compliance with Local Rule 5.1 in Times New Roman 14-point font.

This 26th day of August, 2026.

*<u>/s/ Christopher D. Morris</u>*
Christopher D. Morris
Mississippi Bar No. 102981

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the attorneys of record.

This 26th day of August, 2026.

*/s/ Christopher D. Morris*
Christopher D. Morris
Mississippi Bar No. 102981