**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: PARAGARD PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 2974<br><br>1:20-md-02974-LMM<br><br>This Document Relates to Cases:<br><br>Melissa Kitzman, 1:25-cv-00951<br>Amy Shafer, 1:25-cv-05288<br>Candice Colwell, 1:26-cv-00545<br>Tammy Seabolt, 1:24-cv-03251<br>Cary Doss, 1:26-cv-00077<br>Kathryn Harper, 1:25-cv-03541<br>Lotoyia Smith, 1:25-cv-04872<br>Virginia Myers, 1:25-cv-07188<br>Jennifer Beidel, 1:25-cv-03774 |

**PLAINTIFFS' OPPOSITION TO**
**DEFENDANTS' SECOND MOTION TO DISMISS CASES**
**BARRED BY CERTAIN STATUTES OF LIMITATIONS AND REPOSE**

Plaintiffs oppose Defendants' Second Motion to Dismiss Cases Barred by Certain Statutes of Limitations and Repose ("Second Motion"). MDL Dkt. 1260. Defendants' Second Motion seeks dismissal of Plaintiffs' claims for untimeliness under the statutes of limitations of Michigan and Virginia and the statutes of repose of Tennessee and Texas. *Id.*; MDL Dkt. 1260-1. Defendants rely entirely on this Court's Order on their first Motion to Dismiss Cases Barred by Certain Statutes of Limitations and Repose ("First Motion"). MDL Dkt. 709. Plaintiffs recognize that the Court has already ruled on these issues but oppose Defendants' Second Motion

for the same reasons set forth in Plaintiffs' opposition to Defendants' First Motion, MDL Dkt. 729 ("Plaintiffs' Opposition"), which is incorporated and adopted herein.[1] Plaintiffs further request that the Court reconsider that prior decision as it relates to fraud and fraudulent concealment.

## BACKGROUND

This is Defendants' second motion on the matter. In ruling on the First Motion, the Court properly recognized that on the "issue [of] whether Plaintiffs pleaded facts establishing fraudulent concealment, thereby justifying the application of tolling or equitable estoppel to statutes of limitations or repose that would otherwise render claims untimely," "Plaintiffs have the better argument." MDL Dkt. 868 at 10. The Court previously found in the order denying the motion to dismiss the Second Amended Master Personal Injury Complaint ("MPIC") that Plaintiffs adequately plead that "Defendants intentionally lied in order to delay Plaintiffs' discovery of their claims." *Id.* at 11 (discussing MDL Dkt. 235). That should have been the end of the matter, and Defendants' First Motion should have been denied. The Court continued, however, finding that "by the date of the first

[1] Specifically, Plaintiffs do not repeat yet reassert their arguments regarding the timing of the injury, whether Defendants waived their arguments, and whether fraudulent concealment estops a defendant from raising Tennessee's and Texas's statutes of repose, and or tolls a plaintiff's claims under those states laws. MDL Dkt. 729. Defendants' Second Motion should be denied as to Plaintiffs Colwell, Seabolt, Doss, Harper, and Smith.

Paragard removal, it was no longer necessary for Plaintiffs to rely on Defendants' omission and false representations," because "each plaintiff had knowledge by then that the Paragard had broken inside her." *Id.* Respectfully, whether Plaintiffs knew the Paragard had broken is not the issue; what is critical is whether Plaintiffs knew that Defendants had concealed the Paragard's defects and understood that they had a cause of action. There is zero evidence of *that* fact in the record. In fact, the pleadings suggest otherwise: Defendants intentionally lied to delay Plaintiffs' discovery of their claims, and Plaintiffs did not discover their claims until they learned that the Paragard was defective. MDL Dkt. 79 at ¶¶ 64-82, 100-102, 108-110, 151-165. *That* date is not alleged in the record, and Defendants' Second Motion must fail.

Defendants' Second Motion should be denied as to Plaintiffs Kitzman, Shafer, Myers, and Beidel, because Plaintiffs sufficiently allege fraud and fraudulent concealment tolling under Michigan and Virginia laws.

**ARGUMENT**

"[D]ismissal on [timeliness] grounds is proper only where it is 'apparent from the face of the complaint that the claim is time-barred.'" *Wainberg v. Mellichamp*, 93 F.4th 1221, 1224 (11th Cir. 2024). Here, Plaintiffs' Short Form Complaints ("SFCs") affirmatively plead fraud and fraudulent concealment as alleged in the MPIC. *See Kitzman*, 1:25-cv-00951-LMM, Dkt. 1 at 5-6; *Beidel*,

1:25-cv-03774-LMM, Dkt. 1 at 5-6; *Myers*, 1:25-cv-07188-LMM, Dkt. 1 at 5-6; *Shafer*, 1:25-cv-05288-LMM, Dkt. 1 at 5-6.[2] Because Plaintiffs plead that "Defendants intentionally lied in order to delay Plaintiffs' discovery of their claims," MDL Dkt. 868 at 11, their claims did not accrue and/or were tolled until they knew about Paragard's defects and understood they had a cause of action under the laws of Michigan and Virginia.

**Michigan**: Michigan incorporates fraudulent concealment by statute:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years ***after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim***, although the action would otherwise be barred by the period of limitations.

Mich. Comp. Laws § 600.5855 (emphasis added).

Plaintiffs Kitzman and Shafer did not know that they had a claim against the manufacturers of Paragard at the time that their Paragards broke. Because they properly plead that "the defendant committed affirmative acts or misrepresentations that were designed to prevent subsequent discovery," their claims were tolled until they discovered or reasonably would have discovered the cause of action, including the identity of the defendant. *Frank v. Linkner*, 894

---

[2] Plaintiff Shafer pleads fraudulent concealment but not fraud in her SFC.

