IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| | : | |
| | : | |
| IN RE: Paragard IUD Products Liability Litigation | : | MDL DOCKET NO. 2974<br>1:20-md-02974-LMM |
| | : | |
| This document relates to: | : | CIVIL ACTION FILE NOS. |
| Cortney Beyer | : | 1:25-cv-00362-LMM |
| Claire Lunde | : | 1:25-cv-05230-LMM |
| Ashley Sigley | : | 1:21-cv-01362-LMM |
| Melissa Racine | : | 1:21-cv-02792-LMM |
| Karlee Stapf | : | 1:22-cv-01880-LMM |

**ORDER TO SHOW CAUSE**

The Teva defendants have filed identical motions for summary judgment, evidence in support of the motions for summary judgment, and motions for leave to file matters under seal in the above-named cases. The cases are presently before the Court for consideration of the motions to seal. Defendants seek to seal each of Plaintiffs' Fact Sheets ("PFS") because Plaintiffs have designated them confidential.

## I. DISCUSSION

The Court finds two issues with the provisionally sealed documents. First, there does not appear to be any reason for a PFS to be filed in any individual case other than the plaintiff's own case. The parties are therefore **ORDERED** to

**SHOW CAUSE** why the Court should not maintain only the plaintiff's own PFS on her individual docket and strike the remaining PFSs from her docket.

Second, the Court is not persuaded that the PFSs should be placed entirely under seal. While Defendants have filed the motion to seal, it is in fact Plaintiffs' stated interests in potentially confidential references that are at issue. It is therefore Plaintiffs' responsibility to show cause in response to the motion to seal why sealing or redactions are necessary. Additionally, the Court reminds Plaintiffs that a mere reference or discussion of confidential information does not warrant sealing of an entire document. Instead, the Court is only interested in sealing (or filing in a redacted format) very specific portions of the PFSs that contain or refer to confidential information. Plaintiffs are therefore **ORDERED** to file a response to Defendants' motions for leave to file matters under seal in which they provide as to each PFS (1) a statement indicating that it is not necessary to file the document under seal; (2) proposed redactions, accompanied by a showing of good cause for the redactions; or (3) a showing of good cause for sealing the entire PFS.

## II. CONCLUSION

The motions for leave to file matters under seal are **HELD IN ABEYANCE** pending the parties' responses to this order to show cause. The responses **SHALL** be filed within **SEVEN DAYS** of the entry of this order. Absent a timely showing of good cause, the Court will deny the motions to seal, lift the provisional seal, and strike the extraneous PFSs.

**IT IS SO ORDERED**, this 18th day of November, 2026.

**Leigh Martin May**
**Chief United States District Judge**