N.W.2d 574, 583 (Mich. 2017). When Plaintiffs' Paragards broke, they had no knowledge of whether it was caused by a Paragard defect, the doctor, or something else. It was only once they learned of the Paragard's defect that they reasonably discovered their causes of action against the Paragard manufacturers. *See In re Takata Airbag Prod. Liab. Litig.*, 462 F. Supp. 3d 1304, 1322-23 (S.D. Fla. 2020) (recognizing claims tolled by Michigan fraudulent concealment where plaintiffs discovered the defect outside of the applicable time limitation).

**Virginia**: In Virginia, fraud claims do not accrue until the "fraud, mistake, misrepresentation, deception, or undue influence is discovered or by the exercise of due diligence reasonably should have been discovered." Virginia Code § 8.01-249(1). This discovery rule applies "without any exceptions, and without reference to the nature of the injury alleged or the 'gravamen' or 'object' of the claims." *Torkie-Tork v. Wyeth*, 739 F. Supp. 2d 887, 892 (E.D. Va. 2010). When a plaintiff knew or reasonably should have known she has a claim is an issue of fact usually reserved for the jury. *Id*. (denying summary judgment on fraud claims where prescription drug manufacturer "purposely concealed and misrepresented the risks" of the drug and fact issues as to plaintiff's discovery of fraud); *Hansen v. Stanley Martin Cos.*, 585 S.E.2d 567, 575 (Va. 2003) (reversing summary judgment where reasonable persons could disagree as to plaintiff's knowledge of fraud). It is Defendants' burden to prove a statute of limitations defense, *Lo v. Burke*, 455

S.E.2d 9, 12 (Va. 1995), yet they fail to identify any allegations in the Complaints that show when Plaintiffs discovered the fraud.

As the Court already found, Plaintiffs sufficiently plead that "Defendants intentionally lied in order to delay Plaintiffs' discovery of their claims." Dkt. 868 at 11. Furthermore, Plaintiffs allege that Defendants took affirmative steps to carry out this deception: they failed to disclose Paragard's risks to users like Plaintiffs, and Cooper Defendants amended the Paragard label but still failed to clearly and adequately disclose those risks.[3] *See, e.g.*, MPIC, MDL Dkt. 79 at ¶¶ 80, 81; *see Evans v. Trinity Indus., Inc.*, 137 F. Supp. 3d 877, 882-84 (E.D. Va. 2015) (denying motion to dismiss based on fraudulent concealment where plaintiff alleged defendant petitioned agency to modify product but omitted information about known defects and concealed from the public facts necessary for a product liability claim); *In re Takata Airbag Prod. Liab. Litig.*, 462 F. Supp. 3d at 1337 (applying fraudulent concealment tolling under Virginia law based on allegations of defendants' knowledge of risks and failure to investigate and disclose risks).

Plaintiffs Myers and Beidel did not discover Defendants' fraud or misrepresentations at the time their Paragards broke; it was only once they learned about the lawsuits that they reasonably suspected that Defendants were to blame

[3] Discovery further proved that while FDA requested certain warnings about Paragard's propensity to break, Teva and Cooper both tried to reject such warnings. *See Rickard*, 1:21-cv-03861, Dkt. 59-4, 59-8, 59-18, 59-19.

for their injuries. And they could not have discovered their causes of actions because Teva and Cooper both took affirmative steps to keep Plaintiffs from discovering Paragard's risks of breakage.

Plaintiffs' claims are timely under Michigan and Virgina law. *See* MDL Dkt. 729 at 18-20 (Michigan), 24-26 (Virginia).

## CONCLUSION

For the foregoing reasons and incorporating and adopting Plaintiffs' Opposition to Defendants' Motion to Dismiss Cases Barred by Certain Statutes of Limitations and Repose, MDL Dkt. 729, Defendants' Second Motion to Dismiss Cases Barred by Certain Statutes of Limitations and Repose, MDL Dkt. 1260, as to Plaintiffs Kitzman, Shafer, Myers, and Beidel should be denied. Defendants' Second Motion should also be denied as to Plaintiffs Colwell, Seabolt, Doss, Harper and Smith for the reasons previously set forth in Plaintiffs' Opposition, MDL Dkt. 729.

Dated: September 9, 2026

Respectfully submitted,

*/s/ Erin K. Copeland*
Erin K. Copeland (*pro hac vice*)
Texas Bar No. 24028157
Fibich Leebron Copeland & Briggs
1150 Bissonnet Street
Houston, Texas 77005
Tel: 713-751-0025
ecopeland@fibichlaw.com

**Plaintiffs' Lead Counsel**

*/s/ Nicole C. Berg*
Nicole C. Berg (*pro hac vice*)
Illinois Bar No. 6305464
Ashley L.F. Barriere (*pro hac vice*)
Louisiana Bar No. 38129
Keller Postman LLC
150 N. Riverside Plaza, Suite 4100
Chicago, Illinois 60606
Tel: 312-948-8477
ncb@kellerpostman.com
ashley.barriere@kellerpostman.com

*/s/ Fidelma L. Fitzpatrick*
Fidelma L. Fitzpatrick (*pro hac vice*)
D.C. Bar No. 463708
Motley Rice LLC
401 9th Street, N.W.
Suite 630
Washington, D.C. 20004
Tel: 202-232-5504
ffitzpatrick@motleyrice.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2026, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to the CM/EFC participants registered to receive service in this matter. Parties may access the filing through the Court's system.

*/s/ Erin K. Copeland*
Erin K. Copeland